

Gillian A. Cooper
Phone:  (609) 452-5021
Fax:  (609) 452-6103
Gillian.Cooper@saul.com
www.saul.com

September 6, 2017

**Via ECF**
Honorable Frederic Block, U.S.D.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Barger v. First Data Corporation et al.*
            Civil Action No. 1:17-cv-4869

Dear Judge Block:

    This firm represents Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, Lori Graesser, and Rhonda Johnson (collectively Defendants) in the above-referenced matter filed by Plaintiff Steven Barger.[1] Defendants submit that venue in the E.D.N.Y. is improper and this matter should be dismissed or transferred to either the S.D.N.Y. or the N.D. of Ga. Under Rule 2.A. of the Court's Individual Motion Practices, Defendants request a pre-motion conference to address their anticipated motion to dismiss for improper venue, or in the alternative, to transfer venue.

    **1.**    **Standard for Motion to Dismiss.** Rule 12(b)(3) of the Federal Rules of Civil Procedure requires a party to raise the defense of improper venue before answering the complaint. "Proper venue, unlike personal jurisdiction and subject matter jurisdiction, is a purely statutory matter." *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 386 (S.D.N.Y. 2010).

    Plaintiff has invoked 28 U.S.C. § 1391 to purportedly support venue in the E.D.N.Y. (ECF No. 1, Compl., ¶19). That section provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all
> defendants reside in the same State in which the district is located;

---

[1] On August 25 and 28, 2017, the undersigned advised Plaintiff's counsel that Saul Ewing was authorized to accept service on behalf of all Defendants, but the offer was rejected. As of this filing, service has been effectuated on: First Data (August 29); Marino (August 25); Charron (August 30); Graesser (August 30); and Karen Whalen (September 5). Although Bisignano and Johnson have yet to be served, the request for the conference is also being served on their behalf.

Marc A. Citron - Princeton Managing Partner
650 College Road East, Suite 4000 ◆ Princeton, NJ 08540-6603 ◆ Phone: (609) 452-3100 ◆ Fax: (609) 452-3122
DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Honorable Frederic Block, U.S.D.J.
United States District Court
September 6, 2017
Page 2

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

As discussed below, the Complaint fails to allege facts that support venue in the E.D.N.Y.

**2. Plaintiff's Allegations Regarding Venue.** Barger filed suit against his former employer and six of its executives and officers on August 18, 2017, under the Family Medical Leave Act. (ECF No. 1, Compl.). Plaintiff alleges that First Data is a Delaware corporation with "executive headquarters" in Manhattan (*Id.* at ¶21);[2] Bisignano (Chairman and CEO) works in the Company's executive offices in Manhattan (*Id.* at ¶22); Marino (EVP of Human Resources) lives and works in Manhattan (*Id.* at ¶24); Charron (EVP and Head of Global Services), attends executive committee meetings in Manhattan, where he maintains a part-time office (*Id.* at ¶23); Whalen (SVP of Human Resources) works in Melville, Long Island and reports to Charron (*Id.* at ¶25); and Graesser (Assistant General Counsel) reports to First Data's General Counsel who works in Manhattan. (*Id.* at ¶26). The Complaint is silent as to where Defendant Johnson (VP of Human Resources) lives and works.

**3. Venue is Improper in the Eastern District of New York under 28 U.S.C. § 1391(b)(1)-(3).** First Data may be considered a resident of New York and the E.D.N.Y. pursuant to 28 U.S.C. § 1391(c)(2). Marino and Whalen are also residents of New York. Bisignano resides in New Jersey, Charron and Johnson reside in Georgia, and Graesser resides in Nebraska. Under 28 U.S.C. § 1391(b)(1), Plaintiff cannot establish venue in the E.D.N.Y. because not all of the Defendants are "residents of the state [New York] in which the district [E.D.N.Y.] is located."

To establish venue under § 1391(b)(2), the complaint must allege that a "substantial part of the events or omissions giving rise" to Barger's FMLA claim must have occurred in the E.D.N.Y. Assuming the truth of the allegations for purposes of a motion to dismiss, no substantial events are alleged to have occurred in the E.D.N.Y.[3] The Complaint alleges that the Company's unlawful conduct began after Marino (who lives and works in Manhattan) visited Barger in Atlanta on November 3, 2016, and observed his medical condition. (*Id.* at ¶¶ 216, 225). Barger also alleges that Bisignano, who works in Manhattan, later oversaw Barger's termination.

---

[2] First Data maintains executive offices in New York City at 225 Liberty Street, New York, New York. Its headquarters and principal place of business are in Atlanta, Georgia, the same office location where Barger worked. (*See* Exhibit A).

[3] The only allegations with any connection to the E.D.N.Y. are that First Data has offices in Forest Hills and Melville where Defendant Whalen works. (ECF No. 1, Compl., ¶¶21, 25).

Honorable Frederic Block, U.S.D.J.
United States District Court
September 6, 2017
Page 3

(*Id*. at ¶248). If there is any venue(s) where substantial events occurred, it is either the S.D.N.Y., where First Data has executive offices and many Defendants work on a full- or part-time basis, (*Id.* at ¶¶18, 21-26), or the N.D. of Ga., where Barger worked until he was terminated and where some of the other Defendants live and work. (*Id.* at ¶¶40, 95, 164(b), and 196). Because either the S.D.N.Y. or the N.D. of Ga. would be proper venues based on the allegations in the Complaint, Barger cannot use § 1391(b)(3) to maintain this action in the E.D.N.Y. Venue in the E.D.N.Y. is improper and it is likely that the Court would grant a Rule 12(b)(3) motion to dismiss.

**4.     This Action can be Transferred Pursuant to 28 U.S.C. § 1404(a).** Defendants recognize that if their 12(b)(3) motion is granted and the Complaint dismissed, Barger can simply refile in either the S.D.N.Y. or N.D. of Ga. Rather than dismiss and require refiling, transfer to another federal district will promote judicial economy. Section 1404(a) provides that a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citations and internal quotation marks omitted). As the Supreme Court has made clear, "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Id.*

Courts conduct a two part inquiry to determine if transfer to a different venue is warranted. The Court must determine: (1) Whether the action to be transferred "might have been brought" in the transferee court; and (2) whether, considering the convenience of the parties and witnesses and the interest of justice, a transfer is appropriate. *Fuji Photo Film Co. Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006).

This lawsuit could have been filed either in the S.D.N.Y. or the N.D. of Ga. because the Complaint alleges that substantial events relevant to the FMLA claim occurred in both of those districts. The majority of the Defendants either work in First Data's executive offices in Manhattan (S.D.N.Y.) or the Company's headquarters in Atlanta (N.D. of Ga.), the city where Barger lives. Under the facts pled in the Complaint, transfer to either district would be convenient for the parties and witnesses and in the interest of justice.

Defendants request a conference to seek permission to file a motion to dismiss for improper venue, or in the alternative, to transfer venue.

                                        Respectfully submitted,

                                        */s/ Gillian A. Cooper*
                                        Gillian A. Cooper

Enclosure
cc:     Counsel of Record
        Gary B. Eidelman, Esq.