## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, | Civil Case No.: 1:17-cv-04869-FB-LB |
| Plaintiff, | ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS FIRST DATA CORPORATION, FRANK BISIGNANO, DAN CHARRON, ANTHONY MARINO, KAREN WHALEN, LORI GRAESSER, AND RHONDA JOHNSON |
| v. | |
| FIRST DATA CORPORATION, et al, | |
| Defendants. | |

Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, Lori Graesser, and Rhonda Johnson (referred collectively as the "Defendants" as appropriate), answer the Complaint filed by Plaintiff Steven B. Barger as follows:

### SUMMARY OF CLAIM

1.      Defendants admit the Complaint purports to seek relief under the Family and Medical Leave Act ("FMLA"), but deny that they are liable to Plaintiff and further deny that Plaintiff is entitled to the relief requested in the Complaint or any other relief whatsoever.

2.      Answering the allegations of Paragraph 2:

(i)      These allegations state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations in Paragraph 2(i) of the Complaint are denied.

(ii)      Admitted. By way of further answer, additional FMLA leave was approved retroactively to cover the period from September 5, 2016 through November 28, 2016.

(iii)      Admitted.

(iv)      Denied. By way of further response, Plaintiff informed Defendant Johnson that he would return to work on January 17, 2017.

(v)     Defendants admit that on January 13, 2017, Defendant Johnson, a Vice President of Human Resources, advised Plaintiff that he was being included in a company-wide reduction in force and that his employment was being terminated. On that same day, she sent Plaintiff a severance agreement.

(vi)     Defendants admit that due to Plaintiff's inclusion in the company-wide reduction in force, he did not return to work at the conclusion of his FMLA leave. In connection with his layoff, Plaintiff was offered a severance package.

(vii)     Defendants admit that due to Plaintiff's inclusion in the company-wide reduction in force, he was not restored to his position or an equivalent position at the conclusion of his FMLA leave. In connection with his layoff, Plaintiff was offered a severance package.

(viii)     Defendants admit the due to Plaintiff's inclusion in the company-wide reduction in force, he was not offered another position. In connection with his layoff, Plaintiff was offered a severance package. Defendants further state that to the best of their knowledge, information and belief, at no time since he was laid off did Plaintiff apply for any position with First Data.

(ix)     Defendants admit that Plaintiff provided First Data with his medical clearance on January 10, 2017, and further admit that he was notified of his inclusion in the company-wide reduction in force on January 13, 2017.

(x)     Denied. Defendants made arrangements for Plaintiff to come to the office to gather his personal belongings after he was notified of his termination due to the reduction in force.

(xi)     Denied.

(xii)     Denied.

(xiii)   Denied.

(xiv)   Denied.

(xv)    Denied.

(xvi)   Denied.

(xvii)  Denied.

(xviii)  Denied.

## **RELATED EEOC PROCESS**

3.      Defendants admit that Paragraph 3 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 3 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

4.      Defendants admit that Paragraph 4 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 4 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

5.      Defendants admit that Paragraph 5 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 5 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

6.      Defendants admit that Paragraph 6 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 6 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

7.      Defendants admit that Paragraph 7 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 7 of the Complaint should be stricken To the extent any further answer is necessary, the allegations are denied.

8.      Defendants admit that Paragraph 8 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 8 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

9.      Defendants admit that Paragraph 9 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 9 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

10.     Defendants admit that Paragraph 10 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility

or jurisdiction. Accordingly, the allegations in Paragraph 10 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

11.     Defendants admit that Paragraph 11 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 11 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

12.     Defendants admit that Paragraph 12 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 12 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

13.     Defendants admit that Paragraph 13 of the Complaint sets forth allegations regarding the filing of a discrimination charge with the EEOC. The sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. Accordingly, the allegations in Paragraph 13 of the Complaint should be stricken. To the extent any further answer is necessary, the allegations are denied.

14.     The allegations of Paragraph 14 of the Complaint do not contain factual averments to which a response is required. To the extent any further answer is necessary, the allegations are denied.

