UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, | Civil Case No.: 1:17-cv-04869-FB-LB |
| Plaintiff, | |
| v. | **AGREED PROTOCOL REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| FIRST DATA CORPORATION, *et al.*, | |
| Defendants. | |

Counsel for Plaintiff and Defendants have conferred and agreed to the following protocol and plan for discovery of Electronically Stored Information ("ESI") from the parties. This Protocol is subject to the definitions contained in the Court's Uniform Definitions in Discovery Requests.

For all ESI requests, the producing party shall bear all costs as to reasonably accessible ESI. To the extent ESI requested is not reasonably accessible, and upon a showing of good cause by the producing party and to the extent that the requested ESI is not inaccessible as a result of the producing party's failure to properly maintain or preserve that ESI, the parties shall negotiate either to limit the requests to exclude ESI that is not reasonably accessible or to establish a cost sharing or cost shifting agreement, as appropriate.

Nothing contained in this Protocol shall limit either party's ability to file a Motion to Compel or Motion for Protective Order with the Court.

**Scope of Requested ESI**

The parties agree that the relevant period for the purpose of ESI production is from June 1, 2014 through the present (hereinafter, the "relevant period") until or unless otherwise determined by the Court. Upon receipt of requests for document production, the respective party shall produce all documents and information, including ESI in accordance with this Protocol that are responsive to those requests.

*Categories of ESI Requested*

Pursuant to the proportionality standard of Fed. R. Civ. P. 26(b) and Principle 2.01, the parties agree that ESI initially produced in this case will be limited to the following categories:

1. Emails, including emails that were sent, received, and/or archived, as well as all attachments thereto;

2. Public and/or private communications made by or through websites, discussion boards, social media accounts, or other Internet-based environments;

3. Text and documents posted on or communicated via the Internet in any way, including information posted in Internet-based environments or on websites, blogs, discussion board postings, or social media accounts, and including all drafts, updates, and cached or prior versions of such text or documents; and

4. Word processing documents, spreadsheets, notes, tasks, hour logs, schedule, payroll, .PDF files, image files (such as JPEG, TIFF, BMP, PNG). and calendar files, and any fragments, backups, archives, or recovery files of such documents or files.

### *Locations to be Searched for ESI*

The parties further agree that the ESI produced in this case will be limited to that which is stored in the following locations, to the extent those locations contain information in the above-listed categories:

1. The parties' electronic mail files, systems, and servers, including but not limited to current, journal, archival, backup, and recovery files and systems, wherever and by whomever located or maintained;

2. The parties' computers and any other computing devices (e.g., laptops, desktops, netbooks, iPads, etc.) that were used by any party during the relevant period;

3. Any and all smart phones, cell phones, personal digital assistants ("PDAs"), and/or other handheld communications devices that were used by any party during the relevant period;

4. Any and all portable storage devices, USB drives, flash drives, hard drives, CD-ROMs, floppy diskettes, compact disks, zip drives, or magnetic tapes or cartridges that were used by any party during the relevant period whether directly or through subcontract; and

5. Any and all backup and networking systems or media that were used by any party during the relevant period, wherever and by whomever located or maintained, including systems and/or media that are Internet-, intranet-, software-, and/or hardware-based, and any "cloud" computing systems.

### **Scope of Supplemental ESI Requests**

The parties further agree that if, after the production of ESI purported to be stored in the above-listed locations, the requesting party reasonably believes that additional discovery is necessary, that party may additionally request any combination of the following:

1. ESI pertaining to erased, modified, archived, and/or overwritten information retrievable from the parties' computers, printers, scanners, fax machines, or any other computing devices, electronic storage devices, or backup or networking systems or media,

whether such systems or media are internet-, intranet-, software-, and/or hardware-based, or "cloud" computing systems, by use of recovery programs; and/or

    2.    ESI contained in the logs, cache files, system history files, and any other systems data of any computers, printers, scanners, fax machines, or other computing devices or handheld communications devices used by the parties during the relevant period.

