

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

December 14, 2017

**Via ECF**
Honorable Frederic Block, U.S.D.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Barger v. First Data Corporation et al.*, Civ. Action No. 1:17-cv-4869
             **Response to Plaintiff's Request for Rule 12(c), Rule 12(f), or Rule 56 Pre-Motion Conference**

Dear Judge Block:

      This letter shall serve as the response of Defendants First Data Corporation, Frank Bisignano, Dan Charron, and Anthony Marino (the "Responding Defendants") to Plaintiff's December 8, 2017 letter to the Court (ECF No. 25) requesting a pre-motion conference to discuss his anticipated "motion pursuant to Rule 12(c), or, in the alternative, pursuant to Rule 56 (Rule 12(d)), and Rule 12(f)." For the reasons set forth below, it would be a waste of judicial resources to allow Plaintiff to file the requested motions at this time.[1]

      1.    In Doc. 25, Plaintiff claims entitlement to judgment and damages because in his view, the Responding Defendants have not only admitted to liability under the FMLA in their Answer (ECF No. 19), but their defenses as to the reasons for his termination are a pretext for unlawful conduct. Plaintiff's conclusions are without merit since Defendants filed responses to all 282 paragraphs of the Complaint and denied all of the substantive allegations regarding their potential liability under the FMLA as pled in the Complaint. (*See* ECF No. 19, Answer at ¶¶ 1-17, 19, 21-26, 29, 32, 34, 36-37, 39, 44, 46-54, 56-58, 60, 63, 65-73, 75-76, 78-79, 82, 87-89, 92, 96, 109-110, 125, 138, 141, 146, 148, 164, 166-167, 170-171, 173, 176, 182, 185-187, 189-199, 205-209, 211-213, 216, 218, 220, 222-223, 225-236, 242-249, 251-270, 273-275, 277, 279-282).

---

[1] For some unexplained reason, Plaintiff does not seek to file any motions against the remaining Defendants Karen Whalen, Lori Graesser, or Rhonda Johnson, even though they are all accused of the same conduct as the other defendants in violating the FMLA. Like the Responding Defendants, Whalen, Graesser, and Johnson have denied the substantive allegations of the complaint regarding liability under the FMLA. Therefore, the case is going to continue regardless if Plaintiff is authorized and/or chooses to file a motion. To the extent necessary, Defendants Whalen, Graesser, and Johnson join in the positions set forth in this letter.

500 E. Pratt Street ◆ Suite 900 ◆ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ◆ Fax: (410) 332-8862

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

24145967.2 12/14/2017
24145967.3

Honorable Frederic Block, U.S.D.J.
United States District Court
December 14, 2017
Page 2

In further support of his request for a conference, Plaintiff asserts that the Answer does not raise any issues or allege any facts as to his performance as a First Data employee. (*See* ECF No. 25 at n. 2). That is not true: the Answer denies many of Plaintiff's allegations as to his performance as a First Data employee, which certainly raises issues as to those allegations at this juncture of the proceedings. Yet, by making the statement that the Responding Defendants have "not alleged any facts" in their Answer, it seems that Plaintiff misunderstands the purpose of an answer to a complaint under the Federal Rules of Civil Procedure. <u>A defendant is not required to set forth affirmative facts in responding to a complaint</u>. Rather, the purpose of an answer is to either admit or deny allegations or state that the responding party lacks knowledge or information sufficient to form a belief as to the truth of allegations. *See* Fed. R. Civ. P. 8(b). That is precisely what the Responding Defendants have done with their Answer and Plaintiff is not entitled to judgment on the pleadings.[2]

2.  Alternatively, Plaintiff seeks a conference because he wants to file a Rule 56 motion for summary judgment now before any discovery has occurred in what appears to be an attempt to subvert the orders of Judge Bloom, the Magistrate Judge assigned to this case. The parties filed their Rule 26(f) Meeting Report on November 22, 2017, setting forth an agreed discovery plan with deadlines for fact and expert discovery. (ECF No. 20). On November 28, 2017, Judge Bloom conducted an initial conference with counsel present. At the conclusion of the conference, she issued an order that all discovery was stayed pending the outcome of a mandatory settlement conference set for January 18, 2018. (*See* November 30, 2017 Scheduling Order, Minute Entry on Pacer). Judge Bloom also ordered Plaintiff to undertake certain obligations regarding the case. (*Id.*). In the event that this matter is not resolved at the settlement conference, the Responding Defendants will have no objection to a dispositive motions practice, but only after discovery has been concluded in the ordinary course.

Similarly, Plaintiff also believes that the Court should award him damages without permitting the Responding Defendants to take any discovery regarding important issues like causation, speculation, mitigation, or proof. That is not the way cases are decided; damages are not awarded just because the plaintiff says so. Rather, a plaintiff is required to introduce evidence which a defendant is permitted to challenge. To the extent that Plaintiff alleges in his Complaint that he has been damaged and is entitled to relief, the Responding Defendants have already denied those allegations. (*See* ECF No. 19, Answer at ¶¶ 1, 277, 279-82).

3.  Finally, Plaintiff seeks leave to file a motion to strike the Responding Defendants' affirmative defenses. In response to a 46-page Complaint, the Responding Defendants asserted affirmative defenses including some of those mandated by Fed. R. Civ. P. 8(c). Given the

---

[2] To concoct the theory that he is entitled to judgment as a matter of law, it is somewhat astonishing that Plaintiff would actually make an assertion that Defendants have said nothing about his job performance when he relies so heavily on the Defendants' Position Statement to the EEOC. Notwithstanding that Plaintiff's reliance on the statements in the Position Statement is inappropriate because statements in the Position Statement are not evidence and deal with claims that are not part of this case, the Position Statement sets forth numerous issues regarding Plaintiff's job performance and the reduction in force.

Honorable Frederic Block, U.S.D.J.
United States District Court
December 14, 2017
Page 3

allegations in the Complaint, Defendants believe that these defenses sufficiently apprise Plaintiff of the factual nature and plausibility of each defense raised.

      For all of these reasons, Plaintiff's request for a pre-motion conference to authorize the filing of a motion under Rules 12(b), 12(f), or 56 is inappropriate and should not be entertained by this Court. Thank you for your consideration.

                                      Respectfully submitted,

                                      */s/ Gary B. Eidelman*

                                      Gary B. Eidelman

cc:     Counsel of Record (via ECF)

24145967.3