

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

February 13, 2018

<u>Via ECF</u>

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Barger v. First Data Corporation et al.*, Civ. Action No. 1:17-cv-4869
> **Defendants' Position on Plaintiff's Motion for Leave to File Supplemental Complaint**

Dear Judge Bloom:

Please accept this letter on behalf of Defendants First Data Corporation ("First Data"), Frank Bisignano, Dan Charron, Karen Whalen, Rhonda Johnson, and Anthony Marino ("Defendants") in advance of the status conference scheduled for 9:30 AM on February 14, 2018, to discuss Plaintiff's amended pleadings. To promote judicial economy, we believe it would be beneficial for the Court to understand Defendants' reasons why they did not to consent to Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 31) before our conference call.

### A.   Procedural History

1.   On December 8, 2017, Plaintiff requested a pre-motion conference with Judge Block to discuss his anticipated Motion for Partial Judgment on the Pleadings. (ECF No. 25).

2.   On January 18, 2018, the Court held a settlement conference, although the parties were unable to reach a settlement. That same day, the Court issued a scheduling order which, *inter alia*, required Plaintiff to amend his complaint by February 12, 2018, to include his claims under the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"), for which a Notice of Right to Sue letter had been issued by the Equal Employment Opportunity Commission ("EEOC"). (*See* Scheduling Order dated January 18, 2018).[1] The Court also scheduled a status conference regarding the amended pleadings for February 14, 2018. (*Id.*).

---

[1] Plaintiff received a Notice of Right to Sue from the EEOC on or about January 10, 2018.

500 E. Pratt Street ♦ Suite 900 ♦ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Case 1:17-cv-04869-FB-LB   Document 32   Filed 02/13/18   Page 2 of 7 PageID #: 413

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
February 13, 2018
Page 2

3.      On January 22, 2018, Plaintiff served discovery including interrogatories, requests for production of documents, and requests for admissions.

4.      On January 26, 2018, the parties appeared before Judge Block on Plaintiff's pre-motion conference request. (*See* Minute Entry dated January 26, 2018). Despite Judge Block indicating that he would likely not review any such motion for months given his schedule and ordered the parties to proceed with discovery, Plaintiff chose to serve his Motion for Partial Judgment on the Pleadings on February 2, 2018. (ECF No. 29).[2] After it was pointed out that the motion did not comply with the local rules, Plaintiff served a corrected Motion for Partial Judgment on the Pleadings on February 6, 2018. (ECF No. 30). Defendants' Opposition is due to be served on the Plaintiff by February 20, 2018.

5.      On February 7, 2018, Plaintiff asked that Defendants consent to the filing of a pleading styled "First Supplemental Complaint," which at the time added claims under the ADA and ADEA.

6.      Counsel for the parties exchanged emails between February 7th and February 11th on the issue of Plaintiff's decision to file a supplemental complaint versus an amended complaint.[3] In particular, the undersigned explained that because all of the events giving rise to Plaintiff's discrimination claims occurred prior to the filing of the original Complaint in August of 2017, an amended complaint was the proper pleading under Fed. R. Civ. P. 15(a) because the issuance of a Notice of Right to Sue by the EEOC is not a new event for the purposes of Rule 15(d). Despite my best efforts to convince Plaintiff's counsel, he insisted that Defendants are wrong and that he can only file a supplemental complaint under Rule 15(d) because of some convoluted concern that the relation-back doctrine would require dismissal of the ADA and/or ADEA claims due to the failure to exhaust administrative remedies.

6.      To allay any concerns Plaintiff might have about his discrimination claims being subject to a motion to dismiss, I represented in writing to opposing counsel that if Plaintiff filed an amended complaint, Defendants would not move to dismiss either the ADA or ADEA claim for failure to exhaust administrative remedies or on the grounds that they are somehow time barred. *See* Exhibit 1, page 5.[4]

7.      Plaintiff chose not to accept or even respond to Defendants' offer and representation, but continued to insist that he must file a supplemental complaint. Because the correct pleading is an amended complaint, Defendants did not consent to the proposed

---

[2] For some inexplicable reason, Plaintiff filed the motion only against Defendants First Data, Bisignano, Charron, and Marino. He did not move against Defendants Whalen or Johnson.

[3] *See* Compilation of email exchanges dated February 7, 2018, through February 11, 2018, between Gary B. Eidelman, Esq., counsel for Defendants, and Shawn Shearer, Esq., counsel for Plaintiff, attached hereto as Exhibit 1. The pages have been numbered for ease of reference.

