# Exhibit 1

**From:** Eidelman, Gary B.
**Sent:** Sunday, February 11, 2018 12:50 PM
**To:** Shawn Shearer
**Cc:** Cooper, Gillian A.
**Subject:** Re: Barger v. First Data - Supplemental Complaint

For the reasons stated previously, we would stipulate to an amended complaint but not a supplemental complaint.

Gary B. Eidelman
Sent from my iPhone

On Feb 10, 2018, at 12:26 PM, Shawn Shearer <shawn@shearerlaw.pro> wrote:

> Gary & Gillian – Attached is the final revision of the Supplemental Complaint. My client has decided not to assert claims under the ADEA. The attached only contains the ADA claims. Again, I request that you stipulate to the filing of the Supplemental Complaint. If you do not, I will file a Motion for Leave to Supplement on Monday.
>
> **Shawn E. Shearer**
> The Law Office of Shawn Shearer, P.C.
> 3839 McKinney Avenue #155-254
> Dallas, TX 75204
> (214) 434-1594
> www.shearerlaw.pro
>
> **THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**
>
> <Supplemental Complaint v2.pdf>

**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** February 9, 2018 at 12:18:49 AM EST
**To:** "'Eidelman, Gary B.'" <Gary.Eidelman@saul.com>
**Subject: RE: Proposed Stipulated Supplemental Complaint**

Gary – your explanation proves a supplement not an amendment is the proper procedure. The only new fact is the issuance of the right to sue letter that triggers the ability to bring the ADA and ADEA claims.

It appears that we will have a discussion with Magistrate Bloom about Rule 15.

Attached is a revised First Supplemental Complaint that I request that you stipulate to filing. If not, I will file a Motion for Leave to Supplement on February 12.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(214) 434-1594
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

**From:** Eidelman, Gary B. [mailto:Gary.Eidelman@saul.com]
**Sent:** Thursday, February 08, 2018 7:13 PM
**To:** 'Shawn Shearer' <shawn@shearerlaw.pro>
**Cc:** 'David Zeitlin' <david@zeitlinlawfirm.com>; Cooper, Gillian A. <Gillian.Cooper@saul.com>; Kennedy, Lindsey C. <Lindsey.Kennedy@saul.com>
**Subject:** RE: Proposed Stipulated Supplemental Complaint

1

Shawn:

All of the facts supporting Mr. Barger's purported claims under the ADA and ADEA occurred prior to August 18, 2017.  There are no substantive transactions, occurrences or events that have happened since then.  The issuance of a Right to Sue letter by the EEOC does not fall within the ambit of Rule 15(d).  So long as you file an amended complaint by February 12, 2018 per Rule 16(b)(3) (which is well within the 90 day period), there is no issue.  Under the circumstances, I do not believe that your pleading comports with the Federal Rules of Civil Procedure.  Unfortunately, I cannot consent to its filing.

| | |
|---|---|
| **From:** | Eidelman, Gary B. |
| **Sent:** | Thursday, February 08, 2018 8:13 PM |
| **To:** | 'Shawn Shearer' |
| **Cc:** | 'David Zeitlin'; Cooper, Gillian A.; Kennedy, Lindsey C. |
| **Subject:** | RE: Proposed Stipulated Supplemental Complaint |

Shawn:

All of the facts supporting Mr. Barger's purported claims under the ADA and ADEA occurred prior to August 18, 2017.  There are no substantive transactions, occurrences or events that have happened since then.  The issuance of a Right to Sue letter by the EEOC does not fall within the ambit of Rule 15(d).  So long as you file an amended complaint by February 12, 2018 per Rule 16(b)(3) (which is well within the 90 day period), there is no issue.  Under the circumstances, I do not believe that your pleading comports with the Federal Rules of Civil Procedure.  Unfortunately, I cannot consent to its filing.

**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com



*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers,* *here*
* Please note that our Firm name and my email address have changed.

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Thursday, February 08, 2018 7:36 PM
**To:** Eidelman, Gary B.
**Cc:** 'David Zeitlin'; Cooper, Gillian A.; Kennedy, Lindsey C.
**Subject:** RE: Proposed Stipulated Supplemental Complaint

Rule 12(c) says the amendment DOES relate back to the date of the original pleading, a date on which the ADA and ADEA claims could not have been made.

A Supplemental Pleading under Rule 15(d) is the appropriate vehicle.

Where plaintiff desired to allege events which
happened since date of its original complaint,
appropriate pleading was not an amended
complaint but a supplemental complaint. . .
**(Teeval Co., Inc. v City of NY 88 F.Supp 652, SDNY 1950) )**


At the outset, the Court notes that plaintiff's proposed
additions to his complaint principally recite transactions,
occurrences or events that have transpired since the date
of the pleading sought to be supplemented. The plaintiff's

1

Page 4

motion therefore is technically categorized under Rule
15(d) of the Federal Rules of Civil Procedure, as
opposed to under Rule 15(a). The latter subsection
is designed chiefly to allow a party to replead or
to add facts or claims that arise either prior to or
contemporaneous with the allegations stated within the
original complaint. *See* 6 Charles A. Wright et al., Federal
Practice and Procedure § 1473, at 521 (2d ed. 1990)
**(Katzman v. Sessions 156 F.R.D. 35 (EDNY 1994)**

If you do not want to stipulate to a Supplemental Complaint, I will file a Motion for Leave to file a Supplemental Complaint.

