# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (214) 434-1594
SHAWN@SHEARERLAW.PRO

February 13, 2018

**<u>Via ECF</u>**
Honorable Lois Bloom, U.S.M.J.
U.S District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
      Response to Defendants' Position on Plaintiff's Motion for Leave to File
      Supplemental Complaint

Dear Judge Bloom:

  Please accept this letter on behalf of Plaintiff Steven B. Barger in advance of the status conference for 9:30 AM on February 14, 2018. Defendants' counsel, Mr. Eidelman, delivered you a letter with respect to Plaintiff's Motion for Leave to File a Supplemental Complaint [Docket No. 31] attempting to justify the Defendants' refusal to stipulate to a First Supplemental Complaint filed pursuant to Fed. R. Civ. P. 15(d).

  By Scheduling Order on January 18, 2018, this Court directed the Plaintiff to bring any claims he had available under the ADA and ADEA by February 12, 2018. The Plaintiff received the Right to Sue Letter (defined in the pending Motion for Leave to Supplement) on January 18, 2018.[1] The Plaintiff has 90-days to bring judicial action based on the receipt of that letter. Those 90-days would normally expire in mid-April 2018. In the interest of judicial economy and moving this case forward, the Plaintiff chose to request the supplementation of the complaint pursuant to Rule 15(d). Mr. Eidelman engages in speculation and conjecture as to the reasons why. Such conjectures are not only incorrect, they are prejudicial.

  The Plaintiff is requesting to supplement under Rule 15(d) because he can, and because it is the correct procedural vehicle.

  Not one case cited by Mr. Eidelman indicates that an amendment under Rule 15(a) is required. An amendment under Rule 15(a) may be permissible, but it is not mandatory. Many of the cases Mr. Eidelman presents demonstrate intellectual laziness resulting in conflation between the term "amendment" and the term "supplement". Rule 15(d) exists. It is a distinct procedure with different procedural implications than those found in Rule 15(a). This reality is never denied by Defendant's counsel. Mr. Eidelman's analysis that Rule 15(a) is the only rule available to add judicial ADA claims that were unavailable to the Plaintiff at the time of filing the Complaint, is erroneous. Rule 15(a) possibly could be used, but that does not mean Rule 15(d) cannot be used to bring Plaintiff's ADA claims. In my opinion, Rule 15(d) is the proper

---

[1] The Plaintiff disagrees with all of the day calculations set forth in Defendants' letter. The Notice of Right to Sue was received by Plaintiff on January 18, 2018. Your honor witnessed Mr. Eidelman advising me of his receipt of the letter that very day on the record.

Honorable Lois Bloom, U.S.M.J.
February 13, 2018                                                                                                                Page 2

procedure available to add a claim based upon the event of issuance of Plaintiff's Right to Sue Letter. But even under the most lenient interpretation of Mr. Eidelman's misanalysis, Plaintiff is never required to use 15(a) for this process. Mr. Eidelman fails to provide any legal analysis or judicial support suggesting otherwise. Under the best of conditions for Mr. Eidelman, Rules 15(a) and 15(d) both exist to provide Plaintiff a choice. Plaintiff chose Rule 15(d).

Mr. Eidelman empirically is not a supporter of judicial economy. Mr. Eidelman and his associates spent the time to draft a researched 7 page "letter" over 24 hours, clearly illuminating the judicial expense and cost he is willing to impose upon his client. Mr. Eidelman admitted within the last week to never having heard of, or seen in practice, a Supplemental Complaint. Mr. Eidelman and his associates must have educated themselves on this topic over the last 24 hours, learning on their client's dime, to write a "letter" instead of an opposition to the Motion for Leave. That is not judicial economy. The Defendants (Defendants' counsel) have obstructed and delayed at every step of this proceeding. This "letter", offered under the guise of judicial economy is, for all intents and purposes, the exact opposite.

Mr. Eidelman could have simply consented to the filing of the First Supplemental Complaint, and proceeded with discovery and the pending Motion under Rule 12(c). Instead, he has decided to create yet another roadblock to moving this case forward efficiently.

I am not certain how to even categorize Mr. Eidelman's "letter." If Mr. Eidelman believes his conjecture is true, he has a procedural vehicle available to him which is a proper way to present that information: an Opposition to the Motion for Leave. They did not. Mr. Eidelman chose instead to cram hours of discourse into a "letter" that has neither weight nor consequence. If Defendants want to argue bad faith in this issue, we can start there. Under no circumstance does Mr. Eidelman get to limit the procedural choices of the Plaintiff. Even the Defendants own cases do not present an "either or" decision between Rule 15(a) and Rule 15(d).

That an amendment pursuant to Rule 15(a) may be permitted (as noted, Plaintiff believes this is procedurally incorrect), does not mean a supplement pursuant to Rule 15(d) is prohibited.

A supplement filed pursuant to Rule 15(d) is permitted and proper. The Plaintiff had no judicial remedy for violations of the ADA prior to issuance of the Right to Sue Letter. The event subsequent to the filing of the Complaint triggering additional relief was the issuance of the Right to Sue Letter.

Defendants have no grounds for opposing the Motion for Leave, and even if grounds exist, this "letter" is not the process for such opposition.

Very truly yours,

/s/ Shawn E. Shearer
*Attorney for the Plaintiff*

---

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204