

Gary B. Eidelman
Phone:  (410) 332-8975
Fax:  (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

March 6, 2018

**Via ECF**

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Steven B. Barger v. First Data Corporation et al.*
               Civil Case No. 1:17-cv-4869

Dear Judge Bloom:

      With apologies for having to involve the Court in a discovery dispute, please accept this letter motion in lieu of a more formal motion for a protective order in accordance with Rule 5.A. of Your Honor's Individual Practices.

      On March 5, 2016, Plaintiff's counsel Shawn Shearer provided notice that he intends to serve a subpoena today on Children's Express, the daycare center used by a First Data employee named Jennifer Voycheske to care for her daughter, claiming that he needs information from the daycare center to prove Ms. Voycheske's whereabouts on January 5 and 6, 2017, when she was emailing and communicating with Plaintiff Barger. *See* Exhibit 1 (March 5, 2018 letter from Shawn Shearer to Gary Eidelman enclosing subpoena).[1] The proposed return date on the subpoena is April 6, 2018, well after Ms. Voycheske's scheduled deposition. *See* Exhibit 1 and Exhibit 3 (March 5, 2018 letter from Gary Eidelman to Shawn Shearer confirming deposition date).

---

[1] Ms. Voycheske never told Plaintiff Barger that her daughter went to Children's Express for daycare. Ms. Voycheske does not know Mr. Shearer, has never spoken with him, and they are not "connected" on any social media platform. From the footnotes in his March 5, 2018 letter to counsel regarding depositions, it appears that Mr. Shearer has been examining Ms. Voycheske's social media pages to ascertain her whereabouts. *See* Exhibit 2 (March 5, 2018 letter from Shawn Shearer to Gary Eidelman regarding depositions). She does not know how, or from what sources Mr. Shearer somehow learned where she took her daughter for daycare. As a parent, she is understandably upset that a lawyer is trying to subpoena information connected to her child, who has nothing to do with this case, particularly when she is being deposed next week and can be questioned about where she was on January 5 and 6, 2017, when she was communicating with Plaintiff Barger.

500 E. Pratt Street ♦ Suite 900 ♦ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
March 6, 2018
Page 2

Ms. Voycheske, a Manager of Human Resources Operations for First Data, submitted a declaration in Opposition to Plaintiff's Motion for Partial Judgment on the Pleadings. Her declaration sets forth the timeline regarding her emails and other communications with Plaintiff Barger on January 5, 2017. (*See* ECF No. 37-1, pp. 29-33). In his letter, *see* Exhibit 1, Mr. Shearer claims that "Ms. Voycheske's affidavit contradicts documents Defendants have provided[.]" To date, Mr. Shearer has not, however, identified which documents "contradict" the affidavit.[2]

Given the invasion of privacy involved in seeking information from an employee's daycare provider, particularly when other less intrusive means are available to obtain the information, I asked Mr. Shearer to wait to serve the subpoena on the daycare center used by Ms. Voycheske until after her deposition to see if she has been able to address whatever concerns he has about timing. *See* Exhibit 3. I asked that he respond to me by 9 am today because of the indication that he intended to serve the subpoena on Children's Express as early as today. As set forth below, we have made several efforts to contact Mr. Shearer but we have not heard back from him.

In light of Ms. Voycheske's upcoming deposition, the proposed subpoena seeking information from her child's daycare center appears to be an attempt to invade her privacy and intimidate and harass a witness, particularly when the documents being sought from the daycare center will not be available at the deposition. The Court should not condone tactics which unnecessarily invade an employee's privacy interest in an effort to try and prove a hunch.

Protective Orders are governed by Fed. R. Civ. P. 26(c), which states "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery[.]" In determining whether to grant a motion for a protective order, courts balance the harm of disclosure to the party seeking the protective order and the importance of disclosure to the requesting party. *See, e.g.*, *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4 (S.D.N.Y. 2015).

In matters that invade the privacy of a party, courts in this district have held that "[o]nly a substantial showing of particularized need accompanied by restrictions specifically narrowing the use of the information to the articulated need will suffice to justify disclosure." *Entral Grp. Int'l, LLC v. YHCL Vision Corp.*, 436 F. Supp. 2d 404, 406 (E.D.N.Y. 2006). In *Entral Group*, where the movant sought a protective order against the disclosure of personal information like social security numbers, the court granted the protective order, writing that "the plaintiff's justification for the need for disclosure of the SSNs is farfetched, if not absurd." *Id.*

---

[2] The only clue as to why he is insisting on subpoenaing the daycare provider appears in footnote 5 of Plaintiff's Reply to Defendants' Opposition to the Motion for Partial Judgment on the Pleadings where he asserts that it was not possible for Ms. Voycheske to have mailed a letter to Plaintiff between 4:27 pm-6:40 pm on January 5, 2017. (*See* ECF No. 37-2, pp. 6-7). If Mr. Shearer wants to find out if Ms. Voycheske was picking up her daughter from daycare during that time period or the circumstances surrounding the sending of the letter to Mr. Barger, he can ask those questions at her deposition. He does not at this point need to subpoena her daycare provider.

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
March 6, 2018
Page 3

Here, Plaintiff seeks personal information regarding Ms. Voycheske's activities in connection with her child's daycare center. His claim that she could not have mailed a letter during a certain two-hour period is "farfetched." His counsel's refusal to wait on serving any such subpoena until after her deposition demonstrates that it is being served for an improper purpose under Rule 26(c).

Rule 26(c) requires that a motion for protective order include a certification "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Defendants complied with this requirement by attempting to speak with Mr. Shearer on March 6, 2018, for the purpose of requesting that he hold off serving a subpoena on Children's Express until after deposing Ms. Voycheske to avoid invading her privacy and causing her embarrassment. Such good faith efforts to resolve this dispute were not successful because we have not been able to speak with Mr. Shearer. Given the subpoena to Children's Express may be served as early as today, Defendants respectfully request that this Court issue a protective order preventing Plaintiff from serving a subpoena on Children's Express until further notice.

Respectfully submitted,

*/s/ Gary B. Eidelman*

Gary B. Eidelman

Attachments

cc:     All Counsel of Record (via ECF)

### Certification of Good Faith Efforts to Resolve Discovery Dispute

I HEREBY CERTIFY that on March 5, 2018 at 7:23 pm, Gary Eidelman sent a letter via electronic mail to Shawn E. Shearer, Esquire, counsel for Plaintiff, in an effort to resolve the dispute without court action. *See* Exhibit 3. The letter requested Mr. Shearer respond by 9:00 am on March 6, 2018. We believe that Mr. Shearer received the Exhibit 3 letter because he emailed Defendants on another subject at 10:51 pm last night. On March 6, 2018, I called and left a voicemail message for Mr. Shearer shortly after 11:00 am to discuss this dispute. Thereafter, at 11:14 am, I sent Mr. Shearer a follow-up email. I tried to call him again at 1:01 pm to discuss this matter and left another voicemail. I also sent him another follow up email at 1:10 pm. Additionally, I spoke to David Zeitlin at 1:06 pm, who advised that I would need to discuss this matter with Mr. Shearer. Mr. Shearer has not responded to our March 5, 2018 letter, and efforts to reach him by telephone and email have not been successful.

*/s/ Gillian A. Cooper*
Gillian A. Cooper