# Exhibit 1

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (214) 434-1594
SHAWN@SHEARERLAW.PRO

March 5, 2018

**Via E-mail (Gary.Eidelman@saul.com) (Gillian.Cooper@saul.com)**

| | |
|---|---|
| Gary Eidelman | Gillian Cooper |
| Saul Ewing Arnstein & Lehr LLP | Saul Ewing Arnstein & Lehr LLP |
| 500 Pratt Street, Suite 900 | 650 College Road East, Suite 4000 |
| Baltimore, MD 21022-3133 | Princeton, NJ 08540-6603 |

Re:   *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
- NOTICE OF SUBPOENA OF CHILDREN'S EXPRESS

Gary and Gillian:

### NOTICE OF SUBPEONA OF CHILDREN'S EXPRESS

Attached hereto is the Notice of Subpoena for Children's Express Childcare and Learning Center ("Children's Express"). Jennifer Voycheske, the centerpiece of Defendants' Opposition to Plaintiff's 12(c) Motion, had her daughter enrolled at Children's Express during all relevant times and days about which she provided sworn testimony in her affidavit. The timeline of events presented in Ms. Voycheske's affidavit contradicts documents Defendants have provided in response to Plaintiff's First RFP. Children's Express records will provide documentation of the location of Jennifer Voycheske during specific times on the dates at issue in this case.

Very truly yours,

Shawn E. Shearer

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, an individual | Case No. 1:17-cv-4869 |
| Plaintiff | NOTICE OF SUBPOENA |
| v. | |
| FIRST DATA CORPORATION, *et al.* | |
| Defendants. | |

**PLEASE TAKE NOTICE THAT** pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Steven B, Barger intends to serve a Subpoena in the form attached hereto on Children's Express & Learning Center on March 6, 2018, or as soon thereafter as service may be effectuated.

THE LAW OFFICE OF SHAWN SHEARER, P.C.

_____/s/ Shawn Shearer_____
Shawn Shearer (*Pro Hac Vice*)
3839 McKinney Avenue, Suite 155-254
Dallas, TX 75204
Tele: (214) 434-1594
*shawn@shearerlaw.pro*
Attorneys for Plaintiff

## CERTIFICATION OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on the following counsel via electronic mail.

| | |
|---|---|
| Gary Eidelman | Gillian Cooper |
| Saul Ewing Arnstein & Lehr LLP | Saul Ewing Arnstein & Lehr LLP |
| 500 Pratt Street, Suite 900 | 650 College Road East, Suite 4000 |
| Baltimore, MD 21022-3133 | Princeton, NJ 08540-6603 |
| *Gary.Eidelman@saul.com* | *Gillian.Cooper@saul.com* |

Attorneys for Defendants.

Dated: March 5, 2018

THE LAW OFFICE OF SHAWN SHEARER, P.C.

      /s/ Shawn Shearer
Shawn Shearer (*Pro Hac Vice*)
3839 McKinney Avenue, Suite 155-254
Dallas, TX 75204
Tele: (214) 434-1594
*shawn@shearerlaw.pro*
Attorneys for Plaintiff

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Steven B. Barger <br> *Plaintiff* <br> v. <br> First Data Corporation, et al. <br> *Defendant* | ) ) ) ) Civil Action No. 1:17-cv-04869-FB-LB ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Children's Express Childcare & Learning Center
2802 S 87th St, Omaha, NE 68124

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
  SEE EXHIBIT A

| Place: The Law Office of Shawn Shearer, P.C. <br> 3839 McKinney Avenue, Suite 155-254 <br> Dallas, TX 75204 | Date and Time: <br><br> 04/06/2018 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/05/2018

  *CLERK OF COURT*                            OR   *[signature]*

_____                    _____
 Signature of Clerk or Deputy Clerk                 Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Plaintiff__
Steven B. Barger _____, who issues or requests this subpoena, are:
Shawn Shearer, Esq., 3839 McKinney Avenue, # 155-254, Dallas, TX 75204; shawn@shearerlaw.pro; (214) 434-1594

