# Exhibit 2

# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (214) 434-1594
SHAWN@SHEARERLAW.PRO

March 5, 2018

**Via E-mail (Gary.Eidelman@saul.com) (Gillian.Cooper@saul.com)**

| | |
|---|---|
| Gary Eidelman | Gillian Cooper |
| Saul Ewing Arnstein & Lehr LLP | Saul Ewing Arnstein & Lehr LLP |
| 500 Pratt Street, Suite 900 | 650 College Road East, Suite 4000 |
| Baltimore, MD 21022-3133 | Princeton, NJ 08540-6603 |

Re:  *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
- Bisignano, Voycheske, Graesser, Steffen & 30(b)(6) Depositions

Gary and Gillian:

### BISIGNANO DEPOSITION

Plaintiff's discovery of the officers of First Data will begin with Defendant Bisignano. I understand that given his job responsibilities, Mr. Bisignano has a busy schedule and travels frequently. However, Mr. Bisignano has intimate knowledge of the facts of this case, including his personal referral of the Plaintiff to his physician in Tampa, extensive travel and presentations with Mr. Barger at First Data and over their careers with other employers, and, as First Data's Chairman and CEO, Mr. Bisignano is responsible for Sarbanes-Oxley certifications of SEC filings that have included disclosures about First Data's cost and internal control measures relevant to Plaintiff's case. I will arrange for a deposition anywhere in the continental US so as to not burden Mr. Bisignano's schedule. Advise me of a date during the next 30 days on which Mr. Bisignano has three hours to sit for a deposition. I understand that coordinating his schedule may be troublesome, intentionally or otherwise, so please advise me by the end of the week in which city, and when, he is available to be deposed prior to April 5th.

### VOYCHESKE, GRAESSER & STEFFEN DEPOSITIONS

By letter dated February 21, 2018, less than an hour after receiving Defendants' Opposition to Plaintiff's Motion pursuant to Rule 12(c), by e-mail at 11:22 am CST, I notified you that I would be serving subpoenas for the depositions of Jennifer Voycheske, Manager of First Data Human Resources, and Lori Graesser, an attorney in First Data's legal department. Those subpoenas were served at 12:00 pm CST on February 21st demanding Ms. Voycheske and Ms. Graesser be produced for deposition in Omaha on February 23rd to address questions surrounding Ms. Voycheske's affidavit attached to the Opposition. By letter e-mailed, at approximately 1:15 pm CST, Mr. Eidelman advised me that 48 hours of notice was not reasonable and that the witnesses would not be produced on Friday the 23rd as requested.[1]

---

[1] Given Judge Block's briefing schedule on the Rule 12(c) Motion and Judge Bloom scheduling order for this case, depositions to occur in Omaha would not have been a burden to First Data that has a significant operation and

Gary Eidelman & Gillian Cooper
March 5, 2018                                                                                                                                  Page 2

The Notices of Deposition for Ms. Voycheske and Ms. Graesser remain outstanding and the witnesses have not been produced. I also intend to depose Ms. Amy Steffen, whose name appears repeatedly in Defendants' document production. After review of some of Ms. Voycheske's available prior testimony (e.g. Fountain v. First Data Merchant Services in D.N.H.), and her e-mails and documents produced in this case, I believe a four-hour block of time must be reserved. Commit to when Ms. Voycheske is available between March 8th and March 16th to be deposed. Your firm's availability should not be an issue in setting the date. First Data has outside counsel in Omaha available to handle defense of a deposition given this notice (see e.g. Jackson Lewis re: Fountain litigation) provided a week ago and giving an additional two weeks to set a time, and a conference call could be set for your firm to listen and object as needed on the record. If we cannot mutually arrive at a time that works for Ms. Voycheske during this period, I will serve another Notice of Deposition with a time and place for her to appear in Omaha before March 16th and I will make all the arrangements, and if Ms. Voycheske does not show, we will talk with Judge Bloom.

While I am in Omaha to depose Ms. Voycheske, for judicial efficiency, I also will depose Amy Steffen, as her name appears repeatedly throughout the e-mails in First Data's document production. I do not believe more than two hours are needed, but without as much knowledge as to her role, my estimate may be inaccurate and more time may be required. Again, I am willing to travel to her location.

First Data's significant presence in Omaha, with weeks of notice, to employees that do not travel, with ample local counsel available to defend a deposition is not a burden.

Ms. Graesser's deposition notice also remains outstanding. An hour to an hour and a half is all that is needed to cover the testimony I need from her at this time.

Please advise me by the end of tomorrow, March 6th, of the time at which Ms. Voycheske will be available between March 8th and 16th for a deposition in Omaha. If we are unable mutually to coordinate the dates today, I will set the time and place and serve the Notices. I will similarly serve Notices for Ms. Graesser and Ms. Steffen if we cannot mutually reach an agreement for a time to depose them in Omaha by March 16th.

**RULE 30(b)(6) DEPOSITIONS – DISABILITY INSURANCE & IT ISSUES**

The initial Rule 30(b)(6) testimony the Plaintiff is seeking will cover the following areas:

- Functionality, access, and business purposes of all the information technology systems referred to within the initial document production. These systems, include, but are not limited to, GOOD, MSS, OOO, internal e-mail, systems used by the e-mail "loahelp", all

---

premises in that location and I was willing to travel from Dallas to Omaha, and had scheduled space, a reporter and videographer to be available at the time, date and location specified in the deposition notice.

Ms. Voycheske's social media accounts and postings from February 23rd reveal she was in Omaha and available to be deposed as requested, but yet refused by First Data.

    cloud, internally hosted or externally hosted systems for communications with MetLife regarding disability insurance benefits, systems used in all screen shots produced in the initial document production, Hagersttown Mainframe (North/South/Concord/BANA) and Denver Mainframe (SY1/EFTPS).

- First Data's disability insurance benefits, including the negotiation and execution of the operative documents for First Data's disability insurance benefits in place during the relevant periods of the current litigation.

- The accounting (financial accounting, general ledger accounting, and tax accounting) for employees on general payroll, short-term disability benefits, and long-term disability benefits. This individual should be able to explain and describe the application of terms used in the initial document production such as "SD6."

- Preparation and substance of First Data's disclosures in its SEC filing rearding the accounting treatment and disclosures surrounding reserves and disclosures regarding cost controls

Given the IT, HR, and accounting issues, more than one representative may be needed. Please advise me this week who will serve as representative(s), their location, and availability for deposition in early-April.

Advise me by the end of the day tomorrow as to dates for the initial depositions of Voycheske and Steffen in Omaha, the deposition of Mr. Bisignano in a location to be determined based on his travel schedule, but with the deposition to occur prior to April 5th, and the designees and dates for the 30(b)(6) depositions in early-April. Delay in this scheduling will prejudice the Plaintiff as it would not provide enough time for additional written discovery requests and depositions based on the deponents answers to be completed after these depositions to meet Judge Bloom's ordered close of discovery.

        Very truly yours,

        Shawn E. Shearer

---

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204