# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (214) 434-1594
SHAWN@SHEARERLAW.PRO

March 6, 2018

**Via ECF**

Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East East
Brooklyn, New York 11201

  **Re:** *Steven Barger v. First Data Corporation et al.*
     **Civil Case No. 1:17-cv-4869**

Dear Judge Bloom:

  I apologize for this issue coming before you.

  Mr. Eidelman does not represent either Children's Express or Ms. Voycheske personally. The named defendants in this case have no standing to request a protective order against Plaintiff's service of a Rule 45(a)(1)(D)(4) third-party subpoena.

  The Plaintiff did not engage in any subterfuge. The Plaintiff obtained the information underlying the subpoena from Ms. Voycheske's publicly available information from her Facebook page. The information was already publically known, it is not embarrassing, and it is not harassing. *See*

https://www.facebook.com/photo.php?fbid=10213257650378739&set=pb.1321191045.-2207520000.1520367591.&type=3&theater

https://www.facebook.com/200470086659271/photos/a.1720348244671440.1073741863.200470086659271/1720350084671256/?type=3&theater

If these posts are removed . . .? We have the same problem as the deleted Tweets alleged in the complaint.

  While the Plaintiff believes that the contents of Ms. Voycheske's affidavit are irrelevant for purposes of the pending Rule 12(c) motion, the Plaintiff is moving through discovery towards trial on the Court's schedule. Ms. Voycheske's veracity will be at issue at trial and the Plaintiff is entitled to discover evidence related to her sworn statements. The Defendants cannot prevent Plaintiff from verifying Ms. Voycheske's statement from third-parties with knowledge of information contained in her affidavit.

  No privacy has been invaded by doing simple internet searches. The subpoena is very carefully worded to avoid requesting any information about minors. It simply requested whether Ms. Voycheske was at a certain place at a certain time.

The greater harm in this situation is the Defendants' attempt to prohibit the Plaintiff from discovery of facts that the Defendants themselves have put at issue.

There is no justification for a protective order. The identity and time at which an adult was at a particular location is not embarrassing. The only reason Defendants are requesting this protective order is because they know the time of drop-off and pick-up and times included in their discovery production do not coincide.

Mr. Eidelman included his firm's correspondence with me, and I know from the last hearing you do not want to weed through these back-and-forth letters between parties. But, in the interest of having complete documentation of this issue, I am including the attached letter, dated March 5, 2018, that was e-mailed to defense counsel on March 6, 2018.

Very truly yours,

Shawn E. Shearer

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (214) 434-1594
SHAWN@SHEARERLAW.PRO

March 5, 2018

**Via E-mail (Gary.Eidelman@saul.com) (Gillian.Cooper@saul.com)**

| | |
|---|---|
| Gary Eidelman | Gillian Cooper |
| Saul Ewing Arnstein & Lehr LLP | Saul Ewing Arnstein & Lehr LLP |
| 500 Pratt Street, Suite 900 | 650 College Road East, Suite 4000 |
| Baltimore, MD 21022-3133 | Princeton, NJ 08540-6603 |

Re:   *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869

Gary and Gillian:

I will take the depositions of Ms.Voycheske at 9:00 am on March 14, 2018 and Ms. Steffen at 2:00 pm March 14, 2018 as you have agreed. I am working with the reporter today to reserve space and will serve notices when the final arrangements are made.

We have a fundamental problem here, in that you seem to believe that you have the right to choose which legal processes the Plaintiff uses in his case. First, you tried to decide his venue. Last month, the Plaintiff filed a Rule 12(c) motion because your clients are strictly liable for interfering with his return from FMLA leave. No fact issues remain. Before you ever received Plaintiff's 12(c) motion, you insisted that I inform Judge Block that you believed that a 12(c) motion was inappropriate, and that Plaintiff should be forced to wait out discovery before filing for judgement under Rule 56. Since that time, you attempted to strong arm Plaintiff into filing an inappropriate Rule 15(a) amendment when he wished to file the appropriate Rule 15(d) supplement, and now you wish to force the Plaintiff to forgo his right to subpoena a third-party to determine the veracity of Ms.Voycheske's affidavit, which you provided in opposition to his 12(c). Your literally lame (not hyperbole) attempt to create an *ex post facto* fact issue where none exist has now resulted in Ms. Voycheske's statements in her affidavit contradicting documents produced by the Defendants.

It has become clear to me that you abuse the judicial process by intentionally misrepresenting civil rules, local rules and implied duties as pretext in an effort to continuously obstruct Plaintiff from an efficient resolution while simultaneously attempting to create the impression that Plaintiff is the one who is non-compliant. Despite your constant complaining to the Court, to this point, such efforts have been a resounding failure. Yet, you are again, misrepresenting the rules in an attempt to create a false discovery dispute, just like you attempted to create a false fact issue in response to the Rule 12(c) motion using Ms. Voycheske's affidavit as cover.

