IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, an individual<br><br>Plaintiff<br><br>v.<br><br>FIRST DATA CORPORATION, *et al.*<br><br>Defendants. | Case No. 1:17-cv-4869 |

## PLAINTIFF'S MOTION FOR CLARIFICATION

Plaintiff hereby moves under FRCP 60 for clarification of this Court's Order granting Defendants' Motion for Protective Order entered on March 7, 2018. The Court Ordered:

> Plaintiff shall not serve a subpoena on the daycare center used by First Data employee Jenifer Voycheske to care for her child. Plaintiff may depose Ms. Voycheske, a Manager of Human Resources Operations for First Data, on March 14, 2018 and inquire about the information he seeks.

Through a Rule 45 Subpoena, Plaintiff was seeking historical business records of a business that records the time and presence of adults on its premises, and Plaintiff was only seeking business records related to one person on only two days that are relevant to the Plaintiff's case based on the discovery provided to date.[1]

---

[1] It remains Plaintiff's position that the content of Ms. Voycheske's affidavit is irrelevant to the pending 12(c) motion because there are no fact issues surrounding Defendants' interference with Plaintiff's right to return from FMLA leave. That said, given Plaintiff's desire to comply with the Court's discovery schedule and in preparation for purposes of trial, (if necessary), Plaintiff is treating Ms. Voycheske's affidavit as he would any other sworn testimony presented by Defendants. Plaintiff does not intend for the Court to misconstrue Plaintiff's compliance with the discovery schedule to imply he believes anything involving Ms. Voycheske or her affidavit creates a fact issue for the pending Rule 12(c) motion. On January 5, 2017, Plaintiff advised Ms. Voycheske he would obtain his physician's return to work authorization on January 10th. Plaintiff obtained that authorization and Defendants accepted Plaintiff's return to work authorization on January 10th. Upon delivery of that physician's authorization, Plaintiff was entitled to be restored from leave and he was not restored. Ms. Voycheske's location and activities on January 5 and 6, 2017 will be critical information if this case proceeds to trial.

1

Plaintiff requests clarification of the following:

(i) Whether or not Plaintiff can discover Ms.Voycheske's whereabouts, including whether or not she was present at Children's Express School, at times relevant to her sworn statements that are crucial to the timeline of events raised by the defense;

(ii) Whether or not Plaintiff can ask Ms.Voycheske questions during her deposition about her whereabouts if the time and place of her location may be related to the whereabouts of her child; and

(iii) The intended grammatical tense of the word "used" as it appears in the Court's Order.

After receiving Defendants' Opposition to Plaintiff's Rule 12(c) Motion on February 20, 2018, and recognizing the conflict between Ms.Voychecke's sworn affidavit in support of that Opposition and the contents of documents (including Ms. Voycheske's date and time stamped communications with others) provided by Defendants as a part of production, Plaintiff immediately sent a deposition notice to Defendants' counsel seeking to depose Ms.Voycheske on February 23, 2018 in Omaha, where Ms. Voycheske lives and works, to obtain clarification of the conflicting information. Defendants' counsel <u>refused</u> to produce Ms. Voycheske as a witness in a manner timely for the Plaintiff to verify information before filing his Reply in Support of the Motion pursuant to Rule 12(c).

Defense counsel's refusal to produce a witness resulted in Plaintiff seeking alternative means by which to determine the veracity of the statements made by Ms. Voycheske in her affidavit. Since February 20, 2018 Plaintiff has discovered further evidence indicating that Ms.Voycheske's sworn statements in her affidavit may not be truthful.  Defendants' motion for a

protective order intentionally did not state whether or not Ms.Voycheske's child still attends Children's Express School. Based on Ms.Voycheske's publicly available posting of a photo of herself attending the graduation ceremony at Children's Express School in mid-2017, it is reasonable to assume that Ms.Voycheske is not embarrassed that her child attended the school, and it is reasonable to assume that her child has graduated and is no longer a student at Children's Express School.

Plaintiff noticed the third-party subpoena to obtain business records due to a reasonable belief that Ms.Voycheske may have been present at that business during the time(s) in question, and that business regularly records the presence of individuals as part of its normal business processes. These are the same time(s) when Ms.Voycheske swears in her affidavit that critical documents to this case were allegedly created and mailed. Ms.Voycheske has already given a sworn affidavit. Asking her questions under oath in a deposition to obtain the same information is duplicative. Her veracity is the issue and was called into question by her sworn statements compared to produced documents. A third-party has the relevant information to confirm or deny Ms. Voycheske's already provided sworn testimony.

With mindfulness of the Court's Order, in the interest of efficiency and to avoid issues needing the Court's attention during the deposition process, Plaintiff requests clarification on the above enumerated matters.

Dated: March 7, 2018

THE LAW OFFICE OF SHAWN SHEARER, P.C.

     /s/ Shawn Shearer

Shawn Shearer (*Pro Hac Vice*)
3839 McKinney Avenue, Suite 155-254
Dallas, TX 75204
Tele: (214) 434-1594
*shawn@shearerlaw.pro*
Attorneys for Plaintiff

## CERTIFICATION OF SERVICE

      I hereby certify that a true and correct copy of the above Motion for Clarification was served on the following counsel via electronic mail and ECF.

| | |
|---|---|
| Gary Eidelman | Gillian Cooper |
| Saul Ewing Arnstein & Lehr LLP | Saul Ewing Arnstein & Lehr LLP |
| 500 Pratt Street, Suite 900 | 650 College Road East, Suite 4000 |
| Baltimore, MD 21022-3133 | Princeton, NJ 08540-6603 |
| *Gary.Eidelman@saul.com* | *Gillian.Cooper@saul.com* |

Attorneys for Defendants.

Dated: March 7, 2018

THE LAW OFFICE OF SHAWN SHEARER, P.C.

      /s/ Shawn Shearer

Shawn Shearer (*Pro Hac Vice*)
3839 McKinney Avenue, Suite 155-254
Dallas, TX 75204
Tele: (214) 434-1594
*shawn@shearerlaw.pro*
Attorneys for Plaintiff

i