

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

May 10, 2018

**Via ECF and Federal Express**
Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Steven B. Barger v. First Data Corporation et al.*, Civil Case No. 1:17-cv-4869

Dear Judge Bloom:

    Per this letter motion, First Data seeks a protective order regarding certain overbroad and irrelevant topics designated in Plaintiff's Revised 30(b)(6) Notice. We request oral argument as the most expeditious way to resolve this discovery dispute.

    The issues in this case are whether Defendants: (i) violated the FMLA by including Steven Barger in a company-wide reorganization; (ii) retaliated against him for taking FMLA leave; and (iii) failed to offer accommodation under the ADA. On April 23, 2018, Plaintiff served First Data with a Rule 30(b)(6) Notice containing 28 separate, mostly irrelevant topics seeking testimony on First Data's SEC filings, corporate governance protocols, accounting, finance, payroll and auditing systems, multiple other technology systems, compensation, payroll and benefits including for hourly employees, among others.[1] First Data lodged objections to many of the topics, reminding counsel that this is a single plaintiff employment discrimination case.[2] On May 3, 2018, opposing counsel replied with a letter and a Revised Notice of 30(b)(6) Deposition, removing some topics but adding others.[3] The Revised Notice still contains a large number of topics that are not stated with particularity, irrelevant, overbroad, burdensome, and disproportionate to the needs of the case.[4] In accordance with the rules, the Parties conferred by telephone on Thursday, May 10, 2018, but were unable to resolve the dispute.

    The email accompanying the original Notice stated: "*With regard to your commentary as to the review of the 30(b)(6) topics, you know that the standard to be applied is not relevance.*"[5] We disagree; relevance is the cornerstone of discovery and proportionality has been added. *See*

---

[1] April 23, 2018 Notice of 30(b)(6) Deposition is attached as Exhibit 1.
[2] First Data's response letter dated April 30, 2018, is attached as Exhibit 2.
[3] Reply letter and Revised Notice of 30(b)(6) Deposition is attached as Exhibit 3 (without attachments) and Exhibit 4, respectively.
[4] Redline comparing original with revised 30(b)(6) Notice attached as Exhibit 5.
[5] Due to the excessive length of emails from counsel, Defendant has not burdened the Court with copies regarding the 30(b)(6) topics. Upon request, First Data will provide the complete email chain.

Hon. Lois Bloom, U.S.M.J.
May 10, 2018
Page 2

Fed. R. Civ. P. 26(b) and 2015 Adv. Comm. Notes. The 30(b)(6) topics *must* be relevant to the claims and defenses. *City of New York v. Fedex Ground Package Sys., Inc.*, 2016 WL 1718261, at *5 (S.D.N.Y. Apr. 27, 2016). Under Rule 26, information is only discoverable "if it is relevant to any party's claim or defense and is proportional to the needs of the case." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 2018 WL 1515711, at *9 (E.D.N.Y. Mar. 28, 2018). Rule 30(b)(6) topics must be stated with reasonable particularity and cannot be overbroad. *Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, at *4 (S.D.N.Y. Aug. 28, 2008). "[P]arties should not be permitted to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that might conceivably become so." *In re Surety Ass'n of Am.*, 388 F.2d 412, 414 (2d Cir. 1967). "All discovery" is subject to the limits of Rule 26(b)(2)(C). In this letter, First Data cannot thoroughly analyze all topics in the Revised 30(b)(6) Notice, (*see* Exhibit 2), however, the below categories demonstrate the need for a conference.

**Accounting Practices**: Without regard to the issues in this case, Revised Topics 1(a)-(c), (g) seek testimony on overall accounting, general ledger, and tax accounting policies and procedures, including auditing policies and procedures, for items such as compensation of hourly employees,[6] payroll procedures, vacation and PTO, etc. Plaintiff has not alleged that he was not paid vacation/STD/LTD, nor alleged how tax accounting, payroll or audit procedures relate to his claims. After he was let go, First Data no longer was obligated to pay Barger his salary and bonus. It is further undisputed that Barger's job duties were assumed by Robin Ording, an existing employee and upcoming deponent. Barger is deposing Defendant Tony Marino, the EVP of Human Resources and Ording, among other witnesses, so questions can be asked of these witness about savings achieved by his termination.

