# EXHIBIT 6

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (214) 434-1594
SHAWN@SHEARERLAW.PRO

---

April 11, 2018

Ms. Fujiko Fitton-Gordon

Dear Ms. Fitton-Gordon:

Thank you for taking my call. As I said, it is our wish to obtain the relevant information needed in this case in the least intrusive way possible.

This case is Barger v. First Data et al. (US Eastern District of New York Case No. 1:17-cv-4869-FB-LB). This law firm represents Mr. Steve Barger as the Plaintiff in that action. As I mentioned earlier, the details available to the public can be found online if you wish to verify its status at any point.

Your name was provided to us as a potential witness due to your status at First Data as the former administrative assistant to defendant Mr. Anthony Marino at First Data. You are merely a witness to this proceeding, not a party. Please understand that we are not your counsel, it is your right to seek counsel and that you are not currently represented by First Data or the defendants counsel (Mr. Gary Eidelman and Ms. Gillian Cooper, Saul Ewing, et al) in this case. You are not and cannot be represented by First Data's in-house counsel, (e.g. Mr. Adam Rosman, Ms. Jill Poole, Ms. Lori Graesser, et al.) If you retain personal counsel, please have that person contact us as soon as possible so that we do not burden you personally with legal communication.

The information we are seeking will mainly consist of your testimony regarding personal recollection and/or documentation you may have in your possession that may be used to provide a complete picture of testimony that has and will be given in this case regarding matters relevant to Mr. Barger's tenure at First Data. That we are seeking corroboration, or any kind of relevant information in this matter, is in no way intended to slander First Data, or any of its employees. Nor is it intended to suggest that any of the defendants is being untruthful. This is merely a process used to determine the veracity of individual testimony and sort out potentially conflicting or confusing testimony. This is a process we use in representation of all our clients.

The other option open to us is a third party subpoena, but as I indicated, the Plaintiff has expressed a strong desire to make this process as non-intrusive for third party witnesses as possible. For this reason, we are contacting you to offer the opportunity to answer some questions related to this case without formal use of the court system.

**BRENDA BARGER**
**PARALEGAL/ADMINISTRATOR/INVESTIGATOR**
**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

Please understand that your answers to us will not constitute sworn testimony, and are, at this point, strictly voluntary. Please understand that from our perspective, you are free to discuss any of our questions and/or inquiries with anyone you wish. In fact, any resources you have that assist in discovering the most accurate information available is greatly appreciated. If you are currently under the governance of a severance agreement with First Data, please refer to it for guidance as we cannot advise you on its meaning. Please be aware that no document can prevent any person from truthfully testifying in a legal proceeding for which that person has relevant information. We are not interested in obtaining ad hominem commentary nor random criticisms of any defendants. Inclusion of this detail is not in any way intended to suggest that you would give such testimony, but is merely to provide context for the professionalism and seriousness with which the Plaintiff wishes to conduct this inquiry. This information is needed strictly to determine the most accurate recollection of events possible.

While this testimony is not sworn, it may become necessary for us to have you testify. It is for that reason that we encourage you to be truthful and as thorough as possible.

We would appreciate your responses to the following questions:

1. Please state the dates you were employed by First Data.

2. Were you employed in more than one position during your tenure at First data? If so, please state all positions, job titles, their corresponding dates and duration.

3. Did you always work at First Data's 255 Liberty Street Office? If not, please state the addresses of any other First Data Offices at which you worked.

4. Did you ever work from home?

5. Did you work on weekends?

6. Did you have flexible hours, or a set time schedule?

7. Do you know Mrs. Anthony Marino?

8. Did Mrs. Marino, to the best of your knowledge, reside in New York City during the time of your employment at First Data?

9. Did you ever witness Mrs. Marino visit First Data's 255 Liberty Street Office?

Fujiko Fitton-Gordon
April 11, 2018                                                                                                Page 3

10. What was your official corporate job title when you were employed in the capacity of "administrative assistant" to Mr. Anthony Marino at First Data?

11. Who were your direct reports, if any, when you were employed as administrative assistant to Mr. Anthony Marino at First Data?

