# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (214) 434-1594
SHAWN@SHEARERLAW.PRO

May 11, 2018

<u>Via ECF</u>

Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
22 Cadman Plaza East
Brroklyn, New York 11201

      Re:    *Steven Barger v. First Data Corporation et al.*
                Civil Case No. 1:17-cv-4869

Dear Judge Bloom:

     This letter is Plaintiff Barger's response to Defendant First Data's motion for protective order filed by ECF with the Court last night, May 10, 2018 (the "Motion") [Docket No. 43]

     Plaintiff's position on the issues raised in the Motion is set forth in <u>Exhibits</u> 3, 4 and 5 (attached to Defendant's Motion), <u>Exhibit</u> A hereto and <u>Exhibit</u> B hereto (omitted portions of the email chain that comprised Defendant's Exhibits 3,4 and 5). The exhibits to Defendant's Motion excluded relevant portions of the history of discussions between counsel on the 30(b)(6) issue under the guise that including the email chain in its entirety would be "burdensome" on the Court. Rather, the Motion cherry-picks portions of that history, providing an incomplete picture to Your Honor. This has become par for this course for Defense Counsel: obstruction, obfuscation, omissions, and half-truths.

     <u>Exhibit</u> A attached contains a letter sent by Plaintiff to Defense Counsel summarizing counsels' teleconference of May 10, 2018. This letter was sent at approximately the same time the Motion was filed with the Court and therefore could not have been included as an exhibit to the Motion. This letter addresses all of the issues raised in the Motion.

     <u>Exhibit</u> B attached contains information regarding Defendants obstruction of deposition discovery omitted from the Motion, as described in its footnote 5 under the pretext of Defendant not wanting to "burden" the Court with the entire email chain. The number of pages in <u>Exhibit</u> B may give the appearance that the exhibit is "burdensome," but that volume is, in fact, burdensome to Plaintiff, because it is the accurate, physical manifestation of one significant aspect of Defense Counsel's lack of cooperation in the discovery process. Defense Counsel is never in the office, always traveling (often to speak at conferences), lead counsel's back-up is continually unavailable, and a firm of 800 lawyers is unable to field a team, or even a single lawyer, to engage in the defense of deposition discovery. Defense Counsel is attempting to use three witnesses who all share one basic area of common knowledge, (none of which includes

accounting or IT) to satisfy Plaintiff's request for requisite accounting and IT testimony. All of this information is relevant.

This Court lifted the stay on discovery in this case on January 18, 2018. Despite Plaintiff's continual efforts to schedule depositions, not a single deposition has occurred over the last <u>four</u> months, including the ordered deposition of Ms. Jennifer Voycheske. Less than three months remain before the Court ordered deadline for fact discovery expires. The 30(b)(6) Deposition Notice scheduled the depositions at issue in this Motion to occur on the designated topics on June 13, 2018 (more than a month from now). In light of Defendants' pervasive pattern of obstruction, introduction of this Motion at this stage creates a false sense of urgency on these issues. That said, Plaintiff's Counsel is in New York today and available for a hearing if necessary.

During the parties first appearance before Your Honor in November 2017, Your Honor made it abundantly clear to all parties that Defendants' "reduction-in-force" defense would be discovery intensive. Despite that reality, Defendants are obstructing Plaintiff's ability to obtain the necessary information to establish the facts to address Plaintiff's burden on the issue of pretext. The *bona fides* of the reduction-in-force defense are clearly at issue in this case, and the examination of those *bona fides* requires that Plaintiff obtain objective evidence on the economics of the alleged reduction and the systems and methods used to make those calculations.

Given representations made by Defense Counsel only yesterday, that Mr. Frank Bisignano's May 23, 2018 deposition will serve to address both fact issues and 30(b)(6) issues, this Motion is premature. It is undeniable that Plaintiff and Defendant First Data disagree on the scope of Rule 30(b)(6) topics and witnesses in general. I am relying on Mr. Eidelman's representation to me during our hour plus long teleconference yesterday, that Mr.Bisignano, CEO and Chairman of First Data, is in the position to answer all of the relevant 30(b)(6) accounting and IT questions necessary to satisfy Plaintiff's inquiries and that Mr. Bisignano will do so on May 23, 2018 during his scheduled all day video deposition.

