Shawn E. Shearer (TX Bar No. 24049493)
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
Telephone (972) 803-4499
shawn@shearerlaw.pro

Attorneys for Plaintiff
Steven B. Barger

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, an individual<br><br>Plaintiff<br><br>v.<br><br>FIRST DATA CORPORATION et al.<br><br>Defendants. | Case No. 1:17-cv-4869-FB-LB<br><br>**PLAINTIFF'S NOTICE OF MOTIONS; MOTION PURSUANT TO F.R.C.P. 37 TO COMPEL DESIGNATION AND DEPOSITION OF RULE 30(6)(b) DESIGNEES AND FOR SANCTIONS PURSUANT TO RULE 37(d)**<br><br>**(Assigned to the Honorable Frederic Block)** |

## NOTICE OF MOTION

NOW comes the Plaintiff, Steven B. Barger ("Barger" or "Plaintiff"), by and through his counsel, files, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i) and (ii), 37(a)(3)(C), and 37(a)(4), this Motion to Compel Defendant First Data Corporation ("First Data") to make designations, and compel the deposition of designees, under Rule 30(b)(6), and sanction pursuant to Rule 37(d)(1)(A)(i) for failure to attend a properly noticed and served 30(b)(6) deposition. On June 7 and 8, 2018 First Data failed to produce 30(b)(6) designees to be deposed pursuant to Rule 30(b)(6) that had been properly noticed and served by Plaintiff.

For the reasons set forth below, this Court should grant Plaintiff's motion to compel First Data to designate its representatives under Rule 30(b)(6) and compel the deposition testimony of

those designees.

As required by local rules, Plaintiff and Defense counsel conferred on June 7, 2018 by telephone. In that call, Plaintiff's counsel was at the location, at the designated time, at which the deposition of First Data's 30(b)(6) designees was to occur. Defense counsel advised Plaintiff's counsel that neither First Data 30(b)(6) designees nor Defense counsel would be appearing at the time and place set forth in the Notice of 30(b)(6) Depositions served upon Defense counsel on May 22, 2018. Those depositions did not occur as noticed. Compulsion of designation and deposition is required pursuant to Fed. R. Civ. P. 37(a) and sanctions for failure to appear at a noticed deposition under Fed. R. Civ P. 37(d) are justified.

DATED June 11, 2018

                              THE LAW OFFICE OF SHAWN SHEARER, P.C.

                              By:/s/ Shawn Shearer
                              Shawn Shearer
                              3839 McKinney Avenue, Suite 155-254
                              Dallas, TX 75204
                              Tele: (214) 434-1594
                              *shawn@shearerlaw.pro*
                              Attorneys for Plaintiff

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION PURSUANT TO F.R.C.P. 37 TO COMPEL DESIGNATION
AND DEPOSITION OF RULE 30(6)(b) DESIGNEES**

## Introduction

Pursuant to Rules 37(a)(3)(B)(i) and (ii), 37(a)(3)(C), and 37(a)(4), Plaintiff Barger moves to compel Defendant First Data to designate representatives pursuant to Rule 30(b)(6) and to compel the deposition of those designees. Plaintiff also seeks appropriate and just sanctions pursuant to Rule 37(d).

Notice of Rule 30(b)(6) Deposition ("30(b)(6) Notice") was served on Defendant First Data's counsel on May 22, 2018. See 30(b)(6) Notice attached hereto as <u>Exhibit</u> A. Pursuant to the 30(b)(6) Notice, depositions of First Data's designees were to occur on June 7, 2018 and June 8, 2018 in Omaha Nebraska, continuing thereafter as needed and agreed. Exhibit A to the 30(b)(6) Notice set forth four areas of topics to be addressed by Defendant First Data's designated representative(s): (i) Accounting and Financial Disclosure; (ii) Information Technology; (iii) Human Resources and Employee Benefits; and (iv) Corporate Governance and Corporate Records.

