

Gary B. Eidelman
Phone:  (410) 332-8975
Fax:  (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

June 11, 2018

**Via ECF**
Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Steven B. Barger v. First Data Corporation et al.*
               Civil Case No. 1:17-cv-4869

Dear Judge Bloom:

      On Monday, June 11, 2018 at 2:41 am, Plaintiff filed a motion, seeking to compel the deposition of First Data employee Jennifer Voycheske on Wednesday, June 13, 2018, along with other relief (ECF No. 46). For the reasons that follow, the Motion to Compel should be stricken for non-compliance with the Court's Individual Practices and the Local Rules of the United States District Court for the Eastern District of New York. Alternatively, the Motion to Compel should be denied and Plaintiff should select one of the numerous dates furnished weeks ago for Ms. Voycheske's deposition.

      I.    <u>The Court Should Strike the Motion to Compel</u>

      Individual Practice Rule 5.A governs discovery motions and provides that a letter motion not exceeding 3 pages in length may be filed to resolve a discovery dispute in accordance with EDNY Local Rule 37.1 and 37.3. Plaintiff's Motion to Compel is not in the form of a letter to the Court but is an 11 page Notice of Motion and Memorandum in Support. Not only does this Motion violate Rule 5.A, but it also violates Judge Block's Individual Motion Practices and Rules: Rule 2(A) (discovery motions must follow Local Rule 37.3 and 6.4) and Rule 2(D) (no papers shall be filed until the motion is fully briefed).

      The Rules further provide that the movant must make a good faith effort to resolve any dispute before filing a letter motion. Here, Plaintiff made no such effort and the Certificate of Good Faith Effort to Resolve Discovery Dispute is misleading. At approximately 10:19 am on Thursday, June 7, 2018, I spoke with Shawn Shearer, counsel for the Plaintiff. Mr. Shearer asked me if I was in Omaha. I responded no, reminding him that on numerous occasions, we had informed him of our unavailability for June 7 and 8. I further reminded him of the chart of dates when Defendant's witnesses were available to be deposed. He responded "ok." The conversation

500 E. Pratt Street ♦ Suite 900 ♦ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
June 11, 2018
Page 2

lasted less than 2 minutes. At no time did Mr. Shearer advise that he was filing a motion to compel Ms. Voycheske's deposition for June 13, 2018, a date not listed in the Witness Availability Chart previously provided to Mr. Shearer. For these reasons, the Motion to Compel should be stricken because it violates the Rules of this Court and the EDNY.

      II.      <u>The Motion to Compel Should be Denied</u>

The Motion to Compel fails to advise the Court of the numerous times we advised that the dates unilaterally selected by Plaintiff were not available. On May 22, 2018, Plaintiff served a Revised 30(b)(6) notice for depositions in Omaha on June 7 and 8, 2018. (ECF 46 -1). Two days later on May 24, 2018, I sent Mr. Shearer an email regarding scheduling:

> I have also secured multiple proposed dates for depositions of: Defendant Frank Bisignano, Defendant Dan Charron, Defendant Rhonda Johnson and First Data employees Matt Cagwin, Oliver St. George, **Jennifer Voycheske**, Amy Steffen and Stephanie Pulverenti who we are designating as our 30(b)(6) deponents. . . . Please see the attached chart for June and July dates. If we need to go into August, that will take some more time. **If I have not provided a particular date, it is because we are unavailable.**

*See* <u>Ex. A</u> (emphasis added). The referenced Witness Availability Chart does not list either June 7 or 8 as being available, but included 15 dates for Ms. Voycheske, 12 dates for Ms. Steffen, and 17 dates for Ms. Pulverenti. *Id.*

On May 29, 2018, I sent Mr. Shearer another email proposing dates for depositions of the remaining individual Defendants and some of the 30(b)(6) witnesses.[1] This email also addressed dates for the Omaha witnesses: "On the chart we provided to you, we only included the dates in June and July when we are available. After checking schedules, we are not available on June 7 and 8, but provided numerous other dates for these depositions in June and July." *See* <u>Ex. B</u>. A later email exchange invited Mr. Shearer to select from any of the "numerous dates listed" on the Witness Availability Chart. *Id.* Mr. Shearer replied to the email stating that he had been misreading the chart. *Id.*[2]

---

[1] To date, 4 depositions have been taken by Plaintiff: Defendants Marino and Whalen and two other fact witnesses. The deposition of Matt Cagwin (30)(b)(6) is scheduled for June 26, 2018 in the am; Defendant Dan Charron's deposition is scheduled for June 26, 2018 in the pm; and the deposition of Defendant Rhonda Johnson is scheduled for June 27, 2018. All of these depositions are in Atlanta. The rescheduled deposition of Defendant Frank Bisignano is on June 29, 2018 in New York City. The deposition of Joe Plumeri is scheduled for July 19, 2018 in New York City.

[2] Mr. Shearer claims that at the end of Mr. Marino's deposition on June 1, 2018, he said "see you next week." Motion to Compel at 4. Neither I nor my colleague have any recollection of Mr. Shearer making this comment. Regardless of whether this comment was actually made, it cannot be disputed that Mr. Shearer was advised in writing on May 24, 2018 and May 29, 2018 that neither June 7 nor 8 worked for depositions in Omaha.

On Friday, June 8, 2018, Plaintiff served yet another notice of deposition, this time unilaterally picking June 13, 2018 as a date for Ms. Voycheske's deposition. We responded within the hour:

> For weeks now, you have had a calendar of the dates (another copy attached) when we and Ms. Voycheske are available for her deposition yet you unilaterally pick a date that is not available. We are not available on June [13], 2018 for Ms. Voycheske's deposition and we will not produce her on that date. She is available on the following dates (when other depositions are not scheduled): July 3, 5, 6, 11, 12, 23, 24, 25, 26, 30 and 31.  Pick from one of those dates.  Do you intend on deposing Ms. Steffen and Pulverenti too?  If so, let us know which dates you select because we only plan to make one trip to Omaha for depositions in this case.

See Ex. C. The referenced emails unequivocally demonstrate that Plaintiff knew for 2 weeks that none of the Omaha witnesses were available on either June 7 or 8, 2018. To date, Plaintiff has yet to select deposition dates for the Omaha witnesses from the Witness Availability Chart, even though he did so for the Atlanta and New York depositions. The Omaha witnesses remain available to be deposed on the dates provided to Plaintiff.

We have strived to respond in this letter to the salient issues presented by the Motion to Compel. The Motion is replete with inappropriate accusations and falsehoods which we will not dignify with a response. The Court can readily observe from the correspondence accompanying the Motion to Compel and this letter, that counsel for Defendants have conducted themselves at all times in a professional manner befitting Local Civil Rule 26.4 (Cooperation Among Counsel in Discovery) and the New York Rules of Professional Conduct.

For these reasons, the Motion to Compel should be stricken and/or denied.

Respectfully submitted,

*/s/ Gary B. Eidelman*

Gary B. Eidelman

cc:   All Counsel of Record (via ECF)