# EXHIBIT B

**From:** Eidelman, Gary B.
**Sent:** Tuesday, May 29, 2018 8:55 PM
**To:** Shawn Shearer
**Cc:** Cooper, Gillian A.; Kennedy, Lindsey C.; david@zeitlinlawfirm.com
**Subject:** Re: Deposition scheduling

==That is correct.== Only if there is a time listed does that indicate a limitation.

Gary B. Eidelman
Sent from my iPhone

On May 29, 2018, at 8:49 PM, Shawn Shearer <shawn@shearerlaw.pro> wrote:

> Gary – I have clearly been misreading your chart, it appears. I was under the impression that you would be putting time availability into the second column when you had contacted the witnesses and found the hours they were available on those dates. I did not understand that their names under a date meant that they were available on those dates without limitation. I thought we were waiting on you to fill in the time column for each person on each date. ==I will relook at the calendar now with the understanding that if a witness's name is under a date they are available on that date and the second column is only there to limit availability on that date. Let me know if I now have this table understood correctly==.
>
> **Shawn E. Shearer**
> The Law Office of Shawn Shearer, P.C.
> 3839 McKinney Avenue #155-254
> Dallas, TX 75204
> (972) 803-4499
> www.shearerlaw.pro
>
> **THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

**From:** Eidelman, Gary B. [mailto:Gary.Eidelman@saul.com]
**Sent:** Tuesday, May 29, 2018 7:30 PM
**To:** 'Shawn Shearer' <shawn@shearerlaw.pro>
**Cc:** Cooper, Gillian A. <Gillian.Cooper@saul.com>; Kennedy, Lindsey C. <Lindsey.Kennedy@saul.com>; david@zeitlinlawfirm.com; Eidelman, Gary B. <Gary.Eidelman@saul.com>
**Subject:** RE: Deposition scheduling

Shawn:

So as to avoid any issues, we will produce Amy Steffen, Stephanie Pulverenti and Jennifer Voycheske as <u>both</u> fact and 30(b)(6) witnesses.  That way you can ask all of them your questions about FD's leave programs and how Mr. Barger's leave was handled and get all of the answers you need. ==They are available to be deposed on any of the numerous dates listed on the chart I==

sent you last week which is attached again. Please advise which of those dates from the chart you wish to depose them on, all of which are well before our discovery cutoff of August 31, 2018.

**Gary B. Eidelman, Esq.**
Saul Ewing Arnstein & Lehr LLP
Office: 410.332.8975
Mobile: 410.303.8832

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Tuesday, May 29, 2018 6:26 PM
**To:** Eidelman, Gary B.
**Subject:** RE: Deposition scheduling

Gary – I will get back to you on dates and scheduling.

I am not making any decision as to who is a fact witness. You have buried me in more than 60,000 pages (many whlly irrelevant and many redacted for absolutely no reason), not including gigantic native files of excel spreadsheets, and documents that when printed do not contain their bates stamp. There also has not been a single deposition yet. Voycheske canceled twice and Bisignano once. Cagwin pulled once. Protective orders on 30(b)(6). I actually have no clue as to the exact fact issue witnesses because I cannot get you to allow anyone to sit down and be deposed about the documents you have produced, which are voluminous for a ADA and FMLA case. I understand the tactic, been there and done that in-house at 7-Eleven. I also know the old crunch the Plaintiff at the end of discovery timeline trick. Your playbook is old and tiresome.

This exact issue as to who is a fact witnesses is why I wanted to do the 30(b)(6) first, so that I could focus the discovery after getting the broad picture, but you blocked that. Then I wanted to do top-down, Frank Bisignano CEO first, so that I could understand the authority structure and focus my inquiries, you blocked that. So I am now back to doing what you originally wanted, taking the 30(b)(6) witnesses (three of them) in Omaha as you offered before to address the 30(b)(6) issues. Now you are saying those three may become one and you are trying to block what you originally proposed. Now, in addition to back tracking on yourself again, you also are trying to have me waive my ability to depose the 30(b)(6) designees also as fact witnesses.

