# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

June 11, 2018

**Via ECF**
Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
22 Cadman Plaza East
Brroklyn, New York 11201

Re:     *Steven Barger v. First Data Corporation et al.,* **Civil Case No. 1:17-cv-4869**

Dear Judge Bloom:

Per this letter motion, Plaintiff seeks an order compelling Defendant First Data to identify 30(b)(6) designated representatives, an order compelling those witnesses to testify on the noticed 30(b)(6) topics, an order imposing just sanctions under Rule 37(d) for First Data's failure to attend depositions noticed for June 7th and 8th, and an order compelling Jennifer Voycheske to submit to the deposition that was subject of this Court's March 7th order.

On May 22, 2018, Plaintiff served a Notice of 30(b)(6) Deposition on First Data's counsel. A copy of that 30(b)(6) Notice is attached as Exhibit A hereto. Four topic areas for inquiry were included with the 30(b)(6) Notice: accounting, information technology, human resources and benefits, and corporate governance and records. The areas of inquiry had been significantly focused and tailored to address only topics directly relevant to Mr. Barger's employment and the policies and practices of First Data that impacted the terms and conditions of his employment, and the records of those policies and practices. First Data has designated a representative to address the accounting topics on June 26th. First Data has not designated an information technology nor a governance/records representative. Counsel for First Data had informally indicated that three individuals in Omaha, Nebraska would be designated on the human resources/benefits topics. The 30(b)(6) Notice served on counsel specified that the 30(b)(6) depositions would take place in Omaha, Nebraska on June 7 and 8, 2018.

There were numerous indications that First Data was aware of the noticed times and places and Plaintiff's counsel knew that they were aware of the noticed time and place. First, unlike nearly every other occasion in which Plaintiff has requested deposition or third-party discovery in this litigation, Defense counsel did not threaten to seek a protective order as his initial reaction to the 30(b)(6) Notice. Defense counsel did not even object to the topics set forth in Exhibit A to the 30(b)(6) Notice. Second, following the completion of Defendant Marino's deposition in Manhattan on June 1, 2018, Plaintiff's counsel remarked to Defense counsel "see you next week." Defense counsel did not at that time question as to why that comment was made, when it clearly was referencing the 30(b)(6) depositions that had been noticed for June 7th and June 8th in Omaha. Third, Plaintiff's counsel returned to Dallas from Manhattan and prepared for the June 7th and 8th depositions. On June 6th, to conserve the Plaintiff's funds and to reduce expenses, Plaintiff's counsel drove 12 hours from Dallas, through North Texas, Oklahoma, Kansas, and parts of Missouri and Iowa, to arrive in Omaha, Nebraska to take depositions subject of the 30(b)(6) Notice the following two days – not the actions taken without knowing the depositions were to occur. Finally, on June 3, 2018, Plaintiff had received an

Hon. Judge Bloom U.S.M.J
June 11, 2018                                                                                                    Page 2

automated out-of-office e-mail reply from Ms. Cooper, an associate with Mr. Eidelman's firm, indicating that she would be out of the office the entire week of June 4 through June 8. Plaintiff's counsel presumed that this week out of the office was to prepare witnesses on Monday, Tuesday and Wednesday for the depositions noticed to occur on Thursday and Friday (June 7th and 8th).

On June 7, 2018, Plaintiff's counsel arrived at the noticed location 10 minutes prior to the scheduled start time. The stenographer and videographer were already present and set-up to begin. By 9:15 a.m., no representatives of First Data had arrived and counsel for First Data was not present. At 9:18 a.m., Plaintiff's counsel called Defense counsel. Mr. Eidelman's administrative assistant located him on his mobile phone (Mr. Eidelman was attending a three-day conference in Texas (June 4 to 6) where he was a speaker one of the days). Mr. Eidelman informed Plaintiff's counsel on that June 7th call that Defendant First Data had not agreed to the June 7th and June 8th dates and that First Data and Defense counsel would not be in Omaha as noticed. Again, Mr. Eidelman never sought a protective order or even threatened to seek a protective order for the 30(b)(6) depositions scheduled for June 7th and June 8th. Plaintiff's counsel was dumbfounded at the non-attendance by First Data for a duly noticed deposition.[1]

