# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

June 11, 2018

**Via ECF**
Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
22 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Steven Barger v. First Data Corporation et al.*, Civil Case No. 1:17-cv-4869
> Reply in Support of Motion to Compel [See ECF Nos. 47, 48, 49]

Dear Judge Bloom:

This letter is being filed in reply to Defendants' Opposition to Plaintiff's Motion. [ECF No. 47] Plaintiff is seeking compulsion of 30(b)(6) designees, compulsion of attendance of 30(b)(6) attendees at depositions, compulsion of Ms. Voycheske to attend her deposition on June 13, 2018, and appropriate sanctions for Defendants' failure to appear on June 7th and 8th at properly noticed and served depositions. Defendants' request to strike as the form of the motion should be denied as it inadvertent, and was promptly rectified with the ECF filing of the documents delivered to your chambers pursuant to your individual rules on June 11, 2018 [See ECF Nos. 48 and 49]

Please see the calendar Plaintiff has prepared and is attached hereto as <u>Exhibit</u> A (a calendar similar to this was provided to Mr. Eidelman in April). This calendar is separate and distinct for the confusing chart provided by Mr. Eidelman to Plaintiff on May 24th.

The calendar in <u>Exhibit</u> A outlines the multiple deposition delays created by Defendants and Defendants' counsel over the past five months. The days that are numbered in the upper left-hand corner of each date indicate the number of days that have elapsed since Plaintiff filed his Complaint [ECF No. 1] on August 18, 2018.

Plaintiff is attaching as <u>Exhibit</u> B an email reminding Mr. Eidelman that the 30(b)(6) depositions had, in fact, been scheduled in Omaha for June 7th and 8th, and is attaching as <u>Exhibit</u> C the original letter transmitting the Notice of 30(b)(6) Depositions. As noted in both documents, the May 22, 2018 noticing of 30(b)(6) depositions for June 7th and 8th was undertaken in part due to Mr. Eidelman's notification of Plaintiff's counsel on May 21st that Defendant Bisignano would not be appearing at his noticed deposition on May 23rd.

Prior to the scheduled deposition of Defendant Bisignano, Mr. Eidelman told Plaintiff, through Plaintiff's counsel, that Mr. Bisignano would function as a 30(b)(6) witness and a fact witness, and Mr. Bisignano would be able to address the accounting and IT topic areas on behalf of First Data. The Plaintiff himself was consulted regarding Mr. Bisignano's May 21st request for postponement of his May 23rd deposition, and Plaintiff himself directed me that he willingly would extend the requested accommodation to Mr. Bisignano. But, that accommodation did not extend to Mr. Eidelman nor any other potential 30(b)(6) witnesses. Mr. Eidelman knew this.

The chart attached to Defense counsel's e-mail (sent two days after the notice of 30(b)(6) depositions scheduled for June 7th and 8th) as Exhibit A to the Opposition is nothing more than an unreadable list that I told him I did not fully understand. Nonetheless, the list that he calls "the calendar," which did not even debut in this case until May 24, 2018, the day after Mr. Bisignano failed to appear, does not mention June 7th and 8th, nor did Mr. Eidelman even attempt to lock down dates for the Omaha depositions last week because he knew they were already happening on June 7th and 8th. There was no reason for Mr. Eidelman to include the already scheduled Omaha 30(b)(6) depositions in his March 24th chart for use in planning future deposition because those depositions had already been noticed and Mr. Eidelman had not objected.

Given the fact that as of last week the Parties had agreed on a majority of dates for depositions to take place in Atlanta, I was going to have Mr. Eidelman explain the chart to me in person after the depositions on June 8th, if needed. But, unfortunately, Mr. Eidelman and First Data did not appear for those depositions, so I have no more clarity than I did when he sent the chart to me on May 24th.

Given the fact that Defense counsel did not mention anything to me about his "calendar" when I saw him on May 31st and June 1st at depositions in Brooklyn, nor did he deny the fact that he was going to see me this week, I did not believe that chart had any particular significance for depositions that had already been noticed. Any significance Defense counsel believes his list has, it is certainly lost on me.

Plaintiff noticed the June 7th and 8th 30(b)(6) depositions, I reminded Defense counsel they were noticed, and I mentioned it to him last week. Defendants failed to produce Mr. Bisignano on May 23rd after assuring me that Mr. Bisignano would be both a 30(b)(6) and fact witness. It was with this understanding, and in reliance upon Defense counsel's representation that Mr. Bisignano, that Plaintiff pulled his original 30(b)(6) Notice and topics on May 11th.

Plaintiff's counsel really does not know what more we can do. Mr. Eidelman's lack of clarity at this late stage of the game, and his 800-attorney firm's inability to cover noticed depositions, is very tedious for Plaintiff himself (a 72-year old cancer survivor), who has granted every accommodation requested of him; a bitter irony given the fact that the Defendants have never done the same for him, which is exactly why we are in this Court

The 30(b)(6) depositions for June 7th and 8th were properly noticed and served, and Mr. Eidelman knew they were noticed. Under Rule 37(a) Plaintiff is entitled to seek compulsion and under Rule 37(d) there is no excuse for failure to appear at the depositions scheduled for June 7th and 8th as no protective order was filed. Sanctions are appropriate under Rule 37(d).

With respect to Ms. Voycheske, there is an obvious and clear pattern of hiding a witness. Plaintiff has been attempting to take Ms. Voycheske's deposition since February 21st. Mr. Eidelman has refused to produce Ms. Voycheske at properly noticed and served depositions three times already (February 23rd, March 14th, June 7th or 8th). Ms. Voycheske's deposition for June 13th has been properly noticed and served, and Plaintiff's counsel has remained in Omaha since June 6th, a week, in anticipation of taking Ms. Voycheske's deposition. Defendants should

Hon. Judge Bloom U.S.M.J
June 12, 2018                                                                                                Page 3

not be able to avoid a properly noticed and served deposition of Ms. Voycheske for the fourth time.

Plaintiff's motion to require 30(b)(6) designations, compulsion of 30(b)(6) attendance, compulsion of Ms. Voycheske to attend her deposition on June 13th, and sanctions for failure to appear on June 7th and 8th should be granted.

Very truly yours,
/s/ Shawn Shearer
Shawn Shearer

Attachments
cc:      All counsel of Record (via ECF)

_____
**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204