# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

July 23, 2018

**Via ECF**
Honorable Frederic Block, U.S.D.J.
U.S District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
      Request for Pre-Motion Conference – Motion to Strike - Rules 6, 12 & 56(e)

Dear Honorable Judge Block:

  This letter requests a pre-motion conference to address Plaintiff's proposed motion to strike all or portions of declarations submitted by defendants in opposition to Plaintiff's pending Motion pursuant to Rule 12(c) and sanctions against defense counsel pursuant to 28 USC §1927.

  On February 27, 2018, Plaintiff filed a fully briefed Motion for Partial Judgment on the Pleadings pursuant to Rule 12(c) (the "Motion") [ECF No. 37]. The parties complied with the briefing schedule set forth in ECF No. 30. The complete filing included the 12(c) Motion, Defendants' Opposition to the Motion (the "Opposition") [ECF No. 37-1], and Plaintiff's Reply in Support of the Motion (the "Reply") [ECF No. 37-2]. [1] A Declaration of Jennifer Voycheske was filed by Defendants in support of the Opposition ("First Declaration") [Exhibit to ECF No. 37-1]. Now, five-months after completion of the Motion briefing, the Defendants filed a "Supplemental Declaration" of Jennifer Voycheske on July 16, 2018 ("Second Declaration") [ECF No. 51].[2] The Second Declarations demonstrates Defendants' knew, or with reasonable inquiry by counsel should have known, that the First Declaration was false, deceptive and misleading when filed in February.

  The Second Declaration should be stricken because (i) it was filed 5-months after Motion briefing and extremely late under FRCP 6, and (ii) it raises new oppositions to the Motion that were available at the time of filing the First Declaration in violation of FRCP 12(g)(2). If the First Declaration, as now admitted, was inaccurate, Defendants' remedy is to withdraw that declaration, not "supplement" to change sworn testimony. The First Declaration was incorporated by reference into the Opposition, so any change to the declaration is a change to the Opposition. Plaintiff is without any mechanism to reply to the filing of the Second Declaration amending the Opposition other than to file a motion to strike and seek appropriate sanctions

---

[1] Plaintiff contends in the Reply, and now as well, that the Voycheske declarations are wholly irrelevant to Plaintiff's 12(c) Motion. The declaration(s) are outside of the pleadings and create no issues of fact. The admissions in the Answer [ECF No. 19] alone are sufficient to find Defendants liable for interference with Plaintiff's FMLA right to reinstatement.

[2] The Second Declaration was filed just four business days prior to the most recent attempt to depose Ms. Voycheske. (See footnote 5). The filing of the Second Declaration was predicated, as admitted therein, on Ms. Voycheske's review of her prior testimony and resulting conclusion, after a five-month hiatus, that based on information she possessed since January 2017, the testimony provided in the First Declaration was inaccurate.

pursuant to 28 U.S.C. §1927.[3] This Court is vested with inherent powers, "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962). In this instance, prohibiting an amendment to a five-month old declaration, when nothing relevant transpired in the interim, is within the Court's authority and is required for the process to which Plaintiff is due. If there is no mechanism to respond to the amended declaration, due process requires that the amended declaration not be permitted.

The Second Declaration purports to supplement (but it really modifies and contradicts) the First Declaration, and is merely an attempt to cover the knowing falsehoods contained in the First Declaration. Defendants allowed this Court to labor for five months under the misconception that (i) the First Declaration was accurate and (ii) the same document defense counsel redacted from the First Declaration exhibit is now critical to alleged facts in the the recently filed Second Declaration. This is inexcusable. Ms. Voycheske, herself, admits that were it not for her impending deposition, she would not have made any attempt to alert the Court of her testimonial inaccuracies.[4] Defendants' irreverence for the process is evident given that Ms. Voycheske has had access to this information since January 2017, yet she chose to reveal its "relevance" a mere four business days before her deposition, as the entire basis for the Second Declaration. The Second Declaration only reveals intentionally concealed information known to the declarant and defense counsel at the time the First Declaration was signed and filed. The principles underlying the "sham affidavit doctrine" must be applied here; a new declaration that contradicts a prior declaration by the same declarant without any change in circumstances must be stricken. See *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572 (2d Cir. 1969); *Margo v. Weiss* 213 F.3d 55 (2d Cir. 2000). The Court has the inherent powers to sanction such deception. See *Chambers v. Nasco, Inc.*, 501 US 32 (1991). Defense counsel knew they redacted the information from the First Declaration's exhibits (see footnote 4). Now Defendants claim that

---

[3] The Motion pending is pursuant to Rule 12(c). Plaintiff does not seek conversion of the Rule 12(c) to a Rule 56 motion, but acknowledges the Rule 12(c) allows such. If potentially convertible, the same standards of Rule 56(e) regarding affidavits and declarations should similarly be applied to a determination of whether the declarations at issue, if they are to be considered at all, should be stricken under the 56(e) standards.

