# EXHIBIT A

**Eidelman, Gary B.**

| | |
|---|---|
| **From:** | Eidelman, Gary B. |
| **Sent:** | Sunday, August 12, 2018 9:57 PM |
| **To:** | 'Shawn Shearer' |
| **Cc:** | David@zeitlinlawfirm.com; Cooper, Gillian A.; Kennedy, Lindsey C.; Eidelman, Gary B. |
| **Subject:** | Scheduling matters |

Shawn:

I am writing with respect to several scheduling items.

1. Given Mr. Barger's testimony that Marilyn Barger suffers from depression, we do not wish to cause her any unnecessary stress. Even though Mrs. Barger is identified on Plaintiff's disclosures as a fact witness who has full knowledge of the dispute, we will forgo taking her deposition if you agree that she will not be submitting any affidavits or testifying in this case. Please let us know ASAP so that we can respond to her personal counsel.

2. As I mentioned, Amy Steffen has just taken in 2 foster children which makes travel difficult. Accordingly, we can produce Ms. Steffen and Kathi Benhardt in Omaha: Ms. Steffen on August 21 and Ms. Benhardt on August 22. Please let us know the time and locations where you would like to depose them.

3. Based on Mr. Barger's testimony, we now need to subpoena documents from and depose his accountant Phillip D. Morgan, Grant Barger and/or The Barger Group. With fact discovery closing on August 31, there is likely not enough time to both serve subpoenas and depose them before that date. Can we come to an agreement among counsel to take their depositions after the discovery cutoff in September? If so, we will work with you to coordinate mutually agreeable dates for their depositions. If not, we plan to ask Judge Bloom to extend the discovery cutoff for the limited purpose of taking this discovery.

4. As a reminder, the federal court has scheduled a telephone hearing for August 14 on the motion to compel Julie Kelly's deposition. As you know, we provided Ms. Kelly with dates in August when she can be deposed. We will let you know what the court decides and if a date is set so that you can attend if you want.

5. Finally, we believe that Mr. Barger's testimony establishes that there was and is no factual basis to have named Rhonda Johnson, Karen Whalen, Frank Bisignano or Lori Graesser as individual defendants under the FMLA. It is one thing to file a lawsuit and then amend to include additional witnesses if the evidence establishes liability. It is another thing to make specific allegations in a lawsuit from the beginning of a case and then try to find out what happened.  The case law often describes this as a prohibited fishing expedition.

It is a serious thing to name someone as a defendant in a civil lawsuit. Mr Barger testified that the reason all of the individuals were named is because "***I needed to find out. I wanted whoever is responsible for not allowing me to come back to work and that's why I had no idea who it was so that's why.***" Mr. Barger did not need to name each of these individuals as defendants in their personal capacity to find out what happened in his case. He could have deposed them as witnesses. It is evident that his naming them was for an improper purpose designed to harass and cause undue legal expense. When asked for details to support claims against these defendants, his testimony was often that we need to ask his lawyer. That is no answer since you are not a witness. Given his testimony and theirs, it is evident that the allegations against these individuals did not have any factual support nor have facts been developed that would support them being defendants under the FMLA. We believe this is exactly what Rule 11 of the Federal Rules of Civil Procedure prohibits.  If Mr. Barger agrees to dismiss his FMLA claims against Johnson, Whalen, Bisignano and Graesser with prejudice, we will not seek Rule 11 sanctions and attorneys' fees against him. Otherwise, we have every intention of doing so.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*
\* Please note that our Firm name and my email address have changed.

2