# EXHIBIT B

# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

August 13, 2018

**Via E-Mail**

Gary Eidelman
Saul Ewing Arnstein & Lehr LLP
500 Pratt Street, Suite 900
Baltimore, MD 21022-3133

Gary:

In response to your most recent demands of August 12, 2018 -

1. I suggest you discuss Mrs. Barger's deposition with her attorney.

2. Mr. Grant Barger has his own attorney, and it is my understanding that you will be hearing from his attorney today. I do not believe there is any further information Plaintiff can or will provide you, through an accountant or otherwise. If you wish to utilize third party subpoenas, I suggest you do so quickly as the period for discovery is nearly over.

3. You will receive deposition notices today for the upcoming depositions of Ms. Amy Steffen and Ms. Kathi Benhardt.

4. Ms. Kelly already appeared for her scheduled deposition on June 25, 2018. You confirmed her appearance to me on the record in a deposition in this case on June 27, 2018. What you decide to tell a Federal judge in Ohio about that reality is strictly your choice.

5. Plaintiff will not agree to any extension of the discovery period. Any attempt by Defendant's Counsel to obtain an extension will be met with opposition. Be prepared to answer for your six week hiatus from discovery during March and April of 2018, your six recorded no shows, including the no show of your own noticed deposition in Ohio, as well as Mr. Rosman's no show and refusal to answer questions regarding the notice to Plaintiff in the matter of the timing of Defense Counsel's cancellation of Defendant Bisignano's May 23, 2018 deposition.

6. I am uncertain in which depositions you have been sitting, but all the ones I have been in point to a clear conspiracy with regard to Mr. Barger's illegal termination. Mr. Barger said as much during his deposition. Furthermore, Defense Counsel's signed reply to the EEOC combined with Defendant's Answer to Plaintiff's Complaint is enough to justify Plaintiff's inclusion of all named defendants. It is interesting that you should mention Ms. Graesser, as the testimony thus far combined with multiple conspiratorial emails, MetLife's document production and the appearance of the Second Voycheske Declaration has given me reason to consider pleading former Defendant Graesser back into the case. I will let you know what I decide on that matter as soon as possible. In the meantime, either Rule 11 me, or don't.

Very truly yours,

Shawn E. Shearer