# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, an individual<br><br>Plaintiff<br><br>v.<br><br>FIRST DATA CORPORATION, *et al.*<br><br>Defendants. | Case No. 1:17-cv-4869-FB-LB<br><br>**PLAINTIFF STEVEN BARGER'S ANSWERS AND OBJECTIONS TO DEFENDANT FIRST DATA CORPORATION'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the local Rules of this District, Plaintiff Steven B. Barger ("Barger," "Plaintiff" or "I"), by and through his undersigned attorneys, hereby answers the First Set of Interrogatories propounded by First Data Corporation ("First Data" or "you") as follows:

## GENERAL OBJECTIONS

The following general objections apply to the interrogatories as a whole and to each interrogatory contained therein and shall be deemed incorporated by reference into each and every objection made herein to a specific interrogatory:

1.      Plaintiff objects to the interrogatories to the extent they require or purport to require disclosure of information, materials, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, statute, law, or rule. Any statement herein to the effect that Plaintiff will provide information in response to an interrogatory is limited to information that does not fall within the scope of any relevant privilege.

2.      Plaintiff objects to the interrogatories to the extent they seek information prepared in anticipation of litigation or for trial until and unless Plaintiff, by the requisite showing of need and cause, obtains an order requiring the disclosure of said information.

regarding his disability, and no response is necessary to this clear and deliberate mocking of Plaintiff.

Nevertheless, subject to the stated and general objections and without waiver, Plaintiff discussed his diagnosis and treatment at numerous points between February 2016 and September 6, 2016 with all of the named individual Defendants, Jeff Hack, members of Plaintiff's Training Group, and other employees he mentored and interacted with in the course of his employment. Plaintiff discussed his diagnoses and treatment with Defendant Bisignano and Defendant Bisignano recommended he receive a second opinion and arranged for Plaintiff's visit to Mr. Bisignano's physician in Tampa.

**INTERROGATORY NO. 17.** Describe, in detail, your work history, including but not limited to each and every position (whether as an employee, independent contractor, self-employment, or otherwise) that you have held from 2000, through the present, including in your Answer with respect to each such position, the identity of the employer/business or entity/person for whom you performed services, your job title(s) and job functions, the date the employment commenced, the date employment terminated, the reason for termination, and the rate of pay at termination.

**Answer**: Plaintiff objects that this interrogatory is overly broad, burdensome and oppressive to list all individuals with whom Plaintiff worked as a consultant over an 18-year period. Plaintiff's work involved training and teaching numerous individuals. Plaintiff further objects that Plaintiff's employment prior to First Data is not relevant to the claims or defenses in this case. Plaintiff further objects to this interrogatory as it is not reasonably likely to lead to admissible evidence. Subject to the stated and general objections and without waiver, Plaintiff suffered a heart attack in 2000, took some time off, and then took on a light schedule as a self-employed consultant through 2005. From 2005 through Plaintiff being hired by First Data, Plaintiff worked a full schedule as a self-employed consultant working for multiple companies simultaneously, including the following: UBS (Paul Santucci, Denis Drescher, John Decker, Jim Ducey), Merrill Lynch (Jon Lawrence), Massachusetts Financial Services (MFS) (Gary Polson), Morgan Stanley (Rich Franchella, Phil Shafer, Ned Dubilo, Frank Hill, Jim Tracey, Rich Hazzouri, Robin Connelly), Ameriprise (Scott Hirsch, Gary Nuccio), Core States (Bill Spiropoulos), FifthThird Bank (Dave Hinman), RBC (Rob Spawn), LPL (Robert Fragasso, Tif Joyce), Oppenheimer (Mar Ferro), Wells Fargo/FiNet (Ron Sallet). Plaintiff's rate was $3,000/day plus expenses. Plaintiff was then hired as a consultant to First Data and then became employed by First Data and stopped

consulting for other businesses.

**INTERROGATORY NO. 18.** Itemize and describe in detail the damages you seek in this action (whether economic, non-economic, or other) against Defendant, including the nature and amount of damages for each cause of action in your Complaint, the legal and factual basis for each item of damages that you seek, the basis and method for computation of each item of damages, and all documents that refer to, relate to, and/or concern the subject matter of and your Answer to this Interrogatory.

**Answer**: Plaintiff objects that this interrogatory is overly broad and burdensome to list in detail the legal and factual basis justifying all of the damages sought. Plaintiff further objects that expert discovery has not been conducted and Plaintiff is not in a position to determine the basis and methods for computation of each item of damages. Plaintiff further objects that damages are still occurring and a response to this interrogatory is impossible. Plaintiff further objects that not all damages have been discovered and cannot be listed as requested. Subject to the stated and general objections and without waiver, based on the facts as alleged in the Complaint and Supplemental Complaint, for violations of the FMLA, Plaintiff is seeking front-pay, back-pay, interest on back-pay, fees & costs, double damages as liquidated damages, and all other damages and remedies available under FMLA, and such other damages and equitable relief as entitled by law. Plaintiff's preliminary calculation of a portion of these damages as of February 28, 2018 was attached as Exhibit C to the Reply in Support of Plaintiff's Motion for Partial Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).

**INTERROGATORY NO. 19.** Itemize and describe in detail the damages you seek in this action (whether economic, non-economic, or other) against Defendant, including the nature and amount of damages for each cause of action in your Supplemental Complaint, the legal and factual basis for each item of damages that you seek, the basis and method for computation of each item of damages, and all documents that refer to, relate to, and/or concern the subject matter of and your Answer to this Interrogatory.

**Answer**: Plaintiff objects that this interrogatory is overly broad and burdensome to list in detail the legal and factual basis justifying all of the damages sought. Plaintiff

## VERIFICATION

I, Steven B. Barger, hereby state, based on reasonable inquiry, that any facts contained in the foregoing Answer and Objections to First Data Corporation's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 3rd day of April, 2018

*/s/ Steven B. Barger*
Steven B. Barger