**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

August 22, 2018

<u>Via ECF</u>
Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
22 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Steven Barger v. First Data Corporation et al.*, Civil Case No. 1:17-cv-4869
            Motion to Compel Rule 30(b)(6) Designees and Depositions

Dear Judge Bloom:

      This is a FMLA & ADA case asserting damages including lost income and equity. Defendants assert a "reduction-in-force" affirmative defense and assert by sworn declarations that disability benefit processing impacts First Data's decisions on FMLA and ADA leave. See ECF 37-1 and ECF 51. Defendant First Data testifying as to corporate leave management, benefits, and job availability during a "reduction-in-force" is the core of the case.

      On May 22, 2018 Plaintiff noticed Defendant First Data for 30(b)(6) depositions to be held June 7th (and 8th if needed). <u>Exhibit</u> A. The topics for deposition were attached to that Notice. First Data failed to designate witnesses and failed to appear and did not seek a protective order. <u>Exhibit</u> B. On June 11, 2018, Plaintiff filed a motion to compel designations and depositions on the 30(b)(6) issues [ECF 47-50]. On June 12th, after a telephonic hearing, the Court denied that motion. Since that denial, defense counsel continued to refuse to designate or produce 30(b)(6) witnesses. Because defense counsel would not designate, on July 10th Plaintiff noticed 30(b)(6) depositions to occur on July 30th and 31st in Brooklyn. <u>Exhibit</u> C. Despite proper notice, and again without seeking a protective order, First Data refused to designate 30(b)(6) witnesses. On July 27, 2018, First Data confirmed that it would not produce 30(b)(6) witnesses at the designated time and place, and again no-showed without first seeking a protective order. See <u>Exhibit</u> D.

      Plaintiff seeks a motion to compel designation and depositions on Topics 1(c), 2(b), 3(a), (b) &(d), and 4(a) attached the May 22 Notice (see <u>Exhibit</u> A): (i) controls on access to HR, payroll and leave management systems; (ii) online job availability postings; (iii) disability and other benefits available to Plaintiff;[1] (iii) terms of equity-based compensation granted to

---

[1] 30(b)(6) testimony on HR and benefits (and the technology they use) is essential to this FMLA and ADA case. Many of the benefit plans and policies pre-date the employment of the individuals now holding relevant positions at First Data. A 30(b)(6) witness must testify as to individual knowledge and prepare and testify as to the corporate "knowledge" that may predate the individual's employment. Benefit plans and documents created in the 1990s have been produced and referenced. Unlike an individual decision, an evasive answer as to personal knowledge of these older plans is not an adequate answer. This was evidenced by the deposition of Ms. Steffen on August 21 when She repeatedly claimed an inability to testify as to her knowledge of (i) the actions of her subordinate employee in managing Plaintiff's leave; (ii) the short-term disability benefits managed by her subordinates; and (iii) the IT systems used by her subordinates. Moreover, Ms. Steffen continually failed to answer referring to the benefits department and IT department as the course of answers. These are exactly the areas Plaintiff has been seeking 30(b)(6) testimony for months.

Hon. Judge Bloom U.S.M.J
August 22, 2018                                                                                                                      Page 2

Plaintiff; (iv) procedures for implementing leave under the FMLA & ADA; and (iv) legal hold processes in this case.[2]

Fact discovery is scheduled to end of August 31, 2018. First Data continues to refuse to designate and produce 30(b)(6) witnesses.[3] First Data has <u>twice</u> refused to appear for properly noticed 30(b)(6) depositions and neither time sought a protective order.[4] **This is the <u>second</u> time that Plaintiff has been forced to seek the Court's order to compel 30(b)(6) designations and depositions on the same topics as have been outstanding three months.**[5]

---

[2] Defendant First Data produced one 30(b)(6) witness limited to accounting issues related to employee benefit accounting, SEC disclosures of employee issues; HR, payroll and leave internal controls; and accounting treatment of RIFs. That witnesses was not properly prepared and unable to directly answer questions squarely within the designated topic of disability benefit accounting. Defendants were forced to enter a stipulation as to matters to which the witness should have testified. Of all the topics included in the 30(b)(6) Notice, the accounting issues were of the least importance, but Defendants are now hiding behind that single designation to disrupt Plaintiff's discovery of First Data's corporate knowledge on HR processes, employee benefits, and job openings. Plaintiff is satisfied with Ms. Benhardt's August 22nd deposition as a fact witness and there is no longer a need for a 30(b)(6) witness on the noticed RIF implementation and record-keeping topics.

[3] Defense counsel has taken the preposterous position that each designated 30(b)(6) witness is counted as a single deposition for purposes of Rule 30(a). The deponent is First Data Corporation – it is one deposition. The 1993 Notes of Advisory Committee to Rule 30(a) provide "A deposition under Rule 30(b)(6) should, for purposes of this [10 deposition] limit, be treated as a single deposition even though more than one person may be designated to testify." This is not a case where Plaintiff is requesting corporate testimony on myriad of diverse topics with tenuous relationship to the core of the case and defenses. The noticed topics could be easily handled by one or two properly prepared witnesses. Producing an accountant as a 30(b)(6) witness on one topic and declaring that as single deposition under Rule 30(a) when the real issues (HR and benefits) remain undesignated is without justification. Moreover, the officer responsible for First Data's "Leave Management Team," when deposed on August 21st, was unable to answer questions as to the FMLA and disability benefit acts of those she managed, and repeatedly referred Plaintiff to seek answers from other individuals. When witnesses repeatedly claim lack of knowledge, the Court should allow additional depositions of those that the witnesses claim have knowledge. Treating 30(b)(6) depositions in any manner other than just one deposition will further incent this exact behavior allowing corporate defendants a significant advantage from internal structure, reporting, and management policies, feigned lack of knowledge, and directing Plaintiff to ask so many others that the 10-deposition limit is quickly reached in a case with 6 defendants.

