# EXHIBIT D

**Subject:** Barger v. FIrst Data - 30(b)(6) Depositions
**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** 8/21/2018 7:09 PM
**To:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**CC:** "Cooper, Gillian. A." <Gillian.Cooper@saul.com>, "Kennedy, Lindsey C."
<Lindsey.Kennedy@saul.com>, David Zeitlin <david@zeitlinlawfirm.com>
**BCC:** bb@shearerlaw.pro

ATTEMPT TO RESOLVE DISCOVERY DISPUTE

Gary – The following 30(b)(6) topics remain outstanding without a deposition of First Data taken despite three-months of effort:

- **First Datq's internal control policies and procedures for the technological systems used by First Data's human resources department, payroll, and leave management.**

  [OOO, PeopleSoft, LOAHELP e-mail; MetLife Interface used by Leave Management – all topics Ms. Steffen claimed no knowledge in her deposition today]

- **First Data's processes and procedures for posting available employment opportunities at First Data, and removing filled or withdrawn positions, on employment sites (e.g. the Indeed web site referenced in Exhibit K to the Complaint) and employment opportunity postings on social media sites (e.g. the @FirstDataJobs Twitter account referenced in Exhibit K to the Complaint).**

- **The processes that were available to Plaintiff to apply to receive First Data's disability insurance benefits, the process through which Plaintiff did apply to receive First Data's disability insurance benefits, and the terms of the disability insurance policies under which Plaintiff applied for benefits.**

  [Ms. Steffen, VP of HR in charge of the Leave Management Team during all relevant periods, claimed no knowledge of the insurance policies and processes available to Plaintiff. Ms. Steffen even testified today that she had never seen the Summary Plan Description of the disability insurance benefits she admitted her team assisted employees to complete application and approvals, and respond to employees' questions as to policies and procedures surround disability benefits – Ms.Steffen's inability to answer these questions proves either coaching by counsel for lack of knowledge or inept management of First Data's leave and disability benefits policies]

- **Terms and conditions of all equity-based compensation plans and agreements relevant to the stock option and restricted stock awards by First Data to Plaintiff.**

- **First Data's plans, policies and procedures for the implementation and execution of any "reduction-in-force" (as that term is used in the Answer to the Complaint during the period between January 2015 and February 2017.**

- **First Data's plans, policies and procedures for the implementation of FMLA, ADA and other leave programs.**

  [Ms. Steffen could not answer questions of procedure and referring all those questions to a non-officer manager she was charged to supervise – a non-officer is not a qualified 30(b)(6) deponent]

- **General description of First Data's legal hold process including all details of that policy and specific steps that were taken in this case to implement a legal hold.**

[All 9 individuals I have deposed to date remember receiving  hold notice, but not one remembers when it was received. Over the past 3 months of depositions, you knowing this question was coming to each and everyone of your witnesses, NOT A SINGLE ONE HAS A MEMORY ON WHEN A LEGAL HOLD NOTICE WAS SENT. I have told you repeatedly I know that it was not sent until August 2016 – just weeks before the complaint was filed, meaning months and months after I indicated to you to anticipate litigation (February 2016) and months after Plaintiff filed his Charge with the EEOC (March 6, 2016) – a half-year went by without a legal hold notice being sent to First Data's employees – stop coaching the witnesses to confirm it was sent and forget when it was sent]

- **First Data's process and procedures for retaining information created during the planning and implementation of any "reduction-in-force" during the time between January 1, 2015 and February 28, 2017.**

  [Ms. Benhardt may answer these questions at her deposition schedule for tomorrow.  However, if the witness engages in the same evasiveness, feigned lack of knowledge, and finger pointing at others, additional testimony binding First Data, a defendant corporation, is required]

The deposition of Ms. Steffen today demonstrated the evasiveness of all the Defendants' witnesses deposed in this case. Each of the fact witnesses has repeatedly referred me to numerous other individuals to respond to Plaintiff's questions – everyone testifies that someone else knows the answer. You, knowing these continual cross referrals have been on-going have not engaged in good faith discussions of how to obtain this information from the individuals identified by your own witnesses, but instead have taken an unreasonable position towards the Rule 30(a) 10-deposition limitation.

You previously identified Ms. Steffen, Ms. Pulvereti and Ms. Voycheske as potential 30(b)(6) designees on human resources and benefits issues (Ms. Steffen failed miserably today to testify to anything of substance and demonstrated a complete lack of knowledge of the functions of the Leave Management Team she managed and a complete access of the tools used by the Leave Management Team under her supervision, and a complete lack of knowledge of the policies the Leave Management Team she managed was tasked to implement).  With so many terminations by First Data over the past three years, I do not understand how Ms. Steffen has managed to survive – My guess is that the HR department protects its own, but that is irrelevant. Ms. Steffen's testimony today only served to demonstrate that the Leave Management Team operated without any supervision by a single officer of First Data, let alone a single officer of First Data with even a basic understanding of the tasks the Leave Management Team is to perform.

