# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, an individual<br><br>Plaintiff<br><br>v.<br><br>FIRST DATA CORPORATION, *et al.*<br><br>Defendants. | Case No. 1:17-cv-4869-FB-LB<br><br>**PLAINTIFF STEVEN BARGER'S ANSWERS AND OBJECTIONS TO DEFENDANT FIRST DATA CORPORATION'S FIRST SET OF INTERROGATORIES (REVISED)(SUPPLEMENT 1)** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the local Rules of this District, Plaintiff Steven B. Barger ("Barger" or "Plaintiff"), by and through his undersigned attorneys, hereby supplements his answers the First Set of Interrogatories propounded by Defendant First Data Corporation ("First Data") as follows:

## GENERAL OBJECTIONS

The following general objections apply to the interrogatories as a whole and to each interrogatory contained therein and shall be deemed incorporated by reference into each and every objection made herein to a specific interrogatory:

1. Plaintiff objects to the interrogatories to the extent they require or purport to require disclosure of information, materials, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, statute, law, or rule. Any statement herein to the effect that Plaintiff will provide information in response to an interrogatory is limited to information that does not fall within the scope of any relevant privilege.

2. Plaintiff objects to the interrogatories to the extent they seek information prepared in anticipation of litigation or for trial until and unless Plaintiff, by the requisite showing of need and cause, obtains an order requiring the disclosure of said information.

3. Plaintiff objects to the interrogatories to the extent they require or purport to

from Plaintiff within thirty (30) days of service. Plaintiff's investigation of the claims and defenses at issue in this Action is continuing; accordingly, Plaintiff's response to each interrogatory is based on information and documents presently available to it after reasonable inquiry, and Plaintiff expressly reserves the right to supplement these responses as necessary. In addition, Plaintiff's responses are given without prejudice to their rights to introduce as evidence at trial any subsequently discovered or unintentionally omitted information and/or documents.

12. Plaintiff objects to each interrogatory to the extent it is compound, or includes the use of discrete subparts, in violation of Fed. R. Civ. P. 33.

**SPECIFIC OBJECTIONS AND ANSWERS (REVISED)(SUPPLEMENT 1)**

**INTERROGATORY NO. 17.** Describe, in detail, your work history, including but not limited to each and every position (whether as an employee, independent contractor, self-employment, or otherwise) that you have held from 2000, through the present, including in your Answer with respect to each such position, the identity of the employer/business or entity/person for whom you performed services, your job title(s) and job functions, the date the employment commenced, the date employment terminated, the reason for termination, and the rate of pay at termination.

> **Supplemental Answer**: Subject to the general and specific objections previously provided, the Plaintiff states as follows.
>
> During 1997, 1998 and 1999, I worked at Primerica & CitiBank. Mr. Joe Plumeri was my direct superior and approved my compensation packages. My average annual W-2 ordinary income from 1997 through 1999 was $2.5 million.
>
> From early 2011 through June 2014, I worked as a consultant and all my client billings were paid to The Barger Group, LLC. Based on the records in my possession, my aggregate billings for my consulting work during the 30-month period between January 1, 2011 and June 30, 2013 was $654,920. I do not have records for the last six months of 2013, but my recollection is that I continued to bill at approximately the same rate during the latter half of 2013. During these periods, I worked every day on my consulting work. I billed $3,000 per day plus expenses. However, I only billed for those days on which I

worked directly with clients.  My work in preparation for client meetings and preparation of materials for client meetings and presentations was not billed. In 2014, prior to my employment by First Data, I worked as a consultant for First Data in addition to continuing my consulting for other clients. I invoiced First Data, and First Data processed and paid, approximately $188,000 in consulting fees and expenses to The Barger Group over the first 6-months of 2014. As I testified during my deposition in this case, during my employment with The Barger Group, I intentionally did not draw much in salary, choosing to leave the revenue from my consulting billings in the company.

As to Objections,

THE LAW OFFICE OF SHAWN SHEARER, P.C.

Shawn Shearer (*Pro Hac Vice*)
3839 McKinney Avenue, Suite 155-254
Dallas, TX 75204
Tele: (972) 803-4499
*shawn@shearerlaw.pro*
Attorneys for Plaintiff

Dated: August 16, 2018

## VERIFICATION

I, Steven B. Barger, hereby state, based on reasonable inquiry, that any facts contained in the foregoing Supplement No. 1 to the Answer and Objections to Defendant First Data's First Set of Interrogatories are true and correct to the best of my knowledge, information and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated this 16th day of August, 2018

_____
Steven B. Barger