**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

August 22, 2018

**Via ECF**
Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
22 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Steven Barger v. First Data Corporation et al.*, Civil Case No. 1:17-cv-4869
     Motion to Compel Deposition of E.J. Jackson, Senior Vice President of
     Defendant First Data Corporation

Dear Judge Bloom:

  Per this letter motion, pursuant to Fed. R. Civ. P. 30 and 37, Plaintiff seeks an order (i) allowing Plaintiff to exceed the 10-deposition limit to depose EJ Jackson, Senior Vice President of Defendant First Data Corporation; (ii) compelling EJ Jackson to appear to be deposed prior to the expiration of the deadline established by the Court in granting Defendant's Request for Extension [ECF No. 54][1]; and (iii) imposing sanctions for failure to appear at a properly noticed deposition without filing a protective order.

  On January 10, 2017, Plaintiff delivered First Data his physician's return to work authorization to be released from FMLA leave. On January 12, 2017, (i) Plaintiff was a Senior Vice President ("SVP") of First Data reporting to Defendant Charron (Executive Vice President "EVP"), and (ii) Mr. Jackson was not employed by First Data. On the morning of January 13, 2017, First Data issued a press release announcing that Mr. Jackson had been hired by First Data as SVP reporting to Defendant EVP Charron. That same afternoon, Defendants EVP Charron and EVP Marino directed Defendant Johnson to contact Plaintiff and advise Plaintiff that he was being terminated and was not to return to work as had been agreed when he had delivered his physician's release three days earlier.

  Discovery in the case shows that First Data operates using a "Management Committee" comprised of the CEO and EVPs. The Management Committee discusses corporate-wide issues that are then implemented by the EVPs through their organizations. Budgeting and implementation of corporate internal restructurings are also implemented through each EVP's organization. On January 13, 2017, only one SVP was fired, and one SVP was hired, within Mr. Charron's organization, the Plaintiff and Mr. Jackson, respectively. The Defendants have raised the affirmative defense that Plaintiff's termination was part of a company-wide reduction-in-force. Having determined that such restructuring plans are implemented at the EVP level, the hiring of Mr. Jackson on the same day as the termination of Plaintiff Barger is extremely relevant to the question of whether the "reduction-in-force" was a reduction-in-force.[2] It also raises the question of whether the nomenclature of a "reduction-in-force" is merely pretext for an illegal termination of the Plaintiff under the FMLA and ADA.

---

[1]  In ECF No. 54, Defendants sought additional time to seek discovery from non-parties to this lawsuit and to burden these third-parties with a short time frame to respond. By this letter Plaintiff merely is requesting to depose a senior executive of Defendant First Data, not impose any burdens on non-parties. Plaintiff should be granted similar time to complete the deposition of Mr. Jackson as Defendants were granted to depose two non-parties.

[2]  On August 22, 2018, First Data VP Benhardt testified as to Management Committee members self-funding new hires in January 2016 by finding available funds in their budget - one SVP fire could fund one SVP hire.

The Defendants have admitted in the Answer to the Complaint that Plaintiff's duties and responsibilities prior to taking FMLA leave were transferred to Ms. Robin Ording. The Plaintiff's job responsibilities did not disappear, but rather his duties were transferred to another employee while he was on leave. Plaintiff's title and compensation within Defendant Charron's budgetary authority appears to have been transferred to Mr. Jackson on January 13, 2017. In other words, Plaintiff's job, title and compensation all still exist.

Defense counsel initially indicated that they would not produce Mr. Jackson because other witnesses scheduled to be deposed could provide the information Plaintiff sought regarding the hiring of Mr. Jackson. To obtain the necessary information by other means, Plaintiff's counsel asked both Defendants Charron and Bisignano in their depositions questions as to the interviewing, hiring, and terms of hire of Mr. Jackson. Both Charron and Bisignano admitted being personally involved in the recruiting and interviewing of Mr. Jackson. However, neither Charron nor Bisignano could answer when the recruiting process began (both indicating in general a few months of interviews and negotiations occurred, but with no specificity) and neither was able to testify as to Mr. Jackson's compensation package at the initiation of his employment by First Data. See Exhibits C&D

Defendants admit that on November 19, 2016, Defendant Marino directed that Plaintiff be forced to take FMLA leave against his wishes. Charron and Bisignano admit the recruitment of Mr. Jackson began a few months prior to January 13, 2017. Josh King, a former employee of First Data, testified that the process for hiring Mr. Jackson took several months. See Exhibit E. This places the beginning of recruitment of Mr. Jackson around the same time as Plaintiff was forced to take leave and be removed from payroll to disability benefits.

