# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN B. BARGER,<br><br>                 Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, et al.,<br><br>                 Defendants. | Civil Action No. 1:17-cv-4869-FB-LB<br><br>**DEFENDANT FIRST DATA'S OBJECTIONS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of this District, Defendant First Data Corporation ("First Data"), by and through its undersigned attorneys, hereby answers the Second Set of Interrogatories propounded by Plaintiff Steven B. Barger ("Plaintiff" or "Barger") as follows:

## GENERAL OBJECTIONS

The following general objections apply to the interrogatories as a whole and to each interrogatory contained therein and shall be deemed incorporated by reference into each and every objection made herein to a specific interrogatory:

1. Defendant objects to the interrogatories to the extent they require or purport to require disclosure of information, materials, or documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, statute, law, or rule. Any statement herein to the effect that Defendant will provide information in response to an interrogatory is limited to information that does not fall within the scope of any relevant privilege.

specific objection to an interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of Defendant's right to assert that or any other objection at a later date.

11. Defendant objects to the interrogatories to the extent they are construed to be continuing in nature. Defendant assumes no obligation to supplement its answers to the interrogatories beyond their obligations specified in Fed. R. Civ. P. 26. Notwithstanding the foregoing, Defendant reserves the right to amend, modify, or supplement their responses made upon the receipt of new or clarifying information obtained during the course of this litigation. Defendant objects to the interrogatories to the extent they purport to require complete responses from Defendant within thirty (30) days of service. Defendant's investigation of the claims and defenses at issue in this Action is continuing; accordingly, Defendant's response to each interrogatory is based on information and documents presently available to it after reasonable inquiry, and Defendant expressly reserves the right to supplement these responses as necessary. In addition, Defendant's responses are given without prejudice to their rights to introduce as evidence at trial any subsequently discovered or unintentionally omitted information and/or documents.

12. Defendant objects to each interrogatory to the extent it is compound, or includes the use of discrete subparts, in violation of Fed. R. Civ. P. 33.

## SPECIFIC OBJECTIONS AND ANSWERS

**Interrogatory No 1:** Identify the approximate first date or week after September 6, 2016 on which a First Data officer (VP level or above) communicated (in writing, by phone, by e-mail, by text, or otherwise) with EJ Jackson regarding the potential for EJ Jackson being hired as an employee of First Data Corporation (this would include any formal or informal initial interviews by an officer of Mr. Jackson as a candidate for employment by First Data).

**Answer to Interrogatory No 1:** Defendant objects to Interrogatory No. 1 on the ground that it is harassing and seeks information that is not relevant to the underlying claims or defenses at issue in this case. Specifically, Mr. Jackson's employment with First Data is completely

4

irrelevant to the issues in this employment discrimination litigation. Plaintiff worked in a sales training group in Atlanta, a group entirely unrelated to Mr. Jackson's role with First Data. Further, the dates on which Defendant contacted Mr. Jackson about his role and Mr. Jackson's compensation, terms, and conditions of employment, are absolutely irrelevant to Plaintiff's claims of discrimination under the FMLA and ADA. Nor do those topics relate to Defendant's defense that Plaintiff was terminated as part of a reduction in force that impacted hundreds of First Data employees in the beginning of 2017.

Nothing in the record suggests that Mr. Jackson is at all relevant to any of the claims or defenses in this matter. Accordingly, Defendant views Plaintiff's request to seek information on Mr. Jackson as nothing but an attempt to intimidate and harass both Defendant and Mr. Jackson.

**Interrogatory No. 2:** Describe the terms of the compensation package offered to, and accepted by, EJ Jackson in connection with the commencement of his employment by First Data. A complete answer will include the initial compensation of EJ Jackson by First Data, including his initial annual salary, the terms of any annual bonuses or signing bonuses, any equity buy-out compensation, the amount and type of any equity awards, and any other compensation or benefits offered to, and accepted by, EJ Jackson.

**Answer to Interrogatory No. 2:** Defendant objects to Interrogatory No. 2 for the same reasons as set forth in Defendant's objection to Interrogatory No. 1.

    As To Objections,

    **SAUL EWING ARNSTEIN & LEHR LLP**
    *A Delaware LLP*

    */s/ Gary B. Eidelman*
    Gary B. Eidelman, Esq.
    (admitted *pro hac vice*)

500 E Pratt Street
Baltimore, Maryland 21202
T: (410) 332-8975
Gary.Eidelman@saul.com

Gillian A. Cooper, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-5021
Gillian.Cooper@saul.com

Lindsey C. Kennedy, Esq.
One PPG Place, Suite 3010
Pittsburgh, Pennsylvania 15222
T: (412) 209-2555
Lindsey.Kennedy@saul.com

*Attorneys for Defendants*

Dated:  August 3, 2018