

Gary B. Eidelman
Phone:  (410) 332-8975
Fax:  (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

August 24, 2018

**Via ECF and Federal Express**

Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Steven B. Barger v. First Data Corporation et al.*
             Civil Case No. 1:17-cv-4869
             Motion to Compel 30(b)(6) Witnesses

Dear Judge Bloom:

    Defendants oppose Plaintiff's Motion to Compel Defendant First Data Corporation to designate additional 30(b)(6) witnesses for the following reasons:

    1.    Plaintiff chose to list a dozen unrelated topics on his 30(b)(6) Notice to First Data, ranging from technology systems, SEC filings, and social media, to stock awards, disability programs, and legal holds, for which no sole corporate representative could be prepared testify. The tactic of listing numerous, distinct (and many irrelevant) 30(b)(6) topics to circumvent the Fed. R. Civ. P. 30(a)(2) 10 deposition limit has recently been the subject of scrutiny:

> A Rule 30(b)(6) deposition notice that is overly broad may necessitate designation of multiple witnesses and provide an avenue for getting around the presumptive ten-deposition limit. . . . At some point, however, an overly broad notice requiring multiple witnesses to testify may be deemed contrary to Rule 30's presumptive limit and to the goal of Federal Rule of Civil Procedure 1, which requires the Court and the parties to construe, administer, and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."

*Winfield v. City of New York*, 2018 WL 840085, at *4 (S.D.N.Y. Feb. 12, 2018). That is precisely what has occurred in this case as Mr. Shearer has noticed an astonishing 25+ fact and 30(b)(6) depositions, repeatedly doing so unilaterally without consultation with Defendants' counsel.[1]

---

[1] Unlike Mr. Shearer, Defendants have been mindful of Local Rule 26.4(a) which requires counsel to cooperate and be courteous in their dealing with each other relating to scheduling. As evidenced by the tenor and tone of much of Plaintiff's correspondence, only a smattering of which has been submitted to this Court, Plaintiff has most certainly

500 E. Pratt Street ♦ Suite 900 ♦ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

2.      There are no significant 30(b)(6) topics outstanding for which Plaintiff has not obtained relevant testimony. Specifically, Plaintiff moves to compel Defendants to designate witnesses to testify on Topics 1(c), 2(b), 3(a), 3(b), 3(d), and 4(a). Contrary to the motion, First Data repeatedly identified numerous witnesses to testify as to any number of Rule 30(b)(6) topics, only to have Mr. Shearer agree to the depositions and then cancel.

- Topic 1(c) (technology witness): During the June 12, 2018 telephone conference when the Court denied Plaintiff's first motion to compel and for sanctions, the Court ruled that First Data did not have to produce a witness to testify as to its technology systems. Nonetheless, Plaintiff has obtained testimony from numerous witnesses about the Good App (used for business email) and the VPN (used to login when out of the office) and that Plaintiff's access to these systems was disabled by the Company so that he could concentrate on his recovery.

- Topic 2(b) (social media): On April 10, 2018, Defendant offered to produce Oliver St. George, a First Data Communications Manager, to testify about First Data's social media and job postings.[2] St. George's deposition was scheduled for July 13, 2018, but Plaintiff decided not to depose him.[3] Regardless, Plaintiff testified that he never applied for any open job with First Data after he was terminated, so the Company's use of social media to list open jobs is irrelevant to his FMLA and ADA claims.[4]

- Topic 3(a) (short and long term disability): Plaintiff has not sued First Data for the denial of short or long term disability benefits under ERISA. Nonetheless, Plaintiff has been obsessed in seeking discovery on this topic, claiming that First Data and MetLife somehow conspired to deny him benefits even though he was paid STD and LTD. With respect to LTD, MetLife paid him over $41,000 in LTD benefits while he was being paid his full salary by First Data, which violates the plan. When asked why this money has not been returned to MetLife or reported on his taxes as income, Plaintiff testified that he gave the money to Mr. Shearer to put in his escrow account so in his view, he never cashed the checks.[5] Numerous witnesses have testified that employees are eligible for 90 days of STD after a 14-day waiting period and LTD is paid after STD is exhausted. Plaintiff misleads the Court when he claims that Matt Cagwin, First Data's Chief Accounting Officer, who was designated as a 30(b)(6) to testify as to SEC reporting and accounting issues was unable to answer his questions. Cagwin answered every single one of Mr. Shearer's questions, including detailed answers about how First Data handles restructuring charges and the Company's SEC Form 10k. Defendant is prepared to provide the Court with Cagwin's full transcript. The only answer Cagwin was unsure about was whether STD benefits

