# EXHIBIT C

| | |
|---|---|
| **From:** | Eidelman, Gary B. |
| **Sent:** | Thursday, July 05, 2018 1:38 PM |
| **To:** | 'Shawn Shearer' |
| **Cc:** | David Zeitlin; Cooper, Gillian A.; Kennedy, Lindsey C.; Eidelman, Gary B. |
| **Subject:** | RE: Barger v. First Data - Notice of Deposition - Jennifer Voycheske |

Shawn:

We will see you on July 23, 2018 for Ms. Voycheske's deposition in Omaha.  With the anticipated MetLife deposition, Plaintiff will be at 10 depositions which is the limit under Rule 30.
Given your lack of response regarding Oliver St. George, I am releasing him from his deposition on July 13, 2018.
Given your letter from yesterday, I am releasing Ms. Steffen and Ms. Pulverenti from depositions on July 30 and 31, 2018.
If for some reason these depositions need to be rescheduled, there is plenty of time to do so before the discovery cutoff.

**Gary B. Eidelman, Esq.**
Saul Ewing Arnstein & Lehr LLP
Office: 410.332.8975
Mobile: 410.303.8832

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Thursday, July 05, 2018 1:26 PM
**To:** Eidelman, Gary B.
**Cc:** David Zeitlin; Cooper, Gillian A.; Kennedy, Lindsey C.
**Subject:** Re: Barger v. First Data - Notice of Deposition - Jennifer Voycheske

Gary:

Very simply, I have a full day of questions for Ms. Voycheske regarding her own actions and her own knowledge.

If you would like to declare Ms. Voycheske as a 30(b)(6) witness, I will ask her questions again on July 30 or 31 and that testimony will be designated 30(b)(6) testimony. As you know, Rule 30(b)(6) provides:

> *Notice or Subpoena Directed to an Organization.* **In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.**

1

The 1993 Advisory Notes to 30(b)(6) with respect to the 10 deposition limit provides:

A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify.

The 2000 Advisory Notes to 30(b)(6) with respect to the hourly deposition limit provides:

For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.

If you would like to include Ms. Voycheske as your 30(b)(6) witness on the topics listed below, I will depose her a second time on July 30 or July 31 with any other witnesses you designate and bring to Dallas.

To be clear, the Plaintiff has chosen to notice Ms. Voycheske solely as a fact witness on July 23 for 7 hours. That testimony will not be 30(b)(6) testimony. Given the fact that the Defense chose to limit its 12(c) Response to the testimony of one witness and the actions of one person, Plaintiff's counsel has more than 7 hours of questions for Ms. Voycheske regarding her personal actions and personal knowledge, so July 23rd will be fact testimony only and therefore unavailable for designation as 30(b)(6) testimony.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE
On 7/5/2018 11:21 AM, Eidelman, Gary B. wrote:

> Shawn:
>
> In response to your letter from yesterday, I reject the accusation that First Data has not been identifying witnesses to testify as to Rule 30(b)(6) topics (more on that below).
>
> 1.    **Jennifer Voycheske.**  This will confirm Jennifer Voycheske's deposition for Monday, July 23, 2018 in Omaha, Nebraska.  In the Notice of Deposition for Ms. Voycheske, you advise that you plan to take her deposition as a fact witness. Because First Data had already designated her as a 30(b)(6) witness (along with others), might I also suggest that you cover the topics below during her deposition that she will be prepared to testify to:
>
> TOPIC 3 – HUMAN RESOURCES AND EMPLOYEE BENEFITS
>
>    (a)  *The processes that were available to Plaintiff to apply to receive First Data's disability insurance benefits, the process through which Plaintiff did apply to receive First Data's disability insurance benefits, and the terms of the disability insurance policies under which Plaintiff applied for benefits.*

---

2

    *(d) First Data's plans, policies and procedures for the implementation of FMLA, ADA, and other leave programs.*

We will consider Ms. Voycheske's deposition both as a fact witness and a 30(b)(6) witness to count as 1 deposition.

**2.**     <u>**Joe Plumeri**</u>**.** Per your letter, we are advising Joe Plumeri that his deposition scheduled for July 19, 2018 is canceled.

**3.**     <u>**Oliver St. George**</u>**.** We had previously identified Oliver St. George to testify as to the following 30(b)(6) topic:

<u>*TOPIC 2 – INFORMATION TECHNOLOGY*</u>

    *(b) First Data's processes and procedures for posting available employment opportunities at First Data, and removing filled or withdrawn positions, on employment sites (e.g. the Indeed web site referenced in Exhibit K to the Complaint) and employment opportunity postings on social media sites (e.g. the @FirstDataJobs Twitter account referenced in Exhibit K to the Complaint).*

Mr. St. George's deposition had been scheduled for Friday, July 13, 2018 in NYC, although no notice of deposition was ever issued. Based on your letter, we understand that you are opting not to take his deposition at this time. If we are incorrect with this understanding, <u>please let us know immediately as we are scheduling other matters for July 13, 2018</u>.

**4.**     <u>**MetLife**</u>**.** Please let us know when you serve MetLife with its subpoena for documents. In terms of scheduling any deposition for MetLife, based on your letter from yesterday regarding dates, <u>I have now scheduled other matters for Monday, July 30, 2018 so that date is no longer available</u>.

Thank you .



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*
\* Please note that our Firm name and my email address have changed.

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Wednesday, July 04, 2018 5:02 PM
**To:** Eidelman, Gary B.; Cooper, Gillian A.; Kennedy, Lindsey C.
**Cc:** David Zeitlin
**Subject:** Barger v. First Data - Notice of Deposition - Jennifer Voycheske

3

Gary – Given the inability of First Data to clearly designate 30(b)(6) witnesses as 30(b)(6) witnesses, I am going to proceed to depose Ms. Jennifer Voycheske. Attached is a notice of deposition for Ms. Voycheske on July 23, 2018.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE


"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+