# EXHIBIT D

| | |
|---|---|
| **From:** | Eidelman, Gary B. |
| **Sent:** | Tuesday, July 10, 2018 7:10 PM |
| **To:** | 'Shawn Shearer' |
| **Cc:** | David Zeitlin; Cooper, Gillian A.; Kennedy, Lindsey C. |
| **Subject:** | RE: Barger v. First Data - 30(b)(6) Deposition Notice |

Shawn:

I respond to your latest email as follows:

1.      Your new and revised Rule 30(b)(6) notice did not contain an Exhibit A. We presume that the Exhibit A from the last Rule 30(b)(6) notice dated May 22, 2018 is applicable.

2.      You contend that depositions were scheduled for June 7 and 8, 2018 in Omaha.  Perhaps you did not hear Judge Bloom tell you during the phone conference on June 12, 2018 that under no circumstances given the correspondence you received from this office, could you have reasonably expected First Data to produce witnesses on those dates. Perhaps you have also forgotten that she denied your motion to compel and motion for sanctions.

3.      With today's notice, you unilaterally scheduled depositions on July 30 and 31, 2018 when last week, on July 4, 2018, you canceled the depositions of Jennifer Voycheske, Amy Steffen and Stephanie Pulverenti, all of whom had been previously been identified by First Data as designees for topics related to FMLA, ADA, and other leave and benefit issues. We even offered to bring these witnesses to Dallas as an accommodation to you. At your request, we have since agreed to reschedule Jennifer Voycheske's deposition for July 23, 2018 in Omaha. I even generously offered to have Ms. Voycheske testify on July 23 about 30(b)(6) topics 3(a) and 3(d) but you rejected that offer, claiming that you have 7 hours of questions to ask her as a fact witness that do not relate to those topics. I believe the exact words you used were "[i]t won't."

4.      With respect to your latest 30(b)(6) notice, I have told you on several occasions following receipt of your July 4, 2018 letter that July 30 and 31 are no longer available but you seem to just ignore or forget.  We are not available on those dates and will not produce any witnesses on those dates.

5.      In your notice, you have the audacity to demand that First Data produce a witness to testify as to topic 2(b).  We long ago designated Oliver St. George to testify as to this topic and we subsequently agreed that his deposition would take place on July 13, 2018 in NYC. Since that time, no notice of deposition was received for Mr. St. George and I repeatedly tried to confirm that you would take his deposition on July 13. You never responded once to my inquiry. Accordingly, we advised Mr. St. George that his deposition was canceled and we are no longer available this Friday.

6.      You apparently do not understand Fed.R.Civ.P. 30(a)(2)(A) which provides that a party must obtain leave of court to take more than 10 depositions in federal court. Judge Bloom also referred to Rule 30(a) during the telephone conference. With Ms. Voycheske's deposition and your intended deposition of third party MetLife (which your July 4 letter referred to as "Plaintiff's Deposition Number 10"), **Mr. Barger is at 10 depositions:** Ording, Whalen, King, Marino, Johnson, Charron, Cagwin and Bisignano. Absent a court order, we will not produce any additional witnesses for deposition.

So there is no misunderstanding:

- You never confirmed Mr. St. George's deposition for July 13, 2018 so we will not be in NYC this Friday. July 13 is no longer available.
- You canceled Joe Plumeri's deposition for July 19, 2018 so we will not be in NYC that day. July 19 is no longer available.
- You postponed Steve Barger's deposition from July 20, 2018 until August 10, 2018.  July 20 is no longer available.
- On July 4, 2018, you canceled 30(b)(6) depositions scheduled for July 30 and 31, 2018 in Dallas. July 30 and 31 are no longer available.
- Your client is at the limit of depositions provided for by Rule 30 of the Federal Rules of Civil Procedure.  You can continue to unilaterally pick deposition dates, but our position will remain consistent with the Federal Rules.

I will see you on July 23, 2018 in Omaha for Ms. Voycheske's deposition. I will see you in NYC on August 10, 2018 for the Plaintiff's deposition.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

**WISE:**
Workplace Initiatives and Strategies for Employers

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*
\* Please note that our Firm name and my email address have changed.

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Tuesday, July 10, 2018 5:55 PM
**To:** Eidelman, Gary B.; Kennedy, Lindsey C.; Cooper, Gillian A.
**Cc:** David Zeitlin
**Subject:** Barger v. First Data - 30(b)(6) Deposition Notice

Gary, Gillian & Lindsey – As you know, on May 22, 2018, a Notice of Rule 30(b)(6) Depositions was served on First Data for depositions to occur on June 7 & 8. Those depositions did not occur. That notice remains outstanding and the 30(b)(6) depositions still need to occur on the remaining Topics. Attached is a new Notice of Rule 30(b)(6) Deposition (Revised) setting those already existing, noticed depositions for July 30 & 31 on the remaining issues (HR/Benefits, Social Media, and RIF Documentation). Plaintiff agrees that Mr. Cagwin covered Topic 1 on accounting, the Court did not authorize depositions on HR IT (Topic 2(a)), and Plaintiff has agreed not to seek corporate governance testimony on Topic 4(a).

First Data should have made its designations prior to the June 7 & 8 depositions, but it still has not done so. If First Data would make its designations in writing, and set forth the limitations, if any, on the noticed topics that each designee will be prepared to address, we may be able to work out alternative plans for dates and locations. But, until First Data's

designations occur and we agree on alternative plans, the Plaintiff must proceed to schedule those 30(b)(6) in the EDNY. July 30 & 31 have been selected as those were the dates previously agreed, then revoked by First Data, for the 30(b)(6) depositions to occur.

The lack of designation and the quickly expiring discovery period leaves Plaintiff no option other than to set the 30(b)(6) deposition on the calendar.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE