**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

August 29, 2018

<u>Via ECF</u>
Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
22 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Steven Barger v. First Data Corporation et al.*, Civil Case No. 1:17-cv-4869
     Motion to Compel Production – Voychekse Prior Sworn Testimony

Dear Judge Bloom:

  This is a FMLA & ADA case asserting damages including lost income and equity. The Defendants have filed with this Court two sworn declarations of Ms. Jennifer Voycheske, a non-officer, manager, of Defendant First Data's leave management team [ECF No. 37-1, and ECF No. 51], copies of which are attached hereto as <u>Exhibits</u> A & B. In these declarations, Ms. Voycheske, under oath, relies upon First Data's computer systems and screenshots of tables from those systems (and those allegedly from third-party administrators). Attached as <u>Exhibit</u> C is the screenshot that is Exhibit 7 to the Voycheske declarations in this case.

  In the case of *Jessica Fountain v. First Data Merchant Services* (United States District Court for the District of New Hampshire, Case No. 1:14-cv- 00121-LM)("*Fountain*"), Ms. Fountain sued a wholly-owned subsidiary of First Data alleging violations of the FMLA. In *Fountain*, First Data filed a Motion for Summary Judgment and in its Memorandum in Support of that Motion, First Data submitted portions of the transcript of Ms. Voychekse's deposition taken in the case. <u>Exhibit</u> D. Ms. Voycheske testimony in *Fountain* was that First Data's leave records were inaccurate and that a table from First Data's systems was not an accurate description of facts. She also testified that approval of leave in *Fountain* was improper, despite contrary records, and leave was inaccurately granted. She makes similar assertions as to accuracy of leave records and the making of changes to approved leave in both her declarations submitted in the *Barger* litigation.

  In both *Fountain* and *Barger*, Ms. Voycheske testifies as to her unilateral changes to FMLA leave designations communicated to employees. However, in this case, *Barger v. First Data*, Ms. Voycheske relies upon very similar business records being completely accurate (after she changed them) as justification for her actions. Compare the exhibit to her sworn declaration in *Barger* statement, asserted to be accurate, with the exhibit in *Fountain* sworn by Ms. Voycheske to be inaccurate. <u>Exhibit</u> E. The contradictory testimony of Ms. Voycheske in *Fountain* compared with that in *Barger* is directly relevant to Ms. Voycheske's veracity in signing the sworn declarations in this case. The similar testimony in both cases, Ms. Voycheske changing leave determinations unilaterally, also is evidence of a pattern or practice of First Data against the interest of employees requesting FMLA leave through retroactive modifications of records.

  *Fountain* sued First Data for violations of the FMLA in part because of the manner in which Ms. Voycheske and First Data calculated and implemented her FMLA leave requested. Ms. Voycheske testified in *Fountain* regarding recordkeeping snafus at First Data and the inaccuracy of First Data's systems and the fact that the FMLA records in the system are

incorrect. This testimony was taken just a year prior to the date on which Plaintiff Barger requested leave.

     Ms. Voycheske now testifies in *Barger* that the recordkeeping and processing of Plaintiff's leave was again a snafu, but this time, Ms. Voycheske insists that the corporate records created by her in January 2017 are accurate, but those created by her in December 2016 are not accurate. The underlying legal issues and admissions by Ms. Voycheske in both cases is substantially similar. First Data previously raised a nearly identical defense to that being raised in this case based on the testimony of the same witness. There is more than enough similarity and pattern that any trier of fact must question whether Ms. Voycheske's pattern of after-the-fact changes, modification, and disavowals of prior records is solely for purposes of raising a defense to FMLA claims, and whether these patterns temper or taint her sworn statements. The trier of fact should take these facts into account in evaluating her testimony in Plaintiff Barger's case and therefore discovery is warranted under Rule 26.

     The entirety of Ms. Voycheske's sworn testimony in *Fountain*, not just the selections of her deposition filed in connection with First Data's summary judgment briefing in *Fountain*, is needed by the Plaintiff to evaluate the differences in Ms. Voycheske's conclusions as to why First Data's leave records <u>should not be relied upon</u> (*Fountain*) and why First Data's leave records <u>should be relied upon</u> (*Barger*). The production also demonstrates a pattern of leave denials after-the-fact to the detriment of employees, and goes to Ms. Voycheske's veracity – veracity of which was put at issue by Defendants' by submitting her two sworn declarations in this case

     By request for production, Plaintiff requested complete copies of all sworn testimony of Ms. Voycheske in the *Fountain* case (depositions, declarations, affidavits, etc.). Defendants refused to produce the sworn testimony of Ms. Voycheske in *Fountain*.[1] See <u>Exhibit</u> F. After Plaintiff received First Data's refusal to produce complete transcripts of Ms. Voycheske's testimony in *Fountain*, Plaintiff's counsel, by letter dated August 8, 2018, demanded production of those documents over Defendant's objections. See <u>Exhibit</u> G. Plaintiff's counsel received no response for Defendants to this demand for production. On August 25, 2018, by e-mail, Plaintiff's counsel again demanded production of Ms. Voycheske's sworn deposition testimony in *Fountain*. See <u>Exhibit</u> H. On August 27, 2018, by e-mail Defendant's counsel indicated a written response would be forthcoming, but none has been received as of the evening of August 29, 2018 and fact discovery closes on August 31, 2018. Therefore, Plaintiff is filing this motion.

