# EXHIBIT G

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

---

August 8, 2018

**Via Electronic Mail**

Gary Eidelman
Saul Ewing Arnstein & Lehr LLP
500 Pratt Street, Suite 900
Baltimore, MD 21022-3133

    Re:    *Steven B. Barger v. First Data Corporation et al.*
               Civil Case No. *1:17-cv-4869*

Dear Gary:

      I have received Defendant First Data's Answers and Objections to Plaintiff's Fifth Set of Requests for Production of Documents. As more fully described below, all of Defendant First Data's Answers and Objections are deficient in that they are unresponsive and/or incomplete. This letter addresses outstanding discovery issues with Defendant First Data's discovery responses in a good faith effort to resolve these disputes without the need for motion practice.

1. **DEFICIENCIES IN DEFENDANT FIRST DATA'S ANSWERS AND OBJECTIONS TO DEFENDANT FIRST DATA CORPORATION'S SEVENTH SET OF REQUEST FOR PRODUCTION OF DOCUMENTS**

      **Document Request No. 1:** Produce the entire transcript of all depositions of First Data employee Ms. Jennifer Voycheske taken in the case of Jessica Fountain v. First Data Merchant Services (United States District Court for the District of New Hampshire, Case No. 1:14-cv- 00121-LM).

Defendant First Data's response to Request No. 1 was as follows:

      **Response to Request No. 1:** Defendant objects to the request as it is seeks documents that are not relevant to the underlying claims or defenses. Defendant further objects on the grounds that deposition testimony by a witness in an unrelated case is not relevant to the claims or defenses at issue in this case. *See Godson v. Eltman, Eltman & Cooper, PC*, No. 11-CV- 0764S(SR), 2017 WL 77109, at *2 (W.D.N.Y. Jan. 9, 2017) (granting defendant's motion for protective order where plaintiff sought depositions

Gary Eidelman
August 8, 2018										Page 2

>transcripts from another lawsuit); *see also Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. CIV.A. 08-4168 MLC, 2012 WL 628320, at *4 (D.N.J. Feb. 27, 2012) (denying plaintiff's motion to compel defendant to produce deposition transcripts from prior case).

The Defendant's response to Document Requests No. 2 & 3 simply referred to the Defendant's response to Document Request No. 1.

>**Document Request No. 2:** Produce the entire transcript of the direct and crossexamination testimony, and questioning, of Ms. Jennifer Voycheske in the case of Jessica Fountain v. First Data Merchant Services (United States District Court for the District of New Hampshire, Case No. 1:14-cv-00121-LM).
>
>**Response to Request No. 2:** Defendant incorporates by reference its response to Request No. 1. Subject to the General Objections and stated specific objections, none.
>
>**Document Request No. 3:** Produce all sworn affidavits, declarations and similar sworn documents executed by Ms. Jennifer Voycheske in the case of Jessica Fountain v. First Data Merchant Services (United States District Court for the District of New Hampshire, Case No. 1:14-cv-00121-LM).
>
>**Response to Request No. 3:** Defendant incorporates by reference its response to Request No. 1. Subject to the General Objections and stated specific objections, none.

In this case, in support of Defendant First Data's Opposition to Plaintiff's Motion for Partial Summary Judgment pursuant to Rule 12(c) [ECF No. 31], Defendants submitted a sworn Declaration of Jennifer Voycheske [ECF No.31-1 at page 29] and subsequently submitted a Supplemental Declaration of Ms. Jennifer Voycheske [ECF No. 51]. In both declarations, Ms. Voycheske addresses issues regarding her handling of First Data's leave and short-term disability management systems and she testifies as to her unilateral decisions to change dates of leave within Frist Data's systems. In addition, Ms. Voycheske, in support of both declarations, attaches screen shots of First Data's and MetLife's systems.

Defendant's reliance on *Godson v. Eltman, Eltman & Cooper, P.C.* is in opposite. *Fountain* sued First Data for violations of the FMLA in the manner in which Ms. Voycheske and First Data calculated and implemented her FMLA leave request. Ms. Voycheske testified in that case regarding recordkeeping snafus at First Data and the inaccuracy of First Data's systems and the fact that the FMLA records in the system are incorrect. This testimony was taken just a year prior to the date on which Mr. Barger requested leave and Ms. Voycheske now testifies the recordkeeping and completion for Mr. Barger was again a snafu, but this time, Ms. Voycheske

Gary Eidelman
August 8, 2018                                                                                                          Page 3

insists that the corporate records of First Data are accurate.  The entirety of Ms. Voycheske's transcript, not just the selections filed in connection with the summary judgment briefing.

Ms. Voycheske testified as to similar confusion in her deposition in *Fountain v First Data*. For example, attached as <u>Exhibit</u> A to this letter is a portion of the transcript of her testimony that was attached to Plaintiff Fountains summary judgment filings in that case.  As is obvious, Ms. Voycheske has a habit of modifying data in First Data's systems for purposes of changing leave dates. Ms. Voycheske also testifies in *Fountain* that the same screenshots upon which she relies in *Barger* are inaccurate. Ms. Voycheske's prior inconsistent testimony on exactly the same internal processes and procedures in both *Fountain* and *Barger* is directly relevant to all of the issues involved in the *Barger* case.

Ms. Voycheske's has testified in both *Fountain* and now *Barger* as to First Data's confusing FMLA documentation process.  And, in both cases, Ms. Voycheske resolved the confusion in favor of First Data, although for completely opposite reasons. In *Fountain* one way Ms. Voycheske testified that First Data's records were inaccurate and should not control.  Then, now in *Barger*, Ms. Voycheske resolves the confusion in First Data's favor by unilaterally changing First Data's records and then testifying that the records are accurate, infallible, and to be relied upon in her decision to modify Plaintiff Barger's FMLA leave and rights.

Defendants must produce the entire copy of Ms. Voycheske's *Fountain*  deposition testimony with exhibits, as well as any other sworn testimony she provided in *Fountain* as set forth in Requests No. 2 & 3. Plaintiff is hopeful that we can resolve these discovery disputes without the involvement of the Court. Kindly advise within 10 days whether you will agree to produce the entirety of Ms. Voycheske's deposition testimony in the *Fountain* case.

                                             Very truly yours,

                                             Shawn E. Shearer

Gary Eidelman  
August 8, 2018      Page 4

cc:    Gillian Cooper  
        Lindsey Kennedy  
        David Zeitlin

Attachment

Case 1:17-cv-04869-FB-LB   Document 59-7   Filed 08/29/18   Page 5 of 5 PageID #: 1087