

Gary B. Eidelman

Phone: (410) 332-8975

Fax: (410) 332-8976

Gary.Eidelman@saul.com

www.saul.com

September 17, 2018

**<u>Via ECF and Federal Express</u>**

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re:**    ***Steven B. Barger v. First Data Corporation et al.***
                **Civil Case No. 1:17-cv-4869**
                **Request for limited extension of discovery period**

Dear Judge Bloom:

On August 17, 2018, the Court granted Defendants' Motion for Extension of Time to Complete Discovery so that Defendants could depose Plaintiff's accountant Phillip D. Morgan and Plaintiff's son Grant S. Barger who ran Barger Group LLC. We subpoenaed both Morgan and G. Barger to testify and bring documents to depositions that were scheduled for today. I contacted both of them several times by various means to confirm the depositions and/or discuss alternative dates, but did not receive a response confirming their attendance. *See* Exhibit A.

Last Friday, September 14, 2018, G. Barger, appearing *pro se*, filed a Motion to Quash and for Protective Order in the United States District Court for the Northern District of Alabama, Case No. 2:18-mc-01491-KOB, ostensibly on behalf of both himself and Morgan, a copy of which is attached as Exhibit B. Among other things, G. Barger argues that the subpoenas should be quashed on the basis that First Data is somehow his competitor and that his "trade secrets" must be protected. G. Barger also claims that First Data poached his largest revenue generator when it hired his father.

After receiving the Motion to Quash and for Protective Order, I immediately emailed G. Barger and Morgan advising that the depositions scheduled today would be continued/postponed pending the outcome of their motion and our likely motion to compel. *See* Exhibit C. We intend to oppose the Motion to Quash and for Protective Order and file a Motion to Compel this week. However, we expect that this process in Northern District of Alabama may not be completed by September 28, 2018, the discovery cutoff in this case.

500 E. Pratt Street ◆ Suite 900 ◆ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ◆ Fax: (410) 332-8862

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Hon. Lois Bloom
September 17, 2018
Page 2

In addition to the outstanding depositions of G. Morgan and Barger, First Data has moved to compel the deposition of Julie Kelly by commencing a miscellaneous action in the United States District Court for the Southern District of Ohio, Case No. 1:18-mc-00010-SJD-SKB. *See* Case Docket, Exhibit D. Kelly, who resides more than 100 miles from Brooklyn, was supervised by Plaintiff during her employment at First Data and we believe has knowledge relevant to his performance. Kelly resigned from employment at First Data in late 2017.[1]

In Ohio action, the Court held a telephonic hearing on First Data's motion to compel on August 14, 2018, and entered an minute entry memorializing that Kelly agreed to appear for her deposition on August 31, 2018.[2] Kelly failed to appear for her deposition on August 31, 2018, and instead filed a motion for protective order less than an hour before the deposition was to commence. The Court in the S.D. of Ohio has scheduled another telephonic hearing on September 18, 2018, at which time Defendants anticipate that the Court will order Kelly to appear for her deposition. It is unlikely that the parties will be able to find a mutually agreeable date before the close of discovery in this case on September 28, 2018.

Under the circumstances, Defendants request that the Court extend discovery for the limited purposes of completing the depositions of Morgan, G. Barger, and Kelly beyond September 28, 2018, but that all other fact discovery and production of any expert reports be completed by September 28, 2018. This limited extension will not impact the October 12, 2018 deadline for the Defendants to advise Judge Block of our intention to file for summary judgment. Plaintiff will not be prejudiced by this request because it merely extends discovery for the limited purpose of completing depositions that had already been approved. This request does not otherwise affect any deadlines set by the Court.

Thank you for your consideration.

Respectfully submitted,

*/s/ Gary B. Eidelman*
Gary B. Eidelman

Enclosures

cc:      Counsel of Record (via ECF)

---

[1] First Data identified Kelly on its Initial Disclosures as a witness having knowledge as to Barger's employment. After this litigation began, Kelly filed a charge of discrimination against First Data with the Ohio Commission on Civil Rights claiming that even though she quit, she is entitled to severance. Her counsel in that matter is none other than Shawn Shearer, Esq.

[2] Kelly and Shearer have repeatedly represented to the Court in Ohio that he is not representing her in connection with her deposition is the Barger case.

# EXHIBIT A

**From:**             Eidelman, Gary B.
**Sent:**             Wednesday, September 12, 2018 6:01 PM
**Subject:**         Barger v. First Data Corporation et al.
**Attachments:**   24869209-v1-Letter to P Morgan dated 9 12 2018.pdf

**To:** pmorgan@morgancpas.com
**Cc:** shawn@shearerlaw.pro; David@zeitlinlawfirm.com; Cooper, Gillian A.; Kennedy, Lindsey C.

Dear Mr. Morgan:

Please see the attached letter which will also arrive by overnight mail. I also left a message with your office today. Thank you.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com



*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, **here***



Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

September 12, 2018

**VIA ELECTRONIC AND OVERNIGHT MAIL**

Phillip D. Morgan
Phillip Morgan & Company, P.C.
3176 Cahaba Heights Road, Suite 100
Birmingham, Alabama 35243

> Re:   ***Steven B. Barger v. First Data Corporation et al.***
> **United States District Court for the Eastern District of New York**
> **Civil Case No. 1:17-cv-4869**
> **Deposition of Phillip Morgan & Company, P.C.**

Dear Mr. Morgan:

As you know, we represent the Defendants in the above-referenced action. Unfortunately, we have missed one another and we have been unable to discuss the notice of deposition and accompanying subpoena scheduling your deposition for this coming Monday, September 17, 2018 at 10:00 a.m. in Birmingham, Alabama. Is that date available for you? If so, do you intend to appear with the documents that have been subpoenaed? Can you advise me immediately whether you intend to appear for the deposition as scheduled, appear on a different date or move for a protective order? I would hate to make a trip to Birmingham for the deposition only to have you not appear.

If you are represented by legal counsel, please let me know.

Thank you for your consideration.

Very truly yours,

Gary B. Eidelman

cc:   Counsel of Record (via electronic mail)

**From:** Eidelman, Gary B.
**Sent:** Wednesday, September 12, 2018 6:11 PM
**Subject:** Barger v. First Data Corporation et al.
**Attachments:** 24869218-v1-Letter to Grant Barger dated 9 12 2018.pdf

**To:** barger.grant@gmail.com
**Cc:** shawn@shearerlaw.pro; David@zeitlinlawfirm.com; Cooper, Gillian A.; Kennedy, Lindsey C.

Dear Mr. Barger:

As a follow up to our email exchange last evening, please see the attached letter which will also arrive by overnight mail.  Thank you.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com



*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*



Gary B. Eidelman
Phone:  (410) 332-8975
Fax:  (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

September 12, 2018

**VIA ELECTRONIC AND OVERNIGHT MAIL**
Grant Barger
6200 Foxwood Trail
Birmingham, Alabama 35242

> Re:  ***Steven B. Barger v. First Data Corporation et al.***
> **United States District Court for the Eastern District of New York**
> **Civil Case No. 1:17-cv-4869**

Dear Mr. Barger:

As a follow up to my email from last evening, we represent the Defendants in the above-referenced action. Unfortunately, we have been unable to discuss the notice of deposition and accompanying subpoena scheduling your deposition for this coming Monday, September 17, 2018 at 2:00 p.m. in Birmingham, Alabama. Is that date available for you? If so, do you intend to appear with the documents that have been subpoenaed? Can you advise me immediately whether you intend to appear for the deposition as scheduled, appear on a different date or move for a protective order? I would hate to make a trip to Birmingham for the deposition only to have you not appear.

If you are represented by legal counsel, please let me know.

Thank you for your consideration.

Very truly yours,

Gary B. Eidelman

Enclosures

cc:     Counsel of Record (via electronic mail)

Centre Square West ♦ 1500 Market Street, 38th Floor ♦ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

| | |
|---|---|
| **From:** | Eidelman, Gary B. |
| **Sent:** | Tuesday, September 11, 2018 10:44 PM |
| **Subject:** | RE: Joe |

**To:** Grant Barger
**Cc:** shawn@shearerlaw.pro; Kennedy, Lindsey C.; Cooper, Gillian A.

Mr. Barger:

This will acknowledge receipt of your email.

My Firm represents Defendants First Data Corporation, Frank Bisignano, Dan Charron, Tony Marino, Karen Whalen and Rhonda Johnson  who your father sued in the United States District Court for the Eastern District of New York as indicated on the deposition notice and subpoena. I don't know who has given you the idea that I am Joe Plumeri's lawyer.  Mr. Plumeri is not a party in this case.

Your father testified at his deposition about work he apparently did on behalf of Barger Consulting prior to joining First Data. Judge Bloom, the Magistrate Judge assigned to this case, has extended the discovery period in your father's case to allow us to take additional depositions as a result of his testimony, including your deposition and that of your company Barger Consulting LLC. You and your company have been served with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure compelling you to attend a deposition on September 17, 2018 in Birmingham. I understand that you and Barger Consulting were served on September 8, 2018. We scheduled the depositions for the same time to minimize the inconvenience. I do not expect the depositions to take that long. If September 17 is not convenient, I am willing to discuss alternative dates but that needs to happen ASAP given that discovery closes on September 28, 2018.

