# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, an individual, | Civil Case No. 1:17-cv-04869-FB-LB |
| Plaintiff, | |
| v. | |
| FIRST DATA CORPORATION, et al., | |
| Defendants. | |

## DEFENDANTS FIRST DATA CORPORATION, FRANK BISIGNANO, ANTHONY MARINO, DAN CHARRON, RHONDA JOHNSON, AND KAREN WHALEN'S MEMORANDUM OF LAW IN <u>OPPOSITION TO PLAINTIFF'S RULE 72(a) OBJECTION</u>

**SAUL EWING ARNSTEIN & LEHR LLP**
*A Delaware LLP*

Gary B. Eidelman, Esq.
(admitted *pro hac vice*)
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
T: (410) 332 8975
gary.eidelman@saul.com

Gillian A. Cooper, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452 5021
gillian.cooper@saul.com

*Attorneys for Defendants*

**TABLE OF CONTENTS**

I.   Introduction ........................................................................................................................1

II.  Procedural History .............................................................................................................1

III. Legal Standard ...................................................................................................................5

IV.  Argument ...........................................................................................................................6

    A.   The Court's Order Denying Plaintiff's Motion to Compel 30(b)(6)
        Depositions was Not Clearly Erroneous or Contrary to Law ...............................7

    B.   Plaintiff's Request to Preclude Testimony is Improper and Must be
        Denied ...................................................................................................................13

V.   Conclusion .......................................................................................................................14

## TABLE OF AUTHORITIES

                                                                                                 **Page(s)**

**Cases**

*Arista Records, LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010) ............................................................................................... 6

*Conway v. Icahn*,
    16 F.3d 504 (2d Cir. 1994) ................................................................................................. 6

*DeFazio v. Wallis*,
    459 F. Supp. 2d 159 (E.D.N.Y. 2006) ............................................................................... 6

*Easley v. Cromartie*,
    523 U.S. 234, 242 (2001) ................................................................................................... 6

*Garcia v. Benjamin Grp. Enter. Inc.*,
    800 F. Supp. 2d 399 (E.D.N.Y. 2011) ............................................................................... 6

*Graziadio. v. Culinary Institute of America*,
    817 F.3d 415 (2d Cir. 2016) ............................................................................................... 8

*Grief v, Nassau Cty.*,
    246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017) ....................................................................... 6

*Janfeshan v. U.S. Customs & Border Prot.*,
    2018 WL 741369 (E.D.N.Y. Feb. 7, 2018) .................................................................... 5, 6

*Libbey v. Vill. of Atl. Beach*,
    982 F. Supp. 2d 185 (E.D.N.Y. 2013) ............................................................................. 14

*Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*,
    190 F.3d 64 (2d Cir. 1999) ................................................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 12(c) ............................................................................................................. 4, 11

Fed. R. Civ. P. 30 ............................................................................................................. *passim*

Fed. R. Civ. P. 72 ............................................................................................................. *passim*

Defendants First Data Corporation, Frank Bisignano, Anthony Marino, Dan Charron, Rhonda Johnson, and Karen Whalen ("Defendants") respectfully submit their Opposition to Plaintiff's Rule 72 Objection (the "Motion"). For the reasons set forth below, the Court should deny the Motion.

## I.  Introduction

After Judge Bloom denied Plaintiff's Motion to Compel 30(b)(6) depositions on two occasions, after she told Plaintiff's counsel that his litigation tactics have been "unreasonable" and "irrational," and have nothing to do with the Plaintiff's claims for discrimination, Plaintiff moves to overrule Judge Bloom's decisions by way of a Rule 72 Objection that not only seeks to compel the 30(b)(6) depositions that have generated an extensive paper trail justifying their denial, but he also seeks extraordinary measures to exclude certain witnesses from testifying in this case—a matter well outside Rule 72.

Plaintiff's Motion consists of arguments about his theory of the case and includes attacks on the credibility of evidence already in the record.[1] However, the Motion does not contain arguments demonstrating how Judge Bloom was clearly erroneous in the application of facts or law in this matter. Because there is no basis to support arguments that Judge Bloom's Order was "clearly erroneous or contrary to law," the Motion should be denied.

## II.  Procedural History

Plaintiff's request for additional depositions comes after extensive and exhaustive discovery in this case. In response to Plaintiff's 159 requests for production of documents, Defendants have produced over 51,000 pages of documents. Defendants have also responded to 69 requests for admission and 27 interrogatories. Defendants also have been subjected to

---

[1] Plaintiff's Rule 72 Objection seemingly tries to create disputes of fact, rather than proving that Judge Bloom's Order is contrary to law or fact.

opposing counsel's frequent email barrages that personally attack Defendants and their counsel, that threaten conspiracy theories not grounded in fact, or that seek additional discovery informally. Plaintiff has filed eight discovery-related motions and noticed over 25 fact and 30(b)(6) depositions, repeatedly doing so unilaterally without consultation with Defendants' counsel regarding availability.

Plaintiff has taken 10 depositions in this case, the limit imposed by Fed. R. Civ. P. 30(a)(2)(i): (1) Defendant **Frank Bisignano,** CEO; (2) Defendant **Dan Charron**, EVP Global Business Solutions (Barger's assigned organization); (3) Defendant **Tony Marino**, EVP, Chief Human Resources Officer; (4) Defendant **Karen Whalen**, former SVP, HR; (5) Defendant **Rhonda Johnson**, VP, HR (supported Barger's team); (6) **Robin Ording**, VP, HR, Talent Development (Barger's replacement who took over Plaintiff's Sales Training Group in addition to her regular duties); (7) **Matt Cagwin**, SVP, Chief Accounting Officer; (8) **Josh King**, former SVP, Global Communications and Corporate Affairs; (9) **Amy Steffen**, VP, HR (former head of HR Service Center); (10) and **Kathi Benhardt**, VP, HR, Workforce Planning and Analytics.

On April 28, 2018, Plaintiff served First Data with a Rule 30(b)(6) Notice containing 28 separate and mostly irrelevant topics, seeking testimony on topics such as First Data's SEC filings, corporate governance protocols, social media accounts, legal hold procedures, accounting, finance, payroll and auditing systems, multiple other technology systems, compensation, payroll and benefits including for hourly employees, among others.[2]

First Data lodged objections to many of the topics, repeatedly reminding counsel that this is a single plaintiff employment discrimination case under the FMLA and the ADA.[3] On May 3, 2018, Plaintiff served a Revised Notice of 30(b)(6) Deposition, removing some topics but adding

---

[2] April 23, 2018 Notice of 30(b)(6) Deposition, attached as Ex. A.
[3] First Data's response letter dated April 30, 2018, attached as Ex. B.

2

others.[4] The revised Notice still contained many topics that were not stated with particularity, irrelevant, overbroad, burdensome, and disproportionate to the needs of the case. In order to resolve these discovery disputes, the parties conferred by telephone on Thursday, May 10, 2018, but were unable to resolve the discovery issues.

Defendants then filed a Motion for Protective Order, ECF No. 43, on May 10, 2018, via letter motion pursuant to Judge Bloom's individual rules. After the Court set a date for a telephonic hearing on the matter, Plaintiff withdrew his 30(b)(6) Notice and, on May 22, 2018, issued a revised 30(b)(6) notice that contained 12 different topics (instead of 28), yet still included the same irrelevant topics such as First Data's SEC filings, "internal controls" for "technological systems," legal hold procedures, social media accounts, and stock equity plans that formed the basis of Defendants' motion for protective order.[5]

Defendants again objected to these topics and Plaintiff filed a Motion to Compel Designation and Deposition of Rule 30(b)(6) Designees on June 11, 2018. ECF No. 46. After Defendants pointed out to Plaintiff that his nine page formal motion and memorandum violated Judge Bloom's individual rules requiring a three page letter motion, Plaintiff refiled the motion as ECF No. 48. The Court gave Plaintiff the benefit of an immediate telephonic hearing the very next day on June 12, 2018, considering arguments from both sides. The Court not only denied Plaintiff's motion to compel and motion for sanctions, but also reminded Plaintiff's counsel of the need to be reasonable in his conduct in discovery.[6]

---

[4] Reply letter and Revised Notice of 30(b)(6) Deposition, attached as <u>Ex. C</u> (without attachments).
[5] May 22, 2018 Notice of 30(b)(6) Deposition, attached as <u>Ex. D.</u>
[6] For example, the Court commented that Plaintiff acted unreasonably by insisting that Defendants' counsel should have telephonically attended a deposition on the day he was burying his mother-in-law, and by demanding that Defendants appear for a unilaterally noticed deposition on a date that defense counsel informed Plaintiff they were unavailable.

3

On July 23, 2018, this Court denied Plaintiff's Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings, at which time the Court cautioned "Barger to consider the merits of any future motion before filing." ECF No. 53.

In the meantime, Plaintiff proceeded to unilaterally notice deposition dates without consulting with Defendants and scheduled depositions on dates that were listed as unavailable on Defendants' availability chart.[7] Defendants engaged in their best efforts to schedule depositions in spite of opposing counsel's conduct. The parties successfully completed the 10 depositions by August 2018. It was during this time that Plaintiff noticed and then cancelled the depositions of both Jennifer Voycheske and Stephanie Pulverenti—two individuals that he now purports he needs to depose.

On August 22, 2018, Plaintiff filed his second Motion to Compel 30(b)(6) Designation and Deposition. ECF No. 55. Plaintiff additionally filed three other motions to compel—all in separate letter motions. ECF Nos. 56, 59, and 60.[8] Plaintiff recited the same arguments as in his previous motion and continued to disregard Local Rule 11.1. Defendants responded with a topic by topic analysis of what Plaintiff alleged had not been covered. *See* ECF No. 58. Defendants argued that Plaintiff had either received testimony or had the opportunity to receive testimony on the allegedly outstanding topics, that Plaintiff himself had cancelled the depositions of those that he now seeks testimony from, or that the topics were irrelevant to the issues in this case. *Id.*

On September 4, 2018, Judge Bloom conducted an in-person discovery conference. After hearing the arguments of counsel, the Court denied all of Plaintiff's motions to compel, with the exception of ordering Defendants to respond to three requests for admission, which Defendants

---

[7] Defendants provided Plaintiff's counsel with a Witness Availability Chart on May 24, 2018, in an effort to streamline deposition scheduling. Email and attachment dated May 24, 2018, attached as Ex. E.

[8] Plaintiff has also served Defendants with a Rule 11 motion seeking sanctions for Defendants' request for more time to depose third-party witnesses identified during Plaintiff Barger's depositions. Judge Bloom granted Defendants' requests. *See* paperless docket entry orders on August 17, 2018, and September 18, 2018.

4

did immediately. Transcript of Hearing dated Sept. 4, 2018, Ex. F (the "Order"). At the hearing, Judge Bloom commented on the conduct of Plaintiff's counsel in this case, noting that he may be "losing perspective" and that representing his father-in-law has brought him "too close" to the case such that he acts in ways an otherwise reasonable attorney would not. Ex. F, Trans. at 3:2, 21:19-24. Judge Bloom repeatedly inquired how the requested discovery related to Plaintiff's claims of discrimination under the FMLA and ADA. *See, e.g.*, *id.* at 12:20-23.

After 70 minutes of argument, Judge Bloom concluded the hearing by denying Plaintiff's Motion and by reminding Plaintiff's counsel that "you have taken all of the depositions that you need. And depositions are not a constitutional right." Ex. F, Trans. at 51:17-18.

After months of discovery, dozens of emails and motions on Rule 30(b)(6), and two motions hearings, Plaintiff moves to overrule Judge Bloom's denial of his motion to compel additional 30(b)(6) witnesses on the grounds that her ruling is contrary to law. Plaintiff is wrong and his Motion should be denied.

### III. Legal Standard

Parties requesting relief under Rule 72 face a high burden. Rule 72 permits a party to object to the order of a magistrate judge in two ways. For dispositive matters, the district court judge must review the decision using the less deferential *de novo* standard. Fed. R. Civ. P. 72(b)(3). If, however, the matter is non-dispositive, such as the discovery matter at issue here, the district court must review the decision using the highly deferential "clearly erroneous" or "contrary to law" standard of review. Fed. R. Civ. P. 72(a).

Under Rule 72(a) "[a] factual finding is clearly erroneous if 'on the entire evidence,' the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Janfeshan v. U.S. Customs & Border Prot.*, 2018 WL 741369, at *2 (E.D.N.Y. Feb. 7, 2018)

(quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). The clear error standard does not allow a court to reverse a finding even where it would have weighed the evidence differently had it been sitting as trier of fact. *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999).

"An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006). A court may only issue a contrary to law finding if it determines that the magistrate "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011).

For these reasons, under Rule 72(a), the objecting party carries a "heavy burden of proof" because the "highly deferential standard 'only permits reversal where the magistrate judge abused h[er] discretion.'" *Janfeshan*, 2018 WL 741369 at *2 (*quoting Grief v. Nassau Cty.*, 246 F. Supp. 3d 560, 564 (E.D.N.Y. 2017)). Reversal of the magistrate judge is only appropriate if he or she abused the broad discretion that is afforded to him or her to resolve discovery disputes. *See Conway v. Icahn*, 16 F.3d 504, 510 (2d Cir. 1994). A court abuses its discretion when its decision "cannot be located within the range of permissible decisions." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010).

### IV.     Argument

Plaintiff has not demonstrated any support for the claim that Judge Bloom's Order (which was the product of two rounds of motions practice and hearings) was clearly erroneous or contrary to law. Judge Bloom reviewed and considered the voluminous filings and issued her decision pursuant to the Magistrate's broad discretion to resolve discovery disputes. Judge Bloom applied the proper statutes and case law and there was no error in her denial of Plaintiff's

6

request for more depositions. Plaintiff has not met his heavy burden of proof and fails to demonstrate that Judge Bloom abused her discretion in denying his motion to compel.

      A.      **The Court's Order Denying Plaintiff's Motion to Compel 30(b)(6) Depositions was Not Clearly Erroneous or Contrary to Law**

Plaintiff objects to the Court's Order denying his Motion to Compel 30(b)(6) Depositions with respect to four topics, one relating to information technology systems used by Defendant First Data, and three relating to human resources policies, plans, and procedures.

      1.      Topic 1 (c)

*Topic 1(c) - First Data's internal control policies and procedures for the technological systems used by First Data's human resources department, payroll, and leave management;*

Judge Bloom's Order with respect to Topic 1(c) was not clearly erroneous or contrary to law because it seeks information not relevant to the underlying dispute and even though it is irrelevant, Plaintiff still received substantial deposition testimony on the IT systems used at First Data.

On the June 12, 2018 telephone conference with Judge Bloom on Plaintiff's First Motion to Compel 30(b)(6) (which the Court denied), Judge Bloom instructed Plaintiff that this topic was outside the bounds of relevant discovery and that he had no need for depositions on such technological matters in this single plaintiff employment discrimination case. After the Court's denial, Plaintiff emailed Defendants on July 2, 2018, requesting designations on a revised list of 30(b)(6) topics that omitted Topic 1(c), presumably because the Court told Plaintiff it was irrelevant.[9]

Plaintiff has now resurrected this topic and claims an essential need to depose someone on First Data's information technology. This change of strategy comes after Plaintiff obtained testimony from numerous witnesses about the Good App (used to access business email on a

---

[9] Email dated July 2, 2018, attached as Ex. G.

7

mobile device) and the VPN (used to log into the company's network when out of the office), and about how Plaintiff's access to these systems was disabled by the company so that he could concentrate on his recovery. Ex. F, Trans. at 30:9-32:24.

Plaintiff writes in his Motion that the IT deposition of access to HR software goes to individual liability and who could exert control over the terms and conditions of his employment. Plaintiff argues that if one of the individual defendants had the ability to change the terms and conditions of his PTO or other data in PeopleSoft, that it demonstrates liability under *Graziadio*. *v. Culinary Institute of America*, 817 F.3d 415 (2d Cir. 2016).[10] Very well as this may be, Plaintiff has already taken the deposition of each individual Defendant in this case and had the opportunity to ask any and all relevant questions to those individual Defendants in their depositions. Plaintiff surprisingly cited to the deposition of Rhonda Johnson as evidence that she engaged in "bandying" on the issue of the IT access issue. The relevant testimony is as follows:

> Q: Who would make those changes to the [PeopleSoft] software
> A: The HR Solutions/HR Help Desk Team. Because HR business partners, Karen Whalen, including Tony [Marino], we do not have access to make any changes to an employee directly into PeopleSoft.

Johnson Dep. Trans. at 131:24-132:3, attached as Ex. H.

It is surprising that Plaintiff cites to this testimony as evidence of "bandying" because not only does Johnson directly answer Plaintiff's question about access to PeopleSoft, but she also clarifies that she (and Ms. Whalen and Mr. Marino—all individual defendants) *did not* have access to change Plaintiff's data in PeopleSoft. Her testimony negates Plaintiff's concern that he needs to depose someone on IT systems to determine who had access to PeopleSoft for individual liability purposes.

---

[10] The Second Circuit in *Graziadio* lists a four factor test for determining individual liability under the FMLA, one of which is if the individual "supervised and controlled employee work schedules or conditions of employment." *Id*. at 422.

8

Plaintiff took 10 depositions in this FMLA and ADA case. To the extent Plaintiff failed to ask similar questions to the other individual Defendants, Plaintiff has no one to blame but himself. At the hearing in response to Judge Bloom's question "did you ever ask who did make the change?" Mr. Shearer responded "no, I did not." Ex. F, Trans. at 28:25-29:3. To this, Judge Bloom responded "I find it frankly beyond credibility that you didn't ask the question who changed Mr. Barger's information if that was what you were trying to get at." Id. at 34:15-15. Plaintiff is not entitled to additional depositions on tangential topics because he failed to ask certain questions of the Defendants at their depositions.

Judge Bloom concluded "everybody agrees that there is a paper trail of what happened in this case, so it's not dependent on internal control technology. It's dependent on your reading of the paper trail one way or the other. **So as to the internal control technology expert, I find that there is no reason to have to continue a 30(b)(6).**" Id. at 40:23-41:1 (emphasis added).

For these reasons, Plaintiff has failed to demonstrate any clear error in the Court's Order or that Judge Bloom abused her discretion in concluding that this topic was irrelevant and/or that Plaintiff received the necessary testimony or waived his opportunity to do so by failing to ask the questions to which he now claims to need answers.

### 2. Topic 3(a)

*The processes that were available to Plaintiff to apply to receive First Data's disability insurance benefits, the process through which Plaintiff did apply to receive First Data's disability insurance benefits, and the terms of the disability insurance policies under which Plaintiff applied for benefits;*

As Defendants have pointed out repeatedly to Plaintiff, there are no claims in this FMLA and ADA discrimination case that Plaintiff was denied disability insurance benefits, nor is there an ERISA claim. It is undisputed that First Data's long-term disability insurance carrier paid Plaintiff over $41,000 in long-term disability payments while he was being paid his regular

9

salary from First Data, which is a violation of the LTD Plan. Plaintiff never corrected the error to MetLife and has yet to return the money to MetLife. Instead, Plaintiff testified that he gave the checks to his lawyer to place in an escrow account where that money apparently remains to this day. Barger Dep. Trans. 67:5-68:3; 71:12-74:15, attached as Ex. I.

That point aside, Plaintiff makes no argument as to how Judge Bloom's Order was clearly erroneous or contrary to law. Plaintiff recites the same arguments that he has raised and lost in prior proceedings. Plaintiff advances no arguments of clearly erroneous facts or misapplied laws underpinning Judge Bloom's Order.

Instead, Plaintiff attacks the credibility of the Voycheske Declarations, despite Plaintiff canceling her deposition one business day prior to its scheduled occurrence.[11] Judge Bloom asked Plaintiff's counsel "Why didn't you depose her? You chose not to" to which Plaintiff replied "Because I want to depose her boss." Ex. F, Trans. at 48:7-10. As the Court concluded to Mr. Shearer "That was your choice, and you are entitled to your choice." *Id*. at 48:11-12. Having made the choice to depose her boss instead, Plaintiff now argues that he regrets that choice and wants to depose Voycheske. Judge Bloom concluded that Plaintiff decided who he wanted to depose and that he is bound by that decision. There was no error on her part in denying his request to depose Voycheske.

    3.    Topic 3(b)

*Terms and conditions of all equity-based compensation plans and agreements relevant to the stock option and restricted stock awards by First Data to Plaintiff; and*

The Court's Order that Plaintiff is not entitled to any further depositions on this topic is grounded in both fact and law. Plaintiff sold all of his equity in First Data and Defendant has

---

[11] Email dated July 20, 2018, titled "Barger v. First Data – Voycheske Deposition Postponement," attached as Ex. J. Plaintiff's baseless attacks on the veracity of Ms. Voycheske's affidavit have no place in a Rule 72 Objection and do not justify a response from Defendants.

produced documents relating to his stock options and restricted stock units. Defendants' counsel, in good faith, reached out to Plaintiff's counsel on August 1, 2018, and asked him for specific questions that Plaintiff had on this topic since the equity plan documents produced by Defendant speak for themselves.[12] Mr. Shearer never responded. Defendants' counsel also suggested that Plaintiff serve an interrogatory on this matter. Plaintiff never did.

Plaintiff's Motion provides no further clarity on what testimony he seeks through further depositions on this topic. Plaintiff argues he needs a deposition on this topic because it relates to calculating damages, even though he submitted a complete damages analysis in his Rule 12(c) Motion. Plaintiff's arguments on this topic fail to demonstrate how Judge Bloom's Order was clearly erroneous.

    4.    Topic 3(d)

*First Data's plans, policies and procedures for the implementation of FMLA, ADA, and other leave programs.*

Plaintiff has taken the deposition of six individuals from First Data's HR department, including the head of the department, a senior vice president, and four vice presidents.[13] The parties had at one time also agreed to the deposition of two additional HR personnel, Stephanie Pulverenti (VP, HR Benefits) and Jennifer Voycheske (Manager, HR Operations), but Plaintiff cancelled the deposition of Pulverenti which had been scheduled for July 30[14] and cancelled the deposition of Voycheske that had been scheduled for July 23.[15]

Instead of deposing Voycheske, who personally handled many aspects of Plaintiff's leave and who Plaintiff has repeatedly and inexplicably attacked, he deposed her supervisor Steffen.

---

[12] Email dated August 1, 2018, titled "August 9 depositions" at bullet point 3(b), attached as Ex. K.
[13] Plaintiff deposed (1) Tony Marino, EVP, Chief Human Resources Officer; (2) Karen Whalen, former SVP, HR; (3) Rhonda Johnson, VP, HR (supported Barger's team); (4) Robin Ording, VP, HR, Talent Development (took over Plaintiff's Sales Training Group in addition to her regular duties); (5) Amy Steffen, VP, HR (former head of HR Service Center); and (6) Kathi Benhardt, VP, HR, Workforce Planning and Analytics.
[14] Letter from S. Shearer dated July 4, 2018, attached as Ex. L.
[15] Email dated July 20, 2018, titled "Barger v. First Data – Voycheske Deposition Postponement," Ex. J.

11

Judge Bloom did not make this decision for Plaintiff and he had failed to demonstrate how Judge Bloom committed reversible error by denying him the opportunity to depose Voycheske as a 30(b)(6) witness.

To support the Motion, Plaintiff claims that Defendants failed to appear for depositions on June 7 and 8, 2018. Mot. at 9. This statement is misleading at best.[16] Plaintiff further falsely states he has been prevented from deposing the corporate defendant (First Data) in this matter. First, Defendant produced Matthew Cagwin (Chief Accounting Officer) as a Rule 30(b)(6) designee on June 26, 2018 who answered all of Plaintiff's accounting and 10k questions. Second, Plaintiff has deposed the CEO, two EVPs, two former SVPs, and other executives in the company and had the opportunity to ask these witnesses all of the questions he needed for his discrimination claims under the FMLA and ADA. Defendants have on numerous occasions offered to designate parts of their testimony as 30(b)(6) testimony. All of these witnesses were prepared and fully answered Plaintiff's questions. Plaintiff baselessly accuses the witnesses of "bandying" and failing to provide complete testimony, yet there is no evidence in the record to prove his claims. Plaintiff's request for more depositions so he can fish for information because he does not like the testimony he received from the 10 deponents is no grounds for vacating Judge Bloom's Order and reopening to allow him additional depositions.

The only misapplication of law involving this topic is Plaintiff's counsel's erroneous interpretation of Rule 30(b)(6). Throughout discovery, and again at oral arguments before Judge Bloom, Plaintiff has asserted the legal position that the only individuals qualified to testify under

---

[16] Judge Bloom previously addressed Plaintiff for taking this position, as Defendants made clear that they were unavailable for depositions on that date, yet Plaintiff made the decision to unilaterally notice depositions without consulting with Defendants (as required by Local Rule 26.4) and then drove to Omaha, Nebraska for the deposition after Defendants unambiguously told Plaintiff they were not available. See email compilation with highlights, attached as Ex. N. Defendants provided a witness availability chart (Ex. E) to Plaintiff yet he unilaterally insisted on noticing depositions on a date that he knew Defendants were not available. Ex. M. The Court denied Plaintiff's motion for sanctions on this issue, agreeing that Plaintiff acted unreasonably.

12

Rule 30(b)(6) are "officers, directors, or managing agents" in defense of his decision to cancel the depositions of Oliver St. George and Voycheske. In response to Judge Bloom's question, Plaintiff's counsel responded "Well, I'm not sure that he [St. George] qualifies as an officer, director, or managing agent" and that "the designee needs to be an officer, director, or managing agent. And if they're not, they don't have the authority to bind the corporation." Ex. F, Trans. at 42:16-43:7.

At the September 4, 2018, argument, Judge Bloom told Plaintiff's counsel that his understanding of Rule 30(b)(6) is wrong, citing to the language of the Rule. *Id*. at 44:2-6. Judge Bloom opined on Plaintiff's theory of who can be designated as a 30(b)(6) witness stating that, "I've never heard that before and I've been doing this job for 17 years." *Id*. at 45:9-10.

The Court did not misapply the law in denying Plaintiff's Motion. Plaintiff deposed six employees from the HR department. Plaintiff now wishes he had deposed Voycheske because Steffen directed certain day-to-day operational questions to her. Plaintiff has exhausted the discovery and depositions he is entitled to in this case. There was no error in Judge Bloom's denial of the Motions to Compel.

**B. Plaintiff's Request to Preclude Testimony is Improper and Must be Denied**

Plaintiff concludes his Motion by requesting that the Court preclude Defendants from presenting witnesses to testify as to the 30(b)(6) topics. Such relief is not authorized under Rule 72, the rule through which he brought this Motion. Rule 72 authorizes a district judge to "modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). No part of Judge Bloom's Order relates to witnesses that Defendants can present in future proceedings, therefore there is no part of her Order to "modify or set aside" that could entitle Plaintiff to the relief he requests.

Moreover, a party cannot raise arguments in a Rule 72 objection that were not presented to the magistrate judge in the underlying proceeding. *Libbey v. Vill. of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) ("[T]he Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."). Plaintiff did not raise this argument in the underlying proceeding. Plaintiff's attempt to disguise a motion *in limine* in a Rule 72 Objection must not be permitted.

**V.    Conclusion**

For the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion because he fails to demonstrate that the Court's Order was clearly erroneous or contrary to law. Defendants also request that the Court deny Plaintiff's request to preclude certain witnesses from testifying at future proceedings in this case, as such a request has no basis in Rule 72.

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**
*A Delaware LLP*

*/s/ Gary B. Eidelman*
Gary B. Eidelman, Esq.
(admitted *pro hac vice*)
500 East Pratt Street, Suite 900
Baltimore, Maryland 21202
T: (410) 332 8975
gary.eidelman@saul.com

Gillian A. Cooper, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452 5021
gillian.cooper@saul.com

*Attorneys for Defendants*

Dated: September 27, 2018

14

## **CERTIFICATION OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on the following counsel via ECF:

David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer, Esq.
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

*/s/ Gary B. Eidelman*
Gary B. Eidelman

Dated: September 27, 2018