**EXHIBIT A**

**TO**

**PLAINTIFF'S REPLY IN SUPPORT OF 72(a)**

VOYCHESKE DECLARATION DOCUMENTS

<u>**EXHIBIT A - 1**</u>

**Declaration Comparison & Counsel Involvement Tables**

**EXHIBIT A-1**
**REPLY IN SUPPORT OF RULE 72(a) MOTION**

<u>TABLE I</u>

| Date | Document | Statements |
|------|----------|------------|
| 02/20/18 | First Declaration<br><br>[ECF 37-1 p. 29](¶14) | **"When <u>I SPOKE</u> with Barger on the phone, he clarified that he began missing work on September 5, 2016 instead of October 24, 2016"** |
| 07/13/18<br>Friday | *Eidelman* Email.<br><br>[Exhibit A-2] | **"<u>Please change the name to Supplemental Declaration. I want to get away from the idea that this is a correction rather than a supplement.</u>"**<br><br>**NOTE:** <u>Title</u> of Document attached to email chain **changed from**:<br>       "Declaration of Jennifer Voycheske (**Corrected**).docx" **to**<br>       "Declaration of Jennifer Voycheske (**Supplemental**).docx" |
| 07/16/18<br>Monday | Second Declaration<br><br>[ECF 51] | **"In Paragraph 14 of my Declaration, I stated that Steven Barger responded to my inquiry about when his leave began by telephone. Upon further review, Mr. Barger communicated this information to me by email."** (¶4)<br><br>**NOTE:**   Ms. Voycheske did not swear that a call did not occur. She merely changes her testimony to say the information came from email not the phone. [See Table II – unredacted emails] On July 30, 2018, Plaintiff by RFP requested Ms. Voycheske's phone records from January 5, 2017. |
| 08/29/18 | First Data Objection to RFP[1]<br>Signed by *Eidelman*<br><br>[Exhibit A-6] | **"On July 16, 2018, Defendant filed a <u>Supplemental Declaration</u> of Jennifer Voycheske <u>clarifying</u> in Paragraph 4 that <u>SHE DID NOT SPEAK</u> to Plaintiff on January 5, 2017, by telephone but instead corresponded with him via email."** |
| 09/27/18 | Opposition to Rule 72(a) Motion<br>Signed by *Eidelman*<br>[ECF 70, fn 11] | **"Plaintiff's <u>baseless attacks on the veracity of Ms. Voycheske's affidavits</u> have no place in a Rule 72 Objection and <u>do not justify a response</u> from Defendants"** |

---

[1] First Data objected (signed by Eidelman) and refused to produce documents in response to the following request:

   All Documents and records showing outgoing telephone or cellular calls from the telephone in the workspace of Jennifer Voycheske at First Data, and from Jennifer Voyceheske's cellphone(s) or mobile devices(s), on both January 4, 2017 and January 5, 2017.

**EXHIBIT A-1**
**REPLY IN SUPPORT OF RULE 72(a) MOTION**

**TABLE II**

| Date | Document | Statements |
|---|---|---|
| 02/20/18 | First Declaration<br><br>[ECF 37-1 p. 29](¶10) | **"A true and correct copy of my email communication to Barger is attached as <u>Exhibit 1</u>."**<br><br>**NOTE:** Exhibit 1 contained significant **REDACTIONS** of e-mails in the chain. A copy of Exhibit 1 is attached hereto. |
| 07/13/18<br>Friday | *Eidelman* Email<br><br>[Exhibit A-2] | **<u>"Please change the name to Supplemental Declaration. I want to get away from the idea that this is a correction rather than a supplement."</u>**<br><br>**NOTE:** <u>Title</u> of Document attached to email chain <u>**changed from**</u>: "Declaration of Jennifer Voycheske (<u>**Corrected**</u>).docx" <u>**to**</u> "Declaration of Jennifer Voycheske (<u>**Supplemental**</u>).docx" |
| 07/16/18<br>Monday | Second Declaration<br><br>[ECF 51 ¶4] | **"In Paragraph 14 of my Declaration, I stated that Steven Barger responded to my inquiry about when his leave began by telephone. <u>Upon further review, Mr. Barger communicated this information to me by email</u>. . . . A copy of this e-mail exchange between myself and Mr. Barger is attached as <u>Exhibit 6</u>."**<br><br>**NOTE:** Exhibit 6 is the **SAME E-MAIL CHAIN** as Exhibit 1 but with **NO REDACTIONS**. Ms. Voycheske is claiming to have undergone a "further review" of the redacted e-mails attached to her First Declaration as justification for changing her five month old sworn testimony in the First Declaration, and she provides the unredacted version of the same email chain she had provided before as Exhibit 1. Prior to 02/20/18, Exhibit 1 was reviewed in order to make the redactions. The contents of the redacted e-mails were known when the First Declaration was signed in February. A copy of Exhibit 6 is attached hereto. |
| 09/27/18 | Opposition to Rule 72(a) Motion Signed by *Eidelman*<br><br>[ECF 70, fn 11] | **"Plaintiff's <u>baseless attacks on the veracity of Ms. Voycheske's affidavits</u> have no place in a Rule 72 Objection and <u>do not justify a response</u> from Defendants"** |

**EXHIBIT A-1**
**REPLY IN SUPPORT OF RULE 72(a) MOTION**

### TABLE III

| Date | Document | Statements |
|------|----------|------------|
| 02/20/18 | First Declaration<br><br>[ECF 37-1 p. 29]<br>(¶¶ 15, 17, 18) | **"I also <u>contacted</u> MetLife to confirm when Barger's leave began. I obtained a computer <u>screenshot from MetLife</u> indicating that it had approved Barger's short-term disability benefits beginning September 4, 2016, and not October 24, 2016. A true and correct copy of this screenshot is attached as <u>Exhibit 2</u>." (¶15)**<br><br>**"<u>Based on the information</u> that First Data <u>received from</u> Barger and <u>MetLife</u>, First Data's <u>records were changed</u> to reflect Barger's FMLA leave start Date was September 5, 2016." (¶17)**<br><br>**"I inputted (sic) the information in the system <u>to generate the January 5, 2017 letter</u> . . . " (¶18)** |
| 07/13/18<br>Friday | *Eidelman* Email<br><br>[Exhibit A-2] | **<u>"Please change the name to Supplemental Declaration. I want to get away from the idea that this is a correction rather than a supplement."</u>**<br><br>**NOTE: <u>Document Title</u> attached to the email chain was <u>changed from</u>:** "Declaration of Jennifer Voycheske (<u>Corrected</u>).docx" <u>to</u> "Declaration of Jennifer Voycheske (<u>Supplemental</u>).docx" |
| 07/16/18<br>Monday | Second Declaration<br><br>[ECF 51 ¶5] | **"Paragraph 15 of my Declaration refers to <u>Exhibit 2</u>, a computer screenshot from MetLife indicating the date of Mr. Barger's disability as "9/4/16." <u>Upon further review</u>, I also viewed another computer screenshot from MetLife which at the top states "Info as of 01/04/2017" which reflects MetLife had approved Mr. Barger's Disability Date as September 4, 2016 . . . A copy of this screenshot is attached as <u>Exhibit 7</u>."**<br><br>**NOTE:** Exhibit 2 contained information as of January 18, 2017 that could not have existed on January 5th requiring a "fix" to five-month old testimony by adding a new Exhibit 7 (which is not a screenshot). |
| 09/27/18 | Opposition to Rule 72(a) Motion Signed by *Eidelman*<br>[ECF 70, fn 11] | **"Plaintiff's <u>baseless attacks on the veracity of Ms. Voycheske's affidavits</u> have no place in a Rule 72 Objection and <u>do not justify a response</u> from Defendants"** |

# **EXHIBIT A-2**

July 13th to 16th E-Mails Pre-Second Declaration

**Subject:** Fwd: FD_Barger - Declaration of Jennifer Voycheske (Supplemental)).DOCX
**From:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**Date:** 7/16/2018 10:34 AM
**To:** Sheila Lafferty <Sheila.Lafferty@firstdata.com>, "Cianfichi, Michael P." <michael.cianfichi@saul.com>, Lori Graesser <lori.graesser@firstdata.com>, "Kennedy, Lindsey C." <Lindsey.Kennedy@saul.com>, Jill Poole <Jill.Poole@firstdata.com>, "Cooper, Gillian A." <Gillian.Cooper@saul.com>, "shawn@shearerlaw.pro" <shawn@shearerlaw.pro>


Once we get Jen's signature we need to file.

Gary B. Eidelman
Sent from my iPhone

Begin forwarded message:

From: "Lafferty, Sheila"
<Sheila.Lafferty@firstdata.com<mailto:Sheila.Lafferty@firstdata.com>>
Date: July 14, 2018 at 5:58:04 PM EDT
To: "GEidelman@saul.com<mailto:GEidelman@saul.com>"
<GEidelman@saul.com<mailto:GEidelman@saul.com>>, "Poole, Jill"
<Jill.Poole@firstdata.com<mailto:Jill.Poole@firstdata.com>>
Subject: FW: FD_Barger - Declaration of Jennifer Voycheske (Supplemental)).DOCX

**EXTERNAL EMAIL** - This message originates from outside our Firm. Please consider
carefully before responding or clicking links/attachments.


FYI, we won't be able to get Jen's signed Declaration until Monday.
_____
From: Voycheske, JENNIFER L.
Sent: Saturday, July 14, 2018 5:31:20 PM
To: Lafferty, Sheila
Subject: RE: FD_Barger - Declaration of Jennifer Voycheske (Supplemental)).DOCX

Hi Sheila,

Unfortunately, this hotel does not have office amenities and cannot print something for me
(grrrr). I will take care of this ASAP on Monday.

Thanks.
Jen



Sent with Good (www.good.com<http://www.good.com>)
_____
From: Lafferty, Sheila
Sent: Friday, July 13, 2018 4:10:07 PM
To: Voycheske, JENNIFER L.
Subject: FW: FD_Barger - Declaration of Jennifer Voycheske (Supplemental)).DOCX

Attached is the Supplemental Declaration. Here's the pertinent text of it:

In the course of preparing for my deposition in this case scheduled for July 23, 2018, I reviewed my Declaration . . .

In Paragraph 14 of my Declaration, I stated that Steven Barger responded to my inquiry about when his leave began by telephone. Upon further review, Mr. Barger communicated this information to me by email. On January 5, 2017 at 4:27 PM CT, I emailed Mr. Barger the following question: "Thanks Steve. Can you clarify when you stopped working? Was it on 9/4/16 or 10/22/16? Thanks again." Mr. Barger responded to my question at 4:28 PM CT stating: "9/4. My operation was 9/6." A copy of this email exchange between myself and Mr. Barger is attached as Exhibit 6.

Paragraph 15 of my Declaration refers to Exhibit 2, a computer screenshot from MetLife indicating the date of Mr. Barger's disability as "9/4/16." Upon further review, I also viewed another computer screenshot from MetLife which at the top states "Info as of 01/04/2017" which reflects that MetLife had approved Mr. Barger's Disability Date as September 4, 2016, with a Benefit Start Date of September 18, 2016, a date which takes into consideration the 14 day waiting period applicable to short term disability. A copy of this computer screenshot is attached as Exhibit 7.

Obviously, if there are any changes that need to be made to the above, let me know and I will get them made and the updated version sent to you. If you end up being able to print it out, but have to fax it back, please fax it to my eFax – (402) 916-7462 – it will come in as an email and I will take care of getting it to Gary. Otherwise, if you can scan and email it back, then that works too. If you do need me to fax it to you, just shoot me an email and then we can figure out logistically when I can get it faxed to you. I have a couple of commitments tomorrow a.m., but the rest of the weekend should be open enough that I can get it faxed over.

Thanks again for all of your cooperation and flexibility!

Sheila Lafferty
Director, Legal
First Data, 6855 Pacific Street, AK-32, Omaha, NE 68106
Office: 402-222-7897 | Mobile: 402-689-4875

sheila.lafferty@firstdata.com<mailto:sheila.lafferty@firstdata.com> |
firstdata.com<http://firstdata.com>

[emaillogo.jpg]

From: Eidelman, Gary B. [mailto:Gary.Eidelman@saul.com]
Sent: Friday, July 13, 2018 3:50 PM
To: Poole, Jill; Lafferty, Sheila
Subject: FW: FD_Barger - Declaration of Jennifer Voycheske (Supplemental)).DOCX


For Jen's review and signature.  We will then efile. Thanks.

Gary B. Eidelman, Esq.
Saul Ewing Arnstein & Lehr LLP
Office: 410.332.8975
Mobile: 410.303.8832


From: Cianfichi, Michael P.

Sent: Friday, July 13, 2018 4:49 PM
To: Eidelman, Gary B.
Subject: RE: FD_Barger - Declaration of Jennifer Voycheske (Supplemental)).DOCX

Completed.

[cid:image001.png@01D3936B.F1A4F5E0]<https://urldefense.proofpoint.com/v2/url?u=http-
3A__www.saul.com_&d=DwMFaQ&
c=ewHkv9vLloTwhsKn5d4bTdoqsmBfyfooQX5O7EQLv5TtBZ1CwcvjU063xndfqI8U&
r=CKUEfqyvpQtgDJw9bTblQG5IpqkdDOkF2WqizNxluq4&
m=42elodh26TXUmIDzV0dsDoXGBTKwDjm01nHCwEmJJkk&s=ZsjsUByGPgDUjTWIzjw-NdHs9C0v5rmZC6-
xyC-WqVk&e=>

Michael P. Cianfichi

500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133

Tel: 410.332.8709 | Fax: 410.332.8014

Michael.Cianfichi@saul.com<mailto:Michael.Cianfichi@saul.com> |
www.saul.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.saul.com&d=DwMFaQ&
c=ewHkv9vLloTwhsKn5d4bTdoqsmBfyfooQX5O7EQLv5TtBZ1CwcvjU063xndfqI8U&
r=CKUEfqyvpQtgDJw9bTblQG5IpqkdDOkF2WqizNxluq4&
m=42elodh26TXUmIDzV0dsDoXGBTKwDjm01nHCwEmJJkk&s=gGWqkZmMeTj2M-
KxgOdDBP9my6dQLlGu4jjKatLcQtA&e=>

From: Eidelman, Gary B.
Sent: Friday, July 13, 2018 4:48 PM
To: Cianfichi, Michael P.
Subject: RE: FD_Barger - Declaration of Jennifer Voycheske (Corrected).DOCX

Please change the name to Supplemental Declaration. I want to get away from the idea that
this is a correction as opposed to a supplement.

Gary B. Eidelman, Esq.
Saul Ewing Arnstein & Lehr LLP
Office: 410.332.8975
Mobile: 410.303.8832

From: Cianfichi, Michael P.
Sent: Friday, July 13, 2018 4:44 PM
To: Eidelman, Gary B.
Subject: RE: FD_Barger - Declaration of Jennifer Voycheske (Corrected).DOCX

Gary—attached is version w/ exhibits attached at end.

[cid:image001.png@01D3936B.F1A4F5E0]<https://urldefense.proofpoint.com/v2/url?u=http-

3A__www.saul.com_&d=DwMFaQ&
c=ewHkv9vLloTwhsKn5d4bTdoqsmBfyfooQX5O7EQLv5TtBZ1CwcvjU063xndfqI8U&
r=CKUEfqyvpQtgDJw9bTblQG5IpqkdDOkF2WqizNxluq4&
m=42elodh26TXUmIDzV0dsDoXGBTKwDjm01nHCwEmJJkk&s=ZsjsUByGPgDUjTWIzjw-NdHs9C0v5rmZC6-
xyC-WqVk&e=>

Michael P. Cianfichi

500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133

Tel: 410.332.8709 | Fax: 410.332.8014

Michael.Cianfichi@saul.com<mailto:Michael.Cianfichi@saul.com> |
www.saul.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.saul.com&d=DwMFaQ&
c=ewHkv9vLloTwhsKn5d4bTdoqsmBfyfooQX5O7EQLv5TtBZ1CwcvjU063xndfqI8U&
r=CKUEfqyvpQtgDJw9bTblQG5IpqkdDOkF2WqizNxluq4&
m=42elodh26TXUmIDzV0dsDoXGBTKwDjm01nHCwEmJJkk&s=gGWqkZmMeTj2M-
KxgOdDBP9my6dQLlGu4jjKatLcQtA&e=>

From: Eidelman, Gary B.
Sent: Friday, July 13, 2018 4:05 PM
To: Graesser, Lori; Jill Poole (jill.poole@firstdata.com<mailto:jill.poole@firstdata.com>);
Sheila Lafferty (Sheila.Lafferty@firstdata.com<mailto:Sheila.Lafferty@firstdata.com>)
Cc: Kennedy, Lindsey C.; Cooper, Gillian A.; Cianfichi, Michael P.
Subject: FD_Barger - Declaration of Jennifer Voycheske (Corrected).DOCX

See proposed Supplemental Declaration.

[cid:image002.png@01D327C1.E5BD34B0]

Gary B. Eidelman

SAUL EWING ARNSTEIN & LEHR LLP
500 E. Pratt Street

Suite 900 | Baltimore, MD 21202-3133

Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832

Gary.Eidelman@saul.com<mailto:Gary.Eidelman@saul.com> |
www.saul.com<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.saul.com_&d=DwMFaQ&
c=ewHkv9vLloTwhsKn5d4bTdoqsmBfyfooQX5O7EQLv5TtBZ1CwcvjU063xndfqI8U&
r=CKUEfqyvpQtgDJw9bTblQG5IpqkdDOkF2WqizNxluq4&
m=42elodh26TXUmIDzV0dsDoXGBTKwDjm01nHCwEmJJkk&s=ZsjsUByGPgDUjTWIzjw-NdHs9C0v5rmZC6-
xyC-WqVk&e=>

[SEAL_WISEBlog_sig]<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.saul.com_blogs_wise-2Dworkplace-2Dinitiatives-2Dsaul-2Dewing&d=DwMFaQ&c=ewHkv9vLloTwhsKn5d4bTdoqsmBfyfooQX5O7EQLv5TtBZ1CwcvjU063xndfqI8U&r=CKUEfqyvpQtgDJw9bTblQG5IpqkdDOkF2WqizNxluq4&m=42elodh26TXUmIDzV0dsDoXGBTKwDjm01nHCwEmJJkk&s=l_5fS0e-zfKT_ip6QPBxGt-e1QG9yu36y4oP9wXKwms&e=>

Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here<https://urldefense.proofpoint.com/v2/url?u=http-3A__www.saul.com_blogs_wise-2Dworkplace-2Dinitiatives-2Dsaul-2Dewing&d=DwMFaQ&c=ewHkv9vLloTwhsKn5d4bTdoqsmBfyfooQX5O7EQLv5TtBZ1CwcvjU063xndfqI8U&r=CKUEfqyvpQtgDJw9bTblQG5IpqkdDOkF2WqizNxluq4&m=42elodh26TXUmIDzV0dsDoXGBTKwDjm01nHCwEmJJkk&s=l_5fS0e-zfKT_ip6QPBxGt-e1QG9yu36y4oP9wXKwms&e=>

* Please note that our Firm name and my email address have changed.


"Saul Ewing Arnstein & Lehr LLP (saul.com<http://saul.com>)" has made the following annotations:

+~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+


The information in this message may be proprietary and/or confidential, and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify First Data immediately by replying to this message and deleting it from your computer.

—image004.jpg———————————————————————————————



—image001.png———————————————————————————————

image001.png



image002.jpg



image003.jpg

WISE:
Workplace Initiatives and Strategies for Employers

Attachments:

| | |
|---|---|
| image004.jpg | 2.7 KB |
| image001.png | 4.5 KB |
| image001.png | 4.5 KB |
| image002.jpg | 3.9 KB |
| image003.jpg | 2.1 KB |

## EXHIBIT A - 3

**February 21, 2018 E-Mail & Letter**

**Shearer to Eidelman re: First Declaration Fabrication**

**Subject:** Opposition to 12(c) & Voycheske Affidavit - RESPONSE NEEDED
**From:** "Shawn Shearer" <shawn@shearerlaw.pro>
**Date:** 2/21/2018 9:12 AM
**To:** "'Eidelman, Gary B.'" <Gary.Eidelman@saul.com>, "'Cooper, Gillian A.'"
<Gillian.Cooper@saul.com>

Please see the attached correspondence regarding the Opposition to the 12(c) Motion and its attached Affidavit. As noted in the letter, I need a response by 2:00 pm cst to avoid cost and expense.


**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(214) 434-1594
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

──Attachments:──────────────────────────────────────

    20180221 Ltr to SEAL re Voycheske Aff and Depo.pdf              113 KB

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (214) 434-1594
SHAWN@SHEARERLAW.PRO

February 21, 2018

**Via E-mail (Gary.Eidelman@saul.com) (Gillian.Cooper@saul.com)**

Gary Eidelman                              Gillian Cooper
Saul Ewing Arnstein & Lehr LLP             Saul Ewing Arnstein & Lehr LLP
500 Pratt Street, Suite 900                650 College Road East, Suite 4000
Baltimore, MD 21022-3133                   Princeton, NJ 08540-6603

     Re:    *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
              Jennifer Voycheske Affidavit
              Depositions of Jennifer Voycheske & Lori Graesser

Gary and Gillian:

     I reviewed your Opposition to the Rule 12(c) Motion and the attached Affidavit of Jennifer Voycheske. The Affidavit contains perjured statements. The Affidavit was clearly written by counsel. There are two options.

     First, you can pull the affidavit and provide a revised Opposition by the end of day tomorrow, containing absolutely no perjured statements, with our reply due on March 1, 2018. I will notify the Court of the revised briefing schedule with no explanation as to why the schedule has changed.

     Second, I will notice back-to-back video depositions of Jennifer Voycheske and Lori Graesser for 1 p.m. this Friday, February 23, 2018, in Omaha. The stenographer is working on locations now and as soon as I know where the depositions will occur, I will serve you notices of deposition for both Ms. Voycheske and Ms. Graesser today.

     Please let me know which option you choose by 2:00 p.m. central time today, February 21, 2018.

     Very truly yours,

     Shawn E. Shearer

## <u>EXHIBIT A - 4</u>

**February 21, 2018 Letter**

**Shearer to Eidelman re: First Declaration to be Filed After Refusal to Produce Voycheske for Deposition**

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (214) 434-1594
SHAWN@SHEARERLAW.PRO

February 21, 2018

**Via E-mail (Gary.Eidelman@saul.com) (Gillian.Cooper@saul.com)**

Gary Eidelman                     Gillian Cooper
Saul Ewing Arnstein & Lehr LLP    Saul Ewing Arnstein & Lehr LLP
500 Pratt Street, Suite 900       650 College Road East, Suite 4000
Baltimore, MD 21022-3133          Princeton, NJ 08540-6603

> Re:   *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
>       Jennifer Voycheske Affidavit
>       Depositions of Jennifer Voycheske & Lori Graesser

Gary and Gillian:

I have received your letter of today's date refusing to produce Ms. Voycheske and Ms. Graesser for deposition on February 23, 2018 to discuss the veracity of Ms. Voycheske's affidavit attached to your Opposition to Plaintiff Barger's Motion under Rule 12(c). What we have before us is an *ex post facto* recreation of events (i.e. lie) to justify unlawful conduct.

We will reply to your Opposition as scheduled by February 27, 2018, and file the completed motion packet with the Court. At that time, your Opposition, including Ms. Voycheske's affidavit, will be filed with the Court and Rule 11 will apply. You can expect a Rule 11 letter with respect to the Opposition, the attached affidavit, as well as your client's Answer.

Very truly yours,

Shawn E. Shearer

## EXHIBIT A - 5

**July 20, 2018 Letter**

**Shearer to Eidelman re: "Supplemental" Declaration and Voycheske
Deposition Cancelation**

**Subject:** Barger v. First Data - Voycheske Deposition Postponement
**From:** "Shawn Shearer" <shawn@shearerlaw.pro>
**Date:** 7/20/2018 6:08 AM
**To:** "'Eidelman, Gary B.'" <Gary.Eidelman@saul.com>, "'Cooper, Gillian A.'"
<Gillian.Cooper@saul.com>, "'Kennedy, Lindsey C.'" <Lindsey.Kennedy@saul.com>

Gary, Gillian and Lindsey – Please see the attached letter withdrawing Ms. Voycheske's deposition notice for July 23, 2018. A new notice for her deposition will be sent for a date in mid- to late- August.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

─Attachments:───────────────────────────────────────────

20180720 Letter to Eidelman re Voycheske Deposition.pdf                      438 KB

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

July 20, 2018

<u>**Via Electronic Mail**</u>

Gary Eidelman
Saul Ewing Arnstein & Lehr LLP
500 Pratt Street, Suite 900
Baltimore, MD 21022-3133

> RE:   *Steve B. Barger v. First Data Corporation et al.*
> Civil Case No. 1:17-cv-4869
> **Reschedule Voycheske Deposition**

Dear Gary:

After close of business July 16, 2018, on behalf of First Data, Saul Ewing filed a Supplemental Declaration of Ms. Jennifer Voycheske [ECF No. 51] purportedly supplementing a previously sworn statement filed on February 20, 2018 in support of Defendants' Opposition to Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12(c). No memorandum of authority was attached to the Supplemental Declaration justifying its filing five months after the Rule 6 period for filing the Opposition expired. No explanation of the filing was attached. No Rule of Procedure was cited.

This supplemental declaration of Ms. Voycheske was filed less than a week before the scheduled deposition of Ms. Voycheske scheduled deposition in Omaha for the morning of July 23, 2018 (the most recent of many scheduled depositions for Ms. Voycheske). Plaintiff's counsel's legal views on this filing, and its implications for the discovery process, are outlined below.  At present, suffice it to say that this filing is disturbing on almost every level - procedurally, factually, ethically and legally. Plaintiff's counsel has spent the last three days considering all options available to Plaintiff as to how to respond to the revelation that the original sworn Declaration, the sole support for Defendant's Opposition to Plaintiff's Motion pursuant to Rule 12(c), that has been on file with the Court for five months, is neither  accurate nor complete.

Saul Ewing has had no less than 19 months to conduct a reasonable inquiry into the leave management, pay roll, and management committee actions in connection with the Plaintiff's leave and termination. It is unfathomable that the facts set forth in the Supplemental Declaration represented to be recent epiphanies were just now uncovered if Saul Ewing had been performing

its obligations under the Federal Rules of Procedure. The Supplemental Declaration is devoid of any relevance other than its demonstration of Saul Ewing's failings to meet even the most rudimentary standard of the practice of law under Rule 11. There is no reason, that after 19 months of investigation, Saul Ewing should find it necessary to have a declarant suddenly remember that information was conveyed to her by the Plaintiff by e-mail (e-mail she received, reviewed and produced, and Saul Ewing took the time to redact) rather than telephone. There is further little reason for Saul Ewing to just have discovered this deficiency, among others in the original Declaration, five months after it was signed and Saul Ewing signed and filed the Opposition based upon that Declaration. The filing of the Supplemental Declaration, in and of itself demonstrates, Saul Ewing's failure to comply with Rule 11 in its preparation of Defendants' Opposition to the Motion for Partial Judgment on the Pleadings Pursuant to Rule 12(c).

As you know, Plaintiff noticed Ms. Jennifer Voycheske for depositions to occur on February 23, 2018 and March 14, 2018 (as directed by Judge Bloom). In addition, Plaintiff believed that a valid notice for Ms. Voycheske to be deposed on June 7 or 8 as a 30(b)(6) witness was outstanding (I drove from Dallas to Omaha) and she failed to show, so I noticed Ms. Voycheske again for June 13th . That date was canceled by Judge Bloom after Defendants' counsel refused to comply.  It was more than clear to me by that point that Defendants' counsel was attempting to avoid Ms. Voycheske's deposition, altogether.

On February 20, 2018, according to the briefing schedule for Plaintiff's Motion Pursuant to Rule 12(c) [ECF No. 37], Defense counsel delivered the Defendants' Opposition to the Motion to Plaintiff's counsel per the EDNY briefing procedures.  Included with that February 20th Opposition, was a sworn Declaration by Ms. Jennifer Voycheske containing information that had neither been disclosed in First Data's Position Statement filed with the EEOC in July 2017 [Exhibit B to Complaint - ECF No.1] nor included in the Defendants' Answer to the Complaint [ECF No. 19]

The fact that Ms. Voycheske's Declaration was included in support of the Opposition to the Motion means that counsel was involved in the preparation and review of the Opposition's factual support, including the Voycheske Declaration. Moreover, at that time, Defendants' counsel, by signing the Opposition, was under a Rule 11 certification obligation of "to the best of counsels' knowledge, information, and belief, formed after a reasonable inquiry under the circumstances" (in this case a month since the pre-motion conference, and more than six-months after signing the EEOC Position Statement). The Opposition was based quite substantially on the factual statements sworn by Ms. Voycheske to be true in her Declaration dated February 20, 2018.The Opposition, supported by that Declaration, was signed by counsel and blessed with counsel's representations to the Court under Rule 11(b).

In immediate response to receiving Defendants' Opposition, within hours of receipt of Ms. Voycheske's Declaration, on the morning of February 21st, Plaintiff noticed Ms. Voycheske for a deposition to occur in Omaha, her home city, on February 23rd (Friday). This date was selected so that the deposition could be completed in time for Plaintiff to prepare its Reply in Support of the Motion before the deadline for a fully-briefed motion package to be filed with the

Court on February 27th (Tuesday). Plaintiff arranged for space and reporters to be in Omaha on February 23rd as noticed. Despite knowing the reason and the requisite timing, as well as being in possession of a validly issued subpoena, Defense counsel refused to produce Ms. Voycheske at the designated time and place.

After counsel's refusal to produce Ms. Voycheske pursuant to that valid February 21st subpoena,[1] as an alternative to taking Ms. Voycheske's deposition (a portion of which would have addressed a timeline of events involving periods of time after 4 pm CT), Plaintiff sought to discover Ms. Voycheske's whereabouts on two specific days by noticing a third-party subpoena to obtain business records from the daycare center her child *formerly* attended to obtain information as to what times Ms. Voycheske was at that location on two specific dates. Defendants sought a protective order against service of the subpoena on the third-party. [ECF No. 38] The protective order motion was intentionally deceptive to the Court by Defense counsel's presentation of the scope of Plaintiff's request. Defendants' counsel also neglected to inform the Court that the institution was merely formerly attended by Ms. Voycheske's child. The language of the request for the protective order intentionally gave the impression that Ms. Voycheske child was still in attendance at that school, when the child had, in fact, graduated from the school, and Ms. Voycheske had posted public pictures of the same child graduating from the school months earlier. In addition, the protective order documents clearly gave the impression that a child's privacy was being disregarded, when the request was only for information regarding when adults signed-in and signed-out of the school, on two specific dates. No children were involved, the request was for records kept in the ordinary course of business, and no embarrassment could come from the request, as Ms. Voycheske's child was already in primary school. A hearing was held on that protective order, which was granted. In that same hearing, by minute order on March 7, 2018, Judge Bloom directed that Ms. Voycheske be deposed on March 14, 2018. Plaintiff again scheduled space and reporters for Ms. Voycheske's deposition in Omaha. This deposition was canceled just 48 hours prior and a two week hiatus in discovery, initiated by Defense counsel for his sole benefit without any use of his firm's available resources, ensued.

When the minute order was entered on March 7, 2018 (Wednesday), Saul Ewing had one week to prepare Ms. Voycheske for her deposition to take place on March 14, 2018. Defense counsel, after doing its diligence for purpose of Rule 11 in filing the Answer and the Opposition to Plaintiff's Rule 12(c) motion, should have interviewed and conducted its diligence with respect to Ms. Voycheske prior to March 7th. Even after entry of the March 7th order, Saul Ewing should have been preparing Ms. Voycheske for March 14th deposition. Defense counsel should have conducted its required diligence in the preparation of Ms. Voycheske for her scheduled March 14th deposition. This preparation should have been already underway in early March, given that the initial request for Ms. Voycehske's deposition was received by Defense counsel on February 21st.

---

[1] The practice of no-showing depositions validly noticed and served without seeking a protective order has become habit of the Defendants: Voycheske (February 23), 30(b)(6) depositions (June 7 & 8), Rosman (June 22), Jackson (July 3). In addition there have been the cancelations and postponements: Voycheske and Steffen (March 14), Bisignano (May 23), and  30(b)(6) witnesses (June 13)

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

Gary Eidelman
July 20, 2018                                                                                      Page 4

If there was preparation for Ms. Voycheske's scheduled deposition on March 14th, the "revelations" newly added in Ms. Voycheske's July 16th Supplemental Declaration should have come to light in March – AT THE LATEST (they should have actually come to light in preparation for the EEOC Response filed July 2017, the preparation of the Answer to the Complaint filed in August 2017, the preparation of the Opposition to the 12(c) Motion filed in February 2018, or at any time since – during the discovery collection and review process spanning February 2018 to July 2018). There can only be two conclusions: either (i) Defendants were not preparing Ms. Voycheske for her deposition during the period after March 7th (Judge Bloom's order) and Saul Ewing never had any intention of presenting Ms. Voycheske for deposition on March 14th, or (ii) Saul Ewing, despite its investigation for at least 19 months, was unable to uncover the "facts" newly disclosed in the July 16th supplement.  In either case, the process has been intentionally tainted and Rule 11 implicated.

Since February 2017, Saul Ewing has been promoting Ms. Voycheske as the oracle on the hill with the answers to all questions. Yet, when just under seven days remain before commencement of Ms. Voycheske's long anticipated deposition of July 23, 2018 (after numerous cancelations, no-shows, and delays), there are sudden reveals (all of which were known or knowable by use of Saul Ewing's reasonable inquiry months, even a year prior).  It strains credulity to expect the Court to believe that through the processes of the failed negotiation of a severance agreement (February 2017), the EEOC charge process (March 2017 – July 2017), the process of preparing an answer to the complaint (August 2017 – November 2017), the process for preparing an opposition to a motion under Rule 12(c) (December 2017 – February 2018), the preparation of Voycheske original Declaration in February 2018, the document review process in discovery (February 2018 – July 2018), and the preparation of witnesses for depositions to date (March 2018 – July 2018), not one person involved in representation of the defense uncovered the "factual" inadequacies in Ms. Voycheske's story until mid-July 2018. It is simply impossible, not believable, and sanctionable.

While Plaintiff's position remains, unequivocally, that Ms. Voycheske's Declaration of February 20, 2018, either alone or in tandem with her newly created July 16, 2018 sworn Supplemental Declaration, is wholly irrelevant to the reality that Plaintiff is entitled to judgment on the pleadings themselves, Plaintiff will require additional time to absorb, analyze and determine appropriate procedural and substantive action to address Defendants' untimely, delinquent "filing" (pursuant to what procedure, remains unknown) of the Supplemental Declaration to "fix" prior sworn testimony.  A "fix" that should have never been needed, and even if so, discovered months or a year ago by use of Saul Ewing's reasonable inquiry before signing and filing documents (such as the Answer and the Opposition) with the Court.

To be clear, none of the statements contained in Voycheske's Supplemental Declaration are the result of new information discovered during these proceedings, nor do any of the statements in that Supplemental Declaration rise to the level of relevance or create a fact issue that Defendants are so desperate to fabricate. Rather, Plaintiff is dumbfounded that Defendants' counsel, co-chair of the employment group within a purportedly reputable firm of more than 800 lawyers, was, until July 16, 2018, unaware of the existence of an email that had been redacted from an Exhibit attached to Ms. Voycheske's original declaration. It simply is not credible that

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

Gary Eidelman
July 20, 2018                                                                                       Page 5

Ms. Voycheske, upon review of an e-mail she received in January 2017, that was redacted from by Saul Ewing before being attached as an exhibit to her original Declaration, suddenly found and refreshed her memory through review of that e-mail and remembered new facts that needed to be included in a Supplemental Declaration to clarify the inadequacies of her original Declaration containing that e-mail, only redacted. No one will believe that story.

Yet, Saul Ewing presents that suddenly unredacted email as "new" information. Saul Ewing, itself, redacted the "newly" reviewed information upon which Ms. Voycheske bases part of her supplemental declaration. Saul Ewing was directly involved in covering-up, physically by redaction, the supposedly new and recollection material. If anyone obstructed Ms. Voycheske from reading her own email at the time Defendants entered her original Declaration in support of Defendants Objection to Plaintiff's 12(c) Motion, (if such an obstruction from reading one's own email is even possible), it was Saul Ewing.

While the substance of both Voycheske declarations are meaningless, the process Saul Ewing has chosen to utilize is highly problematic. Therefore, Plaintiff's counsel is formally withdrawing the notice for Ms. Voycheske's scheduled deposition of July 23, 2018 and will re-notice that deposition for a time after which Plaintiff has the ability to fully analyze the numerous implications of Defense counsel allowing a witness to change previously provided sworn testimony on the eve of her deposition.

Plaintiff is still trying to comprehend the procedural vehicle by which Defendants believe a "supplemental declaration" can be filed five months after the expiration of the Rule 6 time for briefing on the Motion pursuant to Rule 12(c).  Plaintiff is also considering all of his options as to how to handle this miscreant filing - filed while completely devoid of any legal support cited for either the supplements very existence, or its filing. Plaintiff is still considering all of the implications of this "supplemental declaration" filing with respect to Defense counsel's Rule 11 obligations. Moreover, the Plaintiff is still trying to comprehend the unjustifiable change in Ms. Voycheske's sworn testimony (testimony that has been of record for five months) for purposes of the creation of non-existent facts in this case. I believe we are wondering into the realm of creating the new legal concept of "the sham supplemental declaration filed five months late on a motion on the pleadings as to which declarations are not to be considered doctrine" is about to be created. We will need to work on a shorter explanation of the legal morass Saul Ewing's failures have led us.

Saul Ewing has had 19 months to investigate this case.  Saul Ewing has canceled, postponed or simply no-shown depositions of Ms. Voychceske five times. There is no reason that with less than seven calendar days remaining before Ms. Voycheske's July 23 deposition, revelations about "facts" about which Ms. Voycheske claims to have had personal knowledge for at least 19 months, should now just be recalled and included in a filing with no procedural basis whatsoever.

For all of these reasons, Plaintiff will not depose Ms. Voycheske on July 23, 2018 as scheduled and will set a revised date for her deposition in August.

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

Gary Eidelman
July 20, 2018                                                                                                    Page 6

      The depositions of the First Data 30(b)(6) witnesses will still proceed as noticed in Brooklyn on July 30th, and if needed, July 31st. First Data still must designate its 30(b)(6) witnesses on the remaining topics. This request for designation has now been outstanding for nearly two months. Mr. Barger is scheduled to be deposed in Manhattan on July 10. MetLife is scheduled to be deposed in Lexington, Kentucky on August 9, 2018.  However, while MetLife has contacted me regarding Plaintiff's document production request, neither the date nor the location has been changed from those in the Notice.

                  Very truly yours,

                  Shawn E. Shearer

cc (via e-mail):

Gillian Cooper
Lindsey Kennedy
David Zeitlin

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**

## **EXHIBIT A - 6**

**August 29, 2018**

**First Data Response to RFP re: Phone Records**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STEVEN B. BARGER,<br><br>Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, et al.,<br><br>Defendants. | **Civil Action No. 1:17-cv-4869-FB-LB**<br><br>**DEFENDANT FIRST DATA'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S NINTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this District, Defendant First Data Corporation ("Defendant" or "First Data"), by and through its undersigned attorneys, hereby responds to the Fourth Set of Requests for Production of Documents propounded by Plaintiff Steven B. Barger ("Plaintiff" or "Barger") as follows:

## GENERAL OBJECTIONS

The following General Objections apply to the requests as a whole and to each request contained therein and shall be deemed incorporated by reference into each and every objection made herein to a specific request:

1.      Defendant objects to the instructions and definitions set forth by Plaintiff to the extent that they exceed the discovery parameters of Rules 26 and 34 of the Federal Rules of Civil Procedure, and to the extent they impose or purport to impose any duties on Defendant beyond that already prescribed by said Rules.

2.      Defendant objects to any Requests that will require Defendant to provide documents or information falling within the attorney-client privilege or protected under the work product doctrine.



     **Document Request No. 3:** All Documents and records showing outgoing telephone or cellular calls from the telephone in the workspace of Jennifer Voycheske at First Data, and from Jennifer Voycheske's cellphone(s) or mobile device(s), on both January 4, 2017 and January 5, 2017.

     **Response to Request No. 3:** Defendant objects to this request as it overbroad in seeking

telephone records unrelated to Plaintiff. Defendant further objects to this request on the grounds

that it seeks information that is not relevant to the claims or defenses at issue in this case. On

July 16, 2018, Defendant filed a Supplemental Declaration of Jennifer Voycheske clarifying in

Paragraph 4 that she did not speak to Plaintiff on January 5, 2017, by telephone but instead

corresponded with him via email. *See* ECF No. 51. Defendant has already produced "badge

in/out" records for Ms. Voycheske on the dates in question and produced time stamps of her

printing the January 5, 2017 letter. Producing the requested documents is not proportionate to the

needs of the case and would consequently be unduly burdensome. Defendant further objects on

the grounds that it does not have control over Ms. Voycheske's personal phone records.





**SAUL EWING ARNSTEIN & LEHR LLP**
*A Delaware LLP*

/s/ Gary B. Eidelman
Gary B. Eidelman, Esq.
(admitted *pro hac vice*)
500 E Pratt Street
Baltimore, Maryland 21202
T: (410) 332-8975
Gary.Eidelman@saul.com

Gillian A. Cooper, Esq.
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-5021
Gillian.Cooper@saul.com

Lindsey C. Kennedy, Esq.
One PPG Place, Suite 3010
Pittsburgh, Pennsylvania 15222
T: (412) 209-2555
Lindsey.Kennedy@saul.com

*Attorneys for Defendants*

Dated: August 29, 2018