**EXHIBIT C**

**TO**

**PLAINTIFF'S REPLY IN SUPPORT OF 72(a)**

**30(b)(6) and Fact Witness Scheduling Obstruction**

**<u>EXHIBIT C-1</u>**

**E-mails Shearer and Eidelman June 17, 2018**

**30(b)(6) and Deposition Scheduling**

## Shawn Shearer

| | |
|---|---|
| **From:** | Shawn Shearer <shawn@shearerlaw.pro> |
| **Sent:** | Sunday, June 17, 2018 4:36 PM |
| **To:** | Eidelman, Gary B. |
| **Cc:** | David@zeitlinlawfirm.com; Cooper, Gillian A.; Kennedy, Lindsey C. |
| **Subject:** | Re: Letter to Plaintiff dated June 16, 2018.DOCX |

Gary:

Plaintiff does not find any of this to be a game. Plaintiff has not sought protective orders, no-showed noticed depositions, canceled depositions, hidden witnesses, misrepresented the availability of himself or his counsel, suggested that a "list" is a "calendar", nor created confusion surrounding the granting of a noticed deposition cancellation, by allowing his counsel to refuse to answer a simple question about the conditions under which counsel sought the cancellation. As has been noted to Magistrate Bloom, Plaintiff himself contacted Mr. Bisignano and suggested that he take at least a week to convalesce with his son. The question at hand, is the behavior of Mr. Rosman and Defense counsel. That you would refer to any of this as a "game", after your multiple no-shows, presentation of an incomplete "calendar" to the court that did not include the noticed depositions of one of Plaintiff's physicians and one of his nurses, nor the 30 B6 witness is in Omaha on June 7/8, appears to be a representation of your view of how the discovery process should be conducted.

Defendants' counsel is well aware that Plaintiff has been seeking a deposition and in fact, has noticed one for July 3, (a day on which Defendants counsel is clearly available), in the Bay Area for EJ Jackson, since Plaintiff's counsel is going to be in the Bay Area on July 2nd and 3rd. Defense counsel indicated availability in Omaha for Ms. Voycheske on July 4. Plaintiff accepted. Plaintiff is well aware of Defense counsels' multiple obligations to speaking engagements, travel, and his obligations to other clients. Plaintiff is also aware of, and respects, Defense counsel's religious obligations. Fourth of July does not fall within that category. Plaintiff assumed that part of the reason Defense counsel chose Fourth of July, is that counsel may have other dates that are inconvenient due to religious needs or previously scheduled speaking conflicts, as has happened in the past. Or that perhaps the fourth was a time that worked for plaintiffs counsel for a different reason. Nonetheless, there is no obligation for Plaintiff to try to understand why July 4 was offered. It was offered. Plaintiff accepted. Arrangements have been made. At the top of the first page and the bottom of the last page that Plaintiff's counsel sent you in compliance with Magistrate Bloom's order, Plaintiff noted dates on which he is not available. Your response, was to complain because YOU allegedly made a mistake on YOUR list (which you claim is a comprehensive calendar) then unilaterally attempt to hide Ms. Voycheske AGAIN by choosing a deposition day on which you know Plaintiff is not available.

Plaintiff is not a mind reader. You told the court that your calendar was real, complete, and could be relied upon. You said July 4, Plaintiff took July 4. The main reason Plaintiff took July 4, is that Plaintiff has been trying to depose Ms. Voycheske since February 23, and July 4 is the earliest available time that did not conflict with previously noticed depositions. EJ Jackson's deposition has been noticed. For more than a week. Now you are upset - I honestly have no idea why. You want Plaintiff to accommodate all of your personal and professional needs, all of the needs of the defendants and witnesses that you control, you want to control the calendar. Then, when Plaintiff agrees with you, you are upset again. That is nonsense. This process must be a compromise. It is not a scenario in which Defense counsel gets to determine Plaintiff's discovery and deposition strategy. Plaintiff complied fully with a Magistrate Bloom's order. You must do the same.

As I stated earlier, I will have a more comprehensive answer for the rest of your correspondence at some point tonight. I merely wanted to point this out early to you in the day because I have already located a place, a court

1

reporter and made arrangements for July 4. I was preparing to notice the depositions tomorrow.

- Shawn

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE

On Jun 17, 2018, at 3:07 PM, Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

Stop the stupid games. For every entry on the calendar, I included the day of the week. It is obvious that the first Thursday in July is the 5th not the 4th. My mistake. You go tell Judge Bloom that you are insisting on depositions on a federal holiday when there are plenty of other dates out there and discovery does not end in this case until August 31, 2018.

Gary B. Eidelman

Sent from my iPhone

On Jun 17, 2018, at 2:59 PM, Shawn Shearer <shawn@shearerlaw.pro<mailto:shawn@shearerlaw.pro>> wrote:

Gary - Based on your representations to the court on June 12, 2018, I was under the impression that your "chart" is a "calendar."

Your chart says July 4th is available. There is space available and are reporters available that day in Omaha. As noted at the end of Plaintiff's mark-up to your "calendar", Plaintiff is NOT available July 5th. The day of the week on your chart is irrelevant, if the "chart" had been presented in calendar format, perhaps you would not have gotten confused about the days. A federal holiday has no inherent meaning if the parties agree to hold the depositions on that date. You represented that this was a definitive calendar and that Defendants would agree to depositions on the listed dates. July 4th is listed and arrangements can be made to do the depositions on that listed date. You represented you were available.  Plaintiff agreed to your listed date to depose Ms. Voycheske and Ms. Steffen. In response, you float a date of July 5th - a date that Plaintiff's counsel clearly indicated the Plaintiff is not available.

You represented to Plaintiff, and the court, that your list was a complete listing. Obviously, it was not. Your "calendar" omitted the noticed depositions of one Plaintiff's physicians and one of Plaintiff's nurses and you omitted the noticed depositions in Omaha of June 7/8. Now, you are representing to Plaintiff, that the dates on your list are not accurate. The listing of depositions is not complete, and now you are indicating the dates are not what they purport to be. Your list is clearly not a definitive "calendar" as you represented to the court.

When it comes to Ms Voycheske's deposition, it seems it is always something. February 23, March 14, June 7, June 8, and now disavowing availability on July 4, a date Defense counsel listed and represented as available for acceptance. Moreover, July 4 was the first date available to depose Ms. Voycheske, after completing noticed depositions in Atlanta (June 25 - 27), the noticed deposition of Mr. Bisignano in New York (June 29) with June 28 as a travel date, and the noticed deposition of Mr. Jackson in Palo Alto (July 3). Now, you want to postpone Ms. Voycheske from the next available date, (July 4), listed on your chart, that had not been noticed. Plaintiff has agreed to that date. Your misrepresentation forces the Voycheske deposition into late July. This pattern of hiding Ms. Voycheske is problematic.

I will get back to you in detail on the remainder by letter tonight. I will advise you that I disagree with your count of depositions given the number of 30(b)(6) witnesses you have informally designated (and your constant reassignment of witnesses between 30(b)(6) witnesses and fact witnesses since May) and the number of witnesses you have listed in your Rule 26 disclosures.

Shawn Shearer

On Jun 17, 2018 8:04 AM, "Eidelman, Gary B."
<Gary.Eidelman@saul.com<mailto:Gary.Eidelman@saul.com>> wrote:

Dear Shawn:

Please see the attached letter.

[cid:image002.png@01D327C1.E5BD34B0]

Gary B. Eidelman

SAUL EWING ARNSTEIN & LEHR LLP

500 E. Pratt Street

Suite 900 | Baltimore, MD 21202-3133

Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832

Gary.Eidelman@saul.com<mailto:Gary.Eidelman@saul.com> | www.saul.com<http://www.saul.com/>

[SEAL_WISEBlog_sig]<http://www.saul.com/blogs/wise-workplace-initiatives-saul-ewing>

Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here<http://www.saul.com/blogs/wise-workplace-initiatives-saul-ewing>

* Please note that our Firm name and my email address have changed.

"Saul Ewing Arnstein & Lehr LLP (saul.com<http://saul.com>)" has made the following annotations:

+~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.

+~~~~~~~~~~~~~~~~~~~~~~+

<image005.jpg>

<image006.jpg>

# **EXHIBIT C-2**

**E-mails Shearer and Eidelman July 5, 2018**

**30(b)(6) and Deposition Scheduling**

**Subject:** Re: Barger v. First Data - Notice of Deposition - Jennifer Voycheske
**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** 7/5/2018 3:38 PM
**To:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**CC:** David Zeitlin <david@zeitlinlawfirm.com>, "Cooper, Gillian A." <Gillian.Cooper@saul.com>, "Kennedy, Lindsey C." <Lindsey.Kennedy@saul.com>
**BCC:** steve@thebargergroup.com, bb@shearerlaw.pro

Gary:

Your choice of which parts of my letter to emphasize, and which parts to ignore, is very telling. It is also bad logic. The sentences must be taken in their entirety, in order to understand context. The first sentence you quote, states TWO conditions that must be present in order for Plaintiff to make his determination as to the necessity of possibly asking the Court for more than ten depositions (the fact that 30(b)(6) testimony taken in aggregate only constitutes ONE of Plaintiff's depositions, notwithstanding). This sentence is referring to the named deponents in their capacity as potential FACT witnesses, not in their capacity as 30(b)(6) representatives for Defendant First Data. My notations next to the names of Ms. Pulverenti and Ms. Steffens as 30(b)(6) witnesses, was merely to remind you that Defense counsel has suggested that they may be produced in the capacity as 30(b)(6) witnesses, and, as such, deposed in Dallas on July 30 and 31, dates that Defense counsel has indicated numerous times would beneficial for Defense counsel's personal schedule.

That you are going to finally, maybe produce Ms. Voycheske on July 23, 2018, after five months and six attempts by Plaintiff to garner her testimony, might satisfy the first condition outlined by Plaintiff's counsel in the sentence you quoted. However, Defense counsel's ongoing failure to designate 30(b)(6) witnesses prevents the second of the two conditions present in that sentence from being met, and as such, counsel has no basis upon which to release any of the dates or witnesses put forth by Defense counsel to this point.

Failure to underline Plaintiff's second stated condition in your letter, does not make that second condition disappear.

Simply put, your email amounts to gibberish. You did nothing based on my written representation. You intentionally omitted parts of, and misrepresented Plaintiff's stated conditions, and then did whatever you wanted to do under the guise of Plaintiff's letter being causal to your independent acts. This is not a good faith attempt at anything.

Ms. Voycheske is noticed for July 23, 2018 as a fact witness, only. Defense counsel has not designated 30(b)(6) witnesses for the topics outstanding. July 30 and 31 are still available. It is up to Defense counsel to designate who will be there on those dates to fulfill Defendant First Data's 30(b)(6) testimonial obligations.

-Shawn

Shawn E. Shearer

The Law Office of Shawn Shearer, P.C.

3839 McKinney Avenue #155-254

Dallas, TX 75204

(972) 803-4499

www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE.

On Jul 5, 2018, at 11:06 AM, Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

Shawn:

Yesterday, you sent me a letter which stated the following:

*"Once Ms. Voycheske completes her deposition and First Data designates its 30(b)(6) witnesses on the noticed topics, Plaintiff will decide if the depositions of Ms. Pulverenti [30(b)(6)], Ms. Benhardt, Mr. Jackson and Ms. Steffen [30(b)(6)] and/or anyone else, are needed, and make any potential necessary requests from the Court, accordingly. You can consider July 23, 2018 to be the "one" trip that Defense counsel is "willing to make" for his clients in this case."*

Based on your written representation above, I have arranged for Ms. Voycheske to be available on July 23, 2018 in Omaha and have released the other witnesses from depositions on July 13 (St. George) 30 and 31, 2018 (Steffen and Pulverenti). Those dates are no longer available.

**Gary B. Eidelman, Esq.**

Saul Ewing Arnstein & Lehr LLP

Office: 410.332.8975

Mobile: 410.303.8832

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]

**Sent:** Thursday, July 05, 2018 1:51 PM

**To:** Eidelman, Gary B.

**Subject:** Re: Barger v. First Data - Notice of Deposition - Jennifer Voycheske

Gary - The 10 depositions include the 30(b)(6) designees combined as one of the ten depositions. Mr. Cagwin addressed the accounting issues. There remain human resources and benefits, RIF document maintenance and creation, and social media recruiting. Those depositions do not add to the total, the 30(b)(6) depositions are already in the 10. You must designate one or more representatives to address those areas. Make your designations and we agreed to those depositions to be held July 30 and 31 in

Dallas.

- Shawn Shearer

On Thu, Jul 5, 2018, 10:38 AM Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

> Shawn:
>
> We will see you on July 23, 2018 for Ms. Voycheske's deposition in Omaha.  With the anticipated
> MetLife deposition, Plaintiff will be at 10 depositions which is the limit under Rule 30.
> Given your lack of response regarding Oliver St. George, I am releasing him from his deposition on
> July 13, 2018.
> Given your letter from yesterday, I am releasing Ms. Steffen and Ms. Pulverenti from depositions on
> July 30 and 31, 2018.
> If for some reason these depositions need to be rescheduled, there is plenty of time to do so before the
> discovery cutoff.
>
> **Gary B. Eidelman, Esq.**
> Saul Ewing Arnstein & Lehr LLP
> Office: 410.332.8975
> Mobile: 410.303.8832
>
> _____
>
> **From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
> **Sent:** Thursday, July 05, 2018 1:26 PM
> **To:** Eidelman, Gary B.
> **Cc:** David Zeitlin; Cooper, Gillian A.; Kennedy, Lindsey C.
> **Subject:** Re: Barger v. First Data - Notice of Deposition - Jennifer Voycheske
>
> Gary:
>
> Very simply, I have a full day of questions for Ms. Voycheske regarding her own actions and her own
> knowledge.
>
> If you would like to declare Ms. Voycheske as a 30(b)(6) witness, I will ask her questions again on
> July 30 or 31 and that testimony will be designated 30(b)(6) testimony. As you know, Rule 30(b)(6)
> provides:
>
>> *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a
>> party may name as the deponent a public or private corporation, a
>> partnership, an association, a governmental agency, or other entity and must
>> describe with reasonable particularity the matters for examination. The named
>> organization must then designate one or more officers, directors, or managing
>> agents, or designate other persons who consent to testify on its behalf; and it
>> may set out the matters on which each person designated will testify. A
>> subpoena must advise a nonparty organization of its duty to make this
>> designation. The persons designated must testify about information known or
>> reasonably available to the organization. This paragraph (6) does not preclude

a deposition by any other procedure allowed by these rules.

The 1993 Advisory Notes to 30(b)(6) with respect to the 10 deposition limit provides:

A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify.

The 2000 Advisory Notes to 30(b)(6) with respect to the hourly deposition limit provides:

For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.

If you would like to include Ms. Voycheske as your 30(b)(6) witness on the topics listed below, I will depose her a second time on July 30 or July 31 with any other witnesses you designate and bring to Dallas.

To be clear, the Plaintiff has chosen to notice Ms. Voycheske solely as a fact witness on July 23 for 7 hours. That testimony will not be 30(b)(6) testimony. Given the fact that the Defense chose to limit its 12(c) Response to the testimony of one witness and the actions of one person, Plaintiff's counsel has more than 7 hours of questions for Ms. Voycheske regarding her personal actions and personal knowledge, so July 23rd will be fact testimony only and therefore unavailable for designation as 30(b)(6) testimony.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE
On 7/5/2018 11:21 AM, Eidelman, Gary B. wrote:

Shawn:

In response to your letter from yesterday, I reject the accusation that First Data has not been identifying witnesses to testify as to Rule 30(b)(6) topics (more on that below).

1.      **Jennifer Voycheske.**  This will confirm Jennifer Voycheske's deposition for Monday, July 23, 2018 in Omaha, Nebraska.  In the Notice of Deposition for Ms. Voycheske, you advise that you plan to take her deposition as a fact witness. Because First Data had already designated her as a 30(b)(6) witness (along with others), might I also suggest that you cover the topics below during her deposition that she will be prepared to testify to:

*TOPIC 3 – HUMAN RESOURCES AND EMPLOYEE BENEFITS*

*(a)  The processes that were available to Plaintiff to apply to receive First Data's disability insurance benefits, the process through which Plaintiff did apply to receive First Data's disability insurance benefits, and the terms of the disability insurance policies under which Plaintiff applied for benefits.*

_____

*(d)  First Data's plans, policies and procedures for the implementation of FMLA, ADA, and other leave programs.*

We will consider Ms. Voycheske's deposition both as a fact witness and a 30(b)(6) witness to count as 1 deposition.

**2.     Joe Plumeri.**  Per your letter, we are advising Joe Plumeri that his deposition scheduled for July 19, 2018 is canceled.

**3.     Oliver St. George.**  We had previously identified Oliver St. George to testify as to the following 30(b)(6) topic:
*TOPIC 2 – INFORMATION TECHNOLOGY*

*(b)  First Data's processes and procedures for posting available employment opportunities at First Data, and removing filled or withdrawn positions, on employment sites (e.g. the Indeed web site referenced in Exhibit K to the Complaint) and employment opportunity postings on social media sites (e.g. the @FirstDataJobs Twitter account referenced in Exhibit K to the Complaint).*

Mr. St. George's deposition had been scheduled for Friday, July 13, 2018 in NYC, although no notice of deposition was ever issued.  Based on your letter, we understand that you are opting not to take his deposition at this time.  If we are incorrect with this understanding, <u>please let us know immediately as we are scheduling other matters for July 13, 2018</u>.

**4.     MetLife.**  Please let us know when you serve MetLife with its subpoena for documents.  In terms of scheduling any deposition for MetLife, based on your letter from yesterday regarding dates, <u>I have now scheduled other matters for Monday, July 30, 2018</u>

so that date is no longer available.

Thank you .



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*
* Please note that our Firm name and my email address have changed.

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Wednesday, July 04, 2018 5:02 PM
**To:** Eidelman, Gary B.; Cooper, Gillian A.; Kennedy, Lindsey C.
**Cc:** David Zeitlin
**Subject:** Barger v. First Data - Notice of Deposition - Jennifer Voycheske

Gary – Given the inability of First Data to clearly designate 30(b)(6) witnesses as 30(b)(6) witnesses, I am going to proceed to depose Ms. Jennifer Voycheske. Attached is a notice of deposition for Ms. Voycheske on July 23, 2018.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+

## EXHIBIT C-3

**E-Mails Shearer and Eidelman July 10, 2018**

**30(b)(6) and Deposition Scheduling**

**Subject:** Re: Barger v. First Data - 30(b)(6) Deposition Notice
**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** 7/10/2018 7:25 PM
**To:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**CC:** David Zeitlin <david@zeitlinlawfirm.com>, "Cooper, Gillian A." <Gillian.Cooper@saul.com>, "Kennedy, Lindsey C." <Lindsey.Kennedy@saul.com>
**BCC:** steve@thebargergroup.com, bb@shearerlaw.pro

Gary:

By way of a quick response, to clarify one point, are you somehow indicating that your refusal to honor the July 4 date on your own "calendar"- a day on which you clearly WERE working, somehow constituted Plaintiff's forfeiture of the July 30 and 31 dates?

In case Plaintiff has somehow not made it clear - Ms. Voycheske is a fact witness in this case. She will be deposed on July 23. You unilaterally refused to adhere to your own July 4 date despite the fact that:

1) You were available, and worked on this case on July 4, 2018
2) You were not at EJ Jackson's noticed July 3 deposition in Palo        Alto, and neither was Mr. Jackson, (so Omaha should have been no burden to you)
3) You did not seek a protective order to stop Mr. Jackson's deposition, after threatening multiple times to do so
4) You claimed that your "calendar", presented to Judge Bloom as the governing document of the deposition scheduling in this case,  was "wrong" and withheld Ms. Voycheske on that day as a result of that new claim
5) Plaintiff was able to secure a court reporter and reserve space for that day
6) That day twas to include Ms. Voycheske and Ms. Pulverenti as potential 30 (b)(6) witness(es), given your representation that they both may be available for that type of testimony.
7) Plaintiffs counsel said to you, in person, at the conclusion of Mr. Bisignano's deposition on June 29, 2018, that July 30 and 31st in Dallas would be designated 30(b)(6) deposition dates due to Defense counsels refusal to accept your own July 4 "calendar" date for Ms. Pulverenti and possibly parts of Ms. Voycheske's testimony

And, perhaps most importantly, you have still failed to designate. You should have designated in May. I will respond with a more full answer later, but I want to be clear with you that at no time were you under the impression that July 30 and 31st were not going to be used as 30(b)(6) dates by Plaintiff. They are noticed. In Brooklyn.

- Shawn


Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.

3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE

On Jul 10, 2018, at 4:10 PM, Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

Shawn:

I respond to your latest email as follows:

1.      Your new and revised Rule 30(b)(6) notice did not contain an Exhibit A. We presume that the Exhibit A from the last Rule 30(b)(6) notice dated May 22, 2018 is applicable.

2.      You contend that depositions were scheduled for June 7 and 8, 2018 in Omaha.  Perhaps you did not hear Judge Bloom tell you during the phone conference on June 12, 2018 that under no circumstances given the correspondence you received from this office, could you have reasonably expected First Data to produce witnesses on those dates. Perhaps you have also forgotten that she denied your motion to compel and motion for sanctions.

3.      With today's notice, you unilaterally scheduled depositions on July 30 and 31, 2018 when last week, on July 4, 2018, you canceled the depositions of Jennifer Voycheske, Amy Steffen and Stephanie Pulerenti, all of whom had been previously been identified by First Data as designees for topics related to FMLA, ADA, and other leave and benefit issues. We even offered to bring these witnesses to Dallas as an accommodation to you. At your request, we have since agreed to reschedule Jennifer Voycheske's deposition for July 23, 2018 in Omaha. I even generously offered to have Ms. Voycheske testify on July 23 about 30(b)(6) topics 3(a) and 3(d) but you rejected that offer, claiming that you have 7 hours of questions to ask her as a fact witness that do not relate to those topics. I believe the exact words you used were "[i]t won't."

4.      With respect to your latest 30(b)(6) notice, I have told you on several occasions following receipt of your July 4, 2018 letter that July 30 and 31 are no longer available but you seem to just ignore or forget.  We are not available on those dates and will not produce any witnesses on those dates.

5.      In your notice, you have the audacity to demand that First Data produce a witness to testify as to topic 2(b).  We long ago designated Oliver St. George to testify as to this topic and we subsequently

agreed that his deposition would take place on July 13, 2018 in NYC. Since that time, no notice of deposition was received for Mr. St. George and I repeatedly tried to confirm that you would take his deposition on July 13. You never responded once to my inquiry. Accordingly, we advised Mr. St. George that his deposition was canceled and we are no longer available this Friday.

6.      You apparently do not understand Fed.R.Civ.P. 30(a)(2)(A) which provides that a party must obtain leave of court to take more than 10 depositions in federal court. Judge Bloom also referred to Rule 30(a) during the telephone conference. With Ms. Voycheske's deposition and your intended deposition of third party MetLife (which your July 4 letter referred to as "Plaintiff's Deposition Number 10"), **Mr. Barger is at 10 depositions:** Ording, Whalen, King, Marino, Johnson, Charron, Cagwin and Bisignano. Absent a court order, we will not produce any additional witnesses for deposition.

So there is no misunderstanding:

· You never confirmed Mr. St. George's deposition for July 13, 2018 so we will not be in NYC this Friday. July 13 is no longer available.
· You canceled Joe Plumeri's deposition for July 19, 2018 so we will not be in NYC that day. July 19 is no longer available.
· You postponed Steve Barger's deposition from July 20, 2018 until August 10, 2018.  July 20 is no longer available.
· On July 4, 2018, you canceled 30(b)(6) depositions scheduled for July 30 and 31, 2018 in Dallas. July 30 and 31 are no longer available.
· Your client is at the limit of depositions provided for by Rule 30 of the Federal Rules of Civil Procedure.  You can continue to unilaterally pick deposition dates, but our position will remain consistent with the Federal Rules.

I will see you on July 23, 2018 in Omaha for Ms. Voycheske's deposition. I will see you in NYC on August 10, 2018 for the Plaintiff's deposition.

<image001.jpg>

**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

<image002.jpg>
*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*
* Please note that our Firm name and my email address have changed.

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Tuesday, July 10, 2018 5:55 PM
**To:** Eidelman, Gary B.; Kennedy, Lindsey C.; Cooper, Gillian A.
**Cc:** David Zeitlin
**Subject:** Barger v. First Data - 30(b)(6) Deposition Notice

Gary, Gillian & Lindsey – As you know, on May 22, 2018, a Notice of Rule 30(b)(6) Depositions was served on First Data for depositions to occur on June 7 & 8. Those depositions did not occur. That notice remains outstanding and the 30(b)(6) depositions still need to occur on the remaining Topics. Attached is a new Notice of Rule 30(b)(6) Deposition (Revised) setting those already existing, noticed depositions for July 30 & 31 on the remaining issues (HR/Benefits, Social Media, and RIF Documentation). Plaintiff agrees that Mr. Cagwin covered Topic 1 on accounting, the Court did not authorize depositions on HR IT (Topic 2(a)), and Plaintiff has agreed not to seek corporate governance testimony on Topic 4(a).

First Data should have made its designations prior to the June 7 & 8 depositions, but it still has not done so. If First Data would make its designations in writing, and set forth the limitations, if any, on the noticed topics that each designee will be prepared to address, we may be able to work out alternative plans for dates and locations. But, until First Data's designations occur and we agree on alternative plans, the Plaintiff must proceed to schedule those 30(b)(6) in the EDNY. July 30 & 31 have been selected as those were the dates previously agreed, then revoked by First Data, for the 30(b)(6) depositions to occur.

The lack of designation and the quickly expiring discovery period leaves Plaintiff no option other than to set the 30(b)(6) deposition on the calendar.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+

## **EXHIBIT C-4**

**E-mails Shearer and Eidelman July 10, 2018**

**30(b)(6) and Deposition Scheduling**

**Subject:** RE: Barger v. First Data - 30(b)(6) Deposition Notice
**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** 7/10/2018 11:43 PM
**To:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**CC:** David Zeitlin <david@zeitlinlawfirm.com>, "Cooper, Gillian A." <Gillian.Cooper@saul.com>, "Kennedy, Lindsey C." <Lindsey.Kennedy@saul.com>
**BCC:** bb@shearerlaw.pro

Gary – Below are my corresponding responses to your numbered paragraphs from your e-mail below:

1.      Yes, the same Exhibit A applies as was attached to the May 22, 2018 Notice of 30(b)(6) Deposition that has only been partially held. This is merely a continuation of the 30(b)(6) deposition of First Data that was noticed to start on June 7 & 8, but did not began until Mr. Cagwin's deposition on June 26. Judge Bloom indicated Topic 3(a) as to HR IT was off and Plaintiff is voluntarily agreeing not to seek testimony on corporate governance issues that was Topic 4(a). I thought the reference to the May 22, 2018 Notice of 30(b)(6) handled that issue.

2.      I understand Judge Blooms' rulings. However, the Notice of 30(b)(6) has been outstanding for 7 weeks. Other than Mr. Cagwin, who has already been designated and has testified on accounting, no individual(s) have been designated to testify for First Data on Plaintiff's remaining 30(b)(6) topics. Defense counsel's refusal to designate leaves Plaintiff no choice but to set a time and place for all remaining topics to be addressed (Plaintiff's responsibility) thus allowing Defense counsel to designate in accordance with the rules and produce those individuals to testify on the reduced number of topics at the time and place in the deposition notice (Defendants' responsibility.)  No lawyer can be expected to operate within the confines of Saul Ewing's scheduling of Mr. Eidelman's multiple obligations to multiple clients and inability to field another of the 800 lawyers, and then also guess what the schedules and locations of the undesignated witnesses might end up being. The only practicable solution that remains is for Plaintiff to set a time and place to depose First Data on the 30(b)(6) topics in Brooklyn. I have done so, July 30 and 31 in Brooklyn.

3/4     Please see my prior e-mail from today that partially addressed these issues.

    Immediately following Mr. Bisignano's deposition, you and I agreed to the depositions of the 30(b)(6) designees on Topic 2 (HR/Benefits) in Dallas on July 30th and 31st. Merely eleven days have elapsed since we reached that agreement. You have withdrawn your on the record agreement to those dates and times as a result of Plaintiff's decision to notice Ms. Voycheske for deposition strictly on fact issues, for seven hours scheduled on July 23, 2018. Defense counsel inexplicably removed the dates of July 30 and 31 in Dallas for no reason. Plaintiff's decision with regards to Ms. Voycheske effectively eliminates Defense counsel's ability to use the 30(b)(6) witnesses he had planned to bring to Dallas to potentially rehabilitate Ms. Voycheske's likely inability to provide insight into the many problematic statements made only by her, in her affidavit. Ms. Voycheske's affidavit is wholly irrelevant to Plaintiff's 12(c) Motion, however, it is the sole support for Defendants' Opposition to Plaintiff's 12(c) Motion, still outstanding. Defense counsel attempted to pull the dates of July 30 and 31, because counsel's ability to use those dates to fix the inevitable holes in Ms. Voycheske's forthcoming deposition testimony is being eliminated.

    Before Mr. Bisignano's deposition, I tried to schedule July 4th for Ms. Voycheske and Ms. Pulvereti in Omaha as 30(b)(6) witnesses. Defense counsel indicated that a deposition on the 4th was not possible even though your "calendar", supplied to the Court as a list from which Plaintiff could choose, included July 4 as an available date and I had arranged for reporters and space.

    Your commentary about July 4 being related to the dates of July 30 and 31 is confusing. You unilaterally tried

to pull the agreed dates of July 30th and 31st when I decided to depose Ms. Voycheske as a fact witness only. This shell game has gone on long enough (first designating Mr. Cagwin and setting a date on the first 30(b)(6) accounting topics, and then pulling Mr. Cagwin and objecting to those topics; now, indicating Steffen, Pulvereti and Voycheske as designees on Topic 2 to be deposed in Dallas, and then pulling those individuals and refusing to discuss alternatives). For some unknown reason, you declared that Defense counsel would "only make one trip to Omaha," so Ms. Voycheske's July 23, 2018 deposition is my concession to that demand. However, the occurrence of that deposition does not relieve First Data Corporation from designating witnesses to testify on its behalf at as many 30(b)(6) depositions as are necessary to cover all the noticed topics remaining to be addressed. If you would like to now retract your "one trip to Omaha" position (which has never made any sense to me, given that the HR operations and HR legal support are in Omaha), I am certainly open to discussing Omaha after July 23rd for depositions on Topic 2, but Topic 3(b) and Topic 4(b) would still need to be addressed.

In addition, the same individual can be deposed both as a fact witness and as a 30(b)(6) designee at two separate times. Topics covered in an individual deposition can also be covered in a separate 30(b)(6) deposition. <u>See</u>: Sabre Holdings v. First Dominion Capital L.L.C. 2001 WL 1590544 (SDNY 2001) and Sabre Holdings v. First Dominion Capital L.L.C. 01 Civ. 2145 (SDNY 2002). Even to the extent that 30(b)(6) topics may ultimately be addressed during Ms. Voycheske's individual July 23 deposition, this occurrence would not eliminate First Data's obligation to testify on those topics separately, as a corporation. The individual deposition of a witness and the deposition of First Data representatives on behalf of First Data, are two different depositions, each subject to the limitations of Rule 30(d)(2), although it is worth noting that the limitations differ between individual depositions and the depositions of 30(b)(6) designees. I have 7 hours of issues to discuss with Ms. Voycheske regarding her personal knowledge and acts. I also have issues to discuss with First Data. Those can be taken up separately, even if they overlap, in both an individual deposition and in a deposition of First Data's designee.

There are questions as to whether or not Ms. Voycheske can even serve as a 30(b)(6) designee in this case. Ms. Voycheske is not a "officer, director, or managing agent" of First Data and before any of her testimony can even be considered as potential 30(b)(6) testimony, I will need to be provided evidence by First Data of both First Data's designation of Ms. Voycheske to testify on its behalf, and evidence of Ms. Voycheske's "consent to testify on First Data's behalf." <u>See</u> FRCP 30(b)(6).

5.    If you can find any communication where you clearly name Mr. St. George as a Topic 3(b) designee, please forward it to me immediately.  All communications I can find, indicate that Mr. St. George, if designated, would be addressing IT issues, some of which were in Plaintiff's Topic 3(a), which has subsequently been removed as a topic.  As with Ms. Voycheske, there are the same issues regarding Mr. St. George's ability to serve as a 30(b)(6) designee given his title of Marketing Manager (St. George is not an "officer, director or managing agent" nor is he authorized to bind the corporation). Again, I will need written evidence from First Data of both his designation and his consent and authority to testify as an agent capable of binding First Data Corporation.

   I do not foresee Mr. St. George's deposition lasting more than two hours, if he is designated only to testify on Topic (3)(b). There is no need for the Plaintiff (an individual) to incur that expense. Mr. St. George is in NYC. There is no reason that Mr. St. George cannot be deposed as noticed in Brooklyn on July 30 or 31.

6.    Plaintiff's counsel does understand Rule 30(a) as well as Judge Bloom's ruling, notwithstanding your ad hominem set forth in your e-mail below.

Defense counsel analysis is inconsistent with the inner-workings of Rule 30(a),(b)&(d).

First, Rule 30(a)(2)(A)(i) specifically refers to a limitation on a deposition if the deposition "would result in more than 10 depositions being TAKEN."  This Rule does not include depositions no-showed, depositions refused, depositions that are subject to protective orders, etc.  The Plaintiff may not <u>TAKE</u> more than 10

depositions without leave of court or consent of opposing parties. Of course, I believe the consent portion of that Rule is subject to the good faith obligations of counsel, and in a case with 6 defendants, good faith on the part of Defense counsel would include some leeway to exceed 10, as opposed to wasting the Courts time by sticking to the rules just for the sake of obstruction.

That said, if Defense counsel insists on precision, perhaps it is time to have a real discussion about Defense counsel's numerous no-shows of Plaintiff's properly noticed depositions, as well as the recent no-show of a deposition that Defense counsel himself noticed for an ex-First Data employee, who is unemployed and the sole caregiver to four children, a disabled sibling and her aging live in mother-in law. The ex-employee showed. You did not. No showing depositions without protective orders even being filed, no showing depositions you, yourself, noticed, and failing to show or withdraw the deposition notice, attempting to push Plaintiff over ten depositions by passing on Plaintiff's Notice of Intent to MetLife before Plaintiff had served MetLife (and after threatening that if Plaintiff DID serve MetLife, Defense counsel would demand an audience with Judge Bloom for exceeding ten depositions) while EJ Jackson's noticed deposition was about to occur, and you no showed again. These are serious discovery process abuses, especially when added to Defendants' total non-cooperation in the document production process, as outlined in my letter to you last night (July 9).

Defense counsel analysis is inconsistent with the interaction between Rule 30(a) and Rule 30(b)(6). The deposition of First Data under 30(b)(6) counts as ONE deposition for purposes of Rule 30(A)(2)(A)(i), irrespective of how many actual deponents are designated. One defendant - a corporation - is not permitted to simply declare numerous designees on narrow topics to count against the Rule 30(a)(2)(A)(i) limit, thereby forcing Plaintiff to request additional depositions, when there are five other defendants in the case. This is even more significant when the Defendant, like you, plays hide the ball near the end of discovery by failing to designate for months during Plaintiff's attempts to schedule timely depositions, and then designates numerous individuals as 30(b)(6) designees and cries foul for Plaintiff exceeding the 10-deposition limit.  This tactic is not allowed, and has been duly addressed in the Rules.

A 30(b)(6) deposition is a single deposition of First Data. First Data's 30(b)(6) designees, no matter how many there are, count as one (1) deposition against Plaintiff's 10-deposition limit prior to needing to request either Defendants' cooperation, or the Court's permission.

The 1993 Advisory Note to Rule 30(a) says, and I quote:

> "A deposition under Rule 30(b)(6) should, for purposes of this limit [10 depositions] be treated as a single deposition even though more than one person may testify."

Plaintiff is currently at 10 depositions (7 taken, one partially taken, and two and a portion subject to outstanding notices): Ording, Whalen, King, Marino, Johnson, Charron, Bisignano, Voycheske (noticed), MetLife (noticed), and First Date 30(b)(6)(Cagwin's taken on accounting Topic 1 ( sort of, and requiring stipulations on STD and LTD accounting because he was improperly prepared - plus who knows how many or who the witnesses yet to be officially designated in writing will be.)

As to your list of complaints regarding Plaintiff's discovery calendaring, I will be pulling together the Plaintiff's list of complaints as to how you have conducted deposition discovery in this case. Be assured, it will be much, much longer than the five bullet points in your e-mail below. Mr. Bisignano's deposition is a prime example. Discussion of the scheduling of Mr. Bisignano's deposition began the last week of February.  That deposition did not occur until the last week of June, and that delay was not as a result anything the Plaintiff did or did not do. Defendants have pulled numerous agreed deposition dates and no showed numerous properly noticed depositions. The irony is, that had Defense counsel/Defendants/Defense witnesses actually showed at those depositions, your complaints about Plaintiff exceeding the limit of 10 may have had some teeth. But it doesn't. Plaintiff is at 10 depositions. First Data is noticed to appear July 30 and 31 (depending on the number of designees) in Brooklyn (the same dates that you said you were available for 30(b)(6) depositions in Dallas merely 11 days ago at the end of Mr. Bisignano's deposition while on the record).

Despite all of this back and forth, First Data still has not even suggested a name to bind the corporation on Topic 4(b) that is clearly relevant to this litigation and the defenses raised. Who is First Data's designee on Topic 4(b)? This topic has subpoenaed testimony on:

> First Data's process and procedures for retaining information created during the planning and implementation of any "reduction-in-force" during the time between January 1, 2015 and February 28, 2017.

This would all be easier if Defense counsel would simply, in writing, name the individuals First Data is going to designate to testify on each outstanding 30(b)(6) topic, provide evidence of each person's authority to bind First Data Corporation, and identify their location(s).

The Notice of Deposition for First Data's 30(b)(6) on July 30 and 31, which you told me, on the record on June 29, 2018 were available, is outstanding and served.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE

---

**From:** Eidelman, Gary B.
**Sent:** Tuesday, July 10, 2018 6:10 PM
**To:** 'Shawn Shearer'
**Cc:** David Zeitlin; Cooper, Gillian A.; Kennedy, Lindsey C.
**Subject:** RE: Barger v. First Data - 30(b)(6) Deposition Notice


Shawn:

I respond to your latest email as follows:

1.      Your new and revised Rule 30(b)(6) notice did not contain an Exhibit A. We presume that the Exhibit A from the last Rule 30(b)(6) notice dated May 22, 2018 is applicable.

2.      You contend that depositions were scheduled for June 7 and 8, 2018 in Omaha.  Perhaps you did not hear Judge Bloom tell you during the phone conference on June 12, 2018 that under no circumstances given the correspondence you received from this office, could you have reasonably expected First Data to produce witnesses on those dates. Perhaps you have also forgotten that she denied your motion to compel and motion for sanctions.

3.      With today's notice, you unilaterally scheduled depositions on July 30 and 31, 2018 when last week, on July 4, 2018, you canceled the depositions of Jennifer Voycheske, Amy Steffen and Stephanie Pulverenti, all of whom had been previously been identified by First Data as designees for topics related to FMLA, ADA, and other leave and benefit issues. We even offered to bring these witnesses to Dallas as an accommodation

to you. At your request, we have since agreed to reschedule Jennifer Voycheske's deposition for July 23, 2018 in Omaha. I even generously offered to have Ms. Voycheske testify on July 23 about 30(b)(6) topics 3(a) and 3(d) but you rejected that offer, claiming that you have 7 hours of questions to ask her as a fact witness that do not relate to those topics. I believe the exact words you used were "[i]t won't."

4.      With respect to your latest 30(b)(6) notice, I have told you on several occasions following receipt of your July 4, 2018 letter that July 30 and 31 are no longer available but you seem to just ignore or forget.  We are not available on those dates and will not produce any witnesses on those dates.

5.      In your notice, you have the audacity to demand that First Data produce a witness to testify as to topic 2(b).  We long ago designated Oliver St. George to testify as to this topic and we subsequently agreed that his deposition would take place on July 13, 2018 in NYC. Since that time, no notice of deposition was received for Mr. St. George and I repeatedly tried to confirm that you would take his deposition on July 13. You never responded once to my inquiry. Accordingly, we advised Mr. St. George that his deposition was canceled and we are no longer available this Friday.

6.      You apparently do not understand Fed.R.Civ.P. 30(a)(2)(A) which provides that a party must obtain leave of court to take more than 10 depositions in federal court. Judge Bloom also referred to Rule 30(a) during the telephone conference. With Ms. Voycheske's deposition and your intended deposition of third party MetLife (which your July 4 letter referred to as "Plaintiff's Deposition Number 10"), **Mr. Barger is at 10 depositions:** Ording, Whalen, King, Marino, Johnson, Charron, Cagwin and Bisignano. Absent a court order, we will not produce any additional witnesses for deposition.

So there is no misunderstanding:

- You never confirmed Mr. St. George's deposition for July 13, 2018 so we will not be in NYC this Friday. July 13 is no longer available.
- You canceled Joe Plumeri's deposition for July 19, 2018 so we will not be in NYC that day. July 19 is no longer available.
- You postponed Steve Barger's deposition from July 20, 2018 until August 10, 2018.  July 20 is no longer available.
- On July 4, 2018, you canceled 30(b)(6) depositions scheduled for July 30 and 31, 2018 in Dallas. July 30 and 31 are no longer available.
- Your client is at the limit of depositions provided for by Rule 30 of the Federal Rules of Civil Procedure.  You can continue to unilaterally pick deposition dates, but our position will remain consistent with the Federal Rules.

I will see you on July 23, 2018 in Omaha for Ms. Voycheske's deposition. I will see you in NYC on August 10, 2018 for the Plaintiff's deposition.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com



*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*
* Please note that our Firm name and my email address have changed.

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Tuesday, July 10, 2018 5:55 PM
**To:** Eidelman, Gary B.; Kennedy, Lindsey C.; Cooper, Gillian A.
**Cc:** David Zeitlin
**Subject:** Barger v. First Data - 30(b)(6) Deposition Notice

Gary, Gillian & Lindsey – As you know, on May 22, 2018, a Notice of Rule 30(b)(6) Depositions was served on First Data for depositions to occur on June 7 & 8. Those depositions did not occur. That notice remains outstanding and the 30(b)(6) depositions still need to occur on the remaining Topics. Attached is a new Notice of Rule 30(b)(6) Deposition (Revised) setting those already existing, noticed depositions for July 30 & 31 on the remaining issues (HR/Benefits, Social Media, and RIF Documentation). Plaintiff agrees that Mr. Cagwin covered Topic 1 on accounting, the Court did not authorize depositions on HR IT (Topic 2(a)), and Plaintiff has agreed not to seek corporate governance testimony on Topic 4(a).

First Data should have made its designations prior to the June 7 & 8 depositions, but it still has not done so. If First Data would make its designations in writing, and set forth the limitations, if any, on the noticed topics that each designee will be prepared to address, we may be able to work out alternative plans for dates and locations. But, until First Data's designations occur and we agree on alternative plans, the Plaintiff must proceed to schedule those 30(b)(6) in the EDNY. July 30 & 31 have been selected as those were the dates previously agreed, then revoked by First Data, for the 30(b)(6) depositions to occur.

The lack of designation and the quickly expiring discovery period leaves Plaintiff no option other than to set the 30(b)(6) deposition on the calendar.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+

image001.jpg



image002.jpg

Attachments:

| | |
|---|---|
| image001.jpg | 3.9 KB |
| image002.jpg | 2.1 KB |

# **EXHIBIT C-5**

**E-Mails Shearer and Eidelman July 20, 2018**

**30(b)(6) and Deposition Scheduling**

**Subject:** Re: Barger v. First Data - Voycheske Deposition Postponement
**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** 7/20/2018 11:18 AM
**To:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**CC:** David Zeitlin <david@zeitlinlawfirm.com>, "Cooper, Gillian A." <Gillian.Cooper@saul.com>, "Kennedy, Lindsey C." <Lindsey.Kennedy@saul.com>
**BCC:** bb@shearerlaw.pro, steve@stevebarger.com

Gary:

You can deduct any "costs" incurred by counsel from the costs incurred by Plaintiff during Defendants' multiple no-shows. Ms. Voycheske bears no "costs" given that she lives in Omaha. All hotels in Omaha have at least a 48-hour full cancellation policy and counsel has not left Baltimore.

I do greatly appreciate you doubling down on the issue of the phone call, as well as the January 5 date, however. Thank you. Very much.

The 30(b)(6) witnesses are duly noticed and will occur. No depositions were ever noticed in Dallas for July 30 and 31. But they are noticed in Brooklyn. It's interesting that you mention July 4, given your representation to the Court that you were available for Ms. Voycheske's deposition, and then your subsequent adamant refusal to appear, (despite Plaintiff's counsel's ease in finding both space and a reporter), coupled with your email to Plaintiff's counsel on that very day. Interestingly, Gary, emails to business colleagues on a given day are an excellent indication that a person is WORKING that day. There can be no question that Defense counsel billed the hours he worked that day to his client, perhaps to pay for his daughter's bouquet for her upcoming nuptials, funded exclusively by First Data.

Surely counsel is aware that Defendant First Data is in the habit of formal sponsorship - for example, they sponsored Mr. Bisignano's sons Little League team in 2017. Perhaps you can just cut out the middle man, slap a First Data slogan on some cocktail napkins and maybe the grooms back, and let Mr. Bisignano directly sponsor your event at the Four Seasons, rather than dragging out this preposterous charade for your own benefit.

You were available in Dallas for July 30 and 31, you can make it to Brooklyn. The only thing of note that took place near the July 4 date, was Counsel's misrepresentation to the Court of his availability for deposition, Defendant's no show of EJ Jackson's July 3 deposition and Defendant's attempt to force Plaintiff over ten depositions by prematurely unilaterally notifying MetLife of their deposition date the week prior. If Dallas is counsel's preference, Plaintiff may possibly consent to noticing them in Dallas instead of Brooklyn, but at no time did Plaintiff "give up" the then unnoticed dates. Plaintiff will reschedule Ms. Voycheske after his options with regard to her problematic disclosures are fully vetted.

Designate, Gary. It's way past time.

-Shawn Shearer

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

On Jul 20, 2018, at 6:49 AM, Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

Shawn:

I am in receipt of your letter canceling Ms. Voycheske's deposition scheduled for this coming Monday, July 23, 2018. The decision to cancel her deposition is entirely your choice. If there are any costs that we incur due to your last minute cancellation of her deposition, I plan to send you an invoice. If you plan to schedule Ms. Voycheske's deposition for another date in August, I would encourage you not to just unilaterally pick a date in August, but run dates by us before-hand so that we can check on availability.

You assertions regarding Ms. Voycheske's affidavits are meritless. The additional documents that she refers to in her supplemental declaration were produced months ago and do not change the substance of her testimony one iota. Whether she spoke to Mr. Barger or received an email from him on January 5, 2016, it was your client who told her when his leave began. Similarly, you have had the MetLife computer screen shot for months which indicates when they approved his STD leave.

For some reason, you blindly ignore statements regarding scheduling that we have made in prior correspondence.  You seem to think that if you keep repeating the same thing, it will just happen. Specifically, on July 4, 2018, you unilaterally canceled the depositions that had been scheduled for Dallas for July 30 and 31. That certainly was your decision to make and we released the witnesses for those dates, along with Joe Plumeri for July 19.  However, as a result of those cancellations, those days became free for other matters. We have told you time and time again that those dates are no longer available for depositions but you don't seem to be getting the message. **<u>SO THERE BE NO CONFUSION, FIRST DATA WILL NOT PRODUCE ANY WITNESSES ON JULY 30 OR 31, 2018.</u>** If you travel to NYC on those dates, do not expect First Data to reimburse you and your wife for any costs.

We will see you on August 10, 2018 for the Plaintiff's deposition at our offices in NYC.

Have a nice weekend.

**Gary B. Eidelman, Esq.**
Saul Ewing Arnstein & Lehr LLP
Office: 410.332.8975
Mobile: 410.303.8832

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Friday, July 20, 2018 7:09 AM
**To:** Eidelman, Gary B.; Cooper, Gillian A.; Kennedy, Lindsey C.
**Subject:** Barger v. First Data - Voycheske Deposition Postponement

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Gary, Gillian and Lindsey – Please see the attached letter withdrawing Ms. Voycheske's deposition notice for July 23, 2018. A new notice for her deposition will be sent for a date in mid- to late- August.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+

**<u>EXHIBIT C-6</u>**

**E-Mails Shearer and Eidelman July 27, 2018**

**30(b)(6) and Deposition Scheduling**

**Subject:** Re: 30(b)(6) Witnesses - July 30 and 31 & First Data Statements About Plaintiff
**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** 7/27/2018 12:40 PM
**To:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**CC:** "Cooper, Gillian A." <Gillian.Cooper@saul.com>, "Kennedy, Lindsey C."
<Lindsey.Kennedy@saul.com>, David Zeitlin <david@zeitlinlawfirm.com>
**BCC:** steve@thebargergroup.com

Gary:

As you rightly pointed out in previous correspondence, Plaintiff has advanced his agenda in accordance with the existing discovery calendar in spite of Defense counsels continued obstruction, by conducting depositions at agreed and noticed times and locations. At present, Plaintiff has completed eight depositions, with one being designated by Defense counsel as responsive to one of four 30(b)(6) topics outstanding.

Plaintiffs counsel recognizes that Defense counsel has squandered five months of time, thousands of dollars in client fees and all of its efforts in a futile attempt to ultimately misuse the deposition process to back door testimony from Ms. Voycheske's office companions in support of testimony that Ms. Voycheske is not in an authorized position to give.

Unfortunately, that rehabilitation process cannot take place until after Ms. Voycheske testifies, assuming her testimony is even relevant, or necessary at this point. The choice about whether to depose Ms. Voycheske and when, is Plaintiffs.

The July 30 notice falls within Plaintiff's ten allotted depositions, irrespective of the ultimate designation of the testimony given. Plaintiff expects Defense counsel to appear at the noticed time and place on July 30, 2018 with as many witnesses as are needed to address the 30(b)(6) topics outstanding. If one witness will suffice, then bring one witness. The witness must meet the required standards of a 30(b)(6) witness. As I stated earlier this week, Plaintiff will conduct as many depositions as are needed to adequately try his case.

See you Monday.

-Shawn


**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

On Jul 27, 2018, at 10:45 AM, Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

Shawn:

We are in the midst of preparing a response to your recent string of email communications and threats.

I trust that you have personal business in New York this weekend which is why you are traveling today. You keep demanding that we appear for deposition in Brooklyn on July 30 and 31. It is your decision and your decision alone to appear for a deposition on those dates. As I have told you time and time again, First Data will not be present in Brooklyn on July 30 and 31. We are willing to consider dates in August once you identify the 10th witness that you want to depose in this case.

**Gary B. Eidelman, Esq.**
Saul Ewing Arnstein & Lehr LLP
Office: 410.332.8975
Mobile: 410.303.8832

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Friday, July 27, 2018 11:26 AM
**To:** Eidelman, Gary B.; Cooper, Gillian A.; Kennedy, Lindsey C.
**Cc:** David Zeitlin
**Subject:** 30(b)(6) Witnesses - July 30 and 31 & First Data Statements About Plaintiff

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

THIS IS AN ATTEMPT TO SETTLE A DISCOVERY DISPUTE

Gary:

Plaintiff's counsel anticipated today's arrival of the case law that Defense counsel is relying on in his attempt to convince Plaintiff to forgo his necessary remaining 30(b)(6) witness testimony on topics outstanding scheduled for July 30 and 31, 2018 in Brooklyn. No such case law was forthcoming. Please provide your analysis, complete with the cites that support your assertion, for Plaintiff's counsel's evaluation. There is no way for Plaintiff to reach any understanding with Defendants on this matter short of filing a motion to compel, if Defense counsel refuses to provide the information upon which you are relying, for Plaintiff's review.

Plaintiff has made several good faith attempts to schedule these 30(b)(6) depositions, but none of them included the testimony of Ms. Jennifer Voycheske, who is not qualified to provide 30(b)(6) testimony. Plaintiff has indicated that Ms. Benhardt appears to be knowledgeable about Defendant's alleged "RIF" defense and associated topics covered by Plaintiff's now two month old accepted 30(b)(6) topics. Ms. Pulverenti has been suggested by Defense counsel as a witness available to testify about benefits, including short term disability, the linchpin of the information accumulated and stored by MetLife and somehow allegedly relied upon to validate Defendant's two on the record sworn affidavits about First Data's attempt at date recounting for Plaintiff's FMLA leave dates. It appears that Ms. Pulverenti is qualified to provide adequate testimony about benefits, given her twenty plus years at First Data, all served in the benefits department. Plaintiff no longer has need of Mr. St.George's testimony, and counsel was informed of that earlier this week. Ms. Steffen has been on Defense Counsel's list of potential witnesses for months as well as on the "calendar" that Defendants provided the Court in May.

All correspondence between Plaintiff's counsel and Defendant's counsel supports Plaintiff's good faith belief that Defense counsel intended to provide witnesses on the topics outstanding. While Plaintiff understands that designation of said witnesses may not be mandatory, it is certainly customary in cases of this scope. Defense counsel continues to insist that this is "just" an employment case. Plaintiff finds that perspective both demeaning and inaccurate. This case involves the forced leave of a disabled executive and the circumstances surrounding First Data's policy of using information obtained possibly under fraudulent circumstances from MetLife in order to circumvent its FMLA and ADA obligations. Defense counsel put forth First Data's internal process for public scrutiny when you produced Ms. Voycheske's affidavits (including screenshots of MetLife's corporate interface containing Plaintiff's personal medical information - information that First Data likely has no legal right to access) as part of your Objection to Plaintiff's 12(c) Motion. Those screenshots are now available to the public, including Plaintiff's potential future employers.

Absent any contractually based support for First Data's legal ability to obtain the information underlying and included in these public declarations, they are now merely functioning (and have functioned for over five months) as a form of intentional defamation, continued interference in Plaintiff's possible future employment, retaliation due to the absence of any legal means by which to obtain the included screenshots and corresponding declaratory information, and harassment due to multiple, repeated violations of Plaintiff's right to privacy, with Defendants fraudulently requiring Plaintiff to fill out multiple release forms which they have no legal right to collect, under the guise of having "misplaced" his forms, or, as Defendant Johnson admits, faxing his information to the wrong place.

It is regrettable that Defendant First Data appears to have a fragmented, inefficient Human Resources department. But that is not Plaintiff's problem. Plaintiff did not bring this claim so that First Data could present to Plaintiff, the public, Judge and jury, its ineffective internal corporate learning curve. Plaintiff has no intention of trying those issues, as they are wholly irrelevant to the fact that Defendant Johnson has admitted, in email, First Data's EEOC response, Defendant's answer, and under oath in her deposition testimony to have accepted Plaintiff's timely return to work authorization and it is undisputed that Plaintiff's job duties remain with Ms. Robin Ording, and that his title and rank (and likely his salary) within Defendant Charron's organization are with Mr. EJ Jackson. What has become disturbingly relevant to Plaintiff, are the revelations of likely privacy violations, intentionally and persistently being used to damage Plaintiff.

In addition, it has come to Plaintiff's attention that Defendant Marino has been referring publicly to

Plaintiff as "retired," and commenting negatively on Plaintiff's performance, despite the fact that Marino was never in a position to evaluate Plaintiff's performance, and First Data has admitted that no written negative reviews of Plaintiff's performance while at First Data exist. Plaintiff is not retired. Plaintiff's counsel is placing Defense counsel on notice that this defamation will not be tolerated. Counsel has been demanding proof of Plaintiff's mitigation, and Defendant Marino is simultaneously interfering with Plaintiff's ability to find employment at age 73 by outright lying about Plaintiff being "retired." Plaintiff is currently considering his additional legal options where this defamation and continued interference is concerned, and Plaintiff's counsel is instructing counsel to inform Defendant Marino to cease and desist in this activity immediately, and let Plaintiff's counsel know when this task has been completed.

Interestingly, it would appear that the genesis of the supposed "leak" that Defendant First Data continually has harassed Plaintiff to name, (despite Plaintiff's repeated and truthful explanation that his January 2017 text messages to  Defendant Marino were hyperbole), is, in fact, Marino himself. As Plaintiff has described in his interrogatory answers, Plaintiff thought nothing of comments made to him at the time by employees regarding his potential retirement - until he reflected on those comments months after they were made and AFTER he was notified of his termination on January 13, 2017. Plaintiff now understands that the reason that various employees had mentioned retirement to Plaintiff during the latter months of 2016, when Plaintiff had no intention of retiring, is undoubtedly due to Defendant Marino having seen him in person and unilaterally determining that Plaintiff was disabled, disfigured and no longer worthy of a job at First Data, summarily removing Plaintiff's existing ADA accommodation of remote access, then gossiping to employees about Plaintiff's disability. Mr. Marino so much as admitted in his deposition that Defendant Marino thought Plaintiff was terminal when Plaintiff requested that Marino move benefits into Plaintiff's wife's name in November 2016.

Defendant Marino continues to gossip, and is now actually intentionally lying, openly interfering with Plaintiff's ability to both mitigate and obtain employment. It is not lost on Plaintiff that Defendants are projecting - demanding invasive searches of Plaintiff's records under the guise of needing proof of mitigation, and simultaneously threatening an abusively broad sweep of Plaintiff's communications devices in an effort to cover Defendant Marino's own inability to stop damaging Plaintiff with lies. Defendant Marino is his own leak. Defendant Marino continues to try to make Plaintiff's ability to mitigate as difficult as possible.

This recent revelation, combined with the abuse of MetLife's questionable alleged "authority" to collect Plaintiff's personal medical information that took place directly under Defendant Marino's supervision and order in his Human Resources department, is looking to be an additional cause of action for Plaintiff.

None of the above referenced developments will get Defense counsel out of the quagmire in which you are currently stuck. This case will commence, on schedule. Defendants will comply with discovery deadlines, or suffer the consequences. Ms. Voycheske's declarations are public, they are now permanent, they conflict, they are not able to be supported with documents, nor will her personal knowledge be available for rehabilitation or supplementation by her office companions, as Defense counsel had planned.

In fact, we are quickly approaching a point where each of those office companions, along with Ms. Voycheske, whichever member(s) of First Data in-house Counsel prepared Voycheske's statements (my money is on former named defendant Graesser, but that remains to be seen), Defense Counsel from Saul

Ewing (including you), and every other person who has demonstrated to have obtained knowledge, either directly or indirectly, of Plaintiff's personal medical records through the illegitimate conduit of MetLife, is a witness to both fact and damages in Plaintiff's likely legal cause of action resulting from First Data's intentional violations of his legally protected privacy.

I warned you that allowing an SVP to leave without a severance agreement was dangerous for your client due to the inevitable exposure of highly ranked executives in what would typically be a more boilerplate employment case. Counsel laughed at me and at my client. I still have that voicemail. I warned you that Plaintiff was going to take this to the mat in an attempt to protect other employees and ex-employees of Defendant First Data, who are not as well situated as Plaintiff, from similar illegalities. Counsel ignored me.  I instructed you many times to pull Ms. Voycheske's affidavit. Counsel refused. It is now too late, the declarations are permanent, and counsel has created an entirely new cause of action for Plaintiff. When I realized that First Data has no benefits plan with MetLife, I told you it was time to settle. Counsel refused.

Plaintiff's counsel is leaving today for New York. I strongly suggest that Defense counsel appear, with 30(b)(6) witnesses as noticed, in Brooklyn on July 30 and 31. I have attached, for your reference, the applicable deposition transcripts that prove Cagwin was unprepared to discuss disability insurance accounting, gave incorrect answers, and then Plaintiff's counsel had to lead Mr. Cagwin to conclusions, and then Defendant's counsel had to promise to stipulate to those conclusions the following day, due to Cagwin's lack of preparation by Defense counsel, and inability to provide testimony on the noticed topics.

Plaintiff's counsel and Defense counsel are certainly NOT, under any definition, 30(b)(6) witnesses. A witness should have been prepared to discuss the disability benefit accounting issues clearly identified in the 30(b)(6) notice. Mr. Cagwin was not and there was absolutely no reason for our discussion prior to Ms. Johnson's deposition (attached) to have occurred.

As noted yesterday – Defendants only 30(b)(6) witness to date was non-compliant with the requirements of 30(b)(6) preparation for testimony.

I will see you on Monday in Brooklyn.

-Shawn


**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY**

**ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+

## EXHIBIT C-7

**E-Mails Shearer and Eidelman August 21, 2018**

**30(b)(6) and Deposition Scheduling**

**Subject:** Barger v. FIrst Data - 30(b)(6) Depositions
**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** 8/21/2018 7:09 PM
**To:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**CC:** "Cooper, Gillian A." <Gillian.Cooper@saul.com>, "Kennedy, Lindsey C."
<Lindsey.Kennedy@saul.com>, David Zeitlin <david@zeitlinlawfirm.com>
**BCC:** bb@shearerlaw.pro

ATTEMPT TO RESOLVE DISCOVERY DISPUTE

Gary – The following 30(b)(6) topics remain outstanding without a deposition of First Data taken despite three-months of effort:

- **First Datq's internal control policies and procedures for the technological systems used by First Data's human resources department, payroll, and leave management.**

  [OOO, PeopleSoft, LOAHELP e-mail; MetLife Interface used by Leave Management – all topics Ms. Steffen claimed no knowledge in her deposition today]

- **First Data's processes and procedures for posting available employment opportunities at First Data, and removing filled or withdrawn positions, on employment sites (e.g. the Indeed web site referenced in Exhibit K to the Complaint) and employment opportunity postings on social media sites (e.g. the @FirstDataJobs Twitter account referenced in Exhibit K to the Complaint).**

- **The processes that were available to Plaintiff to apply to receive First Data's disability insurance benefits, the process through which Plaintiff did apply to receive First Data's disability insurance benefits, and the terms of the disability insurance policies under which Plaintiff applied for benefits.**

  [Ms. Steffen, VP of HR in charge of the Leave Management Team during all relevant periods, claimed no knowledge of the insurance policies and processes available to Plaintiff. Ms. Steffen even testified today that she had never seen the Summary Plan Description of the disability insurance benefits she admitted her team assisted employees to complete application and approvals, and respond to employees' questions as to policies and procedures surround disability benefits – Ms.Steffen's inability to answer these questions proves either coaching by counsel for lack of knowledge or inept management of First Data's leave and disability benefits policies]

- **Terms and conditions of all equity-based compensation plans and agreements relevant to the stock option and restricted stock awards by First Data to Plaintiff.**

- **First Data's plans, policies and procedures for the implementation and execution of any "reduction-in-force" (as that term is used in the Answer to the Complaint during the period between January 2015 and February 2017.**

- **First Data's plans, policies and procedures for the implementation of FMLA, ADA and other leave programs.**

  [Ms. Steffen could not answer questions of procedure and referring all those questions to a non-officer manager she was charged to supervise – a non-officer is not a qualified 30(b)(6) deponent]

- **General description of First Data's legal hold process including all details of that policy and specific steps that were taken in this case to implement a legal hold.**

[All 9 individuals I have deposed to date remember receiving  hold notice, but not one remembers when it was received. Over the past 3 months of depositions, you knowing this question was coming to each and everyone of your witnesses, NOT A SINGLE ONE HAS A MEMORY ON WHEN A LEGAL HOLD NOTICE WAS SENT. I have told you repeatedly I know that it was not sent until August 2016 – just weeks before the complaint was filed, meaning months and months after I indicated to you to anticipate litigation (February 2016) and months after Plaintiff filed his Charge with the EEOC (March 6, 2016) – a half-year went by without a legal hold notice being sent to First Data's employees – stop coaching the witnesses to confirm it was sent and forget when it was sent]

- **First Data's process and procedures for retaining information created during the planning and implementation of any "reduction-in-force" during the time between January 1, 2015 and February 28, 2017.**

  [Ms. Benhardt may answer these questions at her deposition schedule for tomorrow.  However, if the witness engages in the same evasiveness, feigned lack of knowledge, and finger pointing at others, additional testimony binding First Data, a defendant corporation, is required]

The deposition of Ms. Steffen today demonstrated the evasiveness of all the Defendants' witnesses deposed in this case. Each of the fact witnesses has repeatedly referred me to numerous other individuals to respond to Plaintiff's questions – everyone testifies that someone else knows the answer. You, knowing these continual cross referrals have been on-going have not engaged in good faith discussions of how to obtain this information from the individuals identified by your own witnesses, but instead have taken an unreasonable position towards the Rule 30(a) 10-deposition limitation.

You previously identified Ms. Steffen, Ms. Pulvereti and Ms. Voycheske as potential 30(b)(6) designees on human resources and benefits issues (Ms. Steffen failed miserably today to testify to anything of substance and demonstrated a complete lack of knowledge of the functions of the Leave Management Team she managed and a complete access of the tools used by the Leave Management Team under her supervision, and a complete lack of knowledge of the policies the Leave Management Team she managed was tasked to implement).  With so many terminations by First Data over the past three years, I do not understand how Ms. Steffen has managed to survive – My guess is that the HR department protects its own, but that is irrelevant. Ms. Steffen's testimony today only served to demonstrate that the Leave Management Team operated without any supervision by a single officer of First Data, let alone a single officer of First Data with even a basic understanding of the tasks the Leave Management Team is to perform.

You have also resisted my inquiry into the technological systems used by the human resources department, and in particular the authorizations for making changes in the leave and disability benefit systems. Yet each of the HR witnesses deposed to date claims to have no knowledge of the privileges and authorities granted to employees to make changes in the HR systems they use every day.  For example, Ms. Steffen testified today that she could view the OOO profile for herself and she could modify the OOO profiles of her self and her direct reports. But, somehow, Ms. Steffen claimed she had no knowledge of whether her direct reports had the ability to access and modify the OOO profiles of other employees – but she admitted she could not do so.  If the individual fact witnesses will not answer these questions about their basic job functions, responsibilities, and abilities, the corporation, through its designees must do so pursuant to Rule 30(b)(6).

Ms. Steffen's deposition today was very telling.  Ms. Steffen (a Vice President and officer of First Data) testified that she allowed a unsupervised, non-officer employee to make critical decisions regarding the leave and compensation of a senior vice president (the Plaintiff). Ms. Steffen also testified that she did not know the systems the team she was responsible for managing that were used by her subordinates to make determinations on leave and benefits. She testified the Leave Management Team she "managed" interfaced with MetLife as administrator of disability benefits but that her Leave Management Team was not responsible for anything related to disability benefits. She repeatedly referred me to Ms. Pulverenti to answer these questions, but also testified Ms. Pulverenti only negotiated benefits agreements, leaving no one responsible for implementation. Ms. Steffen, a career HR professional (with responsibility for disability benefits and leave management) also testified that she had never seen First Data's Summary Plan Description. It is still baffling to me how either Ms. Steffen (with her admitted non-management of the Leave

Management Team over which she was charged with responsibility and lack of knowledge of the actions or duties of those over which she was to manage) and Ms. Voycheske (with her numerous violations of the FMLA and the policies of First Dat, and numerous *ultra vires* acts on behalf of First Data), is still employed when there have been supposed reductions in force on-going for years. The unmanaged ineptitude of the Leave Management Team was demonstrated by Ms. Steffen today.

It is clear your witnesses have been coached to feign memory loss.  The only solution is for First Data to provide Plaintiff the witnesses that have been subpoenaed since May 22nd to testify on its behalf after preparation to testify beyond their individual knowledge and to speak as to corporate knowledge.

Every witness that has testified in deposition claims not to know the answers to the topics set forth above questions and refers me to discuss with others.  Individual fact witnesses are insufficient to testify as to the policies and procedures of First Data, a defendant in this case. The continual run-around by the individual witnesses is a nice tactic, but it still does not excuse the failure to designate 30(b)(6) witnesses on the above topics.

You have no-shown or refused to appear for 30(b)(6) depositions twice and in both cases failed to file for protective orders.

I need to know at the end of the deposition of Ms. Benhardt scheduled for tomorrow, August 22, when First Data will present witness(es) before the end of discovery to address all of the above topics that have been outstanding since May 22. If I do not have either (i) a date for completion of the 30(b)(6) deposition of First Data by the end of the discovery period or (ii) a written agreement by you to permit discovery of the 30(b)(6) deposition of First Data after 8/31, but prior to the end of the expert discovery period, I have no choice other than to file my second motion to compel designations and depositions for the 30(b)(6) witnesses, along for a request for an extension of time to complete those depositions over the same time period you have requested to complete irrelevant, harassing, duplicative, third-party discovery over issues that have been cured, voluntarily, by Plaintiff's provision of an interrogatory supplemental response to address revenue v. income differences.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE