# EXHIBIT D

# TO

# PLAINTIFF'S REPLY IN SUPPORT OF 72(a)

**July 26, 2018**

**E-mail Shearer to Eidelman**

**Voycheske and MetLife**

**Subject:** Preparation to compel
**From:** Shawn Shearer <shawn@shearerlaw.pro>
**Date:** 7/26/2018 12:30 PM
**To:** Gary.Eidelman@saul.com
**CC:** Gillian.Cooper@saul.com, Lindsey.Kennedy@saul.com, david@zeitlinlawfirm.com
**BCC:** bb@shearerlaw.pro, steve@stevebarger.com

Gary:

As you are surely aware, Plaintiff is preparing his motion to compel the many underlying documents that Defendant First Data claims to have relied on in their decision to illegally terminate Plaintiff. The documents in question include those under which Ms. Jennifer Voycheske claims to have received information from MetLife for use in her unilateral decision to designate, and attempt to redesignate Plaintiff's FMLA leave retroactively. Before Plaintiff compels, I am writing to strongly encourage you to explain to your client the ramifications of, in particular, withholding the controlling documents that underlie First Data's contractual relationship with MetLife, also known at times as "Hewitt."

Produce the plan and policies under which First Data <u>required</u> Plaintiff to provide his medical release to MetLife. If such documents do not exist, First Data may anticipate new litigation due to privacy concerns. Plaintiff, himself, initiated this inquiry with MetLife a few months ago. If no short term disability plan, short term disability and/ or leave administration agreement exist, we all know that there was no legal means for First Data to have received Plaintiff's personal medical records, using MetLife as a shill.

First Data has now doubled down on its claim that a single employee, who has seemingly capped out her career at the level of HR Manager, despite sixteen years of employment at First Data, relied on information she received directly from MetLife to make her multiple, conflicting and questionable designations of Plaintiff's leave. Plaintiff finds this entire theory ludicrous, and it becomes increasingly clear with each passing day that Ms. Voycheske is literally devoid of any legitimate decision making authority in her capacity as HR Manager at First Data. Defendant Johnson has already testified that she accepted Plaintiff's return to work authorization and summarily faxed it to Ms. Voycheske on January 10, 2017, underscoring the fact that even under the best of circumstances for her conflicting affidavits, by using simple logic it is clear that Ms. Voycheske is utterly insignificant and without authority to take substantive action on FMLA leave within her own Human Resources hierarchy.

If her own department doesn't respect her "authority" it seems unlikely that anyone else should, or will.

Nonetheless, we have the same problem today that has existed since Defense counsel's submission of Ms. Voycheske first sworn declaration. First Data's sworn reliance on its relationship with MetLife is the centerpiece of Defendant's excuse for its failure to reinstate Plaintiff to his FMLA protected position. From what has been presented thus far, it appears there is no actual benefits plan that exists between First Data and MetLife. Furthermore, Plaintiff's reliance on representations from First Data

(admitted at multiple junctures by Defendants) that such a document exists and governed Plaintiff's benefits, combined with Defendant Marino's admitted forcing of Plaintiff onto leave on November 19, 2016, are the direct cause of Plaintiff allowing MetLife access to his medical information.

You are a seasoned employment lawyer. I should not have to remind you of the vital importance of the employees right to privacy, particularly in a case where there is disability and clear discrimination. It was Defense counsel's decision to rest Defendant's entire case on the testimony of one minor backroom player in a corporation of over 20,000. The pressure you have placed on Ms. Voycheske is undoubtedly immense. Ms. Voycheske did not determine Plaintiff's employment. Defendant Marino, Defendant Charron and Defendant Bisignano have already testified to that end. Plaintiff is not going to put the scattered and inefficient process of First Data's Omaha Human Resources department, which is routinely ignored by the rest of the Human Resources professionals at First Data by admission of Defendants from both the Atlanta and New York offices, in the forefront, simply because Defense counsel was grasping at straws to answer Plaintiff's 12(c) Motion. What you are doing to the obviously emotionally fragile Ms. Voycheske is unconscionable. You are placing her in a position to accept responsibility for something over which she has no authority, according to First Data's own corporate governance rules.

To be clear. That you do not care about Ms. Voycheske's emotional state does not mean that Plaintiff does not care. Even a brief glance at Ms. Voycheske's online presence demonstrates nothing short of a cry for help. Defense counsel's decision to exploit this employee, who is ranked significantly lower than both Plaintiff and particularly Defendants Marino, Charron and Bisignano, is going to come at a heavy price to counsel. I am putting you on notice right now that I can see that the proportionality of the responsibility counsel is placing on Ms. Voycheske is outrageously imbalanced relative to her actual experience, authority and significance to Plaintiff's case.

In short, Gary, if you think you are going to pin the decision to illegally terminate an executive at First Data who has had a 30 plus year career on Wall Street, on a self admitted depressed, struggling office worker in Omaha, think again. At the minimum, you will produce the requisite contract documents that your own witness needs to support her story. If you do not or cannot, this turn of events will become your problem. Immediately.

Produce the MetLife documents. This is not a joke. These are real people. Not pawns you can push around your own personal chess board while you cash in so you can pay for a wedding that you can't afford without continuing to fail to tell your clients the truth about their own case.

You have until Monday to produce the documents that support Ms. Voycheske's affidavits. If you cannot do so, I will take the appropriate steps to escalate this to the next level.

- Shawn

> **Shawn E. Shearer**
> The Law Office of Shawn Shearer, P.C.
> 3839 McKinney Avenue #155-254

Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**