# EXHIBIT F

# TO

# PLAINTIFF'S REPLY IN SUPPORT OF 72(a)

METLIFE LONG-TERM DISABILITY

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254

DALLAS, TEXAS 75204

OFFICE: (214) 434-1594

SHAWN@SHEARERLAW.PRO

---

March 29, 2017

**VIA U.S. MAIL (CRR) and E-MAIL (mtpmetlife@metlife.com)**

Metropolitan Life Insurance Company
MetLife Disability
PO Box 14590
Lexington, KY 40512
**Attn:  Ashley Sheridan
        Laura Smith**

      RE:    Steve Barger – First Data Corporation – Long-Term Disability
                Claim No. 711701191341

Dear Ms. Sheridan:

I represent Steve Barger in connection with his claims against First Data Corporation ("First Data") arising out of his employment by First Data.  Mr. Barger completed all the necessary application materials for disability pay in November and December of 2016.  MetLife approved Mr. Barger's application and assigned the above referenced claim number.

I have called and left voicemail messages for you regarding this claim on March 24th and March 29th, and I have not received a return phone call. I also left a voicemail message for Laura Smith. Ms. Smith called and left a message for Mr. Barger on March 29th indicating that she was covering his claim while you were out on vacation.  Ms. Smith has not returned my call either.

As background, Mr. Barger was employed as a Senior Vice President of First Data in June 2014. Mr. Barger was diagnosed with throat cancer in February 2016.  Radiation treatments over the summer of 2016 were unsuccessful.  Mr. Barger underwent laryngectomy surgery on September 6, 2016. On January 10, 2017, Mr. Barger's physicians provided him a return to work authorization, and Mr. Barger scheduled himself to return to work on January 17, 2017 (the Tuesday following the MLK holiday). On January 13, 2017, the Friday prior to Mr. Barger's scheduled return to work the next business day, Mr. Barger was advised verbally that his employment was being terminated and First Data set a termination date of February 28, 2017.

In response to this adverse employment action, on March 6, 2017, Mr. Barger filed an Americans with Disabilities Act and Age Discrimination in Employment Act charge with the EEOC.

During my discussions with First Data in hopes of reaching a mutually agreed termination, it became clear to me that Mr. Barger's understanding and documents regarding his leave and disability pay, First Data's revised version of Mr. Barger's leave and disability (both STD and LTD), and the documentation received from MetLife regarding LTD, are all inconsistent.

My view of events based on the documents in my possession are as follows:

| | |
|---|---|
| September 6, 2016 | Mr. Barger begins paid leave using his PTO available. |
| October 24, 2016 | Mr. Barger's PTO is exhausted and STD pay begins |
| January 16, 2017 | Mr. Barger's STD is exhausted. |
| January 17, 2017 | Mr. Barger is to return to work |
| February 28, 2017 | Mr. Barger's employment with First Data is terminated (although the effectiveness of the termination is at issue in the EEOC charge). |

The letters and e-mails Mr. Barger received from First Data in December 2016 support this timeline.

However, First Data's description of events and dates is now different from that reflected in the documentation in my possession. It appears that First Data is taking the position that STD was exhausted on October 24, 2016 and that LTD began on that date.

Mr. Barger has received two checks from MetLife as payment of LTD benefits in the amounts of $27,705.00 and $13,582.50. Mr. Barger endorsed those checks to my law firm's trust account, and those checks have been deposited in my firm's trust account. Mr. Barger has not taken possession of any of the funds and those funds remain under my control and segregated in a trust account.

The act of depositing these funds into my firm's trust account should not be interpreted, and it does not evidence, any acceptance by Mr. Barger of the funds, an admission by Mr. Barger that he is entitled to the funds, an admission that Mr. Barger is disabled and unable to work, an admission that his LTD benefits are applicable to the periods covered by those checks, or any other admission or evidence of anything. The deposit of the funds into a trust account has been done solely to preserve those funds until it is finally determined who is entitled to them.

Mr. Barger has no interest in receiving payment that is not due to him. However, given the dispute between Mr. Barger and First Data, and First Data's inconsistent information provided, his right to those LTD funds is unclear. As a result, I will continue to hold those funds in the firm's trust account until the issue is resolved. Once resolved, I will return those funds to MetLife that are properly yours, and I will distribute any of those funds to Mr. Barger that are properly his.

In order to resolve these issues, the three parties, (First Data, MetLife and Mr. Barger) will need to discuss all of the issues, especially because all three party's timelines appear to be different. Given First Data is MetLife's insured, MetLife is in a better position to coordinate the conversation.

First Data has not been forthcoming with information. In fact they have been overtly resistant to responding to my repeated requests for information regarding Mr. Barger's disability pay and leave. The information I have received over the last two months from First Data on these issues has been inconsistent with the documentation First Data has sent Mr. Barger and the information I have seen from MetLife.

MetLife needs to provide me clarification and obtain documentation from First Data on a number of issues. First Data must provide you those documents as your insured.

Please send me a copy of all applicable documents governing First Data's STD and LTD policies and programs. In addition, please send me a copy of all of Mr. Barger's file documents related to his application and approval for disability benefits, copies of all summary of benefits for Mr. Barger and disability payment history. Please e-mail electronic copies of these requested documents to me at shawn@shearerlaw.pro.

If you have any questions, or require clarification, please feel free to call me at (214) 434-1594.

Very truly yours,

Shawn E. Shearer