# EXHIBIT H
# TO
# PLAINTIFF'S REPLY IN SUPPORT OF 72(a)

Letter Dated June 25, 2018 re: Deposition Obstruction

# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

June 25, 2018

**Via E-Mail**

Gary B. Eidelman
Saul Ewing Arnstein & Lehr
500 E. Pratt Street, Suite 900
Baltimore Maryland 21202

      Re:    *Steven Barger v. First Data Corporation et al.*
              Civil Case No. 1:17-cv-4869
              Re: Deposition Obstruction (Continuing) & Rule 26(a) Amendment

Dear Gary:[1]

Two events occurred today that demonstrate your ongoing obstruction of the discovery process in this case, and your abuse of the deposition process.

1.     Julie Kelly – Defendants list Ms. Julie Kelly as a witness in its Rule 326(a). On April 27, 2018, former First Data employee Ms. Kelly raised her own ADA and Title VII violations by First Data by letter to Ms. Jill Poole, in-house counsel at First Data. A subsequent demand was made by Ms. Kelly on May 3, 2018, and Ms. Kelly filed a Charge of Discrimination with the EEOC and Ohio Civil Rights Commission (Kelly v. First Data).

          On May 10, 2018, in direct retaliation for Kelly's raising of those issues, on behalf of First Data, you threatened Ms. Kelly, (your own listed witness) with a subpoena, to command her to give her deposition in the Barger v. First Data case. Until that time, Ms. Kelly reports that she had heard nothing from any legal representative of First Data with regards to Mr. Barger, or his case against First Data, since she received an email on August 4, 2017 as part of a group emailing, demanding a legal hold on all communications related to Mr. Barger. When Ms. Kelly then filed her Charge of Discrimination with the EEOC and Ohio Civil Rights Commission (Kelly v. First Data), you delivered Ms. Kelly a subpoena to be deposed in Barger v. First Data. As you know, Ms. Kelly after being constructively discharged, is home caring for her children, disabled brother and elderly live-in mother-in-law while seeking employment. According to the Notice of Deposition you provided me for Ms. Kelly's deposition in Barger v. First Data, you specified that the deposition was to

---

[1] Earlier this evening I sent you an e-mail regarding these same topics. Rather than relying on that e-mail as our record of these issues, I am formalizing that communication by this letter, correcting formatting error in the e-mail due to my mobile device formatting, and correcting some inaccurate dates – particularly the dates for the schedule of depositions this week that appeared in that e-mail. My e-mail of June 25, 2018 to you discussing these same topics sent to you around 7:52 pm CT should be disregarded, and this letter controls as Plaintiff's official communication on the topics covered herein.

occur today, June 25, 2018 in Cincinnati. Ms. Kelly reported to me that you assured her that First Data would provide any necessary childcare for Ms. Kelly during her deposition.

I have been advised that Ms. Kelly appeared today, June 25, 2018, at Defendant's designated time and at Defendant's designated location to be deposed in the Barger v. First Data case per the subpoena Kelly received. There was no child care available, and neither you nor any Saul Ewing representative was present. The deposition did not take place. Ms. Kelly reportedly had notified you that the June 25 date would not work for her, but you never notified her that the deposition had been canceled. Like any one who respects the court, Ms. Kelly, children in tow, was at the noticed location, on time, this morning only to find no trace of you or anyone else related to Barger v. First Data present. This is inexcusable.

As Plaintiff Barger's counsel, I never received any official notice that Ms. Kelly's deposition had been canceled. Attendance by Mr. Barger's counsel was not required. Nonetheless, as Barger's lead counsel, I would have expected to have been notified if the third-party subpoena you issued to Ms. Kelly on behalf of First Data in Barger's case was no longer in effect. I was not. I do not represent Ms. Kelly in the Barger case. I had no plans to attend the Kelly deposition of June 25, 2018, so I was not adversely affected. That said, Plaintiff, himself, feels that your use of the threat of deposition to intimidate former First Data employees is a clear misuse of his case, and is contemplating any options he may have available to him to stop further
abuse.

At this point in Plaintiff's case, more depositions have been no showed/rescheduled (10) by First Data (including a deposition that First Data noticed) than have been taken (6) by both parties to date, over the five months of discovery.

First Data's pattern of no showing for depositions has become demonstrably obstructionist towards the discovery process and will be noted to Magistrate Bloom in all future discovery disputes as such disputes arise.

2. Today, June 25, 2018, the Defendants deposed the Plaintiff's physician Dr. Baddour and Plaintiff's nurse, Ashley Parish, in Atlanta. This was the first deposition Defendants have taken in this case. Saul Ewing associate Lindsey Kennedy appeared for the Defendants to TAKE that deposition. I was in attendance for Plaintiff Barger.

First, Ms. Kennedy, who has been counsel of record in Barger v. First Data for only a few months, did a fine job and the deposition of the physician and nurse proceeded smoothly, and the Defendants were well represented.

Second, the fact that Ms. Kennedy, an associate that has been counsel of record for a few months, was chosen by Saul Ewing to conduct the very first deposition in this case, on very technical medical topics was noteworthy, and a bit unexpected given your prior

statements to me in this case. Numerous times I have pointed out that Saul Ewing is a firm of 800 attorneys and First Data, a worldwide company, has local counsel everywhere. Your response has always been that Saul Ewing would not tap these vast resources, you have even threatened to seek a protective orders if depositions were noticed for dates Mr. Eidelman could not attend (even if others could), and you have insisted that Mr. Eidelman's ability to be present in person was a prerequisite to even consider a possible date for scheduling.

As you recall, with the agreement of the Defendants, Plaintiff noticed Ms. Voycheske and Ms. Steffen for depositions in Omaha. These depositions were scheduled to occur on March 14, 2018. On March 11, 2018, Mr. Eidelman notified me of the unfortunate passing of his mother-in-law and indicated that he needed several weeks off from the case for that reason. No depositions could be taken during this time. While I understood the situation, rather than cancel the noticed depositions scheduled to occur two days later, I offered, as a compromise, to agree (i) to reduce the deposition of Ms. Steffen to one hour and Ms. Voycheske to two hours (with each being continued until Mr. Eidelman's attendance in person was possible), (ii) for a different Saul Ewing associate or partner, or First Data local counsel (who have represented First Data in other cases involving Saul Ewing), to defend the agreed, noticed and now shortened depositions, and (iii) for arrangements to be made for Mr. Eidelman to attend these three hours by video or telephone. Moreover, I offered to allow Mr. Eidelman to choose the three hours that would be used for the depositions on March 14th.

By letter dated March 11, 2018, Mr. Eidelman flatly refused this offer and insisted that he was "lead counsel" on this matter, that he was unable to travel to Omaha to defend the depositions, and that if Plaintiff did not cooperate with the demand to cancel the depositions, Mr. Eidelman would seek a protective order.

Ms. Kennedy's appearance today, alone on behalf of First Data, to depose a physician and nurse on medical issues, clearly demonstrates that Mr. Eidelman's statements in March 2017 regarding the need to cancel Ms. Voycheske's and Ms. Steffen's depositions, because his attendance was essential, were disingenuous at best, and flat out deception at worst. Ms. Kennedy <u>TOOK</u> Defendants' very first deposition in this case. Mr. Eidelman, supposed "lead counsel" whose attendance in Omaha was so critical, did not appear for the very first deposition taken by Defendants in this case. The distinctions between the two planned events are significant. For the canceled Omaha depositions, Saul Ewing was merely going to <u>DEFEND</u> three hours of depositions of a manager and vice president of First Data's human resources department – Mr. Eidelman's personal attendance (not attendance by phone or video) was so essential that a protective order was threatened. Today, on the other hand, Ms. Kennedy <u>TOOK</u> the deposition of a physician and nurse responsible for the Plaintiff's medical treatment and cancer recovery on her own and without Mr. Eidelman present. The excuse for canceling the Omaha depositions was not

---

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204

only disingenuous, but it was also an intentional ruse to again hide Ms. Voycheske from being deposed (after previously refusing to produce her on February 23, 2018).

Ms. Kennedy did a fine job taking the depositions today. There is absolutely no reason that Saul Ewing could not have sent Ms. Cooper or Ms. Kennedy (or any of the other 800 attorneys at Saul Ewing or any one of First Data's local counsel in Omaha) to defend the deposition of Ms. Voycheske and Ms. Steffen for three hours on March 14, 2018. Mr. Eidelman's personal presence was not, and is not essential, and continuing to use Mr. Eidelman's busy schedule as reasons to avoid depositions must stop.

Notice of Rule 26(a) Amendment

At today's depositions, Plaintiff Barger's physician and nurse in Atlanta both confirmed that Mr. Barger's surgery was performed in Tampa, Florida and that neither of them was in Tampa for the six weeks Mr. Barger was there post-surgery. Neither witness was able to testify as to Mr. Barger's actions while in Tampa, and in particular, whether Mr. Barger was working on First Data business while recovering in Tampa. I began thinking about who could testify as to Mr. Barger's work-related activities while recovering. I will be adding Mr. Barger's son to the potential witness list.  Mr. Barger's son was in Tampa the entire period of recovery. While in Tampa, Mr. Barger's son took care of making sure Mr. Barger had all of the technological equipment and connectivity he needed to work on First Data business while recuperating.  His son also observed Mr. Barger receiving FedEx packages from First Data for his review while still hospitalized.  His son also was with Mr. Barger when he was arranging to participate in First Data teleconferences from his hospital bed.

As we have scheduled, this week, I will see you tomorrow and Wednesday (June 26 and 27) for the depositions of Mr. Cagwin (30(b)(6) accounting designee), Mr. Charron (Defendant), and Ms. Johnson (Defendant) in Atlanta, and then in Manhattan for the deposition of Mr. Bisignano (Defendant) on Friday (June 29).

                                        Very truly yours,

                                        Shawn E. Shearer

cc:     Gillian Cooper (via e-mail)
        Lindsey Kennedy (via e-mail)
        David Zeitlin (via e-mail)

---

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204