# EXHIBIT J
# TO
# PLAINTIFF'S REPLY IN SUPPORT OF 72(a)

Developments in Third-Party Subpoenas Subject of Extension of Discovery

# **EXHIBIT J-1**

August 14, 2018 E-Mail to Eidelman

**Subject:** Barger v. First Data
**From:** Grant Barger <barger.grant@gmail.com>
**Date:** 8/14/2018 8:55 PM
**To:** gary.eidelman@saul.com
**CC:** shawn@shearerlaw.pro

Mr. Eidelman,
Steve Barger's attorney has notified me that you may wish to depose me in the case Barger v. First Data. I understand that the window for depositions for this case ends on August 31st. While this seems like very short notice I am attempting to rearrange my schedule to free up time to speak to you beginning at 11 am on August 17th in Birmingham.
I have a lawyer here in Birmingham. If this happens I would expect to be able to to meet you at his office for the event. I am in the process of confirming his availability. Given the short time frame I cannot promise anything. I can tell, you I am only going to be available to you in Birmingham.
In the mean time, please contact me using this email address. If August 17th works for you, I will then do my best to firm up the date and location.

Grant Barger+

## **EXHIBIT J-2**

September 11, 2018 E-Mail to Eidelman

**Subject:** Joe
**From:** Grant Barger <barger.grant@gmail.com>
**Date:** 9/11/2018 9:10 PM
**To:** gary.eidelman@saul.com
**CC:** shawn@shearerlaw.pro

Mr. Eidelman,
I contacted you by email on <u>August 14th</u> after I found out that you wanted to speak to me about a former contractor of mine, Steve Barger. I understand that you are Joe Plumeri's lawyer.
I think you must have misunderstood my email because I received court papers that say you want to talk to me on September 17th. I never said I was available on September 17th. I said I was available on <u>August 17th.</u> You never confirmed any date or contacted me using the email I provided you. Instead, at 7:30 at night on Saturday September 8th (23 days later), you sent me these court papers full of demands that I have no Idea why you want or what they have to do with Steve Barger and Joe Plumeri.

I've known Joe for over thirty years. If you wanted to ask me questions about Joe, why not just use my email and ask? Why the cloak and dagger drama of demanding a bunch of papers that I never agreed to give? I don't get it.

I am sorry if you thought I meant September 17th, I thought I made myself pretty clear in the email that it was <u>August 17th.</u> Why let three weeks go by and not bother to email me and ask if I'm available? That makes no sense. I gave you my email for a reason.

Obviously, I am not going to give you any papers, again, why the high drama?
You have my email. You chose instead to send me court papers and give me three days to get you my private papers? Why?

I need a few days to get my head around this. You clearly misunderstood what I told you. I said <u>August 17th</u>. I have no idea why you decided to burden me at the last minute, why not  just communicate like a normal business person. I gave you my email so you would use it.

Even though you didn't give me the respect of a fast reply or ever tell me you were coming, I am giving you the courtesy of a fast reply. September 17th is less than a week away. You have had my email for nearly four weeks. I am not available to you on that day and will let you know what I decide about my legal options by the end of this week.

Grant Barger

# **EXHIBIT J-3**

September 11, 2018 E-Mail from Eidelman

**Subject:** RE: Joe
**From:** "Eidelman, Gary B." <Gary.Eidelman@saul.com>
**Date:** 9/11/2018 9:44 PM
**To:** 'Grant Barger' <barger.grant@gmail.com>
**CC:** "shawn@shearerlaw.pro" <shawn@shearerlaw.pro>, "Kennedy, Lindsey C." <Lindsey.Kennedy@saul.com>, "Cooper, Gillian A." <Gillian.Cooper@saul.com>

Mr. Barger:

This will acknowledge receipt of your email.

My Firm represents Defendants First Data Corporation, Frank Bisignano, Dan Charron, Tony Marino, Karen Whalen and Rhonda Johnson who your father sued in the United States District Court for the Eastern District of New York as indicated on the deposition notice and subpoena. I don't know who has given you the idea that I am Joe Plumeri's lawyer. Mr. Plumeri is not a party in this case.

Your father testified at his deposition about work he apparently did on behalf of Barger Consulting prior to joining First Data. Judge Bloom, the Magistrate Judge assigned to this case, has extended the discovery period in your father's case to allow us to take additional depositions as a result of his testimony, including your deposition and that of your company Barger Consulting LLC. You and your company have been served with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure compelling you to attend a deposition on September 17, 2018 in Birmingham. I understand that you and Barger Consulting were served on September 8, 2018. We scheduled the depositions for the same time to minimize the inconvenience. I do not expect the depositions to take that long. If September 17 is not convenient, I am willing to discuss alternative dates but that needs to happen ASAP given that discovery closes on September 28, 2018.

Please contact me tomorrow to discuss. If you have legal counsel and would like me to speak with them instead, please advise. Thank you for your time and cooperation.



**Gary B. Eidelman**
**SAUL EWING ARNSTEIN & LEHR LLP**
500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133
Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
Gary.Eidelman@saul.com | www.saul.com

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers, here*

---

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Tuesday, September 11, 2018 10:10 PM
**To:** Eidelman, Gary B.
**Cc:** shawn@shearerlaw.pro
**Subject:** Joe

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Mr. Eidelman,
I contacted you by email on August 14th after I found out that you wanted to speak to me about a former contractor of mine, Steve Barger. I understand that you are Joe Plumeri's lawyer.
I think you must have misunderstood my email because I received court papers that say you want to talk to me on September 17th. I never said I was available on September 17th. I said I was available on August 17th. You never confirmed any date or contacted me using the email I provided you. Instead, at 7:30 at night on Saturday September 8th (23 days later), you sent me these court papers full of demands that I have no Idea why you want or what they have to do with Steve Barger and Joe Plumeri.

I've known Joe for over thirty years. If you wanted to ask me questions about Joe, why not just use my email and ask? Why the cloak and dagger drama of demanding a bunch of papers that I never agreed to give? I don't get it.

I am sorry if you thought I meant September 17th, I thought I made myself pretty clear in the email that it was August 17th. Why let three weeks go by and not bother to email me and ask if I'm available? That makes no sense. I gave you my email for a reason.

Obviously, I am not going to give you any papers, again, why the high drama?
You have my email. You chose instead to send me court papers and give me three days to get you my private papers? Why?

I need a few days to get my head around this. You clearly misunderstood what I told you. I said August 17th. I have no idea why you decided to burden me at the last minute, why not just communicate like a normal business person. I gave you my email so you would use it.

Even though you didn't give me the respect of a fast reply or ever tell me you were coming, I am giving you the courtesy of a fast reply. September 17th is less than a week away. You have had my email for nearly four weeks. I am not available to you on that day and will let you know what I decide about my legal options by the end of this week.

Grant Barger

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~+

# **EXHIBIT J-4**

September 14, 2018 E-Mail to Eidelman

**Subject:** Alabama Protective Order
**From:** Grant Barger <barger.grant@gmail.com>
**Date:** 9/14/2018 5:33 PM
**To:** "Gary B. Eidelman" <gary.eidelman@saul.com>, Shawn Shearer <shawn@shearerlaw.pro>

As I promised I am contacting you by weeks end to inform you of my decisions regarding my legal options. As you know, I filed a request for a protective order and a motion to quash here in Alabama in front of Judge Bowdre. I do not have the extra resources for a lawyer at present. So I am going to continue to communicate with you directly.

Please use this email to contact me. Please do not send any more strangers to my home. If you want something from me, a direct approach is best. While we are adversaries in this matter, it is not my style to intentionally humiliate or embarrass another person. For any reason. When I filed my motion on Thursday I did not know exactly what to write in the upper left-hand box because there was no case number in Alabama at the time. I filled the box out to the best of my ability. Because you sent me the subpoena, I assumed I should direct the motion to you. As soon as I left I realized that what I wrote made it look like I was suing you and your firm. I immediately did some extra work and then gave the court a replacement for that page later on Thursday. The clerk accepted my replacement page.

I just wanted to apologize for giving the public impression that you are being sued. I know I wouldn't like it if someone did that to me. It was never my intention to embarrass you or give the wrong impression. I fixed it as soon as I realized that it looked wrong. And the clerk accepted my correction. I am very confused about why I received these demands from New York in such a hostile manner. I prefer a calm diplomatic approach to life. I will treat you with respect and ask you do the same for me.

Please help me understand exactly what you're looking for here. I'd also like to know why Joe was mentioned in your court filing but not part of the papers I got on Saturday.

Thank You

Grant Barger

# **EXHIBIT J-5**

September 25, 2018 E-Mail to Eidelman

**Subject:** Re: Obligation to Meet and Confer - IN Barger v. First Data
**From:** Grant Barger <barger.grant@gmail.com>
**Date:** 9/27/2018 4:14 PM
**To:** "Gary B. Eidelman" <Gary.Eidelman@saul.com>
**CC:** Shawn Shearer <shawn@shearerlaw.pro>, tumbach@starneslaw.com, David Zeitlin <david@zeitlinlawfirm.com>, Gillian.Cooper@saul.com

Mr. Eidelman,

I know that I am not a lawyer. I have read that you are considered by your firm, Saul Ewing, to be the "co-chair" of the firm's Employment Division. To the public viewer, that title appears to have some kind of weight behind it. Given my understanding of how other organizations operate, I will assume that your elevated status within your firm means that you have authority in your field and that other, younger lawyers look to you as an example and mentor in many respects.

I have taken time from my own job to educate myself as much as I can about this process because I do not have extra resources to hire a lawyer for this matter at present. One thing that is quite easy for me to understand is that:

1) I have every right to file and try to protect myself from your subpoena(s) since you never responded to my offer to try to find a time for Phil and myself to possibly meet with you at the office of a lawyer I have in Birmingham who assists me on other matters. I have attempted, from August 11th forward, to "meet and confer" with you and avoid unnecessary use of the Court's valuable time. You had a deadline of August 31st in your New York case, and I made every
attempt to help you meet that deadline.

2) You filed a document with the Court in New York saying that you needed "more time" to get testimony from Phil and me. You also told that Court that the reason you needed more time was a direct result of matters involving Joe Plumeri and me. I told you that I have known Joe Plumeri since 1983. I asked you several times to tell me what it is that you want to know from me about Joe – you have never answered me.

3) Even though you got time extended in New York by telling them that you need information from me about Joe, nothing in the subpoena(s) you sent to my house mentions Joe. I have continuously asked you to just be direct. Instead, you sent me a bunch of demands to get information about my current clients. Did you tell the Judge in New York that you wanted my client list for an FMLA/ADA case involving a former contractor I used to work with? Because I don't see that you asked the court for that ability on PACER. Regardless, I have tried to get you to communicate with me, so we can get into a realistic "scope" for this event. All you do is demand things, and you never try to find any common ground. I know I am not a lawyer, but I am a human. And I deserve the same respect I am giving you.

4) Everything I can find to read about this process makes it clear that both parties must "meet and confer" and certify to the appropriate Judge that we did so. Unless we can do that, no protective order can be requested, and no motion to compel can be sought. I have provided Chief Judge Bowdre with the e-mails I sent you upholding

my end of the meet and confer by trying to find some middle ground with you. On the other hand, you went to a different Judge, on September 24th, with no proof that you tried to meet and confer (because you never have) and misled that Judge into thinking you had followed a process you never followed. Then, when you admitted to me on September 26th that you had failed to uphold your end of the required "meet and confer", I thought you were going to stop lying to the Alabama Courts, pull your "motion", and try to work with me. Instead, you did the exact opposite, tried to intimidate me and name drop the new Judge and imply that you and Mr. Umbach have some sort of an "in" with him. You are really just trying to make the Court do your job for you. My understanding is that "meet and confer" is designed to keep clutter away from the Courts. Not so that you can hammer a pro se with your east coast connections.

This is simple, Mr. Eidelman. Please be direct. I am asking you to do what I am doing and be honest with the Court and do the right thing. Remove your motion from the Alabama Court until we meet and confer, and then if we cannot find common ground, maybe then, you can tell the Judge the truth and certify the required paper saying we both met our obligation. You can't leave a motion in front of a Judge that relies on something that is not true. We have never met and conferred because you will not meet and confer. I believe we can find common ground without wasting the Court's time. You aren't trying.

What you are doing is wrong. I am trying to give you a chance to do what you were supposed to do. Please contact me and let me know that you have removed your motion and then we can move this process forward the right way.

Grant Barger

On Tue, Sep 25, 2018 at 7:06 PM Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

> Mr. Barger:
>
> We have no intention of withdrawing our Motion to Compel as to you and Mr. Morgan. We will let Judge Kallon decide our Motion.
>
> **Gary B. Eidelman**
> **SAUL EWING ARNSTEIN & LEHR LLP**
> 500 E. Pratt Street
> Suite 900 | Baltimore, MD 21202-3133
> Tel: 410.332.8975 | Fax: 410.332.8976 | Mobile: 410.303.8832
>
> Gary.Eidelman@saul.com | www.saul.com

*Follow our blog, WISE: Workplace Initiatives and Strategies for Employers,* **here**

**From:** Grant Barger [mailto:barger.grant@gmail.com]
**Sent:** Tuesday, September 25, 2018 2:44 PM
**To:** Eidelman, Gary B.
**Cc:** Shawn Shearer; tumbach@starneslaw.com; david@zeitlinlawfirm.com
**Subject:** Re: Obligation to Meet and Confer - IN RE: Barger v. First Data

Mr. Eidelman,

I will be happy to continue to uphold my end of our mutual obligation to meet and confer as soon as you remove the motion currently filed in Alabama. Case No. 2:18-mc-01569-AKK. Once you formally withdraw that motion and notify me that this has been done through legal proof of service I will provide you with dates on which I may be available for deposition. Please do not misconstrue this email as any form of agreement to provide documents or specify testimony. On September 19th all matters pertaining to the subpoenas you sent to my home were rendered moot by Chief Judge Bowdre in the Northern District of Alabama. As a result of that ruling, I have not formally objected to any matters pertaining to those moot subpoenas. If necessary I will be asking for an extension of time to object to matters surrounding the now moot subpoenas you sent to my house and anticipate that my request will be granted. Please let me know when your motion has been withdrawn in Alabama so that we can begin to do this the right way.

Grant Barger

On Tue, Sep 25, 2018 at 1:04 PM Eidelman, Gary B. <Gary.Eidelman@saul.com> wrote:

> Mr. Barger:
>
> I would be happy to confer with you about dates when you are available to be deposed in Birmingham. If you can provide me with a list of those dates, we can then schedule a call to discuss. Please advise. Thank you.
>
> Gary B. Eidelman
> Sent from my iPhone
>
> On Sep 25, 2018, at 12:52 PM, Grant Barger <barger.grant@gmail.com<mailto:barger.grant@gmail.com>> wrote:

**EXTERNAL EMAIL** - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.

Mr. Eidelman,

I understand that you and I were supposed to "meet and confer" and certify that we did so to the Court. I have attempted to meet this obligation with you more than once. Why do you refuse to meet and confer with me when you know I am representing myself? I am treating you with the respect you deserve and yet you are refusing to extend me the same courtesy. I am asking you once again what you want. I am a very direct person. This subterfuge and amped up drama is all unnecessary.  Why did you tell the Court in New York that you need more time because of Joe and then not ask me anything about Joe? You are aware that there is a case filed in Alabama on this matter. It is unfortunate for all parties involved that you do not respect me or this process. If you want to meet your end of our obligation to meet and confer, contact me today.

Grant Barger

<Civil Cover Sheet.pdf>
<Gmail - Alabama Protective Order.pdf>

"Saul Ewing Arnstein & Lehr LLP (saul.com) " made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~+

Attachments:

| | |
|---|---|
| image001.jpg | 0 bytes |
| image002.jpg | 0 bytes |
| image002.jpg | 0 bytes |