# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

October 12, 2018

**Via ECF**
Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
22 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Steven Barger v. First Data Corporation et al.,* **Civil Case No. 1:17-cv-4869**
              **Request for Protective Order re: Non-Party Julie Kelly Subpoena**

Dear Judge Bloom:

      Under Your Honor's Individual Practice Rule 5.A Plaintiff Barger seeks a protective order under Rule 26(c) with respect to two subpoenas issued to non-party Julie Kelly. First Data has been withholding 30(b)(6) witnesses, while waging a full-scale discovery war against Ms. Kelly in retaliation for raising her own ADA claims against First Data.

      First Data's 26(a) Initial Disclosures listed Ms. Kelly as a potential witness. The contact information in that disclosure indicated that Ms. Kelly could only be contacted through Saul Ewing.[1] See Exhibit A. Plaintiff supervised Ms. Kelly from fall 2014 through November 2016. Ms. Kelly's employment with First Data terminated on November 30, 2017. While reporting to Plaintiff, Ms. Kelly worked under an ADA accommodation allowing her to work from home with remote access due to the after-effects of two difficult pregnancies (including twins). After Plaintiff's departure, Ms. Kelly's ADA accommodation was revoked. When Ms. Kelly's employment terminated, she contacted me to seek an evaluation of her claims against First Data. I contacted First Data's in-house legal department to seek a settlement. MS Kelly's desire for resolution has been met with the ire of First Data and Saul Ewing through abusive discovery practices, all in direct retaliation for her assertion of her own claims against First Data.[2] Plaintiff Barger himself has expressed his personal concern that his case has placed Ms. Kelly in a position of being abused by First Data and its counsel.

**Plaintiff files this motion urgently seeking protection for an innocent being harassed.**

---

[1]    The "contact only" through Saul Ewing disclosure was not changed at any time between November 26, 2016 and September 27, 2018. Ms. Kelly is the only former employee of First Data on the 26(a) disclosure that has been subpoenaed and she is the only one that has filed a charge of discrimination. This is not coincidence. In addition, no documents have been disclosed in response to inquiries about other former employees in response to Plaintiff's RFPs (See Exhibit B).

[2]    On May 3, 2018, I delivered Ms. Kelly's demand letter to First Data raising her ADA and Title VII complaints. ***Seven days later***, on May 10th, Saul Ewing delivered to me as Barger's counsel in this case, Notice of Intent to take the deposition of Ms. Kelly in the *Barger* v. *First Data* case. Ms. Kelly was noticed before a single deposition occurred in this case, and more than a month before Plaintiff even was noticed for deposition. On May 16, 2018, Ms. Kelly filed her charge of discrimination and a courtesy copy of the charge was provided to First Data. ***Seven days later***, on May 23rd, Ms. Kelly was served with Subpoena #1 to provide deposition testimony. On July 18, 2018, Ms. Kelly amended her charge of discrimination to include allegations regarding the retaliation and harassment of her in the *Barger v. First Data* case. ***Five days later***, on July 23rd, Saul Ewing commenced litigation against Ms. Kelly by filing a motion to compel Subpoena #1 in the S.D. Ohio. Every act by Ms. Kelly to raise her allegations of discrimination has been met swiftly and promptly by retaliatory conduct from First Data and Saul Ewing.

Ms. Kelly's first non-party subpoena ("Subpoena #1"), served on May 23, 2018 (Exhibit C), ordered her deposition (no document production) to occur at a law firm in Cincinnati on June 25, 2018. I advised Mr. Eidelman that I am not representing Ms. Kelly in *Barger v. First Data*. Ms. Kelly advised Eidelman that June 25th would not be possible for her because she cares for her three small children, elderly mother-in-law, learning disabled brother, and is searching for work. Saul Ewing assured that First Data would provide childcare while she was being deposed. No alternative date was ever noticed. Ms. Kelly attended the June 25th deposition, with her three small children, believing childcare would be provided as promised by Mr. Eidelman.[3] No one was there to take Ms. Kelly's deposition at the time and place at which this Court commanded her to appear in Subpoena #1. Saul Ewing never canceled the deposition. Plaintiff's counsel did not receive any notice that the June 25th deposition was canceled. There is no evidence Subpoena #1 was ever withdrawn or canceled. Ms. Kelly performed as ordered by this Court. Had Ms. Kelly not performed, and Saul Ewing appeared, she would have been subject to motions to compel and contempt under Rule 45(g). Saul Ewing and First Data no-showed a deposition (Subpoena #1) they had noticed of a non-party.

The evening of June 25th, I advised Mr. Eidelman that Ms. Kelly had appeared as this Court commanded. On June 26th, in Atlanta, on the record, Mr. Eidelman commandeered Plaintiff's deposition to testify that I was a liar. Following Eidelman's prepared, written, outburst, I secured and provided him proof that Kelly had appeared on June 25th as ordered by this Court. On June 27th, after being forced, Mr. Eidelman "confessed" on the record, but took no responsibility, instead using the excuse of having received bad information. During two on the record sessions on June 26th and June 27th, despite all of his scripted posturing, Mr. Eidelman never said the June 25th deposition where Kelly appeared had been canceled. (Exhibit D) If First Data wants to depose Ms. Kelly again they need to ask this Court for another subpoena. Rule 30(a)(2)(A)(ii).

On July 23, 2018, without any attempt to meet and confer with Ms. Kelly, Saul Ewing commenced litigation in the S.D. Ohio by Motion to Compel Ms. Kelly's compliance with Subpoena #1 (1:18-mc-00010). Ms. Kelly, pro se, replied and filed a Motion to Quash/Protective Order. A telephonic conference was held and Ms. Kelly consented, but was not ordered, to give a deposition on August 31, 2018. Following that hearing, Ms. Kelly was served with a second subpoena ("Subpoena #2") (Exhibit E). Defendants did not seek, and your honor did not grant, permission to issue a second subpoena. Subpoena #2 commanded Ms. Kelly's attendance at another deposition, and had an extensive, overly broad, and abusive list of documents to be produced (including requests for communications between Ms. Kelly and my firm), most outside of Rule 26(b)(1) for this case and outside areas for which Ms. Kelly was listed as a potential witness in Rule Defendant's 26(a) disclosure, to gather evidence for use in Ms. Kelly's ADA and Title VII claims being investigated by the Ohio Civil Rights Commission ("OCRC").

The ruse became obvious. Ms. Kelly filed for a protective order against Subpoena #2 immediately prior to her scheduled deposition. Ms. Robin Ording, Kelly's former supervisor who revoked her ADA accommodation, was in attendance. Ms. Ording did not supervise Ms.

---

[3] Defendants' non-party depositions of medical providers in Atlanta and Kelly in Cincinnati were both set for June 25th. Being solo, I chose to attend the medical depositions knowing Ms. Kelly has nothing of relevance to provide. Ms. Lindsey Kennedy of Saul Ewing appeared to take the medical depositions and I assumed, wrongly, that another Saul Ewing attorney was in Cincinnati. When I spoke with Ms. Kelly after the medical depositions were completed, I learned that Saul Ewing had no-showed in Cincinnati.

------------------------------------------------------------
**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204

Kelly at any time relevant to the *Barger* case. Ms. Ording became Ms. Kelly's supervisor <u>after</u> Mr. Barger departed and has no information regarding Ms. Kelly's job performance prior. The only reason for Ms. Ording to have "prepared," as represented by Saul Ewing, to attend Ms. Kelly's deposition, would be with respect to seeking information about Ms. Kelly's claims due to Ording's on-the-job harassment of Kelly, and in anticipation of Ording being named a witness and defendant in Kelly's upcoming ADA and Title VII case against First Data.

The S.D. Ohio magistrate judge ordered Ms. Kelly to appear for deposition and to bring documents on October 15, 2018. The magistrate ordered Ms. Kelly to comply with Subpoena #2 and is allowing for discovery outside of the 26(b)(1) areas involved in the *Barger v. First Data* case. There are two problems: (i) the motion to compel granted sought to compel Subpoena #1, not Subpoena #2, and there is no motion to compel Subpoena #2; and (ii) Ms. Kelly performed Subpoena #1, and Subpoena #2 was not properly issued because this Court has not authorized a second subpoena pursuant to Rule 30(a)(2)(A)(ii), so it cannot be compelled.

Subpoena #1 COMMANDED Ms. Kelly, a resident of Ohio, to appear for a deposition in Cincinnati at a designated time and place. Subpoena #1 was this Court's order and issued with this Court's authority. The order/command of Subpoena #1 was not rescinded, canceled or revoked in any manner. No meet and confer occurred. With an outstanding order from this Court, Ms. Kelly appeared. Defendants failed to appear. Subpoena #1 was not a party invitation from this Court requesting her RSVP. Ms. Kelly did as this Court COMMANDED in Subpoena #1 and satisfied her 1-day obligation subject to the potential penalties of Rule 45(g) for failing to do so. Subpoena #2 was issued without this Court's authority and cannot be enforced. The document production in Subpoena #2 was added and the scope of topics went well beyond the description of Ms. Kelly's knowledge in the Rule 26(a) disclosures[4]. *Barger v. First Data* is being used by First Data to pre-litigate Ms. Kelly's ADA claims while they are still before the OCRC. Ms. Kelly has no information that is not already in the possession of First Data.

Plaintiff requests that the Court determine that Ms. Kelly performed this Court's order, Subpoena #1, by her appearance on June 25th as commanded, and stay her deposition scheduled for October 15, 2018, pending a motion under Rule 30(a)(2)(A)(ii) before a second or third subpoena is issued. Plaintiff requests sanctions for (i) Defendants failure to appear on June 25th in Cincinnati and (ii) the Defendants issuance of Subpoena #2 without obtaining this Court's authorization. Plaintiff also requests, to the extent that any deposition or document production be required of Ms. Kelly, pursuant to Rule 26(c), the areas of inquiry should be limited strictly to the time period during which Plaintiff was employed by First Data. Any information regarding Ms. Kelly's supervision by Ms. Ording after Plaintiff's departure should be off limits as a fishing expedition for use in Ms. Kelly's case pending before the OCRC while she is waiting a right-to-sue letter. Plaintiff respectfully requests that his claims against First Data remain under the strict control of Your Honor and Judge Block where this case is set, and that this case not become a conduit for abuse and bullying of other First Data employees who deserve a level playing field in their own cases in other jurisdictions.

Very truly yours,
/s/ Shawn Shearer
*Counsel for Plaintiff*

---

[4] E.g. the first request for documents from Kelly is all communications from the day before Plaintiff's surgery 9/4 to present. That has little to do with the time that Plaintiff was supervising Kelly 11/14 to surgery. Instead, it is seeking information about when Ms. Ording supervised Ms. Kelly (i.e. her discrimination claim). (<u>Exhibit</u> E)

---------------------------------------------------------------
**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204