# Letter Motion – Protective Order
# October 12, 2018

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER,<br><br>          Plaintiff,<br><br>v.<br><br>FIRST DATA CORPORATION, *et. al*,<br><br>          Defendants. | Civil Case No.: 1:17-cv-04869-FB-LB<br><br>**DEFENDANTS INITIAL DISLCOSURES<br>PURSUANT TO FED. R. CIV. P. 26(a)** |

Defendants First Data Corporation ("First Data"), Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, Lori Graesser, and Rhonda Johnson (collectively "Defendants"), by and through their undersigned counsel, hereby provide their initial disclosures as required by Fed. R. Civ. P. 26(a)(1). In making their initial disclosures, Defendants do not waive any protection provided by the attorney work product doctrine, attorney-client privilege, or any other applicable privilege, doctrine, or immunity. Moreover, Defendants reserve the right to supplement these initial disclosures as additional discovery, investigation and analysis may warrant or require.

      1.      **Rule 26(a)(1)(A)(i): The name and, if known, the address, and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

| Name | Address/Telephone Number | Subject of Information |
|---|---|---|
| Plaintiff Steven B. Barger | Stephen M. Zeitlin, Esq.<br>David A. Zeitlin, Esq.<br>Zeitlin & Zeitlin, P.C.<br>50 Court Street, Suite 506<br>Brooklyn, New York 11201<br>T: (718) 522-5644<br>david@zeitlinlawfirm.com<br>*Attorneys for Plaintiff* | Plaintiff, a former employee of First Data, has knowledge regarding his employment with First Data, the allegations of his Complaint, his alleged damages, and efforts at mitigation. |

|  | Shawn E. Shearer<br>The Law Office of Shawn Shearer, P.C.<br>3839 McKinney Avenue, Suite 155-254<br>Dallas, Texas 75204<br>T: (214) 434-1594<br>shawn@shearerlaw.pro |  |
|---|---|---|
| Shawn E. Shearer, Esq. | The Law Office of Shawn Shearer, P.C.<br>3839 McKinney Avenue, Suite 155-254<br>Dallas, Texas 75204<br>T: (214) 434-1594<br>shawn@shearerlaw.pro | Mr. Shearer has knowledge and information regarding his severance negotiations with Defendant Graesser, as alleged in ¶¶ 169-174 of the Complaint. |
| Defendant Frank Bisignano | This witness may only be contacted through the undersigned counsel. | Defendant Bisignano, the CEO of First Data, has knowledge regarding the decision to implement a reduction in force which began in late 2016 and the inclusion of Plaintiff in the reduction in force. He may also have some information regarding Plaintiff's employment with First Data. |
| Defendant Dan Charron | This witness may only be contacted through the undersigned counsel. | Defendant Charron, an EVP of First Data and Plaintiff's ultimate supervisor, has knowledge regarding the reduction in force which began in late 2016 and his decision after consultation with members of management to include Plaintiff in the reduction in force. He is likely to also have knowledge regarding certain of First Data's policies, practices, and procedures, Plaintiff's employment with First Data and the allegations set forth in the Complaint. |
| Defendant Anthony Marino | This witness may only be contacted through the undersigned counsel. | Defendant Marino, an EVP of First Data, has knowledge regarding the reduction in |

-2-

|  |  |  |
|---|---|---|
|  |  | force which began in late 2016 and the decision to include Plaintiff in the reduction in force. He also has knowledge of his interactions with Plaintiff as alleged in the Complaint and Plaintiff's leave of absence. He is likely to also have knowledge regarding certain of First Data's personnel policies, practices, and procedures and Plaintiff's employment with First Data. |
| Defendant Karen Whalen | This witness may only be contacted through the undersigned counsel. | Defendant Whalen, an SVP of First Data, has knowledge regarding the reduction in force which began in late 2016 and the decision to include Plaintiff in the reduction in force. She also has knowledge regarding certain of First Data's personnel policies, practices, and procedures and Plaintiff's employment with First Data. |
| Defendant Lori Graesser | This witness may only be contacted through the undersigned counsel. | Defendant Graesser, an Associate General Counsel of First Data, has non-privileged information regarding her severance negotiations with Plaintiff's counsel Shawn Shearer as alleged in the Complaint. She also has non-privileged information regarding First Data's personnel policies, practices, and procedures. She may also have knowledge of other information regarding the allegations in the Complaint, but this information is subject to the attorney client and/or work product privileges given her role as in house counsel at First Data. |

-3-

| | | |
|---|---|---|
| Defendant Rhonda Johnson | This witness may only be contacted through the undersigned counsel. | Defendant Johnson, a VP of First Data, has knowledge regarding Plaintiff's performance as a manager and her counseling of him with respect to various personnel issues, his leave of absence, First Data's personnel policies, practices, and procedures, the terms and conditions of Plaintiff's employment and termination, the reduction in force, and the allegations set forth in the Complaint regarding her interactions with Plaintiff. |
| Jeffrey Hack | This witness may only be contacted through the undersigned counsel. | Mr. Hack is a former First Data EVP and Plaintiff's immediate supervisor who was also laid off due the reduction in force at or around the same time that Plaintiff was notified of his inclusion in the reduction in force. He has knowledge regarding the reduction in force which began in late 2016 and the decision to include Plaintiff in the reduction in force. He also has knowledge of Plaintiff's performance as a First Data employee. |
| Justin Stamey | This witness may only be contacted through the undersigned counsel. | Mr. Stamey, an employee of First Data who worked with Plaintiff in the Training Department, has knowledge of Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| Theresa Ward | This witness may only be contacted through the undersigned counsel. | Ms. Ward, a former employee of First Data who worked with Plaintiff in the Training Department, has knowledge of |

-4-

| | | |
|---|---|---|
| | | Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| Julie Kelly | This witness may only be contacted through the undersigned counsel. | Ms. Kelly, an employee of First Data who worked with Plaintiff in the Training Department, has knowledge of Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| Katie Delaney Broderick | This witness may only be contacted through the undersigned counsel. | Ms. Delaney Broderick, a former employee of First Data, has knowledge of Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| Gita Patel | This witness may only be contacted through the undersigned counsel. | Ms. Patel, an employee of First Data and Plaintiff's former executive assistant, has knowledge of Plaintiff's performance as Manager of the Training Department and may have knowledge regarding the allegations set forth in the Complaint. |
| James Britt | This witness may only be contacted through the undersigned counsel. | Mr. Britt, an employee of First Data, worked with Plaintiff as his HR Partner prior to Defendant Johnson assuming this role. Mr. Britt is likely to have knowledge regarding certain of First Data's personnel policies, practices, and procedures and Plaintiff's employment with First Data. |
| Robin Ording | This witness may only be contacted through the | Ms. Ording, a First Data VP, has knowledge regarding the |

-5-

|  | undersigned counsel. | Training Group and may have knowledge regarding the allegations set forth in the Complaint. |
|---|---|---|
| Kathy Benhardt | This witness may only be contacted through the undersigned counsel. | Ms. Benhardt, a First Data VP, has knowledge regarding First Data's personnel policies, practices, and procedures and information regarding the reduction in force. |
| Joseph Plumeri | This witness may only be contacted through the undersigned counsel. | Mr. Plumeri, the Vice Chairman of First Data, has knowledge regarding Plaintiff's employment with First Data and his interactions with Plaintiff. |
| Dr. Louis Harrison |  | As alleged in ¶¶ 96-101 of the Complaint, Dr. Harrison was one of Plaintiff's doctors. |
| Dr. Tapan Padhya |  | As alleged in ¶¶ 112-115 of the Complaint, Dr. Padhya was one of Plaintiff's doctors. |
| All persons identified in Plaintiff's Rule 26(a) disclosures, supplemental disclosures, discovery responses, and document production. |  |  |
| All persons identified by Defendants in their discovery responses and document production. |  |  |

Defendants reserve the right to amend these disclosures during the course of discovery and incorporates herein by reference those individuals identified by Plaintiff in his Rule 26(a) Initial Disclosures.

**2.     Rule 26(a)(1)(A)(ii): A copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

-6-

The following are non-privileged documents or categories of documents, (including ESI), in Defendants' possession, custody, or control that may be used to support their claims or defenses. Pursuant to Rule 26(a)(1)(B), the list may not include the relevant documents believed to be in Plaintiff's possession or the possession of third parties:

1. Documents regarding the reduction in force which began to be implemented in late 2016.

2. Plaintiff's personnel file.

3. Documents describing Plaintiff's compensation and benefits.

4. Documents describing Plaintiff's duties and responsibilities during his employment with First Data.

5. First Data's employment policies relating to FMLA, paid time off, disability insurance benefits, equal employment opportunity, anti-discrimination, and reasonable accommodations.

6. Plaintiff's medical information submitted to First Data.

7. Communications and documents exchanged between Plaintiff and Defendants related to the allegations in Plaintiff's Complaint.

8. Documents and communications related to Plaintiff's performance and leadership of the Training Group.

9. Documents, including communications with Plaintiff, regarding his severance package.

10. Documents related to the CEO Action for Diversity & Inclusion.

11. Documents identified in disclosures of other parties or non-parties as provided in discovery, as well as any documents identified or produced in discovery by other parties.

12. Defendants reserve the right to amend these disclosures during the course of discovery.

**3. Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Not applicable at this time, subject to and without waiving Defendants' right to recover (i) their attorneys' fees and costs incurred in defending this meritless case and (ii) any rights to indemnification or contribution from any other party or non-party.

**4. Rule 26(a)(1)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Gary B. Eidelman*
Gary B. Eidelman *(admitted pro hac vice)*
500 E Pratt Street
Baltimore, Maryland 21202
T: (410) 332-8975
F: (410) 332-8976
Gary.Eidelman@saul.com

Gillian A. Cooper
650 College Road East, Suite 4000
Princeton, New Jersey 08540
T: (609) 452-5021
F: (609) 452-6103
Gillian.Cooper@saul.com

*Attorneys for Defendants*

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a) was served on the following counsel via electronic mail:

Stephen M. Zeitlin, Esq.
David A. Zeitlin, Esq.
Zeitlin & Zeitlin, P.C.
50 Court Street, Suite 506
Brooklyn, New York 11201
T: (718) 522-5644
david@zeitlinlawfirm.com
*Attorneys for Plaintiff*

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue, Suite 155-254
Dallas, Texas 75204
T: (214) 434-1594
shawn@shearerlaw.pro
*Attorneys for Plaintiff*

*/s/ Gary B. Eidelman*
Gary B. Eidelman

Dated: November 26, 2017