Letter Motion – Protective Order

October 12, 2018

**EXHIBIT D**

## DECLARATION OF SHAWN E. SHEARER

I, Shawn E. Shearer, hereby declare and certify as follows:

1.       My name is Shawn Shearer. I am above the age of majority and am competent to provide this written sworn testimony under oath.

2.       This Declaration is based upon my personal knowledge.

3.       I am lead counsel for Plaintiff Barger in *Barger v. First Data Corporation, et al.* Civil Case No.: 1-17-cv-04869-FB-LB pending in the United States District Court for the Eastern District of New York ("*Barger v. First Data*").

4.       Saul Ewing Arnstein Lehr, LLP ("Saul Ewing") is counsel for the Defendants in *Barger v. First Data*. Mr. Gary Eidelman is Saul Ewing's lead partner in the *Barger v. First Data* case.

5.       On May 10, 2018, I was served a "Notice of Intention to Take Oral Deposition by Subpoena of Julie Kelly" ("Notice of Intention") in the *Barger v. First Data* case. This Notice of Intention provided:

> **PLEASE TAKE NOTICE** that on June 25, 2018 at 10:00 a.m., pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, counsel for the Defendant First Data Corporation will take the deposition, under oath, of Julie Kelly. The deposition will be taken at the offices of Cook & Logothetis, LLC, 30 Garfield Place – Suite 540, Cincinnati, Ohio 45202, before a court reporter or other officer authorized by law to administer oaths.

A copy of the Subpoena to Julie Kelly was included with the Notice of Intention.

6.       At no time between service of the Notice of Intention on May 10, 2018 and the date scheduled for June 25, 2018 did Saul Ewing advise me that the deposition of Ms. Kelly scheduled for June 25, 2018 was canceled, postponed or otherwise not to occur on June 25, 2018 as set forth in the Notice of Intention.

7.        On June 25, 2018, after completing depositions in the *Barger v. First Data* case in Atlanta, GA, I was advised by Ms. Kelly that she had appeared at the time and place set forth in her Subpoena and no representative of First Data was at the Cincinnati location at the designated time on June 25, 2018 to take her deposition.

8.        The evening of June 25, 2018, I delivered a letter by e-mail to First Data's lead counsel, Mr. Eidelman, and advised him that Ms. Kelly had appeared and that I had not received any notice of Ms. Kelly's deposition being canceled. A copy of that letter from me to Mr. Eidelman is attached as Exhibit A hereto.

9.        The following day, June 26, 2018, I was taking a deposition of a First Data witness in the *Barger v. First Data* case and Saul Ewing, Mr. Eidelman, was defending that deposition.  In the deposition, Mr. Eidelman went on the record and questioned the veracity of my claim that Ms. Kelly had appeared at the designated time and location as described in my June 25th letter. See Exhibit B containing the portions of the deposition exchange on June 26, 2018 regarding this issue. Upon receiving Mr. Eidelman's on the record challenge of the veracity of the information I had provided to him by letter, I indicated I would confirm with Ms. Kelly that she did, in fact, appear at the designated time and place as provided in the Notice of Intention and accompanying Subpoena.

10.        I spoke with Ms. Kelly on June 26, 2018 and she confirmed that she had appeared at the designated time and place contained in the Notice of Intention. Ms. Kelly provided me the name of the law firm associate that greeted her upon her arrival at the law firm where the deposition would occur.

11.        By e-mail I advised Mr. Eidelman of the associate's name that greeted Ms. Kelly.

12.     On June 27, 2018, Mr. Eidelman and I went back on the record in another deposition being taken in the *Barger v. First Data* case. On June 27, 2018, Mr. Eidelman admitted on the record that Ms. Kelly did, in fact, appear at the designated time and at designated place for her deposition on June 25, 2018. See Exhibit C.

I declare under 28 U.S.C. §1746 and penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 26, 2018

_____

Shawn Shearer

# DECLARATION OF SHAWN SHEARER
## JULY 26, 2018

# EXHIBIT A

# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

June 25, 2018

**Via E-Mail**

Gary B. Eidelman
Saul Ewing Arnstein & Lehr
500 E. Pratt Street, Suite 900
Baltimore Maryland 21202

   **Re:**   *Steven Barger v. First Data Corporation et al.*
      **Civil Case No. 1:17-cv-4869**
      **Re: Deposition Obstruction (Continuing) & Rule 26(a) Amendment**

Dear Gary:[1]

Two events occurred today that demonstrate your ongoing obstruction of the discovery process in this case, and your abuse of the deposition process.

1.  Julie Kelly – Defendants list Ms. Julie Kelly as a witness in its Rule 326(a). On April 27, 2018, former First Data employee Ms. Kelly raised her own ADA and Title VII violations by First Data by letter to Ms. Jill Poole, in-house counsel at First Data. A subsequent demand was made by Ms. Kelly on May 3, 2018, and Ms. Kelly filed a Charge of Discrimination with the EEOC and Ohio Civil Rights Commission (Kelly v. First Data).

   On May 10, 2018, in direct retaliation for Kelly's raising of those issues, on behalf of First Data, you threatened Ms. Kelly, (your own listed witness) with a subpoena, to command her to give her deposition in the Barger v. First Data case. Until that time, Ms. Kelly reports that she had heard nothing from any legal representative of First Data with regards to Mr. Barger, or his case against First Data, since she received an email on August 4, 2017 as part of a group emailing, demanding a legal hold on all communications related to Mr. Barger. When Ms. Kelly then filed her Charge of Discrimination with the EEOC and Ohio Civil Rights Commission (Kelly v. First Data), you delivered Ms. Kelly a subpoena to be deposed in Barger v. First Data. As you know, Ms. Kelly after being constructively discharged, is home caring for her children, disabled brother and elderly live-in mother-in-law while seeking employment. According to the Notice of Deposition you provided me for Ms. Kelly's deposition in Barger v. First Data, you specified that the deposition was to

---

[1] Earlier this evening I sent you an e-mail regarding these same topics. Rather than relying on that e-mail as our record of these issues, I am formalizing that communication by this letter, correcting formatting error in the e-mail due to my mobile device formatting, and correcting some inaccurate dates – particularly the dates for the schedule of depositions this week that appeared in that e-mail. My e-mail of June 25, 2018 to you discussing these same topics sent to you around 7:52 pm CT should be disregarded, and this letter controls as Plaintiff's official communication on the topics covered herein.

occur today, June 25, 2018 in Cincinnati. Ms. Kelly reported to me that you assured her that First Data would provide any necessary childcare for Ms. Kelly during her deposition.

I have been advised that Ms. Kelly appeared today, June 25, 2018, at Defendant's designated time and at Defendant's designated location to be deposed in the Barger v. First Data case per the subpoena Kelly received. There was no child care available, and neither you nor any Saul Ewing representative was present. The deposition did not take place. Ms. Kelly reportedly had notified you that the June 25 date would not work for her, but you never notified her that the deposition had been canceled. Like any one who respects the court, Ms. Kelly, children in tow, was at the noticed location, on time, this morning only to find no trace of you or anyone else related to Barger v. First Data present. This is inexcusable.

As Plaintiff Barger's counsel, I never received any official notice that Ms. Kelly's deposition had been canceled. Attendance by Mr. Barger's counsel was not required. Nonetheless, as Barger's lead counsel, I would have expected to have been notified if the third-party subpoena you issued to Ms. Kelly on behalf of First Data in Barger's case was no longer in effect. I was not. I do not represent Ms. Kelly in the Barger case. I had no plans to attend the Kelly deposition of June 25, 2018, so I was not adversely affected. That said, Plaintiff, himself, feels that your use of the threat of deposition to intimidate former First Data employees is a clear misuse of his case, and is contemplating any options he may have available to him to stop further
abuse.

At this point in Plaintiff's case, more depositions have been no showed/rescheduled (10) by First Data (including a deposition that First Data noticed) than have been taken (6) by both parties to date, over the five months of discovery.

First Data's pattern of no showing for depositions has become demonstrably obstructionist towards the discovery process and will be noted to Magistrate Bloom in all future discovery disputes as such disputes arise.

2. 



Gary Eidelman
June 25, 2018                                                                                                    Page 4



     As we have scheduled, this week, I will see you tomorrow and Wednesday (June 26 and 27) for the depositions of Mr. Cagwin (30(b)(6) accounting designee), Mr. Charron (Defendant), and Ms. Johnson (Defendant) in Atlanta, and then in Manhattan for the deposition of Mr. Bisignano (Defendant) on Friday (June 29).

Very truly yours,

Shawn E. Shearer

cc:    Gillian Cooper (via e-mail)
       Lindsey Kennedy (via e-mail)
       David Zeitlin (via e-mail)

# DECLARATION OF SHAWN SHEARER
# JULY 26, 2018

# EXHIBIT B

```
 1   IN THE UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   CASE NO. 1:17-cv-4869

 3   _____

 4   STEVEN B. BARGER, an individual,

 5            Plaintiff,

 6   vs.

 7   FIRST DATA CORPORATION, et al.,

 8            Defendant.

 9   _____

10                    DEPOSITION OF

11                    DANIEL CHARRON

12

13                  June 26, 2018

14                    1:00 p.m.

15

16               One Glenlake Parkway
                  Atlanta, Georgia
17

18

19

20          Shari L. Snow, CCR #B-2258

21

22

23

24   Job No. 28260

25
```

Case 1:17-cv-04869-FB-LB   Document 76-4   Filed 10/12/18   Page 12 of 20 PageID #: 1870

```
 1    APPEARANCES OF COUNSEL

 2   On behalf of the Plaintiff:

 3        SHAWN SHEARER
          Attorney at Law
 4        3839 McKinney Avenue
          Dallas, Texas  75204
 5        972-803-4499
          Shawn@ShearerLaw.pro

 6

 7   On behalf of the Defendants:

 8        GARY B. EIDELMAN
          Attorney at Law
 9        Saul Ewing Arnstein & Lehr
          Lockwood Place
10        500 East Pratt Street
          Baltimore, Maryland  21202
11        410-332-8975
          Gary.Eidelman@Saul.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1            DEPOSITION OF DANIEL CHARRON

2                    June 26, 2018

3                DANIEL CHARRON,

4    being first duly sworn, was examined and

5    testified as follows:

6              MR. EIDELMAN:  Just a couple of

7    preliminary matters before we begin, and I

8    probably should have done this at Mr. Cagwin's

9    deposition, but I'm not too worried about it.

10   Like we've done with the other depositions in

11   this case, particularly of the defendants as

12   well, I'm requesting that we mark the entire

13   deposition as confidential pursuant to the

14   protective order that Judge Bloom entered into in

15   this case.  Is that okay, Shawn?

16              MR. SHEARER:  That's fine.

17              MR. EIDELMAN:  Okay.  And, Shawn, while

18   we're on the record, I want to raise something

19   with you, and just ask you to help me understand

20   this.  So last night you sent me a letter, which

21   I responded to this morning, in which you wrote,

22   and I quote:  I've been advised that Miss Kelly

23   appeared today, June 25th, 2018, at defendant's

24   designated time and at defendant's designated

25   location to be deposed in the Barger versus

1   First Data case, per the subpoena Kelly received

2   end quote.  And then there's some other

3   information here.

4        That deposition was scheduled, was noted for

5   a location in Cincinnati.  Miss Kelley responded

6   to us by letter that she wasn't available, and I

7   put this in my letter to you.

8            I've checked with the lawyer and the

9   law firm where that deposition was scheduled, and

10  they told me that nobody showed up for a

11  deposition at that office yesterday.  So can you

12  explain to me what the basis for the statement

13  is?

14            MR. SHEARER:  Miss Kelley advised me

15  that she went to that office at the designated

16  time.

17            MR. EIDELMAN:  Okay.  Well --

18            MR. SHEARER:  And nobody was there.

19            MR. EIDELMAN:  Okay.  Well, I'm

20  gonna -- nobody was in the office?

21            MR. SHEARER:  Nobody was there for a

22  deposition.

23            MR. EIDELMAN:  Okay.  Well, all I'm

24  telling you is that I checked with the lawyer

25  whose office was there and they said nobody

1     appeared for a deposition, so you might just want

2     to know that.

3                 MR. SHEARER:  I will confirm with her.

4                 MR. EIDELMAN:  Okay.

5                 MR. SHEARER:  Thank you.

6                 MR. EIDELMAN:  Your witness.

7                      EXAMINATION

8     BY MR. SHEARER:

9          Q     Mr. Charron, good afternoon.

10         A     Afternoon.

11         Q     Can you please state your name for the

12    record.

13         A     Daniel Joseph Charron.

14         Q     Like I said, I'm Shawn Shearer.  I represent

15    Steve Barger in this litigation against First Data.

16    The claims that have been brought against First Data

17    and yourself as an individual defendant are violations

18    of the Family Medical Leave Act and the Americans with

19    Disabilities Act.

20            Do you understand that those are the claims

21    that have been made?

22         A     I understand.

23         Q     Have you ever been deposed before?

24         A     I have.

25         Q     How many times?

# DECLARATION OF SHAWN SHEARER
## JULY 26, 2018

## EXHIBIT C

1   IN THE UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   CASE NO. 1:17-cv-4869

3   _____

4   STEVEN B. BARGER, an individual,

5           Plaintiff,

6   vs.

7   FIRST DATA CORPORATION, et al.,

8           Defendant.

9   _____

10              VIDEOTAPED DEPOSITION OF

11                 RHONDA JOHNSON

12

13                 June 27, 2018

14                  9:00 a.m.

15

16             One Glenlake Parkway
                Atlanta, Georgia
17

18

19

20        Shari L. Snow, CCR #B-2258

21

22

23

24   Job No. 28261

25

```
 1    APPEARANCES OF COUNSEL

 2   On behalf of the Plaintiff:

 3        SHAWN SHEARER
          Attorney at Law
 4        3839 McKinney Avenue
          Dallas, Texas  75204
 5        972-803-4499
          Shawn@ShearerLaw.pro

 6


 7   On behalf of the Defendants:

 8        GARY B. EIDELMAN
          Attorney at Law
 9        Saul Ewing Arnstein & Lehr
          Lockwood Place
10        500 East Pratt Street
          Baltimore, Maryland  21202
11        410-332-8975
          Gary.Eidelman@Saul.com

12


13   Also Present:

14        Jill Poole, In-house Counsel, First Data
          John Parkman, Videographer
15

16

17

18

19

20

21

22

23

24

25
```

1   were performing, what he -- whom he'd like to promote,

2   comp actions he'd like to take.  You know, he'd say,

3   Hey, what's the process?  What do I need to do to get

4   this done?, and those types of conversations.

5           That's how I knew.  He'd been very clear

6   before he went out, his thoughts before he went out.

7       Q    So you hadn't discussed these promotions

8   compensation with Mr. Barger during October of 2016?

9       A    I don't recall.

10              MR. SHEARER:  I think that's it, so we

11      can take a break for lunch.

12              MR. EIDELMAN:  Sure.  How long do you

13      want?

14              THE VIDEOGRAPHER:  Going off the record

15      at 11:56.

16              (Whereupon, a lunch break was taken

17          from 11:56 p.m. to 12:35 p.m.)

18              THE VIDEOGRAPHER:  We're back on the

19      record at 12:35.

20              MR. SHEARER:  Before I ask any more

21      questions, I just wanted to go on the record and

22      address the concern that you raised yesterday in

23      the deposition, right before the deposition of

24      Mr. Charron.

25              MR. EIDELMAN:  Right.

1          MR. SHEARER:  I sent you an e-mail this

2    morning.  I've talked with Miss Kelley, and the

3    information in response was included in that

4    e-mail this morning.

5                MR. EIDELMAN:  It was.  The information

6    that I had from my communications with the

7    managing partner of that firm, who was not in the

8    office on Monday, was that he was not aware and

9    spoken to, at least somebody in his office, that

10   nobody had appeared for a deposition.  I checked

11   with him this morning, after your inquiry, and he

12   again confirmed to me that he was not in the

13   office on Monday.

14        He did check with his associate, and he did

15   say that Miss Kelly -- or, he thinks it was

16   Miss Kelly.  A woman and three children showed up

17   on Monday, and then they left.  So for that --

18   the information that I had at the time, Shawn,

19   when I gave it to you was accurate.  You've

20   now -- we've now confirmed it.

21        I still disagree that she should have shown

22   up at all, but with regard to what I had

23   suggested to you yesterday, I do not challenge

24   what Miss Kelly told you in terms of showing up.

25          MR. SHEARER:  Okay.