

Gary B. Eidelman

Phone: (410) 332-8975

Fax: (410) 332-8976

Gary.Eidelman@saul.com

www.saul.com

October 29, 2018

<u>**Via ECF and Federal Express**</u>

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    ***Steven B. Barger v. First Data Corporation et al.***
              **Civil Case No. 1:17-cv-4869**

Dear Judge Bloom:

      Pursuant to Rule 8.3(a) of the New York Rules of Professional Conduct, Defendants are required to bring a serious matter to the Court's attention and respectfully request a status conference.[1] In a series of recent emails to the United States District Court for the Southern District of Ohio and to Defendants' counsel, Plaintiff's counsel Shawn E. Shearer has falsely accused Defendants' counsel of misconduct, conspiracy to commit a crime or fraud, and illegal surveillance in violation of federal law. As a result of his actions, Mr. Shearer should be required to show cause why his privilege to appear in the United States District Court for the Eastern District of New York *pro hac vice* in this matter should not be revoked.

      **1.**     **Background**

      On October 15, 2018, Defendants deposed third-party witness Julie Kelly in Cincinnati, Ohio. The deposition was ordered to take place in the federal courthouse after the United States District Court for the Southern District of Ohio granted Defendants' motion to compel. Defendants previously reported on the status of the deposition. *See* ECF No. 77.

      Ms. Kelly's deposition was conducted by Gillian A. Cooper of this Firm. Accompanying her at the deposition was Matthew R. Byrne, Esq. of Jackson Lewis P.C., local counsel for Defendants in the Ohio matter. Before the deposition began, Ms. Cooper advised Mr. Shearer

---

[1] Rule 8.3(a) provides: "A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation."

500 E. Pratt Street ♦ Suite 900 ♦ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 2

that First Data in-house counsel Lori Graesser and Jill Poole, would be attending the deposition by conference call. At the beginning of the deposition, Ms. Cooper used the speaker phone in the conference room to connect Ms. Graesser and Ms. Poole. After the witness was sworn, Ms. Cooper stated the following on the record:

> Q.      Good afternoon, Ms. Kelly. My name is Gillian Cooper.
> I'm an attorney at Saul Ewing Arnstein & Lehr. We represent First
> Data corporation in this matter. We also represent the individual
> defendants who are Frank Bisignano, Dan Charron, Anthony
> Marino, Karen Whalen, and Rhonda Johnson. We are here today
> for your deposition, so I just want to go over a couple of
> procedural things and some ground rules. So in the room with us
> today, we have Robin Ording, who is the corporate representative
> for First Data, so she's here in that capacity. We also have with us
> Matthew Byrne from Jackson Lewis, he is local counsel here in
> Ohio. **On the phone, we have Lori grazer [sic] and Jill pool [sic],
> who are in-house counsel at First Data.** And Mr. Shearer is the
> plaintiff, Steve Barger's attorney.

*See* October 15, 2018 Rough Transcript of J. Kelly Deposition, attached as **Exhibit A** at pp. 1-2 (emphasis added). Mr. Shearer was present during this introduction and at all times when testimony was recorded by the Court Reporter and he did not object to First Data's in-house counsel's attendance by telephone. *See id.*

The next day, Mr. Shearer sent the following email to counsel:

**[THIS SPACE INTENTIONALLY BLANK]**

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 3

> Mr. Eidelman,  Ms. Cooper and Mr. Byrne:
>
> I am writing to give you a head start regarding information I will be requiring from you pursuant to various sanctions motions pending against First Data Counsel in Barger v. First Data. If you cannot or will not provide it, I will find alternate legal means to obtain the information timely.
>
> When Plaintiff's counsel arrived, Defense counsel had an active phone line engaged in the deposition room with unknown callers on the other end of the phone line. This phone line was engaged for the duration of the Ohio deposition on October 15, 2018. (Second Kelly Deposition) Please collect and provide to Plaintiff Barger the following before October 22, 2018:
>
> The full legal names of every party who was on the phone call (Second Kelly Deposition Conference Call) any time during the deposition that occurred in Barger v. First Data at 12 pm on October 15, 2018
>
> The physical locations of all parties who were on the above referenced call (eg city and state) ay any point during the above referenced call on October 15, 2018
>
> The phone records from the court house establishing how the call was made (eg incoming/outgoing) and the duration of the above referenced call on October 15, 2018
>
> The phone records indicating how the conference call was established (eg which number called first, how other parties dialed in) and each individual party's respective duration of time spent on the above referenced call on October 15, 2018
>
> A copy of the recording of the above referenced phone call on October 15, 2018 that First Data generates and maintains for its records and full distribution list of all parties who received the October 15, 2018 recording
>
> As I told Mr. Eidelman in October prior to his filing for an extension of discovery, Ms. Graesser appears determined to work her way back onto the list of named defendants in the Barger case. Furthermore, this letter will serve as a formal legal hold notice for all parties involved - including Mr. Byrne - that all recordings and documents surrounding the events of the October 15, 2018 deposition in the Barger case (Second Kelly Deposition) must be maintained, as you are all on notice that litigation from Ms. Kelly will be forthcoming.
> You are aware that given Eidelman, Cooper and Saul Ewing's representations that they were at one time Ms. Kelly's lawyers in the Barger case, privilege will not be available among counsel as it may have been had Saul Ewing not subsequently gone adverse to Ms. Kelly in Ohio.
>
> Please work with me to make this as easy as possible, as I assure you, I will obtain the relevant information and Plaintiff will not require any extensions of time to complete this inquiry.

*See* October 16, 2018 email from Shawn Shearer to Gary Eidelman, Gillian Cooper, and Matthew Byrne, with copy to Timothy Callahan (General Counsel of Saul Ewing Arnstein & Lehr LLP), attached as **Exhibit B** (emphasis added). As reflected in the transcript (*see* **Exhibit A**), the callers were not "unknown," but were introduced on the record. Given Mr. Shearer's prior belligerent and abusive conduct towards counsel in the case, Defendants chose not respond to his latest threats and demands.

On October 23, 2018, Mr. Shearer sent the following email to the Clerk's office of the United States District Court for the Southern District of Ohio:

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 4

---

I am counsel for the Plaintiff Steve Barger in the above referenced case pending in EDNY with a miscellaneous case filed in S.D. Ohio to compel a non-party subpoena.

On October 15, 2018, a deposition of a non-party witness, Julie Kelly, occurred as ordered by Judge Bowman in Room 203 of the Potter Stewart Courthouse. When I arrived at Room 203 at approximately 12 p.m., counsel for the defendant, First Data Corporation, had already used the conference phone on the table in Room 203 to conference-in several people to listen to the deposition. This conference phone line remained open and active the entire deposition, including breaks, allowing whoever was on the other end of the call to listen to conversations within the room while the deposition was off-the-record and First Data's counsel had left room 203 to go into a break-out room to have a private conversation.

Is there a way for me to find the information as to what numbers were called from, or received by, the conference phone in room 203 of the Potter Stewart Courthouse between 11:30 am and 5:00 pm on October 15, 2018, and the duration of those calls so I can be aware of who was on the other end of the call and listening (possibly recording), even during breaks?

If this e-mail is insufficient and a more formal request is required, or if I need to contact another department, please let me know. Thank you for your assistance.

---

*See* October 23, 2018 email from Shawn Shearer to Clerks_Office@ohsd.uscourts.gov, attached as **Exhibit C** at pp. 4-5 (emphasis added). That email was forwarded to Magistrate Judge Stephanie Bowman's Courtroom Deputy Kevin Moser[2] who replied on October 24, 2018, as follows:

---

Mr. Shearer -

The Clerk's Office has forwarded your inquiry of October 23, 2018 to me regarding the above matter.  After discussing the issue with Magistrate Judge Bowman, this is to advise you that the Court is no longer in a position to assist you with your request.  The proper procedure would have been to directly raise these concerns with the Court during the course of the deposition of Ms. Kelly on October 15, 2018.  Magistrate Judge Bowman was present in chambers all afternoon and standing by to address any objections or other issues requiring the Court's assistance.  As no issues were raised during the course of the deposition, the Court was of the belief that the deposition was conducted without incident.

It is recommended that you contact First Data's counsel, Gillian Cooper about any telephone numbers she may have utilized (incoming or outgoing) from Room 203 during the course of the deposition.

Kevin Moser
Courtroom Deputy to The Honorable Stephanie K. Bowman
USDC for the Southern District of Ohio
513/564-7665
kevin_moser@ohsd.uscourts.gov

---

*Id.* at p. 4. Mr. Shearer replied stating:


## [THIS SPACE INTENTIONALLY BLANK]


---

[2] It was Magistrate Judge Bowman who granted Defendants' Motion to Compel. Thereafter, Ms. Kelly filed a Rule 72(a) Objection, in which she appealed that decision. Judge Susan Dlott denied all of Ms. Kelly's motions and ordered the deposition to proceed. *See* ECF No. 77.

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 5

> Thank you for your e-mail and response. For the record, I was acting as counsel for Plaintiff Barger during Ms. Kelly's October 15 deposition. I am also Ms. Kelly's attorney with respect to her claims currently being investigated by the Ohio Civil Rights Commission. During Ms. Kelly's Court ordered October 15 deposition, three breaks were taken. The Order of Magistrate Judge Bowman indicated that Ms. Kelly was entitled to take three breaks (two for five minutes and one for 15 minutes). Ms. Kelly took one break in order to take prescription medication. Ms. Cooper initiated the other two breaks, thus denying Ms. Kelly use of her Court ordered break time. This denial of time in and of itself was not seen as problematic by Plaintiff's counsel at the time, and Ms. Kelly did not indicate that she wanted further breaks. However, Ms. Cooper, Ms. Robin Ording and Mr. Byrne left the room during each break and left the speaker phone line engaged each time.
>
> ==It was not until Ms. Cooper called the third break after 4 pm that I realized that the phone line had been engaged and open during the entire deposition, including the prior two breaks.== I thought it was odd that Ms. Cooper was using Ms. Kelly's designated break time, but Ms. Kelly was representing herself in the Barger deposition, and she gave no indication that she was upset by Ms. Cooper's actions, so I decided to allow things to proceed uninterrupted. The deposition reconvened on the record around 4:30 and finished at 5:00. Therefore, you are correct that the issue was not raised at the time.
>
> The following day, I sent the attached e-mail to Ms. Cooper, Mr. Eidelman and Mr. Byrne asking them on behalf of Plaintiff who was on the call and for other relevant information, in the manner you suggested. I asked for the information to be provided to me by October 22, 2018 and informed Counsel that if I did not receive the information, I would seek other legal means to obtain it, which is why I contacted the Court yesterday, October 23, 2018. I still have not received any response from Ms. Cooper, Mr. Eidelman, or Mr. Byrne.
>
> I was hopeful that the information could be easily obtained from the Court given that the deposition was ordered to occur at the Potter Stewart Courthouse and the phone used was in Room 203 at that location.
>
> ==The phone records from Room 203 on October 15, 2018 are relevant evidence in both *Barger v. First Data* and in the upcoming *Kelly v. First Data* and will eventually be subpoenaed.==
>
> Thank you for your response.
>
> To avoid any potential concerns about *ex parte* communication, I have included Ms. Cooper and Mr. Byrne as cc's on this e-mail.

*Id.* at pp. 2-3 (emphasis added). Given Mr. Shearer's suggestion to the Clerk's Office and to Judge Bowman's Courtroom Deputy that Defendants' counsel Ms. Cooper and Mr. Byrne, both of who were present during the entire deposition, had conducted themselves in an unlawful fashion, Mr. Byrne responded to Mr. Shearer's email as follows:

**[THIS SPACE INTENTIONALLY BLANK]**

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 6

> Mr. Moser,
>
> I am sorry that the court has been burdened with this matter. I do not understand Mr. Shearer's request or purpose. My recollection is that after Mr. Shearer arrived in the deposition room, Gillian Cooper verbally informed him that two in-house attorneys for First Data, Jill Poole and Lori Graesser, would be attending the deposition by telephone, and Mr. Shearer said this was okay. Then, after the deposition began, and while Mr. Shearer was in the room, Ms. Cooper identified everyone who was present in the room and stated on the record that Ms. Poole and Ms. Graesser were attending the deposition by telephone. (Lines 23 through 25 of the attached first page of the court reporter's rough draft of the deposition transcript confirms this, though Ms. Poole and Ms. Graesser's names were misspelled.) Neither Mr. Shearer nor Ms. Kelly objected to Ms. Poole and Ms. Graesser's participation by telephone, either then or during the course of the deposition. I see no need for any further discussion or motion practice regarding this completely irrelevant issue. I assume Mr. Shearer has no further questions.
>
> I have copied Mr. Shearer on this email.
>
> Respectfully,
>
> Matt

*Id.* at pp. 1-2 (emphasis added). Mr. Shearer then responded with an email to Courtroom Deputy Moser—misrepresenting Mr. Byrne's email—as follows:

> Mr. Moser
>
> Thank you for taking the time to let me know the proper way to obtain phone records from Ms. Kelly's October 15 deposition from the Sixth Circuit IT Department. I appreciate your attention to this matter.
>
> I also want to thank Mr. Byrne for confirming through this writing that, at no time - either on the record during Ms. Kelly's October 15 deposition, nor any time since - including Mr. Byrne's email to this Court today, has Defense counsel for First Data ever stated that Ms. Poole and Ms. Graesser were the ONLY parties conferenced into, or privy to Ms. Kelly's October 15 deposition via phone. That information is quite helpful.

*See* October 24, 2018 email from Shawn Shearer to Kevin Moser, attached as **Exhibit D** at p. 1 (emphasis added). As represented on the record by Ms. Cooper on October 15, 2018, Ms. Poole and Ms. Graesser were, at all times, the only persons who conferenced into or were privy to Ms. Kelly's October 15 deposition via phone. Mr. Byrne's email to Mr. Moser was not enough to satisfy Mr. Shearer.

### 2. Mr. Shearer Accuses Counsel of Misconduct, Conspiracy to Commit a Crime or Fraud, and Illegal Surveillance

Following his exchange with the United States District Court for the Southern District of Ohio, Mr. Shearer accused counsel of misconduct, conspiracy to commit a crime or fraud, and illegal surveillance by way of two separate emails on October 25, 2018. The first email he sent to Defendants' counsel at 2:28 AM states:

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 7

Mr. Eidelman, Ms. Cooper and Mr. Byrne:

I am attaching the full email chain of yesterday's written discussion regarding Plaintiff Barger's request of October 16, 2018, including the copy of my original email requests, in one last effort to ask you to please comply with my wishes and provide me the information I seek. As is evident by Mr. Byrne's statement to the Court, Counsel is either unable, unwilling (or both) to state on any record that Ms. Graesser and Ms. Poole were the only parties on the conference call that Defense counsel initiated prior to Plaintiff's counsel's arrival at Ms. Kelly's October 15 deposition (Second Kelly Deposition) nor provide relevant details as to how the call was initiated, or the physical location of all parties on the phone call.

Further, Mr. Byrne's e-mail of October 23 did not include a denial to the Court that Defense counsel initiated breaks that were reserved exclusively for Ms. Kelly, ordered by Magistrate Bowman, then left the room with Ms. Ording in tow, and allowed First Data Counsel (and likely others), to remain on speaker phone, electronically eavesdropping (across state lines) on what could have been privileged conversations between Ms. Kelly and myself (in my capacity as her counsel in Kelly v. First Data, since Ms. Kelly appeared pro se in Barger v. First Data.) Mr. Byrne only answered one of the questions I asked on October 16, by confirming that Ms. Graesser and Ms. Poole were announced, but were not the only parties on the call.

Please answer my other inquiries by October 29, 2018 to avoid further escalation of this matter. These are not difficult questions. I am including Saul Ewing's Counsel Mr. Timothy Callahan on this communication, as he is aware that Saul Ewing will be witnesses and likely a party to Kelly v. First Data and I will notify Jackson Lewis' counsel as well.

This behavior is going to be at issue in both litigations. If there was no misconduct, simply answer my questions and we can put this to rest. Otherwise, I will have to prepare the appropriate subpoenas to the Sixth Circuit per the instructions of Magistrate Bowman's clerk. To be clear, Mr. Eidelman - Plaintiff Barger will not seek any extension of discovery time to complete this inquiry, as a motion addressing conspiracy among counsel to commit a crime or fraud, if proven true, can be brought at any point during his case, or Ms. Kelly's case.

If I am inaccurate in my assessment, please put this to rest by providing what is needed and we can all move on. Mr. Eidelman - you know very well I never make idle threats. Plaintiff wants to know if a deposition in his case was used for fraudulent or illegal purposes. We are going to find out. If you know that the deposition was not used in that manner, provide the necessary information and let's all get past this.

- Shawn Shearer

*See* October 25, 2018 email from Shawn Shearer to Gary Eidelman, Gillian Cooper, and Matthew Byrne, attached as **Exhibit E** at p. 1(emphasis added). Mr. Shearer accuses counsel of "electronically eavesdropping (across state lines)," "fraudulent or illegal purposes," and then demands an answer to his inquiries "to avoid further escalation of this matter." *Id.* He also threatens that Saul Ewing will likely be sued when he sues First Data on behalf of Ms. Kelly. *Id.*

Defendants' counsel chose not to respond to yet more threats from Mr. Shearer. At 12:01 PM, Mr. Shearer sent another email accusing Defendants' counsel of having committed a crime:

[THIS SPACE INTENTIONALLY BLANK]

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 8

---

Two questions:

1) Why was the production on September 27, 2018 Bates stamped Gardemal 00076-00083? Where are Gardemal 00001 – 00075, and any documents after 00083?

2) I sent you the e-mail regarding the Appendix B documents 5, 51, & 52 at 8:05 ET last night. You have responded with the e-mail below referencing Gardemal 00076-00083. By e-mail later at 10:35 ET, I asked where documents FDC00051566-FDC00052403 have been produced. Documents in this range are referenced by Mr. Gardemal in his expert report, but they have never been produced and they are not listed in Gardemal's Appendix B. In addition, these documents, from Gardemal's description, were very relevant to the deposition of Ms. Benhardt that occurred on August 22, 2018 (a week before the cut-off of discovery). Mr. Gardemal's Confidentiality Agreement was dated August 24, 2018. There was no reason for those documents to have been produced to me prior to Ms. Benhardt's deposition when they were available to Mr. Gardemal.

As one example, in Footnote 35 of Gardemal's report, he refers to e-mails from November 2016 within this missing Bates range – those e-mails have never produced to me and were not listed in Gardemal's Appendix B.

On a daily basis I am discovering discovery abuses. If these e-mails were available to your expert, they should have been available to me when I took Ms. Benhardt's deposition.

You still have not produced all the documents upon which Mr. Gardemal relies in his report and we are just three business days away from his scheduled deposition

You had the time this morning to answer the first e-mail, but have not had the time to answer the other? That adds even more suspicion.  FDC00051566-FDC00052403 were never produced.

When I add this onto the illegal surveillance conducted using federal phones in Potter Stewart Courthouse and the lies being told in Alabama, a conversation with Judge Block about discovery abuse is imminent.

Provide me all the information I have requested about the production of the missing Bates range, the missing Gardemal Bates numbers, and the responses to my questions regarding those listening/recording Ms. Kelly's deposition by the end of the day today.

---

*See* October 25, 2018 email from Shawn Shearer to Gillian Cooper, with copies to Gary Eidelman and David Zeitlin, counsel for Plaintiff Steven Barger, attached as **Exhibit F** at p. 1 (emphasis added).

In this second email, Mr. Shearer initially accuses Defendants of failing to produce documents during discovery, an allegation that is demonstrably false.[3] However, his email continues to assert criminal behavior by Defendants' counsel. *See* **Exhibit F** ("When I add this onto the ***illegal surveillance conducted*** using federal phones in Potter Stewart Courthouse and the lies being told in Alabama, a conversation with Judge Block about discovery abuse is imminent.") (emphasis added).

For what only can be presumed to be an improper reason to gain advantage in a civil proceeding, Mr. Shearer has accused Defendants' counsel on multiple occasions of committing

---

[3] By separate email, Defendants advised Mr. Shearer of the dates when all of the documents were produced in discovery.

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 9

crimes during the deposition of Ms. Kelly. He ignores his presence at the deposition when he was informed that First Data in-house counsel were on the phone. *See* **Exhibit A**. He did not object to their telephone presence at any time during the deposition. *See id.* Depositions by telephone are a regular practice in litigation. During breaks, calls are not disconnected but remain active. If Mr. Shearer had any conversations while the phone line was active during breaks in the deposition with Ms. Kelly, *a witness whom he did not represent at the deposition* (*see* **Exhibit A** at p. 2), that was his decision and his fault. Rather than blame himself, he accuses Defendants' counsel of committing crimes. Notably, the court reporter would have been present in the conference room during any conversations he may have had with Ms. Kelly. If Mr. Shearer had any concerns about an open phone line, he could have gone into one of the other vacant conference rooms nearby or simply pressed mute on the phone.[4]

### 3.     Mr. Shearer's Actions Violate the New York Rules of Professional Conduct

Mr. Shearer is admitted to this Court *pro hac vice*. *See* ECF No. 5. "Admission *pro hac vice* is not a right but a privilege, the granting of which rests in the sound discretion of the presiding judge." *Sedona Corp. v. Ladenburg Thalmann & Co.*, 2003 WL 22339357, at *3 (S.D.N.Y. Oct. 14, 2003). Once an attorney has been granted *pro hac* vice admission, the revocation of *pro hac* vice status is presumed to be "a species of sanction." *Martens v. Thomann*, 273 F.3d 159, 174 (2d Cir. 2001). "[D]ue process requires that courts provide notice and an opportunity to be heard before imposing any kind of sanctions." *Nuwesra v Merrill Lynch, Fenner & Smith, Inc.*, 174 F.3d 87, 92 (2d Cir. 1999) (citation omitted).

At least two rules of the New York Rules of Professional Conduct are relevant to the this situation and support issuance of an order to show cause why Mr. Shearer's *pro hac vice* admission should not be revoked.

First, Rule 3.1(a) of the New York Rules of Professional Conduct states that "[a] lawyer shall not bring or defend a proceeding, *or assert or controvert an issue therein*, unless there is a basis in law and fact for doing so that is not frivolous." (Emphasis added). Rule 3.1(b) provides:

A lawyer's conduct is "frivolous" for purposes of this Rule if:

(1) the lawyer knowingly advances a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law;

(2) the conduct has no reasonable purpose other than to delay or prolong the resolution of litigation, in violation of Rule 3.2, or serves merely to harass or maliciously injure another; or

---

[4] During breaks, Ms. Cooper and Mr. Byrne left the room to communicate in private.

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 10

        (3) the lawyer knowingly asserts material factual
        statements that are false.

Mr. Shearer violated Rule 3.1(b) because he has absolutely no basis to assert criminal claims against Defendants' counsel for unauthorized use of telephones because he was present at the deposition where the participants were announced on the record. His motivation for raising such claims, including his emails to the United States District Court for the Southern District of Ohio, is to harass and maliciously injure opposing counsel.

Second, Rule 3.4(e) of the New York Rules of Professional Conduct states that a lawyer shall not "present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter." The New York Bar Association Committee on Professional Ethics has opined on what constitutes an improper threat of criminal wrongdoing under the Professional Rules. *See* New York Bar Association Committee on Professional Ethics Opinion No. 772, 2003 WL 23099784, *6 (November 14, 2003).[5] The Committee addressed the question of what constitutes a threat, and concluded that the determination of a threat can be broad and depends on the context:

> In our view, there is no universal standard to determine whether a letter "threaten[s] to present criminal charges." Such a determination requires the examination of both the content and context of the letter. ***In our view, a letter containing an accusation of criminal wrongdoing likely constitutes a threat, especially when coupled with a demand that the accused wrongdoer remedy the civil wrong.*** Whether the accusation is general (simply stating that the Broker's conduct violates the criminal law) or specific (stating that the Broker's conduct violates particular provisions of the criminal law), such an accusation serves the undeniable purpose of coercing the accused wrongdoer. We point out, moreover, that a lawyer who sends a letter containing such a communication is exposed to professional discipline based upon the disciplinary authorities' interpretation of the lawyer's intent in sending the letter or statement.

*Id*. at *6 (emphasis added). The Committee discussed a case where the Third Department censured a lawyer for sending a letter to a workman stating that unless the workman returned a sum of money to his client, the lawyer would "have a warrant issued for the workman's arrest;" "you will return the money or go to jail." *Id.* at *5 (quoting *In re Glavin*, 107 A.D.2d 1006-07

---

[5] Although Ethics Opinion No. 772 analyzed Disciplinary Rule 7-105(A), that rule was the predecessor to Rule 3.4(e) and contains identical text, reading: "A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 11

(1985)). The Committee stated:

> [T]he letter refers to future criminal prosecution, but provides the
> recipient with the opportunity to avoid such prosecution by taking
> certain remedial action. The recipient is given a choice: either act
> to remedy the alleged civil wrong or face a criminal prosecution.
> The fear of criminal prosecution provides the leverage by which
> the lawyer hopes to coerce the recipient's decision.

*Id.* The Committee concluded that a lawyer violates the disciplinary rule by sending a letter
stating the client's intention to file a criminal complaint assuming that the purpose of the letter
was to obtain a civil benefit. *Id.*

Here, Mr. Shearer accuses Defendants counsel of a crime and then demands that counsel
accede to his requests or else:

> This behavior is going to be at issue in both litigations.[6] If there
> was no misconduct, simply answer my questions and we can put
> this to rest. Otherwise, I will have to prepare the appropriate
> subpoenas to the Sixth Circuit per the instructions of Magistrate
> Bowman's clerk. To be clear, Mr. Eidelman - Plaintiff Barger will
> not seek any extension of discovery time to complete this inquiry,
> as a motion addressing ***conspiracy among counsel to commit a
> crime or fraud***, if proven true, can be brought at any point during
> his case, or Ms. Kelly's case.
>
> . . . .
>
> Mr. Eidelman - you know very well ***I never make idle threats***.
> Plaintiff wants to know if a deposition in his case was used for
> fraudulent or illegal purposes. We are going to find out.

*See* **Exhibit E** at p. 1 (emphasis added). By his own words, "I never make idle threats," Mr.
Shearer has admitted that he is threatening Defendants' counsel.

In *Macdraw, Inc. v. The CIT Group Equipment Financing, Inc.*, Judge Chin revoked the
*pro hac vice* admissions of attorneys who engaged in conduct that was undignified, disrespectful,
and degrading to the court. 994 F. Supp. 447, 455 (S.D.N.Y. 1997). The attorneys, who were not
members of the New York bar, but were granted the privilege of appearing *pro hac vice*,
challenged the judge's fairness and impartiality because of the judge's race. *Id.* at 447. The court
issued an order to show cause why the attorneys should not be sanctioned or disciplined for

---

[6] Mr. Shearer has repeatedly threatened to sue Saul Ewing Arnstein & Lehr LLP and the lawyers
on this case when he sues First Data on behalf of Ms. Kelly.

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 12

violating disciplinary rules. *Id.* at 453. The court analyzed discipline of attorneys generally and stated that if an attorney is found guilty by clear and convincing evidence of violating the Rules of Professional Conduct, he or she may be disciplined. *Id.* Citing the Second Circuit, the court revoked the *pro hac vice* admissions and stated:

> In the case of an attorney admitted *pro hac vice*, discipline may
> include censure, suspension, or an order "precluding the attorney
> from again appearing at the bar of this court."

*Id.* at 460 (citation omitted).

In *Pintur v. Rogic*, the Southern District of New York issued an order to show cause directing an attorney to address why her *pro hac vice* admission should not be revoked and why she should not be reported to the Committee on Grievances. 2017 WL 5565620, at *3 (S.D.N.Y. Oct. 25, 2017), report and recommendation adopted, 2017 WL 5564613 (S.D.N.Y. Nov. 16, 2017). In *Pintur*, the defendants raised concerns about production of confidential documents because the plaintiff's attorney appeared to be working for the plaintiff in both legal and non-legal/operational capacities. *Id.* at *2. The court questioned the attorney's affiliation with the plaintiff and found that she failed to provide an adequate explanation as to why she misrepresented her affiliation with the plaintiff on her *pro hac vice* motion. *Id.* at *5. The court found that revocation of the *pro hac vice* admission was warranted due to the attorneys' "lack of candor" to the court and because her conduct raised questions about her "willingness to familiarize herself with, and abide by, the Rules, practices, and directives" of the court. *Id.* at *6.

This Court is already aware of numerous instances where Mr. Shearer's conduct has been unreasonable. On September 4, 2018, the Court cautioned Mr. Shearer that he was acting irrationally and had lost perspective:

> I have to say quite honestly that I think you might be losing some
> of your perspective about the case – because you're representing
> your father-in-law[.]

*See* Excerpts of Transcript of September 4, 2018 hearing before Judge Bloom, attached as **Exhibit G** at 3:1-3.

> But be that as it may, I really take – I take you at your word and
> still it does not appear to be reasonable. It appears to be irrational.

*Id.* at 22:22-24. It is evident from the evidence above that Mr. Shearer will stop at nothing to prosecute this ADA and FMLA case, even by accusing Defendants' counsel of engaging in criminal conduct to somehow take advantage in this civil action and in a future threatened civil action by Ms. Kelly. The Court has already admonished Mr. Shearer for trying to take discovery that has absolutely nothing to do with Mr. Barger's claims of discrimination. *See id.* at 7:7-10.

Honorable Lois Bloom, U.S.M.J.
U. S. District Court for the Eastern District of New York
October 29, 2018
Page 13

Local Civil Rule 1.5(f) (Remedies for Misconduct) provides as follows:

> The remedies provided by this rule are in addition to the remedies available to individual District Judges and Magistrate Judges under applicable law with respect to lawyers appearing before them. Individual District Judges and Magistrate Judges may also refer any matter to the Chief Judge for referral to the Committee on Grievances to consider the imposition of discipline or other relief pursuant to this rule.

Mr. Shearer's threats of criminal wrongdoing by Defendants serve illegitimate purposes, violate the New York Rules of Professional Conduct as well as Ohio's Rules of Professional Conduct (where the deposition took place involving Mr. Byrne, an Ohio-barred lawyer), and should be rejected by this Court.[7] This Court must not allow Mr. Shearer to accuse Defendants' counsel of illegal acts in an effort to gain an advantage in this matter. Appearing in this Court is a privilege, not a right. *See Hatfill v. Foster*, 415. F. Supp. 2d 353, 369-70 (S.D.N.Y. 2006) ("Plaintiff's counsel are not members of the Bar of the Southern District of New York. They are admitted *pro hac vice* only. This Court is not required to permit, and will not permit, lawyer who engaged in shady practice to appear before it as its guest."). Mr. Shearer should lose this privilege.

For these reasons, Defendants respectfully request that the Court schedule a status conference at which time Mr. Shearer should be required to appear and to show cause why his *pro hac vice* admission should not be revoked. Plaintiff will not be prejudiced by the revocation of Mr. Shearer's *pro hac vice* admission because David A. Zeitlin, Esquire and the firm of Zeitlin & Zeitlin, P.C. have been counsel in this case from the outset.

Respectfully submitted,

*/s/ Gary B. Eidelman*

Gary B. Eidelman

cc:   All Counsel of Record (via ECF)
      Matthew R. Byrne, Esq. (via electronic mail)
      Timothy W. Callahan, Esq. (via electronic mail)

---

[7] Ohio Rule of Professional Conduct 1.2(e) contains substantially similar language to New York Rule 3.4 and states that "Unless otherwise required by law, a lawyer shall not present, participate in presenting, or threaten to present criminal charges or professional misconduct allegations solely to obtain an advantage in a civil matter."

# EXHIBIT A

Kelly Julie 101518 Rough Draft.txt
UNCERTIFIED ROUGH DRAFT TRANSCRIPT

1

```
 1              (The following is an uncertified
 2   rough draft transcript, not to be used for
 3   official purposes.)
 4                   JULIE KELLY
 5   of lawful age, Witness herein, having been first
 6   duly sworn as hereinafter certified, was examined
 7   and deposed as follows:
 8                 CROSS-EXAMINATION
 9   BY MS. COOPER:
10        Q.   Good afternoon, Ms. Kelly.  My name
11   is Gillian Cooper.  I'm an attorney at Saul Ewing
12   Arnstein & Lehr.  We represent First Data
13   corporation in this matter.  We also represent the
14   individual defendants who are Frank Bisignano, Dan
15   Charron, Anthony Marino, Karen Whalen, and Rhonda
16   Johnson.  We are here today for your deposition,
17   so I just want to go over a couple of procedural
18   things and some ground rules.  So in the room with
19   us today, we have Robin Ording, who is the
20   corporate representative for First Data, so she's
21   here in that capacity.  We also have with us
22   Matthew Byrne from Jackson Lewis, he is local
23   counsel here in Ohio.  On the phone, we have Lori
24   grazer and Jill pool, who are in-house counsel at
25   First Data.  And Mr. Shearer is the plaintiff,
```

UNCERTIFIED ROUGH DRAFT TRANSCRIPT

2

Kelly Julie 101518 Rough Draft.txt

1  Steve Barger's, attorney.  Is it correct that he

2  does not represent you in connection with this

3  deposition?

4        A.   That's correct.

5        Q.   Okay.

6             MR. SHEARER:   But I want to make

7  clear for the record, this is Shawn Shearer of the

8  law office of Shawn Shearer, counsel for the

9  plaintiff, Steve Barger, that I am also counsel

10 for Ms. Kelly in connection with her complaint and

11 charge of discrimination that has been filed with

12 the Ohio Civil Rights Commission currently being

13 investigated, right to sue letter has not yet been

14 issued, and so that representation needs to be

15 recognized.

16            MS. COOPER:   Okay.  So it's noted for

17 the record.

18 BY MS. COOPER:

19       Q.   So also here in the room is

20 Ms. Yungblut, am I saying that correctly, okay,

21 she is the court reporter, it is her job to take

22 down everything that we say today.  So for her

23 purposes and for her sanity, what we try to do is

24 not talking talk over one another, because she

25 can't write down what we're saying if we're both

UNCERTIFIED ROUGH DRAFT TRANSCRIPT

3

1  talking at the same time.  So I will do my very

2  best to allow you to finish what you're saying and

Page 2

# EXHIBIT B

**From:**          Shawn Shearer <shawn@shearerlaw.pro>
**Sent:**          Tuesday, October 16, 2018 1:52 PM
**To:**            Eidelman, Gary B.; Cooper, Gillian A.; Matthew.Byrne@jacksonlewis.com
**Cc:**            Callahan, Timothy W.
**Subject:**       Phone Records/Sanctions 10/15/18

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Mr. Eidelman,  Ms. Cooper and Mr. Byrne:

I am writing to give you a head start regarding information I will be requiring from you pursuant to various sanctions motions pending against First Data Counsel in Barger v. First Data. If you cannot or will not provide it, I will find alternate legal means to obtain the information timely.

When Plaintiff's counsel arrived, Defense counsel had an active phone line engaged in the deposition room with unknown callers on the other end of the phone line. This phone line was engaged for the duration of the Ohio deposition on October 15, 2018. (Second Kelly Deposition) Please collect and provide to Plaintiff Barger the following before October 22, 2018:

The full legal names of every party who was on the phone call (Second Kelly Deposition Conference Call) any time during the deposition that occurred in Barger v. First Data at 12 pm on October 15, 2018

The physical locations of all parties who were on the above referenced call (eg city and state) ay any point during the above referenced call on October 15, 2018

The phone records from the court house establishing how the call was made (eg incoming/outgoing) and the duration of the above referenced call on October 15, 2018

The phone records indicating how the conference call was established (eg which number called first, how other parties dialed in) and each individual party's respective duration of time spent on the above referenced call on October 15, 2018

A copy of the recording of the above referenced phone call on October 15, 2018 that First Data generates and maintains for its records and full distribution list of all parties who received the October 15, 2018 recording

As I told Mr. Eidelman in October prior to his filing for an extension of discovery, Ms. Graesser appears determined to work her way back onto the list of named defendants in the Barger case. Furthermore, this letter will serve as a formal legal hold notice for all parties involved - including Mr. Byrne - that all recordings and documents surrounding the events of the October 15, 2018 deposition in the Barger case (Second Kelly Deposition) must be maintained, as you are all on notice that litigation from Ms. Kelly will be forthcoming. You are aware that given Eidelman, Cooper and Saul Ewing's representations that they were at one time Ms. Kelly's lawyers in the Barger case, privilege will not be available among counsel as it may have been had Saul Ewing not subsequently gone adverse to Ms. Kelly in Ohio.

Please work with me to make this as easy as possible, as I assure you, I will obtain the relevant information and Plaintiff will not require any extensions of time to complete this inquiry.

1

-Shawn Shearer

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

# EXHIBIT C

| | |
|---|---|
| **From:** | Kevin_Moser@ohsd.uscourts.gov |
| **Sent:** | Wednesday, October 24, 2018 4:08 PM |
| **To:** | Byrne, Matthew R. (Cincinnati) |
| **Cc:** | Cooper, Gillian A.; Shawn Shearer |
| **Subject:** | RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records |

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**


Thanks, Mr. Byrne.  I'll forward your input to Judge Bowman for consideration.

Kevin Moser
Courtroom Deputy to The Honorable Stephanie K. Bowman
USDC for the Southern District of Ohio
513/564-7665
kevin_moser@ohsd.uscourts.gov




From:      "Byrne, Matthew R. (Cincinnati)" <Matthew.Byrne@jacksonlewis.com>
To:          "Kevin_Moser@ohsd.uscourts.gov" <Kevin_Moser@ohsd.uscourts.gov>, "Shawn Shearer" <shawn@shearerlaw.pro>,
Cc:          "Cooper, Gillian A." <Gillian.Cooper@saul.com>
Date:       10/24/2018 04:05 PM
Subject:    RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records


Mr. Moser,

I am sorry that the court has been burdened with this matter. I do not understand Mr. Shearer's request or purpose. My recollection is that after Mr. Shearer arrived in the deposition room, Gillian Cooper verbally informed him that two in-house attorneys for First Data, Jill Poole and Lori Graesser, would be attending the deposition by telephone, and Mr. Shearer said this was okay. Then, after the deposition began, and while Mr. Shearer was in the room, Ms. Cooper identified everyone who was present in the room and stated on the record that Ms. Poole and Ms. Graesser were attending the deposition by telephone. (Lines 23 through 25 of the attached first page of the court reporter's rough draft of the deposition transcript confirms this, though Ms. Poole and Ms. Graesser's names were misspelled.) Neither Mr. Shearer nor Ms. Kelly objected to Ms. Poole and Ms. Graesser's participation by telephone, either then or during the course of the deposition. I see no need for any further discussion or motion practice regarding this completely irrelevant issue. I assume Mr. Shearer has no further questions.

I have copied Mr. Shearer on this email.

1

Respectfully,

Matt

| | |
|---|---|
| **Matthew R. Byrne** | |
| Attorney at Law | |
| **Jackson Lewis P.C.** | |
| PNC Center | |
| 26th Floor | |
| 201 E. Fifth Street | |
| Cincinnati, OH 45202 | |
| Direct: (513) 322-5030 | Main: (513) 898-0050 | |
| Matthew.Byrne@jacksonlewis.com   |   www.jacksonlewis.com | |
| *Jackson Lewis P.C. is honored to be recognized as the "Innovative Law Firm of the Year" by the International Legal Technology Association (* | |

**From:** Kevin_Moser@ohsd.uscourts.gov <Kevin_Moser@ohsd.uscourts.gov>
**Sent:** Wednesday, October 24, 2018 3:27 PM
**To:** Shawn Shearer <shawn@shearerlaw.pro>
**Cc:** 'Cooper, Gillian A.' <Gillian.Cooper@saul.com>; Byrne, Matthew R. (Cincinnati) <Matthew.Byrne@jacksonlewis.com>
**Subject:** RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Mr. Shearer -

    I will forward this to Judge Bowman, however, despite your belief, the information you seek is something that would not be easily obtained.  The Court of Appeals for the Sixth Circuit's Information Technology Department operates and manages the telephone system in the courthouse, and they would be the only ones who may have a record of incoming or outgoing calls made from that room, should such records even exist.  And it will be very difficult to order the Court of Appeals to provide this information to a lower Court in a matter that does not concern them.

    As previously stated, your best option is to obtain the cooperation of Ms. Cooper in obtaining this information.  Hopefully, this can be accomplished.  Absent that, then I would say your only recourse would be to file a formal written motion with the Court, which will have to be accomplished by local counsel.  If Judge Bowman wishes to handle the matter differently, the parties will be so advised.

Kevin Moser
Courtroom Deputy to The Honorable Stephanie K. Bowman
USDC for the Southern District of Ohio
513/564-7665
kevin_moser@ohsd.uscourts.gov



From:      "Shawn Shearer" <shawn@shearerlaw.pro>
To:         <Kevin_Moser@ohsd.uscourts.gov>,
Cc:         <Clerks_Office@ohsd.uscourts.gov>, "'Byrne, Matthew R. \(Cincinnati\)'" <Matthew.Byrne@jacksonlewis.com>, "'Cooper, Gillian A.'"
<Gillian.Cooper@saul.com>

Date:       10/24/2018 03:11 PM
Subject:    RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Thank you for your e-mail and response. For the record, I was acting as counsel for Plaintiff Barger during Ms. Kelly's October 15 deposition. I am also Ms. Kelly's attorney with respect to her claims currently being investigated by the Ohio Civil Rights Commission. During Ms. Kelly's Court ordered October 15 deposition, three breaks were taken. The Order of Magistrate Judge Bowman indicated that Ms. Kelly was entitled to take three breaks (two for five minutes and one for 15 minutes). Ms. Kelly took one break in order to take prescription medication. Ms. Cooper initiated the other two breaks, thus denying Ms. Kelly use of her Court ordered break time. This denial of time in and of itself was not seen as problematic by Plaintiff's counsel at the time, and Ms. Kelly did not indicate that she wanted further breaks. However, Ms. Cooper, Ms. Robin Ording and Mr. Byrne left the room during each break and left the speaker phone line engaged each time.

It was not until Ms. Cooper called the third break after 4 pm that I realized that the phone line had been engaged and open during the entire deposition, including the prior two breaks. I thought it was odd that Ms. Cooper was using Ms. Kelly's designated break time, but Ms. Kelly was representing herself in the Barger deposition, and she gave no indication that she was upset by Ms. Cooper's actions, so I decided to allow things to proceed uninterrupted. The deposition reconvened on the record around 4:30 and finished at 5:00. Therefore, you are correct that the issue was not raised at the time.

The following day, I sent the attached e-mail to Ms. Cooper, Mr. Eidelman and Mr. Byrne asking them on behalf of Plaintiff who was on the call and for other relevant information, in the manner you suggested. I asked for the information to be provided to me by October 22, 2018 and informed Counsel that if I did not receive the information, I would seek other legal means to obtain it, which is why I contacted the Court yesterday, October 23, 2018. I still have not received any response from Ms. Cooper, Mr. Eidelman, or Mr. Byrne.

I was hopeful that the information could be easily obtained from the Court given that the deposition was ordered to occur at the Potter Stewart Courthouse and the phone used was in Room 203 at that location.

The phone records from Room 203 on October 15, 2018 are relevant evidence in both *Barger v. First Data* and in the upcoming *Kelly v. First Data* and will eventually be subpoenaed.

Thank you for your response.

To avoid any potential concerns about *ex parte* communication, I have included Ms. Cooper and Mr. Byrne as cc's on this e-mail.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

**From:** Kevin_Moser@ohsd.uscourts.gov [mailto:Kevin_Moser@ohsd.uscourts.gov]

**Sent:** Wednesday, October 24, 2018 10:59 AM
**To:** Shawn Shearer <shawn@shearerlaw.pro>
**Cc:** Clerks_Office@ohsd.uscourts.gov
**Subject:** Re: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Mr. Shearer -

The Clerk's Office has forwarded your inquiry of October 23, 2018 to me regarding the above matter.  After discussing the issue with Magistrate Judge Bowman, this is to advise you that the Court is in no longer in a position to assist you with your request.  The proper procedure would have been to directly raise these concerns with the Court during the course of the deposition of Ms. Kelly on October 15, 2018.  Magistrate Judge Bowman was present in chambers all afternoon and standing by to address any objections or other issues requiring the Court's assistance.  As no issues were raised during the course of the deposition, the Court was of the belief that the deposition was conducted without incident.

It is recommended that you contact First Data's counsel, Gillian Cooper about any telephone numbers she may have utilized (incoming or outgoing) from Room 203 during the course of the deposition.

Kevin Moser
Courtroom Deputy to The Honorable Stephanie K. Bowman
USDC for the Southern District of Ohio
513/564-7665
kevin_moser@ohsd.uscourts.gov



---

From:      "Shawn Shearer" <shawn@shearerlaw.pro>
To:         <Clerks_Office@ohsd.uscourts.gov>,
Date:      10/23/2018 02:11 PM
Subject:   Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

I am counsel for the Plaintiff Steve Barger in the above referenced case pending in EDNY with a miscellaneous case filed in S.D. Ohio to compel a non-party subpoena.

On October 15, 2018, a deposition of a non-party witness, Julie Kelly, occurred as ordered by Judge Bowman in Room 203 of the Potter Stewart Courthouse. When I arrived at Room 203 at approximately 12 p.m., counsel for the defendant, First Data Corporation, had already used the conference phone on the table in Room 203 to conference-in several people to listen to the deposition. This conference phone line remained open and active the entire deposition, including breaks, allowing whoever was on the other end of the call to listen to conversations within the room while the deposition was off-the-record and First Data's counsel had left room 203 to go into a break-out room to have a private conversation.

Is there a way for me to find the information as to what numbers were called from, or received by, the conference phone in room 203 of the Potter Stewart Courthouse between 11:30 am and 5:00 pm on October 15, 2018, and the duration of those calls so I can be aware of who was on the other end of the call and listening (possibly recording), even during breaks?

If this e-mail is insufficient and a more formal request is required, or if I need to contact another department, please let me know.

Thank you for your assistance.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**
[attachment "20181016 E-mail to counsel re Room 203 Phone Records.pdf" deleted by Kevin Moser/OHSD/06/USCOURTS]

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.[attachment "Kelly Julie 101518 Rough Draft.pdf" deleted by Kevin Moser/OHSD/06/USCOURTS]

# EXHIBIT D

**From:**              Shawn Shearer  <shawn@shearerlaw.pro>
**Sent:**              Wednesday, October 24, 2018 5:51 PM
**To:**                 'Byrne, Matthew R. (Cincinnati)'; Kevin_Moser@ohsd.uscourts.gov
**Cc:**                 Cooper, Gillian A.
**Subject:**        RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203
                            Conference Phone Records


**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**


Mr. Moser

Thank you for taking the time to let me know the proper way to obtain phone records from Ms. Kelly's October 15 deposition from the Sixth Circuit IT Department. I appreciate your attention to this matter.

I also want to thank Mr. Byrne for confirming through this writing that, at no time -  either on the record during Ms. Kelly's October 15 deposition, nor any time since -  including Mr. Byrne's email to this Court today, has Defense counsel for First Data ever stated that Ms. Poole and Ms. Graesser were the ONLY parties conferenced into, or privy to Ms. Kelly's October 15 deposition via phone. That information is quite helpful.


**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Ave. #155-254
Dallas, TX 75204
(972) 803-4499
shawn@shearerlaw.pro


---

**From:** Byrne, Matthew R. (Cincinnati) [mailto:Matthew.Byrne@jacksonlewis.com]
**Sent:** Wednesday, October 24, 2018 3:06 PM
**To:** Kevin_Moser@ohsd.uscourts.gov; Shawn Shearer <shawn@shearerlaw.pro>
**Cc:** 'Cooper, Gillian A.' <Gillian.Cooper@saul.com>
**Subject:** RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Mr. Moser,

I am sorry that the court has been burdened with this matter. I do not understand Mr. Shearer's request or purpose. My recollection is that after Mr. Shearer arrived in the deposition room, Gillian Cooper verbally informed him that two in-house attorneys for First Data, Jill Poole and Lori Graesser, would be attending the deposition by telephone, and Mr. Shearer said this was okay. Then, after the deposition began, and while Mr. Shearer was in the room, Ms. Cooper identified everyone who was present in the room and stated on the record that Ms. Poole and Ms. Graesser were attending the deposition by telephone. (Lines 23 through 25 of the attached first page of the court reporter's rough draft of the deposition transcript confirms this, though Ms. Poole and Ms. Graesser's names were misspelled.) Neither

Mr. Shearer nor Ms. Kelly objected to Ms. Poole and Ms. Graesser's participation by telephone, either then or during the course of the deposition. I see no need for any further discussion or motion practice regarding this completely irrelevant issue. I assume Mr. Shearer has no further questions.

I have copied Mr. Shearer on this email.

Respectfully,

Matt

**Matthew R. Byrne**

Attorney at Law

**Jackson Lewis P.C.**

PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202

Direct: (513) 322-5030 | Main: (513) 898-0050

Matthew.Byrne@jacksonlewis.com  |  www.jacksonlewis.com

*Jackson Lewis P.C. is honored to be recognized as the "Innovative Law Firm of the Year" by the International Legal Technology Association (ILTA) and is a proud member of the CEO Action for Diversity and Inclusion initiative*

**From:** Kevin_Moser@ohsd.uscourts.gov <Kevin_Moser@ohsd.uscourts.gov>
**Sent:** Wednesday, October 24, 2018 3:27 PM
**To:** Shawn Shearer <shawn@shearerlaw.pro>
**Cc:** 'Cooper, Gillian A.' <Gillian.Cooper@saul.com>; Byrne, Matthew R. (Cincinnati) <Matthew.Byrne@jacksonlewis.com>
**Subject:** RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Mr. Shearer -

    I will forward this to Judge Bowman, however, despite your belief, the information you seek is something that would not be easily obtained.  The Court of Appeals for the Sixth Circuit's Information Technology Department operates and manages the telephone system in the courthouse, and they would be the only ones who may have a record of incoming or outgoing calls made from that room, should such records even exist.  And it will be very difficult to order the Court of Appeals to provide this information to a lower Court in a matter that does not concern them.

    As previously stated, your best option is to obtain the cooperation of Ms. Cooper in obtaining this information.  Hopefully, this can be accomplished.  Absent that, then I would say your only recourse would be to file a formal written motion with the Court, which will have to be accomplished by local counsel.  If Judge Bowman wishes to handle the matter differently, the parties will be so advised.

Kevin Moser
Courtroom Deputy to The Honorable Stephanie K. Bowman
USDC for the Southern District of Ohio
513/564-7665
kevin_moser@ohsd.uscourts.gov



From:       "Shawn Shearer" <shawn@shearerlaw.pro>
To:         <Kevin_Moser@ohsd.uscourts.gov>,
Cc:         <Clerks_Office@ohsd.uscourts.gov>, "'Byrne, Matthew R. \(Cincinnati\)'" <Matthew.Byrne@jacksonlewis.com>, "'Cooper, Gillian A.'"
<Gillian.Cooper@saul.com>
Date:       10/24/2018 03:11 PM
Subject:    RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Thank you for your e-mail and response. For the record, I was acting as counsel for Plaintiff Barger during Ms. Kelly's October 15 deposition. I am also Ms. Kelly's attorney with respect to her claims currently being investigated by the Ohio Civil Rights Commission. During Ms. Kelly's Court ordered October 15 deposition, three breaks were taken. The Order of Magistrate Judge Bowman indicated that Ms. Kelly was entitled to take three breaks (two for five minutes and one for 15 minutes). Ms. Kelly took one break in order to take prescription medication. Ms. Cooper initiated the other two breaks, thus denying Ms. Kelly use of her Court ordered break time. This denial of time in and of itself was not seen as problematic by Plaintiff's counsel at the time, and Ms. Kelly did not indicate that she wanted further breaks. However, Ms. Cooper, Ms. Robin Ording and Mr. Byrne left the room during each break and left the speaker phone line engaged each time.

It was not until Ms. Cooper called the third break after 4 pm that I realized that the phone line had been engaged and open during the entire deposition, including the prior two breaks. I thought it was odd that Ms. Cooper was using Ms. Kelly's designated break time, but Ms. Kelly was representing herself in the Barger deposition, and she gave no indication that she was upset by Ms. Cooper's actions, so I decided to allow things to proceed uninterrupted. The deposition reconvened on the record around 4:30 and finished at 5:00. Therefore, you are correct that the issue was not raised at the time.

The following day, I sent the attached e-mail to Ms. Cooper, Mr. Eidelman and Mr. Byrne asking them on behalf of Plaintiff who was on the call and for other relevant information, in the manner you suggested. I asked for the information to be provided to me by October 22, 2018 and informed Counsel that if I did not receive the information, I would seek other legal means to obtain it, which is why I contacted the Court yesterday, October 23, 2018. I still have not received any response from Ms. Cooper, Mr. Eidelman, or Mr. Byrne.

I was hopeful that the information could be easily obtained from the Court given that the deposition was ordered to occur at the Potter Stewart Courthouse and the phone used was in Room 203 at that location.

The phone records from Room 203 on October 15, 2018 are relevant evidence in both *Barger v. First Data* and in the upcoming *Kelly v. First Data* and will eventually be subpoenaed.

Thank you for your response.

To avoid any potential concerns about *ex parte* communication, I have included Ms. Cooper and Mr. Byrne as cc's on this e-mail.

Shawn E. Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499

www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

**From:** Kevin_Moser@ohsd.uscourts.gov [mailto:Kevin_Moser@ohsd.uscourts.gov]
**Sent:** Wednesday, October 24, 2018 10:59 AM
**To:** Shawn Shearer <shawn@shearerlaw.pro>
**Cc:** Clerks_Office@ohsd.uscourts.gov
**Subject:** Re: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Mr. Shearer -

    The Clerk's Office has forwarded your inquiry of October 23, 2018 to me regarding the above matter.  After discussing the issue with Magistrate Judge Bowman, this is to advise you that the Court is in no longer in a position to assist you with your request.  The proper procedure would have been to directly raise these concerns with the Court during the course of the deposition of Ms. Kelly on October 15, 2018.  Magistrate Judge Bowman was present in chambers all afternoon and standing by to address any objections or other issues requiring the Court's assistance.  As no issues were raised during the course of the deposition, the Court was of the belief that the deposition was conducted without incident.

    It is recommended that you contact First Data's counsel, Gillian Cooper about any telephone numbers she may have utilized (incoming or outgoing) from Room 203 during the course of the deposition.

Kevin Moser
Courtroom Deputy to The Honorable Stephanie K. Bowman
USDC for the Southern District of Ohio
513/564-7665
kevin_moser@ohsd.uscourts.gov



---

From:      "Shawn Shearer" <shawn@shearerlaw.pro>
To:        <Clerks_Office@ohsd.uscourts.gov>,
Date:      10/23/2018 02:11 PM
Subject:   Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

---

I am counsel for the Plaintiff Steve Barger in the above referenced case pending in EDNY with a miscellaneous case filed in S.D. Ohio to compel a non-party subpoena.

On October 15, 2018, a deposition of a non-party witness, Julie Kelly, occurred as ordered by Judge Bowman in Room 203 of the

Potter Stewart Courthouse. When I arrived at Room 203 at approximately 12 p.m., counsel for the defendant, First Data Corporation, had already used the conference phone on the table in Room 203 to conference-in several people to listen to the deposition. This conference phone line remained open and active the entire deposition, including breaks, allowing whoever was on the other end of the call to listen to conversations within the room while the deposition was off-the-record and First Data's counsel had left room 203 to go into a break-out room to have a private conversation.

Is there a way for me to find the information as to what numbers were called from, or received by, the conference phone in room 203 of the Potter Stewart Courthouse between 11:30 am and 5:00 pm on October 15, 2018, and the duration of those calls so I can be aware of who was on the other end of the call and listening (possibly recording), even during breaks?

If this e-mail is insufficient and a more formal request is required, or if I need to contact another department, please let me know. Thank you for your assistance.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**
[attachment "20181016 E-mail to counsel re Room 203 Phone Records.pdf" deleted by Kevin Moser/OHSD/06/USCOURTS]

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT E

| | |
|---|---|
| **From:** | Shawn Shearer <shawn@shearerlaw.pro> |
| **Sent:** | Thursday, October 25, 2018 2:28 AM |
| **To:** | Eidelman, Gary B.; Cooper, Gillian A.; Matthew.Byrne@jacksonlewis.com |
| **Cc:** | Callahan, Timothy W. |
| **Subject:** | Conference Call Information Second Kelly Deposition - Barger v. First Data - Second Request |
| **Attachments:** | attachment 1.pdf |

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Mr. Eidelman, Ms. Cooper and Mr. Byrne:

I am attaching the full email chain of yesterday's written discussion regarding Plaintiff Barger's request of October 16, 2018, including the copy of my original email requests, in one last effort to ask you to please comply with my wishes and provide me the information I seek. As is evident by Mr. Byrne's statement to the Court, Counsel is either unable, unwilling (or both) to state on any record that Ms. Graesser and Ms. Poole were the only parties on the conference call that Defense counsel initiated prior to Plaintiff's counsel's arrival at Ms. Kelly's October 15 deposition (Second Kelly Deposition) nor provide relevant details as to how the call was initiated, or the physical location of all parties on the phone call.

Further, Mr. Byrne's e-mail of October 23 did not include a denial to the Court that Defense counsel initiated breaks that were reserved exclusively for Ms. Kelly, ordered by Magistrate Bowman, then left the room with Ms. Ording in tow, and allowed First Data Counsel (and likely others), to remain on speaker phone, electronically eavesdropping (across state lines) on what could have been privileged conversations between Ms. Kelly and myself (in my capacity as her counsel in Kelly v. First Data, since Ms. Kelly appeared pro se in Barger v. First Data.) Mr. Byrne only answered one of the questions I asked on October 16, by confirming that Ms. Graesser and Ms. Poole were announced, but were not the only parties on the call.

Please answer my other inquiries by October 29, 2018 to avoid further escalation of this matter. These are not difficult questions. I am including Saul Ewing's Counsel Mr. Timothy Callahan on this communication, as he is aware that Saul Ewing will be witnesses and likely a party to Kelly v. First Data and I will notify Jackson Lewis' counsel as well.

This behavior is going to be at issue in both litigations. If there was no misconduct, simply answer my questions and we can put this to rest. Otherwise, I will have to prepare the appropriate subpoenas to the Sixth Circuit per the instructions of Magistrate Bowman's clerk. To be clear, Mr. Eidelman - Plaintiff Barger will not seek any extension of discovery time to complete this inquiry, as a motion addressing conspiracy among counsel to commit a crime or fraud, if proven true, can be brought at any point during his case, or Ms. Kelly's case.

If I am inaccurate in my assessment, please put this to rest by providing what is needed and we can all move on. Mr. Eidelman - you know very well I never make idle threats. Plaintiff wants to know if a deposition in his case was used for fraudulent or illegal purposes. We are going to find out. If you know that the deposition was not used in that manner, provide the necessary information and let's all get past this.

- Shawn Shearer

1

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
**Error! Hyperlink reference not valid.**
**Error! Hyperlink reference not valid.**
(972) 803-4499
www.shearerlaw.pro


**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**


Begin attachment:

Mr. Moser

Thank you for taking the time to let me know the proper way to obtain phone records from Ms. Kelly's October 15 deposition from the Sixth Circuit IT Department. I appreciate your attention to this matter.

I also want to thank Mr. Byrne for confirming through this writing that, at no time -  either on the record during Ms. Kelly's October 15 deposition, nor any time since -  including Mr. Byrne's email to this Court today, has Defense counsel for First Data ever stated that Ms. Poole and Ms. Graesser were the ONLY parties conferenced into, or privy to Ms. Kelly's October 15 deposition via phone. That information is quite helpful.


**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
**Error! Hyperlink reference not valid.**
**Error! Hyperlink reference not valid.**
(972) 803-4499
shawn@shearerlaw.pro


---

**From:** Byrne, Matthew R. (Cincinnati) [mailto:Matthew.Byrne@jacksonlewis.com]
**Sent:** Wednesday, October 24, 2018 3:06 PM
**To:** Kevin_Moser@ohsd.uscourts.gov; Shawn Shearer <shawn@shearerlaw.pro>
**Cc:** 'Cooper, Gillian A.' <Gillian.Cooper@saul.com>
**Subject:** RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Mr. Moser,

I am sorry that the court has been burdened with this matter. I do not understand Mr. Shearer's request or purpose. My recollection is that after Mr. Shearer arrived in the deposition room, Gillian Cooper verbally informed him that two in-house attorneys for First Data, Jill Poole and Lori Graesser, would be attending the deposition by telephone, and Mr. Shearer said this was okay. Then, after the deposition began, and while Mr. Shearer was in the room, Ms. Cooper identified everyone who was present in the room and stated on the record

2

that Ms. Poole and Ms. Graesser were attending the deposition by telephone. (Lines 23 through 25 of the attached first page of the court reporter's rough draft of the deposition transcript confirms this, though Ms. Poole and Ms. Graesser's names were misspelled.) Neither Mr. Shearer nor Ms. Kelly objected to Ms. Poole and Ms. Graesser's participation by telephone, either then or during the course of the deposition. I see no need for any further discussion or motion practice regarding this completely irrelevant issue. I assume Mr. Shearer has no further questions.

I have copied Mr. Shearer on this email.

Respectfully,

Matt


**Matthew R. Byrne**
Attorney at Law
**Jackson Lewis P.C.**
PNC Center
26th Floor
**Error! Hyperlink reference not valid.**
**Error! Hyperlink reference not valid.**
Direct: (513) 322-5030 | Main: (513) 898-0050
Matthew.Byrne@jacksonlewis.com | www.jacksonlewis.com
*Jackson Lewis P.C. is honored to be recognized as the "Innovative Law Firm of the Year" by the International Legal Technology Association (ILTA) and is a proud member of the CEO Action for Diversity and Inclusion initiative*

**From:** Kevin_Moser@ohsd.uscourts.gov <Kevin_Moser@ohsd.uscourts.gov>
**Sent:** Wednesday, October 24, 2018 3:27 PM
**To:** Shawn Shearer <shawn@shearerlaw.pro>
**Cc:** 'Cooper, Gillian A.' <Gillian.Cooper@saul.com>; Byrne, Matthew R. (Cincinnati) <Matthew.Byrne@jacksonlewis.com>
**Subject:** RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Mr. Shearer -

    I will forward this to Judge Bowman, however, despite your belief, the information you seek is something that would not be easily obtained.  The Court of Appeals for the Sixth Circuit's Information Technology Department operates and manages the telephone system in the courthouse, and they would be the only ones who may have a record of incoming or outgoing calls made from that room, should such records even exist.  And it will be very difficult to order the Court of Appeals to provide this information to a lower Court in a matter that does not concern them.

    As previously stated, your best option is to obtain the cooperation of Ms. Cooper in obtaining this information.  Hopefully, this can be accomplished.  Absent that, then I would say your only recourse would be to file a formal written motion with the Court, which will have to be accomplished by local counsel.  If Judge Bowman wishes to handle the matter differently, the parties will be so advised.

Kevin Moser
Courtroom Deputy to The Honorable Stephanie K. Bowman
USDC for the Southern District of Ohio
513/564-7665
kevin_moser@ohsd.uscourts.gov


From:      "Shawn Shearer" <shawn@shearerlaw.pro>
To:        <Kevin_Moser@ohsd.uscourts.gov>,
Cc:        <Clerks_Office@ohsd.uscourts.gov>, "'Byrne, Matthew R. \(Cincinnati\)'"
<Matthew.Byrne@jacksonlewis.com>, "'Cooper, Gillian A.'" <Gillian.Cooper@saul.com>
Date:      10/24/2018 03:11 PM
Subject:     RE: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203
Conference Phone Records

---

Thank you for your e-mail and response. For the record, I was acting as counsel for Plaintiff Barger during Ms. Kelly's October 15 deposition. I am also Ms. Kelly's attorney with respect to her claims currently being investigated by the Ohio Civil Rights Commission. During Ms. Kelly's Court ordered October 15 deposition, three breaks were taken. The Order of Magistrate Judge Bowman indicated that Ms. Kelly was entitled to take three breaks (two for five minutes and one for 15 minutes). Ms. Kelly took one break in order to take prescription medication. Ms. Cooper initiated the other two breaks, thus denying Ms. Kelly use of her Court ordered break time. This denial of time in and of itself was not seen as problematic by Plaintiff's counsel at the time, and Ms. Kelly did not indicate that she wanted further breaks. However, Ms. Cooper, Ms. Robin Ording and Mr. Byrne left the room during each break and left the speaker phone line engaged each time.

It was not until Ms. Cooper called the third break after **Error! Hyperlink reference not valid.** that I realized that the phone line had been engaged and open during the entire deposition, including the prior two breaks. I thought it was odd that Ms. Cooper was using Ms. Kelly's designated break time, but Ms. Kelly was representing herself in the Barger deposition, and she gave no indication that she was upset by Ms. Cooper's actions, so I decided to allow things to proceed uninterrupted. The deposition reconvened on the record **Error! Hyperlink reference not valid.** and finished **Error! Hyperlink reference not valid.**. Therefore, you are correct that the issue was not raised at the time.

The following day, I sent the attached e-mail to Ms. Cooper, Mr. Eidelman and Mr. Byrne asking them on behalf of Plaintiff who was on the call and for other relevant information, in the manner you suggested. I asked for the information to be provided to me by October 22, 2018 and informed Counsel that if I did not receive the information, I would seek other legal means to obtain it, which is why I contacted the Court yesterday, October 23, 2018. I still have not received any response from Ms. Cooper, Mr. Eidelman, or Mr. Byrne.

I was hopeful that the information could be easily obtained from the Court given that the deposition was ordered to occur at the Potter Stewart Courthouse and the phone used was in Room 203 at that location.

The phone records from Room 203 on October 15, 2018 are relevant evidence in both *Barger v. First Data* and in the upcoming *Kelly v. First Data* and will eventually be subpoenaed.

Thank you for your response.

To avoid any potential concerns about *ex parte* communication, I have included Ms. Cooper and Mr. Byrne as cc's on this e-mail.

4

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
**Error! Hyperlink reference not valid.**
**Error! Hyperlink reference not valid.**
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

**From:** Kevin_Moser@ohsd.uscourts.gov [mailto:Kevin_Moser@ohsd.uscourts.gov]
**Sent:** Wednesday, October 24, 2018 10:59 AM
**To:** Shawn Shearer <shawn@shearerlaw.pro>
**Cc:** Clerks_Office@ohsd.uscourts.gov
**Subject:** Re: Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

Mr. Shearer -

     The Clerk's Office has forwarded your inquiry of October 23, 2018 to me regarding the above matter.  After discussing the issue with Magistrate Judge Bowman, this is to advise you that the Court is in no longer in a position to assist you with your request.  The proper procedure would have been to directly raise these concerns with the Court during the course of the deposition of Ms. Kelly on October 15, 2018.  Magistrate Judge Bowman was present in chambers all afternoon and standing by to address any objections or other issues requiring the Court's assistance.  As no issues were raised during the course of the deposition, the Court was of the belief that the deposition was conducted without incident.

     It is recommended that you contact First Data's counsel, Gillian Cooper about any telephone numbers she may have utilized (incoming or outgoing) from Room 203 during the course of the deposition.

Kevin Moser
Courtroom Deputy to The Honorable Stephanie K. Bowman
USDC for the Southern District of Ohio
513/564-7665
kevin_moser@ohsd.uscourts.gov

_____

From:        "Shawn Shearer" <shawn@shearerlaw.pro>
To:          <Clerks_Office@ohsd.uscourts.gov>,
Date:        10/23/2018 02:11 PM
Subject:     Barger v. First Data 1:18-mc-00010 - 10/15/18 Deposition of Julie Kelly - Room 203 Conference Phone Records

I am counsel for the Plaintiff Steve Barger in the above referenced case pending in EDNY with a miscellaneous case filed in S.D. Ohio to compel a non-party subpoena.

On October 15, 2018, a deposition of a non-party witness, Julie Kelly, occurred as ordered by Judge Bowman in Room 203 of the Potter Stewart Courthouse. When I arrived at Room 203 at approximately **Error! Hyperlink reference not valid.**, counsel for the defendant, First Data Corporation, had already used the conference phone on the table in Room 203 to conference-in several people to listen to the deposition. This conference phone line remained open and active the entire deposition, including breaks, allowing whoever was on the other end of the call to listen to conversations within the room while the deposition was off-the-record and First Data's counsel had left room 203 to go into a break-out room to have a private conversation.

Is there a way for me to find the information as to what numbers were called from, or received by, the conference phone in room 203 of the Potter Stewart Courthouse between 11:30 am and 5:00 pm on October 15, 2018, and the duration of those calls so I can be aware of who was on the other end of the call and listening (possibly recording), even during breaks?

If this e-mail is insufficient and a more formal request is required, or if I need to contact another department, please let me know. Thank you for your assistance.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
**Error! Hyperlink reference not valid.**
**Error! Hyperlink reference not valid.**
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

[attachment "20181016 E-mail to counsel re Room 203 Phone Records.pdf" deleted by Kevin Moser/OHSD/06/USCOURTS]

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT F

| | |
|---|---|
| **From:** | Shawn Shearer <shawn@shearerlaw.pro> |
| **Sent:** | Thursday, October 25, 2018 12:01 PM |
| **To:** | Cooper, Gillian A. |
| **Cc:** | Eidelman, Gary B.; 'David Zeitlin' |
| **Subject:** | Documents Provided to Gardemal/ Missing Production/ Ohio |

Two questions:

1)   Why was the production on September 27, 2018 Bates stamped Gardemal 00076-00083? Where are Gardemal 00001 – 00075, and any documents after 00083?

2)   I sent you the e-mail regarding the Appendix B documents 5, 51, & 52 at 8:05 ET last night. You have responded with the e-mail below referencing Gardemal 00076-00083. By e-mail later at 10:35 ET, I asked where documents FDC00051566-FDC00052403 have been produced. Documents in this range are referenced by Mr. Gardemal in his expert report, but they have never been produced and they are not listed in Gardemal's Appendix B. In addition, these documents, from Gardemal's description, were very relevant to the deposition of Ms. Benhardt that occurred on August 22, 2018 (a week before the cut-off of discovery). Mr. Gardemal's Confidentiality Agreement was dated August 24, 2018. There was no reason for those documents to have been produced to me prior to Ms. Benhardt's deposition when they were available to Mr. Gardemal.

As one example, in Footnote 35 of Gardemal's report, he refers to e-mails from November 2016 within this missing Bates range – those e-mails have never produced to me and were not listed in Gardemal's Appendix B.

On a daily basis I am discovering discovery abuses. If these e-mails were available to your expert, they should have been available to me when I took Ms. Benhardt's deposition.

You still have not produced all the documents upon which Mr. Gardemal relies in his report and we are just three business days away from his scheduled deposition

You had the time this morning to answer the first e-mail, but have not had the time to answer the other? That adds even more suspicion.  FDC00051566-FDC00052403 were never produced.

When I add this onto the illegal surveillance conducted using federal phones in Potter Stewart Courthouse and the lies being told in Alabama, a conversation with Judge Block about discovery abuse is imminent.

Provide me all the information I have requested about the production of the missing Bates range, the missing Gardemal Bates numbers, and the responses to my questions regarding those listening/recording Ms. Kelly's deposition by the end of the day today.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

---

**From:** Cooper, Gillian A. [mailto:Gillian.Cooper@saul.com]
**Sent:** Thursday, October 25, 2018 8:42 AM
**To:** 'Shawn Shearer' <shawn@shearerlaw.pro>
**Cc:** Eidelman, Gary B. <Gary.Eidelman@saul.com>; 'David Zeitlin' <david@zeitlinlawfirm.com>
**Subject:** RE: Documents Provided to Gardemal

Shawn:

The documents referenced below were produced to you on September 27, 2018.



| Gillian A. Cooper |
|---|
| **SAUL EWING ARNSTEIN & LEHR LLP** |
| 650 College Road East, Suite 4000 | Princeton, NJ 08540 |
| Tel: 609.452.5021 | Fax: 609.452.6103 |
| gillian.cooper@saul.com | www.saul.com |

---

**From:** Shawn Shearer [mailto:shawn@shearerlaw.pro]
**Sent:** Wednesday, October 24, 2018 8:05 PM
**To:** Eidelman, Gary B.; Cooper, Gillian A.
**Subject:** Documents Provided to Gardemal

**\*\*EXTERNAL EMAIL\*\* - This message originates from outside our Firm. Please consider carefully before responding or clicking links/attachments.**

Gary & Gillian –

Please provide me the documents referenced in Mr. Gardemal's expert report in Appendix B as documents 5, 51, & 52.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Avenue #155-254
Dallas, TX 75204
(972) 803-4499
www.shearerlaw.pro

**THIS EMAIL MAY CONTAIN CONFIDENTIAL AND/OR PRIVILEGED INFORMATION AND IS INTENDED FOR USE ONLY BY THE NAMED RECIPIENT. ANY OTHER USE OF THIS INFORMATION OR ANY ATTACHMENTS IS FORBIDDEN. IF YOU RECEIVE THIS EMAIL IN ERROR, PLEASE DELETE ALL COPIES AND, IF POSSIBLE NOTIFY THE INTENDED RECIPIENT.**

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+

# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEVEN B. BARGER,                 *   Case No. 17-CV-04869 (FB)
                                  *
            Plaintiff,            *   Brooklyn, New York
                                  *   September 4, 2018
      v.                          *
                                  *
FIRST DATA CORPORATION, et al.,   *
                                  *
            Defendants.           *
                                  *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *

      TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE LOIS BLOOM
            UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          SHAWN SHEARER, ESQ.
                            Law Office of Shawn Shearer
                            3839 McKinney Avenue, #155-254
                            Dallas, TX  75204

                            DAVID A. ZEITLIN, ESQ.
                            Zeitlin & Zeitlin, P.C.
                            50 Court Street, Suite 506
                            Brooklyn, NY  11201

For the Defendants:         GARY B. EIDELMAN, ESQ.
                            Saul Ewing Arnstein & Lehr, LLP
                            One PPG Place, Suite 3010
                            Pittsburgh, PA  15222

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

3

1          I have to say quite honestly I think you might be

2     losing some of your perspective about the case -- because

3     you're representing your father-in-law -- filing four motions

4     to compel in a week and a half.

5          Again, nothing is going to prevent you from filing a

6     motion in this court.  But I think that when Judge Block

7     denied your motion in July, he cautioned you to consider the

8     merits of any future motion.  And when you moved to compel

9     back in June, I held a conference the next day and denied your

10    motion.

11          I think you're in earnest, trying to do your best

12    work for your father-in-law's case, but I really do think you

13    might be losing some perspective on this.

14          Let me just say I do understand that they hired

15    somebody the same day that they fired your father-in-law,

16    January 13th.  I get that.

17          I also get that if their defense to your father-in-

18    law's discrimination case is a reduction in force, which is

19    what they've said, I understand how having somebody hired at a

20    high salary, presumably high salary, would raise at least

21    hackles, if not more than hackles, on your back, and you want

22    to get at that information.  I got you on that.

23          But then when I read what the press release was --

24    which was supplied by Mr. Edelman -- and that you have had the

25    depositions of the people who were involved in the hiring of

1    in, and that the two were linked much earlier than that.  And

2    when he was forced on leave --

3                 THE COURT:  But how would Mr. Jackson know anything

4    about when they started the wheels in motion?

5                 MR. SHEARER:  Well, he would know when they talked

6    to him first.

7                 THE COURT:  It is irrelevant to your case.  Your

8    case is a reduction in force case where you're going to have

9    to prove that this was not a reduction in force.  Right?  They

10   have to prove it was.  I'm sorry.

11                MR. SHEARER:  But I have -- they have to prove --

12                THE COURT:  You have to prove it's discrimination.

13                MR. SHEARER:  -- my client was included in a

14   reduction in force.

15                THE COURT:  And you have to prove that the reduction

16   in force is a pretext for discrimination.  That's what the

17   case is about.

18                MR. SHEARER:  And part of that is that the plan was

19   to terminate him at the time that he -- they forced him to

20   take leave.

21                THE COURT:  But, wait.  Let's go back to when they

22   forced him to take leave.  Because that leads us to the

23   Voycheske dispute here.  So the Voycheske dispute -- and if I

24   recall correctly, Ms. Voycheske was the one who you tried to

25   get the daycare records from her child's daycare.  Is that

1    emails to me, when he says that he will not produce E.J.

2    Jackson, he will not produce Adam Rosman without a court

3    order, in order for me to come to you for an order -- and I've

4    chosen not to other than Mr. Jackson here -- I have to issue

5    the subpoena and I have to have something to ask you to

6    compel.  So I did that to create the record for the case we

7    needed in a motion to compel in those cases.

8            THE COURT:  But let me just suggest to you, sir, I

9    have not been inattentive.

10           In fact, when you made your last motion to compel, I

11   had you on within a day of getting that motion.  I have in

12   every way tried to indicate to you that I understand that

13   you're litigating a case for somebody that you believe was

14   discriminated against and that you need to get information

15   from the defendants because everybody knows that in

16   discrimination cases the information is somewhat asymmetrical.

17           I have not told you if you can't agree to something

18   with Mr. Eidelman that you should never write to the Court.

19   Here you made four motions to compel in a very short period of

20   time.  Why it couldn't be one motion to compel I have no idea

21   on four different topics.

22           But be that as it may, I really take -- I take you

23   at your word and still it does not appear to be reasonable.

24   It appears to be irrational.

25           MR. SHEARER:  I was thinking that the fact discovery