**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 MCKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

October 29, 2018

<u>Via ECF</u>
Honorable Lois Bloom, U.S.M.J.
U.S. District Court for the Eastern District of New York
22 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Steven Barger v. First Data Corporation et al.*, Civil Case No. 1:17-cv-4869
      Initial Response to ECF No. 80

Dear Judge Bloom:

  Depositions of both parties' expert witnesses are scheduled for October 30, 2018. Completion of discovery in *Barger v. First Data*, is imminent. Defense counsel is aware that I am traveling today. Yet they chose today, October 29, 2018, to file a letter requesting a show-cause status conference. [ECF No. 80] This letter is 13 pages long and contains 34 pages of exhibits. I intend to complete expert depositions tomorrow, travel home, and respond fully and completely to the baseless letter [ECF No.80]. I will do so by November 3, 2018. As I have repeatedly told defense counsel, Plaintiff intends to complete discovery timely.

  My initial reaction to ECF No. 80 is confusion. Defense counsel seems intent on using the discovery period extended to them in *Barger v. First Data* to muddle issues between this case and the *Julie Kelly v. First Data* case in Ohio. Ms. Kelly's claims against First Data are still pending before the Ohio Civil Rights Commission. Ms. Kelly's non-party deposition in *Barger v. First Data*, for which she appeared pro se, lasted five hours. Defense counsel spent less than an hour on topics related to *Barger v. First Data.* There is no legal justification for Ms. Kelly's yet to be filed case in the Southern District of Ohio to be brought before this Court. This Court's time should not be spent on matters currently before the Ohio Civil Rights Commission. The focus must remain on completing discovery in *Barger v. First Data* and moving towards trial.

  Defendants are at the end of discovery, again, conflating matters in remote jurisdictions to obtain further extensions of time in this very simple FMLA/ADA case. Ms. Kelly was on Defendants 26(a) disclosure from the beginning, yet no effort was made to begin to seek the testimony of a witness they know is beyond this Courts immediate jurisdiction until months into this process. This ruse is obvious. All of the issues within Mr. Eidelman's letter to Your Honor [ECF 80] could have, and still can, be resolved simply by Mr. Eidelman and Saul Ewing answering the questions raised in my initial, private, communications to them requesting information about access to the Kelly deposition, wherein I asked them to "please work with me."

  A full and complete response to ECF 80 will be filed this week.

              Very truly yours,
              <u>/s/ Shawn Shearer</u>
              Shawn Shearer
              Counsel for the Plaintiff