# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

November 15, 2018

**Via ECF**
Honorable Lois Bloom, U.S.M.J.
U.S District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
              Third-Party Discovery Status

Dear Honorable Judge Bloom:

    By electronic entry order of October 30, 2018, Your Honor declared that "discovery is closed" in *Barger v. First Data et al.* Out of an abundance of caution, even though discovery is closed, Plaintiff, Steven B. Barger, is providing this letter to comply with the electronic entry order of October 16, 2018, that has not been mooted, requiring Plaintiff to provide Your Honor a status update as to non-party depositions by November 16, 2018.

    Discovery commenced with the entry of Your Honor's January 18, 2018 Scheduling Order and was to end on August 31, 2018, with expert discovery to be completed by September 28, 2018. Defendants requested [ECF 54], and by electronic order on August 17, 2018 received, an extension of fact discovery to complete the depositions of non-parties in Alabama. Defendants then on September 17, 2018 requested [ECF 67], and by electronic order on September 18, 2018 received, an additional extension of time to complete non-party depositions in Alabama and also the newly added Ohio.[1] Discovery was closed by Your Honor's electronic entry order on October 30, 2018 with the Ohio deposition completed and without any depositions in Alabama having occurred.

    Defendants sought non-party discovery in Alabama. Plaintiff supplied the Court the grounds for his objection to the illegitimate justification advanced by Defendants for the extension of time for Alabama in Plaintiff's Reply in Support of Rule 72(a) Opposition [See ECF 74-9]. Plaintiff further objected to the discovery in Alabama because First Data received the answer to their questions directly from Plaintiff (see Exhibit A to ECF 79). No meet and confer ever occurred with the Alabama deponents. Motions to compel, for protective orders, and for sanctions, have been fully briefed and are pending, undecided, in the Northern District of Alabama (see docket N.D. Ala. 2:18-mc-01569-KOB).

    Non-party discovery in the Southern District of Ohio, outside of the scope of Defendant's original request for an extension of time [ECF 54], was completed on October 15, 2018 with the deposition of Ms. Julie Kelly and her production of documents as ordered. Plaintiff's counsel was in attendance at that deposition. Ms. Kelly's deposition was taken by Defendants from 12:00 p.m. to 5:00 p.m. After receiving their second extension of time, newly including Ohio, less than

---

[1] Ohio was not included in the original extension request ECF 54, and its inclusion in ECF 67 was new.

one hour was spent by Defense counsel asking Ms. Kelly questions about the substantive facts involved in the Barger v. First Data case pending before this court.

As Plaintiff noted in his October 12, 2018 update regarding the status of non-party discovery [ECF 79], the non-party discovery in Ohio and Alabama were being sought for illegitimate purposes. Ohio discovery was late and outside of the scope of Rule 26(b)(1) and was being sought from a former First Data employee that herself has filed a charge of discrimination against First Data. [See ECF 76] The Alabama discovery was being sought solely to embarrass and harass Plaintiff, his family, and his financial professionals by demanding depositions of Plaintiff's son and Plaintiff's former tax preparer. [See ECF 74-9]  The proposed Alabama depositions related to Plaintiff's activities and income prior to his employment by First Data and were duplicative of the information already provided by Plaintiff to Defendants. Also, the scope of the Alabama document production subpoenas was well beyond the reasons articulated by Defendants in their first request that Your Honor extend time for fact discovery [ECF 54], and the "subpoenas" did not include the proper Rule 30(b)(6) topics for deposition of an entity's representative.

The non-expert, non-party depositions sought by Defendants in this case were limited to only: two of Plaintiff's healthcare professionals (Baddour M.D. and Parrish R.N. completed 06/25/18), <u>one</u> former direct report of Plaintiff Barger at First Data (Ms. Kelly, who received her subpoena only after she had filed her own charge of discrimination against First Data, completed 10/15/18), and Plaintiff's son and Plaintiff's former tax preparer (not completed).[2]

The non-expert, non-party depositions taken by Plaintiff in this case were a former First Data employee (Josh King completed 05/31/18) and three current First Data employees (Ording, Steffen, and Benhardt, completed 05/31/18, 08/21/18, and 08/22/18, respectively, and all timely and within the original fact discovery deadline of 08/31/18).

Expert reports were exchanged between the parties the week ending September 28, 2018, and the parties each deposed the other's expert on October 30, 2018.

A pre-motion conference on each party's proposed Rule 56 Motions [ECF 79 & 80] is scheduled with Honorable Judge Block on December 5, 2018.

This letter is being provided solely to comply with Your Honor's October 16, 2018 electronic entry order requiring Plaintiff to "file a letter by November 16, 2018 regarding the status of the non-party depositions." Plaintiff is proceeding based on Your Honor's electronic entry order of October 30, 2018 that "discovery is closed."[3]

                                                Very truly yours,
                                                /s/ Shawn E. Shearer
                                                *Attorney for the Plaintiff*

---

[2] Defendants did not even begin asking for dates to depose the Plaintiff, himself, until July 2018, 6-months into discovery, with only six-weeks remaining in the fact discovery period when Plaintiff Barger's subpoena was issued. Then, based on Plaintiff's deposition on August 10, 2018, Defendants sought additional time (twice) to conduct non-party discovery in remote jurisdictions.

[3] Discovery related motions remain fully briefed and undecided in both the Northern District of Alabama and the Eastern District of New York.