# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

May 1, 2019

**Via ECF**

Honorable Frederic Block, U.S.D.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Steven B. Barger v. First Data Corporation et al.*,
              Civil Case No. 1:17-cv-4869

Dear Judge Block:

    By letter (ECF 96), Defendants asked for the Court's advisement as to whether supplemental briefing on the implications of *Natofsky v City of New York* is needed to supplement the cross-motions for summary judgment briefing in this case (ECF 94 to 94-19). Plaintiff's position is that *Natofsky* does not justify further briefing in this case.

    Whether the standard is "but for" or "motivating factor," Plaintiff's basis for entitlement to summary judgement on his ADA claims is not impacted. Plaintiff's claim was clearly described on page 3 of ECF 94-17:

> "The evidence is clear that Plaintiff's disability was the <u>SOLE</u> motivating factor in Marino's decisions to (i) force Plaintiff onto unpaid leave (with the opportunity for reduced payments under STD benefits), and (ii) revoke Plaintiff's remote access reasonable accommodation. "

    The defense is confusing "forced leave/revocation of accommodation" with "discriminatory termination." *Natofsky* has no implications for Plaintiff's ADA claims. Even if *Natofsy* did apply: (i) but for Plaintiff's disability, Plaintiff would not have been forced to take leave; and (ii) but for Plaintiff taking leave, Plaintiff's remote access reasonable accommodation would not have been revoked. Additional briefing on *Natofsky* is not needed, as ECF 94 to 94-19 address the issue, and the letter (ECF 96) simply is more delay. If the Court requests additional briefing on *Natofsky*, the Plaintiff is prepared to address the issues.[1]

                                                      Respectfully submitted,

                                                      /s/ Shawn E. Shearer

                                                      *Attorney for the Plaintiff*

cc:  All Counsel of Record (via ECF)

---

[1] Plaintiff agrees that scheduling for pre-trial matters in preparation of the June 17, 2019 trial date is needed.