# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

September 2, 2019

<u>Via ECF</u>
Honorable Frederic Block, U.S.D.J.
U.S District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
              Pre-Trial Conference Scheduled for September 6, 2019
              Jury Selection/ Instructions/Verdict Forms/Motions In Limine/Conference Issues

Dear Honorable Judge Block:

    During the May 22, 2019 hearing on Defendants' Motions pursuant to Rule 56, Your Honor and the parties reached agreements as to the on-going pre-trial process. At that hearing, Your Honor indicated that you believed that your practices of jury selection, jury instruction, and jury verdict forms worked and that if the parties had thoughts on the matter, we were free to submit them to you by letter. Plaintiff took those statements to heart and looked forward to a discussion on these issues at the pre-trial conference. Defendants, on the other hand, filed their exhibit and witness lists, proposed instructions, proposed voir dire, proposed written questionnaires, and two Motions *In Limine*, all contrary to Plaintiff's understanding of how the parties had agreed we were going to proceed towards trial. Below is a brief discussion to advise Your Honor of Plaintiff's intentions as to the jury and evidentiary issues, and as to issues to be considered at the pre-trial conference on September 6, 2019.

## Jury Selection

    As reflected in the minute order of the hearing on May 22nd, both parties consented to a law clerk selecting the jury. The process as I understood it explained was that the clerk would conduct the juror questioning and the parties agreed that we would be given the opportunity to submit written, limited follow-up questions, based on juror responses to the clerk's question, for the clerk to further ask. The Defendants have submitted suggested *voir dire* questions and a proposed juror written questionnaire. [ECF Nos. 105 & 106] The Plaintiff will not be submitting similar documents as the Plaintiff did not believe that was the agreement of the parties.  The Plaintiff is comfortable with Your Honor's selection process as the parties agreed.

## Jury Instructions

    As I recall the May 22, 2019 hearing, Your Honor indicated, rightly, that you were confident in your abilities to write jury instructions and that if the parties had suggestions, we should write to you with those suggestions. The Defendants have filed twenty-seven proposed instructions. The Plaintiff will be prepared to discuss and levy his objections against those proposals before the expiration of the Rule 51 objection period. The Plaintiff does have thoughts on several of the

Honorable Frederic Block, U.S.D.J.
September 2, 2019                                                                                                                Page 2

Defendant's proposed instructions that can be discussed at the pre-trial conference if the Court desires.

The Defendants proposed instructions mischaracterize the Plaintiff's claims in an effort to try a case they can win instead of the case that is before us. The Plaintiff's claims are simple:

(i)   Forcing the Plaintiff to take unpaid leave because of his disability violated the ADA;

(ii)  Forcing leave and then cutting Plaintiff's access to systems he was using to perform his job was a revocation of Plaintiff's reasonable accommodation in violation of the ADA;

(iii) Defendants' failure to reinstate Plaintiff after Plaintiff delivered, and Defendants accepted, his physician's return to work authorization interfered with Plaintiff's entitlement to return to his position or an equivalent position under the FMLA; and

(iv) Plaintiff was terminated because he exercised his FMLA right to be reinstated.

The Plaintiff is not claiming he was terminated because of his disability or because he took leave. Plaintiff is not claiming he was terminated in retaliation for his "taking leave." The Plaintiff is not claiming he was selected for inclusion in a "RIF" (whatever that term means) because he took leave or was disabled. The Defendants' proposed instructions create strawmen. The instructions must reflect the Plaintiff's actual claims, not the claims Defendants wish were being made.  All of Plaintiff's claims are based upon the Plaintiff's desire to work, not Plaintiff seeking to avoid work.

The Plaintiff will prepare and provide prior to Rule 51 objections, or such other time as the Court directs, Plaintiff's thoughts and proposals on jury instructions, with emphasis on the following issues that should be included:

(i)     An instruction incorporating 29 C.F.R. §825.216 that places the <u>burden of proof on the Defendants</u> "to show that the <u>employee would not otherwise have been employed at the time reinstatement is requested</u> in order to deny restoration to employment" [<u>See</u> e.g. Eighth Circuit Civil Instruction 14.61] ;

(ii)    An instruction incorporating 29 C.F.R. §825.214 that provides an employee is entitled to be returned to the same position or an equivalent position even if the employee "has been <u>replaced</u> or his or her position <u>restructured</u> to accommodate the employee's absence."

(iii)   An instruction defining the meaning of "equivalent position";

(iv)    An instruction incorporating the concept of imputing corporate knowledge (i.e. facts related to the business/employment of Plaintiff  known by a senior executive are facts known by the corporation) – In the Defendant's proposed instruction No. 3, Defendants concede that a corporation can only act through its employees, agent,

        directors, or officers and similarly the jury should be instructed that the corporation's knowledge is comprised of the aggregate knowledge of those same individuals;

(v)     An instruction incorporating the over-arching principle of *Graziado* that an individual is an FMLA employer if he or she "controlled in whole or in part plaintiff's rights under the FMLA" rather than looking solely at the four non-exclusive factors developed under the FLSA;

(vi)     An instruction incorporating the burden of the Defendant to show Plaintiff failed to exercise reasonable diligence in attempting to mitigate damages (the 2nd Circuit has held that reasonable diligence is not onerous burden and does not require the Plaintiff to be successful).

(vii)     If a FMLA liquidated damages instruction is provided,[1] it should emphasize the significant burden placed on the Defendant, not the Plaintiff, under 29 U.S.C. §2617, and that the Plaintiff need not prove the Defendants acts that violated the FMLA were not taken in good faith[2] or that the Defendants did not have reasonable grounds for believing that their acts were not a violation. The presumption is an award of liquidated damages. These standards are a significantly higher burden on the Defendants than reflected in the instructions provided by Defendants;

(viii)     An ADA punitive damages instruction;

(ix)     An instruction, if an advisory opinion on front pay is sought, on the calculation of front pay; and

(x)     An instruction setting forth the parties admitted and stipulated facts, which are numerous given the admissions in the Answer.

---

[1] The Third Circuit FMLA Instruction 10.4.4 provides that no instruction on FMLA liquidated damages is required. "29 U.S.C. § 2617 provides for a mandatory award of liquidated (double) damages, for any award under the FMLA. No instruction is necessary on liquidated damages, however, because there is no issue for the jury to decide concerning the availability or amount of these damages. The court simply doubles the award of damages found by the jury. . . . No instruction is necessary on good faith, either, because the question of good faith in this circumstance is a question for the court. The jury has no authority to reduce an award of liquidated damages under the FMLA."

[2] The issue related to potential juror confusion between the "good faith" standard for purposes of ADA punitive damages and the "good faith" standard for FMLA liquidated damages will need to be addressed in the instructions as well.

Jury Verdict Forms[3]

As with the jury selection and jury instructions, Plaintiff's understanding was that Your Honor would be writing the jury verdict form and that suggestions before the Rule 51 instruction objection deadline were welcome by letter. The Plaintiff's position is that the issues in this case are straight forward and a general verdict form is all that is needed. However, if a special verdict or special interrogatories are used, the Plaintiff's suggestions for the verdict form would be in-line with Plaintiff's jury instruction comments above. The Plaintiff will suggest, for example and not exhaustively, the following special verdict or interrogatories:

- Did the Defendants prove by a preponderance of the evidence that Plaintiff would not have been employed by First Data at the time Plaintiff requested reinstatement?

- Did the Plaintiff prove by a preponderance of the evidence that Plaintiff was replaced in his job for purposes of accommodating his absence while on leave?

- Did Plaintiff prove by a preponderance of the evidence that Plaintiff's position was restructured to accommodate Plaintiff's absence while on leave?

- Did the Plaintiff prove by a preponderance of the evidence that [Name of Individual Defendant] controlled in whole or in part Plaintiff's rights to take leave and be reinstated from leave?

- Did Plaintiff prove by a preponderance of the evidence that he was terminated because he requested to be reinstated from leave?

- Did Plaintiff prove that Defendant's revoked Plaintiff's remote access accommodation in violation of the ADA?

Motions In Limine

The Plaintiff will be filing an Opposition to Defendants' Motions *In Limine* [ECF No. 108]. The Plaintiff also will be seeking an order excluding presentation of evidence or statements on the following:[4]

---

[3] The choice of the first word in Defendants proposed instructions gives light to the manipulative nature of their proposed form. When the burden is on the Plaintiff, the Defendants' jury question begins "**Did the Plaintiff prove X**". When the burden is on the Defendant, the jury question begins "**Have the Defendants proven x**". These phrasings of questions when the preponderance burden is the same, and the resulting reversing of the tense of the question, must be eliminated and consistency applied. "Did" implies a doubt and a question as to whether the standard of proof was met. "Have" implies a foregone conclusion and suggestion that the burden of proof has been met.

[4] Defendants attempt to try to bifurcate the trial into liability and damages phases in their motion. As Your Honor said during the pre-motion conference on Plaintiff's Rule 12(c) Motion back in January 2018, it is difficult to separate the head from the tail. Bifurcation a trial into liability and damages phases is not judicially efficient. If we are to be trying both issues, then a witness or evidence should be presented as to both at the same time. If the trial is

- Defendant's expert Dr. Gardemal's Scenarios 1 and 2 of his report.

    Dr. Gardemal prepared three damages scenarios. The first two scenarios are inconsistent with the damages standards under the ADA and FMLA. Scenario 1 being simply what Barger would have received had he signed his severance agreement at the time of termination. Scenario 2 being damages only for the period of expected unemployment without regards to the job or compensation received to end that unemployment, and not based upon obtaining employment commensurate with his position at First Data. Both of these concepts are inconsistent with the back-pay calculations under the ADA and FMLA. Both approaches conclude that Mr. Barger's damages cannot exceed a year, and this case has been ongoing for more than 2.5 years. Gardemal's Scenarios 1 and 2 should be excluded as inconsistent with the legal standards for measuring back-pay, as back-pay continues to accrue as time goes by, it does not end based upon a hypothetical taking of whatever job presents itself. Scenario 3 calculates damages through Barger's expected work-life and, while Plaintiff has issues with the methods, this scenario is not blatantly inconsistent with the law, as it calculates back pay (including mitigation from consulting) and estimates front-pay based on an average 72 year olds expected remaining work life. Plaintiff was not a standard 72-year old when terminated and his expected work-life is more than the 3.3 years (we are 2.5 years into those 3.3 years already) used in Gardemal's calculations.

- Evidence that Ms. Graesser and Ms. Whalen were formerly defendants in this case.

- Evidence or statements as to the familial relationship between the Plaintiff and Plaintiff's counsel – Plaintiff's counsel being the Plaintiff's son-in-law.

- Plaintiff's tax returns for periods prior to Plaintiff's employment with First Data.

    These tax returns have no relevance to Plaintiff's post-termination damages or mitigation efforts. Defendants are attempting to exclude evidence as to their income and net worth at times relevant to this litigation. Plaintiff's income and taxes prior to even being employed by First Data should be excluded under Defendants' own standards.

Voycheske Testimony Issues

At the pre-trial conference, Plaintiff intends to raise the following issue. The Defendants have listed Ms. Jennifer Voycheske on their witness list [ECF No. 101]. Ms. Voycheske has submitted two affidavits during this litigation [Attachment to Defendant's Opposition ECF No. 37-1 to Plaintiff's Rule 12(c) Motion, and separately filed affidavit ECF No. 51]. Plaintiff has raised issues with the veracity of these affidavits and with Defendants' counsel participation in the preparation of inconsistent affidavits. See ECF Nos. 64 (pgs. 20-24), 64-7, 64-8, 64-10, 64-11, 74 (pgs. 5-8), 74-1. If Jennifer Voycheske testifies, the veracity of these affidavits will

---

to be bifurcated, the Plaintiff reasserts his arguments within his 12(c) Motion and Rule 56 Motion as to the liability of Defendants, and the only issue to be tried is damages. But, if the trial is not to be bifurcated, there should be no limitation on evidence going towards damages (including future damages and front-pay).

become an issue and counsel's participation in the preparation of the factual statements contained therein will be an issue. Exhibit A-2 contained in ECF No. 74-1 contains an email exchange involving Mr. Eidelman and Mr. Cianfichi relevant to the issues that will arise in examination of Ms. Voycheske, and that examination may make Mr. Eidelman and/or Mr. Cianfichi witnesses, both are counsel of record for the Defendants.

    The Plaintiff looks forward to our pre-trial conference on September 6, 2019.

> Very truly yours,
> /s/ Shawn E. Shearer
> *Attorney for the Plaintiff*