# THE LAW OFFICE OF SHAWN SHEARER, P.C.
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

September 23, 2019

**Via Electronic Mail**
Honorable Frederic Block, U.S.D.J.
U.S District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
      FRCP 51(c) Objections to Instructions and Verdict Form

Dear Honorable Judge Block:

 The Plaintiff has received Your Honor's proposed draft of jury charges as of September 22, 2019. The Plaintiff has the following objections to those proposed instructions:

1. <u>FMLA Claims (pg. 15)</u>

 The Plaintiff objects to the language of the third-paragraph under the FMLA Claims Section on page 15 of the draft Instructions. The Plaintiff agrees with the first two sentences and a half sentences:

> Here Plaintiff was on medical leave no earlier than October 24, 2016. Therefore, he had not exhausted his 12-week entitlement to leave time before he was terminated on January 13, 2017. That termination was unlawful unless, . . .

The remainder of that paragraph "the defendant proved by a preponderance of the evidence that the termination was due to its reduction-in-force, as I previously explained that to you." is an inaccurate statement of the law.

 The issue at bar is whether the failure to reinstate the Plaintiff was a violation of Plaintiff's right to be restored under the FMLA. There is no "reduction-in-force" defense in the FMLA and Title VII concepts regarding a reduction-in-force are not applicable.

 29 C.F.R. §825.214 provides that an employee is entitled to be restored to his position or an equivalent position even if he had been replaced or his job restructured to accommodate his absence. Plaintiff's position is that the "RIF" upon which Defendants rely is a restructuring and therefore not an excuse for failing to reinstate after Plaintiff delivered his physician's note authorizing his return without restrictions.

 This instruction also is not consistent with 29 C.F.R. § 825.216. That regulation places the burden of proof on the employer to demonstrate that the employee would have been terminated prior to the employee's request for reinstatement. Even if a RIF is ongoing, if the employee requests reinstatement before he is terminated, the employer is liable for interference with the

employee's entitlement to reinstatement. The defendants must do more than simply prove plaintiff was terminated as part of a reduction in force to avoid the obligation to restore. The defendants must prove by a preponderance of the evidence that the plaintiff would have been terminated even if he had been at work prior to the date he requested reinstatement.

2. Mitigation Instruction (p.18 to 19)

Defendants bear the burden of proof on issues of mitigation. *Broadnax v. City of New Haven*, 415 F.3d 265, 269-70 (2d Cir 2005). "[T]his obligation is not onerous and does not require the [plaintiff] be successful." *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 695 (2d Cir. 1998). Plaintiff Barger testified as to his reasonable efforts.

The Defendants have presented no evidence as to Plaintiff's lack of mitigation. The Defendants have not engaged on this issue. The Plaintiff objects to the inclusion of this instruction because the issue of mitigation is not at issue and Defendants have produced no evidence as to that issue for the jury to consider.  The instruction adds to the issues to be considered by the jury, the burden of the jury, and is prejudicial by asking the jury to look for evidence of lack of mitigation that is not there.

3. Jury Verdict Form

Question 1a:  Plaintiff objects to the Jury Verdict Form Question 1.a. distributed to the parties on September 22, 2019. As written, the form asks "Is First Data liable under the ADA for revoking plaintiff's remote email access?" Plaintiff's claim is broader than the revocation of access to e-mail, and includes the forcing of leave and the cutting of access to other systems besides e-mail.  The Plaintiff would suggest the following:

> Is First Data liable under the ADA for placing plaintiff on leave and revoking plaintiff's remote access to First Data's systems?"

Question 2a: Plaintiff objects to the Jury Verdict Form Question 2.a. distributed to the parties on September 22, 2019. As written, the form asks "Is First Data liable under the FMLA for terminating plaintiff's employment?" The question is not consistent with the plaintiff's claim that the Defendants interfered with Plaintiff's right to restoration of employment to his position or an equivalent position at the end of his leave. The termination is not as important as the failure to restore. Plaintiff would suggest the following:

> Is First Data liable under the FMLA for failing to reinstate plaintiff to his position or an equivalent position?

Except as otherwise noted above, the Plaintiff has no further objections to the instructions and verdict form distributed to the parties on September 22, 2019. Plaintiff reserves all rights to object to any further modifications or revisions to the instructions.

---

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204

                Very truly yours,

                Shawn Shearer
                The Law Office of Shawn Shearer, P.C.
                3839 McKinney Ave. #155-254
                Dallas, TX 75204
                (972) 803-4499
                shawn@shearerlaw.pro
                Attorney for the Plaintiff