

Gary B. Eidelman
Phone: (410) 332-8975
Fax: (410) 332-8976
Gary.Eidelman@saul.com
www.saul.com

October 18, 2019

**Via ECF**

Honorable Frederic Block, U.S.D.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Steven B. Barger v. First Data Corporation*
               Civil Case No. 1:17-cv-4869

Dear Judge Block:

      We are regrettably compelled to seek a remedy from this Court for the continued egregious behavior of Plaintiff Steven Barger and his counsel Shawn Shearer, who are now attempting to threaten and intimidate witness Joseph Plumeri in apparent retaliation for his trial testimony.

      As you will recall, the jury returned a verdict in favor of Defendant First Data Corporation on all counts on September 24, 2019. The parties are currently within the applicable period to file post-trial motions and/or notices of appeal. Despite the active nature of this case, on October 11, 2019, Mr. Shearer sent a letter to Mr. Plumeri, the first witness he called to testify in Mr. Barger's case-in-chief, advising Mr. Plumeri of Mr. Barger's intention to sue him personally because of his testimony at the trial. A true and correct copy of the October 11, 2019, letter is attached as Exhibit 1.[1]

      This morning, Mr. Plumeri received a second letter from Mr. Barger dated October 11, 2019, that had been sent to his Florida address. This letter demands that Mr. Plumeri pay $6.5 million to release what Mr. Barger purports to be claims of alleged theft of intellectual property, all of which he asserts arise out of Mr. Plumeri's testimony at the Barger trial.[2]

      This Firm also represents Mr. Plumeri personally. Today we filed a Complaint for

---

[1] Mr. Shearer also sent threatening letters to Fiserv and Adam Rosman regarding the anticipated lawsuit against Mr. Plumeri and others, for the preservation of documents. True and correct copies of those letters are attached as Exhibit 2.

[2] The second letter from Barger, received this morning, is attached hereto as Exhibit 3.

500 E. Pratt Street ♦ Suite 900 ♦ Baltimore, MD 21202-3133
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Declaratory Judgment in the United States District Court for the Eastern District of New York to protect Mr. Plumeri's interests, which we designated as "related to" the underlying *Barger* case. That case is styled as *Joseph J. Plumeri II v. Steven B. Barger*, Civil Action No. 1:19-cv-05896. Defendant First Data Corporation brings this matter to the Court's attention to prevent Barger and his counsel from further threatening a witness in this still active and pending case.[3]

In the October 11, 2019 letter, Mr. Barger notifies Mr. Plumeri that he intends to sue him by the end of the year for claims arising out of his sworn testimony at trial including, but not limited to, fraud in the inducement, breach of contract, unjust enrichment, conversion, theft of intellectual property, defamation, slander, and unjust enrichment. Today's letter threatens additional intellectual property claims, again based on Mr. Plumeri's trial testimony. Plaintiff's letters raise a number of significant concerns that require the Court's intervention. First, Plaintiff is threatening to sue a witness because of testimony he gave in this active and pending case. Plaintiff still has time to move for a new trial and/or appeal the verdict. If successful, Plaintiff would then put Mr. Plumeri in the position of having to testify again, this time under the intimidating threat of litigation.

Mr. Barger's threats to sue Mr. Plumeri are clearly asserted to harass, bully and intimidate. Under New York law, a witness has absolute immunity for testimony given at trial under the well-established and recognized "witness privilege" that applies to Mr. Plumeri's testimony in this case. *See, e.g.*, *Weitz v. Wagner*, 2008 WL 5605669, at *7 (E.D.N.Y. July 24, 2008), where the court explained:

> Statements uttered in the course of a judicial or quasi-judicial proceeding are absolutely privileged so long as they are material and pertinent to the questions involved notwithstanding the motive with which they are made. This absolute privilege attaches to every step of a judicial proceeding, not just the hearing and trial phase. Furthermore, the privilege attaches to witnesses as well as judges, parties, and attorneys.

*See also Long v. Marubeni Am. Corp.*, 406 F. Supp. 2d 285, 293-95 (S.D.N.Y. 2005) (discussing the absolute privilege for alleged defamatory statements in judicial proceedings. The prohibition against suing a witness extends to any action that may arise out of their testimony, including claims for fraud, breach of contract, or other torts.[4] By the clear law of New York, Plaintiff cannot sue Mr. Plumeri for claims that he, as here, alleges to arise solely out of testimony as a witness. *Toaspern v. LaDuca Law Firm LLP*, 154 A.D.3d 1149, 1151, 63 N.Y.S.3d 128, 130 (N.Y. App. Div. 2017). It is this same witness privilege that forms the basis for Mr. Plumeri's Complaint for Declaratory Judgment.

---

[3] As of the filing of this letter, Mr. Barger has not yet moved for a new trial or noted his appeal.

[4] *See Retina Assocs. of Long Island, P.C. v. Rosberger*, 299 A.D.2d 533, 533, 751 N.Y.S.2d 50, 52 (2002) (affirming dismissal of complaint for fraud because factual allegations were based on defendant-witness's testimony in an arbitration proceeding); *Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302, 314 (S.D.N.Y. 2019) (dismissing claim for breach of contract based on the absolute privilege); *Geer v. Gates Chili Cent. Sch. Dist.*, 321 F. Supp. 3d 417, 423-425 (W.D.N.Y. 2018), *aff'd sub nom. Geer v. Employee Health Referral Sys., Inc.*, 768 F. App'x 55 (2d Cir. 2019) (dismissing claims of intentional infliction of emotional distress and fraud because the claims arose from testimony in a quasi-judicial proceeding that made the witness "absolutely immune from liability for his testimony").

Honorable Frederic Block, U.S.D.J.
U. S. District Court for the Eastern District of New York
October 18, 2019
Page 3

During the course of this litigation, outside of the courtroom, Mr. Shearer and Mr. Barger have repeatedly leveled threats, hurled insults, and intimated dire consequences would befall defendants and their counsel should they not yield to their demands. Correspondence authored by both Mr. Shearer and Mr. Barger can be provided to the Court upon request. Even within the Court, Mr. Shearer's antics have been notable, and Mr. Shearer has been repeatedly warned and admonished by this Court and by Judge Bloom for his behavior. Mr. Shearer has no basis for threatening a witness in an active case with claims that he, as a lawyer admitted *pro hac vice* in this Court, knows (or should know) he cannot bring on behalf of his client. The letters dated October 11, 2019, are just the latest in a consistent pattern of misconduct by Mr. Shearer.

Accordingly Defendant First Data Corporation requests that the Court issue an order under its equitable powers:

1. Prohibiting Plaintiff and his counsel from having any direct or indirect contact with Joseph Plumeri, Frank Bisignano, Anthony Marino, Dan Charron, Rhonda Johnson, Karen Whalen, Jennifer Voycheske, Matt Cagwin, or Justin Stamey, who testified at trial in this matter, until this case is concluded in its entirety, including any appeals;

2. Prohibiting Plaintiff and his counsel from threatening, initiating, or filing a lawsuit or other proceeding against Joseph Plumeri, Frank Bisignano, Anthony Marino, Dan Charron, Rhonda Johnson, Karen Whalen, Jennifer Voycheske, Matt Cagwin, or Justin Stamey for any claims arising out of their testimony at trial;

3. Prohibiting Plaintiff and his counsel from perpetuating or acting upon any of the threats set forth in the letters dated October 11, 2019, until this case is concluded in its entirety, including any appeals; and

4. Requiring Plaintiff pay Defendant its attorneys' fees and costs incurred in connection with drafting this letter and responding to his letters dated October 11, 2019.

Should the Court request a hearing on this matter, we will be available. Thank you for your consideration of this serious matter.

Respectfully submitted,

Gary B. Eidelman

cc:   All Counsel of Record (via ECF)