**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

STEVEN B. BARGER,

    Plaintiff,

v.                                            Civil Case No. 1:17-cv-04869-FB-LB

FIRST DATA CORPORATION,

    Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S BILL OF COSTS**

Defendant First Data Corporation, by and through its undersigned counsel, respectfully submits this Memorandum in Support of Defendant's Bill of Costs. The taxable costs that should be awarded to First Data are **$32,662.49.**

    **1.**     **First Data is Entitled to Costs.** On September 24, 2019, the jury returned a verdict in favor of First Data. *See* ECF Doc. 134. On September 24, 2019, the Court dismissed the Complaint in its entirety. *See* ECF Doc. 133. As the prevailing party, First Data is entitled to an award of taxable costs. 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Rule 54.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

    **2.**     **Fees for Deposition Transcripts.** Fees for deposition transcripts used in support of a motion or used or received into evidence at the trial, regardless of whether or not used in their entirety, are taxable under 28 U.S.C. § 1920(2) and Local Rule 54.1(c)(2). As more fully set forth below, the total costs incurred for depositions are **$21,020.53** (*see infra* subsections (a), (b), and (c). *See* Bill of Costs; Affidavit of Gary B. Eidelman, attached as <u>Exhibit A</u>.

        **(a)**     **Deposition Transcripts in Support of Summary Judgment.** Local Rule 54.1(c)(2) authorizes the recovery of costs for depositions where the transcripts "were used by

the Court in ruling on a motion for summary judgment or other dispositive motion." In considering the taxing of deposition costs, courts have interpreted the term "used" broadly and include costs of depositions and deposition transcripts so long as they were used by a party in support of its summary judgment motion. *Patterson v. McCarron*, 2005 WL 735954, at *2 (S.D.N.Y. Mar. 30, 2005); *Catalano v. Lynbrook Glass & Architectural Metals Corp.*, 2009 WL 4342507, at *3 (E.D.N.Y. Dec. 1, 2009) ("A deposition transcript need not have been cited by the Court for the Court to have 'used' that deposition."). Courts have "established the sensible rule that the costs of depositions not used at the trial may nevertheless be taxed for costs where they appear to have been reasonably necessary to the litigation at the time they were taken." *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 235 (E.D.N.Y. 2012).

Moreover, the costs of depositions used by a party in support of summary judgment motions are taxable regardless of whether the motion was granted. *Arias-Zeballos v. Tan*, No, 2009 WL 3335330, at *2 (S.D.N.Y. Oct. 14, 2009) (taxing deposition transcript costs where both plaintiff and defendant moved for summary judgment). As long as the party seeking costs was the prevailing party at trial, the transcripts relied upon in summary judgment are taxable. *Id*. Depositions used by the losing party in support of a motion for summary judgment are also taxable. *M.S. v. Mount Sinai Med. Ctr., Inc.,* 2017 WL 633384, at *1 (E.D.N.Y. Feb. 15, 2017) ("Case law has clarified that whenever a party files a deposition transcript or portion thereof in support of summary judgment, that deposition is 'used' by the Court for the purposes of Local Rule 54.1(c)(2).").

Here, the depositions of Steven Barger, Anthony Marino, Karen Whalen, Daniel Charron, Frank Bisignano, Rhonda Johnson, Robin Ording, Amy Steffen, and Matthew Cagwin were used in support of Defendant's Motion for Summary Judgment. In addition to these depositions,

Plaintiff relied on the deposition of Josh King in support of his motion for summary judgment. Because all of these depositions were used in support of the summary judgment motions, (and some were used at trial), the costs of these depositions are taxable. *Harris v. Brown*, 2013 WL 632247, at *3 (E.D.N.Y. Feb. 20, 2013) (taxing depositions where transcripts were used in support of defendant's summary judgment motion or at trial). The total cost of these taxable depositions is **$14,937.78**, and the invoices associated with these depositions are attached to the Eidelman Affidavit as Exhibit 1.

    **(b)**  **Deposition Transcripts Used or Received in Evidence at Trial.** Under Local Rule 54.1(c)(2), depositions are also "taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety." Portions of the depositions of Harry Baddour, M.D. (9/17/2019), Ashely Parrish, R.N. (9/23/2019), and Kathi Benhardt (9/23/2019) were entered into evidence as testimony during trial on the dates indicated.

In addition, the depositions of Grant Barger, Steven Barger (already taxed above), and Rhonda Johnson (already taxed above) were used for impeachment purposes at trial. The total costs of the Baddour, Parish, Benhardt, and Grant Barger depositions are **$3,486.45**, and the invoices associated with these depositions are attached to the Eidelman Affidavit as Exhibit 2.

    **(c)**  **Depositions Compelled by the Southern District of Ohio and the Northern District of Alabama.** Plaintiff called Julie Kelly (who had been represented by plaintiff's counsel Shawn Shearer), to testify in his case-in-chief. During discovery, Defendants were forced to move to compel Kelly's deposition after she refused to appear pursuant to a subpoena. Defendants were required to respond to numerous unjustified filings by Kelly in which she claimed, *inter alia,* that Defendants had violated Rule 11 and should be sanctioned for seeking her deposition. *See* Docket Sheet from the Southern District of Ohio, attached to the

Eidelman Affidavit as Exhibit 3. Ultimately, the United States District Court for the Southern District of Ohio granted Defendants' motion to compel and Kelly was deposed. *See* Order compelling Kelly's deposition, attached to the Bill of Costs as Exhibit 4.[1] The taxable costs related to the taking of Kelly's depositions are **$2,596.30**, and the invoices associated with her depositions are attached to the Eidelman Affidavit as Exhibit 7.

      **3.**    **Fees for Daily Trial Transcripts**. Under Local Rule 54.1(c)(1), daily transcripts of the trial proceedings are taxable where necessary to use in the case. In determining whether daily trial transcripts were necessary and therefore taxable, courts look at the length of the trial, its complexity, and other circumstances that would warrant their necessity. *Harris v. Brown*, 2013 WL 632247, at *1 (E.D.N.Y. Feb. 20, 2013). Trial transcripts are particularly necessary where the plaintiff and his credibility are a central issue at trial. *Id.* at *2 (citing *See Perks v. Town of Huntington*, No. 99 Civ. 4811, 2008 WL 8091034, at *4 (E.D.N.Y. Mar. 31, 2008), *aff'd,* 331 F. App'x 769 (2d Cir. 2009)). Courts in this jurisdiction have also determined daily trial transcripts to be taxable where the defendants need them for cross-examination of the plaintiff and for their closing arguments in a lengthy trial. *Bartels v. Inc. Vill. of Lloyd Harbor,* 2012 WL 181633, at *3 (E.D.N.Y. Jan. 6, 2012).

      A total of 12 witnesses testified during trial, and deposition excerpts from three other witnesses were read into evidence by Plaintiff. The trial proceedings made daily transcripts necessary for Defendant due to the complexity of the case, length of the trial, number of exhibits,

---

[1] The deposition of Grant Barger was compelled by the United States District Court for the Northern District of Alabama after he engaged in litigation tactics that are strikingly similar to those which had been employed by Kelly in an effort to prevent her deposition. *See* Docket Sheet from the Northern District of Alabama and Order compelling deposition, attached respectively as Exhibits 5 and 6 to the Eidelman Affidavit. These costs are otherwise taxable, but Grant Barger's deposition costs are already taxable because his transcript was used for impeachment at trial on September 18, 2019.

number of witnesses, and the confusing and changing nature of Plaintiff's claims and theories of liability, about which the Court repeatedly noted on the record.

Another important factor requiring the daily transcripts of testimony is that Plaintiff called virtually all of Defendant's witnesses, including all four of the individual defendants, in his case-in-chief. Defendant therefore relied on the transcripts to determine if any of these witnesses would need to be recalled during Defendant's case after Plaintiff rested, particularly when Defendant had the burden of proving the reduction-in-force defense.

As in *Bartels*, the transcripts were also necessary for Defendant to effectively cross-examine Plaintiff. His cross examination testimony was used in Defendant's closing arguments. Although Defendant ordered daily transcripts for the entire trial, costs are only being sought for the four days of witness testimony (9/17/2019, 9/18/2019, 9/19/ 2019, and 9/20/2019). The costs for the daily trial transcripts of the proceedings for these days is **$5,841.36** (732 transcript pages at $7.98 per page). The documentation in support of these costs is attached to the Eidelman Affidavit as Exhibit 8.

    **4.**    **Exemplifications and Copies of Papers.** In addition, costs of making copies of any materials where the copies are necessarily obtained for use in the case, as well as an exhibit where original was not available and the copy was used or received in evidence, are taxable under 28 U.S.C.§ 1920(4) and Local Rule 54.1(c)(5). The taxable copy costs incurred by Defendant in this action include trial exhibits used during the trial for witness testimony and jury deliberations. Defendant offered 96 trial exhibits into evidence, which were admitted. These 96 exhibits totaled 565 pages. Defendant is seeking costs for the reasonable rate of 10 cents per page for a total cost of **$56.50**.

**5.     Witness Fees, Travel Expenses, and Subsistence.** The cost of witness fees and travel expenses are taxable under 28 U.S.C. § 1920(3). Under Local Civil Rule 54.1(c)(3), '[w]itness fees and travel expenses authorized by 28 U.S.C. § 1821 are taxable if the witness testifies. Subsistence pursuant to 28 U.S.C. § 1821 is taxable if the witness testifies and it is not practical for the witness to return to his or her residence from day to day." *In re Omeprazole Patent Litig.*, 2012 WL 5427849, at *5 (S.D.N.Y. Nov. 7, 2012). Under 28 U.S.C. § 1821(c)(1), "[a] witness who travels by common carrier shall be paid for the actual expenses of travel" and "[s]uch witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished." As demonstrated in subsections (a), (b) and (c) below, costs of taxable witness fees and travel expenses are **$5,936.33**. The supporting documentation is attached to the Eidelman Affidavit as Exhibit 9.

**(a)     Witness Fees.** Witness fees were provided to Julie Kelly, Ashley Parrish, and Harry Baddour in the amount of $40.00 per witness in connection with their depositions. The transcripts were then used during trial.

**(b)     Trial Travel Expenses.** First Data employees Jennifer Voycheske, Justin Stamey, and Matthew Cagwin all testified during trial.[2] They incurred travel costs for their testimony at trial in this matter. Because Ms. Voycheske traveled to the trial from Omaha, Nebraska, and Mr. Stamey and Mr. Cagwin traveled from Atlanta, Georgia, it was not practical for the witnesses to travel within the same day for their testimony. These witnesses incurred total travel expenses of **$3,730.32**. The supporting documentation is attached to the Eidelman Affidavit as Exhibit 9.

---

[2] The Court will recall that these witnesses testified out of turn on Friday, September 20, 2019 since they were from out of state and it would have been impractical and costly for them to return on Monday, September 23, 2019 after Plaintiff rested.

  **(c)**  **Deposition Travel Expenses.** Travel expenses for a deposition witness whose testimony is used at trial are taxable. Pursuant to Local Civil Rule 54.1(c)(2), "[f]ees, mileage, and subsistence for the witness at the deposition are taxable at the same rates as for attendance at trial if the deposition taken was used or received in evidence at the trial." *In re Omeprazole Patent Litig.*, 2012 WL 5427849, at *5 (S.D.N.Y. Nov. 7, 2012). At trial, Plaintiff entered testimony into the record from the deposition of Kathi Benhardt, who incurred expenses to travel from Charlotte, North Carolina to Omaha, Nebraska where she was deposed. Benhardt incurred total travel expenses of **$1,358.78**. The supporting documentation is attached to the Eidelman Affidavit as <u>Exhibit 9</u>.

  **6.**  **Docket and Miscellaneous Fees**. Process server fees were incurred in serving subpoenas on Julie Kelly, Ashley Parrish, Harry Baddour, and Grant Barger for deposition testimony. These depositions were subsequently used at trial. Process Server fees were **$535.00**, and are taxable under the Local Rule 54.1(c)(10). The supporting documentation is attached to the Eidelman Affidavit as <u>Exhibit 10</u>.

## CONCLUSION

In summary, First Data should be awarded the following costs as the prevailing party:

| | |
|---|---|
| Deposition transcript costs | $21,020.53 |
| Daily Trial Transcripts | $ 5,841.36 |
| Exhibit Copying Charges | $      56.50 |
| Witness Fees and Travel Expenses | $ 5,209.10 |
| Process Server Fees | $    535.00 |
| Total costs | **$32,662.49** |

        Respectfully submitted,

        **SAUL EWING ARNSTEIN & LEHR LLP**

        */s/ Gary B. Eidelman*
        Gary B. Eidelman (admitted *pro hac vice*)
        Michael P. Cianfichi (admitted *pro hac vice*)
        500 E Pratt Street
        Baltimore, Maryland 21202
        T: (410) 332-8975
        gary.eidelman@saul.com
        michael.cianfichi@saul.com

        Gillian A. Cooper
        Centre Square West
        1500 Market Street, 38th Floor
        Philadelphia, Pennsylvania 19102
        T: (215) 972-7861
        gillian.cooper@saul.com

        **New York Office**
        1270 Avenue of the Americas, Suite 2005
        New York, New York 10020

        **BOND, SCHOENECK & KING PLLC**
        Louis P. DiLorenzo
        600 Third Avenue 22nd floor
        New York, New York 10016-1915
        T: (646) 253-2315
        ldilorenzo@bsk.com

        *Attorneys for Defendant,*
        *First Data Corporation*

Dated: October 18, 2019