## JURISDICTION AND VENUE

15.    Defendants admit that the Complaint purports to invoke the statute set forth in Paragraph 15 of the Complaint, but deny that they are liable to Plaintiff or that he is entitled to any relief whatsoever.

16.    Defendants admit that the Complaint purports to invoke the jurisdiction of this Court pursuant to the statutory authority set forth in Paragraph 16 of the Complaint, but deny that they are liable to Plaintiff or that he is entitled to any relief whatsoever.

17.    Defendant First Data admits that it does business in the State of New York. The remaining allegations in Paragraph 17 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the remaining allegations are denied.

18.    Admitted.

19.    Defendants admit that the Complaint purports to invoke the venue of this Court pursuant to the statutory authority in Paragraph 18 of the Complaint, but deny that a substantial part of the events or omissions giving rise to Plaintiff's FMLA claim occurred in this district, deny that the acts alleged in the Complaint subject them to liability or that Plaintiff is entitled to any relief whatsoever.

## PARTIES

20.    Admitted.

21.    Defendant First Data admits that it has executive offices in Manhattan, but denies that those office are its headquarters. Defendant First Data also denies that it has an office located at 378 Burns Street, Forest Hills, New York. Defendant First Data admits the remaining allegations in Paragraph 21 of the Complaint.

1102536.3 11/20/2017

22.      Defendant Bisignano denies that First Data's offices in Manhattan are its headquarters, but admits the remaining allegations in Paragraph 22 of the Complaint.

23.      Defendant Charron admits that he is an Executive Vice President who conducts business on behalf of First Data and that he maintains a part-time office in Manhattan, but denies the remaining allegations in Paragraph 23 of the Complaint.

24.      Defendant Marino denies that First Data's offices in Manhattan are its headquarters, but admits the remaining allegations in Paragraph 24 of the Complaint.

25.      Admitted.

26.      Defendant Graesser denies that First Data's offices in Manhattan are its headquarters and denies that her job title is Assistant General Counsel, but admits the remaining allegations in Paragraph 26 of the Complaint.

27.      Admitted.

28.      Admitted.

29.      The allegations in Paragraph 29 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

## GENERAL ALLEGATIONS
## BARGER'S EMPLOYMENT WITH FIRST DATA

30.      Admitted.

31.      Admitted. Defendants further state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

32.    Admitted that Plaintiff became an employee of First Data in June 2014, in a Senior Vice President level role, but deny that his job title was SVP – Sales Force Effectiveness. Defendants further state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

33.    Admitted.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint. To the extent that a further response is required, the allegations are denied.

35.    Admitted.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint. To the extent that a further response is required, the allegations are denied.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint. To the extent that a further response is required, the allegations are denied.

38.    Admitted.

39.    Denied.

40.    Admitted.

41.    Admitted. Defendants further state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because

the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

42.     Admitted. Defendants further state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

43.     Admitted.

44.     Defendants admit the allegations in Paragraph 44 of the Complaint except deny that Plaintiff was granted options to purchase 100,182 shares of common stock. Rather, Plaintiff was granted 94,909 shares of common stock.

45.     Admitted.

46.     Denied. By way of further response, Plaintiff was hired to train First Data's sales team.

47.     Defendants admit that Plaintiff played a role in introducing the term "genuine concern" to First Data's sales team. Defendants deny the remainder of the allegations in Paragraph 47 of the Complaint.

48.     Denied. By way of further response, the "business needs analysis" was found to be ineffective.

49.     Denied. By way of further response, the "business needs analysis" was found to be ineffective.

50.     Defendants admit the existence of a business needs analysis mobile application used by First Data's sales team. Defendants deny the remaining allegations in Paragraph 50 of the Complaint. By way of further response, the mobile application was found to be ineffective.

51.     Denied.

52.     Denied.

53.     Defendants admit that Plaintiff traveled frequently as part of a team of executives to make sales presentations to First Data's sales team. Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54.     Defendants admit that Plaintiff, as part of a team, conducted numerous large-scale sales trainings meetings in the United States and Europe, during which Plaintiff's sales presentation was one item on the agenda. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55.     Admitted.

56.     Denied.

57.     Defendants admit that Plaintiff's areas of responsibility increased based on a consolidation process designed to achieve efficiency, but deny that this increase in responsibilities was based on Plaintiff's performance. Defendants deny the remaining allegations in Paragraph 57 of the Complaint.

58.     Denied. Defendants further state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

59.     Admitted. Defendants further state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

60.     Defendants admit that Plaintiff received weekly progress reports from his direct reports and held weekly conference calls, but deny the remaining allegations set forth in Paragraph 60 of the Complaint.

61.     Admitted.

62.     Admitted.

63.     Denied.

64.     Admitted. By way of further answer, Plaintiff did not participate in the projects described in Paragraph 63 of the Complaint at all.

65.     Denied.

66.     Denied.

67.     Defendants admit that Plaintiff played a role in introducing the term "genuine concern" to First Data's sales team. Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

68.     Defendants admit that Plaintiff, as part of a team of executives, conducted various training sessions across the country in 2015, involving approximately 24 days of presentations in approximately 6 cities, and that Plaintiff's sales presentation was one item on the agenda at such sessions. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding participants' ratings and comments on Plaintiff's presentation at such sessions. To the extent that a further response is required, these allegations are denied. Defendants deny the remaining allegations in Paragraph 68 of the Complaint.

69.     Denied.

70.     Denied.

71.     Denied.

-11-

72.     Denied.

73.     Defendants admit that Defendant Johnson began working with Plaintiff a year after he had been hired and after he had assumed responsibilities in the training department. Defendants deny the remaining allegations set forth in Paragraph 73 of the Complaint.

74.     Admitted.

75.     Defendants admit that from August 2015 through the end of October 2015, Defendant Johnson worked with Plaintiff in her role as HR support for him and his team. Defendants are without knowledge or information sufficient to form a belief as to the meaning of the term "observed" in Paragraph 75 of the Complaint. To the extent a further answer is required, the remaining allegations are denied. By way of further response, Plaintiff did not work on the public offering completed in October 2015.

76.     Defendants admit that from November 2015 through January 2016, Defendant Johnson worked with Plaintiff in her role as HR support for him and his team. Defendants are without knowledge or information sufficient to form a belief as to the meaning of the term "observed" in Paragraph 76 of the Complaint. To the extent a further answer is required, the remaining allegations are denied.

77.     Admitted.

78.     Defendants admit that from November 2015 through January 2016, Defendant Johnson worked with Plaintiff in her role as HR support for him and his team. Defendants are without knowledge or information sufficient to form a belief as to the meaning of the term "observed" in Paragraph 78 of the Complaint. To the extent a further answer is required, the remaining allegations are denied.

79.     Defendants admit that First Data has a documented written procedure for evaluation of employees, but deny the remaining allegations in Paragraph 79 of the Complaint.

80.     Defendants admit that Plaintiff did not receive a written performance review during his employment with First Data. By way of further answer, Defendant Johnson, in her role as Human Resources Partner, repeatedly counseled Plaintiff about his performance as a manager beginning as early as August 2015.

81.     Defendants admit that Plaintiff was not asked or instructed to attend a personal performance review meeting during his employment with First Data. By way of further answer, Defendant Johnson, in her role as Human Resources Partner, repeatedly counseled Plaintiff about his performance as a manager beginning as early as August 2015.

82.     Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction. To the extent that a further answer is required, the allegations are denied.

83.     Admitted.

84.     Admitted.

85.     Admitted.

86.     Admitted.

87.     Defendants admit that Hack gave Plaintiff a score of 4.5 out of 5 in his 360-degree report, but deny the remaining allegations in Paragraph 87 of the Complaint.

88.     Denied.

89.     Denied.

90. Admitted. By way of further answer, Plaintiff was not assigned another direct supervisor because he was being terminated as part of the reduction in force.

91. Admitted. By way of further answer, Defendants state that Plaintiff's counsel was informed that the decision to include Plaintiff in the reduction in force was made by members of senior management and that contrary to Plaintiff's claims, there was no requirement for a board resolution to include him with the reduction in force, so no such board resolution exists.

92. Denied. Defendants state that Plaintiff's counsel was informed that the decision to include Plaintiff in the reduction in force was made by members of senior management and that contrary to Plaintiff's claims, there was no requirement for a board resolution to include him with the reduction in force, so no such board resolution exists.

**GENERAL ALLEGATIONS**
**BARGER'S ILLNESS, SURGERY, LEAVE AND TERMINATION**

93. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint and leave Plaintiff to his proofs.

94. Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

95. Admitted. By way of further answer, Plaintiff himself shared his medical condition with many First Data employees, and Defendants Charron and Marino did not share his medical condition with anyone. Defendants further state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

-14-

96.     Denied. By way of further response, Defendant Bisignano, who had recently battled throat cancer himself, offered to assist Plaintiff in making an appointment for a second opinion with the doctor whom he believed to be one of the top oncologists. Defendants further state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

97.     Admitted. By way of further response, Defendant Bisignano offered to assist Plaintiff in making an appointment with the doctor whom he believed to be one of the top oncologists. Defendants further state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

98.     Admitted.

99.     Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

100.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint and leave Plaintiff to his proofs.

101.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and leave Plaintiff to his proofs.

102.    Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint and leave Plaintiff to his proofs.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint and leave Plaintiff to his proofs.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint and leave Plaintiff to his proofs.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint and leave Plaintiff to his proofs.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and leave Plaintiff to his proofs.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and leave Plaintiff to his proofs.

109.    Denied.

110.    Denied.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint and leave Plaintiff to his proofs.

112.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint and leave Plaintiff to his proofs.

113.    Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and leave Plaintiff to his proofs.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint and leave Plaintiff to his proofs.

116.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint and leave Plaintiff to his proofs.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint and leave Plaintiff to his proofs.

118.    Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

119.    Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

120.    Defendants admit that the allegations in Paragraph 120 refer to a document which speaks for itself. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC should be stricken because the sole cause of action in the

-17-

Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

121.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint and leave Plaintiff to his proofs.

122.    Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

123.    Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

124.    Admitted.

125.    Denied.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and leave Plaintiff to his proofs.

127.    Admitted. By way of further answer, Defendants state that another First Data executive, Joe Plumeri, accompanied Defendant Marino on his visit. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

128. Defendants are without knowledge or information sufficient to form a belief as to the specifics of Plaintiff's medical condition as alleged in Paragraph 129 of the Complaint and leave Plaintiff to his proofs. Defendant Marino admits the remaining allegations of Paragraph 129 of the Complaint. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

129. Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

130. Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

131. Defendants admit that the allegations in Paragraph 131 of the Complaint refer to documents which speak for themselves.

132. Defendants admit that the allegations in Paragraph 132 of the Complaint refer to a document which speaks for itself.

133. Defendants admit that the allegations in Paragraph 133 of the Complaint refer to a document which speaks for itself.

134. Defendants admit that the allegations in Paragraph 134 of the Complaint refer to a document which speaks for itself.

135.     Defendants admit that the allegations in Paragraph 135 of the Complaint refer to a document which speaks for itself.

136.     Defendants admit that the allegations in Paragraph 136 of the Complaint refer to a document which speaks for itself.

137.     Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

138.     Denied.

139.     Admitted.

140.     Admitted.

141.     Denied as phrased. By way of further answer, Plaintiff was being placed on medical leave due to his condition. There was no discussion regarding a "change in duties." If Plaintiff was out on leave, he would not be performing his duties.

142.     Admitted.

143.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint and leave Plaintiff to his proofs.

144.     Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

145.     Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself,

-20-

should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

146.    Defendants admit that Robin Ording became the head of the Training Group and has continued in that role through the date of the Complaint, but deny the remaining allegations in Paragraph 146 of the Complaint.

147.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint and leave Plaintiff to his proofs.

148.    The allegations in Paragraph 148 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

149.    Defendants admit that the allegations in Paragraph 149 of the Complaint refer to a document which speaks for itself.

150.    Defendants admit that the allegations in Paragraph 150 of the Complaint refer to a document which speaks for itself.

151.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint and leave Plaintiff to his proofs.

152.    Admitted.

153.    Defendants admit that the allegations in Paragraph 153 of the Complaint refer to a document which speaks for itself.

154.    Defendants admit that the allegations in Paragraph 154 of the Complaint refer to a document which speaks for itself.

155.    Defendants admit that the allegations in Paragraph 155 of the Complaint refer to a document which speaks for itself.

156.     Defendants admit that the allegations in Paragraph 156 of the Complaint refer to a document which speaks for itself.

157.     Defendants admit that the allegations in Paragraph 157 of the Complaint refer to a document which speaks for itself.

158.     Defendants admit that the allegations in Paragraph 158 of the Complaint refer to a document which speaks for itself.

159.     Defendants admit that the allegations in Paragraph 159 of the Complaint refer to a document which speaks for itself.

160.     Defendants admit that the allegations in Paragraph 160 of the Complaint refer to a document which speaks for itself.

161.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 161 of the Complaint and leave Plaintiff to his proofs.

162.     Defendants admit that the allegations in Paragraph 162 of the Complaint refer to a document which speaks for itself. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

163.     Admitted.

164.     Answering the allegations of Paragraph 164(a) – (c) of the Complaint:

(a)     Defendant admits that that the allegations in subparagraph (a) refer to a document which speaks for itself. Defendants further admit that they are without knowledge or information as to the truth of the remaining allegations and leave Plaintiff to his proofs.

(b)      Defendant Johnson admits that Plaintiff hand delivered a copy of Exhibit H to the Complaint to her on January 10, 2017, a document which speaks for itself, but Defendants are without knowledge or information as to the truth of the remaining allegations and leave Plaintiff to his proofs.

(c)      Denied.

165.      Defendants admit that the allegations in Paragraph 165 of the Complaint refer to a document which speaks for itself.

166.      Defendants admit that on Friday, January 13, 2017, Defendant Johnson told Plaintiff that he was being terminated pursuant to a reduction in force, that the effective date of his termination was February 28, 2017, and that he was excused from coming into the office. The remaining allegations in Paragraph 166 of the Complaint either state legal conclusions for which no response is required or do not set forth facts for which a response is required. To the extent that a further response is required, the remaining allegations are denied.

167.      The allegations set forth in Paragraph 167 of the Complaint concerning Defendant Johnson's authority are a legal conclusion for which no response is required. To the extent that a further response to these allegations is required, the allegations are denied. The remaining allegations in Paragraph 167 of the Complaint are denied.

168.      Admitted. By way of further answer, Defendant Johnson informed Plaintiff of the company-wide reduction in force.

169.      Admitted. By way of further answer, Plaintiff's counsel was the person negotiating with Defendant Graesser regarding Plaintiff's severance package.

170.    Denied as phrased. By way of further answer, it was Plaintiff's counsel and not Plaintiff who raised allegations of discrimination with Defendant Graesser during their negotiations over Plaintiff's severance package.

171.    Denied.

172.    Admitted.

173.    Denied.

174.    Admitted.

175.    Defendants admit that the allegations in Paragraph 175 of the Complaint refer to a document which speaks for itself.

176.    The allegations in Paragraph 176 of the Complaint set forth a legal conclusion for which no response is required. To the extent a further response is required, the allegations are denied.

177.    Admitted.

178.    Admitted.

179.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint and leave Plaintiff to his proofs.

180.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint and leave Plaintiff to his proofs.

181.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint and leave Plaintiff to his proofs.

182.    Defendant First Data admits that it posts available job positions in a variety of ways, but denies the remaining allegations in Paragraph 182 of the Complaint.

183.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Complaint and leave Plaintiff to his proofs. By way of further answer, Defendants are not aware of any jobs that Plaintiff has applied for.

184.    Admitted.

185.    Denied.

186.    Defendants admit that the allegations in Paragraph 186 of the Complaint refer to a document which speaks for itself. By way of further response, the allegations in Paragraph 186 of the Complaint are denied.

187.    Denied.

## COUNT 1
## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

**A.  The FMLA Applies to All Defendants as to Barger's Leave, Return and Termination**

188.    Defendants reaffirm and incorporate all of the responses included in Paragraphs 1-187.

189.    The allegations in Paragraph 189 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

190.    The allegations in Paragraph 190 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

191.    The allegations in Paragraph 191 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

1102536.3 11/20/2017

192.     The allegations in Paragraph 192 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

193.     The allegations in Paragraph 193 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

194.     The allegations in Paragraph 194 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

195.     The allegations in Paragraph 195 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

196.     The allegations in Paragraph 196 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

197.     The allegations in Paragraph 197 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

198.     The allegations in Paragraph 198 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

199.    The allegations in Paragraph 199 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

**B.  All Defendants Violated the FMLA by Prohibiting Barger's Return from FMLA Leave**

200.    Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

201.    Admitted. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

202.    Defendants admit that the allegations in Paragraph 202 refer to a document which speaks for itself. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

203.    Defendants admit that the allegations in Paragraph 203 refer to documents which speak for themselves. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

204.     Defendants admit that the allegations in Paragraph 204 refer to a document which speaks for itself. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

205.     The allegations in Paragraph 205 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

206.     The allegations in Paragraph 206 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

207.     The allegations in Paragraph 207 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

208.     Denied.

**C.  Defendants Violated the FMLA by not Offering an Alternative Position to Barger upon his Return**

209.     The allegations in Paragraph 209 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

210.     Admitted.

211.     Denied.

212.     Denied.

213.     Denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

214.     Admitted.

215.     Admitted.

**D.   Defendants Violated the FMLA by Retaliating Against Barger's FMLA Right to Return from FMLA Approved Leave**

216.     Denied.

217.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the Complaint and leave Plaintiff to his proofs.

218.     Denied.

219.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Complaint and leave Plaintiff to his proofs.

220.     Denied.

221.     Admitted.

222.     Denied.

223.     Denied.

224.     Defendants admit the allegations in subparagraph (i) of Paragraph 224 of the Complaint, but are without knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraphs (ii), (ii), and (iv) of Paragraph 224 of the Complaint and leave Plaintiff to his proofs.

225.     Denied.

226.     Denied.

227.     The allegations in Paragraph 227 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

228.     The allegations in Paragraph 228 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations are denied.

### E.  Defendants' Willful Violation Justify FMLA Liquidated Damages

229.     Answering the allegations in Paragraph 229 of the Complaint, Defendants deny the first sentence of Paragraph 229 of the Complaint:

(a)     Defendants admit the first sentence of Paragraph 229(a) of the Complaint. The remaining allegations in Paragraph 229(a) of the Complaint refer to a document which speaks for itself.

(b)     The allegations in Paragraph 229(b) of the Complaint refer to a document which speaks for itself.

(c)     Defendants deny that Defendant Graesser is solely responsible for the legal advice to First Data's Human Resources Department, but admit the remaining allegations in Paragraph 229(c) of the Complaint.

(d)     Admitted.

(e)     Denied.

(f)     Admitted.

(g)     Admitted.

(h)     Admitted.

(i)     Admitted.

(j)      Denied.

(k)      Denied.

(l)      Denied. By way of further answer, the allegations in Paragraph 229(l) of the Complaint refer to a document which speaks for itself.

(m)      Denied. By way of further answer, the allegations in Paragraph 229(m) of the Complaint refer to a document which speaks for itself.

(n)      The allegations in Paragraph 229(n) of the Complaint refer to a document which speaks for itself. To the extent a further response is required, the allegations in Paragraph 229(n) of the Complaint do not set forth factual allegations for which an affirmative response is required. Defendants admit the second sentence of Paragraph 229(n) of the Complaint.

230.     Denied.

231.     Denied.

**F.  Pre-Text**

232.     Denied.

233.     Denied. By way of further answer, Defendants state that any allegations regarding Plaintiff's Rebuttal filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

234.     Denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

235.     Denied.

236.     The allegations in the first sentence of Paragraph 236 of the Complaint state legal conclusions for which no affirmative response is required. To the extent any further answer is necessary, the allegations in the first sentence of Paragraph 236 of the Complaint are denied. Defendants deny the remaining allegations in Paragraph 236 of the Complaint.

237.     Admitted.

238.     Defendants admit that Defendant Bisignano signed the CEO Action for Diversity & Inclusion Pledge. By way of further answer, Defendants state that the Pledge speaks for itself.

239.     Defendants admit that Defendant Bisignano signed the CEO Action for Diversity & Inclusion Pledge. By way of further answer, Defendants state that the Pledge speaks for itself.

240.     Defendants admit that Defendant Bisignano signed the CEO Action for Diversity & Inclusion Pledge. By way of further answer, Defendants state that the Pledge speaks for itself.

241.     Defendants admit that Defendant Bisignano signed the CEO Action for Diversity & Inclusion Pledge. By way of further answer, Defendants state that the Pledge speaks for itself.

242.     Denied.

243.     Denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

244.     Denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

245.     Denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

246.     Denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

247.     The allegations set forth in Paragraph 247 of the Complaint do not set forth any facts but legal arguments for which a response is required. To the extent a further response is required, the allegations are denied.

248.     Denied.

249.     The allegations in Paragraph 249 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

250.     Admitted.

251.     The allegations in Paragraph 251 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

252.     The allegations in Paragraph 252 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

253.    The allegations in Paragraph 253 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

254.    The allegations in Paragraph 254 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

255.    Denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

256.    The allegations in Paragraph 256 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

257.    The allegations in Paragraph 257 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

258.    The allegations in Paragraph 258 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

259.    The allegations in Paragraph 259 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

260.    The allegations in Paragraph 260 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

261.    The allegations in Paragraph 261 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

262.    The allegations in Paragraph 262 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself,

should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

263.     The allegations in Paragraph 263 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

264.     Denied.

265.     Denied. By way of further answer, Defendants state that any allegations regarding the Position Statement filed with the EEOC, a document which speaks for itself, should be stricken because the sole cause of action in the Complaint is for a violation of the FMLA for which the EEOC has no enforcement responsibility or jurisdiction.

266.     Denied.

267.     Answering the allegations of Paragraph 267 of the Complaint, Defendants deny the first sentence of Paragraph 267 of the Complaint. By way of further answer, the allegations in the first sentence of Paragraph 267 of the Complaint refer to a written document which speaks for itself.

(a)     Defendants are without knowledge or information sufficient to form a believe as to the truth of the allegations in Paragraph 267(a) of the Complaint and leave Plaintiff to his proofs.

(b)     Denied. By way of further answer, the allegations in Paragraph 267(b) of the Complaint refer to a written document which speaks for itself.

(c)      Denied. By way of further answer, the allegations in Paragraph 267(c) of the Complaint refer to a written document which speaks for itself.

(d)      Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's use of a security key card to enter the building and leave Plaintiff to his proofs. Defendants deny the remaining allegations set forth in Paragraph 267(d) of the Complaint. By way of further answer, the allegations in Paragraph 267(d) of the Complaint refer to a written document which speaks for itself.

(e)      Defendants deny the allegations in the first sentence of Paragraph 267(e) of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's security key card functionality and leave Plaintiff to his proofs. Defendants admit Plaintiff delivered a return to work note to Defendant Johnson, a document which speaks for itself. Defendants deny the remaining allegations in Paragraph 267(e) of the Complaint.

(f)      Denied.

(g)      Admitted.

(h)      Denied.

(i)      Denied.

268.      The allegations in Paragraph 268 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

269.      Denied.

**G.  Destruction of Evidence**

270.      Denied.

271.    Admitted. Defendants further state that to the best of their knowledge, information and belief, at no time since he was laid off did Plaintiff apply for any position.

272.    Admitted.

273.    Denied. By way of further answer, the allegations in Paragraph 273 of the Complaint refer to a written document which speaks for itself.

274.    Denied. By way of further answer, the allegations in Paragraph 274 of the Complaint refer to a written document which speaks for itself.

275.    Denied.

**H.  Remedies**

276.    The allegations in Paragraph 276 of the Complaint state legal conclusions for which no affirmative response is required. To the extent a further response is required, Plaintiff is not entitled to the relief requested in Paragraph 276 of the Complaint or any other relief whatsoever.

277.    Denied.

278.    Admitted.

279.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 of the Complaint. To the extent a further response is required, the allegations are denied.

280.    Denied.

281.    The allegations in Paragraph 281 of the Complaint do not set forth any facts but legal arguments for which no response is required. To the extent a further response is required, the allegations are denied.

282.     Answering Plaintiff's *ad damnum,* Defendants deny that Plaintiff is entitled to the relief requested in subparagraphs (i) – (vii) or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim against either First Data or any of the individual Defendants upon which relief can be granted.

### Second Affirmative Defense

Venue is improper under 28 U.S.C. § 1391.

### Third Affirmative Defense

Plaintiff knows, or has reason to know, that some or all of his allegations are without any basis in fact or law.

### Fourth Affirmative Defense

The individual Defendants do not fall within the definition of "employer" under the FMLA.

### Fifth Affirmative Defense

Defendants did not interfere with Plaintiff's FMLA rights.

### Sixth Affirmative Defense

Plaintiff cannot establish a *prima facie* case of FMLA interference because he was not denied FMLA benefits to which he was entitled.

### Seventh Affirmative Defense

Plaintiff was not entitled to be returned to the same or equivalent position upon completion of his FMLA leave because his position had been eliminated.

1102536.3 11/20/2017

**Eighth Affirmative Defense**

Defendants did not retaliate against Plaintiff for taking FMLA leave.

**Ninth Affirmative Defense**

Plaintiff cannot establish a *prima facie* case of FMLA retaliation because he was not subjected to an adverse employment action based on his rights under the FMLA.

**Tenth Affirmative Defense**

Plaintiff cannot establish an FMLA retaliation claim because there is no causal connection between his exercise of rights under the FMLA and his termination of employment.

**Eleventh Affirmative Defense**

First Data had a legitimate, non-discriminatory, and non-retaliatory reason for terminating Plaintiff's employment: a company-wide reduction in force.

**Twelfth  Affirmative Defense**

Plaintiff has not established, and cannot establish, that First Data's reasons for terminating his employment were pretext and that retaliation for Plaintiff's exercise of FMLA rights was the real reason for his termination of employment.

**Thirteenth Affirmative Defense**

The alleged "bad faith negotiations" of Plaintiff's severance agreement—which occurred after Plaintiff was informed of the decision to terminate his employment as part of the reduction in force and after First Data offered him a generous severance package—cannot support a cause of action for FMLA retaliation.

**Fourteenth Affirmative Defense**

Defendants acted reasonably and in good faith at all times with regard to the employment decisions at issue in the Complaint.

### Fifteenth Affirmative Defense

For purposes of preserving a defense, Plaintiff has failed to mitigate his damages, if any.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the acts and/or omissions of Plaintiff.

### Seventeenth Affirmative Defense

If Plaintiff suffered any injury or damage, said injury and/or damage was proximately caused or contributed to by Plaintiff's own conduct, thereby reducing or barring Plaintiff's claims against Defendants.

### Eighteenth Affirmative Defense

Plaintiff is not entitled to some or all of the relief requested in the Complaint.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the after-acquired evidence doctrine.

### Twentieth Affirmative Defense

Defendants reserve the right to amend this Answer to assert additional defenses as may be become available or apparent through discovery or otherwise.

1102536.3 11/20/2017

**Saul Ewing Arnstein & Lehr LLP**

*/s/ Gary B. Eidelman*
Gary B. Eidelman, Esq.
*(admitted pro hac vice)*
500 E Pratt Street
Baltimore, Maryland 21202
T: (410) 332-8975
Gary.Eidelman@saul.com

Gillian A. Cooper, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-5021
Gillian.Cooper@saul.com

*Attorneys for Defendants*

Dated: November 20, 2017

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following

counsel via ECF:

Stephen M. Zeitlin, Esq.
David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer, Esq.
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

*/s/ Gary B. Eidelman*
Gary B. Eidelman

Dated: November 20, 2017

1102536.3 11/20/2017