To the extent additional discovery into these ESI sources is necessary, the requesting party shall focus its request as narrowly as practicably possible in accordance with the Court's Principles for the Discovery of Electronically Stored Information and Fed. R. Civ. P. 26(b), and shall provide a factual basis supporting each such request. As appropriate, the parties may need to agree on search terms to be used in connection with any such supplemental requests. The parties may further agree to a sampling of any requested secondary sources of ESI prior to requiring full retrieval of responsive ESI.

### Method of Production

All documents produced that are currently in electronic form should be produced in multi-page searchable PDF format (to the extent OCR can be applied to a document), together with indications of a Bates number range for each document, which may include a DAT file, indicating the Bates number range of each document including attachments. If production of certain documents in said format is unduly burdensome or if, after production of ESI in said format, the requesting party requests production of the native file of specific ESI documents, the producing party shall produce the native file. Following production, ESI will be maintained in a secure environment.

### Preservation

The parties agree to preserve all ESI referred to above and shall ensure that none of this information is deleted, overwritten, or otherwise altered or destroyed during the pendency of this litigation. The parties further agree not to dispose of any of the ESI storage media discussed herein which may contain ESI created, accessed, or modified during the relevant period.

### Attorney-Client Privilege and Work Product Protection

Prior to producing the requested ESI, each party shall conduct a computer-assisted search to identify information that is beyond the scope of discovery because it is attorney-client privileged or work product protected. The parties will conduct the computer-assisted search with agreed upon terms, such as the parties' attorneys' names, "privilege," "work product," and "attorney-client." In the event that the search identifies documents that the party asserts are privileged, the party shall segregate the privileged information from the information to be produced, and shall describe the privileged information on a privilege log.

Nonetheless, the parties acknowledge that there is a possibility that certain privileged (including work product) material may be produced inadvertently, and a complete pre-production privilege review would be unduly burdensome and expensive in light of the circumstances of the case. Therefore, in accordance with Fed. R. Evid. 502(e) the parties agree

1383037.1 11/29/2017

that any inadvertent disclosure will not waive attorney-client privilege or work product protection. A party that inadvertently produces attorney-client privileged or work product protected information must notify the opposing party within ten (10) days of discovery of the inadvertent disclosure. Once such notice is provided, the other party shall promptly return the specified document and any and all copies thereof.

By complying with its obligations under this provision, the parties do not waive any right to challenge the assertion of privilege status of a document and to request an order of the Court denying such privilege or protection.

Agreed to:

| | |
|---|---|
| **ZEITLIN & ZEITLIN, P.C.** | **SAUL EWING ARNSTEIN & LEHR LLP** |
| */s/ Stephen M. Zeitlin* | */s/ Gary B. Eidelman* |
| Stephen M. Zeitlin, Esq. | *(admitted pro hac vice)* |
| David A. Zeitlin, Esq. | Gary B. Eidelman, Esq. |
| 50 Court Street, Suite 506 | 500 E Pratt Street |
| Brooklyn, New York 11201 | Baltimore, Maryland 21202 |
| T (718) 596-6815 | T: (410) 332-8975 |
| F: (718) 522-5644 | F: (410) 332-8976 |
| david@zeitlinlawfirm.com | Gary.Eidelman@saul.com |
| | |
| **THE LAW OFFICE OF SHAWN SHEARER, P.C.** | Gillian A. Cooper, Esq. |
| | 650 College Road East, Suite 4000 |
| | Princeton, New Jersey 08540 |
| Shawn E. Shearer, Esq. | T: (609) 452-5021 |
| *(admitted pro hac vice)* | F: (609) 452-6103 |
| 3839 McKinney Avenue, Suite 155-254 | Gillian.Cooper@saul.com |
| Dallas, Texas 75204 | |
| T: (214) 434-1594 | *Attorneys for Defendants* |
| F: | |
| shawn@shearerlaw.pro | Dated: November 29, 2017 |

*Attorneys for Plaintiff*

Dated: November 29, 2017

Pursuant to the agreement of the parties, it is SO ORDERED this _____ day of _____, 2017.

_____
Honorable Lois Bloom, U.S.M.J.
United States District Court for the
Eastern District of New York

-4-