[4] On February 10, 2018, Plaintiff advised that he was not pursuing the ADEA claim, but only the ADA claim.

supplemental complaint filing. Plaintiff filed his Motion for Leave to File a Supplemental Complaint on February 12, 2018. (ECF No. 31).

**B.     Reasons for Not Consenting to the Motion**

Defendants do not consent to Plaintiff's Motion for Leave to File a Supplemental Complaint for two primary reasons:

- The only intervening event after Plaintiff filed his Complaint on August 18, 2017, is the receipt of the Notice of Right to Sue from the EEOC. Because no new substantive event took place, an amended complaint pursuant to Rule 15(a) is the proper pleading to add a claim under the ADA.

- It would appear that Plaintiff's refusal to file an amended complaint is for the sole purpose of trying to preserve his Motion for Partial Judgment on the Pleadings, which would be rendered moot by the filing of an amended complaint.

**1.     An Amended Complaint is the Proper Pleading Under the Federal Rules of Civil Procedure After Receiving an EEOC Right to Sue Letter.**

Plaintiff's insistence on filing a supplemental complaint instead of simply amending his complaint is inconsistent with the rules regarding amendments of pleadings. Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure provides that a party may amend the pleadings by adding a claim that relates back to the original pleadings where the added claim "arose out of the conduct, transaction, or occurrence" set forth in the original complaint. By contrast, a supplemental complaint is appropriate only where there is a "transaction, occurrence, or event that happened *after* the date of the pleading." Fed. R. Civ. P. 15(d) (emphasis added).

When a party seeks to add discrimination claims to an existing complaint, filing an amended complaint is the proper means for doing so when the only intervening "event" is issuance of a Notice of Right to Sue letter by the EEOC. Courts routinely instruct parties to file an amended pleading under these circumstances. *See Dixon v. Krasdale Foods, Inc.,* 2013 WL 6334439, at *3 (S.D.N.Y. Dec. 4, 2013) (dismissing plaintiff's Title VII claims without prejudice and instructing him to file an amended complaint once he received the EEOC Notice of Right to Sue letter); *Ibraheem v. Wackenhut Servs., Inc.*, 2011 WL 4592832, at *1 (E.D.N.Y. Sept. 30, 2011) (allowing plaintiff to file an amended complaint after receiving EEOC Notice of Right to Sue letter where he filed the original complaint before filing an EEOC charge); *Hill v. Coca Cola Bottling Co. of New York*, 786 F.2d 550, 552 (2d Cir. 1986) (allowing plaintiff to file an amended complaint to add a Title VII claim after receiving an EEOC Notice of Right to Sue letter where he had filed an original complaint under Section 1983 for civil rights discrimination stemming from the same underlying employment relationship).

Because the receipt of an EEOC Notice of Right to Sue letter is not an intervening and substantive event or occurrence giving rise to a new claim, courts approve of, or instruct plaintiffs to file an amended complaint (as opposed to a supplemental complaint). For example,

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
February 13, 2018
Page 4

the Fifth Circuit has held that *res judicata* bars a plaintiff from bringing federal employment discrimination claims in federal court after losing in state court on state discrimination claims where the EEOC right to sue letter was issued after the state court action commenced, but before the federal action. *Zatarain v. WDSU-Television, Inc.*, 79 F.3d 1143 (5th Cir. 1996). This holding demonstrates that the issuance of the right to sue letter did not create any new substantive claims for the plaintiff, but that the federal claims related to the same underlying events in the state court case.

Here, the issuance of the Notice of Right to Sue did not create any new events or claims for Plaintiff to bring. Rather, the ADA claim he seeks to bring arose out of the same conduct alleged in the original complaint. Even the case cited by Plaintiff on page two of his Motion, *United States v. Hicks*, 283 F.3d 380, 385-86 (D.C. Cir. 2002), supports Defendants' position. In *Hicks*, the court held that the appellant's motion to vacate, set aside, or correct a sentence was in the nature of an amendment rather than a supplemental pleading since all of the facts set forth in the proposed supplemental motion had already taken place prior to the defendant's original motion, but had simply gained new significance based on an intervening judicial decision. 283 F.3d at 385-86. The court explained that the distinguishing feature of supplemental pleadings is that they "set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented" whereas amendments "typically rest on matters in place *prior* to the filing of the original pleading." *Id.* at 385 (emphasis in original). The only proper means for Plaintiff to bring this cause of action under the Federal Rules of Civil Procedure is to file an amended complaint.[5]

A supplemental complaint would be proper only if the Notice of Right to Sue letter was based on a new act of discrimination that occurred separately and apart from the same underlying events in the Complaint. *See Rundle v. Vill. of Round Lake Beach*, 2001 WL 1414532, at *14 (N.D. Ill. Nov. 13, 2001) (allowing plaintiff to file supplemental complaint to add new defendant and new allegations of retaliation that occurred between the filing of the original complaint and receiving her right to sue letter); *see also In re Am. Int'l Grp., Inc. Sec. Litig.*, 2008 WL 2795141, at *3 (S.D.N.Y. July 18, 2008) ("[T]his proposed new pleading is properly a supplemental complaint rather than an amendment to the original complaint because it avers acts occurring after the date of the complaint. . . . Amended pleadings, which are governed by Rule 15(a), set forth matters occurring prior to the date of the original pleading.") (internal citations omitted). Here, all of the matters alleged in the ADA claim occurred prior to the date of the original pleading.

A Notice of Right to Sue letter is merely a procedural instrument required by statute; it is not a "jurisdictional prerequisite" to bringing federal employment discrimination claim. *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000); *see also In re Mullins*, 2017 WL

---

[5] For best practices that are instructive here, the court in *Zatarain* noted that the plaintiff "could have amended her state court complaint to include the Title VII and ADA claims once she received the right-to-sue letter. Alternatively, if she preferred a federal forum, she could have awaited the right-to-sue letter before filing all of her claims, state and federal alike, in federal court." *Zatarain*, 79 F.3d at *4. Notably, the court did not recommend the plaintiff to file a supplemental complaint, but stated that she should have "amended" her complaint after receiving the Notice of Right to Sue letter.

3705071, at *3 (Bankr. D. Del. Aug. 24, 2017) ("However, the letter is merely a procedural instrument . . . . The Court does not view the letter as a substantive judgment on the actions of either party or the merits of the claim."). Indeed, if Plaintiff had filed his Complaint with the ADA claim without yet obtaining the Notice of Right to Sue letter, the parties could have agreed to waive the necessity of the right to sue letter altogether. *See Caputo v. Copiague Union Free Sch. Dist.*, 218 F. Supp. 3d 186, 192 (E.D.N.Y. 2016) (holding that the parties can agree to waive plaintiff's requirement to obtain a right to sue letter from EEOC because it is merely a statutory requirement, not a jurisdictional prerequisite). Alternatively, Plaintiff could have included the ADA claim in his Complaint and simply amended the Complaint after receiving the Notice of Right to Sue letter as in *Dixon* or *Ibraheem*.[6]

By focusing on when the ADA claim "ripened," Plaintiff's Motion appears to be suggesting a concern that Defendants might move to dismiss his claims as time barred so he must file a supplemental complaint. Not only is he incorrect on the law, this is a red herring inasmuch as Defendants affirmatively represented to Plaintiff that they would not move to dismiss even if the amendment was not deemed to relate back. *See* Exhibit 1, page 5. *Notably, this offer by Defendants as communicated by me to Plaintiff's counsel is missing from the Plaintiff's Certificate of Conference*. *See* Motion at 7.

Moreover, if the amendment is deemed to relate back to the complaint, a court would not apply the "relation back" doctrine so literally as to require that the ADA cause of action be dismissed because it relates back to a time when the plaintiff had not yet received the right to sue letter. *See, e.g., Bates v. W. Elec.*, 420 F. Supp. 521, 526-27 (E.D. Pa. 1976). Most importantly, if the amendment is not deemed to relate back, there is no timeliness issue because Plaintiff is well within the 90-day filing period triggered by the Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1). Therefore, regardless of whether the amendment is determined to relate back to the original filing, Plaintiff's purported concern for having the claims dismissed is illusory.

Plaintiff made the strategic decision to file his Complaint before receiving (or requesting) the Notice of Right to Sue letter. Plaintiff must now amend his Complaint to add the ADA claim, which is related to the same underlying events in the Complaint. Plaintiff cannot file a supplemental complaint where the claims are not derived from a new event or occurrence. For these reasons, Defendants cannot consent to the filing of a supplemental complaint and the Court should deny Plaintiff's Motion for Leave to File a Supplemental Complaint.

### 2. Plaintiff's "Supplemental Complaint" is Seemingly Brought in Bad Faith.

Courts may grant leave to file a supplemental complaint "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant." *Lewis v. Cutting*, 1993 WL 158531, at *11 (S.D.N.Y. May 12, 1993) (quoting *Foman v. Davis*,

---

[6] The situation here was entirely Barger's doing—he could have obtained his Notice of Right to Sue before filing his complaint but he chose not to do so. He did this even though his complaint contains allegation after allegation implicating the ADA and ADEA and included his charge of discrimination, First Data's position statement, and his rebuttal as exhibits, thus demonstrating his knowledge that all substantive facts to support his claims occurred prior to the filing of the complaint.

371 U.S. 178,182 (1962)). Although the standard is lenient, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Plaintiff's insistence that the Notice of Right to Sue serves as motivation for the filing of a supplemental complaint, instead of an amended complaint, suggests bad faith.

In light of existing case law, Defendants do not believe that the reason for Plaintiff's refusal to file an amended complaint under Rule 15(a) has anything to do with the issuance of a Notice of Right to Sue being a subsequent act requiring a supplemental pleading under Rule 15(d). Rather, this appears to be a move calculated to avoid his pending Motion for Partial Judgment on the Pleadings, which he insisted on filing even though there was no deadline, from becoming moot. "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 68 (2d Cir. 1998). Once an amended complaint is filed, the pleadings would no longer be "closed" for purposes of Rule 12(c) and Defendants would be required to file an answer to it within 14 days pursuant to Rule 15(a)(3). *See Kentucky Press Ass'n, Inc. v. Commonwealth of Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot."); *Powell v. Camping World RV Sales LLC*, 2014 WL 5311525, at *6 (E.D. Ark. Oct. 16, 2014) ("Therefore, because this Court has granted [plaintiff's] motion for leave to file a supplemental complaint, the Court denies as moot all other pending motions before it.").

Plaintiff has already served discovery as to the Complaint (which includes discovery requests relating to the ADA and the ADEA even though they are not yet causes of action and even though Plaintiff is dropping his purported ADEA claim) that Defendants must respond to by February 21, 2018. Simultaneously, Defendants must respond to Plaintiff's pending Motion for Partial Judgment on the Pleadings by February 20, 2018. Plaintiff's strategy is apparently to cause Defendants to respond to a dispositive motion that may very well be rendered moot. Additionally, having both a Complaint and a First Supplemental Complaint (which both start at paragraph 1, have allegations regarding the parties, jurisdiction and venue, and different *ad damnum* clauses) will cause drafting issues, problems when questioning Plaintiff at his deposition when referring to paragraph numbers of what really amounts to two separate complaints in the same case with similar allegations, and confusion for the parties and the fact-finder in ensuing proceedings. Principles of judicial economy and fairness dictate that if Plaintiff is going to pursue his ADA claim, he should combine the allegations of the Supplemental Complaint into a First Amended Complaint so that there is one complaint, and only one complaint, moving forward.

The Plaintiff has made adding claims to his complaint more difficult than it needs to be, all seemingly in an effort to avoid mooting his Motion for Partial Judgment on the Pleadings. His proposed course of action will create a procedural mess because the First Supplemental Complaint contains allegations that are not just ignored but must be responded to. Unlike Rule 15(c), there is no time frame specified in Rule 15(d) for a party to respond to a supplemental

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
February 13, 2018
Page 7

complaint, so the Court will be required to issue yet another scheduling order with a date certain for Defendant First Data to respond.

This also means that the pleadings will no longer be "closed" which is a prerequisite for the filing of a motion under Rule 12(c). So as to preserve its rights, the Defendants will be forced to seek leave from Judge Block to file a motion to strike the Motion for Partial Judgment on the Pleadings as moot since the filing of a First Supplemental Complaint will cause a reopening of the pleadings. All of this can be avoided by Plaintiff simply filing an amended complaint, which will cause no prejudice to the Plaintiff because he can simply refile his Motion for Partial Judgment on the Pleadings after the Defendants respond to the amended complaint.

The reasons set forth above are the reasons why Defendants did not consent to the Motion for Leave to File a First Supplemental Complaint. The Court should deny Plaintiff's Motion and order him to file an amended complaint if he desires to add a claim under the ADA. He should be directed to do so by no later than Friday, February 16, 2017, because Defendants' opposition to the Motion for Judgement on the Pleadings is due to be served by Tuesday, February 20, 2017, and Defendants should not be required to spend more legal fees to respond to a motion that will be moot.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Gary B. Eidelman*

Gary B. Eidelman

Enclosure

cc:   Counsel of Record (via ECF)