---

**From:** Eidelman, Gary B. [mailto:Gary.Eidelman@saul.com]
**Sent:** Thursday, February 08, 2018 6:12 PM
**To:** 'Shawn Shearer' <shawn@shearerlaw.pro>
**Cc:** 'David Zeitlin' <david@zeitlinlawfirm.com>; Cooper, Gillian A. <Gillian.Cooper@saul.com>; Kennedy, Lindsey C. <Lindsey.Kennedy@saul.com>
**Subject:** RE: Proposed Stipulated Supplemental Complaint

Shawn:

Neither I nor my colleagues know what you are talking about. The Right to Sue letter was issued on January 10, 2018. Mr. Barger could not have filed the ADA or ADEA claims prior to the issuance of the Right to Sue. Provided that you sue within 90 days, there is no reason to relate back to the original filing date in order to preserve those claims. The cases I am aware of arose where the Plaintiff failed to file the amended complaint within the 90 day period which is an impossibility here because the scheduling order provides that your amended complaint must be filed by February 12, 2018. February 12 is well within the 90 days set forth in the Right to Sue letter so you will have satisfied any statute of limitations.

Rather than continuing to debate this point and to provide further assurances, I will not seek to dismiss Mr. Barger's ADA or ADEA claims in an amended complaint on the basis that such claims are time barred or that he has failed to exhaust administrative remedies.

Please prepare an amended complaint with the additional causes of action and send it to me for review. It is hard for me to fathom a circumstance under which I would not consent to its filing pursuant to Rule 15(a)(2).



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*
* Please note that our Firm name and my email address have changed.

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Thursday, February 08, 2018 4:25 PM

2

**To:** Eidelman, Gary B.
**Cc:** 'David Zeitlin'; Cooper, Gillian A.; Kennedy, Lindsey C.
**Subject:** RE: Proposed Stipulated Supplemental Complaint

Gary – the concept is pretty simple, I am surprised you have not used it before. When an amendment adds a claim arising out of the same conduct, transaction, or occurrence set out in the original pleading, the amendment relates back to the date of the original complaint. Rule 12(c)(1)(B). Thus, an "amendment" adding the ADA and ADEA claims would relate back as if filed on the date of the Complaint, August 18, 2017.  On August 18, 2017, the right to sue letter had not been issued and a complaint under the ADA would be dismissed for lack of exhausting administrative remedies. Defendants would then file a Motion to Dismiss the complaints as amended. During the entire Motion to Dismiss briefing process, the 90 days would elapse and if the ADA claim included in the amendment is dismissed, the Plaintiff has blown through the 90-day period and loses the ADA claim and would be unable to file a supplemental pleading to add the claim.

On the other-hand, a supplemental pleading under Rule 15(d) avoids this potential problem because the supplemental pleading is designed to address events that occurred after the filing of the Complaint and do not relate back to the original complaint filing date. The supplemental pleading drafted would therefore be filed within the 90 day right to sue period rather than being considered as filed well before the right to sue letter was issued.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(214) 434-1594
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

**From:** Eidelman, Gary B. [mailto:Gary.Eidelman@saul.com]
**Sent:** Thursday, February 08, 2018 12:01 PM
**To:** 'Shawn Shearer' <shawn@shearerlaw.pro>
**Cc:** 'David Zeitlin' <david@zeitlinlawfirm.com>; Cooper, Gillian A. <Gillian.Cooper@saul.com>; Kennedy, Lindsey C. <Lindsey.Kennedy@saul.com>; Eidelman, Gary B. <Gary.Eidelman@saul.com>
**Subject:** RE: Proposed Stipulated Supplemental Complaint

Shawn:

This will acknowledge receipt of your email and proposed motion, although I don't believe you need a motion if we stipulate.  That said, I don't understand what you are saying in your email about Fed.R.Civ.P. 15.  I would like to be able to consent to the filing, but I cannot stipulate to something I have never heard of or seen in practice which is a "First Supplemental Complaint."  If you send me a draft of a properly amended complaint, I will certainly reconsider your request that we consent to the filing.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com



*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*
* Please note that our Firm name and my email address have changed.

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Wednesday, February 07, 2018 7:01 PM
**To:** Eidelman, Gary B.; Cooper, Gillian A.
**Subject:** Proposed Stipulated Supplemental Complaint

Gary & Gillian – attached is the proposed Stipulated Motion for the First Supplemental Complaint. I decided that because of the relation back provision of Rule 15 with respect to amendments is problematic in this situation because the claims being added could not have been brought at the time the original complaint had been filed. There is also case in which Plaintiffs have lost because of adding EEOC causes of action by amendment relate back to a time at which those claims could not have been brought, and then the period following the right to sue letter had elapsed before a supplemental complaint could be filed.

Please complete your signature line to the Motion how you would like it.

Please let me know if you have any comments or concerns.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(214) 434-1594
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+