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:17-cv-04869-FB-LB Document 38-1 Filed 03/06/18 Page 6 of 9 PageID #: 593

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-04869-FB-LB

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-04869-FB-LB   Document 38-1   Filed 03/06/18   Page 7 of 9 PageID #: 594

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Children's Express Childcare & Learning Center Subpoena
## Exhibit A

INSTRUCTIONS

The Subpoena seeks only documents and information regarding the interaction between adults. To the extent any document or information responsive to the requested below contains any information identifying a minor, the responsive information and documents should be produced, but those documents should be redacted to exclude the identifying information of any minor.

REQUEST

In January 2017, Jennifer Voycheske had a child who attended a licensed school/daycare facility known as: Children's Express Childcare & Learning Center ("Children's Express") located on South 87th St, Omaha, NE 68124. Ms.Voycheske had reason to be at Children's Express at specified times on the specified dates below for which Children's Express has Documents. The purpose of the Subpoena is strictly to determine whether Ms.Voycheske was present at Children's Express during the times relevant to the case.

1. Provide any and all information and Documents related to the presence of Jennifer L. Voycheske at Children's Express during the school's student drop-off process on January 5, 2017, and January 6, 2017 containing any or all of the following information:

    - Any Document signed (whether physical or electronic) and/or entry of security codes to entry-ways at Children's Express by Jennifer L.Voycheske related to Ms. Voycheske's presence at Children's Express during the process of student drop-off on each of the above specified dates.

    - The time at which the above mentioned signature or codes confirming Ms.Voycheske's presence at Children's Express during the process of student drop-off was obtained by Children's Express on each of the above specified dates.

2. Provide any and all information and Documents related to the presence of Jennifer L. Voycheske at Children's Express during the school's student pick-up process on January 5, 2017, and January 6, 2017 containing any or all of the following information:

    - Any document signed (whether physical or electronic) and/or entry of security codes to entry-ways at Children's Express by Jennifer L.Voycheske related to Ms. Voycheske's presence during the process of student pick-up from Children's Express on each of the above specified dates.

    - The time at which the above mentioned signature or codes confirming Ms.Voycheske's presence at Children's Express during the process of student pick-up was obtained by Children's Express on each of the above specified dates.

For purposes of these Requests, "drop-off" means the transfer of the temporary care from Ms. Voycheske to Children's Express when a child arrives at Children's Express, and "pick-up" means Children's Express's release of a child from its care into that of Ms.Voycheske. In other words, the Request is to produce the information and documents necessary to determine if Ms.Voycheske was engaged in the student drop-off process at the Children's Express facility, and at what time, for each of the specified dates, and further if Ms. Voycheske engaged in the student pick-up process at Children's Express facility, and at what time, for each of the specified dates.

For purposes of these requests, "related to" means information and Documents specifically identifying each drop-off and pick-up for which Ms.Voycheske was present, and the time of <u>each</u> such drop-off and pick-up on the specified dates. (e.g. multiple drop-offs and/or pick-ups during the course of one school day due to temporary student absence for reasons such as doctor's appointments are responsive)

For purposes of the preceding Requests, "Documents" has the broad meaning ascribed by Rule 34 of the Federal Rules of Civil Procedure. The term includes, without limitation, all writings, photographs, recording, and other data from which information can be obtained and/or translated, if necessary, by you through detection devices into reasonably usable form. The term includes, without limitation, papers, records, letters, e-mails, photographs, video recordings, audio recordings, doorway security passcode entries, memoranda, notes, notations, workpapers, sign-in sheets, sign-in logins (if electronic sign-in), and all things similar to any of the foregoing, however denominated. Documents includes electronically stored information.

**Children's Express Childcare & Learning Center Subpoena Exhibit A – Barger v. First Data et al.**

2