To be clear, there is no discovery dispute on the Children's Express subpoena issue. Plaintiff is following FRCP 45(a)(1)(D)(4) and you are attempting to apply irrelevant rules in a desperate bid to stop Plaintiff from exercising his rights under the rules to ascertain the truth of the statements of your witness (statements you presented to the court as true). Your demands for an immediate conference call and attempt to invoke irrelevant rules show only desperation to buy

time and avoid Plaintiff's discovery of the truth. When Plaintiff exercises his right to serve this third-party subpoena, as he did in choosing this venue, filing his 12(c) and his 15(d), you will, no doubt, run to the Court to pretend that you are following the "rules" that Plaintiff is disregarding. The problem is, those "rules" are inapplicable. As they were in your failed venue motion, as they were with your attempt to derail Plaintiff's filing of his 12(c), and as they were during your outrageous demand that Plaintiff file an incorrect 15(a) motion instead of the correct 15(d) motion. That you bother to sit down at your computer and rattle off a list of inapplicable rules (and then bill your client for the effort), does not make those rules apply to this issue.

My obligation under Rule 45 was to serve you with notice that a third-party subpoena was being issued. No rule you cite entitles you to make any demands of Plaintiff regarding the service of this subpoena, or allows you to obstruct Plaintiff's ability to use a third-party subpoena to confirm the veracity of the Defendant's witnesses.

Then, we have your audacious demand that Plaintiff comply with your command to respond to you by 9:00 am on 3/6/18, predating my original deadline for your answer to my requests of 3/5/18, which was close of business 3/6/18. This posturing is a waste of time, and I will not entertain you further on these matters. We both know what rules apply, and Plaintiff is in full compliance.

Plaintiff requested to depose Ms.Voycheske on February 24, 2018 in part to determine the veracity of her sworn statement. In light of contradictory documents you produced, and the content of available testimony that Ms.Voycheske has provided in previous cases for the benefit of her employer, it would appear that this deposition request was not only reasonable, but mandatory. You refused to produce Ms.Voycheske for questioning on that date. At this juncture, even greater cause for Plaintiff to question Ms.Voycheske's truthfulness exists than existed on February 21, 2018. To suggest that sworn deposition testimony, given by the same person whose previous testimony is already deemed questionable due to information contained in your own discovery production, would be in any way sufficient to provide Plaintiff with the truth he both seeks and deserves, strains credulity. At this point, there is no statement that Ms.Voycheske can make under oath, or otherwise, that Plaintiff will take at face value. All of her testimony must and will be checked with third parties. Waiting until after her deposition occurs to serve this subpoena will not alter that reality, and only wastes time. Her child no longer attends Children's Express. There is no harm to Ms.Voycheske (a non-party to this case) and there is no harm to Defendant in allowing Plaintiff to use all legal means at his disposal to determine the truth of Ms. Voycheske's sworn testimony. If you want to continue to waste Judge Bloom's time with your obstruction, that is your choice. Your desperation to prevent Plaintiff from obtaining easily available information is telling as to your complicty.

Your hackneyed effort to create a fact issue in the Rule 12(c) motion briefing has no substance. Ms. Voycheske's affidavit should be disregarded entirely. However, Judge Bloom's directive to expedite discovery was clear. Plaintiff will follow Judge Bloom's requests at all points. Plaintiff must continue to move toward trial and undertake the discovery necessary to do so, and that includes a thorough investigation of all documents, testimony, meta data, etc. that Defendants provide Plaintiff, no matter how irrelevant Defendants production and witness testimony may ultimately prove "to be".

If you decide to pursue a protective order on behalf of a non-party and a third-party because you find this request harassing or overly broad, it will merely serve to highlight the uselessness of Ms.Voycheske's affidavit. She is either relevant or she is not. I say she is not. But you chose to use her as a lynchpin to your objection to Plaintiff's Rule 12(c) motion. If you now wish to deny Plaintiff access to his legal methods of verifying the truth of her sworn testimony, based on a claim of lack of relevance, I may just end up agreeing with you. Be careful what you wish for. If her testimony is irrelevant, withdraw your Opposition to the Rule 12(c) motion.

I have no intention of discussing anything about Ms. Graesser's deposition with you prior to its occurrence. I do find it interesting that you seem continually preoccupied with what will happen to Ms. Graesser, especially given the fact that she is no longer a named defendant in this case.

A thirty-day window in which to depose Mr. Bisignano anywhere in the continental US at Plaintiff's expense is more than reasonable. Let me know when and where.

      Very truly yours,

      Shawn E. Shearer