**Financial Disclosures**: This FMLA and ADA action is not a securities class action or a shareholders' derivative suit. Revised Topics 1(d)-(f) seek information concerning securities filings and financial reports to the SEC. Deposing corporate designees on regulatory filings is not relevant or proportional to the needs of this case. Barger is deposing Defendant CEO Frank Bisignano, who can confirm that Barger's case is not material for SEC reporting purposes.

**Information Systems**: Revised Topics 2(a)-(e) seek testimony on IT systems with respect to a litany of various programs, servers, mobile devices and accounts related to human resources, compensation and accounting, including products and services sold, none of which relate to this case. The topics are overbroad, burdensome, and disproportionate to this action. No reasonable person(s) could adequately prepare for such a deposition(s). Counsel also has a fixation with Palantir, an irrelevant data analytics technology having nothing to do with this case, about which he sought discovery only after reading a news article naming First Data executives. Our offer to produce a witness to testify on email maintenance and storage on First Data's servers, including testimony regarding the "Good" app, has not been accepted. First Data has offered to stipulate that Barger remotely accessed the email system while he was on leave.

**Employee Benefits**: Revised Topics 3(a),(c)-(d) seek information concerning all of First Data's severance, separation, reduction in force, termination policies and procedures, including

---

[6] The Court should be aware that opposing counsel has been seeking irrelevant information from former First Data employees and temporary workers. First Data objects to using this case to "fish" for information on compensation, benefits, and severance agreements to bring unrelated lawsuits. An example of the questionnaire that his office has been circulating to former employees is attached hereto as Exhibit 6.

Hon. Lois Bloom, U.S.M.J.
May 10, 2018
Page 3

OWBPA and WARN policies from 2014-17. The only relevant information is the Jan/Feb 2017 reorganization involving Barger (and appx. 355 other employees) for which hundreds of pages of documents have been produced. Nowhere has Plaintiff alleged that First Data did not provide benefits for which he was eligible, nor are there OWBPA or WARN claims. First Data has offered fact and 30(b)(6) witnesses in Omaha involved with Barger's FMLA leave, who can also testify as to application of these policies to Barger. These depositions have not been rescheduled.

**Privileged Documents**: Revised Topic 4(a) seeks attorney-client privileged communications concerning First Data's litigation hold procedure. Alleging that some irrelevant Twitter postings were deleted does not entitle Barger to privileged information. We have offered a 30(b)(6) witness to testify as to First Data's use of social media for recruiting purposes (Topic 2(c)). Absent some showing, Barger should not be permitted to discover privileged information.

**Corporate Governance**: Revised Topics 4(c)-(d) seek information on First Data's corporate governance records and the process, procedure, locations, and responsibility for corporate records, including minutes of the Board of Directors, all of which seemingly regard the authority of First Data officers to terminate employment, pay severance, and settle cases. None of these topics has anything to do with Barger's claims of discrimination. Moreover, to the extent relevant, depositions have been scheduled in the coming weeks for Section 16 officers who can testify as to the authority to include Barger in the reorganization.

The subjects in **Topic 5 (Work Force Planning and Analytics)**, added after First Data's objections to the 30(b)(6) Notice, suffer from overbreadth, irrelevance, and lack of proportionality and particularity. First Data has produced dozens of spreadsheets and reports regarding the reorganization that included Barger. First Data should not have to incur significant cost for 30(b)(6) witnesses to testify. Barger can depose Bisignano, Marino, Defendant Karen Whalen (former SVP), Defendant EVP Dan Charron, and Ording about the 2017 reorganization.

First Data does not challenge the right to 30(b)(6) depositions and has informed opposing counsel that it will offer witnesses to testify as to parts of topics relevant and proportional to the needs of this FMLA and ADA case as described above. First Data requests a hearing on its motion for a protective order to limit the scope of the 30(b)(6) topics in the Revised Notice.

Respectfully submitted,

*/s/ Gary B. Eidelman*

Gary B. Eidelman

Attachments
cc: All Counsel of Record (via ECF)

### Certification of Good Faith Efforts to Resolve Discovery Dispute

I HEREBY CERTIFY that on May 10, 2018, at 3:00 pm, counsel for the Parties held a telephone conference in an effort to resolve the dispute without court action.

*/s/ Gary B. Eidelman*
Gary B. Eidelman