12. Did you have authority to send emails on Mr. Anthony Marino's behalf without his knowledge or review?

13. If so, was it your practice to do so?

14. If not, under what circumstances did you ever send emails on Mr. Anthony Marino's behalf?

15. When sending e-mails on Mr. Marino's behalf, did you have a signature line of your own, or any other demonstrable method, to distinguish emails sent by you on Mr. Anthony Marino's behalf and emails that Mr. Anthony Marino himself sent, reviewed or authorized?

16. Did Mr. Anthony Marino, to your knowledge, have more than one email address he used to send or receive e-mails at First Data?

17. If so, can you state all email addresses that Mr. Anthony Marino used to send or receive e-mails at First Data?

18. Did you ever have a reason to use First Data's Leave Of Absence program?

19. If so, which employees of First Data assisted you with your use of that program? Please list them all.

20. Are you aware of the corporate limits of Mr. Anthony Marino's authority, in his capacity as EVP of Human Resources for First Data Corporation, to expend First Data funds?

21. If so, what was the limit on Mr. Marino's expenditure authority?

22. Are you aware of the corporate limits of Mr. Marino's authority and direct control for use in settlement of litigation and/or employee related legal issues during your tenure as his administrative assistant?

23. If so, what was the limit on Mr. Marino's settlement authority?

24. Have you ever worked with/for Mr. Anthony Marino, or any other First Data employee, in any other capacity away from First Data? If so, please state who, where and when.

25. Did you ever assist any other Fist Data executives administratively during your tenure as administrative assistant to Mr. Anthony Marino? (e.g. temporarily cover for another colleague, fill in during absences or times when positions were unfilled) If so, please state which executives.

26. In your capacity as administrative assistant for Mr. Anthony Marino, were you tasked with arranging his business travel/schedule?

27. Did you, while employed by First Data, have access to the logs of First Data's private jet?

28. How long did you hold the above stated position (administrative assistant to Mr. Anthony Marino?)

29. When did you leave the above stated position?

30. Why did you leave the above stated position? (e.g. relocation, better opportunity, termination, voluntary resignation)

31. Do you know who held your position as administrative assistant to Mr. Anthony Marino immediately before you? If so, please state that person's name.

32. Do you know who held your former position as administrative assistant to Mr. Anthony Marino after your departure? If so, please state that person's name.

33. Did you assist in the interview/hiring process of your replacement in the above referenced position?

Fujiko Fitton-Gordon
April 11, 2018
Page 5

34. Is the person who immediately replaced you, to the best of your knowledge, still employed in the capacity of administrative assistant to Mr. Anthony Marino? If not, and you know who is currently employed in that position, please state that person's name.

35. In your capacity as administrative assistant to Anthony Marino, did your job duties involve the preparation and/or production of documents (Word, PowerPoint, Excel, etc.) for Mr. Marino's use in presentations, or for distribution, to First Data's Board of Directors, any committee of the Board of Directors, or the First Data management committee?

36. In your capacity as administrative assistant to Anthony Marino, did you assist in the preparation and/or production of documents distributed to members of First Data's management committee for use at the First Data management committee meetings that occurred the week of January 9, 2017?

37. In your capacity as administrative assistant to Anthony Marino, did you assist in the preparation and/or production of documents distributed to members of First Data's management committee for use at any meeting of the Board of Directors or any committees of the Board of Directors during the first quarter of 2017?

38. In your capacity as administrative assistant to Anthony Marino, were you involved in the preparation and/or production of documents for use by the First Data human resources department in the implementation of any "reduction-in-force" during the period between November 1, 2016 and March 30, 2017?

39. If your answer is "yes" to any of questions 35 to 38, please describe the types of documents that you prepared and produced and a general description of the contents of those documents.

40. Did your compensation from First Data include shares of stock, restricted stock grants, stock options or other stock based awards?

41. If so, are you currently a shareholder based upon the exercise of any of these stock awards?

Please let me know at your earliest convenience if you are comfortable answering these questions or whether you have retained counsel or require a subpoena so that we do not burden you unnecessarily.

Thank you for your cooperation.

Regards

*Brenda Barger*

Brenda Barger
Paralegal/Administrator/Investigator
The Law Office of Shawn Shearer, P.C.
bb@shearerlaw.pro
949-220-4430