If Mr. Bisignano is unable or unwilling to provide the requisite information on the IT and accounting matters, or if Mr. Eidelman obstructs Mr. Bisignano from answering those questions on May 23, 2018, (the very questions Mr. Eidelman used as a bargaining chip to convince Plaintiff to postpone further 30(b)(6) discussions), Mr. Eidelman and I agreed to reconvene for another good faith effort to determine the scope of the 30(b)(6) topics prior to the noticed date of June 13, 2018. If any disputes remain following Mr. Bisignano's May 23 deposition, counsel can address them before Your Honor at that time.

Denying Plaintiff access to the discoverable evidence necessary to test the veracity of Defendants' "reduction-in-force" defense is, in itself, pretext. The entire point of the pretext prong of burden shifting is to place at issue the veracity of Defendants' attempted excuse to justify illegal conduct. Defendants simply saying "we have a business justification" is insufficient. Mr. Eidelman suggests that Defendant First Data's burden with regards to their "reduction in force" defense somehow is limited to the alleged "reduction in force" in which Plaintiff was involved. This characterization belies a basic misunderstanding of Defendant's

burden. Part of determining whether or not Plaintiff could have been in any "reduction in force" requires proof that a "reduction in force" took place, and that Plaintiff's illegal termination was not just one more number in a long line of Defendant First Data's rolling head count. Determination that a legally viable "reduction in force" occurred requires analysis of First Data's hiring and firing practices as a whole, and the accounting practices related to them. As an accommodation to Defendant, Plaintiff agreed to limit this inquiry to information about Defendant First Data's hiring and firing practices only since the date he was hired, (at present three years.) Relying on the testimony of employees and named parties, who have significant stakes in the outcome of the matter, with no supporting analysis or documentation available to verify that testimony, is irrational. The "business justification" statement must be tested, and discovery of the underlying accounting and information technology involved is essential to determining whether that justification is real or merely pretext for illegal conduct.

  First Data is constantly hiring and firing. Their accounting does not show any actual financial gain. Accounting and IT issues are central to testing the *bona fides* of the affirmative defenses raised in the Defendants' answers and essential to meeting Plaintiff's burdens on the issue of pretext. Mr. Eidelman's insistence that Plaintiff was not singled out, nor was he denied the legal conditions required for FMLA leave, due to his inclusion in a "reduction in force" demands proof of three issues. First – that Defendant First Data used a legitimate "reduction in force" at the time Plaintiff was terminated. Second, that Plaintiff could have been included in that reduction. Third, that Plaintiff was included that reduction. There are objective standards of proof available to Plaintiff, and testimony about conclusions of individual named defendants and employees of Defendant First Data alone. Without testimony from employees who can accurately testify as to process, procedure and systems that should accurately record and preserve those processes and procedures, the standard of objectivity cannot be met and the entire case is filled with self-serving pretext for illegal conduct.

  Plaintiff is willing to wait another two weeks to see if Mr. Eidelman's promise of Mr. Bisignano's ability to serve as both a fact witness as well as a witness on the various 30(b)(6) issues comes to fruition during his deposition on May 23, 2018. If Mr. Bisignano, CEO of First Data, is unable to address these issues, there is ample time between then and June 13, 2018 for these issues to be brought to your Honor.

  In November 2017, Your Honor recognized that financial issues would arise and fact discovery on accounting and IT issues would be required. Your Honor cautioned all parties as to the tedious and exacting nature of discovery when a "reduction-in-force" defense is raised. Plaintiff is entitled to discovery on the issues of pretext and the affirmative defenses raised by Defendants. The 30(b)(6) topics, a revised version of which is included in <u>Exhibit</u> A to this letter, have been narrowed, now twice, in an attempt to address Defendant's concerns. There has been no commensurate give or capitulation by Defendants. In fact, after canceling the Omaha depositions in March, Defendants had earlier identified an accounting witness in Atlanta. They have since pulled that witness, and objected to the 30(b)(6) topics as to which he was originally going to testify, under the pretense that Mr. Bisignano can and will address those issues May 23.

   Plaintiff merely seeks the testimony of Defendant First Data employees on the topics of accounting, financial projections, human resources, and corporate governance. These topics are all relevant to a case alleging violations of the FMLA and ADA, and relevant to the issues of the asserted reduction-in-force defense and pretext.

            Very truly yours,
            /s/ Shawn Shearer
            Shawn E. Shearer

Attachments
cc:  All counsel of Record (via ECF)