Defense counsel had informally designated Mr. Matt Cagwin as First Data's representative to address the accounting and financial disclosure issues. A Notice of Rule 30(b)(6) Deposition was served on June 7, 2018 for Mr. Cagwin's 30(b)(6) deposition to occur on June 26, 2018. The scheduling and designation of Mr. Cagwin is not at issue in this Motion.

First Data has not designated any representative to testify as to either the information technology issues or the corporate governance and corporate records issues.

First Data's counsel has indicated informally that three individuals located in Omaha, Nebraska will serve as First Data's 30(b)(6) representatives to address the noticed human

**Plaintiff's Motion to Compel 30(b)(6) Designation and Deposition**                                              1

resources and employee benefits issues.

It was based on First Data's representation that three 30(b)(6) witnesses were located in Omaha that Plaintiff issued the 30(b)(6) Notice setting June 7th and June 8th as the dates for depositions to occur. A separate Notice with respect to Mr. Cagwin's 30(b)(6) testimony has also been served for his deposition testimony to occur on June 26th.

Plaintiff's counsel appeared at the noticed and served time and place in Omaha on both June 7th and June 8th. No First Data representatives appeared for depositions at the designated time and place on those dates. Counsel for First Data did not appear for depositions at the designated time and place on those dates.

These failures to appear are just the most recent in a long line of Defendants failures to complete depositions as scheduled.[1] The Plaintiff has no choice but to seek the Court's order that

---

[1] Defendants refused to produce Ms. Jennifer Voycheske for deposition on February 23, 2018. Albeit notice was short, the need for the deposition to occur promptly was required for Plaintiff to properly respond to Defendants' Opposition to Plaintiff's Motion for Partial Judgment on the Pleadings [ECF No. 37 and 37-1] based on the agreed briefing schedule. After Ms. Voycheske was not produced, Plaintiff sought to obtain the necessary information through a third-party subpoena. On March 7, 2018 this Court granted Defendants' request for protective order and ordered Ms. Voycheske's deposition to occur on March 14, 2018. Plaintiff noticed the deposition of Ms. Voycheske to occur on March 14, 2018 consistent with the Court's order. On Sunday, March 11, 2018, Plaintiff's counsel was informed by Mr. Eidelman, Defendants' counsel, that he had a family emergency involving his terminally ill mother-in-law and Mr. Eidelman requested postponement of the deposition of Ms. Voycheske scheduled for Wednesday March 14th. As an accommodation, because Plaintiff's counsel had made all the arrangements, including travel, conference room space, and reporting services, Plaintiff suggested that Defendants' counsel send an associate or other partner (there are 800 attorneys in Mr. Eidelman's firm) to appear in person and that Mr. Eidelman attend the deposition by phone or video, that Ms. Voycheske's deposition be limited to 2 hours on March 14th, with the deposition then continued until such time as Mr. Eidelman could attend the remaining portion of Ms. Voycheske's deposition in person. In response, Mr. Eidelman indicated, after 10 pm on March 11th (just hours before Plaintiff's counsel was scheduled to travel to Omaha) that his mother-in-law had passed and that he would not agree to Plaintiff's accommodation of a shortened deposition with Mr. Eidelman appearing remotely, and that either the Plaintiff must agree to cancel the deposition scheduled for March 14th or Mr. Eidelman would seek a protective order. Plaintiff agreed to cancel the deposition.

Defendant Bisignano, after nearly two months of discussions to reach an agreed date, was noticed to give his deposition on May 23, 2018. Around 3:30 pm on May 21st, Plaintiff's counsel, by e-mail requested that Mr. Eidelman confirm that he and Defendant Bisignano would be appearing as scheduled on May 23rd. Mr. Eidelman assured Plaintiff's counsel that Defendant Bisignano would be appearing as noticed. Just a few hours later, at 7:30 pm (less than 12 hours before Plaintiff's counsel was scheduled to travel to New York), Mr. Eidelman informed Plaintiff's counsel that Mr. Bisignano's son had broken his tibia and fibula and that Mr. Bisigano would need to attend to his son on May 22nd and 23rd and could not give his scheduled deposition. Plaintiff's counsel granted Mr. Bisignano his requested accommodation.  However, in later e-mail communications, Mr. Eidelman indicated that the

**Plaintiff's Motion to Compel 30(b)(6) Designation and Deposition**                                                                2

First Data designate its representatives on the noticed topic areas and to compel those designees to appear for deposition promptly.

## BACKGROUND

The Plaintiff served a 30(b)(6) Notice of Deposition on First Data's counsel on April 23, 2018 ("First 30(b)(6) Notice"). Conversations between counsel occurred regarding the scope of the topics. In addition, First Data indicated informally that Mr. Cagwin in Atlanta would address the accounting issues, and Ms. Voycheske, Ms. Steffen and Ms. Pulverenti, all in Omaha would address the human resources issues. On May 10, 2018, counsel conferred regarding the scope of the 30(b)(6) topics. While Plaintiff's counsel was working on revisions to reflect that conference, Defendants' counsel prepared and filed a request for a protective order before the revised version of the topics could be circulated. The request for a protective order on May 10, 2018 [ECF No. 43] was extremely premature and the 30(b)(6) depositions were not even noticed to commence until June 13, 2018. Rather than to engage in the argument at that time, Plaintiff withdrew the First 30(b)(6) Notice, making the request for the protective order moot, and Plaintiff proceeded to prepare for Defendant Bisignano's deposition scheduled for May 23, 2018 and the depositions of Defendant Marino, Defendant Whalen, Mr. King and Ms. Ording scheduled for May 31, 2018 and June 1, 2018.

As set forth in footnote 1 above, the deposition of Defendant Bisignanoalso did not occur on May 23, 2018 as scheduled at the request of Defendants. The no-shows on June 7th and 8th, described below, are just another in a long line of refusals of depositions, pulling of designated

---

injury had occurred over the weekend (May 19th), not the afternoon of May 21st as previously represented. Mr. Eidelman also became less clear as to the actual extent of the injury that was originally described to be horrendous.

The no-shows for the at least three 30(b)(6) depositions, including Ms. Voycheske as one of the designees, makes it now 6 depositions that have been refused, canceled or failed to occur because of Defense counsel. Discovery began on January 18, 2018 and as of June 11, 2018, only three depositions have occurred and at least 6 have been canceled or no-showed.

**Plaintiff's Motion to Compel 30(b)(6) Designation and Deposition**                                                                 3

witnesses, and cancelations of depositions.

Notice of Rule 30(b)(6) Deposition ("30(b)(6) Notice") was served on Defendant First Data's counsel on May 22, 2018. *See* <u>Exhibit</u> A. Pursuant to the 30(b)(6) Notice, depositions of First Data's designees were to occur on June 7, 2018 and June 8, 2018 in Omaha Nebraska, continuing thereafter as needed and agreed. Exhibit A to the 30(b)(6) Notice set forth four areas of topics to be addressed by Defendant First Data's designated representative(s): (i) Accounting and Financial Disclosure; (ii) Information Technology; (iii) Human Resources and Employee Benefits; (iv) Corporate Governance and Corporate Records. The areas of inquiry contained in this 30(b)(6) Notice had been significantly focused and tailored to address only topics directly relevant to Mr. Barger's employment and the policies and practices of First Data that impacted the terms and conditions of his employment, and the records of those policies and practices.

Unlike nearly every other occasion in this litigation, Defense counsel did not threaten to seek a protective order as his initial reaction to an oral discovery request. Defense counsel did not even object to the topics set forth in Exhibit A to the 30(b)(6) Notice.

Following the completion of Defendant Marino's deposition in Manhattan on June 1, 2018, Plaintiff's counsel remarked to Defense counsel "see you next week." Defense counsel did not at that time question as to why that comment was made, when it clearly was referencing the 30(b)(6) depositions that had been noticed for June 7th and June 8th in Omaha.

Plaintiff's counsel returned to Dallas from Manhattan and prepared for the June 7th and 8th depositions. On June 6th, to conserve the Plaintiff's funds and to reduce expenses, Plaintiff's counsel drove 12 hours from Dallas, through North Texas, Oklahoma, Kansas, parts of Missouri and Iowa, to arrive in Omaha, Nebraska to take depositions subject of the 30(b)(6) Notice the following two days.

On June 3, 2018, Plaintiff had received an automated out-of-office e-mail reply from Ms. Cooper, an associate with Mr. Eidelman's firm, indicating that she would be out of the office the entire week of June 4 through June 8. Plaintiff's counsel presumed that this week out of the office was to prepare witnesses on Monday, Tuesday and Wednesday for the depositions noticed to occur on Thursday and Friday (June 7th and 8th).

On June 7, 2018, Plaintiff's counsel arrived at the Noticed location 10 minutes prior to the scheduled start time. The stenographer and videographer were already present and set-up to begin. By 9:15 a.m., no representatives of First Data had arrived and counsel for First Data was not present. At 9:18 a.m., Plaintiff's counsel called Defense counsel. Mr. Eidelman's administrative assistant located him on his mobile phone (Mr. Eidelman was attending a conference where he was speaking the prior three days). Mr. Eidelman informed Plaintiff's counsel that Defendant First Data had not agreed to the June 7th and June 8th dates and that First Data and Defense counsel would not be Omaha as noticed. Again, Mr. Eidelman never sought a protective order or even threatened to seek a protective order for the depositions scheduled for June 7th and June 8th. Plaintiff's counsel clearly did not know Mr. Eidelman and First Data had no intention of showing for those depositions, as Plaintiff's counsel drove the 12-hours from Dallas to Omaha – not something someone does without a belief that the depositions would be occurring as scheduled. Plaintiff's counsel was dumbfounded at the non-attendance by First Data.

Plaintiff's counsel again went to the noticed designated place at the designated time on June 8th. Again, First Data representatives were not present and Defense counsel was not present.

After the no-show on June 8th occurred, Plaintiff then noticed Ms. Voycheske to be deposed with respect to the outstanding fact witness Notice of Deposition that had been

outstanding since March 8th with no deposition having taken place on March 14, 2018 as contained in the Court's March 7, 2018 order. The time and place set for that rescheduled deposition of Ms. Voycheske was noticed for June 13, 2018. Plaintiff's counsel remained in Omaha, rather than driving back to Dallas, to conduct that deposition on June 13th. The same deposition that Plaintiff has attempted to take three prior times (February 23rd, March 14th, and June 7th or 8th).

## RELIEF REQUESTED

Mr. Eidelman is a partner in an 800-attorney law firm. Plaintiff's counsel is a solo practitioner. Mr. Eidelman's firm should be able to field very competent counsel to attended noticed dates. The constant rescheduling and cancelations by Defendants not only is a disservice to Plaintiff Barger's ability to develop his case, but it also is a disservice to Plaintiff's counsels other clients (including pro bono clients) that need to be scheduled as well, and Plaintiff's counsel does not have the luxury of 800 other attorneys upon which to rely for coverage of depositions. There can be no excuse for Mr. Eidelman's firm being unable to find counsel to defend a 30(b)(6) deposition.

The pattern of cancelations and no-shows are clear violations of Defendants' obligation to conduct discovery in good faith. "Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond, that is, to present himself for the taking of his deposition, ... and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation." *Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 214 (E.D.N.Y. 2012)(quoting *Penthouse Int'l v. Playboy Enters., Inc.,* 663 F.2d 371, 390 (2d Cir.1981)).

The 30(b)(6) Notice remains outstanding with no scheduled dates (other than a notice for Mr. Cagwin's deposition on accounting to occur on June 26th). The Plaintiff respectfully requests

that the Court compel Defendants to designate representatives to be deposed on the 30(b)(6) issues set forth in the 30(b)(6) Notice, compel Defendant First Data to promptly schedule those depositions, and compel First Data's designees to appear at the 30(b)(6) depositions.

The Plaintiff also requests that the Court compel Ms. Voycheske to testify, pursuant to the March 8th notice of deposition that was served following the Court's order that Plaintiff could depose Ms. Voycheske on March 14th, at the newly noticed time and date of June 13, 2018. *See* Exhibit B (Notice of Deposition to Ms. Voycheske served on June 8, 2018 and addressing history of attempts to depose Ms. Voycheske).

The Plaintiff also requests appropriate and just sanctions pursuant to Fed.R. Civ. P. 37(d)(1)(A)(i) which provides "The court where the action is pending may, on motion, order sanctions if: a party or a party's officer, director, or managing agent – or person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served proper notice to appear for that person's deposition." Rule 37(d)(2) provides that "A failure described in Rule 37(d)(1)(A) is not excused on the grounds that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." At the time First Data's designees failed to appear on June 7th and 8th as properly noticed for 30(b)(6) depositions, no protective order had been filed under Rule 26(c). Sanctions are appropriate under Rule 37(d) when a party fails to attend his or her own deposition. *See In re Durand*, No. 07–CV–5037, 2008 WL 4282601, at *5 (E.D.N.Y. Sept. 16, 2008). Where a party fails to appear for a deposition, Rule 37(d) requires cost-shifting: "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by that failure." Fed.R.Civ.P. 37(d)(3). Cost-shifting is excused only where "the failure [to appear] was substantially justified or other circumstances make an award of expenses unjust." *Id.; John Wiley*

*& Sons, Inc. v. Book Dog Books, LLC,* 298 F.R.D. 145, 148 (S.D.N.Y.2014). The noncompliant party bears the burden of showing that his failure to comply was justified or that an award of expenses would be unjust. *John Wiley,* 298 F.R.D. at 148. *In re Bear Sterns Companies, Inc.*, 308 F.R.D. 113, 126 (S.D.N.Y. 2015). "Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mkts. Grp. Inc.,* 181 F.3d 253, 267 (2d Cir.1999).

For the foregoing reasons, the Plaintiff moves the Court pursuant to Fed. R. Civ. P. 37(a)(3), (4), and (d)(1) that this court determine, find, and rule as follows:

(i) Defendant First Data be ordered to designate representatives to serve as its witnesses on the topics set forth in the 30(b)(6) Notice served on May 22, 2018;

(ii) Defendant First Data be compelled to produce those designees in the city in which the designees primary office at First Data is located on a date prior to July 20, 2018;

(iii) The First Data designees be compelled to appear on the noticed dates and provide truth testimony within the topics set forth in the 30(b)(6) Notice;

(iv) First Data be compelled to produce its employee and HR Manager, Jennifer Voycheske as a fact witness at the designated place and time on June 13, 2018 as noticed on June 8, 2018 as a continuation of the Notice originally served on March 8, 2018;

(v) First Data be ordered to reimburse Plaintiff for all expenses and costs, including attorney's fees and time, related to the failure of First Data's representatives to appear on June 7th and 8th as properly noticed on May 22, 2018; and

(vi) The Court impose such other sanctions that are just and warranted.

DATED June 11, 2018

        THE LAW OFFICE OF SHAWN SHEARER, P.C.

        By:/s/ Shawn Shearer
        Shawn Shearer
        3839 McKinney Avenue, Suite 155-254
        Dallas, TX 75204
        Tele: (214) 434-1594
        *shawn@shearerlaw.pro*
        Attorneys for Plaintiff

**Certificate of Good Faith Efforts to Resolve Discovery Dispute**

    I HEREBY CERTIFY that on June 7, 2018 at 9:18 a.m. counsel for the Parties held a teleconference in an effort to resolve the dispute as to non-attendance at the 30(b)(6) depositions in an effort to resolve the dispute without court action. During that teleconference, Defendants' attorney made clear that Defendants' designees would not be appearing for depositions on June 7 and June 8.

        /s/ Shawn Shearer
        Shawn Shearer