The answer is no to all of that. You told me I had three witnesses each with unique expertise in Omaha. I accepted that. I need three witnesses all with unique expertise in Omaha on the date noticed.

Based on what I hear over this week's depositions in New York and from the three 30(b)(6) witnesses in Omaha next week, I will be better able to tell you those individuals I believe will be needed as fact witnesses. I highly suspect Ms. Voycheske and Ms. Steffen will be required.

Stop the circus. Let's get going with these depositions.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

**From:** Eidelman, Gary B. [mailto:Gary.Eidelman@saul.com]
**Sent:** Tuesday, May 29, 2018 3:09 PM
**To:** 'Shawn Shearer' <shawn@shearerlaw.pro>
**Cc:** Cooper, Gillian A. <Gillian.Cooper@saul.com>; Kennedy, Lindsey C. <Lindsey.Kennedy@saul.com>
**Subject:** Deposition scheduling

Shawn:

It is likely that we will discuss the deposition schedule this week (including a date for Mr. Barger's deposition), but in advance, I am writing in response to your recent email regarding the scheduling of various depositions based on the chart of availability that I sent you last week.

1.      Atlanta Depositions –

- Dan Charron - You indicate that you want to take Dan Charron's deposition starting at 9 am on Tuesday, June 26, 2018.  We confirm that Dan is available to be deposed in Atlanta on June 26, however, we have already advised (*see* Chart) that he is only available from  1 pm – 5 pm that day.  We propose to start his deposition at 1 pm.

- Matt Cagwin -  You indicated the desire to take Matt Cagwin's deposition on June 26, 2018 after Dan Charron's deposition.  As the chart indicates, Matt is available on June 26, but only between 11 and 5.  However, he is available from 9-5 on Wednesday, June 27, 2018.   May I suggest that you take his deposition on Wednesday, June 27 starting at 9 am.

- Rhonda Johnson – If you want to use the morning of June 26, we could do Rhonda's deposition at 9 am. Alternatively, Rhonda could be deposed on June 27 after Matt Cagwin or on Thursday, June 28.

As Mr. Barger knows, the FD's offices are not located downtown so if you can find a location close to the office for the depositions, that would be greatly appreciated.

2.      Frank Bisignano – we confirm Frank's deposition for Friday, June 29, 2018 in NYC.

3.      Omaha Depositions – On the chart we provided to you, we only included the dates in June and July when were available.  After checking schedules, we are not available on June 7 and 8, but provided numerous other dates for these depositions in June and July.  In response

3

to your request, we are looking at your 30(b)(6) questions and will advise whether or not just 1 of the 3 Omaha witnesses can testify as to all of the topics you have inquired about.  We take your email to mean that you do not intend to take any fact depositions from either Voycheske, Steffen or Pulverenti and, therefore, the only testimony to be taken in Omaha will relate to the 30(b)(6) topics and that you will not seek to elicit testimony on personal knowledge of what happened with Steve Barger. If we misunderstand your intention, please advise.

4.      EJ Jackson – Contrary to claiming that we have not responded with regard to your desire to take EJ Jackson's deposition when you will be in SF, we have repeatedly stated that Mr. Jackson's testimony has no relevance to this case.  We again confirm that we will not voluntarily produce Mr. Jackson should you notice his deposition.

Finally, the email with Lindsey Kennedy's name at the top was printed from her email account when we produced the documents that accompanied the Voycheske affidavit.  Sometimes this happens when a client sends an email to a lawyer and the lawyer prints out the document. We have not and are not asserting privilege to the contents of this email just because it was printed from a lawyer's computer.  The electronic version of this email without Lindsey's name on it has been produced: FDC00051392-93.

Thank you,

**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

***Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here***
* Please note that our Firm name and my email address have changed.

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+