---

[1] The failure to appear at the noticed 30(b)(6) depositions is part of a long line of obstruction of Plaintiff's right to depose named Defendants and relevant witnesses. Defendant's refused to produce Ms. Jennifer Voycheske on February 23, 2018 on an urgent basis given her Declaration was the only support for Defendants' opposition to Plaintiff's Motion pursuant to Rule 12(c) [ECF No. 37 and 37-1] and Plaintiff's Reply in Support of that Motion was to be completed by Febryary 27, 2018. On March 7, 2018, this Court ordered that the Plaintiff could depose Ms. Voycheske on March 14, 2018 and a notice for that deposition was served on March 8th. On Sunday, March 11, 2018, Plaintiff's counsel was informed by Mr. Eidelman, Defendants' counsel, that Mr. Eidelman had a family emergency involving his terminally ill mother-in-law and Mr. Eidelman requested postponement of the deposition of Ms. Voycheske scheduled for Wednesday, March 14th. As an accommodation, because Plaintiff's counsel had made all the arrangements, including travel, conference room space, and reporting services, Plaintiff suggested that Defendants' counsel send an associate or other partner (there are 800 attorneys in Mr. Eidelman's firm) to appear in person and that Mr. Eidelman attend the deposition by phone or video, that Ms. Voycheske's deposition be limited to 2 hours on March 14th, with the deposition then continued until such time as Mr. Eidelman could attend the remaining portion of Ms. Voycheske's deposition in person. In response, Mr. Eidelman indicated, after 10 pm on March 11th (just hours before Plaintiff's counsel was scheduled to travel to Omaha) that his mother-in-law had passed and that he would not agree to Plaintiff's accommodation of a shortened deposition with Mr. Eidelman appearing remotely, and that either the Plaintiff must agree to cancel the deposition scheduled for March 14th or Mr. Eidelman would seek a protective order. Plaintiff agreed to cancel the deposition.

Defendant Bisignano, after nearly two months of discussions to reach an agreed date for his deposition, was finally noticed to give his deposition on the agreed date of May 23, 2018. Around 3:30 pm on May 21st, Plaintiff's counsel, by e-mail requested that Mr. Eidelman confirm that he and Defendant Bisignano would be appearing as scheduled on May 23rd. Mr. Eidelman assured Plaintiff's counsel that Defendant Bisignano would be appearing as noticed. Just a few hours later, at 7:30 pm (less than 12 hours before Plaintiff's counsel was scheduled to travel to New York), Mr. Eidelman informed Plaintiff's counsel that Mr. Bisignano's son had broken his tibia and fibula and that Mr. Bisigano would need to attend to his son on May 22nd and 23rd and could not give his scheduled deposition. Plaintiff's counsel granted Mr. Bisignano his requested accommodation and postponement. However, in later e-mail communications, Mr. Eidelman indicated that the injury had occurred over the weekend (May 19th), not the afternoon of May 21st as previously represented. Mr. Eidelman also became less clear as to the actual extent of the injury that was originally described to be horrendous.

The no-shows for the at least three 30(b)(6) depositions, including Ms. Voycheske as one of the designees, makes it now more than 6 depositions that have been refused, canceled or failed to occur. Discovery began on January 18, 2018 and as of June 11, 2018, only 3 depositions have occurred and at least 6 have been canceled, witnesses withdrawn, or no-showed.

---------------------------------------------------------

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204

Plaintiff's counsel also appeared at the designated time and place on June 8th and First Data and its counsel were not present. These events are described in detail in the Notice of Deposition served on June 8, 2018 seeking to depose Ms. Voycheske on June 13, 2018 as the reschedule of the failed March 14, 2018 deposition that was a subject of this Court's March 7th order. *See* Exhibit B.

After the no-show on June 8th occurred, Plaintiff then noticed Ms. Voycheske to be deposed with respect to the outstanding fact witness Notice that had been outstanding since March 8th with no deposition occurring on March 14, 2018 as directed in the Court's March 7th order. The time and place set for Ms. Voycheske's deposition is June 13th in Omaha. Plaintiff's counsel remained in Omaha, rather than driving back to Dallas, so as to be available to conduct Ms. Voycheske's deposition. This would be the same deposition that Plaintiff has attempted to take three prior times (February 23rd, March 14th, and June 7th or 8th).

Mr. Eidelman is a partner in an 800-attorney law firm. Plaintiff's counsel is a solo practitioner. Mr. Eidelman's firm should be able to field very competent counsel to attended noticed dates. There can be no excuse for Mr. Eidelman's firm being unable to find counsel to defend a 30(b)(6) deposition. The pattern of cancelations and no-shows are clear violations of Defendants' obligation to conduct discovery in good faith. "Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond, that is, to present himself for the taking of his deposition, ... and that the court in which the action is pending may enforce this duty by imposing sanctions for its violation." *Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 214 (E.D.N.Y. 2012)(quoting *Penthouse Int'l v. Playboy Enters., Inc.,* 663 F.2d 371, 390 (2d Cir.1981)).

The Plaintiff respectfully requests that the Court compel Defendants to designate representatives to be deposed on the 30(b)(6) issues set forth in the 30(b)(6) Notice, compel Defendant First Data to promptly schedule those depositions to be completed by July 20, 2018, and compel First Data's designees to appear at the 30(b)(6) depositions. The Plaintiff also requests that the Court compel Ms. Voycheske to testify, pursuant to the March 8th notice of deposition that was served following the Court's order that Plaintiff could depose Ms. Voycheske on March 14th, at the newly noticed time and date of June 13, 2018. *See* Exhibit B. The Plaintiff also requests appropriate and just sanctions pursuant to Fed.R. Civ. P. 37(d)(1)(A)(i). Rule 37(d)(2) provides that "A failure described in Rule 37(d)(1)(A) is not excused on the grounds that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." At the time First Data's designees failed to appear on June 7th and 8th, no protective order had been filed under Rule 26(c).

Very truly yours,
/s/ Shawn Shearer
Shawn Shearer

Attachments
cc:   All counsel of Record (via ECF)

---

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204