[4] The Second Declaration is inconsistent with the First Declaration. No new information has not been provided justifying the change to the declarant's testimony. For example, compare Exhibit 1 to the First Declaration with Exhibit 6 to the Second Declaration. Both contain the same e-mail chain. In the First Declaration Plaintiff's e-mail to Voycheske is redacted. In the Second Declaration that same e-mail is not redacted. In the Second Declaration, Ms. Voycheske's "supplemental" testimony surrounds her receipt of that exact e-mail, previously and intentionally redacted in the First Declaration. Voycheske now declares that within the last few weeks, upon reading what had been redacted from her prior declaration, that she has new recollections that change the substance and timeline of her prior testimony. The obvious problem is that the e-mail (redacted then unredacted) was an e-mail Ms. Voycheske, herself, received the evening of **January 5, 2017**. There is absolutely no reasonable justification for Ms. Voycheske to change her testimony on **July 16, 2018** based on a review 20-month old e-mail, especially when that same e-mail was included as an exhibit to Voycheske's First Declaration and intentionally redacted. Moreover, Ms. Voycheske should have been prepped for her deposition noticed for March 14th, which was not cancelled by defense counsel until March 12th. It is inconceivable that Ms. Voychekse did not know the contents of the redacted e-mail she personally received. Even under the most lenient conditions, she should have reached her sudden, questionable epiphany more than four months ago when preparing for her March 14th deposition. Defenses' shenanigans are blatantly apparent. Ms. Voycheske's declarations, in tandem, demonstrate either (i) they were signed without Voycheske's personal knowledge, if she did not know the contents of the redacted e-mails from Exhibit 1 of the First Declaration (unlikely), or (ii) the First Declaration was intentionally deceptive.

---

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204

same information is so crucial as to necessitate a "correction" of their prior concealment. Moreover, portions of both the First Declaration and Second Declaration should be stricken because they contain hearsay with no exception (e.g. Voycheske testifies that she took action based on "hearing" information from MetLife that MetLife had "heard" from Plaintiff's physician) and contain statements devoid of Ms. Voycheske's personal knowledge (repeatedly she refers to "First Data" in the third-person, not as to her personal actions or knowledge). The portions of both declarations based on hearsay or lacking personal knowledge must be stricken.

This is not a discovery dispute.[5] The Second Declaration is an admission that the First Declaration is not truthful. Portions of the First Declaration must be stricken to remove the now admitted falsehoods. Moreover, Voycheske's First Declaration is not truthful on its face[6] and those inconsistent statements within the First Declaration should be stricken.

Overall, given (i) the inconsistencies of Voycheske's First Declaration with both the Answer's admissions and the Defendants' statements in their EEOC filing [ECF No. 1 Ex. B], (ii) the inconsistencies between, and change in testimony from, the First Declaration and the Second Declaration, (iii) the obvious hiding of Ms. Voycheske from depositions for five months, and (iv) the filing of the Second Declaration in violation of Rule 6 and Rule 12(g)(2), Plaintiff now seeks a pre-motion conference on his planned motion to strike and for sanctions for the intentional submission of known falsehoods to the Court.

Voycheske's declarations do not create any issues of fact for determining liability based on the admissions in the Answer. Plaintiff was entitled to return from FMLA leave, Defendants' accepted his physician's return to work authorization, and Plaintiff was terminated rather than restored to his job (which still remains) or an equivalent position. All of these facts are admitted and justify judgment for Plaintiff as stated in the Motion and Reply.

> Very truly yours,
> /s/ Shawn E. Shearer
> *Attorney for the Plaintiff*

---

[5] Within hours of receiving the First Declaration, on February 21st, Plaintiff noticed Ms. Voycheske for deposition on February 23rd desiring completed testimony before the February 27th deadline for the Reply. Despite service of proper notice, defense counsel refused to produce this "witness" and has continued to block her deposition for five months for dubious reasons. Noticed depositions of Ms. Voycheske failed to occur as noticed on February 23rd, March 14th, June 8th, and June 13th. Plaintiff canceled Voycheske's deposition noticed for July 23rd due to the late appearance of the Second Declaration on July 16th so that Plaintiff could prepare this letter and contemplate further action. Defense counsel and First Data employees noticed for depositions also canceled or no-showed May 13th, June 22nd, and July 3rd. Defense counsel no-showed their own deposition of a third-party witness noticed for June25th. The third-party witness arrived at the noticed time and location to find no one to depose her.

[6] There are internal inconsistencies and intentional deceptions contained in Voycheske's First Declaration. Paragraph 11 contradicts Paragraph 15. In Paragraph 11, Voycheske swears "On January 5, 2017, I advised Barger that MetLife **had not yet approved** his short-term disability claim and that he should reach out directly to MetLife to ensure that he provided the necessary information so that his pay would not beimpacted." In Paragraph 15, Voycheske swears "I also contacted MetLife to confirm when Barger's leave began. I obtained a computer screenshot from MetLife indicating that it **had approved** Barger's short-term disability benefits . . ." Both statements cannot be true.

------------------------------------------------------------
**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204