[4] First Data's refusals to produce 30(b)(6) witnesses are only one of many of the defenses delay tactics that have occurred over the past seven months.  <u>See</u> Exhibit E.

[5] First Data's refusals to designate or appear for 30(b)(6) depositions over the past three months, even after the prior motion to compel of June 11th, has substantially inhibited Plaintiff's discovery process. There are six defendants in this case, making the Rule 30(a) 10-deposition limit constraining. The Plaintiff sought to stay within that limitation. Prior to August 20th, Plaintiff deposed all five individual defendants and two individuals that are not defendants. Plaintiff began its 30(b)(6) examination with First Data's accounting designee, but that 30(b)(6) examination is not completed because First Data refuses to produce designees on the HR/Benefits that are the heart of this case. Because of the refusal to designate and appear, Plaintiff was forced to "guess" those First Data employees that may have the information that should have been produced by now in a 30(b)(6) deposition of First Data, and then call those employees as fact deponents and not as 30(b)(6) designees. On August 21, one witnesses repeatedly avoided questions claiming others had the information needed on benefits and HR IT systems. A properly prepared 30(b)(6) witness could answer those questions. Plaintiff has completed 9.25 depositions (1/4th of the 30(b)(6) deposition has been completed). Had First Data timely designated 30(b)(6) witnesses and appeared at one of the two scheduled 30(b)(6) depositions over the last three months, Plaintiff would not have needed "guess" and call the final two fact witnesses, and Plaintiff would have an additional deposition, or two, available to compel other no-shows by Defendant during this process (and they are numerous <u>see</u> Exhibit E). Simultaneously with this motion, Plaintiff is seeking, by separate letter, First Data be compelled to produce Senior Vice President EJ Jackson, who failed to appear at his properly noticed and served deposition without the filing of a protective order, and is requesting an

---------------------------------------------------------------
THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204

  Rule 30(b)(6) requires First Data to appear for a deposition on the noticed topics and, if it chooses, to designate "one or more" qualified witnesses to testify on its behalf. "The persons designated must testify about information known or reasonably available to the organization." Fact witness testimony limited to personal knowledge, and not including that reasonably available to organization, is insufficient in the context of corporate benefits and policies that pre-date the employment of the fact witness. The corporate "person" has memories and knowledge beyond that of any individual now employed. Rule 30(b)(6) requires the corporation to designate a representative to collect and testify as to this corporate knowledge. Rule 30(b)(6) allows the Plaintiff to obtain corporate knowledge beyond that of the particular individual being deposed, but it also comes with the limitation that the topics of the deposition are disclosed prior to the deposition to allow preparation. The topics have been disclosed for three months (plenty of time to prepare), yet no designations and no depositions other than accounting have occurred.

  Under Rule 37(a)(3)(B)(ii) when a corporation fails to make designations for 30(b)(6) depositions, the Court may compel a corporation to make the required designations.

  The Court granted Defendants' Request to Extend fact discovery through September 28, 2018 [ECF No. 54] so First Data could conduct discovery on third-parties.[6] The Court similarly should direct that First Data finally comply with the obligations it has shirked for three months and compel First Data to designate and produce 30(b)(6) witness(es) by September 28, 2018 on the topics specified above originally noticed on May 22, 2018, and no-shown twice. Despite Plaintiff's attempts for months, the deposition of First Data has not been completed for failure to designate and appear for deposition on the core issues in this FMLA and ADA case.

   Per this letter motion, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(ii) Plaintiff seeks an order (i) compelling Defendant First Data to designate its deponent(s) to address Topics 1(c), 2(b), 3(a), (b) &(d), and 4(a) set forth in Plaintiff's Notice of Rule 30(b)(6) Deposition (Exhibit A); (ii) compelling these designee(s) to appear to be deposed prior to September 28, 2018, and (iii) imposing sanctions under Rule 37(d)(1)(A)(i) for failure to appear twice at properly noticed 30(b)(6) depositions.

            Very truly yours,
            /s/ Shawn Shearer
            Shawn Shearer
            Counsel for the Plaintiff[7]

---

eleventh deposition. This request for an additional deposition was caused solely by First Data's refusal to designate and appear for 30(b)(6) depositions over the last three months.

[6] On August 16, 2018, before the Court's ruling on the motion to extend, Plaintiff voluntarily cured the need for Defendants discovery of third-party information by providing a supplemental response to First Data's interrogatories to address the one question that defense counsel failed to ask at Plaintiff's deposition. A question, which if asked, would have obviated any need for any extension. Exhibit F. Defense counsel's failure to ask the amount of Plaintiff's consulting billings over a 7-hour long deposition is the reason that Defendants requested an extension of time.

[7] By signing, for the reasons described above and in the attached exhibits, I certify that for purposes of Rule 37(a)(1) the Plaintiff has in good faith conferred or attempted to confer with First Data regarding the 30(b)(6) depositions subject of this letter motion.

----------------------------------------------------------
**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204