You have also resisted my inquiry into the technological systems used by the human resources department, and in particular the authorizations for making changes in the leave and disability benefit systems. Yet each of the HR witnesses deposed to date claims to have no knowledge of the privileges and authorities granted to employees to make changes in the HR systems they use every day.  For example, Ms. Steffen testified that she could view the OOO profile for herself and she could modify the OOO profiles of her self and her direct reports.  But, somehow, Ms. Steffen claimed she had no knowledge of whether her direct reports had the ability to access and modify the OOO profiles of other employees – but she admitted she could not do so.  If the individual fact witnesses will not answer these questions about their basic job functions, responsibilities, and abilities, the corporation, through its designees must do so pursuant to Rule 30(b)(6).

Ms. Steffen's deposition today was very telling.  Ms. Steffen (a Vice President and officer of First Data) testified that she allowed a unsupervised, non-officer employee to make critical decisions regarding the leave and compensation of a senior vice president (the Plaintiff). Ms. Steffen also testified that she did not know the systems the team she was responsible for managing that were used by her subordinates to make determinations on leave and benefits. She testified the Leave Management Team she "managed" interfaced with MetLife as administrator of disability benefits but that her Leave Management Team was not responsible for anything related to disability benefits. She repeatedly referred me to Ms. Pulverenti to answer these questions, but also testified Ms. Pulverenti only negotiated benefits agreements, leaving no one responsible for implementation. Ms. Steffen, a career HR professional (with responsibility for disability benefits and leave management) also testified that she had never seen First Data's Summary Plan Description. It is still baffling to me how either Ms. Steffen (with her admitted non-management of the Leave

Management Team over which she was charged with responsibility and lack of knowledge of the actions or duties of those over which she was to manage) and Ms. Voycheske (with her numerous violations of the FMLA and the policies of First Dat, and numerous *ultra vires* acts on behalf of First Data), is still employed when there have been supposed reductions in force on-going for years. The unmanaged ineptitude of the Leave Management Team was demonstrated by Ms. Steffen today.

It is clear your witnesses have been coached to feign memory loss.  The only solution is for First Data to provide Plaintiff the witnesses that have been subpoenaed since May 22nd to testify on its behalf after preparation to testify beyond their individual knowledge and to speak as to corporate knowledge.

Every witness that has testified in deposition claims not to know the answers to the topics set forth above questions and refers me to discuss with others.  Individual fact witnesses are insufficient to testify as to the policies and procedures of First Data, a defendant in this case. The continual run-around by the individual witnesses is a nice tactic, but it still does not excuse the failure to designate 30(b)(6) witnesses on the above topics.

You have no-shown or refused to appear for 30(b)(6) depositions twice and in both cases failed to file for protective orders.

I need to know at the end of the deposition of Ms. Benhardt scheduled for tomorrow, August 22, when First Data will present witness(es) before the end of discovery to address all of the above topics that have been outstanding since May 22. If I do not have either (i) a date for completion of the 30(b)(6) deposition of First Data by the end of the discovery period or (ii) a written agreement by you to permit discovery of the 30(b)(6) deposition of First Data after 8/31, but prior to the end of the expert discovery period, I have no choice other than to file my second motion to compel designations and depositions for the 30(b)(6) witnesses, along for a request for an extension of time to complete those depositions over the same time period you have requested to complete irrelevant, harassing, duplicative, third-party discovery over issues that have been cured, voluntarily, by Plaintiff's provision of an interrogatory supplemental response to address revenue v. income differences.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE

**From:** Shawn Shearer
**Sent:** Tuesday, July 31, 2018 4:20 PM
**To:** 'Eidelman, Gary B.'
**Cc:** 'Cooper, Gillian A.'; 'Kennedy, Lindsey C.'; 'David Zeitlin'
**Subject:** RE: Barger v. First Data - Notice of Deposition - Kathy Benhardt

I do have questions on the specifics of Mr. Barger's exercise of his equity awards (those that were not forfeited), I also have questions about restrictive covenants that go to the issue of mitigation, and I have issues about the treatment of his equity awards had he remained on LTD vs. returning to work that go to damages and pre-text.  Mr. Marino and I briefly got into the latter topic, but he was not an expert in the area and directed me to talk with an HR specialist. The corporation needs to testify on the terms of the equity plans under which Plaintiff received and exercised his benefits.

In terms of your statement about making a witness available to testify on the "FMLA and leave policy aspects of the latest 30(b)(6)", a few questions. First, what do you mean by that? Does "FMLA and leave aspect" include disability benefits and the interaction with MetLife regarding disability information being used for FMLA determinations? It appears that defendants like to blend the two concepts (leave and disability benefits) when it is to defendants' advantage and then separate the two concepts (leave and disability benefits) when it is to the defendants' advantage. Given this constantly changing  and inconsistent position, I am proceeding with discovery to try to understand exactly how First Data operates both leave management and disability benefit management.  It is only because First Data has conflated the two that this is an issue that MUST be discovered.

Exactly what topics inside of Topic 2 are you referencing as "FMLA and leave policy aspect"? First Data must produce a 30(b)(6) designee to address all of the Topics within Topic 2 of the more than two month old Notice of 30(b)(6) deposition.

There is no reason for me to do a social media deposition unless it is in conjunction (and after) the more substantive issues in Topic 2 (HR & Benefits) and Topic 4 (RIF Documentation and Process).

Please identify the topics in the 30(b)(6) notice for which First Data's designee(s) will be addressed on August 9th?

"The latest" 30(b)(6) notice is misnomer.  It is the "30(b)(6) Notice from May 22nd" from more than two months ago.

If you will not produce Ms. Benhardt on July 9, 2018 as noticed, when and where will Ms. Benhardt appear for her noticed deposition before August 17?

The hiding of the "Leave Management Team" is over.  You have identified two individuals, who are qualified under 30(b)(6), to address Topic 2 of the 30(b)(6) Notice. If Ms. Benhardt is not available on August 9th , a date you have been saving for a month, then who is available to address Topic 2 (HR & Benefits, including equity awards) that day in New York.  First Data has had two months to prepare a witness to address the topics identified for a 30(b)(6) deposition – in fact, even longer than that because the 30(b)(6) topics began being discussed in March and April.  A corporate designee on leave and short-term disability should be well prepared by now.

This is my last good faith attempt on the 30(b)(6) issues before I seek a motion to compel designation and deposition. You have had the topics for 70 days (May 22 – July 31)

1) Will 30(b)(6) witness(es) be in Manhattan, at your office, on August 9th to address the issues in Topic 2 and Topic 4 (RIF documents only), with the Topic 3 social media at the end of possible? Given that the date is 9 days away, and as good faith cooperation in the discovery process, please identify the individual(s) that will be prepared to address these topics on August 9th.

2) When and where will you produce Ms. Benhardt for deposition prior to August 17?

Judge Bloom made clear that she was not going to let you run me to the end of July, which you have.  But, it is no matter if you simply answer the previous questions. If you can commit on both of these two simple questions, we can get everything scheduled and in place for Manhattan on August 9th. If we can get this done quickly, I have no problem using your office on August 9th.


**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

---

**From:** Eidelman, Gary B. [mailto:Gary.Eidelman@saul.com]
**Sent:** Tuesday, July 31, 2018 3:17 PM
**To:** 'Shawn Shearer' <shawn@shearerlaw.pro>
**Cc:** Cooper, Gillian A. <Gillian.Cooper@saul.com>; Kennedy, Lindsey C. <Lindsey.Kennedy@saul.com>; 'David Zeitlin' <david@zeitlinlawfirm.com>; Eidelman, Gary B. <Gary.Eidelman@saul.com>
**Subject:** RE: Barger v. First Data - Notice of Deposition - Kathy Benhardt

I have learned that Ms. Benhardt is not available on August 9.  Per your request, I am seeing about Rule 30(b)(6) witnesses to testify on social media and the FMLA and leave policy aspects of the latest 30(b)(6) notice to see if they can be available on August 9 in NYC.

With respect to the 30(b)(6) notice dealing with the equity plans, those documents really speak for themselves.  It is my understanding that Mr. Barger already sold his vested equity. Are there specific questions that you have vis a vis the equity plans that we could stipulate to so that I don't have to find a witness?

I believe that my office may be available on August 9.  Will check and get back to you ASAP.

**Gary B. Eidelman, Esq.**
Saul Ewing Arnstein & Lehr LLP
Office: 410.332.8975
Mobile: 410.303.8832

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Tuesday, July 31, 2018 4:07 PM
**To:** Eidelman, Gary B.
**Cc:** Cooper, Gillian A.; Kennedy, Lindsey C.; 'David Zeitlin'
**Subject:** RE: Barger v. First Data - Notice of Deposition - Kathy Benhardt

Gary – I know you will find this disappointing, the Brooklyn location is not available on August 9th, but I have obtained space at the Regus location in Manhattan we previously used for Ms. Benhardt's deposition. If you can commit to me that Ms. Benhardt is available for deposition on August 9th, I am willing to take her deposition in your office in Manhattan on August 9th. Let me know because I will need to send a revised notice of deposition in the next few hours.  I will use the Manhattan Regus location unless I hear back from you.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Monday, July 30, 2018 11:30 AM
**To:** Eidelman, Gary B. <Gary.Eidelman@saul.com>
**Cc:** Cooper, Gillian A. <Gillian.Cooper@saul.com>; Kennedy, Lindsey C. <Lindsey.Kennedy@saul.com>; David Zeitlin <david@zeitlinlawfirm.com>
**Subject:** Re: Barger v. First Data - Notice of Deposition - Kathy Benhardt

Gary:

If Ms. Benhardt is not available, tell me when she is and I will depose your 30(b)(6) designee(s) that day in Brooklyn instead, and find a different date for Ms. Benhardt.  Do not make any other plans for that date. Please advise by tomorrow.

Thanks

-Shawn

> Shawn E. Shearer
> The Law Office of Shawn Shearer, P.C.
> 3839 McKinney Avenue #155-254
> Dallas, TX 75204
> (972) 803-4499
>
>
> THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.

On Jul 30, 2018, at 9:20 AM, Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

> Shawn:
>
> We are checking on Ms. Benhardt's availability and will get back to you.  With respect to Mr. Barger's deposition, we are not changing the location. It will be at my NY office beginning at 10 am on Aug 10. This also confirms that the MetLife deposition is not going forward on August 9. Thank you.
>
> Gary B. Eidelman
> Sent from my iPhone
>
> On Jul 28, 2018, at 7:10 PM, Shawn Shearer <shawn@shearerlaw.pro<mailto:shawn@shearerlaw.pro>> wrote:
>
> **EXTERNAL EMAIL** - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.
>
>
> Gary – You have recently e-mailed indicating that you were firm on attending the deposition of MetLife in Lexington, KY on August 9, 2018.  I have been informed by MetLife that the address in Lexington, KY is merely a PO box and

there are no witnesses to depose in that location.

In addition, because of developments with MetLife, I do not believe that the deposition of MetLife scheduled for August 9, 2018 is going to occur on that date.

Because we both have that date reserved, attached is a notice of deposition for Ms. Kathy Benhardt for August 9, 2018 in Brooklyn. Ms. Benhardt is an officer of First Data and in your 26(a) disclosures list that I may only contact her through you.

As you know, Mr. Barger is scheduled to be deposed in August 10, 2018 in Manhattan.

Mr. Barger is in Atlanta. Ms. Benhardt is in Charlotte, NC. Currently, we both are planning to be in Lexington, KY and then NYC back to back days August 9 and 10. I suggest that it is more efficient and less costly for the entire cost of this litigation to bring everyone to Atlanta for August 9th and 10th. I would be willing to use the King & Spalding space for Ms. Benhardt's deposition, although for that deposition (given her large Excel spreadsheet native files), I will need to arrange for the ability to display documents by video means.  The alternative would be that I could make arrangements for video and space at the same location we used in Atlanta before and you could use King & Spalding for Mr. Barger's deposition on the 10th.

If you are amenable to Atlanta instead of NYC, please let me know. In any event, we still have August 9 and 10 on the calendar for Benhardt and Barger depositions.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro<http://www.shearerlaw.pro>

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.

<20180728 Notice of Deposition Kathy Benhardt.pdf>

"Saul Ewing Arnstein & Lehr LLP (saul.com) " made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~+

**From:** Eidelman, Gary B.
**Sent:** Friday, July 27, 2018 10:45 AM
**To:** 'Shawn Shearer'; Cooper, Gillian A.; Kennedy, Lindsey C.
**Cc:** David Zeitlin
**Subject:** RE: 30(b)(6) Witnesses - July 30 and 31 & First Data Statements AboutPlaintiff


Shawn:

We are in the midst of preparing a response to your recent string of email communications and threats.
I trust that you have personal business in New York this weekend which is why you are traveling today.
You keep demanding that we appear for deposition in Brooklyn on July 30 and 31. It is your decision and your decision alone to appear for a deposition on those dates. As I have told you time and time again, First Data will not be present in Brooklyn on July 30 and 31. We are willing to consider dates in August once you identify the 10th witness that you want to depose in this case.

**Gary B. Eidelman, Esq.**
Saul Ewing Arnstein & Lehr LLP
Office: 410.332.8975
Mobile: 410.303.8832


**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Friday, July 27, 2018 11:26 AM
**To:** Eidelman, Gary B.; Cooper, Gillian A.; Kennedy, Lindsey C.
**Cc:** David Zeitlin
**Subject:** 30(b)(6) Witnesses - July 30 and 31 & First Data Statements About Plaintiff

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**


THIS IS AN ATTEMPT TO SETTLE A DISCOVERY DISPUTE

Gary:

Plaintiff's counsel anticipated today's arrival of the case law that Defense counsel is relying on in his attempt to convince Plaintiff to forgo his necessary remaining 30(b)(6) witness testimony on topics outstanding scheduled for July 30 and 31, 2018 in Brooklyn. No such case law was forthcoming. Please provide your analysis, complete with the cites that support your assertion, for Plaintiff's counsel's evaluation. There is no way for Plaintiff to reach any understanding with Defendants on this matter short of filing a motion to compel, if Defense counsel refuses to

provide the information upon which you are relying, for Plaintiff's review.

Plaintiff has made several good faith attempts to schedule these 30(b)(6) depositions, but none of them included the testimony of Ms. Jennifer Voycheske, who is not qualified to provide 30(b)(6) testimony. Plaintiff has indicated that Ms. Benhardt appears to be knowledgeable about Defendant's alleged "RIF" defense and associated topics covered by Plaintiff's now two month old accepted 30(b)(6) topics. Ms. Pulverenti has been suggested by Defense counsel as a witness available to testify about benefits, including short term disability, the linchpin of the information accumulated and stored by MetLife and somehow allegedly relied upon to validate Defendant's two on the record sworn affidavits about First Data's attempt at date recounting for Plaintiff's FMLA leave dates. It appears that Ms. Pulverenti is qualified to provide adequate testimony about benefits, given her twenty plus years at First Data, all served in the benefits department. Plaintiff no longer has need of Mr. St.George's testimony, and counsel was informed of that earlier this week. Ms. Steffen has been on Defense Counsel's list of potential witnesses for months as well as on the "calendar" that Defendants provided the Court in May.

All correspondence between Plaintiff's counsel and Defendant's counsel supports Plaintiff's good faith belief that Defense counsel intended to provide witnesses on the topics outstanding. While Plaintiff understands that designation of said witnesses may not be mandatory, it is certainly customary in cases of this scope. Defense counsel continues to insist that this is "just" an employment case. Plaintiff finds that perspective both demeaning and inaccurate. This case involves the forced leave of a disabled executive and the circumstances surroun

**Subject:** RE: Barger v. First Data - 30(b)(6) Deposition Notice
**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** 7/10/2018 11:43 PM
**To:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**CC:** David Zeitlin <david@zeitlinlawfirm.com>, "Cooper, Gillian A." <Gillian.Cooper@saul.com>,
"Kennedy, Lindsey C." <Lindsey.Kennedy@saul.com>
**BCC:** bb@shearerlaw.pro

Gary – Below are my corresponding responses to your numbered paragraphs from your e-mail below:

1.        Yes, the same Exhibit A applies as was attached to the May 22, 2018 Notice of 30(b)(6) Deposition that has only been partially held. This is merely a continuation of the 30(b)(6) deposition of First Data that was noticed to start on June 7 & 8, but did not began until Mr. Cagwin's deposition on June 26. Judge Bloom indicated Topic 3(a) as to HR IT was off and Plaintiff is voluntarily agreeing not to seek testimony on corporate governance issues that was Topic 4(a). I thought the reference to the May 22, 2018 Notice of 30(b)(6) handled that issue.

2.        I understand Judge Blooms' rulings. However, the Notice of 30(b)(6) has been outstanding for 7 weeks. Other than Mr. Cagwin, who has already been designated and has testified on accounting, no individual(s) have been designated to testify for First Data on Plaintiff's remaining 30(b)(6) topics. Defense counsel's refusal to designate leaves Plaintiff no choice but to set a time and place for all remaining topics to be addressed (Plaintiff's responsibility) thus allowing Defense counsel to designate in accordance with the rules and produce those individuals to testify on the reduced number of topics at the time and place in the deposition notice (Defendants' responsibility.)  No lawyer can be expected to operate within the confines of Saul Ewing's scheduling of Mr. Eidelman's multiple obligations to multiple clients and inability to field another of the 800 lawyers, and then also guess what the schedules and locations of the undesignated witnesses might end up being. The only practicable solution that remains is for Plaintiff to set a time and place to depose First Data on the 30(b)(6) topics in Brooklyn. I have done so, July 30 and 31 in Brooklyn.

3/4        Please see my prior e-mail from today that partially addressed these issues.

        Immediately following Mr. Bisignano's deposition, you and I agreed to the depositions of the 30(b)(6) designees on Topic 2 (HR/Benefits) in Dallas on July 30th and 31st. Merely eleven days have elapsed since we reached that agreement. You have withdrawn your on the record agreement to those dates and times as a result of Plaintiff's decision to notice Ms. Voycheske for deposition strictly on fact issues, for seven hours scheduled on July 23, 2018. Defense counsel inexplicably removed the dates of July 30 and 31 in Dallas for no reason. Plaintiff's decision with regards to Ms. Voycheske effectively eliminates Defense counsel's ability to use the 30(b)(6) witnesses he had planned to bring to Dallas to potentially rehabilitate Ms. Voycheske's likely inability to provide insight into the many problematic statements made only by her, in her affidavit. Ms. Voycheske's affidavit is wholly irrelevant to Plaintiff's 12(c) Motion, however, it is the sole support for Defendants' Opposition to Plaintiff's 12(c) Motion, still outstanding. Defense counsel attempted to pull the dates of July 30 and 31, because counsel's ability to use those dates to fix the inevitable holes in Ms. Voycheske's forthcoming deposition testimony is being eliminated.

        Before Mr. Bisignano's deposition, I tried to schedule July 4th for Ms. Voycheske and Ms. Pulvereti in Omaha as 30(b)(6) witnesses. Defense counsel indicated that a deposition on the 4th was not possible even though your "calendar", supplied to the Court as a list from which Plaintiff could choose, included July 4 as an available date and I had arranged for reporters and space.

        Your commentary about July 4 being related to the dates of July 30 and 31 is confusing. You unilaterally tried

to pull the agreed dates of July 30th and 31st when I decided to depose Ms. Voycheske as a fact witness only. This shell game has gone on long enough (first designating Mr. Cagwin and setting a date on the first 30(b)(6) accounting topics, and then pulling Mr. Cagwin and objecting to those topics; now, indicating Steffen, Pulvereti and Voycheske as designees on Topic 2 to be deposed in Dallas, and then pulling those individuals and refusing to discuss alternatives). For some unknown reason, you declared that Defense counsel would "only make one trip to Omaha," so Ms. Voycheske's July 23, 2018 deposition is my concession to that demand. However, the occurrence of that deposition does not relieve First Data Corporation from designating witnesses to testify on its behalf at as many 30(b)(6) depositions as are necessary to cover all the noticed topics remaining to be addressed. If you would like to now retract your "one trip to Omaha" position (which has never made any sense to me, given that the HR operations and HR legal support are in Omaha), I am certainly open to discussing Omaha after July 23rd for depositions on Topic 2, but Topic 3(b) and Topic 4(b) would still need to be addressed.

In addition, the same individual can be deposed both as a fact witness and as a 30(b)(6) designee at two separate times. Topics covered in an individual deposition can also be covered in a separate 30(b)(6) deposition. <u>See:</u> Sabre Holdings v. First Dominion Capital L.L.C. 2001 WL 1590544 (SDNY 2001) and Sabre Holdings v. First Dominion Capital L.L.C. 01 Civ. 2145 (SDNY 2002). Even to the extent that 30(b)(6) topics may ultimately be addressed during Ms. Voycheske's individual July 23 deposition, this occurrence would not eliminate First Data's obligation to testify on those topics separately, as a corporation. The individual deposition of a witness and the deposition of First Data representatives on behalf of First Data, are two different depositions, each subject to the limitations of Rule 30(d)(2), although it is worth noting that the limitations differ between individual depositions and the depositions of 30(b)(6) designees. I have 7 hours of issues to discuss with Ms. Voycheske regarding her personal knowledge and acts. I also have issues to discuss with First Data. Those can be taken up separately, even if they overlap, in both an individual deposition and in a deposition of First Data's designee.

There are questions as to whether or not Ms. Voycheske can even serve as a 30(b)(6) designee in this case. Ms. Voycheske is not a "officer, director, or managing agent" of First Data and before any of her testimony can even be considered as potential 30(b)(6) testimony, I will need to be provided evidence by First Data of both First Data's designation of Ms. Voycheske to testify on its behalf, and evidence of Ms. Voycheske's "consent to testify on First Data's behalf." <u>See</u> FRCP 30(b)(6).

5.    If you can find any communication where you clearly name Mr. St. George as a Topic 3(b) designee, please forward it to me immediately.  All communications I can find, indicate that Mr. St. George, if designated, would be addressing IT issues, some of which were in Plaintiff's Topic 3(a), which has subsequently been removed as a topic.  As with Ms. Voycheske, there are the same issues regarding Mr. St. George's ability to serve as a 30(b)(6) designee given his title of Marketing Manager (St. George is not an "officer, director or managing agent" nor is he authorized to bind the corporation). Again, I will need written evidence from First Data of both his designation and his consent and authority to testify as an agent capable of binding First Data Corporation.

 I do not foresee Mr. St. George's deposition lasting more than two hours, if he is designated only to testify on Topic (3)(b). There is no need for the Plaintiff (an individual) to incur that expense. Mr. St. George is in NYC. There is no reason that Mr. St. George cannot be deposed as noticed in Brooklyn on July 30 or 31.

6.    Plaintiff's counsel does understand Rule 30(a) as well as Judge Bloom's ruling, notwithstanding your ad hominem set forth in your e-mail below.

Defense counsel analysis is inconsistent with the inner-workings of Rule 30(a),(b)&(d).

First, Rule 30(a)(2)(A)(i) specifically refers to a limitation on a deposition if the deposition "would result in more than 10 depositions being TAKEN."  This Rule does not include depositions no-showed, depositions refused, depositions that are subject to protective orders, etc.  The Plaintiff may not <u>TAKE</u> more than 10

depositions without leave of court or consent of opposing parties. Of course, I believe the consent portion of that Rule is subject to the good faith obligations of counsel, and in a case with 6 defendants, good faith on the part of Defense counsel would include some leeway to exceed 10, as opposed to wasting the Courts time by sticking to the rules just for the sake of obstruction.

That said, if Defense counsel insists on precision, perhaps it is time to have a real discussion about Defense counsel's numerous no-shows of Plaintiff's properly noticed depositions, as well as the recent no-show of a deposition that Defense counsel himself noticed for an ex-First Data employee, who is unemployed and the sole caregiver to four children, a disabled sibling and her aging live in mother-in law. The ex-employee showed. You did not. No showing depositions without protective orders even being filed, no showing depositions you, yourself, noticed, and failing to show or withdraw the deposition notice, attempting to push Plaintiff over ten depositions by passing on Plaintiff's Notice of Intent to MetLife before Plaintiff had served MetLife (and after threatening that if Plaintiff DID serve MetLife, Defense counsel would demand an audience with Judge Bloom for exceeding ten depositions) while EJ Jackson's noticed deposition was about to occur, and you no showed again. These are serious discovery process abuses, especially when added to Defendants' total non-cooperation in the document production process, as outlined in my letter to you last night (July 9).

Defense counsel analysis is inconsistent with the interaction between Rule 30(a) and Rule 30(b)(6). The deposition of First Data under 30(b)(6) counts as ONE deposition for purposes of Rule 30(A)(2)(A)(i), irrespective of how many actual deponents are designated. One defendant - a corporation - is not permitted to simply declare numerous designees on narrow topics to count against the Rule 30(a)(2)(A)(i) limit, thereby forcing Plaintiff to request additional depositions, when there are five other defendants in the case. This is even more significant when the Defendant, like you, plays hide the ball near the end of discovery by failing to designate for months during Plaintiff's attempts to schedule timely depositions, and then designates numerous individuals as 30(b)(6) designees and cries foul for Plaintiff exceeding the 10-deposition limit.  This tactic is not allowed, and has been duly addressed in the Rules.

A 30(b)(6) deposition is a single deposition of First Data. First Data's 30(b)(6) designees, no matter how many there are, count as one (1) deposition against Plaintiff's 10-deposition limit prior to needing to request either Defendants' cooperation, or the Court's permission.

The 1993 Advisory Note to Rule 30(a) says, and I quote:

> "<u>A deposition under Rule 30(b)(6) should</u>, for purposes of this limit [10 depositions] <u>be treated</u> <u>as a single deposition even though more than one person may testify</u>."

Plaintiff is currently at 10 depositions (7 taken, one partially taken, and two and a portion subject to outstanding notices): Ording, Whalen, King, Marino, Johnson, Charron, Bisignano, Voycheske (noticed), MetLife (noticed), and First Date 30(b)(6)(Cagwin's taken on accounting Topic 1 ( sort of, and requiring stipulations on STD and LTD accounting because he was improperly prepared - plus who knows how many or who the witnesses yet to be officially designated in writing will be.)

As to your list of complaints regarding Plaintiff's discovery calendaring, I will be pulling together the Plaintiff's list of complaints as to how you have conducted deposition discovery in this case. Be assured, it will be much, much longer than the five bullet points in your e-mail below. Mr. Bisignano's deposition is a prime example. Discussion of the scheduling of Mr. Bisignano's deposition began the last week of February.  That deposition did not occur until the last week of June, and that delay was not as a result anything the Plaintiff did or did not do. Defendants have pulled numerous agreed deposition dates and no showed numerous properly noticed depositions. The irony is, that had Defense counsel/Defendants/Defense witnesses actually showed at those depositions, your complaints about Plaintiff exceeding the limit of 10 may have had some teeth. But it doesn't. Plaintiff is at 10 depositions. First Data is noticed to appear July 30 and 31 (depending on the number of designees) in Brooklyn (the same dates that you said you were available for 30(b)(6) depositions in Dallas merely 11 days ago at the end of Mr. Bisignano's deposition while on the record).

Despite all of this back and forth, First Data still has not even suggested a name to bind the corporation on Topic 4(b) that is clearly relevant to this litigation and the defenses raised. Who is First Data's designee on Topic 4(b)? This topic has subpoenaed testimony on:

> First Data's process and procedures for retaining information created during the planning and implementation of any "reduction-in-force" during the time between January 1, 2015 and February 28, 2017.

This would all be easier if Defense counsel would simply, in writing, name the individuals First Data is going to designate to testify on each outstanding 30(b)(6) topic, provide evidence of each person's authority to bind First Data Corporation, and identify their location(s).

The Notice of Deposition for First Data's 30(b)(6) on July 30 and 31, which you told me, on the record on June 29, 2018 were available, is outstanding and served.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE

**From:** Eidelman, Gary B.
**Sent:** Tuesday, July 10, 2018 6:10 PM
**To:** 'Shawn Shearer'
**Cc:** David Zeitlin; Cooper, Gillian A.; Kennedy, Lindsey C.
**Subject:** RE: Barger v. First Data - 30(b)(6) Deposition Notice

Shawn:

I respond to your latest email as follows:

1.      Your new and revised Rule 30(b)(6) notice did not contain an Exhibit A. We presume that the Exhibit A from the last Rule 30(b)(6) notice dated May 22, 2018 is applicable.

2.      You contend that depositions were scheduled for June 7 and 8, 2018 in Omaha.  Perhaps you did not hear Judge Bloom tell you during the phone conference on June 12, 2018 that under no circumstances given the correspondence you received from this office, could you have reasonably expected First Data to produce witnesses on those dates. Perhaps you have also forgotten that she denied your motion to compel and motion for sanctions.

3.      With today's notice, you unilaterally scheduled depositions on July 30 and 31, 2018 when last week, on July 4, 2018, you canceled the depositions of Jennifer Voycheske, Amy Steffen and Stephanie Pulverenti, all of whom had been previously been identified by First Data as designees for topics related to FMLA, ADA, and other leave and benefit issues. We even offered to bring these witnesses to Dallas as an accommodation

to you. At your request, we have since agreed to reschedule Jennifer Voycheske's deposition for July 23, 2018 in Omaha. I even generously offered to have Ms. Voycheske testify on July 23 about 30(b)(6) topics 3(a) and 3(d) but you rejected that offer, claiming that you have 7 hours of questions to ask her as a fact witness that do not relate to those topics. I believe the exact words you used were "[i]t won't."

4.      With respect to your latest 30(b)(6) notice, I have told you on several occasions following receipt of your July 4, 2018 letter that July 30 and 31 are no longer available but you seem to just ignore or forget.  We are not available on those dates and will not produce any witnesses on those dates.

5.      In your notice, you have the audacity to demand that First Data produce a witness to testify as to topic 2(b).  We long ago designated Oliver St. George to testify as to this topic and we subsequently agreed that his deposition would take place on July 13, 2018 in NYC. Since that time, no notice of deposition was received for Mr. St. George and I repeatedly tried to confirm that you would take his deposition on July 13. You never responded once to my inquiry. Accordingly, we advised Mr. St. George that his deposition was canceled and we are no longer available this Friday.

6.      You apparently do not understand Fed.R.Civ.P. 30(a)(2)(A) which provides that a party must obtain leave of court to take more than 10 depositions in federal court. Judge Bloom also referred to Rule 30(a) during the telephone conference. With Ms. Voycheske's deposition and your intended deposition of third party MetLife (which your July 4 letter referred to as "Plaintiff's Deposition Number 10"), **Mr. Barger is at 10 depositions:** Ording, Whalen, King, Marino, Johnson, Charron, Cagwin and Bisignano. Absent a court order, we will not produce any additional witnesses for deposition.

So there is no misunderstanding:

- You never confirmed Mr. St. George's deposition for July 13, 2018 so we will not be in NYC this Friday. July 13 is no longer available.
- You canceled Joe Plumeri's deposition for July 19, 2018 so we will not be in NYC that day. July 19 is no longer available.
- You postponed Steve Barger's deposition from July 20, 2018 until August 10, 2018.  July 20 is no longer available.
- On July 4, 2018, you canceled 30(b)(6) depositions scheduled for July 30 and 31, 2018 in Dallas. July 30 and 31 are no longer available.
- Your client is at the limit of depositions provided for by Rule 30 of the Federal Rules of Civil Procedure.  You can continue to unilaterally pick deposition dates, but our position will remain consistent with the Federal Rules.

I will see you on July 23, 2018 in Omaha for Ms. Voycheske's deposition. I will see you in NYC on August 10, 2018 for the Plaintiff's deposition.

cid:image002.png@

**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

 SEAL_WISEBlog_sig

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, **here***
\* Please note that our Firm name and my email address have changed.

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Tuesday, July 10, 2018 5:55 PM
**To:** Eidelman, Gary B.; Kennedy, Lindsey C.; Cooper, Gillian A.
**Cc:** David Zeitlin
**Subject:** Barger v. First Data - 30(b)(6) Deposition Notice

Gary, Gillian & Lindsey – As you know, on May 22, 2018, a Notice of Rule 30(b)(6) Depositions was served on First Data for depositions to occur on June 7 & 8. Those depositions did not occur. That notice remains outstanding and the 30(b)(6) depositions still need to occur on the remaining Topics. Attached is a new Notice of Rule 30(b)(6) Deposition (Revised) setting those already existing, noticed depositions for July 30 & 31 on the remaining issues (HR/Benefits, Social Media, and RIF Documentation). Plaintiff agrees that Mr. Cagwin covered Topic 1 on accounting, the Court did not authorize depositions on HR IT (Topic 2(a)), and Plaintiff has agreed not to seek corporate governance testimony on Topic 4(a).

First Data should have made its designations prior to the June 7 & 8 depositions, but it still has not done so. If First Data would make its designations in writing, and set forth the limitations, if any, on the noticed topics that each designee will be prepared to address, we may be able to work out alternative plans for dates and locations. But, until First Data's designations occur and we agree on alternative plans, the Plaintiff must proceed to schedule those 30(b)(6) in the EDNY. July 30 & 31 have been selected as those were the dates previously agreed, then revoked by First Data, for the 30(b)(6) depositions to occur.

The lack of designation and the quickly expiring discovery period leaves Plaintiff no option other than to set the 30(b)(6) deposition on the calendar.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~+

────image001.jpg────



────image002.jpg────

WISE:
Workplace Initiatives and Strategies for Employers

────Attachments:────

| | |
|---|---|
| image001.jpg | 3.9 KB |
| image002.jpg | 2.1 KB |