On June 8, 2018, Plaintiff served his Notice of Intention to Take the Oral Deposition of First Data SVP EJ Jackson on July 3, 2018 in Palo Alto, California where Mr. Jackson is employed by First Data. See Exhibit A. On July 2, 2018, Plaintiff's counsel indicated to Defendants' counsel that Plaintiff intended to proceed with the deposition of Mr. Jackson on July 3, 2018. In response, on July 2, 2018, Defendants' counsel wrote by e-mail to Plaintiff's counsel:

> Let me make this crystal clear as we have done repeatedly in the past – EJ Jackson will not be produced for a deposition tomorrow in California nor will any counsel for First Data be in attendance.

On July 3, 2018, Plaintiff's counsel appeared at the designated time and place of the deposition and neither Mr. Jackson nor counsel for the Defendants was present. See Exhibit B.

Plaintiff has attempted to obtain the information needed through depositions of two defendants (Bisignano and Charron). Plaintiff has attempted to obtain the information through Requests for Production and Interrogatories. Defendant First Data has refused to produce documents or respond to interrogatories regarding the hiring of Mr. Jackson. See Exhibits F & G

With First Data's refusal to reply to written discovery and Defendant witnesses unable to provide the requested information, only Mr. Jackson will be able to answer Plaintiff's questions regarding (i) the timing of his recruitment in comparison to the timing of First Data forcing Plaintiff to take FMLA leave; (ii) his salary and compensation within Defendant Charron's

---

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204

organization on the date he was hired and Plaintiff fired, and (iii) the timing and reasoning behind his Tweets of January 13, 2017 announcing his employment with First Data.

      Under the standards of Rule 26(b)(2), the Court should compel First Data to produce Mr. Jackson for deposition and impose appropriate sanctions for failure to appear at a properly noticed deposition without filing a protective order. The deposition of Mr. Jackson is not cumulative or duplicative. Plaintiff attempted to obtain the discovery through other more convenient sources (Charron, Bisignano, RFP, Interrogatories) but was unable to discover the timing of recruitment of Mr. Jackson in comparison to the forcing of Plaintiff onto FMLA leave, and Mr. Jackson's salary funded from the elimination of Plaintiff's salary within Defendant Charron's organization and budget (which is the functional organization to be examined in evaluating any restructuring at First Data). There is very little burden or expense to Defendants. Mr. Jackson resides and works in the San Francisco Bay Area and Plaintiff is willing to go to San Francisco to take the deposition of Mr. Jackson. In fact, Plaintiff's counsel already did so, but Mr. Jackson did not show.

      With Defendants obstruction of deposition and written discovery, there is no other source of information to answer these questions other than Mr. Jackson himself. There is a small number of Senior Vice Presidents within Defendant Charron's organization. The hiring of one SVP and the firing of one SVP within that organization on the very same day, all the while maintaining a defense of a "reduction-in-force" for purposes of cost reduction, is evidence that should be available to any trier of fact to evaluate whether that explanation is pretext.

      Defense counsel represented Mr. Charron and Bisignano could respond to Plaintiff's questions regarding Mr. Jackson. Mr. Charron and Mr. Bisignano could not do so. Plaintiff has completed 9.25 depositions (30(b)(6) deposition remains to be completed). This case includes 6 defendants making the 10-deposition limitation overly restrictive,[3] as only four depositions of non-defendants were available, and numerous individuals were involved in the leave process and the alleged "reduction-in-force" process. Ten depositions are inadequate to discover all relevant evidence. Defendants Request for Extension to conduct <u>third-party</u> discovery during September was granted [ECF 54], it would not be a burden to allow Plaintiff an extra deposition to depose an officer of Defendant First Data complete his inquiry that has been stymied by Defendants in both the depositions of its CEO Bisignano and EVP Charron, and Defendants refusals to answer Requests for Production and Interrogatories. As an alternative, Plaintiff would seek that the Court compel First Data to respond to the Request for Production and Interrogatories set forth as Exhibits F & G.

                                          Very truly yours,
                                          <u>/s/ Shawn Shearer</u>
                                          Shawn Shearer
                                          Counsel for the Plaintiff[4]

Attachments

---

[3]     Also see footnote 5 of Plaintiff's Motion to Compel 30(b)(6) designations, filed simultaneously with this Motion, discussing the failure to designate as justification for granting one additional deposition.

[4]     By signing, for the reasons described above and in the attached exhibits, I certify that for purposes of Rule 37(a)(1) the Plaintiff has in good faith conferred or attempted to confer with First Data regarding the deposition of Mr. Jackson.