---

violated Rule 26.4. *See Hayes v. Brown*, 2006 WL 2009084 (E.D.N.Y. July 17, 2006).
[2] Letter dated April 10, 2018, titled "Letter to Shawn Shearer de deposition dates" at bullet point 3(c), **Exhibit A**.
[3] Letter dated June 17, 2018, titled "Letter to Shawn Shearer dated June 17, 2018" at bullet point 3, **Exhibit B**; Email dated July 5, 2018, titled "RE: Barger v. First Data – Notice of Deposition – Jennifer Voycheske" at 1:38 p.m. EST (Plaintiff repeatedly ignored Defendant's request for clarification on intent to depose St. George), **Exhibit C**; Email dated July 10, 2018, titled "RE: Barger v. First Data - 30(b)(6) Deposition Notice" at bullet point 5, **Exhibit D**.
[4] Barger Dep., 263:5-7, **Exhibit E**. Indeed, Barger testified that he has not applied to a single job *at any* company since his termination. *Id*. at 257:4-18.
[5] Barger Dep., Ex. E, 57:7-58:5; 61:14-64:9. Barger subpoenaed documents from MetLife and noticed it for yet another deposition, which to date has not taken place.

Honorable Lois Bloom, U.S.M.J.
August 24, 2018
Page 3

were paid out of the Company's coffers or by MetLife. Counsel cleared up this question by stipulation the next day.[6]

- Topic 3(b) (equity plans): Plaintiff sold all of his equity in First Data and Defendant has produced documents relating to his stock options and restricted stock units. Defendant inquired as to specific questions Barger has regarding the equity plans since the documents speak for themselves to see if the parties could stipulate, but Plaintiff never replied.[7] Defendant also suggested that Plaintiff serve an interrogatory on this topic, but he never did.[8]

- Topic 3(d) (FMLA and ADA): Plaintiff complains that First Data has not produced a 30(b)(6) witness to testify as to how FMLA and ADA leave is administered. The person in charge of First Data's leave management team is Jennifer Voycheske who personally handled Barger's FMLA leave. At one point, First Data offered to produce not only Voycheske, but also offered to have Amy Steffen (VP HR Service Center) and Stephanie Pulverenti (VP Benefits) travel to Dallas to testify on July 30th and 31st, but opposing counsel canceled those depositions. Thereafter, Voycheske's deposition was rescheduled for July 23, 2018, but Mr. Shearer cancelled it on July 20th.[9] Instead of deposing Voycheske (the person most knowledgeable about Barger's FMLA leave), Mr. Shearer instead deposed her supervisor Steffen this past Tuesday. Not surprisingly, Steffen deferred several questions about the day-to-day handling of FMLA leave to Voycheske. The only possible explanation for Mr. Shearer's decision not to depose Voycheske is his stated belief that Voycheske cannot be a 30(b)(6) witness since she is not an officer of First Data, a ludicrous claim. Besides Steffen, Plaintiff deposed five other members of the HR Department. Having made his choices about who to depose, Barger cannot complain that First Data needs to produce more witnesses on this or any other HR topic.

- Topic 4(a) (legal holds): Every First Data witness testified that he or she received and abided by a legal hold notice. There is no evidence of spoliation. Any further information concerning legal holds is privileged. *Tracy v. NVR, Inc.*, 2012 WL 1067889, at *6 (W.D.N.Y. Mar. 26, 2012) ("[L]itigation hold letters are generally protected from discovery as privileged or attorney-work product unless a preliminary showing of spoliation is made.").

For these reasons, the Court should deny the motion to compel 30(b)(6) witnesses.

Respectfully submitted,

*/s/ Gary B. Eidelman*

Gary B. Eidelman

cc: Counsel of Record (via ECF)

---

[6] Rhonda Johnson Dep., 8:25-13:2. Pursuant to the Confidentiality Order, ECF 23, the transcript of Johnson is marked confidential and will be filed under seal upon request by the Court.
[7] Email dated July 31, 2018, titled "RE: Barger v. First Data - Notice of Deposition - Kathy Benhardt," **Exhibit F.**
[8] Email dated August 1, 2018, titled "August 9 depositions" at bullet point 3(b), **Exhibit G**. Defendants fully responded to each of Plaintiff's 30(b)(6) topics in this email, as they have done here and many times before.
[9] Email dated July 20, 2018, titled "Barger v. First Data – Voycheske Deposition Postponement," **Exhibit H.**