     As evident from her testimony available in the *Fountain* and *Barger* records, Ms. Voycheske has a habit of modifying data in First Data's leave management systems for purposes of changing leave dates and denying previously designated leaves of absence.[2] Ms. Voycheske

---

[1] Defendant's reliance on *Godson v. Eltman, Eltman & Cooper, P.C.* 2017 WL 77109 *2 (WDNY Jan. 9 2017) in its response to the RFP is inapplicable. The claims in *Fountain* and *Barger* are the same (FMLA), the defendant is the same, the testimony of the witness is similar (in both cases Ms. Voycheske testifies as to changing previously documented leave approvals). None of these similarities were present in *Godson* – different defendants, different factual basis for claims, and the issues were not similar (*Godson* being a fishing expedition for pre-certification class members).

[2] Ms. Voycheske is a manager level employee of First Data, she is not an officer of First Data. In both *Fountain* and *Barger*, First Data attempts to manufacture an issue of fact by bringing Ms. Voyckekse's testimony that corporate leave records and communications of leave approval to employees were inaccurate. In *Barger*, she unilaterally

testifies in *Fountain* that the similar screenshots upon which she relies in *Barger* are inaccurate The *Fountain* testimony was taken only a year prior to the date on which Mr. Barger requested leave, and Ms. Voycheske testifies in *Barger* that the recordkeeping, designation, and documentation of Mr. Barger's leave was again a snafu, but this time, Ms. Voycheske insists that the corporate records of First Data are accurate. The entirety of Ms. Voycheske's transcript, not just the selections filed in connection with the summary judgment briefing.

Ms. Voycheske's testimony in *Fountain* is not burdensome to produce. By placing Ms. Voycheske front and center in the *Barger* case through both of her sworn declarations already filed to support First Data's date recounting and modification defense, the production is proportionate to the needs of the case, if not essential to one of the asserted defenses. Ms. Voycheske attempts to provide a complete defense by unilaterally changing dates of approved leave despite records held by the company to the contrary.

Ms. Voycheske's *Fountain* testimony goes directly to the relevant issues of (i) her veracity, (ii) questions of First Data's intentional conduct, and (iii) a pattern of recordkeeping snafus inside of First Data resolved against employees on leave. In addition, her prior testimony may be admissible hearsay at trial (*Hertz v. Grahm*, 23 F.R.D. 17 (SDNY 1958), making its discovery reasonable, whether or not admissible, given the importance of Ms. Voycheske's testimony to a primary defense raised in this *Barger* case.

Plaintiff requests that the Court order Defendant First Data to immediately produce the following documents (all responsive to Plaintiff's Request for Production that has been outstanding since July 8, 2018 – Exhibit F):

- The entire transcript of all depositions of First Data employee Ms. Jennifer Voycheske taken in the *Fountain* case.

- The entire transcript of the direct and cross-examination testimony, and questioning, of Ms. Jennifer Voycheske in the *Fountain* case.

- All sworn affidavits, declarations and similar sworn documents executed by Ms. Jennifer Voycheske in the *Fountain* case.

Very truly yours,
/s/ Shawn Shearer
Shawn Shearer
Counsel for the Plaintiff[3]

---

changed records to be "accurate" in her uninformed knowledge of the facts transpiring outside of her office over the six-months prior to Mr. Barger being forced to take leave (she simply changed the forms to indicate what First Data wanted), and in *Fountain*'s case, she testified that First Data's records were just simply inaccurate in her unilateral judgment and that those records were not to be believed or relied upon. In both cases, at some point in time, First Data's leave approval records indicated leave had been approved and, in both cases, First Data offers a non-officer manager to testify that she alone can see the light and correct the records previously indicating leave had been approved by management of First Data. The parallels of records revisions and authority abuses by a manager level employee demonstrate a consistent theme for First Data's defenses of habitual FMLA violations. Violate the FMLA and then bring in Ms. Voycheske to deliver what ever testimony is needed to disavow records and processes.

[3] By signing, for the reasons described above and in the attached exhibits, I certify that for purposes of Rule 37(a)(1) the Plaintiff has in good faith conferred or attempted to confer with First Data regarding the production of Ms. Voycheske's testimony in *Fountain* subject of this letter motion.