Please contact me tomorrow to discuss. If you have legal counsel and would like me to speak with them instead, please advise.  Thank you for your time and cooperation.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

**WISE:**
**Workplace Initiatives and Strategies for Employers**

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Tuesday, September 11, 2018 10:10 PM

1

**To:** Eidelman, Gary B.
**Cc:** shawn@shearerlaw.pro
**Subject:** Joe

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**


Mr. Eidelman,
I contacted you by email on August 14th after I found out that you wanted to speak to me about a former contractor of mine, Steve Barger. I understand that you are Joe Plumeri's lawyer.
I think you must have misunderstood my email because I received court papers that say you want to talk to me on September 17th. I never said I was available on September 17th. I said I was available on August 17th. You never confirmed any date or contacted me using the email I provided you. Instead, at 7:30 at night on Saturday September 8th (23 days later), you sent me these court papers full of demands that I have no Idea why you want or what they have to do with Steve Barger and Joe Plumeri.

I've known Joe for over thirty years. If you wanted to ask me questions about Joe, why not just use my email and ask? Why the cloak and dagger drama of demanding a bunch of papers that I never agreed to give? I don't get it.

I am sorry if you thought I meant September 17th, I thought I made myself pretty clear in the email that it was August 17th. Why let three weeks go by and not bother to email me and ask if I'm available? That makes no sense. I gave you my email for a reason.

Obviously, I am not going to give you any papers, again, why the high drama?
You have my email. You chose instead to send me court papers and give me three days to get you my private papers? Why?

I need a few days to get my head around this. You clearly misunderstood what I told you. I said August 17th. I have no idea why you decided to burden me at the last minute, why not  just communicate like a normal business person. I gave you my email so you would use it.

Even though you didn't give me the respect of a fast reply or ever tell me you were coming, I am giving you the courtesy of a fast reply. September 17th is less than a week away. You have had my email for nearly four weeks. I am not available to you on that day and will let you know what I decide about my legal options by the end of this week.

Grant Barger

# EXHIBIT B

FILED

2018 Sep-13  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
## for the
# NORTHERN DISTRICT OF ALABAMA

Plaintiff. GRANT BARGER

          v.

Saul Ewing
Arnstein and LEHR LLP
(Gary B. Eidelman)

      Civil Action No. **EDNY: 1:17-cv-04869-FB-LB**

      **2:18-mc-01491-KOB**

### MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

I am Grant S. Barger and I am appearing "pro se" in front of this Court to request both a "Motion to Quash" and a "Motion for Protective Order" for two subpoenas I received on September 8, 2018 at 7:30pm at my home, 6200 Foxwood Trail in Birmingham Alabama, as well as for a subpoena directed to my former tax preparer Mr. Phillip Morgan. I have been a resident of Birmingham for over 20 years and do business in Birmingham.

It is my understanding that the Court that sent these subpoenas to my home is in the "E.D.N.Y." of New York and is ordering me to appear on September 17, 2018 for a deposition. I am not a party to the case in "E.D.N.Y", "Barger v. First Data." The "Barger" in that case is "Steven Barger". I am "Grant Steven Barger."

Steven Barger was formerly a contractor for my business. On August 14, 2018, Steven Barger's lawyer informed me that Mr. Gary Eidelman wanted to take my deposition in the

1

"Barger v. First Data" case. Steven Barger's lawyer told me that the time for "discovering" information in the New York case was ending on August 31, 2018. I immediately contacted Mr. Eidelman by email, and told Eidelman that I was available to talk in Birmingham on August 17, 2018. I told Mr. Eidelman I would arrange for a location and for Eidelman to contact me directly using the email I provided him, so that the deadline I was told about would be met.

Mr. Eidelman never confirmed the August 17 date. Mr. Eidelman never contacted me to try to arrange any other date in August. *Mr. Eidelman never even confirmed whether or not he wanted to depose me.*

The August 31 date came and went, and I heard nothing from Mr. Eidelman. Then on September 8, 2018, a man came to my house at about 7:30pm and banged on my door, terrifying my family. I calmed my children down and opened the door, only to be handed two subpoenas. I have attached these subpoenas to this Motion (Exhibit "A").

I was understandably shocked and confused by this. First, I already informed Mr. Eidelman that I was available to talk almost a month before this disruption, and told him to contact me directly through email. Second, I was under the impression that Mr. Eidelman had a court deadline of August 31, 2018. When Mr. Eidelman neglected to confirm August 17 and never followed up, I had no reason to believe he still wanted to speak with me. Third, I have no idea why Mr. Eidelman felt the need to try to scare my family at night. I am not a party to this New York case, I am not a New York resident and I had already given Eidelman an uncomplicated way to get in touch with me. All Eidelman had to do, was email me and tell me what his intentions are. I am not hiding from Mr. Eidelman. Although, given his thug behavior of sending a man to my home at night to practically knock my door down, maybe I *should* fear him. Why be intentionally abusive and menacing when I had already voluntarily contacted Eidelman

2

and cleared time in August to speak with him?

The papers I received four days ago say that Eidelman now wants to meet me on September 17, not August 17. I have a full day already set for September 17 and am not available and have never said I was available. Mr. Eidelman has had a month to email me and tell me he wants to depose me, then confirm a date. Instead, he used intimidation tactics with a poorly serviced subpoena.

My children are afraid to go near the door and are asking me things like. "Daddy why was that man trying to break in to our home?", "Daddy, why is that judge in New York mad at us?" and " Daddy, are we in trouble?".

My children recently returned to school, they are also suffering the recent loss of their Papa on their mama's side, and the 10th anniversary of their cousin's death from cancer, which happened when the little girl was not even grown. These pressures are traumatic enough for my children, without Mr. Eidelman intentionally creating fears for them. I see no reason for Mr. Eidelman to have scared my children when I went out of my way to provide him a way to contact me.

After I skimmed the subpoenas, I went online to the PACER system and read what Mr. Eidelman told the New York Judge who sent these papers to me. I don't understand all the legal terms, but from what I can see, Mr. Eidelman never told the New York Judge that I was available to speak with Eidelman in August. Instead, Mr. Eidelman created a slew of reasons why he needed "more time" to speak to me. How can the New York Judge make the right decision without knowing the truth? I contacted Mr. Eidelman on August 14, and he had over two weeks in August to talk with me. Maybe I am missing something, so I have attached what Mr. Eidelman told the Court in New York on August 15 while I was attempting to talk to him before the

3

Court's August 31 deadline. (Exhibit "B").

I also want to bring forward that I read in this document that Mr. Eidelman appears to represent Mr. Joe Plumeri. I know Joe and have known Joe for more than 30 years. From what I can see, Mr. Eidelman is asking the New York Judge for extra time to talk to me because of something involving Joe.

Again, I have no idea why Mr. Eidelman didn't just contact me using my email sometime over the past month to ask me whatever it is he thinks he wants to know about Joe. I might not even be the right person to ask, my opinion may be irrelevant. I have no way of knowing, because Mr. Eidelman won't just be upfront about what he wants. My thought was - if whatever is going on with Joe has "Joe's lawyer" looking to ask me questions, there is no need for this heavy-handed scary behavior. Just ask me.

I wrote Mr. Eidelman on September 11, 2018 after I received the subpoenas, to tell Eidelman that I am unavailable on September 17, and I also asked Eidelman why he handled things in such a rude, unprofessional and intentionally abusive manner. I received an email notice that Mr. Eidelman was "out of the office" on September 10 and 11, as a response, so I know he received my email.

On September 12, 2018, I had an email from Mr. Eidelman stating that *he is not Joe Plumeri's lawyer*. Given what I read in Eidelman's writing to the New York Judge, I now don't know what to believe. Mr. Eidelman clearly tells the Court he needs "more time" to talk with me, and he uses Joe as the reason he needs more time. If he isn't Joe's lawyer, how is he using Joe to get extra time? Especially after I made myself available on August 17, which was well within the deadline I had been told about? Why did Mr. Eidelman even need "more time"?

According to the Federal Rules of Civil Procedure, the District Court in Alabama can

4

under rule number 45 section (d) subsection (3) part (A) subsection (i) "Quash" the subpoenas I got on Saturday because the subpoenas don't give me enough time to comply. Eidelman got himself a month and turned around and tried to give me three days. If he thinks a month is reasonable for his extra time, why don't I get at least that same amount of time? He could have emailed me any time to prepare me for this onslaught. He chose instead to lie to the Court, then try to overburden and scare me by running the clock out on me, then threatening me. Obviously, I cannot be expected to show up with barely over a weeks' notice, after I already rearranged my schedule in August because of the August 31 "deadline." This is my busiest time of year. That's part of the reason I tried to make time for Mr. Eidelman in August. I can't change the fact that Mr. Eidelman just ignored me for two weeks in August. It seems as if I cared more about the deadline the Court set then Mr. Eidelman did. I can't understand that. Please "Quash" the subpoenas I got because I was robbed of a fair amount of time to prepare, especially since Eidelman got himself extra time to prepare by omitting the truth to the Judge in New York.

Now that I have written my concerns about the fact that Mr. Eidelman chose to try to intimidate me for absolutely no reason and misrepresented his relationship with Joe Plumeri, I will address the "substance" of the subpoenas I received and explain why I believe they should be "quashed" and why I am filing a "protective order" and asking my home state of Alabama to help me stop Mr. Eidelman's abuse.

As you can see from the subpoenas attached, the demands are outrageous. Mr. Eidelman told the New York Judge that he needed "more time" because of issues involving Joe Plumeri. Yet none of the items in the subpoena asks for anything involving Joe. I am assuming that the reason Mr. Eidelman decided to burden me, is because I have worked with Joe in the past. Yet I read in Eidelman's email on September 12 that Eidelman is not Joe's lawyer. This contradiction

is confusing. Is Joe being sued by First Data and is Mr. Eidelman trying to use me to get bad information about Joe to use against Joe? Why name Joe as the reason Mr. Eidelman needs "more time" if Mr. Eidelman is not representing Joe? If Mr. Eidelman isn't representing Joe, who is? Does Joe even have a lawyer in this?

There is no way I can decide what is relevant, non-abusive, non-harassing unless I can be made to understand how Joe is central to MY involvement, yet Mr. Eidelman is NOT Joe's lawyer.

The other major problem I have here which requires me being protected, is that I am a competitor of both Joe and First Data. While I am a small business, there is overlap in customer base. In fact, in 2014, First Data poached my largest contractor, Mr. Steven Barger after conning me into loaning Barger for a paid "consulting" gig, and then offering Mr. Barger a 33% per month raise over what I was receiving from them as a contractor, to come in house at First Data and help launch First Data's emerging version of Palantir known as "Clover."

It is my understanding that First Data wanted an exclusive on Steve Barger's time and ideas and needed rock solid confidentiality due to the sensitive nature of its "Clover" program. To buy Steven Barger's exclusivity and *ensure* privacy (which seemed ironic to me at the time, since "Clover" is basically designed to *remove* privacy from the client), First Data cancelled their consulting agreement and brought Steven Barger in house at a higher price.

With that, First Data stole my largest revenue generator. Now, it seems, they wish to also destroy me and what remains of my business relationships in the wake of Steven Barger's departure.

I am obviously not a lawyer, but I did a little online research. From what I found, one of the most important reasons the Alabama Federal Court should protect me, as a resident of

6

Alabama, is "trade secrets." According to the Federal Rules Of Civil Procedure Number 45 section (d) subsection (3) part (B) subsection (i) an Alabama District Court Judge can protect me and my family from First Data stealing my trade secrets. One look at their subpoena, and it is obvious that they are gunning for client information that has nothing to do with the FMLA claim my former contractor made against First Data in New York. Why would First Data be able to see my client list when Steven Barger was just a former contractor my business paid? Shouldn't Eidelman and his buddies be punished for trying to come into my home state and cast this obscenely wide net under the guise of "discovering" employment information about their own former employee? Steven Barger was just a contractor for my business. In August, I honestly thought that this case was about employment and FMLA. Once I got this cloak and dagger subpoena, I realized it's a run on my business. I need the Court's help.

My personal bank accounts, the bank account of any entity in my control or any other bank accounts in which I am involved are absolutely not relevant in this New York employment case. Neither is my tax information. Mr. Steven Barger is a former contractor who worked for me. I AM NOT A PARTY TO THIS FMLA CASE IN NEW YORK. It is my understanding from reading the documents on PACER, that Mr. Steven Barger provided Mr. Eidelman with Steven Barger's tax returns as well as testimony about Barger's income. As I understand it, Mr. Eidelman never asked Mr. Barger during Steven Barger's own deposition how much monthly revenue Barger had generated prior to Barger taking First Data's 33% pay increase to buy his confidentially about "Clover." Yet for some reason, that information is supposed to be vital here in the eleventh hour.

Eidelman questioned Steven Barger for seven hours. Eidelman told the New York Court that he needs to know Steven Barger's total revenue generated in the past and Mr. Eidelman

7

claims to need both "more time" AND to invade my privacy (when Steven Barger was merely a contractor for my business) when all Eidelman had to do was ask Steven Barger the simple question – "What was the amount of billable revenue you generated?".

Now Mr. Eidelman wants to embarrass and harass me about my income and gloat over the fact that Frank Bisignano and First Data's poaching of Steven Barger nearly destroyed my business. They are apparently not done with me. They want to know my clients, so they can steal those clients, too. How about asking Steven Barger what Steven Barger's revenue was before you scare my children, try to wreck my relationship with my former tax preparer, and try to invade my privacy and humiliate me? That seems like the MINIMUM that Eidelman should have to do before he crosses state lines to harass me.

Now we get to the part where Mr. Eidelman has had my email address, along with my request that Eidelman contact me via that email address, for the last month. Your Honor, please remember that I contacted Mr. Eidelman as soon as I learned that:

1. Mr. Eidelman wanted to talk with me

   and

2. There was an August 31, 2018 deadline before which he needed to talk with me.

Mr. Eidelman made a conscious choice to both ignore my offer to be available to him on August 17, 2018 in Birmingham, and to not communicate with me to tell me what he wants. From what I can see on PACER, Mr. Eidelman wrote to the Court on August 15, 2018 and got more time on August 17, 2018 - the very same day I had told Eidelman I was available to speak with him. Why would Eidelman even go to the Court to ask for "more time" two days before the day I said I could show up and meet with him? Then, when he got the extra time, why didn't he didn't tell me? Mr. Eidelman got the go ahead from the New York Court on August 17, and he

8

had my email from August 14 saying I was working out a way to meet him. Eidelman didn't need more time. I told him that. He knew he didn't need more time. Isn't that a lie?

Furthermore, I understand that Mr. Eidelman wants to talk to my former tax preparer, Mr. Phillip Morgan. I'm not sure why Mr. Eidelman needs to talk to my tax preparer when Steven Barger already provided Eidelman with Barger's tax returns. "Barger v. First Data" is an "FMLA/ADA" case. The tax returns of the company that contracted with Steven Barger before he was hired by First Data are irrelevant when the charges against First Data in New York are that they didn't reinstate Steven Barger. My tax information and financial records are not at issue, and the idea that I should provide information about any contractors, let alone Steven Barger, is abusive, harassing obviously designed to embarrass me with other employees and contractors. I will not provide such needless information voluntarily, and I shouldn't have to. Regardless, had Mr. Eidelman merely communicated with me directly, as I instructed, I possibly could have arranged for Phil (my former tax preparer) to be there while we all spoke on August 17 or at least at some point in August, to see what information, if any, is relevant.

I don't know what Mr. Eidelman is used to, but my two decades in Birmingham have taught me the art of both compromise and diplomacy. There is absolutely no need to bash my door in, try to scare my children at night, gloat over First Data's deliberate destruction of my consulting revenue or try to pit me against my tax preparer. Mr. Eidelman could easily have accepted my idea for some southern hospitality, and if the things Mr. Eidelman seek are clearly outlined and understandable, not too broad and relevant to the FMLA/ADA case in NY, and also not harassing, don't embarrass me and my family and aren't burdening, neither I nor Mr. Morgan have a problem providing those things.

Of course, the problem now is that August 31, 2018 has passed. Mr. Eidelman chose to

9

ask for extra time that was unnecessary, after I told him I could arrange to make things happen in August. He lied to the New York Judge. I have no idea why, but it had nothing to do with my availability or the willingness of me and my tax preparer to cooperate in August during the time I knew as the Court ordered "discovery" period.

Even though I am just a third party to the New York "Steven Barger v. First Data" case, what I am left with, Your Honor, are subpoenas asking for irrelevant information that is trying to humiliate me due to my revenue loss that happened after First Data stole Steven Barger from me. I am dealing with:

1. A scared family who now thinks a New York Federal Judge is "mad" at us.

2. A clear attempt by Mr. Eidelman to violate "trade secrets" by coming in from New York to Alabama to try to steal even more from me than what First Data already took.

3. An attempt to drive an unneeded wedge between me and Phil Morgan by giving us both court orders instead of just asking for what Mr. Eidelman wants.

4. Lies to a Judge in New York claiming that Mr. Eidelman needed "more time" when I was available and could have worked with Mr. Morgan to find a time in August when we were both available.

5. The nerve of Mr. Eidelman to lie to the Judge in New York by omitting the fact that I was not only available in August, but that as of August 14 I was in contact with Eidelman trying to arrange a meeting. On August 15, Mr. Eidelman didn't have the time to tell me what documents he wanted, or to set up a time to meet, but he DID have the time to file the papers that are (Exhibit "B"). Then, after he got what he wanted from the New York Judge (probably because the Judge didn't

10

have the true story) Eidelman NEVER CONTACTED ME TO EVEN CONFIRM THAT HE WANTED TO DEPOSE ME. Mr. Eidelman took full advantage of the extra time (that he didn't need) but gave NONE of the benefit to me – even though I contacted him in good faith on August 14. Instead, he tried to intimidate me at my home at night and gave me THREE DAYS to get papers to him.

6. Why should Mr. Eidelman be allowed to come to my home state, intimidate me, intimidate my family, try to drive a wedge between me and my former tax preparer, all based on lies? The first - that he told the New York Judge that Joe Plumeri is central to why Eidelman needs "more time". The second - that Eidelman is (and then is NOT) Joe's lawyer. The third - asking for "more time" on the same days I was trying to arrange to make the meeting happen on time, in August. Then Mr. Eidelman alone enjoys the benefit of "more time", and tries to jack me up at the last minute when I'm busy and he had my email and request to use the email for a solid month before this debacle.

I have no idea how Mr. Eidelman benefits from dragging this out. I can only speculate based on the estimates I received from lawyers for even defending a deposition: legal fees and money.

What I have to tell the Court is that I simply do not have the money to engage a lawyer to help me. I have some friends who are lawyers who would likely help me by providing office space or give me a little unofficial advice. But when I received these subpoenas I was shocked. They are both way too broad, (a fishing expedition actually), and confusingly vague. Federal Rules of Civil Procedure Number 45 section (d) subsection (3) part (A) subsection (iv) says that the Federal District Court in Alabama can quash these subpoenas because they are "unduly

11

burdensome." I cannot afford an attorney for this. First Data already poached my biggest revenue generator. Now they want to take my clients, my self-respect and any money I may have by forcing me to hire a lawyer when Mr. Eidelman knows this is all irrelevant and Eidelman already has Steven Barger's tax returns. **Only Steven Barger knows what revenue Steven Barger generated.** Why would Mr. Eidelman even try to infiltrate my private records and business for answers I don't have, unless he's looking to steal from me? Eidelman has no problem lying to a New York Federal Judge, he clearly has no more respect for any other person than he does for the judge. There is no reason to believe that he has any legitimate cause to snoop around in my business. Please help me and my family by stopping this bleeding and rule for a protective order and or quashing of the subpoenas I got on Saturday.

In August, I thought this was going to be just a few questions for me as an employer, about employment in an employment (FMLA/ADA) case. Now, I see that it's a lie filled scavenger hunt. I respectfully ask the Court to protect me from this vulture and quash the subpoenas. I likely may have been able to bring Phil to talk to Eidelman in August, and perhaps we could have determined what, if anything, Mr. Morgan has that may be relevant (although I doubt anything Phil has is relevant.) Now that I know that Mr. Eidelman lies to the Court, I am requesting that Mr. Morgan's subpoena ("Exhibit C") be both protected by an order of the Alabama Court and/or quashed because it is way too broad, has nothing to do with an FMLA case against a New York corporation, is intended to humiliate me and rub in the fact that First Data stole a contractor from me, and that Steven Barger already gave Eidelman Barger's relevant tax returns. I also ask that the subpoena for Mr. Morgan be protected and/or quashed for the same reasons I gave above as part of Rule #45.

As a result of last Saturday's events, my realization of the true intention behind

12

Eidelman's request to talk with me, and upon seeing how many personal, business and irrelevant things Eidelman is trying to get from me, I am now asking Your Honor to do two things. (1) Quash or issue protective orders to prevent Mr. Eidelman from deposing me and collecting documents from me. (2) Quash or issue a protective order to prevent Mr. Eidelman from deposing Phillip Morgan and collecting documents from Phillip Morgan. I still cannot believe that Mr. Eidelman lied to the Court when he knew I was trying to set-up a meeting.

Please let me know what more specific things I need to provide to aid in a decision that will protect me and my family and I will do so immediately. Thank you for your consideration.

(Signature and date)
Grant Barger, pro se
6200 Foxwood Trail
(Address)
Birmingham, AL.
35242
(205) 266-8129

## Motion to Amend Case Caption

I am requesting that the Court Amend the Case Caption In the top left hand corner of page 1 of the initial filing in [2:18-mc-01491-KOB]

Gary Eidelman and Saul Ewing Arnstein and Lehr are not parties to the motion I filed and should not be listed as defendants in my Case. They are Counsel for the defendants in the case of Steven B Barger V. First Data Corporation ET AL. Pending in the Eastern District of New York. They Served Subpoenas on Me.

I am not party to the Steven B Barger V. First Data case. I am a third-party witness being Subpoenaed by the defendants in that case.

I am Pro SE, and I apologize for the Confusion. I live in Birmingham. I am Seeking that this Court quash the Subpoenas issued to me by the Defendants out of the EDNY case or grant a protective order preventing discovery from me and my documents

THE CASE CAPTION SHOULD BE CHANGED TO:

IN RE:
    STEVEN B. BARGER
            V
    First Data Corporation, etal.

That is the only Change.

Grant Barger, Pro SE
6200 Foxwood TRAIL.

8129
(205) 266-

FILED
2018 Sep-13  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# SAUL EWING
# ARNSTEIN
# & LEHR LLP

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

September 5, 2018

**Via Hand Delivery**
Grant Barger
6200 Foxwood Trail
Birmingham, Alabama 35242

> **Re:** ***Steven B. Barger v. First Data Corporation et al.***
> **United States District Court for the Eastern District of New York**
> **Civil Case No. 1:17-cv-4869**

Dear Mr. Barger:

We represent First Data Corporation and other defendants in the above-referenced case that has been filed by Steven Barger in federal court in New York. In accordance with the Federal Rules of Civil Procedure, enclosed you will find a subpoena compelling your deposition with a request for you to produce documents. We have scheduled your deposition for Monday, September 17, 2018, beginning at 3:00 pm. If that date and time is not convenient, please contact my office immediately so that we can coordinate schedules to find a mutually agreeable date.

Attached to the subpoena as Exhibit A is a list of documents that we need you to produce. It would be most efficient if you could produce the documents is advance to us by September 12, 2018. This way, we can be most efficient by reviewing the documents ahead of your deposition so as to limit the inconvenience to you on the date of your deposition.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

*Gary B. Eidelman*

Gary B. Eidelman

Enclosures

cc:     Counsel of Record (via electronic mail)

Centre Square West ♦ 1500 Market Street, 38th Floor ♦ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Steven B. Barger <br> *Plaintiff* <br> v. <br> First Data Corporation, et al. <br> *Defendant* | ) ) ) ) ) ) |

Civil Action No.  1:17-cv-04869-FB-LB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                         Grant Barger

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Starnes Davis Florie LLC, 100 Brookwood Place <br> 7th Floor, P.O. Box 598512 <br> Birmingham, AL 35259 | Date and Time: <br> 09/17/2018 3:00 pm |
|---|---|

The deposition will be recorded by this method:    stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/05/2018

*CLERK OF COURT*

OR

/s/ Gary B. Eidelman

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
First Data Corporation, et al.                                    , who issues or requests this subpoena, are:

Gary Eidelman, Saul Ewing Arnstein & Lehr LLP, 500 E. Pratt St. Ste. 900, Baltimore, MD 21202, 410-332-8975

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:17-cv-04869-FB-LB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

STEVEN B. BARGER, an individual,

     Plaintiff,

v.

Civil Case No.: 1:17-cv-04869-FB-LB

FIRST DATA CORPORATION, et al.,

     Defendants.

## EXHIBIT A TO SUBPOENA TO GRANT BARGER

1. Any personnel file for Steven B. Barger.

2. Any Form W-9 completed by Steven B. Barger.

3. All IRS Forms 1099, including Form 1099-B, issued to Steven B. Barger for tax years 2010-2017.

4. Documents and ESI concerning Barger Group LLC's bank accounts between 2010- 2017.

5. All documents and ESI concerning corporate or partnership tax returns in which Steven B. Barger has an ownership interest.

6. All documents and ESI concerning consulting contracts between Barger Group LLC and entities or individuals for which it provided consulting services from 2010-2017.

7. All documents and ESI concerning invoices sent by Barger Group LLC to entities or individuals for which it provided consulting services for tax years 2010-2017.

8. Financial statements, including footnotes, concerning Barger Group LLC for tax years 2010-2017.

9. Documents and ESI concerning the billing rates and billable hours per year of Steven B. Barger for Barger Group LLC for tax years 2010-2017.

10. Documents and ESI concerning retainer fees and how they are determined for contracts between Barger Group LLC and its clients for tax years 2010-2017.

11. Documents and ESI concerning the process through which consulting fees are earned and billed at Barger Group LLC for tax years 2010-2017.

12. Documents and ESI concerning consulting services provided by Barger Group LLC for tax years 2010-2017 for which there is no documented consulting agreement.

13.    All federal and state tax returns prepared for Barger Group LLC for the tax years 2010-2017.

14.    All work papers, supporting documents, ESI, and questionnaires in your possession, custody and control concerning the preparation and filing of federal and state tax returns for Barger Group LLC for the tax years 2010-2017.

15.    Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 for Barger Group LLC.

16.    Documents and ESI concerning and providing support for any and all travel, meals, entertainment, and other expenses incurred by Steven B. Barger in connection with consulting services provided by Barger Group LLC for tax years 2010-2017.

17.    All communications and ESI that you have had with Steven B. Barger since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

18.    All communications and ESI that you have had with Shawn Shearer, Brenda Barger, or the Law Offices of Shawn Shearer since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

19.    All communications and ESI that you have had with Phillip D. Morgan since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

For purposes of the Subpoena to Grant Barger and Attachment A to the Subpoena to Grant Barger, the following to instructions and definitions apply:

1.    "Document" means any papers, writings, or records of any type or source of authorship in your possession, custody, or control; or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original, or copy. By way of illustration and not limitation, the term "document" shall include memoranda of telephone conversations, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, or other records of any meetings, discussions, or conferences, as well as other notes, reports, records of any meetings, discussions or conferences, as well other notes, reports, records, data, memoranda, correspondence, notebooks, scrapbooks, diaries, minutes summaries, financial statements, ledgers, magnetic tape, or other sound recordings, telegrams, telecopies, facsimiles, telecopy and facsimile logs, electronic mail, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer records of any kind, photographs, photographic negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved. Any original, draft or copy containing or having attached thereto any alterations, notes, comments or other material not

included in each other original, draft or copy shall be deemed a separate document within the foregoing definitions. "Document" includes all Electronically Stored Information

2. "ESI" means electronically stored information and includes, but is not limited to, e-mails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF files, PDF files, Native Files and the corresponding Metadata which is ordinarily maintained.

3. The term "concerning" means relating to, referring to, describing, evidencing, comprising, setting forth, showing, supporting, disclosing, explaining, summarizing, memorializing or constituting, whether directly or indirectly.

4. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

5. The term "including" means including but not limited to.

6. "Barger" refers to Steven D. Barger as well as his agents, servants, attorneys, representatives, or any other persons acting or purporting to act on his behalf.

7. "Law Offices of Shawn Shearer" refers to the Law Offices of Shawn Shearer as well as its agents, employees, directors, investigators, attorneys, representatives or any other persons acting or purporting to act on its behalf.

8. "Phillip D. Morgan" refers to Phillip D. Morgan and includes Phillip Morgan & Company, P.C. as well as its agents, servants, attorneys, representatives, or any other persons acting or purporting to act on its behalf.

# SAUL EWING

# ARNSTEIN

# & LEHR LLP

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

September 5, 2018

**Via Hand Delivery**
Barger Consulting Group, LLC
6200 Foxwood Trail
Birmingham, Alabama 35242

> **Re:** ***Steven B. Barger v. First Data Corporation et al.***
> **United States District Court for the Eastern District of New York**
> **Civil Case No. 1:17-cv-4869**

Dear Mr. Barger:

We represent First Data Corporation and other defendants in the above-referenced case that has been filed by Steven Barger in federal court in New York. In accordance with the Federal Rules of Civil Procedure, enclosed you will find a subpoena compelling the deposition of Barger Consulting Group, LLC (or its successor) with a request for the company to produce documents. We have scheduled your deposition for <u>Monday, September 17, 2018, beginning at 3:00 pm</u>. If that date and time is not convenient, please contact my office immediately so that we can coordinate schedules to find a mutually agreeable date.

Attached to the subpoena as <u>Exhibit A</u> is a list of documents that we need you to produce. It would be most efficient if you could produce the documents is advance to us by September 12, 2018. This way, we can be most efficient by reviewing the documents ahead of your deposition so as to limit the inconvenience to you on the date of your deposition.

Thank you for your anticipated cooperation in this matter.

Very truly yours,

*Gary B. Eidelman*

Gary B. Eidelman

Enclosures

cc:    Counsel of Record (via electronic mail)

Centre Square West ♦ 1500 Market Street, 38th Floor ♦ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ♦ Fax: (215) 972-7725

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

<table>
<tr><td>Steven B. Barger</td><td>)</td><td></td></tr>
<tr><td><em>Plaintiff</em></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.  1:17-cv-04869-FB-LB</td></tr>
<tr><td>First Data Corporation, et al.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td><em>Defendant</em></td><td>)</td><td></td></tr>
</table>

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                       Barger Consulting Group, LLC (or its successor)

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

<table>
<tr><td>Place:</td><td>Starnes Davis Florie LLC, 100 Brookwood Place<br>7th Floor, P.O. Box 598512<br>Birmingham, AL 35259</td><td>Date and Time:<br><br>09/17/2018 3:00 pm</td></tr>
</table>

The deposition will be recorded by this method:    stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/05/2018

                  *CLERK OF COURT*

                                      OR

                                        /s/ Gary B. Eidelman

            *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
First Data Corporation, et al.                            , who issues or requests this subpoena, are:

Gary Eidelman, Saul Ewing Arnstein & Lehr LLP, 500 E. Pratt St. Ste. 900, Baltimore, MD 21202, 410-332-8975

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:17-cv-04869-FB-LB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

STEVEN B. BARGER, an individual,

     Plaintiff,

v.

FIRST DATA CORPORATION, et al.,

     Defendants.

Civil Case No.: 1:17-cv-04869-FB-LB

# EXHIBIT A TO SUBPOENA TO
# BARGER CONSULTING GROUP, LLC OR ITS SUCCESSOR

1. Any personnel file for Steven B. Barger.

2. Any Form W-9 completed by Steven B. Barger.

3. All IRS Forms 1099, including Form 1099-B, issued to Steven B. Barger for tax years 2010-2017.

4. Documents and ESI concerning Barger Group LLC's bank accounts between 2010- 2017.

5. All documents and ESI concerning corporate or partnership tax returns in which Steven B. Barger has an ownership interest.

6. All documents and ESI concerning consulting contracts between Barger Group LLC and entities or individuals for which it provided consulting services from 2010-2017.

7. All documents and ESI concerning invoices sent by Barger Group LLC to entities or individuals for which it provided consulting services for tax years 2010-2017.

8. Financial statements, including footnotes, concerning Barger Group LLC for tax years 2010-2017.

9. Documents and ESI concerning the billing rates and billable hours per year of Steven B. Barger for Barger Group LLC for tax years 2010-2017.

10. Documents and ESI concerning retainer fees and how they are determined for contracts between Barger Group LLC and its clients for tax years 2010-2017.

11. Documents and ESI concerning the process through which consulting fees are earned and billed at Barger Group LLC for tax years 2010-2017.

12. Documents and ESI concerning consulting services provided by Barger Group LLC for tax years 2010-2017 for which there is no documented consulting agreement.

# EXHIBIT B

FILED

2018 Sep-13  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

# SAUL EWING
# ARNSTEIN
# & LEHR LLP

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

August 27, 2018

**Via Hand Delivery**

Phillip D. Morgan
Phillip Morgan & Company, P.C.
3176 Cahaba Heights Road, Suite 100
Birmingham, Alabama 35243

> **Re:** ***Steven B. Barger v. First Data Corporation et al.***
> **United States District Court for the Eastern District of New York**
> **Civil Case No. 1:17-cv-4869**
> **Deposition of Phillip Morgan & Company, P.C.**

Dear Mr. Morgan:

We represent First Data Corporation and other defendants in the above-referenced case that has been filed by your client Steven Barger in federal court in New York. At his deposition on August 10, 2018, Mr. Barger repeatedly testified in response to certain questions that we "needed to talk to his accountant." We understand that his accountant is you. Accordingly, we need to schedule your deposition in Birmingham for September.

In accordance with the Federal Rules of Civil Procedure, enclosed you will find a subpoena compelling your deposition with a request for you to produce documents. We have scheduled your deposition for Monday, September 17, 2018, beginning at 10:00 am. If that date and time is not convenient, please contact my office immediately so that we can coordinate schedules to find a mutually agreeable date.

Attached to the subpoena as Exhibit A is a list of documents that we need your office to produce. It would be most efficient if you could produce the documents is advance to us by September 12, 2018. This way, we can be most efficient by reviewing the documents ahead of your deposition so as to limit the inconvenience to you on the date of your deposition.

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

24829301.2 08/27/2018

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

Phillip D. Morgan
Phillip Morgan & Company, P.C.
August 27, 2018
Page 2

Thank you for your anticipated cooperation in this matter.

Very truly yours,

*Gary B. Eidelman*

Gary B. Eidelman

Enclosures

cc:     Counsel of Record (via electronic mail)

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | |
|---|---|
| Steven B. Barger <br> *Plaintiff* <br> v. <br> First Data Corporation, et al. <br> *Defendant* | ) ) ) ) ) ) |

Civil Action No.    1:17-cv-04869-FB-LB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   Phillip D. Morgan

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Starnes Davis Florie LLC, 100 Brookwood Place <br> 7th Floor, P.O. Box 598512 <br> Birmingham, AL 35259 | Date and Time: <br> 09/17/2018 10:00 am |
|---|---|

The deposition will be recorded by this method:    stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/27/2018

*CLERK OF COURT*

OR

/s/ Gary B. Eidelman

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendants
First Data Corporation                                        , who issues or requests this subpoena, are:

Gary Eidelman, Saul Ewing Arnstein & Lehr LLP, 500 E. Pratt St. Ste. 900, Baltimore, MD 21202, 410-332-8975

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:17-cv-04869-FB-LB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

STEVEN B. BARGER, an individual,

      Plaintiff,

v.                                                                Civil Case No.: 1:17-cv-04869-FB-LB

FIRST DATA CORPORATION, et al.,

      Defendants.

## EXHIBIT A TO SUBPOENA PHILLIP MORGAN & COMPANY, PC

1.  Your file on Steven B. Barger and Marilyn Barger.

2.  Your file on Barger Group LLC.

3.  Your file on Barger Consulting Group.

4.  All federal and state tax returns prepared for Steven B. Barger and Marilyn Barger, for the tax years 2010-2017.

5.  All work papers, supporting documents and ESI, and questionnaires in your possession, custody and control concerning the preparation and filing of federal and state tax returns for Steven B. Barger and Marilyn Barger, for the tax years 2010-2017.

6.  Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 Steven B. Barger and Marilyn Barger.

7.  All communications and ESI with Steven B. Barger and Marilyn Barger concerning their federal and state taxes for the tax years 2010-2017.

8.  Documents and ESI supporting rent, utilities, vehicles, and any and all other expenses for purposes of business deductions for Steven B. Barger and Marilyn Barger for tax years 2010-2017.

9.  All federal and state tax returns prepared for Barger Group LLC for the tax years 2010-2017.

10. All work papers, supporting documents, ESI, and questionnaires in your possession, custody and control concerning the preparation and filing of federal and state tax returns for Barger Group LLC for the tax years 2010-2017.

11. Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 for Barger Group LLC.

12. All communications and ESI with Barger Group LLC concerning its federal and state taxes for the tax years 2010-2017.

13. All tax returns prepared for Barger Consulting Group for the tax years 2010-2017.

14. All work papers, supporting documents, ESI, and questionnaires in your possession, custody or control concerning the preparation and filing of tax returns for Barger Consulting Group for the tax years 2010-2017.

15. Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 Barger Consulting Group.

16. All communications and ESI with Barger Consulting Group concerning its federal and state taxes for the tax years 2010-2017.

17. All communications and ESI that you have had with Steven B. Barger since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

18. All communications and ESI that you have had with Shawn Shearer, Brenda Barger, or the Law Offices of Shawn Shearer since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

19. All communications and ESI that you have had with Grant Barger since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

20. Documents and ESI concerning Steven B. Barger's and Marilyn Barger's bank accounts between 2010 – 2017.

21. Documents and ESI concerning Barger Group LLC's bank accounts between 2010 – 2017.

22. Documents and ESI concerning Barger Consulting Group's bank accounts between 2010 -2017.

23. All IRS Forms 1099, including Form 1099-B, issued to Steven B. Barger for tax years 2010-2017.

24. All documents and ESI concerning corporate or partnership tax returns in which Steven B. Barger has an ownership interest.

25. All documents and ESI concerning consulting contracts between Barger Group LLC and entities or individuals for which it provided consulting services from 2010-2017.

26. All documents and ESI concerning invoices sent by Barger Group LLC to entities or individuals for which it provided consulting services for tax years 2010-2017.

27. Financial statements, including footnotes, concerning Barger Group LLC for tax years 2010-2017.

28. Documents and ESI concerning the billing rates and billable hours per year of Steven B. Barger for Barger Group LLC for tax years 2010-2017.

29. Documents and ESI concerning retainer fees and how they are determined for contracts between Barger Group LLC and its clients for tax years 2010-2017.

30. Documents and ESI concerning the process through which consulting fees are earned and billed at Barger Group LLC for tax years 2010-2017.

31. Documents and ESI concerning consulting services provided by Barger Group LLC for tax years 2010-2017 for which there is no documented consulting agreement.

32. Documents and ESI concerning and providing support for any and all travel, meals, entertainment, and other expenses incurred by Steven B. Barger in connection with consulting services provided by Barger Group LLC for tax years 2010-2017.

33. All documents and ESI concerning consulting contracts between Barger Consulting Group and entities or individuals for which it provided consulting services from 2010-2017.

34. All documents and ESI concerning invoices sent by Barger Consulting Group to entities or individuals for which it provided consulting services for tax years 2010-2017.

35. Financial statements, including footnotes, concerning Barger Consulting Group for tax years 2010-2017.

36. Documents and ESI concerning the billing rates and billable hours per year of Steven B. Barger for Barger Consulting Group for tax years 2010-2017.

37. Documents and ESI concerning retainer fees and how they are determined for contracts between Barger Consulting Group and its clients for tax years 2010-2017.

38. Documents and ESI concerning the process through which consulting fees are earned and billed at Barger Consulting Group for tax years 2010-2017.

-3-

39. Documents and ESI concerning consulting services provided by Barger Consulting Group for tax years 2010-2017 for which there is no documented consulting agreement.

40. Documents and ESI concerning and providing support for any and all travel, meals, entertainment, and other expenses incurred by Steven B. Barger in connection with consulting services provided by Barger Consulting Group for tax years 2010-2017.

For purposes of the Subpoena to Phillip Morgan & Company, PC and Attachment A to the Subpoena to Phillip Morgan & Company, PC, the following to instructions and definitions apply:

1. "Document" means any papers, writings, or records of any type or source of authorship in your possession, custody, or control; or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original, or copy. By way of illustration and not limitation, the term "document" shall include memoranda of telephone conversations, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, or other records of any meetings, discussions, or conferences, as well as other notes, reports, records of any meetings, discussions or conferences, as well other notes, reports, records, data, memoranda, correspondence, notebooks, scrapbooks, diaries, minutes summaries, financial statements, ledgers, magnetic tape, or other sound recordings, telegrams, telecopies, facsimiles, telecopy and facsimile logs, electronic mail, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer records of any kind, photographs, photographic negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved. Any original, draft or copy containing or having attached thereto any alterations, notes, comments or other material not included in each other original, draft or copy shall be deemed a separate document within the foregoing definitions. "Document" includes all Electronically Stored Information

2. "ESI" means electronically stored information and includes, but is not limited to, e-mails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF files, PDF files, Native Files and the corresponding Metadata which is ordinarily maintained.

3. The term "concerning" means relating to, referring to, describing, evidencing, comprising, setting forth, showing, supporting, disclosing, explaining, summarizing, memorializing or constituting, whether directly or indirectly.

4.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

5.     The term "including" means including but not limited to.

6.     "Barger" refers to Steven D. Barger as well as his agents, servants, attorneys, representatives, or any other persons acting or purporting to act on his behalf.

7.     "Law Offices of Shawn Shearer" refers to the Law Offices of Shawn Shearer as well as its agents, employees, directors, investigators, attorneys, representatives or any other persons acting or purporting to act on its behalf.

-5-

**SAUL EWING**
**ARNSTEIN**
**& LEHR** LLP

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

August 15, 2018

**Via ECF**
Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** ***Steven B. Barger v. First Data Corporation et al.***
> **Civil Case No. 1:17-cv-4869**
> **Request for Extension of Discovery Period**

Dear Judge Bloom:

Plaintiff Steven Barger's deposition took place last Friday, August 10, 2018. He was unable to answer a number of substantive questions regarding fees he charged First Data, claiming that Philip D. Morgan, his accountant and Grant Barger, his son who ran Barger Group LLC, could answer those questions. Defendants want to serve subpoenas *duces tecum* on Morgan, Barger Group LLC, and Grant Barger before taking their depositions. Because fact discovery in this case ends on August 31, 2018, Defendants request an extension of the discovery deadline to allow sufficient time for these subpoenas to issue and depositions to take place. The granting of this extension will not impact the overall schedule because expert discovery does not close until September 28, 2018.[1]

**A.** ***Barger's Testimony Regarding Compensation.*** Beginning on or about March 15, 2014, Barger was hired by First Data as a consultant at the rate of $30,000 per month. On June 30, 2014, he became a full time employee of First Data, earning $40,000 per month, in addition to incentive compensation and equity. In ¶34 of his Complaint, Barger alleged that:

> In deciding to accept the position with First Data, and leave his consulting business to move to Atlanta, Barger relied upon the representation of First Data

---

[1] On Sunday, August 13, 2018, the undersigned asked Barger's counsel to consent to these depositions occurring after the fact discovery cutoff. *See* August 12, 2018 email from Gary B. Eidelman, Esq. to Shawn Shearer, Esq., attached as **Ex. A**. Opposing counsel declined, which has necessitated this letter motion. *See* August 13, 2018 letter from Shawn Shearer, Esq. to Gary B. Eidelman, Esq., attached as **Ex. B**.

that the future financial benefit of equity grants he would receive from First Data
would more than offset the reduction of his base income.

*See* ECF No. 1 (emphasis supplied). Barger went on to allege in ¶36 of his Complaint that:

Barger was informed, during the negotiation of his possible employment, that
First Data was in the process of preparing for a $3.5 billion private equity offering
as a precursor to its planned public offering of equity, and that the public offering
would involve KKR selling shares to the market to liquidate a portion of its
investment in First Data, and that the offering would create a market for the
shares to be issued upon Barger's exercise of his stock options included in his
proposed compensation package as an incentive for Barger to join First Data and
leave his lucrative consulting business.

*Id.* (emphasis supplied). In Barger's Answer to Defendant First Data's Interrogatory No. 17,
which requested information regarding his work history, Barger stated that from 2005 until he
was hired by First Data, he worked as a "full time consultant" at the rate of $3,000 per day plus
expenses. *See* Barger Answer to First Data Interrogatory No. 17, attached as **Ex. C.**

Joseph Plumeri, at the time a First Data senior executive, relied on Barger's
representations regarding the amount of his monthly income in establishing the rate for the
consulting agreement and ultimately his compensation for employment. During discovery,
Barger produced his income tax returns for 2010-2017, which paint a far different picture from
his claims of a "lucrative consulting business" that he was induced to leave. *See* ECF No. 1 at
¶36. For instance, Schedule C of his 2013 federal income tax return (the year before he was hired
as a consultant/employee by First Data) indicates that Barger had gross receipts of less than
$17,000 for the entire year (less than 6 days of consulting fees at his alleged $3,000 a day rate)
and that after expenses were applied, his 2013 adjusted gross income was a negative number. His
AGI for 2012 also was a negative number. His 2014 tax returns do not reflect the almost
$200,000 in consulting fees First Data paid him under the Consulting Agreement before he
became a W2 employee.[2]

Barger could not answer questions regarding these discrepancies or anything about his
tax returns, claiming that we needed to question his accountant about his tax returns. *See*
excerpts from Barger's "rough" deposition transcript, attached as **Ex. D** at 47-49, 59, 64, 206. He
also testified that Barger Group LLC (his son's company) billed for his consulting services and
then distributed to him a fraction of what was billed. *Id.* at 37-40. There exists a large
discrepancy between his 3 ½ months of consulting services under the Consulting Agreement and
what was actually billed and collected by Barger Group LLC.[3]

---

[2] Plaintiff marked the referenced income tax returns "Confidential" so they are not attached. If the Court requests,
they can be produced *in camera.*

[3] On June 20, 2014, Barger Group LLC submitted an invoice for $50,000 for "final consulting services" for the
period March-June 2014. There is no provision in the Consulting Agreement between Barger and First Data for such
a fee. Barger testified that the payment was for the use of his intellectual property but could not cite to a license

Honorable Lois Bloom, U.S.M.J.
August 15, 2018
Page 3

**B.** *The Requested Discovery Goes to Barger's Damages.* Barger is seeking almost $16 million in damages, including 10 years of front pay. Plaintiff's allegations in the Complaint and his answers to interrogatories regarding the "lucrative consulting business" he left to join First Data are not supported by the documents he produced or his testimony. Since First Data based the amount of money to pay Barger on his representations of what he was earning, First Data needs discovery into this "after-acquired evidence" in connection with his claims for damages. First Data witnesses will testify that had the Company known of either Barger's misrepresentations about his consulting fees and/or his $50,000 bill for intellectual property, action would have been taken against him, up to and including termination.

In *McKennon v. Nashville Banner Publishing Co.,* 513 U.S. 352, 361-62 (1995), the Supreme Court ruled that after-acquired evidence cannot be used to bar relief under an employment discrimination statute.[4] However, the Court ruled that after-acquired evidence may render an employee ineligible for front pay, reinstatement and limit the amount of back pay to the period between when the unlawful discrimination occurred and the date on which the discovery of the after-acquired evidence was made. Judge Block has recognized and applied the rationale of *McKennon* to deny an award of front pay. *See Norris v. New York City Coll. of Tech.*, 2009 WL 82556, at *10 (E.D.N.Y. Jan. 14, 2009). Courts in the Second Circuit have recognized the applicability of *McKennon. See, e.g., Vichare v. AMBAC Inc.,* 106 F.3d 457, 468 (2d Cir. 1996) (applying rationale of *McKennon* to deny front pay); *Altman v. New Rochelle Public School District*, 2014 WL 2809134, at *14-15 (S.D.N.Y. June 19 2014). *See also EEOC v. Rose Casual Dining, L.P.,* 2004 WL 614806, at *10 (E.D.P.A. Mar. 5, 2004) (granting defendant summary judgment on issue of reinstatement and front pay where the plaintiff had inflated her prior salary); *Jones v. Ravens, Inc.*, 108 F. Supp. 2d 803, 812 (N.D. Oh. 2000) (holding defendant not liable under the ADA and finding that the after-acquired evidence doctrine barred any damages because plaintiff inflated his salary during salary negotiations).

**C.** *The Request for an Extension is Reasonable.* This is the first request for an extension of discovery in this matter. Defendants have produced more than 51,000 pages of documents and have responded or still need to respond to multiple sets of interrogatories, 15 sets of document requests, and requests for admissions. To date, Plaintiff has taken eight depositions with two more scheduled in Omaha on August 21st and 22nd. Plaintiff will not be prejudiced by this extension of time and the requested extension will not impact the briefing deadlines.

For these reasons, Defendants request that the discovery cutoff be extended to permit them to subpoena documents from and take the depositions of Philip D. Morgan, Plaintiff's accountant and Grant Barger, his son who ran Barger Group LLC, on or before September 28, 2018.

Respectfully submitted,
/s/
Gary B. Eidelman

cc:    Counsel of Record (via ECF)

---

agreement. *See* **Ex. D** at 21-23. More importantly, the Consulting Agreement specifies that use of whatever intellectual property Barger may have used was included in the consulting fee.

[4] Unlike *McKennon*, Defendants do not concede that Plaintiff has or can establish liability under the FMLA or ADA.

13. All federal and state tax returns prepared for Barger Group LLC for the tax years 2010-2017.

14. All work papers, supporting documents, ESI, and questionnaires in your possession, custody and control concerning the preparation and filing of federal and state tax returns for Barger Group LLC for the tax years 2010-2017.

15. Documents and ESI that reconcile profits and losses for purposes of Schedule C for the tax years 2010-2017 for Barger Group LLC.

16. Documents and ESI concerning and providing support for any and all travel, meals, entertainment, and other expenses incurred by Steven B. Barger in connection with consulting services provided by Barger Group LLC for tax years 2010-2017.

17. All communications and ESI that you have had with Steven B. Barger since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

18. All communications and ESI that you have had with Shawn Shearer, Brenda Barger, or the Law Offices of Shawn Shearer since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

19. All communications and ESI that you have had with Phillip D. Morgan since August 10, 2018 concerning *Barger v. First Data Corporation et al*, United States District Court for the Eastern District of New York, Civil Action No. EDNY: 1:17-cv-04869-FB-LB.

For purposes of the Subpoena to Barger Group LLC or its successor and Attachment A to the Subpoena to Barger Group LLC or its successor, the following to instructions and definitions apply:

1. "Document" means any papers, writings, or records of any type or source of authorship in your possession, custody, or control; or of which you have knowledge, wherever located, however produced or reproduced, or whether a draft, original, or copy. By way of illustration and not limitation, the term "document" shall include memoranda of telephone conversations, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, diaries, or other records of personal conversations or interviews; and minutes, summaries, or other records of any meetings, discussions, or conferences, as well as other notes, reports, records of any meetings, discussions or conferences, as well other notes, reports, records, data, memoranda, correspondence, notebooks, scrapbooks, diaries, minutes summaries, financial statements, ledgers, magnetic tape, or other sound recordings, telegrams, telecopies, facsimiles, telecopy and facsimile logs, electronic mail, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, blueprints, charts, curves, motion picture film, microfilm, computer records of any kind, photographs, photographic negatives, photocopies, photostats, descriptions, purchase orders, agreements, contracts, invoices, bills of lading, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved. Any original, draft or copy containing or having attached thereto any alterations, notes, comments or other material not

-2-

included in each other original, draft or copy shall be deemed a separate document within the foregoing definitions. "Document" includes all Electronically Stored Information

2.      "ESI" means electronically stored information and includes, but is not limited to, e-mails and attachments, voice mail, instant messaging, and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction logs, Internet usage files, offline storage or information stored on removable media (such as external hard drives, hard disks, floppy disks, memory sticks, flash drives, and backup tapes), information contained on laptops or other portable devices, and network access information and backup materials, TIF files, PDF files, Native Files and the corresponding Metadata which is ordinarily maintained.

3.      The term "concerning" means relating to, referring to, describing, evidencing, comprising, setting forth, showing, supporting, disclosing, explaining, summarizing, memorializing or constituting, whether directly or indirectly.

4.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine or neuter form shall include each of the other genders.

5.      The term "including" means including but not limited to.

6.      "Barger" refers to Steven D. Barger as well as his agents, servants, attorneys, representatives, or any other persons acting or purporting to act on his behalf.

7.      "Law Offices of Shawn Shearer" refers to the Law Offices of Shawn Shearer as well as its agents, employees, directors, investigators, attorneys, representatives or any other persons acting or purporting to act on its behalf.

8.      "Phillip D. Morgan" refers to Phillip D. Morgan and includes Phillip Morgan & Company, P.C. as well as its agents, servants, attorneys, representatives, or any other persons acting or purporting to act on its behalf.

# EXHIBIT C

| From: | Eidelman, Gary B. |
|---|---|
| Sent: | Friday, September 14, 2018 3:29 PM |
| Subject: | FW: Grant Barger Serving Motion to Quash Subpoena |
| Attachments: | Ex b.pdf; Ex c.pdf; Mo 2 .pdf; Mo 1 .pdf; Ex a.pdf; 24869218-v1-Letter to Grant Barger dated 9 12 2018.pdf |

**To:** pmorgan@morgancpas.com
**Cc:** barger.grant@gmail.com; shawn@shearerlaw.pro; David@zeitlinlawfirm.com; Kennedy, Lindsey C.; Cooper, Gillian A.; cvaughn@morgancpas.com

Dear Mr. Morgan:

I have emailed you and left 2 messages with Cindy of your office (copied here) asking you to call me to confirm your deposition for Monday, September 17, 2018 in the *Steven Barger v. First Data Corporation et al*, case pending in the United States District Court for the Eastern District of New York.  I have also sent you a letter by email and overnight mail regarding the same, another copy of which is attached.  You have not responded to me, nor have I heard from your legal counsel.

Today, Grant Barger filed a motion for protective order with exhibits, copies of which are attached in the event you were not served with these papers. In his motion, Mr. Barger asks the court to quash the subpoena that was served on you and prevent Defendants from taking your deposition. We presume that you granted Mr. Barger permission to seek such relief on your behalf.

In light of Mr. Barger's filing in the United States District Court for the Northern District of Alabama and your refusal to confirm your attendance on September 17, 2018, **we are notifying you that we are continuing (postponing) your deposition until such time as the Court rules on Mr. Barger's motion and our likely motion to compel.  <u>Accordingly, please do not appear at the offices of Starnes Davis Florie LLP on Monday.</u>**

If you would like to discuss this matter, please contact me. My email and phone numbers are set forth below.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com



*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers,* **here**

1

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Friday, September 14, 2018 1:33 PM
**To:** shawn@shearerlaw.pro; davidzeitlin@gmail.com; Eidelman, Gary B.; Cooper, Gillian A.; Kennedy, Lindsey C.
**Subject:** Grant Barger Serving Motion to Quash Subpoena

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

I am serving to you my motion to quash documents filed yesterday. I am sending them to your email addresses I found on PACER. I will be over-night mailing hard-copies to Eidelman and Shearer today.

Grant Barger

# EXHIBIT D

Case 1:17-cv-04869-FB-LB   Document 67   Filed 09/17/18   Page 62 of 65 PageID #: 1379

CASREF

# U.S. District Court
## Southern District of Ohio (Cincinnati)
## CIVIL DOCKET FOR CASE #: 1:18-mc-00010-SJD-SKB

Barger v. First Data Corporation, et al.                    Date Filed: 07/23/2018
Assigned to: Judge Susan J. Dlott
Referred to: Magistrate Judge Stephanie K. Bowman
Case in other court: Eastern District of New York, 1:17cv04869
Cause: No cause code entered

**Interested Party**

**Julie K. Kelly**                     represented by   **Julie K. Kelly**
                                                        823 Dorgene Lane
                                                        Cincinnati, OH 45244
                                                        5138064893
                                                        PRO SE

**Plaintiff**

**Steven B. Barger**


V.

**Defendant**

**First Data Corporation**             represented by   **Matthew Richard Byrne**
                                                        Jackson Lewis, LLP
                                                        PNC Center
                                                        26th Floor
                                                        201 E. Fifth Street
                                                        Cincinnati, OH 45202
                                                        513-322-5030
                                                        Fax: 513-898-0051
                                                        Email: matthew.byrne@jacksonlewis.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Frank Bisignano**                    represented by   **Matthew Richard Byrne**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Dan Charron**                                    represented by  **Matthew Richard Byrne**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony Marino**                                 represented by  **Matthew Richard Byrne**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Whalen**                                   represented by  **Matthew Richard Byrne**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Rhonda Johnson**                                 represented by  **Matthew Richard Byrne**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2018 | 1 | MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration of Gillian A. Cooper, Esq. with Exhibits A-I, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 07/23/2018) |
| 07/23/2018 | 2 | Filing fee: $ 47.00, receipt number 100CIN034648 (bjc) (Entered: 07/23/2018) |
| 07/27/2018 | 3 | RESPONSE in Opposition re 1 MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* filed by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) (Entered: 07/27/2018) |
| 07/27/2018 | 4 | MOTION to Quash by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) Modified docket text on 9/5/2018 (sct). (Entered: 07/27/2018) |
| 08/03/2018 | 5 | Response in Opposition to Motion re 4 MOTION to Quash and REPLY to Response to Motion re 1 MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit Declaration of Gillian A. Cooper, Esq.) (Byrne, Matthew) Modified docket text on 9/5/2018 (sct). (Entered: 08/03/2018) |
| 08/14/2018 | 7 | MOTION for Sanctions by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) Modified Docket Text on 8/15/2018 (bjc). (Entered: 08/14/2018) |

| 08/14/2018 | | Minute Entry for proceedings held before Magistrate Judge Stephanie K. Bowman: Telephone Conference re: pending motion to compel and motion to quash held on 8/14/2018. Third Party Witness Julie Kelly appeared pro se. Attorneys Matthew Byrne and Gillian Cooper appeared on behalf of Defendants. The parties agree that Julie Kelly will appear for a deposition on 8/31/2018 at 12:00 PM at the law firm of Jackson Lewis, 201 E. Fifth Street, Cincinnati, OH. The deposition will conclude by 4:00 PM. Defendant First Data Corporation will reimburse Ms. Kelly for child care costs associated with the deposition. Ms. Kelly agrees to accept service of the subpoena for the 8/31/2018 deposition via regular mail. Ms. Kelly's motion for sanctions will be briefed and all motions will be formally ruled upon once briefing is complete. (km) (Entered: 08/14/2018) |
| --- | --- | --- |
| 08/29/2018 | 8 | MOTION for Order to Grant 7 Motion for Sanctions by Interested Party Julie K. Kelly. (bjc) (Entered: 08/29/2018) |
| 08/29/2018 | 9 | NOTICE by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen re 8 MOTION for Order to *Grant Motion for Sanctions* (Byrne, Matthew) (Entered: 08/29/2018) |
| 08/31/2018 | 10 | MOTION for Protective Order by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) (Entered: 08/31/2018) |
| 09/04/2018 | 11 | RESPONSE in Opposition re 7 MOTION for Sanctions, 8 MOTION for Order to, 10 MOTION for Protective Order *and in further support of Defendants' Motion to Compel Third Party Witness (ECF No. 1)* filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration of Gillian A. Cooper, Esq. with Exhibits A - E, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/04/2018) |
| 09/04/2018 | 12 | MOTION to Expedite *Time for Kelly to Reply to ECF Nos. 7, 8, and 10* by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/04/2018) |
| 09/04/2018 | 13 | Supplement to 10 MOTION for Protective Order and REPLY to Response to Motion re 4 MOTION to Quash filed by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits A-C) (sct) (Entered: 09/05/2018) |
| 09/05/2018 | 14 | REPLY to Response to Motion re 1 MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration of Gillian A. Cooper with Exhibits A - E, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/05/2018) |
| 09/06/2018 | | NOTATION ORDER granting in part 12 Defendants' Motion to Expedite Briefing Time for Julie Kelly to Reply to ECF Nos. 7, 8, and 10. Because Ms. Kelly is proceeding pro se, she shall have until **9/14/2018** to file her reply memoranda in support of her motions 7 8 10 . The Court further SETS this matter for a telephone conference on all remaining issues on 9/18/2018 at 10:00 AM. Signed by Magistrate Judge Stephanie K. Bowman on 9/6/2018. (km) (Entered: 09/06/2018) |

| 09/13/2018 | 17 | REPLY to Response to Motion re 7 MOTION for Sanctions filed by Interested Party Julie K. Kelly. (eh) (Entered: 09/13/2018) |
| 09/13/2018 | 18 | MOTION by Pro Se Litigant to Obtain Electronic Case Filing Rights by Interested Party Julie K. Kelly. (eh) Modified Filer on 9/14/2018 (bjc). (Entered: 09/13/2018) |
| 09/14/2018 | 19 | MOTION for Extension of Time New date requested 9/17/2018. by Interested Party Julie K. Kelly. (bjc) (Entered: 09/14/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/17/2018 13:38:23 | | |
| **PACER Login:** | ███████ | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-mc-00010-SJD-SKB |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |