# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

STEVEN B. BARGER,

        Plaintiff,

v.

        Civil Case No. 1:17-cv-04869-FB-LB

FIRST DATA CORPORATION,

        Defendant.

## AFFIDAVIT OF GARY B. EIDELMAN
## IN SUPPORT OF DEFENDANT'S BILL OF COSTS

1.      I am a partner with the law firm of Saul Ewing Arnstein & Lehr LLP and lead counsel for Defendant First Data Corporation in this matter. I am over twenty-one years of age. I have personal knowledge of the facts contained in this Affidavit and am competent to testify as a witness as to those facts. I make this Affidavit in support of Defendant's Bill of Costs.

2.      On February 28, 2018, Defendants First Data Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson filed a Motion for Summary Judgment against Plaintiff Steven Barger. On that same date, Plaintiff Steven Barger cross-moved for summary judgment. *See* ECF Doc. No. 94.

3.      On May 22, 2019, the Court denied Defendants' Motion for Summary Judgment.

4.      On September 6, 2019, the Court denied Plaintiff's Motion for Summary Judgment.

5.      Trial before a jury commenced in this action on September 16, 2019. The trial lasted seven days.

6.      On September 24, 2019, the Jury returned a verdict for Defendant[1] First Data. Judgment was entered in favor of Defendant First Data Corporation on all counts and the case was closed on September 24, 2019. ECF Doc. Nos. 133 and 134.

7.      The costs incurred by Defendant after the filing of Plaintiff's Complaint and Supplemental Complaint recoverable pursuant to 28 U.S.C. § 1920, are as follows:

a.      **Depositions in Support of Defendants' Motion for Summary Judgment.** The depositions of Anthony Marino, Steven Barger, Karen Whalen, Daniel Charron, Frank Bisignano, Rhonda Johnson, Robin Ording, Amy Steffen, and Matthew Cagwin were taken and their transcripts used in support of Defendants' Motion for Summary Judgment. The deposition of Josh King was used in support of Plaintiff's Motion for Summary Judgment (in addition to many of the depositions upon which Defendant relied). Defendant incurred the costs of these depositions in the amount of **$14,937.78**. The invoices for these depositions are attached hereto as Exhibit 1.

b.      **Deposition Transcripts Used or Received in Evidence at Trial.** Depositions of Harry Baddour, M.D., Ashely Parrish, R.N., and Kathi Benhardt were read into the record during trial by Plaintiff, and Grant Barger's transcript was used for impeachment purposes during trial. Defendant incurred costs of these depositions in the amount of **$3,486.45**. The invoices for the deposition transcripts are attached hereto as Exhibit 2.

c.      **Deposition Ordered by the Court.** The deposition of Julie Kelly was ordered by the Southern District of Ohio court on August 14, 2018, and again September 19, 2018 (due to Ms. Kelly's noncompliance), after numerous attempts were made to notice and

---

[1] On January 30, 2018, Plaintiff voluntarily dismissed his claims against Defendant Lori Graesser. On May 22, 2019, the Court dismissed Defendant Karen Whalen. On September 23, 2019, Plaintiff voluntarily dismissed his claims against Defendants Frank Bisignano, Dan Charron, Anthony Marino, and Rhonda Johnson.

serve her with a subpoena and her failure to show for the noticed depositions.[2] Defendants filed a

Motion to Compel her deposition in the Southern District of Ohio and after being briefed and

hearing argument, the Court ordered her to appear for her deposition at the federal courthouse.

Defendant incurred costs of Kelly's deposition in the amount of $485.70 for the first deposition

in which Ms. Kelly did not appear and a Statement for the Record was recorded. Defendant

incurred costs of the second deposition where Ms. Kelly appeared and testified of $2,110.60. The

taxable costs related to the taking of Ms. Kelly's depositions are **$2,596.30**, and the invoices for

these depositions are attached hereto as Exhibit 7.

        d.    **Fees for Daily Trial Transcripts**. Daily transcripts for four days of

witness testimony was necessary due to the length of the trial, the complexity of the case, the

Defendant's unique burden in this case, and the strategy Plaintiff employed to eight of

Defendant's witnesses, including the four individual defendants in his case-in-chief. This

necessitated daily transcripts to that Defendant could determine whether it would be necessary to

recall any of those witnesses to testify once Plaintiff rested. Due to the length and complexity of

the case and Plaintiff's changing theories of liability, daily trial transcripts were also necessary

for Defendant to effectively cross-examine the Plaintiff (whose testimony spanned two days) and

to develop its closing arguments (and Defendant used the daily trial transcripts in its closing

arguments as a demonstrative exhibits).

---

[2] The Docket from the action in the Southern District of Ohio is attached hereto as Exhibit 3. The Court's Order
compelling Ms. Kelly's deposition is attached hereto as Exhibit 4. The corresponding docket and Order of the Court
in the Northern District of Alabama regarding Grant Barger's compelled deposition is attached hereto as Exhibits 5
and 6.

The total costs for the daily trial transcripts of the proceedings on September 16-20, 2019, are **$5,841.36**, consisting of 732 transcript pages at $7.98 per page.[3] The supporting documentation is attached hereto as Exhibit 8.

      e.      **Exemplifications and Copies of Papers.** Defendant had 96 trial exhibits admitted in to evidence during the trial totaling 565 pages at the reasonable rate of .10 per page for a total cost of **$56.50**.

      f.      **Witness Fees, Travel Expenses, and Subsistence.** Witness fees were provided to Julie Kelly, Ashley Parrish, R.N., and Harry Baddour, M.D. in the amount of $40.00 each in connection with their depositions in which their transcripts were used during trial.

Defendant incurred travel expenses for Kathi Benhardt to travel from Charlotte, North Carolina to Omaha, Nebraska for her deposition, portions of which were read into the record during trial.

Defendant also incurred expenses including airfare, subsistence, and hotel for the following witnesses who testified at trial in this matter: Jennifer Voycheske, who traveled from Omaha, Nebraska to New York; Justin Stamey, who traveled from Atlanta, Georgia to New York; and Matthew Cagwin, who traveled from Atlanta, Georgia to New York. The total travel and related costs Defendant incurred for Benhardt, Voycheske, Stamey, and Cagwin are **$5,209.10**. The supporting documentation is attached hereto as Exhibits 9.[4]

      g.      **Docket and Miscellaneous Fees.** Process server fees were incurred in serving Julie Kelly, Grant Barger, Harry Baddour, M.D. and Ashley Parrish, R.N. with

---

[3] Defendant made this calculation based on the total bill that was paid to the Court Reporter.

[4] Expenses for which Defendant is not seeking reimbursement in Exhibit 9 are indicated by being crossed out in black marker.

subpoenas in connection with their depositions in the amount of $535.00. The invoices for these costs are attached hereto as Exhibit 10.

8.    The amount of the costs incurred by Defendant for each specified expenditure set forth in this Affidavit are correct and have been necessarily incurred in this case and the services for which said fees have been charged were actually and necessarily performed.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: October 16, 2019
      Baltimore, Maryland             Gary B. Eidelman

# EXHIBIT 1

# INVOICE



| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57440 | 6/27/2018 | 28016 |
| **Job Date** | **Case No.** | |
| 6/1/2018 | | |
| **Case Name** | | |
| Barger v. First Data et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

TAKEN DEPOSITION OF:

| | | | | | |
|---|---|---|---|---|---|
| Anthony Marino | 269.00 | Pages | @ | 3.55 | 954.95 |
| 5 Day Expedite Charge | | | | | 478.82 |
| Exhibit | 37.00 | Pages | @ | 0.50 | 18.50 |
| Rough Ascii | 231.00 | Pages | @ | 1.75 | 404.25 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |
| Shipping and Handling | 1.00 | | @ | 30.00 | 30.00 |

VIDEO DEPOSITION OF:

| | | | | | |
|---|---|---|---|---|---|
| Anthony Marino - Video Order | | | | | |
| Video Copy | 4.00 | Hours | @ | 95.00 | 380.00 |
| **TOTAL DUE >>>** | | | | | **$2,301.52** |

Location of Job   : Regus
300 Cadman Plaza West
One Pierrepont Plaza
Brooklyn, NY 11201

Thank you for your business! We now accept all major credit cards.
To make a payment via credit card please call us or fax in a completed CC form.

Invoices are due 30 days from billed date. Should we require a third party collection agency to collect
outstanding balance a 15% collection fee will apply.

**Tax ID:**

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

| | |
|---|---|
| Invoice No. | : 57440 |
| Invoice Date | : 6/27/2018 |
| **Total Due** | : **$0.00** |

Remit To: **Eco Scribe, LLC**
**34 Shunpike Road**
**Suite 3-255**
**Cromwell, CT 06416**

| | |
|---|---|
| Job No. | : 28016 |
| BU ID | : E-Boston |
| Case No. | : |
| Case Name | : Barger v. First Data et al. |

# INVOICE

**ECOSCRIBE**

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57632 | 8/1/2018 | 28256 |
| **Job Date** | **Case No.** | |
| 6/29/2018 | | |
| **Case Name** | | |
| Barger v. First Data et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

TAKEN DEPOSITION OF:

| | | | | | | |
|---|---|---|---|---|---|---|
| Frank Bisignano | 316.00 | Pages | @ | 3.55 | 1,121.80 |
| Exhibit | 30.00 | Pages | @ | 0.50 | 15.00 |
| Rough Ascii | 272.00 | Pages | @ | 1.75 | 476.00 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |
| Shipping and Handling | 1.00 | | @ | 30.00 | 30.00 |

VIDEO DEPOSITION OF:

Frank Bisignano - Video Order

| | | | | | | |
|---|---|---|---|---|---|---|
| Video Copy | 5.00 | Hours | @ | 95.00 | 475.00 |

**TOTAL DUE   >>>**                                                     **$2,152.80**

Location of Job    : Regus
                     100 Church Street
                     8th Floor
                     New York, NY 11201

Thank you for your business! We now accept all major credit cards.
To make a payment via credit card please call us or fax in a completed CC form.

Invoices are due 30 days from billed date. Should we require a third party collection agency to collect
outstanding balance a 15% collection fee will apply.

**Tax ID:** ▉▉▉▉▉▉

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

Invoice No.    : 57632
Invoice Date   : 8/1/2018
**Total Due**     : **$0.00**

Remit To: **Eco Scribe, LLC**
          **34 Shunpike Road**
          **Suite 3-255**
          **Cromwell, CT 06416**

Job No.     : 28256
BU ID       : E-Boston
Case No.    :
Case Name   : Barger v. First Data et al.

# INVOICE



**ECOSCRIBE**

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57642 | 8/1/2018 | 28261 |
| **Job Date** | **Case No.** | |
| 6/27/2018 | | |
| **Case Name** | | |
| Barger v. First Data et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

---

TAKEN DEPOSITION OF:

| | | | | | |
|---|---|---|---|---|---|
| Rhonda Johnson | 253.00 | Pages | @ | 3.35 | 847.55 |
| Exhibit | 88.00 | Pages | @ | 0.50 | 44.00 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |
| Shipping and Handling | 1.00 | | @ | 30.00 | 30.00 |

TAKEN DEPOSITION OF:

| | | | | | |
|---|---|---|---|---|---|
| Rhonda Johnson - Video Order | | | | | |
| Video Copy | 5.50 | Hours | @ | 95.00 | 522.50 |

**TOTAL DUE >>>**      **$1,479.05**

Location of Job : Regus
One Glenlake Parkway
Suite 650
Atlanta, GA 30328

Thank you for your business! We now accept all major credit cards.
To make a payment via credit card please call us or fax in a completed CC form.

Invoices are due 30 days from billed date. Should we require a third party collection agency to collect
outstanding balance a 15% collection fee will apply.

For questions or disputes please contact us at (646) 862-1465 or email us at info@EcoScribeSolutions.com

---

**Tax ID:** ▉▉▉▉▉

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

Invoice No.    : 57642
Invoice Date   : 8/1/2018
**Total Due**     : **$0.00**

Remit To: **Eco Scribe, LLC**
         **34 Shunpike Road**
         **Suite 3-255**
         **Cromwell, CT 06416**

Job No.      : 28261
BU ID       : E-Boston
Case No.    :
Case Name   : Barger v. First Data et al.

# INVOICE



| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57905 | 11/8/2018 | 28591 |
| **Job Date** | **Case No.** | |
| 8/21/2018 | | |
| **Case Name** | | |
| Barger v. First Data et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

TAKEN DEPOSITION OF:

| | | | | | |
|---|---|---|---|---|---|
| Amy Steffen | 178.00 | Pages | @ | 3.35 | 596.30 |
| Exhibit | 72.00 | Pages | @ | 0.50 | 36.00 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |
| Shipping and Handling | 1.00 | | @ | 30.00 | 30.00 |
| | **TOTAL DUE   >>>** | | | | **$697.30** |

Location of Job   : Regus
1299 Farnam Street
Suite 300
Omaha, NE 68102

Thank you for your business! We now accept all major credit cards.
To make a payment via credit card please call us or fax in a completed CC form.

Invoices are due 30 days from billed date. Should we require a third party collection agency to collect
outstanding balance a 15% collection fee will apply.

For questions or disputes please contact us at (646) 862-1465 or email us at info@EcoScribeSolutions.com

| | |
|---|---|
| **(-) Payments/Credits:** | 697.30 |
| **(+) Finance Charges/Debits:** | 0.00 |
| **(=) New Balance:** | **$0.00** |

**Tax ID:** ▮▮▮▮▮▮

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

| | |
|---|---|
| Invoice No. | : 57905 |
| Invoice Date | : 11/8/2018 |
| **Total Due** | : **$0.00** |

Remit To: **Eco Scribe, LLC**
**34 Shunpike Road**
**Suite 3-255**
**Cromwell, CT 06416**

| | |
|---|---|
| Job No. | : 28591 |
| BU ID | : E-Boston |
| Case No. | : |
| Case Name | : Barger v. First Data et al. |

# I N V O I C E



| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57629 | 8/1/2018 | 28260 |
| **Job Date** | **Case No.** | |
| 6/26/2018 | | |
| **Case Name** | | |
| Barger v. First Data et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

| | | | | | |
|---|---|---|---|---|---|
| TAKEN DEPOSITION OF: | | | | | |
| Daniel Charron | 158.00 | Pages | @ | 3.35 | 529.30 |
| Exhibit | 45.00 | Pages | @ | 0.50 | 22.50 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |
| Shipping and Handling | 1.00 | | @ | 30.00 | 30.00 |
| TAKEN DEPOSITION OF: | | | | | |
| Matt Cagwin | 144.00 | Pages | @ | 3.35 | 482.40 |
| Exhibit | 145.00 | Pages | @ | 0.50 | 72.50 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |
| | **TOTAL DUE   >>>** | | | | **$1,206.70** |

Location of Job    : Regus
One Glenlake Parkway
Suite 650
Atlanta, GA 30328

Thank you for your business! We now accept all major credit cards.
To make a payment via credit card please call us or fax in a completed CC form.

Invoices are due 30 days from billed date. Should we require a third party collection agency to collect
outstanding balance a 15% collection fee will apply.

**Tax ID:** ▮▮▮▮▮▮

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

Invoice No.    : 57629
Invoice Date   : 8/1/2018
**Total Due**   : **$0.00**

Remit To: **Eco Scribe, LLC**
**34 Shunpike Road**
**Suite 3-255**
**Cromwell, CT 06416**

Job No.    : 28260
BU ID    : E-Boston
Case No.    :
Case Name    : Barger v. First Data et al.

# INVOICE

**Planet Depos**
We Make It *Happen*

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 234605 | 9/7/2018 | 201591 |
| **Job Date** | **Case No.** | |
| 8/10/2018 | 1:17-CV-04869-FB-LB | |
| **Case Name** | | |
| Barger -v- First Data Corporation, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD 21202

| TRANSCRIPT WITH INDEX OF: | | |
|---|---|---|
| Steven B. Barger - XMEF | 179.00 Pages | 984.50 |
| | **TOTAL DUE >>>** | **$984.50** |

Invoice 1 of 4
Due upon receipt and is not contingent on client payment.

***ATTENTION***
Please update your records with our new remittance address below:

PLANET DEPOS, LLC
P.O. BOX 69136
BALTIMORE, MD 21264-9136

For your convenience we now accept payments via wire transfer.
Account Number: 1048289          Wire Routing Number: 055003528
We accept all major credit cards, subject to a 3% convenience fee.

For billing questions, please email billing@planetdepos.com or call 888.433.3767. Invoice disputes must be brought to our attention within 30 days of receipt. Thank you for your business.

| | | |
|---|---|---|
| | (-) Payments/Credits: | 984.50 |
| | (+) Finance Charges/Debits: | 0.00 |
| | (=) New Balance: | **$0.00** |

**Tax ID:** ▮▮▮▮▮▮

*Please detach bottom portion and return with payment.*

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD 21202

| | | |
|---|---|---|
| Invoice No. | : | 234605 |
| Invoice Date | : | 9/7/2018 |
| **Total Due** | : | **$0.00** |

Remit To:  **Planet Depos, LLC**
**P.O. BOX 69136**
**Baltimore, MD 21264-9136**

| | | |
|---|---|---|
| Job No. | : | 201591 |
| BU ID | : | 45-NYC-R |
| Case No. | : | 1:17-CV-04869-FB-LB |
| Case Name | : | Barger -v- First Data Corporation, et al. |

# INVOICE



## Planet Depos
We Make It *Happen*™

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 235992 | 9/7/2018 | 201591 |
| **Job Date** | **Case No.** | |
| 8/10/2018 | 1:17-CV-04869-FB-LB | |
| **Case Name** | | |
| Barger -v- First Data Corporation, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD  21202

---

TRANSCRIPT WITH INDEX OF:

Steven B. Barger - XMEF*                                           179.00  Pages                    984.50

                                                                  **TOTAL DUE >>>**              **$984.50**

Invoice 2 of 4
Due upon receipt and is not contingent on client payment.

                    ***ATTENTION***
Please update your records with our new remittance address below:

                    PLANET DEPOS, LLC
                    P.O. BOX 69136
                    BALTIMORE, MD 21264-9136

For your convenience we now accept payments via wire transfer.
Account Number: 1048289          Wire Routing Number: 055003528
We accept all major credit cards, subject to a 3% convenience fee.

For billing questions, please email billing@planetdepos.com or call 888.433.3767.  Invoice disputes must be brought to our attention within
30 days of receipt.  Thank you for your business.

|  |  |
|---|---|
| (-) Payments/Credits: | 984.50 |
| (+) Finance Charges/Debits: | 0.00 |
| (=) New Balance: | **$0.00** |

**Tax ID:** ▮▮▮▮▮

*Please detach bottom portion and return with payment.*

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD  21202

| | | |
|---|---|---|
| Invoice No. | : | 235992 |
| Invoice Date | : | 9/7/2018 |
| **Total Due** | **:** | **$0.00** |

| | | |
|---|---|---|
| Job No. | : | 201591 |
| BU ID | : | 45-NYC-R |
| Case No. | : | 1:17-CV-04869-FB-LB |
| Case Name | : | Barger -v- First Data Corporation, et al. |

Remit To:   **Planet Depos, LLC**
            **P.O. BOX 69136**
            **Baltimore, MD  21264-9136**

# INVOICE

**Planet Depos**
We Make It *Happen*™

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 235939 | 9/7/2018 | 201591 |
| **Job Date** | **Case No.** | |
| 8/10/2018 | 1:17-CV-04869-FB-LB | |
| **Case Name** | | |
| Barger -v- First Data Corporation, et al. | | |

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD 21202

| **Payment Terms** |
|---|
| Due upon receipt |

TRANSCRIPT WITH INDEX OF:

Steven B. Barger - XMEF

| | | |
|---|---|---|
| Evening Attendance | | 300.00 |
| Realtime | 266.00 Pages | 465.50 |
| Additional Realtime Hook-up fee | | 95.00 |
| | **TOTAL DUE >>>** | **$860.50** |

Invoice 3 of 4
Due upon receipt and is not contingent on client payment.

***ATTENTION***
Please update your records with our new remittance address below:

PLANET DEPOS, LLC
P.O. BOX 69136
BALTIMORE, MD 21264-9136

For your convenience we now accept payments via wire transfer.
Account Number: 1048289          Wire Routing Number: 055003528
We accept all major credit cards, subject to a 3% convenience fee.

For billing questions, please email billing@planetdepos.com or call 888.433.3767.  Invoice disputes must be brought to our attention within 30 days of receipt.  Thank you for your business.

**Tax ID:** █████████

*Please detach bottom portion and return with payment.*

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD 21202

Invoice No.     :  235939
Invoice Date   :  9/7/2018
**Total Due**      :  **$0.00**

Remit To:   **Planet Depos, LLC**
            **P.O. BOX 69136**
            **Baltimore, MD 21264-9136**

Job No.      :  201591
BU ID        :  45-NYC-R
Case No.     :  1:17-CV-04869-FB-LB
Case Name    :  Barger -v- First Data Corporation, et al.

# INVOICE



## Planet Depos
We Make It *Happen*™

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 235991 | 9/7/2018 | 201591 |
| **Job Date** | **Case No.** | |
| 8/10/2018 | 1:17-CV-04869-FB-LB | |
| **Case Name** | | |
| Barger -v- First Data Corporation, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD  21202

TRANSCRIPT WITH INDEX OF:

   Steven B. Barger - XMEF

| | | | |
|---|---|---|---|
| Rough ASCII | 266.00 | Pages | 399.00 |
| Exhibits | 364.00 | Pages | 127.40 |
| XMEF File | | | 95.00 |
| Shipping & Handling | | | 35.00 |
| | | TOTAL DUE >>> | **$656.40** |

Invoice 4 of 4
Due upon receipt and is not contingent on client payment.

         ***ATTENTION***
Please update your records with our new remittance address below:

         PLANET DEPOS, LLC
         P.O. BOX 69136
         BALTIMORE, MD 21264-9136

For your convenience we now accept payments via wire transfer.
Account Number: 1048289          Wire Routing Number: 055003528
We accept all major credit cards, subject to a 3% convenience fee.

For billing questions, please email billing@planetdepos.com or call 888.433.3767.  Invoice disputes must be brought to our attention within

**Tax ID:**

*Please detach bottom portion and return with payment.*

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD  21202

| | | |
|---|---|---|
| Invoice No. | : | 235991 |
| Invoice Date | : | 9/7/2018 |
| **Total Due** | : | **$0.00** |

| | | |
|---|---|---|
| Job No. | : | 201591 |
| BU ID | : | 45-NYC-R |
| Case No. | : | 1:17-CV-04869-FB-LB |
| Case Name | : | Barger -v- First Data Corporation, et al. |

Remit To:  **Planet Depos, LLC**
         **P.O. BOX 69136**
         **Baltimore, MD  21264-9136**

# INVOICE



| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57438 | 6/27/2018 | 28015 |
| **Job Date** | **Case No.** | |
| 5/31/2018 | | |
| **Case Name** | | |
| Barger v. First Data et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

| | | | | | |
|---|---|---|---|---|---|
| TAKEN DEPOSITION OF: | | | | | |
| Robin Ording | 170.00 | Pages | @ | 3.55 | 603.50 |
| 5 Day Expedite Charge | | | | | 302.60 |
| Exhibit | 25.00 | Pages | @ | 0.50 | 12.50 |
| Rough Ascii | 145.00 | Pages | @ | 1.75 | 253.75 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |
| Shipping and Handling | 1.00 | | @ | 30.00 | 30.00 |
| TAKEN DEPOSITION OF: | | | | | |
| Karen Whalen | 178.00 | Pages | @ | 3.55 | 631.90 |
| 5 Day Expedite Charge | | | | | 316.84 |
| Exhibit | 16.00 | Pages | @ | 0.50 | 8.00 |
| Rough Ascii | 151.00 | Pages | @ | 1.75 | 264.25 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |
| TAKEN DEPOSITION OF: | | | | | |
| Josh King | 74.00 | Pages | @ | 3.55 | 262.70 |
| 5 Day Expedite Charge | | | | | 131.72 |
| Exhibit | 30.00 | Pages | @ | 0.50 | 15.00 |
| Rough Ascii | 61.00 | Pages | @ | 1.75 | 106.75 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |

**Tax ID:** ▮▮▮▮▮▮

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

Invoice No.   : 57438
Invoice Date  : 6/27/2018
**Total Due**   : **$0.00**

Remit To: **Eco Scribe, LLC
34 Shunpike Road
Suite 3-255
Cromwell, CT 06416**

Job No.     : 28015
BU ID       : E-Boston
Case No.    :
Case Name   : Barger v. First Data et al.

# I N V O I C E



| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57438 | 6/27/2018 | 28015 |

| Job Date | Case No. |
|---|---|
| 5/31/2018 | |

| Case Name |
|---|
| Barger v. First Data et al. |

| Payment Terms |
|---|
| Due upon receipt |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

VIDEO DEPOSITION OF:
    Video Order
    Video Copy                              6.00  Hours    @    95.00    570.00

**TOTAL DUE   >>>**    **$3,614.51**

Location of Job  : Regus
                    300 Cadman Plaza West
                    One Pierrepont Plaza
                    Brooklyn, NY 11201

Thank you for your business! We now accept all major credit cards.
To make a payment via credit card please call us or fax in a completed CC form.

Invoices are due 30 days from billed date. Should we require a third party collection agency to collect
outstanding balance a 15% collection fee will apply.

For questions or disputes please contact us at (646) 862-1465 or email us at info@EcoScribeSolutions.com

| | |
|---|---|
| **( - ) Payments/Credits:** | 3,614.51 |
| **(+) Finance Charges/Debits:** | 0.00 |
| **(=) New Balance:** | **$0.00** |

**Tax ID:** ███████

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

Invoice No.   : 57438
Invoice Date  : 6/27/2018
**Total Due**    : **$0.00**

Remit To:  **Eco Scribe, LLC**
           **34 Shunpike Road**
           **Suite 3-255**
           **Cromwell, CT 06416**

Job No.    : 28015
BU ID     : E-Boston
Case No.   :
Case Name : Barger v. First Data et al.

# INVOICE



| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57438 | 6/27/2018 | 28015 |
| **Job Date** | | **Cause No.** |
| 5/31/2018 | | |
| | **Case Name** | |
| Barger v. First Data et al. | | |
| | **Payment Terms** | |
| Due upon receipt | | |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

| | | | | |
|---|---|---|---|---|
| TAKEN DEPOSITION OF: | | | | |
| Robin Ording | 170.00 Pages | @ | 3.55 | 603.50 |
| | | | | 302.60 |
| 5 Day Expedite Charge | 25.00 Pages | @ | 0.50 | 12.50 |
| Exhibit | 145.00 Pages | @ | 1.75 | 253.75 |
| Rough Ascii | | | 35.00 | 35.00 |
| Archive CD/Electronic Delivery/Online Access | | | 30.00 | 30.00 |
| Shipping and Handling | | | | |
| TAKEN DEPOSITION OF: | | | | |
| Karen Whalen | 178.00 Pages | @ | 3.55 | 631.90 |
| | | | | 316.84 |
| 5 Day Expedite Charge | 16.00 Pages | @ | 0.50 | 8.00 |
| Exhibit | 151.00 Pages | @ | 1.75 | 264.25 |
| Rough Ascii | | | 35.00 | 35.00 |
| Archive CD/Electronic Delivery/Online Access | | | | |
| TAKEN DEPOSITION OF: | | | | |
| Josh King | 74.00 Pages | @ | 3.55 | 262.70 |
| | | | | 131.72 |
| 5 Day Expedite Charge | 30.00 Pages | @ | 0.50 | 15.00 |
| Exhibit | 61.00 Pages | @ | 1.75 | 106.75 |
| Rough Ascii | | | 35.00 | 35.00 |
| Archive CD/Electronic Delivery/Online Access | | | | |

Tax ID ███████

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

| | | |
|---|---|---|
| Invoice No. | : | 57438 |
| Invoice Date | : | 6/27/2018 |
| **Total Due** | : | **$3,614.51** |

Remit To: Eco Scribe, LLC
34 Shunpike Road
Suite 3-255
Cromwell, CT 06416

| | | |
|---|---|---|
| Job No. | : | 28015 |
| BU ID | : | E-Boston |
| Cause No. | : | |
| Case Name | : | Barger v. First Data et al. |



# INVOICE

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57438 | 6/27/2018 | 28015 |
| Job Date | | Cause No. |
| 5/31/2018 | | |
| | Case Name | |
| Barger v. First Data et al. | | |
| | Payment Terms | |
| Due upon receipt | | |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

VIDEO DEPOSITION OF:

Video Order

Video Copy

| | | | |
|---|---|---|---|
| 6.00 Hours | @ | 95.00 | 570.00 |

TOTAL DUE >>> **$3,614.51**

Thank you for your business! We now accept all major credit cards.
To make a payment via credit card please call us or fax in a completed CC form.

Invoices are due 30 days from billed date. Should we require a third party collection agency to collect
outstanding balance a 15% collection fee will apply.

For questions or disputes please contact us at (646) 862-1465 or email us at info@EcoScribeSolutions.com

| | |
|---|---|
| (-) Payments/Credits: | 0.00 |
| (+) Finance Charges: | 0.00 |
| (=) New Balance: | 3,614.51 |

Tax ID: ███████

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

| | | |
|---|---|---|
| Invoice No. | : | 57438 |
| Invoice Date | : | 6/27/2018 |
| Total Due | : | $3,614.51 |

| | | | |
|---|---|---|---|
| | Job No. | : | 28015 |
| | BU ID | : | E-Boston |
| Remit To: Eco Scribe, LLC | Cause No. | : | |
| 34 Shunpike Road | Case Name | : | Barger v. First Data et al. |
| Suite 3-255 | | | |
| Cromwell, CT 06416 | | | |

# EXHIBIT 2

# INVOICE


ECOSCRIBE

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 57898 | 11/8/2018 | 28592 |
| **Job Date** | **Case No.** | |
| 8/22/2018 | | |
| **Case Name** | | |
| Barger v. First Data et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

TAKEN DEPOSITION OF:

| | | | | | |
|---|---|---|---|---|---|
| Keith Benhardt | 215.00 | Pages | @ | 3.35 | 720.25 |
| Exhibit | 50.00 | Pages | @ | 0.50 | 25.00 |
| Archive CD/Electronic Delivery/Online Access | 1.00 | | @ | 35.00 | 35.00 |
| Shipping and Handling | 1.00 | | @ | 30.00 | 30.00 |
| | **TOTAL DUE >>>** | | | | **$810.25** |

Location of Job : Regus
1299 Farnam Street
Suite 300
Omaha, NE 68102

Thank you for your business! We now accept all major credit cards.
To make a payment via credit card please call us or fax in a completed CC form.

Invoices are due 30 days from billed date. Should we require a third party collection agency to collect outstanding balance a 15% collection fee will apply.

For questions or disputes please contact us at (646) 862-1465 or email us at info@EcoScribeSolutions.com

| | |
|---|---|
| **(-) Payments/Credits:** | 810.25 |
| **(+) Finance Charges/Debits:** | 0.00 |
| **(=) New Balance:** | **$0.00** |

**Tax ID:** ▮▮▮▮▮

*Please detach bottom portion and return with payment.*

Gary Eidelman
Saul Ewing, Arnstein & Lehr
500 E PRATT ST
BALTIMORE, MD 21202-3133

| | | |
|---|---|---|
| Invoice No. | : | 57898 |
| Invoice Date | : | 11/8/2018 |
| **Total Due** | : | **$0.00** |

Remit To: **Eco Scribe, LLC**
**34 Shunpike Road**
**Suite 3-255**
**Cromwell, CT 06416**

| | | |
|---|---|---|
| Job No. | : | 28592 |
| BU ID | : | E-Boston |
| Case No. | : | |
| Case Name | : | Barger v. First Data et al. |

**Veritext Corp**
**Southeast Region**

1075 Peachtree St. NE, Suite 3625
Atlanta GA 30309
Tel. 770-343-9696 Fax. 770-343-8430
Fed. Tax ID



| **Bill To:** | Lindsey C. Kennedy |
| | Saul Ewing Arnstein & Lehr LLP |
| | 1 PPG Place |
| | Suite 3010 |
| | Pittsburgh, PA, 15222 |

| | |
|---|---|
| **Invoice #:** | ATL3406401 |
| **Invoice Date:** | 7/12/2018 |
| **Balance Due:** | $1,046.45 |

| | |
|---|---|
| **Case:** | Barger v. First Data |
| **Job #:** | 2939663 | Job Date: 6/25/2018 | Delivery: Normal |
| **Billing Atty:** | Lindsey C. Kennedy |
| **Location:** | King & Spalding |
| | 1180 Peachtree Stree, N.E. |
| | Atlanta, GA 30309 |
| **Sched Atty:** | | Saul Ewing Arnstein & Lehr LLP |

| Witness | Description | Units | Quantity | Price | Amount |
|---|---|---|---|---|---|
| Ashley L. Parrish , R.N. | Original with 1 Certified Transcript | Page | 87.00 | $3.95 | $343.65 |
| | Attendance Fee - Addl Hours | Hour | 4.00 | $28.00 | $112.00 |
| | Exhibits - Color | Per Page | 10.00 | $0.45 | $4.50 |
| | Litigation Package (all Electronic Files) | 1 | 1.00 | $46.00 | $46.00 |
| Dr. Harry Michael Baddour | Original with 1 Certified Transcript | Page | 93.00 | $3.95 | $367.35 |
| | Exhibits - Color | Per Page | 19.00 | $0.45 | $8.55 |
| | Exhibits | Per Page | 42.00 | $0.45 | $18.90 |
| | Witness Read and Sign Services | 1 | 1.00 | $12.50 | $12.50 |
| | Attendance Fee - First 2 Hours | Hour | 1.00 | $98.00 | $98.00 |
| | Shipping & Handling | Package | 1.00 | $35.00 | $35.00 |

| Notes: | | Invoice Total: | $1,046.45 |
|---|---|---|---|
| | | Payment: | $0.00 |
| | | Credit: | $0.00 |
| | | Interest: | $0.00 |
| | | Balance Due: | $1,046.45 |

TERMS:  Payable upon receipt,  Accounts 30 days past due will bear a finance charge of 1.5% per month, Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

10474

Please remit payment to:
Veritext
P.O. Box 71303
Chicago IL 60694-1303

| | |
|---|---|
| **Invoice #:** | ATL3406401 |
| **Job #:** | 2939663 |
| **Invoice Date:** | 7/12/2018 |
| **Balance:** | $1,046.45 |

# INVOICE



## Planet **Depos**
We Make It *Happen*™

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 255596 | 1/22/2019 | 222175 |
| **Job Date** | **Case No.** | |
| 1/4/2019 | 1:17-CV-04869-FB-LB | |
| **Case Name** | | |
| Barger -v- First Data Corporation, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD 21202

| | | | |
|---|---|---|---|
| EXPEDITED TRANSCRIPT WITH INDEX OF: | | | |
| Phillip D. Morgan - XMEF | 83.00 | Pages | 672.30 |
| EXPEDITED TRANSCRIPT WITH INDEX OF: | | | |
| Grant Barger - XMEF | 103.00 | Pages | 834.30 |
| Attendance | | | 120.00 |
| Exhibits | 1,287.00 | Pages | 450.45 |
| XMEF File | 2.00 | Files | 190.00 |
| Shipping & Handling | | | 35.00 |
| | | **TOTAL DUE >>>** | **$2,302.05** |

Due upon receipt and is not contingent on client payment.

***ATTENTION***
Please update your records with our new remittance address below:

PLANET DEPOS, LLC
P.O. BOX 69136
BALTIMORE, MD 21264-9136

For your convenience we now accept payments via wire transfer.
Account Number: 1048289          Wire Routing Number: 055003528
We accept all major credit cards, subject to a 3% convenience fee.

**Tax ID**

*Please detach bottom portion and return with payment.*

Gary B. Eidelman, Esquire
Saul Ewing Arnstein & Lehr
Lockwood Place
500 East Pratt Street
Suite 900
Baltimore, MD 21202

| | | |
|---|---|---|
| Invoice No. | : | 255596 |
| Invoice Date | : | 1/22/2019 |
| **Total Due** | : | **$2,302.05** |

| | | |
|---|---|---|
| Job No. | : | 222175 |
| BU ID | : | 21-OOT-R |
| Case No. | : | 1:17-CV-04869-FB-LB |
| Case Name | : | Barger -v- First Data Corporation, et al. |

Remit To:   **Planet Depos, LLC**
      **P.O. BOX 69136**
      **Baltimore, MD 21264-9136**

# EXHIBIT 3

CASREF,CLOSED

# U.S. District Court
## Southern District of Ohio (Cincinnati)
## CIVIL DOCKET FOR CASE #: 1:18-mc-00010-SJD-SKB

Barger v. First Data Corporation, et al.                    Date Filed: 07/23/2018
Assigned to: Judge Susan J. Dlott                          Date Terminated: 11/01/2018
Referred to: Magistrate Judge Stephanie K. Bowman
Case in other court: Eastern District of New York, 1:17cv04869
Cause: No cause code entered

**Interested Party**

**Julie Kelly**                              represented by  **Julie Kelly**
                                                              823 Dorgene Lane
                                                              Cincinnati, OH 45244
                                                              513-806-4893
                                                              Email: jul_kelly@mac.com
                                                              PRO SE

**Plaintiff**

**Steven B. Barger**


V.

**Defendant**

**First Data Corporation**                   represented by  **Matthew Richard Byrne**
                                                              Jackson Lewis, LLP
                                                              PNC Center
                                                              26th Floor
                                                              201 E. Fifth Street
                                                              Cincinnati, OH 45202
                                                              513-322-5030

Fax: 513-898-0051
Email: matthew.byrne@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gillian A. Cooper**
Saul Ewing Arnstein & Lehr LLP
650 College Road East
Suite 4000
Princeton, NJ 08540
609-452-5021
Fax: 609-452-6103
Email: Gillian.Cooper@saul.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Frank Bisignano**                          represented by   **Matthew Richard Byrne**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Gillian A. Cooper**
                                                              (See above for address)
                                                              *PRO HAC VICE*
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Dan Charron**                              represented by   **Matthew Richard Byrne**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Gillian A. Cooper**
                                                              (See above for address)

                                                 *PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony Marino**                          represented by   **Matthew Richard Byrne**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Gillian A. Cooper**
                                                             (See above for address)
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Whalen**                            represented by   **Matthew Richard Byrne**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Gillian A. Cooper**
                                                             (See above for address)
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Rhonda Johnson**                          represented by   **Matthew Richard Byrne**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Gillian A. Cooper**
                                                             (See above for address)
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/23/2018 | 1 | MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration of Gillian A. Cooper, Esq. with Exhibits A-I, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 07/23/2018) |
| 07/23/2018 | 2 | Filing fee: $ 47.00, receipt number 100CIN034648 (bjc) (Entered: 07/23/2018) |
| 07/27/2018 | 3 | RESPONSE in Opposition re 1 MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* filed by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) (Entered: 07/27/2018) |
| 07/27/2018 | 4 | MOTION to Quash by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) Modified docket text on 9/5/2018 (sct). (Entered: 07/27/2018) |
| 08/03/2018 | 5 | Response in Opposition to Motion re 4 MOTION to Quash and REPLY to Response to Motion re 1 MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit Declaration of Gillian A. Cooper, Esq.) (Byrne, Matthew) Modified docket text on 9/5/2018 (sct). (Entered: 08/03/2018) |
| 08/14/2018 | 7 | MOTION for Sanctions by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) Modified Docket Text on 8/15/2018 (bjc). (Entered: 08/14/2018) |
| 08/14/2018 | | Minute Entry for proceedings held before Magistrate Judge Stephanie K. Bowman: Telephone Conference re: pending motion to compel and motion to quash held on 8/14/2018. Third Party Witness Julie Kelly appeared pro se. Attorneys Matthew Byrne and Gillian Cooper appeared on behalf of Defendants. The parties agree that Julie Kelly will appear for a deposition on 8/31/2018 at 12:00 PM at the law firm of Jackson Lewis, 201 E. Fifth Street, Cincinnati, OH. The deposition will conclude by 4:00 PM. Defendant First Data Corporation will reimburse Ms. Kelly for child care costs associated with the deposition. Ms. Kelly agrees to accept service of the subpoena for the 8/31/2018 deposition via regular mail. Ms. Kelly's motion for sanctions will be briefed and all motions will be formally ruled upon once briefing is complete. (km) (Entered: 08/14/2018) |
| 08/29/2018 | 8 | MOTION for Order to Grant 7 Motion for Sanctions by Interested Party Julie K. Kelly. (bjc) (Entered: 08/29/2018) |
| 08/29/2018 | 9 | NOTICE by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen re 8 MOTION for Order to *Grant Motion for Sanctions* (Byrne, Matthew) (Entered: 08/29/2018) |
| 08/31/2018 | 10 | MOTION for Protective Order by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) (Entered: 08/31/2018) |

| | | |
|---|---|---|
| 09/04/2018 | 11 | RESPONSE in Opposition re 7 MOTION for Sanctions, 8 MOTION for Order to, 10 MOTION for Protective Order *and in further support of Defendants' Motion to Compel Third Party Witness (ECF No. 1)* filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration of Gillian A. Cooper, Esq. with Exhibits A - E, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/04/2018) |
| 09/04/2018 | 12 | MOTION to Expedite *Time for Kelly to Reply to ECF Nos. 7, 8, and 10* by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/04/2018) |
| 09/04/2018 | 13 | Supplement to 10 MOTION for Protective Order and REPLY to Response to Motion re 4 MOTION to Quash filed by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits A-C) (sct) (Entered: 09/05/2018) |
| 09/05/2018 | 14 | REPLY to Response to Motion re 1 MOTION to Compel *Third Party Witness to Comply with Deposition Subpoena* filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Declaration of Gillian A. Cooper with Exhibits A - E, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/05/2018) |
| 09/06/2018 | | NOTATION ORDER granting in part 12 Defendants' Motion to Expedite Briefing Time for Julie Kelly to Reply to ECF Nos. 7, 8, and 10. Because Ms. Kelly is proceeding pro se, she shall have until **9/14/2018** to file her reply memoranda in support of her motions 7 8 10 . The Court further SETS this matter for a telephone conference on all remaining issues on 9/18/2018 at 10:00 AM. Signed by Magistrate Judge Stephanie K. Bowman on 9/6/2018. (km) (Entered: 09/06/2018) |
| 09/13/2018 | 17 | REPLY to Response to Motion re 7 MOTION for Sanctions filed by Interested Party Julie K. Kelly. (eh) (Entered: 09/13/2018) |
| 09/13/2018 | 18 | MOTION by Pro Se Litigant to Obtain Electronic Case Filing Rights by Interested Party Julie K. Kelly. (eh) Modified Filer on 9/14/2018 (bjc). (Entered: 09/13/2018) |
| 09/14/2018 | 19 | MOTION for Extension of Time New date requested 9/17/2018. by Interested Party Julie K. Kelly. (bjc) (Entered: 09/14/2018) |
| 09/17/2018 | 20 | REPLY to Response to Motion re 10 MOTION for Protective Order filed by Interested Party Julie K. Kelly. (bjc) (Entered: 09/17/2018) |
| 09/18/2018 | | Minute Entry for proceedings held before Magistrate Judge Stephanie K. Bowman: Telephone Conference held on 9/18/2018. Attorneys Matthew Byrne and Gillian Cooper appeared on behalf of Plaintiff. Third Party Julie Kelly appeared pro se. Written Order to follow. (km) (Entered: 09/19/2018) |
| 09/19/2018 | 21 | ORDER granting 1 Defendants' Motion to Compel Third Party Witness to Comply with Deposition Subpoena. Ms. Julie Kelly must appear for a deposition on 10/15/2018 at 12:00pm to be held at the U.S. Potter Stewart Courthouse, Room 203, |

| | | |
|---|---|---|
| | | 100 East Fifth Street, Cincinnati, Ohio 45202. Ms. Kelly must bring any and all documents in her possession as requested in the Subpoena previously issued for the 8/31/2018 deposition. The deposition will conclude at 5:00pm unless Defendants choose to conclude prior to 5:00pm. Unless otherwise agreed, Ms. Kelly shall be allowed two five minute breaks and one fifteen minute break during the five hour deposition. Defendants shall reimburse Ms. Kelly for reasonable child care expenses; denying 4 Julie Kelly's Motion to Quash; denying 8 Julie Kelly's Motion for an Order on Her Motion for Sanctions; denying 10 Julie Kelly's Motion for Protective Order; denying 18 Julie Kelly's Motion to Obtain Electronic Case Filing Rights, without prejudice to refiling; granting 19 Julie Kelly's Motion for Extension of Time to File Reply Brief in Support of Motion for Protective Order. Signed by Magistrate Judge Stephanie K. Bowman on 9/19/2018. (km) (Entered: 09/19/2018) |
| 09/21/2018 | 22 | MOTION for Leave to Appear Pro Hac Vice (Filing fee of $200 paid, receipt number 0648-6609816) of Gillian A. Cooper by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Certificates of Good Standing, # 2 Text of Proposed Order) (Byrne, Matthew) (Entered: 09/21/2018) |
| 09/24/2018 | 23 | ORDER granting 22 Motion for Leave to Appear Pro Hac Vice of Gillian A. Cooper. Signed by Judge Susan J. Dlott. (wam) (Entered: 09/24/2018) |
| 10/02/2018 | 24 | OBJECTIONS TO MAGISTRATE JUDGE ORDER 21 (Styled as a Motion for 72a) by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (bjc) Modified to Clarify Docket Text on 10/3/2018 (km). (Entered: 10/03/2018) |
| 10/03/2018 | | Notice of Correction re: 24 Objection to Magistrate Judge Order 21 . The docket text has been corrected to correctly reflect that the filing is objections to the Magistrate Judge Order under FRCP 72(a). (km) (Entered: 10/03/2018) |
| 10/05/2018 | 25 | RESPONSE in Opposition re 24 Objection to Magistrate Judge Orderre 21 Order on Motion to Compel,,,,, Order on Motion to Quash,,,,, Order on Motion for Order to,,,,, Order on Motion for Protective Order,,,,, Order on Motion for Miscellaneous Relief,,,,, Order on Motion for Extens filed by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Byrne, Matthew) (Entered: 10/05/2018) |
| 10/05/2018 | 26 | MOTION Shorten Time for Reply re 25 Response in Opposition to Motion, by Defendants Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Text of Proposed Order) (Byrne, Matthew) (Entered: 10/05/2018) |
| 10/05/2018 | 27 | MOTION for Protective Order by Interested Party Julie K. Kelly. (Attachments: # 1 Exhibits) (mr) (Entered: 10/05/2018) |
| 10/05/2018 | 28 | MOTION To Reconsider by Pro Se Litigant to Obtain Electronic Case Filing Rights by Interested Party Julie K. Kelly. (mr) (Entered: 10/05/2018) |
| 10/09/2018 | 29 | ORDER ORDER DENYING INTERESTED PARTYS MOTION FOR 72(A) AND AFFIRMING MAGISTRATE JUDGES |

| | | ORDER TO COMPEL DEPOSITION. Ms. Kelly must appear for a deposition on October 15, 2018 at noon to be held at the United States Potter Stewart Courthouse, Room 203, 100 East Fifth Street, Cincinnati, Ohio 45202. Ms. Kelly must bring any and all documents in her possession as requested in the Subpoena previously issued for the August 31, 2018 deposition. The deposition will conclude no later than 5:00 p.m. Unless otherwise agreed, Ms. Kelly shall be allowed two five minute breaks and one fifteen minute break during the five hour deposition.Defendants must reimburse Ms. Kelly for reasonable child care expenses.Ms. Kellys Motion for Sanctions (Doc. 7), Motion for 72a (Doc. 24), Motion for Protective Order (Doc. 27), and Motion to Reconsider Obtaining Electronic Case Filing Rights (Doc. 28) are denied.Defendants Motion to Shorten Time (Doc. 26) is also denied.. Signed by Judge Susan J. Dlott on 10/9/18. (wam) (Entered: 10/09/2018) |
| 10/09/2018 | 30 | RESPONSE in Opposition re 26 MOTION Shorten Time for Reply re 25 Response in Opposition to Motion, filed by Interested Party Julie K. Kelly. (jlw) (Entered: 10/10/2018) |
| 10/10/2018 | 31 | MOTION to Clarify 29 Order by Interested Party Julie K. Kelly. (jlw) (Entered: 10/10/2018) |
| 11/01/2018 | | ORDER denying as moot 31 Motion to Clairfy Order 31 . This case is hereby terminated on the Court's docket. Signed by Judge Susan J. Dlott. (wam) (Entered: 11/01/2018) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 10/16/2019 12:08:45 | | |
| PACER Login: | se1264:2832696:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:18-mc-00010-SJD-SKB |
| Billable Pages: | 5 | Cost: | 0.50 |

**United States District Court**
**Southern District of Ohio**
**Western Division**

Steven B. Barger,                                    Case No. 1:18mc00010

    Plaintiff,                                     Judge Susan J. Dlott

    v.                                             Mag. Judge Stephanie K. Bowman

First Data Corporation, et al.

    Defendants.

**ORDER**

This matter is currently before the Court based upon the filing of a motion to compel by Defendant (Doc. 1) to compel the deposition of a non-party witness Julie K. Kelly. Ms. Kelly filed a motion to quash (Doc. 4) as well as a motion for sanctions (Doc. 7). This matter was previously before the Court for a telephone status conference to discuss the above-mentioned motions. At that time Ms. Kelly agreed to appear for a deposition on August 31, 2018 and the Court requested further briefing on the motion for sanctions. Ms. Kelly then filed a motion for an order on her motion for sanctions (Doc. 8) as well as a motion for protective order (Doc. 10). Ms. Kelly did not appear for her deposition on August 31, 2018 which led the Court to schedule another telephone conference for September 18, 2018. Prior to that conference taking place, Ms. Kelly filed a motion to obtain electronic case filing rights (Doc. 18) and a motion for extension of time to file her reply brief in support of her motion for protective order (Doc. 19). The Court held the previously mentioned conference on September 18, 2018 wherein the Court informed the

1

parties that it would order Ms. Kelly to appear for a deposition. Based upon this ruling, Ms. Kelly's motion to quash (Doc. 4) is denied.

Ms. Kelly's motion for protective order (Doc. 10) is also denied and Ms. Kelly is ordered to bring with her to the deposition the documents in her possession that are requested in the subpoena for the August 31, 2018 deposition that was served on August 20, 2018. Although the Court cannot, and is not, providing legal advice, Ms. Kelly is directed to carefully review the request for documents, paying particular attention to paragraph one on page one of Attachment A to the subpoena.

At this time the Court will deny the motion to obtain electronic case filing rights, without prejudice. This is a miscellaneous case and under normal circumstances should not require numerous future filings as all pending motions have either been addressed by this order or are fully briefed. However, should circumstances change, Ms. Kelly may renew her motion.

Ms. Kelly's motion for an extension of time is granted. Ms. Kelly requested until September 17, 2018 to file her reply brief in support of her motion for a protective order and she in fact filed her reply on September 17, 2018. Thus, the reply is hereby deemed timely filed.

Thus, having considered the pending motions the Court orders as follows:

1. Defendants motion to compel (Doc. 1) is GRANTED. **Ms. Kelly must appear for a deposition on October 15, 2018** at 12:00pm to be held at the U.S. Potter Stewart Courthouse, Room 203, 100 East Fifth Street, Cincinnati, Ohio 45202. Ms. Kelly must bring any and all documents in her possession as requested in

2

the Subpoena previously issued for the August 31, 2018 deposition. The deposition will conclude at 5:00pm unless Defendants choose to conclude prior to 5:00pm. Unless otherwise agreed, Ms. Kelly shall be allowed two five minute breaks and one fifteen minute break during the five hour deposition. Defendants shall reimburse Ms. Kelly for reasonable child care expenses.

2. Ms. Kelly's motion to quash (Doc. 4), motion for an order on her motion for sanctions (Doc. 8), motion for protective order (Doc. 10) and motion to obtain electronic case filing rights (Doc. 18) are hereby DENIED. The Court will rule on the pending motion for sanctions in a subsequent order.

3. Ms. Kelly's motion for extension (Doc. 19) is GRANTED.

IT IS SO ORDERED.

_s/ Stephanie K. Bowman_____
Stephanie K. Bowman
United States Magistrate Judge

# EXHIBIT 5

CLOSED

# U.S. District Court
## Northern District of Alabama (Southern)
## CIVIL DOCKET FOR CASE #: 2:18-mc-01569-KOB

Barger v. First Data Corporation et al                          Date Filed: 09/24/2018
Assigned to: Chief Judge Karon O Bowdre                          Date Terminated: 01/28/2019

**Plaintiff**

**Steven B Barger**                          represented by   **David A Zeitlin**
                                                              ZEITLIN & ZEITLIN, P.C.
                                                              50 Court Street
                                                              Suite 506
                                                              Brooklyn, NY 11201
                                                              718-522-5644
                                                              Email: david@zeitlinlawfirm.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Shawn E Shearer**
                                                              THE LAW OFFICE OF SHAWN SHEARER PC
                                                              3839 McKinney Avenue
                                                              Suite 155-254
                                                              Dallas, TX 75204
                                                              214-434-1594
                                                              Email: shawn@shearerlaw.pro
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**First Data Corporation**    represented by **Arnold William Umbach , III**
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35209
205-868-6000
Fax: 205-868-6099
Email: tumbach@starneslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary B Eidelman**
SAUL EWING ARNSTEIN & LEHR LLP
500 E Pratt Street
Suite 900
Baltimore, MD
410-332-8975
Fax: 410-332-8976
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Frank Bisignano**    represented by **Arnold William Umbach , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary B Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dan Charron**    represented by **Arnold William Umbach , III**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Gary B Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony Marino**                                    represented by   **Arnold William Umbach , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary B Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Whalen**                                      represented by   **Arnold William Umbach , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary B Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rhonda Johnson**                                    represented by   **Arnold William Umbach , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary B Eidelman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/24/2018 | 1 | MOTION to Compel Third Parties Phillip Morgan, Grant Barger and Barger Consulting Group to Comply with Deposition Subpoena and Memorandum of Law in Support Thereof by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Attachments: # 1 Exhibit A-E, # 2 Exhibit F-R)(AFS) (Entered: 09/25/2018) |
| 09/26/2018 | 2 | MOTION to Strike, Deny or Consolidate by Grant S. Barger. (AFS) (Entered: 09/26/2018) |
| 10/03/2018 | 3 | ORDER with the consent of Chief Judge Karon Bowdre, the Clerk is DIRECTED to reassign this case to Chief Judge Bowdre. Signed by Judge Abdul K Kallon on 10/3/2018. (AFS) (Entered: 10/03/2018) |
| 10/03/2018 | 4 | NOTICE OF REASSIGNMENT: Case Reassigned to Chief Judge Karon O Bowdre. Judge Abdul K Kallon no longer assigned to the case. (AFS) (Entered: 10/03/2018) |
| 10/05/2018 | 5 | RESPONSE to 1 MOTION to Compel & Motions to Quash & For Protective Order filed by Grant Barger. (JLC) Modified on 10/9/2018 (JLC). (Entered: 10/05/2018) |
| 10/08/2018 | 6 | MOTION for Admission Pro Hac Vice by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Umbach, Arnold) (Entered: 10/08/2018) |
| 10/08/2018 |  | PHV Fee paid for Gary B. Eidelman in the amount of $50.00, Credit Card receipt number 1126-3190490, NDAL receipt #B4601092576. (Umbach, Arnold) Modified on 10/9/2018 (JLC). (Entered: 10/08/2018) |
| 10/08/2018 | 7 | TEXT ORDER granting 6 Motion to Admit Gary B. Eidelman Pro Hac Vice. The court advises counsel that it may require at least one attorney for each party to be physically present at every hearing and status conference. Signed by Chief Judge Karon O Bowdre on 10/8/18. (MMW) (Entered: 10/08/2018) |
| 10/09/2018 | 8 | NOTICE of Clerical Error by Grant S. Barger. (JLC) (Entered: 10/09/2018) |
| 10/15/2018 | 9 | RESPONSE in Opposition re 1 MOTION to Compel *and Opposition to Motion to Quash and for Protective Order* filed by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Umbach, Arnold) (Entered: 10/15/2018) |
| 10/18/2018 | 10 | REPLY to re 9 , 1 *SUPPLEMENT to Movants' Reply to Opposition to Motion to Compel and Opposition to Motion to Quash* |

| | | |
|---|---|---|
| | | *and for Protective Order* filed by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Umbach, Arnold) (Entered: 10/18/2018) |
| 10/19/2018 | 11 | REPLY to Opposition to Motion to Compel and Opposition to Motion to Quash and for Protective Order re 9 RESPONSE in Opposition filed by Grant S. Barger. (JLC) (Entered: 10/19/2018) |
| 10/19/2018 | 12 | NOTICE by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen re 11 REPLY (other), 9 Response in Opposition to Motion, 10 REPLY (other), 1 MOTION to Compel *of CORRECTION* (Umbach, Arnold) (Entered: 10/19/2018) |
| 10/22/2018 | 13 | MOTION for Sanctions by Grant S. Barger. (JLC) (Entered: 10/22/2018) |
| 10/22/2018 | 14 | OBJECTION TO NOTICE OF CORRECTION AND MOTION FOR SANCTIONS by Grant S. Barger. (JLC) (Entered: 10/22/2018) |
| 10/24/2018 | 15 | Opposition to re 14 , 13 *Defendants' Opposition to Grant Barger's Motion for Sanctions 13 and Objection to Notice of Correction and Motions for Sanctions 14* filed by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Umbach, Arnold) (Entered: 10/24/2018) |
| 10/29/2018 | 16 | REPLY IN SUPPORT OF GRANT BARGER'S MOTION FOR RULE 11 SANCTIONS (Docket No. 13)AND OBJECTION TO NOTICE OF CORRECTION AND MOTIONS FOR SANCTIONS(Docket No.14) filed by Grant S. Barger. (JLC) (Entered: 10/29/2018) |
| 12/14/2018 | 17 | MEMORANDUM OPINION regarding "Defendants' Motion to Compel Third Parties Phillip Morgan, Grant Barger and Barger Consulting Group to Comply with Deposition Subpoena and Memorandum of Law in Support Thereof." (Doc. 1). Signed by Chief Judge Karon O Bowdre on 12/14/2018. (LMG) (Entered: 12/14/2018) |
| 12/14/2018 | 18 | ORDER: As explained in the Memorandum Opinion filed with this Order, the court GRANTS IN PART and DENIES IN PART Defendants motion to compel. (Doc. 1). The court GRANTS the motion to compel in full against Mr. Morgan and DENIES the motion to compel in full against Barger Consulting Group. As to Mr. Barger, the court GRANTS the motion as to information requested in items 1 through 16 to the extent Mr. Barger possesses that information; GRANTS the motion as to the information in items 17 and 19 and as to the deposition; DENIES the motion as to the information requested in items 1 through 16 to the extent Mr. Barger lacks possession over that information; and DEFERS ruling on the motion to compel as to item 18. Mr. Barger shall file a privilege log detailing which communications requested are protected by the attorney-client privilege on or before January 7, 2019. Failure to do so will result in waiver of Mr. Bargers privilege and granting of the motion to compel as to item 18. The court DENIES Mr. Bargers motions for Rule 11 sanctions. (Docs. 13 & 14). Signed by Chief Judge Karon O Bowdre on 12/14/2018. (LMG) (Entered: 12/14/2018) |
| 12/17/2018 | 19 | ORDER This matter comes before the court on Grant Bargers Motion to Strike, Deny or Consolidate. 2 . Mr. Barger seeks to |

| | | |
|---|---|---|
| | | strike the motion to compel, 1 or to consolidate this case with a prior case, Case No. 2:18-mc-01491-KOB, regarding the same underlying subpoenas; This court has already ruled on the motion to compel in this case, 18 and the other case remains closed.Therefore, the court FINDS AS MOOT 2 Mr. Bargers Motion to Strike, Deny or Consolidate.. Signed by Chief Judge Karon O Bowdre on 12/17/2018. (KAM) (Entered: 12/17/2018) |
| 01/04/2019 | 20 | NOTICE OF PRIVILEGE LOG by Grant S. Barger. (JLC) (Entered: 01/08/2019) |
| 01/14/2019 | 21 | ORDER TO SHOW CAUSE; Defendants are hereby ORDERED to SHOW CAUSE in writing, on or before January 28, 2019, why the Court should not deny their 1 Motion to Compel, as to the documents listed in Mr. Grant Barger's privilege log. Signed by Chief Judge Karon O Bowdre on 1/14/2019. (JLC) (Entered: 01/14/2019) |
| 01/23/2019 | 22 | RESPONSE to re 21 filed by Frank Bisignano, Dan Charron, First Data Corporation, Rhonda Johnson, Anthony Marino, Karen Whalen. (Umbach, Arnold) (Entered: 01/23/2019) |
| 01/28/2019 | 23 | ORDER DISMISSING CASE as set out herein. Signed by Chief Judge Karon O Bowdre on 1/28/2019. (JLC) (Entered: 01/28/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/16/2019 11:10:44 | | |
| **PACER Login:** | se1264:2832696:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:18-mc-01569-KOB |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# EXHIBIT 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

STEVEN B. BARGER,        )
                                    )
      **Plaintiff,**       )      **Case No. EDNY 1:17-cv-04869-FB-LB**
                                    )
**v.**                            )      **Case No. 2:18-MC-01569-KOB**
                                    )
**FIRST DATA CORPORATION, et al.,**   )
                                    )
      **Defendants.**     )

## ORDER

This matter comes before the court on "Defendants' Motion to Compel Third Parties Phillip Morgan, Grant Barger and Barger Consulting Group to Comply with Deposition Subpoena and Memorandum in Support of Law Thereof," (doc. 1), and Mr. Barger's two motions for Rule 11 sanctions, (docs. 13 & 14).

As explained in the Memorandum Opinion filed with this Order, the court GRANTS IN PART and DENIES IN PART Defendants' motion to compel. (Doc. 1).

The court GRANTS the motion to compel in full against Mr. Morgan.

The court DENIES the motion to compel in full against Barger Consulting Group.

As to Mr. Barger, the court GRANTS the motion as to information requested in items 1 through 16 to the extent Mr. Barger possesses that information; and GRANTS the motion as to the information in items 17 and 19 and as to the deposition; and DENIES the motion as to the information requested in items 1 through 16 to the extent Mr. Barger lacks possession over that information.

The court DEFERS ruling on the motion to compel as to item 18. Mr. Barger shall file a privilege log detailing which communications requested are protected by the attorney-client

1

privilege **on or before January 7, 2019**. Failure to do so will result in waiver of Mr. Barger's

privilege and granting of the motion to compel as to item 18.

The court DENIES Mr. Barger's motions for Rule 11 sanctions. (Docs. 13 & 14).

**DONE** and **ORDERED** this 14th day of December, 2018.

_Karon O. Bowdre_

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE

2

FILED

2018 Dec-14 PM 06:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEVEN B. BARGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. EDNY 1:17-cv-04869-FB-LB** |
| | ) | |
| **v.** | ) | **Case No. 2:18-MC-01569-KOB** |
| | ) | |
| **FIRST DATA CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

In the movie *Groundhog Day*, weatherman Phil Connors finds himself stuck in a time

loop in Punxsutawney, Pennsylvania. Each day, he wakes up to the same song, reports on the

same news story, and relives the same 24 hours. Likewise, each day since Defendants filed their

motion to compel Grant Barger's deposition, this court feels as if it has relived the same 24 hours

as Mr. Barger[1] continues to file motions and notices repeating the same arguments. Today, the

court ends that time loop.

The late Judge Acker said it best: "Before the court are oceans of motions, motions to

compel, motions to quash, and motions for protection." *E.A. Renfroe & Co. v. Rigsby*, No. 06-

AR-1752-S, 2008 WL 11376585, at *1 (N.D. Ala. June 24, 2008). This matter comes before the

court on "Defendants' Motion to Compel Third Parties Phillip Morgan, Grant Barger and Barger

Consulting Group to Comply with Deposition Subpoena and Memorandum in Support of Law

Thereof." (Doc. 1). The underlying case, *Barger v. First Data Corp.* (1:17-CV-04869-FB-LB), is

pending in the U.S. District Court for the Eastern District of New York. Defendants First Data

---

[1] The court will only use "Mr. Barger" to refer to Grant Barger, not Steven Barger, throughout
this Order.

1

Corporation, Frank Bisignano, Dan Charron, Anthony Marino, Karen Whalen, and Rhonda Johnson served third-party subpoenas on Phillip Morgan, Grant Barger, and Barger Consulting Group, seeking both depositions and documents. Phillip Morgan, Grant Barger, and Barger Consulting Group all reside in Alabama. Defendants filed their motion to compel in this court on September 24, 2018. (Doc. 1).

On September 26, Mr. Barger, acting pro se, filed his "Motion to Strike, Deny or Consolidate" in response. (Doc. 2). On October 5, Mr. Barger filed his "Response to Motion to Compel & Motion to Quash & for Protective Order." (Doc. 5). On October 15, Defendants filed "Movants' Reply to Opposition to Motion to Compel and Opposition to Motion to Quash and for Protective Order." (Doc. 9). Mr. Morgan never responded to Defendants' motion. The motion to compel is now ripe for review.

## I. Background

This case originated as a wrongful termination action in the U.S. District Court for the Eastern District of New York. Plaintiff Steven Barger, a business consultant, filed a complaint against his former employer, First Data Corporation, and several executives. Plaintiff Steven Barger alleges that Defendants wrongfully terminated him in violation of the Family Medical Leave Act and the Americans with Disabilities Act, failed to reasonably accommodate his disability, discriminated against him based on disability, and retaliated against him. *See* (Docs. 1 & 34 in 1:17-cv-04869-FB-LB).

Defendants seek testimony and document production from Phillip Morgan, Grant Barger, and Grant Barger's consulting business. Mr. Morgan is Plaintiff Steven Barger's accountant, and Mr. Barger is Plaintiff Steven Barger's son. (Doc. 1 at 2). In his deposition, Plaintiff Steven Barger claimed that prior to working at First Data in 2014, he had a "lucrative consulting"

business working for his son's consulting business. (*Id.*). But Plaintiff Steven Barger's tax returns from 2012 and 2013 indicate a significantly lower income than he claimed in the deposition. Plaintiff Steven Barger claimed that the money that he earned as a consultant at his son's business, but did not report on his taxes, was "left in Mr. Barger's company."

Plaintiff Steven Barger first began working for First Data as an independent consultant, and then later became an employee of First Data. While Plaintiff Steven Barger was an independent consultant with First Data, his son's business, Barger Consulting Group, sent invoices to First Data for his services. During the three and a half months he worked for First Data as an independent consultant, Plaintiff Steven Barger stated that he charged First Data a monthly fee of $30,000. First Data explained that, given Plaintiff Steven Barger's monthly fee, Barger Consulting Group should have billed the company for $105,000 for Plaintiff Steven Barger's services. Instead, Barger Consulting Group billed First Data for $170,000. When questioned in his deposition about his income and tax return discrepancies, Plaintiff Steven Barger told Defendants to ask his accountant, Mr. Morgan, and his son, Mr. Barger.

Defendants continue to investigate the discrepancies in Plaintiff Steven Barger's tax returns and income to support their after-acquired evidence defense. The U.S. District Court for the Eastern District of New York issued third-party subpoenas to compel testimony and document production by Phillip Morgan and Grant Barger, who work and reside in the Northern District of Alabama, and Barger Consulting Group, Mr. Barger's business. (Doc. 1 at 1). The subpoena for Mr. Morgan seeks various documents and communications with Barger Consulting Group and Plaintiff Steven Barger regarding their tax returns and deductions, in addition to various documents regarding how Barger Consulting Group billed its clients. (Doc. 1-1 at 52–55). The subpoenas seek the same categories of documents from Mr. Barger and Barger

Consulting Group: personnel file and tax documents relating to Plaintiff Steven Barger;

documents regarding Barger Group LLC's contracts, invoices, financial statements, retainer fees,

billing rates, tax returns, information used in preparation of filing tax return, and profits and

losses records, all for the years 2010 through 2017; and communications with Plaintiff Steven

Barger, Mr. Morgan, and Shawn Shearer and his law firm concerning the underlying case. (Doc.

1-1 at 66–67, 73–74).

 Those subpoenas were served on Mr. Morgan on August 28, 2018, and on Mr. Barger,

individually and on behalf of Barger Consulting Group, on September 8, 2018. (Doc. 1-1 at 57,

78). Defendants scheduled both Mr. Morgan's and Mr. Barger's depositions on September 17,

2018, in Birmingham, Alabama.

 Defense counsel followed up the subpoenas with emails to Mr. Morgan and Mr. Barger to

discuss the subpoenas and document requests. Defense counsel exchanged several emails with

Mr. Morgan and Mr. Barger, but neither third party consented to being deposed.

 Mr. Barger then filed a motion to quash the subpoena on September 13, 2018, in a

different action before this court. *See* (Doc. 1 in No. 2:18-mc-01491-KOB). This court denied the

motion to quash. *See* (Doc. 4 in No. 2:18-mc-01491-KOB). Mr. Barger subsequently

supplemented the motion to quash, indicating to the court that defense counsel canceled the

deposition at issue. *See* (Doc. 6 in No. 2:18-mc-01491-KOB). On September 19, 2018, the court

vacated its earlier Order and found the motion to quash as moot, closing the case, because the

deposition was seemingly canceled. *See* (Doc. 7 in No. 2:18-mc-01491-KOB).

 Defendants then filed the motion to compel at issue in this case on September 24, 2018.

(Doc. 1). Defendants seek to compel third parties Mr. Morgan, Mr. Barger, and Barger

Consulting Group to comply with the deposition subpoenas duces tecum. On September 26,

2018, Mr. Barger filed his "Motion to Strike, Deny or Consolidate." (Doc. 2). He subsequently

filed his "Response to Motion to Compel & Motions to Quash & for Protective Orders" on

October 5. (Doc. 5). Defendants filed "Movants' Reply to Opposition to Motion to Compel and

Opposition to Motion to Quash and for Protective Order" on October 15. (Doc. 9).

At this point, the filings spun out of control. On October 18, Defendants filed

"Supplement to Movants' Reply to Opposition to Motion to Compel and Opposition to Motion to

Quash and for Protective Order" in response to allegations by Mr. Barger via email that

Defendants had not fulfilled their duty to meet and confer. (Doc. 10).

Mr. Barger then filed his "Reply to Opposition to Motions to Quash & for Protective

Orders" on October 19. (Doc. 11). Among other things, Mr. Barger notified Defendants that

Barger Consulting Group, the company they had subpoenaed, was not the name of his company.

In an attempt to fix the naming mistake, Defendants filed their "Notice of Correction" on

October 19. (Doc. 12).

Mr. Barger then filed two motions for Rule 11 sanctions against Defendants and defense

counsel. (Docs. 13 & 14). On October 24, Defendants filed "Defendants' Opposition to Grant

Barger's (1) Motion for Sanctions (ECF No. 13) and (2) Objection to Notice of Correction and

Motions for Sanctions (ECF No. 14)." (Doc. 15). Barger concluded by filing his "Reply in

Support of Grant Barger's Motion for Rule 11 Sanctions (Docket No. 13) and Objection to

Notice of Correction and Motions for Sanctions (Docket No. 14)" on October 29. (Doc. 16).

## II. Discussion

Defendants seek the deposition of Mr. Morgan and Mr. Barger in addition to documents

produced by Mr. Morgan, Mr. Barger, and Barger Consulting Group. The court will address the

motion in reference to each third party in turn.

## A. Mr. Morgan

Defendants seek the testimony of Phillip Morgan in support of its after-acquired evidence defense to Plaintiff Steven Barger's wrongful termination claims. Rule 45 of the Federal Rules of Civil Procedure provides several instances in which the court may quash a subpoena. But all of those instances require a timely motion by the person or entity subject to the subpoena. *See* Fed. R. Civ. P. 45(d)(3). Mr. Morgan has not filed any response in this action.

Mr. Barger has included Mr. Morgan in several of his responses and motions. But because Mr. Barger is pro se and not an attorney, Mr. Barger cannot represent Mr. Morgan. Mr. Barger clarifies in his second responsive filing that he seeks to prevent Mr. Morgan from "be[ing] required [to] testify or turnover [sic] documents about me and my business and my documents for the same reasons I argued in my Motion to Quash." (Doc. 5 at 2 n.1).

"When a subpoena is directed to a nonparty, any motion to quash . . . generally must be brought by the nonparty." *E.A. Renfroe & Co.*, 2008 WL 11376585, at *3–4 (quoting 9 *Moore's Federal Practice* § 45.50[3] (3d ed. 2008)). The court recognizes that parties may have standing to challenge a non-party subpoena based on the party's personal right or privilege over the information subpoenaed. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (holding that defendants lacked standing to challenge a non-party subpoena when they were not in possession of the materials and did not allege a personal right or privilege); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957) ("Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a non-party witness, the party to the action has no right to relief . . . ."); *see also Auto-Owners Ins. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (finding that defendants failed to show an expectation of privacy in their business transactions, and therefore could not

establish a personal right as to those records). At least one court has held that non-parties also may have standing when challenging subpoenas against other non-parties to obtain information to which the challenging non-party has a personal right or claim of privilege. *See Estate of Ungar v. Palestinian Authority*, 332 F. App'x 643, 645 (2d Cir. 2009) (holding that a non-party had standing to challenge a subpoena over records maintained by its law firm, a different non-party).

Mr. Barger simply requests that "[Mr.] Morgan not be required [to] testify or turnover [sic] document[s] about me and my business and my documents for the same reasons I argued in my Motion to Quash." (Doc. 5 at 2 n.1). But nowhere does Mr. Barger allege that he has a personal right or claim of privilege over any of these documents. Without any evidence proving that he has such a right or privilege, the court cannot find that he has standing to challenge Mr. Morgan's subpoena.

Because Mr. Morgan has not responded to the motion to compel or offered any argument why he should not be required to comply with the subpoena, the court will GRANT the motion to compel with respect to Mr. Morgan.

### B.  Mr. Barger

Mr. Barger offers several reasons why the court should quash the subpoena seeking his deposition and production of documents. He contends that (1) Defendants lied to this court and the U.S. District Court for the Eastern District of New York; (2) no outstanding subpoena exists; (3) Defendants failed to meet and confer with him prior to filing their motions compelling his compliance with the subpoena; (4) the subpoena requests privileged information; (5) the information sought is duplicative; (6) Defendants are solely requesting certain documents to build a case against Mr. Barger, not for use in the underlying matter; (7) the information

requested contains trade secrets; (8) he does not possess some of the documents requested; and (9) the subpoenas are overbroad and irrelevant. This court will discuss each argument raised.

Under Rule 45(d)(3) of the Federal Rules of Civil Procedure, the court must quash or modify a subpoena on timely motion if the subpoena (1) "fails to allow a reasonable time to comply," (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)," (3) "requires disclosure of privileged or other protected matter," or (4) "subjects a person to undue burden." The court may quash or modify the subpoena on timely motion if the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B).

To begin, Mr. Barger notes that "I did not have an opportunity to object to the subpoenas because they were determined to be moot. If I had the opportunity to do so, I would say the following . . . ." (Doc. 5 at 15). As the court will later explain, the court never found the *subpoenas* to be moot. The court only found that the m*otion to quash the subpoena* was moot. The subpoenas are not moot.

So, Mr. Barger's objections would have been untimely under Rule 45. Under Rule 45, an objection must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Because he filed his objections on October 5, 2018, twenty-seven days after the subpoena was served, Mr. Barger's objections were untimely. Because Mr. Barger is pro se and clearly was confused regarding the status of the subpoenas after the court found as moot his initial motion to quash, the court will assume *arguendo* that he timely raised his objections.

8

### i. Lies to the court

Mr. Barger argues that Defendants lied to Judge Bloom of the Eastern District of New York by suggesting that Plaintiff Steven Barger's representations to Joe Plumeri about his monthly income are the only reason why Defendants seek Mr. Barger's deposition. Mr. Barger alleges that the lies continued in the motion to compel in which Defendants misstated the length of time Plaintiff Steven Barger consulted with First Data and omitted any mention of Mr. Barger's attempts to speak with defense counsel prior to the deposition.

Lying to the court is not a ground upon which the court may or must quash a subpoena. *See* Fed. R. Civ. P. 45(d)(3). In addition, the court is unconvinced that Defendants lied to the court. Mr. Barger contends that he knows nothing about Plaintiff Steven Barger's relationship with Joe Plumeri, and so Defendants' reason for seeking Mr. Barger's deposition must be pretextual. But after denying that he has knowledge of Plaintiff Steven Barger and Mr. Plumeri's relationship, Mr. Barger provides the court with several details about the relationship, like that their friendship goes back three decades. Even if Mr. Barger were to lack any knowledge of the relationship, he may simply state such in his deposition.

Mr. Barger complains that Defendants request 16 categories of information regarding this relationship and Plaintiff Steven Barger's activities as a consultant. But Mr. Barger fails to address—and this court cannot see—how Defendants lied and how any such lying would affect the validity of this facially fair and relevant subpoena.

Mr. Barger alleges that Defendants omitted mentioning Mr. Barger's attempts to speak with defense counsel. This court recognizes that Mr. Barger has repeatedly reached out to defense counsel about the information they sought from him. The court fails to see why Mr. Barger is so resistant to this subpoena when he was so eager to respond to defense counsel in

August 2018 when he emailed defense counsel offering to speak with them prior to even being served a subpoena.

Mr. Barger has not provided evidence that Defendants lied to the court; regardless, lying to the court is not a reason to quash a subpoena under Rule 45(d). So this argument fails.

### ii.   No subpoena exists

Mr. Barger next argues that no outstanding subpoena exists for his deposition or production of documents. He bases this assertion on this court's September 19, 2018 Order in a related matter, Case No. 2:18-mc-01491-KOB, that mooted his prior motion to quash. In that related matter, Mr. Barger had filed a "Motion to Quash and Motion for Protective Order" regarding the same subpoena at issue in this matter. *See* (Doc. 1 in 2:19-mc-01491-KOB). His argument rested primarily on being unavailable on September 17, 2018, the date defense counsel scheduled his deposition. Mr. Barger later represented to the court that defense counsel had canceled the scheduled deposition at issue. Because Mr. Barger's argument had been resolved— he was no longer required to sit for a deposition on September 17—the court found Mr. Barger's motion to quash as moot. *See* (Doc. 7 in 2:18-mc-01491-KOB).

The court never found the subpoena moot. The subpoenas in this case remain ripe, and so this argument fails.

### iii.   Failure to meet and confer

Mr. Barger also contends that defense counsel never met and conferred with him prior to filing their motion to compel. Defendants submitted their "Supplement to Movants' Reply to Opposition to Motion to Compel and Opposition to Motion to Quash and for Protective Order" to address this argument. (Doc. 10). But the court need not reach Defendants' supplement to find proof that Defendants did indeed attempt to meet and confer.

Under Rule 37, a motion for an order compelling disclosure or discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Mr. Barger misunderstands the meaning of Rule 37. The rule requires the parties to "confer[] or *attempt*[] to confer," not necessarily a successful remediation of the dispute before turning to the court. *Id.* (emphasis added).

Defendants' original motion, the motion to compel, does include exhibits demonstrating Defendants' attempts to meet and confer with Mr. Barger. Mr. Barger emailed defense counsel on August 14 to discuss scheduling a time to speak. (Doc. 1-2 at 40–49). After Defendants served the subpoena on Mr. Barger on September 8, (doc. 1-1 at 78), defense counsel emailed Mr. Barger on September 11 to set up a date for his deposition, (doc. 1-2 at 10). Mr. Barger responded that defense counsel should have followed up sooner, as he had emailed defense counsel on August 14 to discuss the deposition. Mr. Barger did not respond to defense counsel's inquiry about scheduling, but berated defense counsel for "the cloak and dagger drama of demanding a bunch of papers that I never agreed to give." (*Id.*). Defense counsel followed up with another letter asking Mr. Barger if he was available for a deposition on September 17. (*Id.* at 13). Rather than respond to the letter, Mr. Barger filed a motion to quash in this court. *See* (Doc. 1 in 2:19-mc-01491-KOB).

The record shows plenty of attempts to meet and confer between Defendants and Mr. Barger. Rule 37 does not require the parties to *successfully* meet and confer, nor does it require such a conference to be in person. The email and letter chains back and forth represent attempts between defense counsel to schedule Mr. Barger's deposition and Mr. Barger's concerns regarding the deposition. For example, when Mr. Barger emailed defense counsel that he did not

know why he was being subpoenaed, defense counsel explained why his testimony was relevant to the case and why the deposition must be scheduled quickly. (Doc. 1-2 at 10).

While defense counsel and Mr. Barger were woefully unsuccessful at mediating their own disputes, the court recognizes that Defendants did attempt to confer with Mr. Barger prior to reaching out to the court. Therefore, because Defendants did attempt to meet and confer before filing the motion to compel, this argument fails.

### iv. Privileged information

Mr. Barger argues that the subpoena requests information about his confidential communications with employees of the Law Office of Shawn Shearer. Item 18 of Mr. Barger's subpoena requests "[a]ll communications and ESI that you have had with Shawn Shearer, Brenda Barger, or the Law Offices of Shawn Shearer since August 10, 2018 concerning *Barger v. First Data Corporation et al*." (Doc. 1-1 at 67). According to Mr. Barger, the law firm "has provided [him] corporate and legal advice about [his] business." (Doc. 5 at 12). Defendants also note that Shawn Shearer is Mr. Barger's brother-in-law. (Doc. 1 at 2).

The attorney-client privilege protects confidential communications made between the lawyer, in his professional capacity, and the client for the purpose of securing legal advice. *See United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991) (citing *United States v. Ponder*, 475 F.2d 37, 39 (5th Cir. 1973)) (finding that communications with a lawyer in his capacity as a Deputy Counselor were subject to attorney-client privilege when the defendant approached him for legal advice). The burden of proving that the attorney-client privilege existed rests on the individual invoking that privilege. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013) (holding that defendant failed to adequately assert attorney-client privilege).

Under Rule 37, the court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver apples." Fed. R. Civ. P. 37(d)(3)(a)(iii). To withhold information because of privilege, a party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed." Fed. R. Civ. P. 26(b)(5)(A). "Filing a privilege log has become the 'universally accepted mean[s] of asserting privileges in discovery in the federal courts.'" *Smith v. Café Asia*, 256 F.R.D. 247, 250 (D.D.C. 2009) (quoting *Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1, 1 (D.D.C. 1999)). Once Mr. Barger produces a privilege log, the court can then determine whether the communications at issue are privileged.

While a court may waive privilege when a party fails to produce a privilege log, waiver is a harsh sanction typically reserved for situations absent excessive delay or bad faith by the proponent. *See Pub. Serv. Co. of NH v. Portland Nat. Gas*, 218 F.R.D. 361, 363 (D.N.H. 2003) ("[U]sing Rule 33(b)(4) to justify a waiver finding when the responding party invokes a privilege but initially fails to produce a privilege log with its discovery responses is unnecessarily harsh."); *see also Smith v. James C. Hormel Sch. of Va. Inst. of Autism*, No. 3:08cv00030, 2010 WL 3702528, at *4–5 (W.D. Va. Sept. 14, 2010) ("Given the sanctity of the attorney-client privilege and the seriousness of privilege waiver, courts generally find waiver only in cases involving unjustified delay, inexcusable conduct and bad faith.").

Because Mr. Barger is pro se, the court recognizes that he is unfamiliar with the Federal Rules of Civil Procedure. Therefore, the court will defer ruling on the motion to compel as to item 18 in the subpoena until Mr. Barger files a privilege log. Mr. Barger shall file a privilege log that describes the documents protected by attorney-client privilege in accordance with Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure **on or before January 7, 2019**. Failure to

file a privilege log by the deadline will result in Mr. Barger's waiver of the attorney-client privilege as to the documents requested in item 18, and the court will grant the motion to compel as to item 18.

### v.  Duplicative information

Mr. Barger contends that because Defendants obtained the invoices from Mr. Barger's business through other discovery in this case, Mr. Barger does not have to produce the invoices in his possession. He also claims Defendants lack a reason to look at business records of billings to other clients from 2010 through 2017. The latter argument will be discussed later with Mr. Barger's relevance challenge.

Under Rule 45, the court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The court also has a duty to minimize imposing an undue burden on a third party. *Id.* 45(d)(1). But Mr. Barger never alleges that the information requested would be a burden to produce, merely that the information sought has been produced by another party.

Another district court has found an undue burden present when a non-party demonstrated that the information sought was readily accessible elsewhere. *See Breland v. Levada EF Five, LLC*, CA 14-0158-CG-C, 2015 WL 12995098, at *6 (S.D. Ala. Apr. 30, 2015) (finding that documents were readily accessible via another source when the non-party attached the documents from that source to his motion). But a different district court has also found no undue burden when a probability exists that a potentially duplicative search may unearth additional materials relevant to the main issues of the case. *See Williams v. Sunbelt Rentals, Inc.*, No. 8:04-cv-1395-T27MSS, 2005 WL 8160097, at *3 (M.D. Fla. Oct. 12, 2005) (holding that the search

14

was not a burden when it would only take a few hours and the previous search from another source turned up numerous missing pages).

Here, Defendants note that Plaintiff Steven Barger was unable to explain discrepancies in his tax returns and told Defendants that his accountant and son could answer these questions. Plaintiff Steven Barger also could not explain questions regarding "suspect invoices that he and G. Barger's company submitted to First Data." (Doc. 9 at 6). In light of the probability of unearthing new, relevant material and Mr. Barger's failure to allege any time or monetary burden in producing this discovery, this argument also fails.

### vi.    Improper purpose

Mr. Barger argues that Defendants seek his deposition for an improper purpose. He fears that "First Data is trying to use the subpoenas to develop a case against me." (Doc. 5 at 14). Whether the deposition of Mr. Barger and production of the requested documents results in a case against Mr. Barger is not a question for this court. Defendants subpoenaed Mr. Barger for his close relationship with his father, Plaintiff Steven Barger, and Plaintiff Steven Barger's work for Mr. Barger's consulting business, which has resulted in allegedly suspect invoices submitted to First Data. The court finds that the financial information and communications with Plaintiff Steven Barger requested is highly relevant to Defendants' case. Therefore, this argument fails.

### vii.    Trade secrets

Mr. Barger alleges that the information sought regarding his clients and billing rate from 2010 to 2017 is a trade secret. He notes that "[t]here could be significant damages to my business if clients know I am revealing their information." (Doc. 5 at 14).

Under Rule 45, the court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R.

Civ. P. 45(d)(3)(B)(i). The burden to establish that the information sought is a trade secret and the harm of its disclosure rests on the party seeking to avoid discovery. *See Sams v. GA West Gate, LLC*, 316 F.R.D. 693, 698 (N.D. Ga. 2016) ("The party resisting discovery must first establish that the information sought is a trade secret [or otherwise confidential] and then demonstrate its disclosure might be harmful."). Once the movant meets this burden, "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated.'" *Id.* (quoting *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006)). The court then applies a balancing test:

> [T]his Court must balance [Defendants'] need for discovery against the burden imposed upon [Mr. Barger], along with [his] interest in keeping the requested information confidential. Other factors this Court should consider are the relevance of the requests, the breadth of the request, the time period covered by the requests, and the particularity with which the documents are described. The status of a person as a non-party is a factor that weighs against disclosure.

*Matter of Subpoena Issued to Interconn Res., Inc.*, CV 3:06CV714, 2008 WL 11375414, at *2 (N.D. Ala. Sept. 30, 2008) (quoting *Fadalla v. Life Auto. Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007) (internal citations omitted)).

A mere conclusory statement that information sought *may* contain a trade secret or *could* be harmful is insufficient. *See Sams*, 316 F.R.D. at 698 ("Movant's conclusory statement that the subpoena is too broad and that '*some*' of the responsive documents [*may* be confidential] does not come close to carrying its burden."); *AAL USA, Inc. v. Black Hall Aerospace, Inc.*, No. 2:16-cv-02090-KOB, 2018 WL 2463710, at *2 (N.D. Ala. Feb. 22, 2018) (finding that movant failed to establish information was confidential when it merely recited the subpoena requests). Here, Mr. Barger contends that turning over the identities of his clients and billing rates would harm his business, but provides no further details.

16

Federal courts have held that customer lists and billing rates may be trade secrets, particularly when the holder of such information takes steps to maintain the confidentiality of that information. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 668 (S.D. Tex. 2010) (finding that billing rates and client lists are confidential when the owner took steps to keep that information secret, even though the information previously was publicly available); *Feldman v. Cmty. Coll. of Allegheny*, 85 F. App'x 821, 827–28 (3d Cir. 2004). *But see Peter Kiewet Sons', Inc. v. Wall St. Equity Grp., Inc.*, No. 8:10CV365, 2011 WL 5075720, at *7 (D. Neb. Oct. 25, 2011) (holding that business documents exchanged with clients cannot be trade secrets when the party seeking to avoid discovery simply claims the information is confidential "without further substantiation," and noting that "even if any of the information or documents sought are indeed confidential, the proper course of action is to enter into a protective agreement . . . not deny the requests altogether"). Mr. Barger has offered no evidence that his client lists are confidentially maintained and not publicly known.

But even assuming that Mr. Barger's customer lists and billing rates are trade secrets, Mr. Barger has failed to establish that disclosure would be harmful. In *Fadalla v. Life Automotive Products, Inc.*, the court found that the party demonstrated disclosure of a client list was harmful when it required the party to breach its non-disclosure and secrecy agreements with its clients. *See* 258 F.R.D. at 506. While the court surmises that situations exist in which client identities and billing rates can be harmful if released, Mr. Barger has offered no evidence or argument that disclosing his business consulting clients or billing rate presents such a risk.

Further, the court finds the "Stipulated Order Regarding Confidentiality of Discovery Material" jointly filed and ordered by Magistrate Judge Bloom in the underlying case is sufficient to protect against the leakage of any potentially confidential information. *See* (Doc. 23

in 1:17-cv-04869-FB-LB). Therefore, because Mr. Barger has failed to establish that the information sought is a trade secret that if disclosed would result in harm, this argument fails.

### viii. Wrong third party

Mr. Barger contends that because the subpoenas seek information belonging to entities, namely Mr. Barger's consulting limited liability company, he lacks the authority to turn over the documents. Subpoenas duces tecum command a person to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena cannot require an individual to produce documents over which he lacks possession. *See Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC*, 280 F.R.D. 639, 640 (M.D. Fla. 2012) (holding that a protective order was appropriate when the movant submitted an affidavit that she did not have possession of the documents, which the opposing side did not refute).

Mr. Barger states that, because some of the documents requested are not in his possession but in that of his consulting business, he cannot produce those documents. Specifically, the documents requested under items 1 through 16 of the subpoena to Mr. Barger appear to be business records that likely are not in his individual possession. (Doc. 1-1 at 66–67). Defendants have offered no evidence or argument that these documents actually are within Mr. Barger's possession or control. To the extent the documents requested in items 1 through 16 are in possession of the limited liability company, to which Defendants have also issued a subpoena seeking the same records, the court will DENY Defendants' motion to compel the subpoena as to documents over which Mr. Barger does not have possession.

### ix. Overbreadth and irrelevance

Mr. Barger challenges the subpoena as being overbroad and irrelevant. Mr. Barger brings three specific challenges to relevancy and breadth of the requests. First, he argues that the documents requested involve an eight-year period and are disproportionate to the needs of the case and broader than necessary to determine Plaintiff Steven Barger's monthly income prior to being hired by First Data. Second, he asserts that his contracts, agreements, and billing practices are irrelevant to the case, particularly those contracts before First Data hired Plaintiff Steven Barger and after First Data terminated Plaintiff Steven Barger. Third, Mr. Barger claims that the documentation of Plaintiff Steven Barger's consulting expenses in connection with Mr. Barger's consulting firm between 2010 and 2017 has "nothing to do with Plaintiff Barger's income."

Rule 26 limits discovery to:

> nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Generally speaking, 'relevance' for discovery purposes is broadly construed." *Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, AFL-CIO-CLC*, 103 F.3d 1007, 1012 (D.C. Cir. 1997).

In the underlying district court case in New York, Plaintiff Steven Barger alleges that Defendants wrongfully terminated him in violation of the Family Medical Leave Act and Americans with Disabilities Act, and he seeks millions of dollars in damages. *See* (Doc. 34 in 1:17-cv-04869-FB-LB; Doc. 9 at 9 in 2:18-mc-01569-KOB). Defendants argue that the information sought "goes directly to Defendants' defenses to [Plaintiff Steven Barger's] claims for damages under an after-acquired evidence defense." (Doc. 9 at 9).

19

After-acquired evidence of an employee's wrongdoing may mitigate damages owed for wrongful termination by the defendant. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) ("[W]e must consider how the after-acquired evidence of the employee's wrongdoing bears on the specific remedy to be ordered.").

So, Defendants here seek to obtain information regarding Plaintiff Steven Barger's activities when he worked as a consultant for Mr. Barger's consulting firm. The information sought—including Barger Consulting Group's tax returns, contracts with clients, invoices sent to clients, and process of determining consulting fees, in addition to Plaintiff Steven Barger's expenses while he was consulting between 2010 and 2017—are highly relevant to Defendants' defense. Information regarding an employee's wrongdoing is relevant "not to punish the employee, or out of concern 'for the relative moral worth of the parties,' but to take due account of the lawful prerogatives of the employer in the usual course of its business and the corresponding equities that it has arising from the employee's wrongdoing." *McKennon*, 513 U.S. at 361 (quoting *Perma Life Mufflers, Inc. v. Int'l Parts Corp.*, 392 U.S. 134, 139 (1968)).

Federal courts are wary of allowing "fishing-expedition discovery" by employers to find evidence of wrongdoing. *Premer v. Corestaff Servs, L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005). Instead, they "must have some preexisting basis to believe that after-acquired evidence exists before it can take on additional discovery." *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *5 (M.D. Fla. June 6, 2006). But Defendants here are not on a fishing expedition. Plaintiff Steven Barger in his deposition gave rise to inferences of misconduct, and directed Defendants where to uncover more information.

The court disagrees with Mr. Barger's insistence that this information "has absolutely nothing to do with Plaintiff Barger's employment by First Data . . . and his claim that First Data

violated the FMLA and ADA when they terminated him." (Doc. 5 at 16). Plaintiff Steven Barger represented that he left a "lucrative consulting" business to work for First Data, but he only received $16,210 in 2013 from that business. (Doc. 1-1 at 22). If Plaintiff Steven Barger misrepresented his success, and therefore his experience and qualifications, to First Data and First Data relied upon those misrepresentations, Plaintiff Steven Barger may have committed a wrongdoing that would mitigate First Data's damages.

In his deposition, Plaintiff Steven Barger indicated that he earned more than the income reported on his tax returns, but that the money "all went to the Barger Group, everything got paid to the Barger Group." (Doc. 1-1 at 23). So, if Plaintiff Steven Barger in fact had a lucrative consulting practice, the business's financial records—including its tax returns, financial statements, and invoices sent to clients—should reflect that success, and would explain away the discrepancy between Plaintiff Steven Barger's comments about his income.

But Plaintiff Steven Barger also failed to answer several important questions regarding his tax reports. For example, he was unable to explain why he included business expenses on his personal tax return to offset his income from the consulting practice. (Doc. 1-1 at 24–25). Specifically, he could not explain why the rent for his home office jumped from $1,500 to $22,900 for six months or why his income decreased from $77,000 in 2011 to under $20,000 in 2012 and 2013, "other than the fact that [Plaintiff Steven Barger] started working . . . at the Barger Group." (*Id.* at 27). Because of the discrepancies in the tax reporting relating Plaintiff Steven Barger to the Barger Consulting Group, analyzing the Barger Consulting Group's broader financial records—including billing rates and contracts with clients to determine the actual income generated—may give a more accurate picture of the financial status of the company, and thus whether Plaintiff Steven Barger actually had a lucrative consulting business.

Therefore, because the information sought seems highly relevant to Defendants' after-acquired evidence defense, this argument, too, fails.

Accordingly, the court will GRANT IN PART and DENY IN PART Defendants' motion to compel. (Doc. 1). The court will GRANT the motion as to the information requested in items 1 through 16 to the extent Mr. Barger possesses that information, and will GRANT the motion as to the information in items 17 and 19. The court will DENY the motion as to the information requested in items 1 through 16 to the extent Mr. Barger lacks possession over that information. The court will DEFER ruling on the motion to compel as to item 18 until it can determine whether the information sought is privileged.

### C. Barger Consulting Group

In his "Reply to Opposition to Motions to Quash & for Protective Order," Mr. Barger points out that Barger Consulting Group is not a real Alabama company. (Doc. 11). Mr. Barger owns The Barger Group LLC. (Doc. 14 at 4). After Mr. Barger notified Defendants of their naming mistake in his motion, Defendants promptly filed a Notice of Correction to amend the company name from Barger Consulting Group to The Barger Group LLC in each of its prior filings. (Doc. 12).

Based on the information Defendants have sought since the beginning of this motion to compel, the court is certain that Defendants intended to serve a subpoena on The Barger Group LLC, not the similarly named nonexistent Barger Consulting Group. In their motion to compel, Defendants explained that they sought to depose Grant Barger's company for which Plaintiff Steven Barger worked. (Doc. 1 at 2).

But, because Defendants have not served a subpoena on The Barger Group LLC, the court cannot enforce the motion to compel against it. Therefore, the court must DENY the motion to compel as to Barger Consulting Group.

### D. Motions for Rule 11 Sanctions

Mr. Barger also moved this court for Rule 11 sanctions against Defendants and defense counsel. Rule 11 allows the court to sanction an attorney, law firm, or party that presented to the court (1) information for an improper purpose, such as harassment or delay; (2) a claim, defense, or legal contention not supported by existing law or that was frivolous; (3) a factual contention without evidentiary support; or (4) a denial of factual contention without evidentiary support (or not specifically identified as being based on belief or lack of information). *See* Fed. R. Civ. P. 13(b)–(c).

"The goal of Rule 11 sanctions is to 'reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers.'" *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001) (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc)). The court determines whether Rule 11 sanctions are appropriate by considering "reasonableness under the circumstances." *Donaldson*, 819 F.2d at 1556.

While the court is impressed by defense counsel and Mr. Barger's inability to cooperate on any matter, regardless of how small, the court sees no frivolous, meritless, or bad faith claim, defense, motion, or filing on behalf of Defendants. Therefore, the court will DENY both of Mr. Barger's motions for Rule 11 sanctions. (Docs. 13 & 14).

### III. Conclusion

For the reasons stated above, the court will GRANT IN PART and DENY IN PART Defendants' motion to compel. (Doc. 1). The court will GRANT in full the motion against Mr.

Morgan and DENY in full the motion against Barger Consulting Group. As to Mr. Barger, the court will GRANT the motion as to the information requested in items 1 through 16 to the extent Mr. Barger possesses that information, and will GRANT the motion as to the information in items 17 and 19 and as to the deposition. Mr. Barger shall appear for his deposition to be scheduled by defense counsel, while allowing Mr. Barger reasonable time to comply subject to Rule 45(d)(3)(A)(ii). The court will DENY the motion as to the information requested in items 1 through 16 to the extent Mr. Barger lacks possession over that information.

The court will DEFER ruling on the motion to compel regarding Mr. Barger's claim of privilege as to the documents requested in item 18. Mr. Barger shall file a privilege log detailing which communications requested are protected by the attorney-client privilege **on or before January 7, 2019**. Failure to do so will result in waiver of Mr. Barger's privilege, and the court will grant the motion to compel as to item 18.

The court will DENY Mr. Barger's motions for Rule 11 sanctions. (Docs. 13 & 14).

The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 14th day of December, 2018.

_Karon O. Bowdre_

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT 7

# INVOICE



## Planet **Depos**
We Make It *Happen*™

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 244866 | 11/13/2018 | 209179 |
| **Job Date** | **Case No.** | |
| 10/15/2018 | 1:17-CV-04869-FB-LB | |
| **Case Name** | | |
| Barger -v- First Data Corporation, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gillian A. Cooper, Esquire
Saul Ewing Arnstein & Lehr
650 College Road East
Suite 4000
Princeton, NJ 08540

TRANSCRIPT WITH INDEX OF:

| | | | |
|---|---|---|---|
| Julie Kelly - XMEF | 256.00 | Pages | 1,011.20 |
| Attendance | 5.00 | Hours | 225.00 |
| Realtime | 192.00 | Pages | 336.00 |
| Rough ASCII | 192.00 | Pages | 288.00 |
| Exhibits | 244.00 | Pages | 85.40 |
| XMEF File | | | 95.00 |
| Processing Fee | | | 35.00 |
| Shipping & Handling | | | 35.00 |
| | | **TOTAL DUE >>>** | **$2,110.60** |

Due upon receipt and is not contingent on client payment.

        ***ATTENTION***
Please update your records with our new remittance address below:

         PLANET DEPOS, LLC
          P.O. BOX 69136
       BALTIMORE, MD 21264-9136

For your convenience we now accept payments via wire transfer.
Account Number: 1048289          Wire Routing Number: 055003528

**Tax ID:** ▇▇▇▇▇▇

*Please detach bottom portion and return with payment.*

Gillian A. Cooper, Esquire
Saul Ewing Arnstein & Lehr
650 College Road East
Suite 4000
Princeton, NJ 08540

| | | |
|---|---|---|
| Invoice No. | : | 244866 |
| Invoice Date | : | 11/13/2018 |
| **Total Due** | **:** | **$0.00** |

Remit To:  **Planet Depos, LLC**
          **P.O. BOX 69136**
          **Baltimore, MD 21264-9136**

| | | |
|---|---|---|
| Job No. | : | 209179 |
| BU ID | : | 21-OOT-R |
| Case No. | : | 1:17-CV-04869-FB-LB |
| Case Name | : | Barger -v- First Data Corporation, et al. |

# INVOICE



## Planet Depos
*We Make It Happen*

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 244866 | 11/13/2018 | 209179 |
| **Job Date** | **Case No.** | |
| 10/15/2018 | 1:17-CV-04869-FB-LB | |
| **Case Name** | | |
| Barger -v- First Data Corporation, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gillian A. Cooper, Esquire
Saul Ewing Arnstein & Lehr
650 College Road East
Suite 4000
Princeton, NJ  08540

We accept all major credit cards, subject to a 3% convenience fee.

For billing questions, please email billing@planetdepos.com or call 888.433.3767.  Invoice disputes must be brought to our attention within 30 days of receipt.  Thank you for your business.

| | |
|---|---|
| (-) Payments/Credits: | 2,110.60 |
| (+) Finance Charges/Debits: | 0.00 |
| (=) New Balance: | **$0.00** |

**Tax ID:** ███████

*Please detach bottom portion and return with payment.*

Gillian A. Cooper, Esquire
Saul Ewing Arnstein & Lehr
650 College Road East
Suite 4000
Princeton, NJ  08540

| | | |
|---|---|---|
| Invoice No. | : | 244866 |
| Invoice Date | : | 11/13/2018 |
| **Total Due** | : | **$0.00** |

| | | | |
|---|---|---|---|
| Remit To: | **Planet Depos, LLC** | Job No. | : | 209179 |
| | **P.O. BOX 69136** | BU ID | : | 21-OOT-R |
| | **Baltimore, MD  21264-9136** | Case No. | : | 1:17-CV-04869-FB-LB |
| | | Case Name | : | Barger -v- First Data Corporation, et al. |

# INVOICE

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 238452 | 10/3/2018 | 203552 |
| **Job Date** | **Case No.** | |
| 8/31/2018 | 1:17-CV-04869-FB-LB | |
| **Case Name** | | |
| Barger -v- First Data Corporation, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

**Planet Depos**
We Make It *Happen™*

Gillian A. Cooper, Esquire
Saul Ewing Arnstein & Lehr
650 College Road East
Suite 4000
Princeton, NJ  08540

| APPEARANCE | | | |
|---|---|---|---|
| Statement on the Record (Julie Kelly) - LEF | | | |
| Appearance & Statement for the Record | | | 250.00 |
| Waiting Time | | | 50.00 |
| Rough ASCII | 11.00 | Pages | 16.50 |
| Exhibits | 12.00 | Pages | 4.20 |
| LEF File | | | 95.00 |
| Processing Fee | | | 35.00 |
| Shipping & Handling | | | 35.00 |
| | | **TOTAL DUE >>>** | **$485.70** |

Due upon receipt and is not contingent on client payment.

***ATTENTION***
Please update your records with our new remittance address below:

PLANET DEPOS, LLC
P.O. BOX 69136
BALTIMORE, MD 21264-9136

For your convenience we now accept payments via wire transfer.
Account Number: 1048289          Wire Routing Number: 055003528

**Tax ID:** ▓▓▓▓▓▓

*Please detach bottom portion and return with payment.*

Gillian A. Cooper, Esquire
Saul Ewing Arnstein & Lehr
650 College Road East
Suite 4000
Princeton, NJ  08540

| Invoice No. | : | 238452 |
|---|---|---|
| Invoice Date | : | 10/3/2018 |
| **Total Due** | **:** | **$0.00** |

| Job No. | : | 203552 |
|---|---|---|
| BU ID | : | 21-OOT-R |
| Case No. | : | 1:17-CV-04869-FB-LB |
| Case Name | : | Barger -v- First Data Corporation, et al. |

Remit To:   **Planet Depos, LLC**
**P.O. BOX 69136**
**Baltimore, MD  21264-9136**

# INVOICE



| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 238452 | 10/3/2018 | 203552 |
| **Job Date** | **Case No.** | |
| 8/31/2018 | 1:17-CV-04869-FB-LB | |
| **Case Name** | | |
| Barger -v- First Data Corporation, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Gillian A. Cooper, Esquire
Saul Ewing Arnstein & Lehr
650 College Road East
Suite 4000
Princeton, NJ  08540

We accept all major credit cards, subject to a 3% convenience fee.

For billing questions, please email billing@planetdepos.com or call 888.433.3767.  Invoice disputes must be brought to our attention within 30 days of receipt.  Thank you for your business.

| | |
|---|---|
| (-) Payments/Credits: | 485.70 |
| (+) Finance Charges/Debits: | 0.00 |
| (=) New Balance: | **$0.00** |

**Tax ID:** ███

*Please detach bottom portion and return with payment.*

Gillian A. Cooper, Esquire
Saul Ewing Arnstein & Lehr
650 College Road East
Suite 4000
Princeton, NJ  08540

| | | |
|---|---|---|
| Invoice No. | : | 238452 |
| Invoice Date | : | 10/3/2018 |
| **Total Due** | **:** | **$0.00** |

Remit To:   **Planet Depos, LLC**
**P.O. BOX 69136**
**Baltimore, MD  21264-9136**

| | | |
|---|---|---|
| Job No. | : | 203552 |
| BU ID | : | 21-OOT-R |
| Case No. | : | 1:17-CV-04869-FB-LB |
| Case Name | : | Barger -v- First Data Corporation, et al. |

# EXHIBIT 8

ST44 Rev. 04/18
Derived from A044 Rev. 04/18

# UNITED STATES DISTRICT COURT
## For the Eastern District of New York

INVOICE NO.: 20192953

| Gary B. Eidelman | **MAKE CHECKS PAYABLE TO:** |
|---|---|
| Saul Ewing, LLP (Baltimore) | ANTHONY D FRISOLONE, CSR, RDR, CRR |
| 500 E. Pratt Street | Official Court Reporter |
| Baltimore, MD 21202 | 225 Cadman Plaza East |
| (410) 332-8975   Fax: (410) 332-8976 | Room 370 North |
| gary.eidelman@saul.com | Brooklyn, NY 11201 |
| | (718) 613-2487   Fax: (718) 613-2694 |
| | AFrisolone@aol.com` |
| | Tax ID: ▮▮▮▮▮ |

| \_ CRIMINAL     ✕ CIVIL | DATE ORDERED: 09-16-2019 | DATE DELIVERED: 09-24-2019 |
|---|---|---|

**In the matter of:** 17-CV-4869, Steven B. Barger v First Data Corporation

Trial ordered on an immediate delivery basis with word index.

| CATEGORY | ORIGINAL | | | 1ST COPY | | | 2ND COPY | | | TOTAL CHARGES |
|---|---|---|---|---|---|---|---|---|---|---|
| | PAGES | PRICE | SUBTOTAL | PAGES | PRICE | SUBTOTAL | PAGES | PRICE | SUBTOTAL | |
| Ordinary | | | | | | | | | | |
| 14-Day | | | | | | | | | | |
| Expedited | | | | | | | | | | |
| 3-Day | | | | | | | | | | |
| Daily | | | | | | | | | | |
| Hourly | 1087 | 7.98 | 8674.26 | | | | | | | 8674.26 |
| Realtime | | | | | | | | | | |
| Misc. | All word index, 155 pages @ 7.98 | | | | | | | Misc. Charges | | 1236.90 |
| | | | | | | | | **Subtotal** | | 9911.16 |
| | | | | | | | | Less Discount for Late Delivery | | |
| | | | | | | | | Tax (If Applicable) | | |
| | | | | | | | | Less Amount of Deposit | | |
| | | | | | | | | Total Refund | | |
| | | | | | | | | **Total Due** | | 9911.16 |

### ADDITIONAL INFORMATION
Full price may be charged only if the transcript is delivered within the required time frame. For example, if an order for expedited transcript is not completed and delivered within (7) calendar days, payment would be at the 14-day delivery rate, and if not completed and delivered within 14 days, payment would be at the ordinary delivery rate.

### CERTIFICATION
I certify that the transcript fees charged and page format used comply with the requirements of this court and the Judicial Conference of the United States.

| SIGNATURE: /s/ Anthony D. Frisolone | DATE: 10-02-2019 |
|---|---|

**DISTRIBUTION:**     TO PARTY (2 copies - 1 to be returned with payment)     COURT REPORTER     COURT REPORTER SUPERVISOR

# EXHIBIT 9

Expenses Audit

☝ Navigator    ⚑ Favorites                    Home  Logout  Preferences

**Expenses Audit** | **Expenses Export** |
Audit Expense Reports  |  Manage Expense Reports  |  Receive Receipt Package  |  Payments Search  |  Maintain Audit List

Search by Expense Report Number [          ] Go  Advanced Search

🔍 **Confirmation**
Your work was successfully saved.

Expense Report: CORP28422732, Benhardt, Kathi A

[ Revert ] [ Save ]  Report 1 of 40  [ Next ] [ Return ]

* Indicates required field

⊟ Hide

**General Information**

| | | | |
|---|---|---|---|
| Name | **Benhardt, Kathi A** | Amount | **1,358.78** |
| Number | **199386** | Currency | **USD** |
| Report Submit Date | **12-Dec-2018** | Purpose | **Legal – Case** |
| Expense Report Date | **23-Aug-2018** | Attachments | View  Add... |
| Site | Home | | |

**Additional Information**

Did you use eTrips or First Data's preferred travel agency to book your travel? **Yes**   Was pre-approval of expense(s) required to comply with the Anti-Bribery Policy? **No**
Did you use your corporate credit card to book your travel? **Yes**

**Audit Information**

| | | | |
|---|---|---|---|
| Number of Policy Violations | 0 | Original Receipts Package Status | **Not Required** |
| Number of Expenses with Violations | 0 | Original Receipts Package Received Date | [          ] |
| Audit Reason | | Report Filing Number | [          ] |
| Last Audited By | | Imaged Receipts Status | **Received** |
| Last Updated By | **Kumar, Senthil** | Imaged Receipts Received Date | **12-Dec-2018** |
| Report Status | **Paid** | | |

Reviewed By  ☑ Management    ☑ Autoapproved  ☑ Payables
AP Status  ☑ Invoice Created  ☑ Paid    ☐ Partially Paid  ☐ Hold

[ Audit Always ]

☞ **TIP** If you update both the reimbursement amount and exchange rate on the same expense line, Internet Expenses uses the smaller of the two amounts as the reimbursement amount.

Verify Expenses | Process Exceptions | Review Allocations | Review Tax | Approval Notes (1) | Auditor Only Notes (0)

Expand All | Collapse All
⊕

| Focus Line | Policy Violations | Expense Type | Amount (USD) | Allowable Amount | Receipt Amount | Receipt Verified | Original Receipts Required | Imaged Receipt Required | Receipt Missing | Justification | Expense Date | Details | Attachments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ⊟ All | | | 1,358.78 | | | | | | | | | | |
| 1 | None | Airfare, Baggage, Fees | 787.14 | | 787.14 | ☐ | ☐ | ☑ | ☐ | Required trip to participate in legal case for company | 17-Aug-2018 | 🔳 | 📎 |
| 2 | None | Airfare, Baggage, Fees | 13.50 | | 13.50 | ☐ | ☐ | ☑ | ☐ | Amex on line booking fee via deem | 17-Aug-2018 | 🔳 | |
| 3 | None | Meals/Snacks - Employee Travel | 11.19 | | 11.19 | ☐ | ☐ | ☐ | ☐ | Breakfast at airport | 21-Aug-2018 | 🔳 | |
| 4 | None | Meals/Snacks - Employee Travel | 11.68 | | 11.68 | ☐ | ☐ | ☐ | ☐ | lunch | 21-Aug-2018 | 🔳 | |
| 5 | None | Meals/Snacks - Employee Travel | 35.56 | | 35.56 | ☐ | ☐ | ☐ | ☐ | dinner | 21-Aug-2018 | 🔳 | |
| 6 | None | Meals/Snacks - Employee Travel | 10.09 | | 10.09 | ☐ | ☐ | ☐ | ☐ | coffee | 22-Aug-2018 | 🔳 | |
| 7 | None | Meals/Snacks - Employee Travel | 30.22 | | 30.22 | ☐ | ☐ | ☐ | ☐ | dinner | 22-Aug-2018 | 🔳 | |
| ⊟ 8 | | Hotel | 317.04 | | 317.04 | | | | | Hotel stay for | 23-Aug-2018 | | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ✛ | | 8/1 | None | Hotel | 248.00 | | 248.00 | ☐ | ☐ | ☑ | ☐ | 2 nights | | ⊞ |
| | | 8/2 | None | Hotel Tax | 45.04 | | 45.04 | ☐ | ☐ | ☑ | ☐ | Hotel stay for 2 nights | 21-Aug-2018 | ⊞ |
| | | 8/3 | None | Parking | 24.00 | | 24.00 | ☐ | ☐ | ☐ | ☐ | Hotel stay for 2 nights | 21-Aug-2018 | ⊞ |
| ✛ | ⊟ 9 | | | Car Rental | 114.36 | | 114.36 | ☐ | ☐ | ☑ | ☐ | Car rental on business trip | 21-Aug-2018 | ⊞ |
| | | | None | Car Rental | 73.00 | | 73.00 | ☐ | ☐ | ☑ | ☐ | | 23-Aug-2018 | ⊞ |
| | | | None | Car Rental Tax | 41.36 | | 41.36 | ☐ | ☐ | ☑ | ☐ | Includes Fuel Service, and taxes | 21-Aug-2018 | ⊞ |
| | | 10 | None | Parking | 28.00 | | 28.00 | ☐ | ☐ | ☐ | ☐ | Short term parking at airport | 23-Aug-2018 | ⊞ |

Revert   Save   Report 1 of 40   Next   Return

Expenses Audit  Expenses Export  Home  Logout  Preferences

Copyright (c) 2006, Oracle. All rights reserved.



GLOBAL
BUSINESS TRAVEL

Generated: 17 August 2018 20:11 GMT

Invoice Booking Reference **LWC8MA**

**Trip ID - 31324108450**

**Passenger Name(s)**

**BENHARDT/KATHI**

**Agent RC**

American Express Global Business Travel
15100 NW 67th Ave.
Suite 300
Miami Lakes, FL, 33014
Phone: +1 (669) 272-1548

Thank you for booking your trip with us.

All of your travel arrangements can be found on the following pages of this itinerary.

Please check your travel details IMMEDIATELY to make sure they are correct. If your travel arrangements are NOT ACCURATE, please contact American Express Global Business Travel WITHIN 24 HOURS OF PURCHASE for regular transactions, or BY MIDNIGHT ON THE SAME DAY OF PURCHASE FOR EXCHANGE TRANSACTIONS, in order to avoid potential airline change fees.

To access your trip details online, visit https://mytrips.amexgbt.com

We hope you have a pleasant trip.



Prior to booking, please review your company's corporate travel policy in detail or check with your travel manager to ensure the booking is in compliance with your company's corporate travel policy.

Fulfilment of this offer or service will be managed by the advertiser. If you do not wish to receive marketing on your itinerary in the future, you can change your preferences by opting-out in your travel portal; https://mytrips.amexgbt.com

BILLING CODE :                   199386-001

## Invoice Information

| Invoice Date | **17 August 2018** |
|---|---|
| Invoice | **0044721** |
| Dossier / Booking Number | **LWC8MA-1V** |

## Invoice Details

| | | **Charges** | |
|---|---|---|---|
| Ticket Number | 0067191961722 | Ticket Base Fare | 691.20 |
| Airline Name | **DELTA AIR LINES INC** | Ticket Tax Fare | 95.94 |
| Passenger Name | **BENHARDT/KATHI** | Total (USD) Ticket Amount | 787.14 |
| Flight Details | 21 Aug 2018 DELTA AIRLINES | Online Ticket Fee | 13.50 |
| | 1372 Q Class | **Total** | **800.64** |
| | CHARLOTTE,NC/DETROIT/METRO,MI | | |
| | 21 Aug 2018 DELTA AIRLINES | | |
| | 5294 Q Class | | |
| | DETROIT/METRO,MI/OMAHA,NE | | |
| | 23 Aug 2018 DELTA AIRLINES | | |
| | 6276 Q Class | | |
| | OMAHA,NE/DETROIT/METRO,MI | | |
| | 23 Aug 2018 DELTA AIRLINES | | |
| | 0526 Q Class | | |
| | DETROIT/METRO,MI/CHARLOTTE,NC | | |

## Credit Card Information

| Charged to Card | AX XXXXXXXXXXX2005 | **13.50** |
|---|---|---|
| Charged to Card | AX XXXXXXXXXXX2005 | **787.14** |

## Payment Details

| | Charged by American Express Global Business Travel | | **13.50** |
|---|---|---|---|
| | Charged by Airline | | **787.14** |
| | **Total Invoice Charge** | **USD** | **800.64** |

## Tuesday 21 August 2018

### ✈ 06:00 AM   **Charlotte (CLT) to Detroit (DTW)**

**Airline Booking Ref:** G3PSUV

**Carrier:** Delta Air Lines Inc          **Flight:** DL 1372   **Status:** Confirmed

**Operated By:** Delta Air Lines Inc

**Origin:** Charlotte, NC, Charlotte Douglas Intl Arpt (CLT)

**Departing:** Tuesday 21 August 2018 at 06:00 AM        **Departure Terminal:** Not Applicable

**Destination:** Detroit, MI, Detroit Metro Wayne Cnty Arpt (DTW)

**Arriving:** Tuesday 21 August 2018 at 07:50 AM        **Arrival Terminal:** EM

#### Additional Information

| | | |
|---|---|---|
| **Class:** Economy | **Distance:** 503 Miles | **Estimated Time:** 01 hour 50 minutes |
| **Aircraft Type:** Boeing 717 | **Seat:** 26A | |
| **Meal Service:** Not Applicable | | |
| **Frequent Flyer Number:** Not Applicable | | |
| **Number of Stops:** 0 | | |

✈ 08:30 AM | **Detroit (DTW) to Omaha (OMA)**

**Airline Booking Ref:** G3PSUV
**Carrier:** Delta Air Lines Inc          **Flight:** DL 5294   **Status:** Confirmed
**Operated By:** Endeavor Air Dba Delta Connection
**Origin:** Detroit, MI, Detroit Metro Wayne Cnty Arpt (DTW)
**Departing:** Tuesday 21 August 2018 at 08:30 AM     **Departure Terminal:** EM
**Destination:** Omaha, NE, Eppley Airfield (OMA)
**Arriving:** Tuesday 21 August 2018 at 09:36 AM     **Arrival Terminal:** Not Applicable

**Additional Information**

| | | |
|---|---|---|
| Class: Economy | Distance: 655 Miles | Estimated Time: 02 hours 06 minutes |
| Aircraft Type: Canadair Regional Jet 900 | Seat: 14A | |
| Meal Service: No meals | | |
| Frequent Flyer Number: Not Applicable | | |
| Number of Stops: 0 | | |

🚗 09:36 AM | **Avis Rent A Car**

**Pickup:**
    **Location:** 4501 Abbott Dr, Omaha, Ne Us, 68110-2633, Terminal 3
    **Date and Time:** Tuesday 21 August 2018 at 09:36 AM
    **Phone:** 402-422-6480
**Drop Off:**
    **Location:** 4501 Abbott Dr, Omaha, Ne Us, 68110-2633, Terminal 3
    **Date and Time:** Thursday 23 August 2018 at 06:15 AM
    **Phone:** 402-422-6480
**Car Type:** Full Size 2/4 Door Automatic Air
    **Rate:** USD 36.50 per day          **Mileage:** Unlimited
    **Extra Day:** Not Applicable
    **Extra Hour:** USD 27.39 per day
    **Approximate Total Rate:** USD 106.11 additional local taxes and insurance costs may apply
    **Reference Number:** 29785743US1 PEXP     **Status:** Confirmed

**Additional Information**

| | |
|---|---|
| Membership ID: 4LP41X | Corporate Id: A455000 |
| Special Requests: Not Applicable | Special Information: Not Applicable |

🛏 | **HYATT PLACE OMAHA/DOWNTOWN-OLD MARK**

**Address:** 540 South 12th Street, Omaha, NE, 68102, US
    **Phone:** (1) 402-513-5500     **Fax:** (1) 402-513-5519
**Check In Date:** Tuesday 21 August 2018
**Check Out Date:** Thursday 23 August 2018
**Number Of Nights:** 2
    **Rate:** USD 124.00 per night may be subject to local taxes and service charges
    **Guaranteed to:** AX XXXXXXXXXXX2005
    **Reference Number:** HY0010689413     **Status:** Confirmed          **Number Of Rooms:** 1

**Additional Information**

| | |
|---|---|
| Membership ID: Not Applicable | Corporate Id: CR63127 |
| 24HRS PRIOR TO CHECKIN TO AVOID 1NT FEE | |

**Thursday 23 August 2018**

✈ **06:15 AM**  **Omaha (OMA) to Detroit (DTW)**

**Airline Booking Ref:** G3PSUV

**Carrier:** Delta Air Lines Inc   **Flight:** DL 6276   **Status:** Confirmed

**Operated By:** Gojet Airlines Dba Delta Connection

**Origin:** Omaha, NE, Eppley Airfield (OMA)

**Departing:** Thursday 23 August 2018 at 06:15 AM   **Departure Terminal:** Not Applicable

**Destination:** Detroit, MI, Detroit Metro Wayne Cnty Arpt (DTW)

**Arriving:** Thursday 23 August 2018 at 09:13 AM   **Arrival Terminal:** EM

Additional Information

| | | |
|---|---|---|
| Class: Economy | Distance: 655 Miles | Estimated Time: 01 hour 58 minutes |
| Aircraft Type: Canadair Regional Jet 700 | Seat: 14D | |
| Meal Service: No meals | | |
| Frequent Flyer Number: Not Applicable | | |
| Number of Stops: 0 | | |

✈ **10:05 AM**  **Detroit (DTW) to Charlotte (CLT)**

**Airline Booking Ref:** G3PSUV

**Carrier:** Delta Air Lines Inc   **Flight:** DL 526   **Status:** Confirmed

**Operated By:** Delta Air Lines Inc

**Origin:** Detroit, MI, Detroit Metro Wayne Cnty Arpt (DTW)

**Departing:** Thursday 23 August 2018 at 10:05 AM   **Departure Terminal:** EM

**Destination:** Charlotte, NC, Charlotte Douglas Intl Arpt (CLT)

**Arriving:** Thursday 23 August 2018 at 11:57 AM   **Arrival Terminal:** Not Applicable

Additional Information

| | | |
|---|---|---|
| Class: Economy | Distance: 503 Miles | Estimated Time: 01 hour 52 minutes |
| Aircraft Type: Boeing 717 | Seat: 27A | |
| Meal Service: Not Applicable | | |
| Frequent Flyer Number: Not Applicable | | |
| Number of Stops: 0 | | |

## Additional Messages

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This Reservation Was Booked By
American Express Global Business Travel.
FOR 24X7 Travel Reservations Please Call 1-669-272-1548
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

For Fdc Travel Program Questions/Suggestions
And Feedback - Please Contact
Globaltravelfirstdata.Com
Reservation Specific Questions Should Continue
To Be Directed To The Amex Gbt Travel Team.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Faa Requires A Valid Government Issued Photo Id Your
American Express Itinerary And A Boarding Pass
Present At Security And All Check In Points.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Changes And Reissues Of Non-Refundable Tickets Are
Subject To A Fee-Plus Fare Difference If The Original
Fare Restrictions Are Not Met.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

First Data Requires All Travelers To Request Physical
Access To Any First Data Facilities You Intend To
Visit During Your Trip.  You Can Access The Request
Form Via Https://Sharepoint.1dc.Com/Sites/Esrc/Iscdsc
/Support/Pages/Support.Aspx   Please Direct Any
Questions Or Issues To Badgerequest*Firstdata.Com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Check Online For Hotel Cancel Policies To Avoid
No Show Charges To Your Corporate Card.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Info Security Policy - Urgent
All China/Russia-Bound Travelers Require Svp
Approval And To Submit To A Pre/Post Trip
Briefing From Joint Security Operations Center.
Travelers Must Call Jsoc At 1-800-368-1000 Available
24/7 International Or Domestic
Email: Jsocfirstdata.Com
To Schedule A Pre/Post Trip Briefing.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

It Is First Data Policy If An Employee Travels
For More Than Fourteen Total (14) Days During A
Calendar Year To A Non-Primary Work State They
Are Required To Report Such Information. This
Should Be Done Using The Forecast Of Estimated
Days Worked By State Form Which Is Available
Online At
Firstweb/Hr/Money Matters/Us Taxes/Forecast
Of Estimated Days Worked By State Form
This Information Will Allow For Increased
Accuracy In State Income Tax Withholding And
Reporting.
Lowest Fare Offered 749.86
\*\*\*Ticket Is Non Refundable\*\*\*
Non Refundable Tickets Require
Changes/Cancellations Prior To
Original Date/Time Of Departure
If Not The Ticket May No Longer Have Value
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please Be Advised That Certain Mandatory Hotel-Imposed
Charges Including But Not Limited To Daily Resort Or
Facility Fees May Be Applicable To Your Stay And Payable
To The Hotel Operator At Check-Out From The Property
You May Wish To Inquire With The Hotel Before Your Trip
Regarding The Existence And Amount Of Such Charges.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

First Data requires all travelers to request physical access to any First Data facilities you intend to visit during your trip. You can access the request form via https://sharepoint.1dc.com/sites/esrc/iscdsc/Support/Pages/Support.aspx. Please direct any questions or issues to BadgeRequest@firstdata.com

**IMPORTANT INFORMATION**

For important information regarding your booking, in particular, in relation to the conditions applying to your booking, managing your booking and travel advisory, please refer to www.amexglobalbusinesstravel.com/booking-info.

American Express Global Business Travel (GBT) is a joint venture that is not wholly-owned by American Express Company or any of its subsidiaries (American Express). American Express Global Business Travel, American Express and the American Express logo are trademarks of American Express, and are used under limited license.

# HYATT PLACE™

540 South 12th Street
Omaha, NE 68102
Tel: 402-513-5500
Fax: 402-513-5519

INVOICE

Kathi Benhardt

| | | |
|---|---|---|
| | Room No. | 0722 |
| | Arrival | 08-21-18 |
| | Departure | 08-23-18 |
| Confirmation No.   1068941301 | Folio Window | 1 |
| Group Name | Folio No. | 164198 |
| Booking No.   LWC8MA | | |

| Date | Description | | Charges | Credits |
|---|---|---|---|---|
| 08-21-18 | Guest Room | | 124.00 | |
| 08-21-18 | Occupancy Tax 5.5% | | 6.82 | |
| 08-21-18 | State Tax 5.5% | | 7.20 | |
| 08-21-18 | City Tax 1.5% | | 1.96 | |
| 08-21-18 | Lodging Tax 5% | | 6.54 | |
| 08-21-18 | Parking Overnight - Self | | 12.00 | |
| 08-22-18 | Guest Room | | 124.00 | |
| 08-22-18 | Occupancy Tax 5.5% | | 6.82 | |
| 08-22-18 | State Tax 5.5% | | 7.20 | |
| 08-22-18 | City Tax 1.5% | | 1.96 | |
| 08-22-18 | Lodging Tax 5% | | 6.54 | |
| 08-22-18 | Parking Overnight - Self | | 12.00 | |
| 08-23-18 | American Express | XXXXXXXXXXXX2005 XX/XX | | 317.04 |

| | **Total** | 317.04 | 317.04 |
|---|---|---|---|
| Guest Signature | **Balance** | 0.00 | |

I agree that my liability for this bill is not waived and I agree
to be held personally liable in the event that the indicated
person, company or association fails to pay for any part or
the full amount of these charges.

**WE HOPE YOU ENJOYED YOUR STAY WITH US!**

### World of Hyatt Summary

No Membership to be credited

Join World of Hyatt today and start
earning points for stays, dining and more.
Visit www.worldofhyatt.com

Thank you for choosing Hyatt Place Omaha Downtown Old Market. Our goal is to
provide every guest with an exceptional stay, and we are interested in any comments
regarding your visit.

Please remit payment to:
Hyatt Place Omaha Downtown Old Market
540 South 12th Street
Omaha, NE 68102

**Report Name :**                              Cagwin Barger Trial New York

**Employee**

**Employee Name :**    Cagwin, Matthew L.

**Employee ID :**       245407

**Report Header**

| | |
|---|---|
| **Policy :** | *FDC US Expense Policy |
| **Business Purpose :** | Barger Trial New York |
| **Report Id :** | 810C7FC10B344E20977D |
| **Receipts Received :** | Yes |
| **Report Date :** | 09/19/2019 |
| **Approval Status :** | Approved |
| **Payment Status :** | Payment Confirmed |
| **Currency :** | US, Dollar |

| Transaction Date | Expense Type | Business Purpose | Vendor | City of Purchase | Payment Type | Amount |
|---|---|---|---|---|---|---|
| 09/19/2019 | Airfare Agency Baggage and Wifi fees | Barger Trial New York | DELTA AIR LINES | Atlanta | American Express | $553.10 |
| 09/19/2019 | Airfare Agency Baggage and Wifi fees | Barger Trial New York | AMERICAN EXPRESS TKT FEE | Phoenix | American Express | $13.50 |
| 09/21/2019 | Hotel | Barger Trial New York | MARRIOTT 337U0 BROOKLYN | New York | American Express | $438.96 |
| 09/19/2019 | Hotel | Barger Trial New York | HILTON BROOKLYN NEW YORK | Atlanta | American Express | $456.70 |
| 09/19/2019 | Meals Snacks Employee Travel | Barger Trial New York | ROCCOS TACO & TEQUILA BA | New York | American Express | $31.40 |
| 09/20/2019 | Parking | Barger Trial New York | ABM ATLANTA AIRPORT 0796 | Atlanta | American Express | $38.00 |
| 09/19/2019 | Taxi/Shuttle | Barger Trial New York | UBER | San Francisco | American Express | $57.39 |

**Company Disbursements**

**Amount Due Employee :**          $0.00
**Amount Due Company Card :** $1,539.05
**Total Paid By Company :**        $1,539.05

**Employee Disbursements**

**Amount Due Company Card From Employee :**  $0.00
**Total Paid By Employee :**                          $0.00



**MARRIOTT**

**NEW YORK MARRIOTT BROOKLYN**

**GUEST FOLIO**

| 591<br>ROOM<br>KNG<br>TYPE | CAGWIN/MATTHEW/L<br>NAME | | 365.00<br>RATE | 09/20/19<br>DEPART<br>09/19/19<br>ARRIVE | TIME<br>TIME | DUPLICATE 9:07 | 48940<br>ACCT# |
|---|---|---|---|---|---|---|---|

| ROOM<br>CLERK | ADDRESS | | AXXXXXXXXXXXXX2006<br>PAYMENT | | | MB#: |

| DATE | REFERENCES | | CHARGES | CREDITS | BALANCES DUE |
|---|---|---|---|---|---|
| 09/19 | TELECOMM | BASEHSIA | 14.95 | | |
| 09/19 | STATE TA | BASEHSIA | 1.33 | | |
| 09/19 | NYC UTAX | BASEHSIA | .35 | | |
| 09/19 | TELECOMM | BASEPHON | .00 | | |
| 09/19 | ROOM-TR | 591, 1 | 365.00 | | |
| 09/19 | STATE TAX | 591, 1 | 32.39 | | |
| 09/19 | CITYTAX | 591, 1 | 21.44 | | |
| 09/19 | OCC TAX | OCCTAX | 2.00 | | |
| 09/19 | NYS TAX | NYSTAX | 1.50 | | |
| 09/20 | CCARD-AX | ROOM C/O | | 438.96 | |
| | AXXXXXXXXXXXXX2006 | | | | |

.00



NEW YORK MARRIOTT BROOKLYN
333 ADAMS ST
BROOKLYN NY 11201

**Treat yourself to the comfort of Marriott Hotels in your home. Visit ShopMarriott.com.**

This statement is your only receipt. You have agreed to pay in cash or by approved personal check or to authorize us to charge your credit card for all amounts charged to you. The amounts shown in the credit column opposite any credit card entry in the reference column above will be charged to the credit card number set forth above. (The credit card company will bill in the usual manner.) If for any reason the credit card company does not make payment on this account, you will owe us such amount. If you are direct billed, in the event payment is not made within 25 days after check-out, you will owe us interest from the check-out date on any unpaid amount at the rate of 1.5% per month (ANNUAL RATE 18%), or the maximum allowed by law, plus the reasonable cost of collection, including attorney fees

Signature X

Page 1 of 4



GLOBAL
BUSINESS TRAVEL

Generated: 19 September 2019 12:31 GMT

Invoice Booking Reference   **N8835F**

**Trip ID -** 31404536307

Passenger Name(s)

**CAGWIN/MATTHEW L**

**Agent OT**

American Express Global Business Travel
Phone: +1 (669) 272-1548

Thank you for booking your trip with us.

All of your travel arrangements can be found on the following pages of this itinerary.

Please check your travel details IMMEDIATELY to make sure they are correct. If your travel arrangements are NOT ACCURATE, please contact American Express Global Business Travel WITHIN 24 HOURS OF PURCHASE for regular transactions, or BY MIDNIGHT ON THE SAME DAY OF PURCHASE FOR EXCHANGE TRANSACTIONS, in order to avoid potential airline change fees.

To access your trip details online, visit https://mytrips.amexgbt.com

We hope you have a pleasant trip.



## *Fast track to Platinum Elite status!*

Gain all the benefits of Elite status in just five nights - whether your next stay is at a Holiday Inn, Crowne Plaza or InterContinental. *Register before October 31, 2019 to redeem.*

Prior to booking, please review your company's corporate travel policy in detail or check with your travel manager to ensure the booking is in compliance with your company's corporate travel policy.

Fulfilment of this offer or service will be managed by the advertiser. If you do not wish to receive marketing on your itinerary in the future, you can change your preferences by opting-out in your travel portal; https://mytrips.amexgbt.com

BILLING CODE :  245407-0300

## Invoice Information

| Invoice Date | 19 September 2019 |
|---|---|
| Invoice | 0068280 |
| Dossier / Booking Number | N8835F-1V |

## Invoice Details

| Ticket Number | 0067406686957 |
|---|---|
| Airline Name | DELTA AIR LINES INC |
| Passenger Name | CAGWIN/MATTHEW L |
| Flight Details | 19 Sep 2019  DELTA AIRLINES |
| | 1586 K Class |
| | ATLANTA,GA/NEW YORK/LGA,NY |
| | 20 Sep 2019  DELTA AIRLINES |
| | 2778 K Class |
| | NEW YORK/LGA,NY/ATLANTA,GA |

## Charges

| | |
|---|---|
| Ticket Base Fare | 487.92 |
| Ticket Tax Fare | 65.18 |
| Total (USD) Ticket Amount | 553.10 |
| Online Ticket Fee | 13.50 |
| **Total** | **566.60** |

## Credit Card Information

| Charged to Card | AX XXXXXXXXXXX2006 | 13.50 |
|---|---|---|
| Charged to Card | AX XXXXXXXXXXX2006 | 553.10 |

## Payment Details

| | | |
|---|---|---|
| Charged by American Express Global Business Travel | | 13.50 |
| Charged by Airline | | 553.10 |
| **Total Invoice Charge** | **USD** | **566.60** |

## Thursday 19 September 2019

**✈ 01:30 PM** | **Atlanta (ATL) to New York (LGA)**

**Airline Booking Ref:** JJMX5P
**Carrier:** DELTA AIR LINES INC   **Flight:** DL 1586   **Status:** Confirmed
**Operated By:** DELTA AIR LINES INC
**Origin:** Atlanta, GA, Hartsfield Jackson Intl Arpt (ATL)
**Departing:** Thursday 19 September 2019 at 01:30 PM   **Departure Terminal:** S
**Destination:** New York, NY, La Guardia (LGA)
**Arriving:** Thursday 19 September 2019 at 03:42 PM   **Arrival Terminal:** D

### Additional Information

| Class: ECONOMY | Distance: 767 Miles | Estimated Time: 02 hours 12 minutes |
|---|---|---|
| Aircraft Type: Airbus Industrie A321 | Seat: 17A | |
| Meal Service: No meals | | |
| Frequent Flyer Number: DL2247477066 | | |
| Number of Stops: 0 | | |

Page 3 of 4

## MARRIOTT AT BROOKLYN BRIDGE

**Address:** 333 ADAMS ST, Brooklyn, NY, 11201, US
    **Phone:** (1718) 2467000     **Fax:** (1718) 2460563
**Check In Date:** Thursday 19 September 2019
**Check Out Date:** Friday 20 September 2019
**Number Of Nights:** 1
    **Rate:** USD 365.00 per night may be subject to local taxes and service charges
    **Guaranteed to:** AX XXXXXXXXXXX2006
    **Reference Number:** 83396525     **Status:** Confirmed     **Number Of Rooms:** 1

Additional Information

Membership ID: Not Applicable     Corporate Id: FDC
PERMITTED UP TO 03 DAYS BEFORE ARRIVAL

**Friday 20 September 2019**

## ✈ 07:00 PM   New York (LGA) to Atlanta (ATL)

**Airline Booking Ref:** JJMX5P
**Carrier:** DELTA AIR LINES INC   **Flight:** DL 2778   **Status:** Confirmed
**Operated By:** DELTA AIR LINES INC
**Origin:** New York, NY, La Guardia (LGA)
**Departing:** Friday 20 September 2019 at 07:00 PM     **Departure Terminal:** D
**Destination:** Atlanta, GA, Hartsfield Jackson Intl Arpt (ATL)
**Arriving:** Friday 20 September 2019 at 09:30 PM     **Arrival Terminal:** S

Additional Information

Class: ECONOMY                    Distance: 767 Miles        Estimated Time: 02 hours 30 minutes
Aircraft Type: Airbus Industrie A321    Seat: 32C
Meal Service: No meals
Frequent Flyer Number: DL2247477066
Number of Stops: 0

## Additional Messages

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FOR 24X7 Travel Reservations Please Call 1-669-272-1548
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Faa Requires A Valid Government Issued Photo Id Your
American Express Itinerary And A Boarding Pass
Present At Security And All Check In Points.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Changes And Reissues Of Non-Refundable Tickets Are
Subject To A Fee-Plus Fare Difference If The Original
Fare Restrictions Are Not Met.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*Ticket Is Non Refundable\*\*\*
Non Refundable Tickets Require
Changes/Cancellations Prior To
Original Date/Time Of Departure
If Not The Ticket May No Longer Have Value
Check Online For Hotel Cancel Policies To Avoid
No Show Charges To Your Corporate Card

Please Be Advised That Certain Mandatory Hotel-Imposed
Charges Including But Not Limited To Daily Resort Or
Facility Fees May Be Applicable To Your Stay And Payable
To The Hotel Operator At Check-Out From The Property.
You May Wish To Inquire With The Hotel Before Your Trip
Regarding The Existence And Amount Of Such Charges.

First Data requires all travelers to request physical access to any First Data facilities you intend to visit during
your trip. You can access the request form via
https://sharepoint.1dc.com/sites/esrc/iscdsc/Support/Pages/Support.aspx. Please direct any questions or issues
to BadgeRequest@firstdata.com

## IMPORTANT INFORMATION

For important information regarding your booking, in particular, in relation to the conditions applying to your booking,
managing your booking and travel advisory, please refer to www.amexglobalbusinesstravel.com/booking-info.

American Express Global Business Travel (GBT) is a joint venture that is not wholly-owned by American Express Company
or any of its subsidiaries (American Express). American Express Global Business Travel, American Express and the
American Express logo are trademarks of American Express, and are used under limited license.

**Report Name :**                    September Expenses (09/01/2019)

**Employee**

**Employee Name :**   Stamey, Justin D.

**Employee ID :**     225163

**Report Header**

| | |
|---|---|
| **Policy :** | *FDC US Expense Policy |
| **Business Purpose :** | Barger Trial |
| **Report Id :** | 05CF7B5F08BB405AA2DC |
| **Receipts Received :** | Yes |
| **Report Date :** | 09/18/2019 |
| **Approval Status :** | Approved |
| **Payment Status :** | Sent for Payment |
| **Currency :** | US, Dollar |

| Transaction Date | Expense Type | Business Purpose | Vendor | City of Purchase | Payment Type | Amount |
|---|---|---|---|---|---|---|
| 09/20/2019 | Airfare Agency Baggage and Wifi fees | Barger Trial | Delta | Atlanta | American Express | $553.10 |
| 09/20/2019 | Airfare Agency Baggage and Wifi fees | Barger Trial | AMERICAN EXPRESS TKT FEE | Phoenix | American Express | $13.50 |
| 09/18/2019 | Airfare Agency Baggage and Wifi fees | Barger Trial | Delta | Atlanta | American Express | $553.10 |
| 09/18/2019 | Airfare Agency Baggage and Wifi fees | Barger Trial | AMERICAN EXPRESS TKT FEE | Phoenix | American Express | $13.50 |
| 09/20/2019 | Hotel | Barger Trial | TILLARY HOTEL | Great Neck | American Express | $220.69 |
| 09/20/2019 | Parking | Barger Trial | ABM ATLANTA AIRPORT 0796 | Atlanta | American Express | $38.00 |
| 09/19/2019 | Taxi/Shuttle | Barger Trial | UBER | San Francisco | American Express | $50.94 |

**Company Disbursements**

Amount Due Employee :          $0.00
Amount Due Company Card : $1,191.61
Total Paid By Company :        $1,191.61

**Employee Disbursements**

Amount Due Company Card From Employee :  $0.00
Total Paid By Employee :                        $0.00

**GLOBAL BUSINESS TRAVEL**

Generated: 18 September 2019 16:57 GMT

Invoice Booking Reference **X558WE**

**Trip ID - 32004026702**

**Passenger Name(s)**

**STAMEY/JUSTIN D**

**Agent OT**

American Express Global Business Travel
Phone: +1 (669) 272-1548

Thank you for booking your trip with us.

All of your travel arrangements can be found on the following pages of this itinerary.

Please check your travel details IMMEDIATELY to make sure they are correct. If your travel arrangements are NOT ACCURATE, please contact American Express Global Business Travel WITHIN 24 HOURS OF PURCHASE for regular transactions, or BY MIDNIGHT ON THE SAME DAY OF PURCHASE FOR EXCHANGE TRANSACTIONS, in order to avoid potential airline change fees.

To access your trip details online, visit https://mytrips.amexgbt.com

We hope you have a pleasant trip.

 **Rewards Club**

*Fast track to Platinum Elite status!*
Gain all the benefits of Elite status in just five nights - whether your next stay is at a Holiday Inn, Crowne Plaza or InterContinental.      *Register before October 31, 2019 to redeem

Prior to booking, please review your company's corporate travel policy in detail or check with your travel manager to ensure the booking is in compliance with your company's corporate travel policy.

Fulfilment of this offer or service will be managed by the advertiser. If you do not wish to receive marketing on your itinerary in the future, you can change your preferences by opting-out in your travel portal; https://mytrips.amexgbt.com

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

BILLING CODE :                        225163-0300

**Invoice Information**

| Invoice Date | **18 September 2019** |
|---|---|
| Invoice | **0068206** |
| Dossier / Booking Number | **X558WE-1V** |

**Invoice Details**

| | | **Charges** | |
|---|---|---|---|
| Ticket Number | **0067406686906** | Ticket Base Fare | **487.92** |
| Airline Name | **DELTA AIR LINES INC** | Ticket Tax Fare | **65.18** |
| Passenger Name | **STAMEY/JUSTIN D** | Total (USD) Ticket Amount | **553.10** |
| Flight Details | **19 Sep 2019  DELTA AIRLINES** | Online Ticket Fee | **13.50** |
| | **2524 K Class** | **Total** | **566.60** |
| | **ATLANTA,GA/NEW YORK/LGA,NY** | | |
| | **20 Sep 2019  DELTA AIRLINES** | | |
| | **2769 K Class** | | |
| | **NEW YORK/LGA,NY/ATLANTA,GA** | | |

**Credit Card Information**

| Charged to Card | AX XXXXXXXXXXX1003 | 13.50 |
|---|---|---|
| Charged to Card | AX XXXXXXXXXXX1003 | 553.10 |

**Payment Details**

| | | |
|---|---|---|
| | Charged by American Express Global Business Travel | 13.50 |
| | Charged by Airline | 553.10 |
| | **Total Invoice Charge**    **USD** | **566.60** |

**Thursday 19 September 2019**

✈ **12:30 PM** | **Atlanta (ATL) to New York (LGA)**

**Airline Booking Ref:** HHXNQ9
**Carrier:** DELTA AIR LINES INC    **Flight:** DL 2524  **Status:** Confirmed
**Operated By:** DELTA AIR LINES INC
**Origin:** Atlanta, GA, Hartsfield Jackson Intl Arpt (ATL)
**Departing:** Thursday 19 September 2019 at 12:30 PM  **Departure Terminal:** S
**Destination:** New York, NY, La Guardia (LGA)
**Arriving:** Thursday 19 September 2019 at 02:42 PM   **Arrival Terminal:** D

**Additional Information**

| Class: ECONOMY | Distance: 767 Miles | Estimated Time: 02 hours 12 minutes |
|---|---|---|
| Aircraft Type: Airbus Industrie A321 | Seat: 18B | |
| Meal Service: No meals | | |
| Frequent Flyer Number: DL9058935223 | | |
| Number of Stops: 0 | | |

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

## THE TILLARY HOTEL -FKA DAZZLER

**Address:** 85 Flatbush Avenue Extension, Brooklyn, NY, 11201, US

**Phone:** (1) 718-3299537         **Fax:** (1) 718-3299538

**Check In Date:** Thursday 19 September 2019

**Check Out Date:** Friday 20 September 2019

**Number Of Nights:** 1

**Rate:** USD 191.20 per night may be subject to local taxes and service charges

**Guaranteed to:** AX XXXXXXXXXXX1003

**Reference Number:** 482189769         **Status:** Confirmed         **Number Of Rooms:** 1

**Additional Information**

Membership ID: Not Applicable         Corporate Id: AMEXEXPPEHP

RESERVATIONS MUST BE CANCELLED 24 HOURS PRIOR

**Friday 20 September 2019**

## ✈ 08:00 PM   New York (LGA) to Atlanta (ATL)

**Airline Booking Ref:** HHXNQ9

**Carrier:** DELTA AIR LINES INC   **Flight:** DL 2769   **Status:** Confirmed

**Operated By:** DELTA AIR LINES INC

**Origin:** New York, NY, La Guardia (LGA)

**Departing:** Friday 20 September 2019 at 08:00 PM   **Departure Terminal:** D

**Destination:** Atlanta, GA, Hartsfield Jackson Intl Arpt (ATL)

**Arriving:** Friday 20 September 2019 at 10:32 PM   **Arrival Terminal:** S

**Additional Information**

Class: ECONOMY         Distance: 767 Miles         Estimated Time: 02 hours 32 minutes

Aircraft Type: Airbus Industrie A321         Seat: 32F

Meal Service: No meals

Frequent Flyer Number: DL9058935223

Number of Stops: 0

## Additional Messages

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FOR 24X7 Travel Reservations Please Call 1-669-272-1548

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Faa Requires A Valid Government Issued Photo Id Your
American Express Itinerary And A Boarding Pass
Present At Security And All Check In Points.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Changes And Reissues Of Non-Refundable Tickets Are
Subject To A Fee-Plus Fare Difference If The Original
Fare Restrictions Are Not Met.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*Ticket Is Non Refundable\*\*\*
Non Refundable Tickets Require
Changes/Cancellations Prior To
Original Date/Time Of Departure
If Not The Ticket May No Longer Have Value
Check Online For Hotel Cancel Policies To Avoid
No Show Charges To Your Corporate Card

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

Please Be Advised That Certain Mandatory Hotel-Imposed
Charges Including But Not Limited To Daily Resort Or
Facility Fees May Be Applicable To Your Stay And Payable
To The Hotel Operator At Check-Out From The Property.
You May Wish To Inquire With The Hotel Before Your Trip
Regarding The Existence And Amount Of Such Charges.

First Data requires all travelers to request physical access to any First Data facilities you intend to visit during
your trip. You can access the request form via
https://sharepoint.1dc.com/sites/esro/iscdsc/Support/Pages/Support.aspx. Please direct any questions or issues
to BadgeRequest@firstdata.com

## IMPORTANT INFORMATION

For important information regarding your booking, in particular, in relation to the conditions applying to your booking,
managing your booking and travel advisory, please refer to www.amexglobalbusinesstravel.com/booking-info.

American Express Global Business Travel (GBT) is a joint venture that is not wholly-owned by American Express Company
or any of its subsidiaries (American Express). American Express Global Business Travel, American Express and the
American Express logo are trademarks of American Express, and are used under limited license.

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

**Report Name :**  Travel to New York - Barger Tria

**Employee**

| | |
|---|---|
| **Employee Name :** | Voycheske, Jennifer L. |
| **Employee ID :** | 175635 |

**Report Header**

| | |
|---|---|
| **Policy :** | *FDC US Expense Policy |
| **Business Purpose :** | Testify at Barger Trial |
| **Report Id :** | F9FE8D57D4A743CDB0B2 |
| **Receipts Received :** | Yes |
| **Report Date :** | 09/27/2019 |
| **Approval Status :** | Approved |
| **Payment Status :** | Sent for Payment |
| **Currency :** | US, Dollar |

| Transaction Date | Expense Type | Business Purpose | Vendor | City of Purchase | Payment Type | Amount |
|---|---|---|---|---|---|---|
| 09/18/2019 | Airfare Agency Baggage and Wifi fees | Testify at Barger Trial | AMERICAN EXPRESS TKT FEE | Phoenix | American Express | $13.50 |
| 09/18/2019 | Airfare Agency Baggage and Wifi fees | Testify at Barger Trial | Delta | Atlanta | American Express | $521.49 |
| 09/18/2019 | Airfare Agency Baggage and Wifi fees | Testify at Barger Trial | AMERICAN EXPRESS TKT FEE | Phoenix | American Express | $13.50 |
| 09/23/2019 | Hotel | Testify at Barger Trial | MILLENIUM HILTON | New York | American Express | $871.21 |
| 09/21/2019 | Hotel | Testify at Barger Trial | MARRIOTT 337U0 BROOKLYN | New York | American Express | $5.15 |
| 09/22/2019 | Meals Snacks Employee Travel | Testify at Barger Trial | CIBO EXPRESS RETAIL C | Flushing | American Express | $23.17 |
| 09/22/2019 | Meals Snacks Employee Travel | Testify at Barger Trial | VOYAGE BAKERY | Flushing | American Express | $2.00 |

| 09/22/2019 | Meals Snacks Employee Travel | Testify at Barger Trial | COTTO MARKET | Flushing | American Express | $8.20 |
| 09/20/2019 | Meals Snacks Employee Travel | Testify at Barger Trial | BAYWAY COURTHOUSE CAFE | Flushing | American Express | $1.52 |
| 09/20/2019 | Meals Snacks Employee Travel | Testify at Barger Trial | KRACKY MCGEE'S | Omaha | American Express | $9.67 |
| 09/21/2019 | Parking | Testify at Barger Trial | OMAHA AIRPORT | Omaha | American Express | $48.00 |
| 09/21/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $16.87 |
| 09/21/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $59.05 |
| 09/20/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $13.33 |
| 09/20/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $3.08 |
| 09/20/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $5.13 |
| 09/20/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $18.47 |
| 09/20/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $16.10 |
| 09/20/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $5.13 |
| 09/19/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $16.81 |
| 09/19/2019 | Taxi/Shuttle | Testify at Barger Trial | VTS INDEPENDENT DRIVERS | Astoria | American Express | $50.38 |
| 09/19/2019 | Taxi/Shuttle | Testify at Barger Trial | UBER | San Francisco | American Express | $5.13 |

**Company Disbursements**

Amount Due Employee :        $0.00
Amount Due Company Card : $1,726.89
Total Paid By Company :      $1,726.89

**Employee Disbursements**

Amount Due Company Card From Employee : $0.00
Total Paid By Employee :               $0.00


GLOBAL
BUSINESS TRAVEL

Generated: 18 September 2019 18:04 GMT

Invoice Booking Reference **WBP344**

**Trip ID - 31954563844**

**Passenger Name(s)**
**VOYCHESKE/JENNIFER L**

**Agent OT**

American Express Global Business Travel
Phone: +1 (669) 272-1548

Thank you for booking your trip with us.

All of your travel arrangements can be found on the following pages of this itinerary.

Please check your travel details IMMEDIATELY to make sure they are correct. If your travel arrangements are NOT ACCURATE, please contact American Express Global Business Travel WITHIN 24 HOURS OF PURCHASE for regular transactions, or BY MIDNIGHT ON THE SAME DAY OF PURCHASE FOR EXCHANGE TRANSACTIONS, in order to avoid potential airline change fees.

To access your trip details online, visit https://mytrips.amexgbt.com

We hope you have a pleasant trip.

 Rewards Club

*Fast track to Platinum Elite status!*
Gain all the benefits of Elite status in just five nights - whether your next stay is at a Holiday Inn, Crowne Plaza or InterContinental.
*Register before October 31, 2019 to redeem.

Prior to booking, please review your company's corporate travel policy in detail or check with your travel manager to ensure the booking is in compliance with your company's corporate travel policy.

Fulfilment of this offer or service will be managed by the advertiser. If you do not wish to receive marketing on your itinerary in the future, you can change your preferences by opting-out in your travel portal; https://mytrips.amexgbt.com

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

BILLING CODE :                    175635-0110

**Invoice Information**

| Invoice Date | 18 September 2019 |
|---|---|
| Invoice | 0068218 |
| Dossier / Booking Number | WBP344-1V |

**Invoice Details**

| Ticket Number | 0067406686913 |
|---|---|
| Airline Name | DELTA AIR LINES INC |
| Passenger Name | VOYCHESKE/JENNIFER L |
| Flight Details | 22 Sep 2019  DELTA AIRLINES |
| | 1098 B Class |
| | OMAHA,NE/ATLANTA,GA |
| | 22 Sep 2019  DELTA AIRLINES |
| | 1286 B Class |
| | ATLANTA,GA/NEW YORK/LGA,NY |
| | 24 Sep 2019  DELTA AIRLINES |
| | 2149 B Class |
| | NEW YORK/LGA,NY/MINNEAPOLIS/ST PAUL |
| | 24 Sep 2019  DELTA AIRLINES |
| | 3941 B Class |
| | MINNEAPOLIS/ST PAUL/OMAHA,NE |

**Charges**

| | |
|---|---|
| Ticket Base Fare | 822.30 |
| Ticket Tax Fare | 107.67 |
| Total (USD) Ticket Amount | 929.97 |
| Online Ticket Fee | 13.50 |
| **Total** | **943.47** |

**Credit Card Information**

| Charged to Card | AX XXXXXXXXXXX1003 | 13.50 |
|---|---|---|
| Charged to Card | AX XXXXXXXXXXX1003 | 929.97 |

**Payment Details**

| | | |
|---|---|---|
| Charged by American Express Global Business Travel | | 13.50 |
| Charged by Airline | | 929.97 |
| **Total Invoice Charge** | **USD** | **943.47** |

**Sunday 22 September 2019**

✈ 05:48 AM | **Omaha (OMA) to Atlanta (ATL)**

**Airline Booking Ref:** HBP4Q8
**Carrier:** DELTA AIR LINES INC   **Flight:** DL 1098   **Status:** Confirmed
**Operated By:** DELTA AIR LINES INC
**Origin:** Omaha, NE, Eppley Airfield (OMA)
**Departing:** Sunday 22 September 2019 at 05:48 AM   **Departure Terminal:** Not Applicable
**Destination:** Atlanta, GA, Hartsfield Jackson Intl Arpt (ATL)
**Arriving:** Sunday 22 September 2019 at 09:05 AM   **Arrival Terminal:** S

Additional Information

| Class: ECONOMY | Distance: 839 Miles | Estimated Time: 02 hours 17 minutes |
|---|---|---|
| Aircraft Type: McDonnell Douglas MD-90 | Seat: 16E | |
| Meal Service: No meals | | |
| Frequent Flyer Number: DL 9475319969 | | |
| Number of Stops: 0 | | |

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

✈ 10:30 AM | **Atlanta (ATL) to New York (LGA)**

**Airline Booking Ref:** HBP4Q8
**Carrier:** DELTA AIR LINES INC   **Flight:** DL 1286   **Status:** Confirmed
**Operated By:** DELTA AIR LINES INC
**Origin:** Atlanta, GA, Hartsfield Jackson Intl Arpt (ATL)
**Departing:** Sunday 22 September 2019 at 10:30 AM   **Departure Terminal:** S
**Destination:** New York, NY, La Guardia (LGA)
**Arriving:** Sunday 22 September 2019 at 12:40 PM   **Arrival Terminal:** D

**Additional Information**

| | | |
|---|---|---|
| **Class:** ECONOMY | **Distance:** 767 Miles | **Estimated Time:** 02 hours 10 minutes |
| **Aircraft Type:** Airbus Industrie A321 | **Seat:** 20F | |
| **Meal Service:** No meals | | |
| **Frequent Flyer Number:** DL9475319969 | | |
| **Number of Stops:** 0 | | |

🛏 | **MARRIOTT AT BROOKLYN BRIDGE**

**Address:** 333 ADAMS ST, Brooklyn, NY, 11201, US
   **Phone:** (1718) 2467000      **Fax:** (1718) 2460563
**Check In Date:** Sunday 22 September 2019
**Check Out Date:** Tuesday 24 September 2019
**Number Of Nights:** 2
   Rate: USD 365.00 per night may be subject to local taxes and service charges
   Guaranteed to: AX XXXXXXXXXXX1003
   Reference Number: 81487704      **Status:** Confirmed      **Number Of Rooms:** 1

**Additional Information**

| | |
|---|---|
| **Membership ID:** Not Applicable | **Corporate Id:** FDC |
| PERMITTED UP TO 03 DAYS BEFORE ARRIVAL | |

**Tuesday 24 September 2019**

✈ 12:00 PM | **New York (LGA) to Minneapolis (MSP)**

**Airline Booking Ref:** HBP4Q8
**Carrier:** DELTA AIR LINES INC   **Flight:** DL 2149   **Status:** Confirmed
**Operated By:** DELTA AIR LINES INC
**Origin:** New York, NY, La Guardia (LGA)
**Departing:** Tuesday 24 September 2019 at 12:00 PM   **Departure Terminal:** D
**Destination:** Minneapolis, MN, Minneapolis St Paul Intl (MSP)
**Arriving:** Tuesday 24 September 2019 at 02:06 PM   **Arrival Terminal:** 1

**Additional Information**

| | | |
|---|---|---|
| **Class:** ECONOMY | **Distance:** 1034 Miles | **Estimated Time:** 03 hours 06 minutes |
| **Aircraft Type:** Airbus Industrie A319 | **Seat:** 15F | |
| **Meal Service:** Refreshments to Purchase | | |
| **Frequent Flyer Number:** DL9475319969 | | |
| **Number of Stops:** 0 | | |

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

✈ 03:35 PM   **Minneapolis (MSP) to Omaha (OMA)**

Airline Booking Ref: HBP4Q8
Carrier: DELTA AIR LINES INC   Flight: DL 3941   Status: Confirmed
Operated By: SKYWEST DBA DELTA CONNECTION
Origin: Minneapolis, MN, Minneapolis St Paul Intl (MSP)
Departing: Tuesday 24 September 2019 at 03:35 PM   Departure Terminal: 1
Destination: Omaha, NE, Eppley Airfield (OMA)
Arriving: Tuesday 24 September 2019 at 04:55 PM   Arrival Terminal: Not Applicable

Additional Information

| | | |
|---|---|---|
| Class: ECONOMY | Distance: 263 Miles | Estimated Time: 01 hour 20 minutes |
| Aircraft Type: Canadair Regional Jet 900 | Seat: 12D | |
| Meal Service: Not Applicable | | |
| Frequent Flyer Number: DL 9475319969 | | |
| Number of Stops: 0 | | |

## Additional Messages

*********************************************
FOR 24X7 Travel Reservations Please Call 1-669-272-1548
*********************************************

Faa Requires A Valid Government Issued Photo Id Your
American Express Itinerary And A Boarding Pass
Present At Security And All Check In Points.
*********************************************

Changes And Reissues Of Non-Refundable Tickets Are
Subject To A Fee-Plus Fare Difference If The Original
Fare Restrictions Are Not Met.
*********************************************

*********************************************

*********************************************
***Ticket Is Non Refundable***
Non Refundable Tickets Require
Changes/Cancellations Prior To
Original Date/Time Of Departure
If Not The Ticket May No Longer Have Value
Check Online For Hotel Cancel Policies To Avoid
No Show Charges To Your Corporate Card
*********************************************

Please Be Advised That Certain Mandatory Hotel-Imposed
Charges Including But Not Limited To Daily Resort Or
Facility Fees May Be Applicable To Your Stay And Payable
To The Hotel Operator At Check-Out From The Property.
You May Wish To Inquire With The Hotel Before Your Trip
Regarding The Existence And Amount Of Such Charges.

First Data requires all travelers to request physical access to any First Data facilities you intend to visit during
your trip. You can access the request form via
https://sharepoint.1dc.com/sites/esrc/iscdsc/Support/Pages/Support.aspx. Please direct any questions or issues
to BadgeRequest@firstdata.com

## IMPORTANT INFORMATION

For important information regarding your booking, in particular, in relation to the conditions applying to your booking,
managing your booking and travel advisory, please refer to www.amexglobalbusinesstravel.com/booking-info.

American Express Global Business Travel (GBT) is a joint venture that is not wholly-owned by American Express Company
or any of its subsidiaries (American Express). American Express Global Business Travel, American Express and the

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

American Express logo are trademarks of American Express, and are used under limited license.

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved



GLOBAL
BUSINESS TRAVEL

Generated: 18 September 2019 21:55 GMT

Invoice Booking Reference  **JRGRHU**

**Trip ID - 31194989106**

**Passenger Name(s)**

**VOYCHESKE/JENNIFER L**

**Agent OT**

American Express Global Business Travel
Phone: +1 (669) 272-1548

Thank you for booking your trip with us.

All of your travel arrangements can be found on the following pages of this itinerary.

Please check your travel details IMMEDIATELY to make sure they are correct. If your travel arrangements are NOT ACCURATE, please contact American Express Global Business Travel WITHIN 24 HOURS OF PURCHASE for regular transactions, or BY MIDNIGHT ON THE SAME DAY OF PURCHASE FOR EXCHANGE TRANSACTIONS, in order to avoid potential airline change fees.

To access your trip details online, visit https://mytrips.amexgbt.com

We hope you have a pleasant trip.



*Fast track to Platinum Elite status!*

Gain all the benefits of Elite status in just five nights - whether your next stay is at a Holiday Inn, Crowne Plaza or InterContinental. *Register before October 31, 2019 to redeem.

Prior to booking, please review your company's corporate travel policy in detail or check with your travel manager to ensure the booking is in compliance with your company's corporate travel policy.

Fulfilment of this offer or service will be managed by the advertiser. If you do not wish to receive marketing on your itinerary in the future, you can change your preferences by opting-out in your travel portal; https://mytrips.amexgbt.com

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

BILLING CODE :                175635-0110

## Invoice Information

| Invoice Date | **18 September 2019** |
| Invoice | **0068244** |
| Dossier / Booking Number | **JRGRHU-1V** |

## Invoice Details

| | | **Charges** | |
|---|---|---|---|
| Ticket Number | **0067406686931** | Ticket Base Fare | **458.50** |
| Airline Name | **DELTA AIR LINES INC** | Ticket Tax Fare | **62.99** |
| Passenger Name | **VOYCHESKE/JENNIFER L** | Total (USD) Ticket Amount | **521.49** |
| Flight Details | **19 Sep 2019 DELTA AIRLINES** | Online Ticket Fee | **13.50** |
| | **4072 K Class** | **Total** | **534.99** |
| | **OMAHA,NE/NEW YORK/LGA,NY** | | |
| | **21 Sep 2019 DELTA AIRLINES** | | |
| | **3574 L Class** | | |
| | **NEW YORK/LGA,NY/OMAHA,NE** | | |

## Credit Card Information

| Charged to Card | AX XXXXXXXXXXX1003 | 13.50 |
| Charged to Card | AX XXXXXXXXXXX1003 | 521.49 |

## Payment Details

| | Charged by American Express Global Business Travel | 13.50 |
| | Charged by Airline | 521.49 |
| | **Total Invoice Charge** | **USD** | **534.99** |

## Thursday 19 September 2019

✈ **06:01 AM**  **Omaha (OMA) to New York (LGA)**

**Airline Booking Ref:** HQA98D
**Carrier:** DELTA AIR LINES INC   **Flight:** DL 4072   **Status:** Confirmed
**Operated By:** SKYWEST DBA DELTA CONNECTION
**Origin:** Omaha, NE, Eppley Airfield (OMA)
**Departing:** Thursday 19 September 2019 at 06:01 AM   **Departure Terminal:** Not Applicable
**Destination:** New York, NY, La Guardia (LGA)
**Arriving:** Thursday 19 September 2019 at 10:00 AM   **Arrival Terminal:** D

### Additional Information

| | | |
|---|---|---|
| Class: ECONOMY | Distance: 1166 Miles | Estimated Time: 02 hours 59 minutes |
| Aircraft Type: EMBRAER 175 JET | Seat: Not Assigned | |
| Meal Service: Refreshments to Purchase | | |
| Frequent Flyer Number: DL9475319969 | | |
| Number of Stops: 0 | | |

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

**MILLENNIUM HILTON NEW YORK DWNTWN**

**Address:** 55 Church Street, New York, NY, 10007, US

**Phone:** (1) 212-693-2001      **Fax:** (1) 212-571-2316

**Check In Date:** Thursday 19 September 2019

**Check Out Date:** Saturday 21 September 2019

**Number Of Nights:** 2

**Rate:** USD 343.17 per night may be subject to local taxes and service charges

**Guaranteed to:** AX XXXXXXXXXX1003

**Reference Number:** 3138430528NON SMKING CONF      **Status:** Confirmed      **Number Of Rooms:** 1

Additional Information

Membership ID: 240177937      Corporate Id: N0147111

CXL 3 DAYS PRIOR TO ARRIVAL

---

**Saturday 21 September 2019**

✈ 12:20 PM   **New York (LGA) to Omaha (OMA)**

**Airline Booking Ref:** HQA98D

**Carrier:** DELTA AIR LINES INC   **Flight:** DL 3574   **Status:** Confirmed

**Operated By:** SKYWEST DBA DELTA CONNECTION

**Origin:** New York, NY, La Guardia (LGA)

**Departing:** Saturday 21 September 2019 at 12:20 PM   **Departure Terminal:** D

**Destination:** Omaha, NE, Eppley Airfield (OMA)

**Arriving:** Saturday 21 September 2019 at 02:36 PM   **Arrival Terminal:** Not Applicable

Additional Information

Class: ECONOMY                    Distance: 1166 Miles        Estimated Time: 03 hours 16 minutes

Aircraft Type: EMBRAER 175 JET    Seat: 18D

Meal Service: Refreshments to Purchase

Frequent Flyer Number: DL9475319969

Number of Stops: 0

## Additional Messages

****************************************************

FOR 24X7 Travel Reservations Please Call 1-669-272-1548

****************************************************

Faa Requires A Valid Government Issued Photo Id Your
American Express Itinerary And A Boarding Pass
Present At Security And All Check In Points.

****************************************************

Changes And Reissues Of Non-Refundable Tickets Are
Subject To A Fee-Plus Fare Difference If The Original
Fare Restrictions Are Not Met.

****************************************************

********************************************

********************************************

***Ticket Is Non Refundable***
Non Refundable Tickets Require
Changes/Cancellations Prior To
Original Date/Time Of Departure
If Not The Ticket May No Longer Have Value
Check Online For Hotel Cancel Policies To Avoid
No Show Charges To Your Corporate Card

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please Be Advised That Certain Mandatory Hotel-Imposed
Charges Including But Not Limited To Daily Resort Or
Facility Fees May Be Applicable To Your Stay And Payable
To The Hotel Operator At Check-Out From The Property.
You May Wish To Inquire With The Hotel Before Your Trip
Regarding The Existence And Amount Of Such Charges.

First Data requires all travelers to request physical access to any First Data facilities you intend to visit during your trip. You can access the request form via https://sharepoint.1dc.com/sites/esrc/iscdsc/Support/Pages/Support.aspx. Please direct any questions or issues to BadgeRequest@firstdata.com

## IMPORTANT INFORMATION

For important information regarding your booking, in particular, in relation to the conditions applying to your booking, managing your booking and travel advisory, please refer to www.amexglobalbusinesstravel.com/booking-info.

American Express Global Business Travel (GBT) is a joint venture that is not wholly-owned by American Express Company or any of its subsidiaries (American Express). American Express Global Business Travel, American Express and the American Express logo are trademarks of American Express, and are used under limited license.

© 2018 GBT Travel Services UK Limited d/b/a/ American Express Global Business Travel. All rights reserved

# EXHIBIT 10

YOU CAN NOW RETRIEVE A COPY OF THIS INVOICE ONLINE AT WWW.SERVED.COM - CLICK ON MY ACCOUNT!

**Guaranteed Subpoena Service, Inc.**
P.O. Box 2246 - Union, New Jersey 07083
(908) 687-0050  (800) 672-1952
Fax: (908) 688-0885 Tax ID 22-2393485
www.Served.com

YOU CAN NOW PRINT A RECEIPT ONLINE AS A PAYMENT CONFIRMATION FOR YOUR RECORD. SAVE A STAMP, TIME AND EFFORT AND PAY THIS INVOICE ONLINE! YOU MAY USE VISA, MASTERCARD, AMERICAN EXPRESS, DISCOVER OR EVEN A PAYPAL ACCOUNT!



Batch # 10452

## INVOICE

SAUL EWING ARNSTEIN & LEHR-PRINCETON
GARY B. EIDELMAN, ESQ.
650 COLLEGE ROAD, EAST SUITE 4000
PRINCETON NJ 08540-6603

INVOICE #:         20180905111820
AMOUNT DUE:    $90.00
DUE DATE:         10/18/2018

**WE RESERVE THE RIGHT TO CHARGE 18% APR INTEREST (0.049315% DPR PAST THE DUE DATE) ON ALL UNPAID BALANCES.**

Tear along the perforation and keep the middle stub for your records! Return the bottom stub with your payment. Thank you for your business!

| | | | |
|---|---|---|---|
| AMOUNT DUE: $90.00 | INVOICE#: 20180905111820 | INVOICE DATE: 9/18/2018 | |
| ATTORNEY: | GARY B. EIDELMAN, ESQ. | | |
| FIRM: | SAUL EWING ARNSTEIN & LEHR-PRINCETON | | |
| PLAINTIFF: | STEVEN B. BARGER | | |
| DEFENDANT: | FIRST DATA CORPORATION, ET AL | | |
| DOCKET#: | 1 17 CV 04869 FB LB | CLAIM#: | |
| ENTITY SERVED: | GRANT BARGER | | |
| SERVED WITH: | LETTER, SUBPOENA TO TESTIFY, EXHIBIT | | |
| SERVED DATE: | 9/8/2018 | COURT DATE: | 9/17/2018 |

| | | | |
|---|---|---|---|
| ATTENDANCE FEE: | $55.00 | PAYMENT SENT ON: | \|__\|/\|__\|/\|__\| |
| BULK SERVICE FEE: | $35.00 | | |
| MILEAGE FEE: | $0.00 | AMOUNT PAID: | \|__\|,\|____\|.\|__\| |
| PRIORITY FEE: | $0.00 | | |
| PICKUP FEE: | $0.00 | [ ] CHECK | |
| INCORRECT ADDRESS FEE: | $0.00 | [ ] VISA | |
| POSTAL FORWARDING FEE: | $0.00 | [ ] MASTERCARD | |
| CASH ATTACHED: | $0.00 | [ ] DISCOVER | |
| WAIT TIME | $0.00 | [ ] AMERICAN EXPRESS | |
| NOTARY/MISC. FEE: | $0.00 | CARD/CHECK#: \|__\|__\|__\|__\|__\|__\|__\|__\|__\|__\|__\|__\| | |
| TOTAL: | $90.00 | | |

Tear along the perforation and keep the middle stub for your records! Return the bottom stub with your payment. Thank you for your business!

YOUR STATEMENT OF ALL UNPAID INVOICES CAN BE VIEWED ONLINE ANYTIME WITH YOUR FIRM ID

SAUL EWING ARNSTEIN & LEHR-PRINCETON
650 COLLEGE ROAD, EAST SUITE 4000
PRINCETON NJ 08540-6603

INVOICE #:        20180905111820
AMOUNT DUE:   $90.00
DUE DATE:        10/18/2018

For the fastest resolution to your billing inquiry, email us at:
Billing@Served.com

[ ] CHECK

[ ] Visa  [ ] MasterCard  [ ] Discover  [ ] American Express

CARD #: \|__\|__\|__\|__\|__\|__\|__\|__\|__\|__\|__\|__\|__\|__\|

GUARANTEED SUBPOENA SERVICE, INC.
WWW.SERVED.COM
P.O. BOX 2246
UNION, NJ 07083

EXPIRATION: \|__\|__\|/\|__\|__\|

SIGNATURE: _____

20180905111820

*** To Pay Online Go To "My Account" ***

Priority⊹ Legal Services, Inc.
Legal Legs, LTD.
PO Box 540
Reisterstown, MD 21136

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/24/2018 | 77776 |

| E-Mail | Priorityplus@aol.com | |
|--------|----------|---|
| Phone # | Fax # | Federal Tax ID Number |
| 443-277-6180 | 410-558-6565 | ███████ |

**Bill To**

Saul Ewing LLP
500 E. Pratt Street
Baltimore, MD 21202

| Ordered By: |
|-------------|
| Kimberly Crampton |

| Plaintiff | Defendant | Client/Matter # | Terms |
|-----------|-----------|-----------------|-------|
| Barger | First Data Corporation, et al. | | Net 30 |

| Description | Subject of Service | Rate | Amount |
|-------------|-------------------|------|--------|
| OUT OF STATE PROCESS SERVICE | Julie Kelly | 185.00 | 185.00 |

Please note that our phone numbers
have changed. The phone is now
443-277-6180 and the Fax is now
410-558-6565.

We now accept MasterCard,
Visa & Discover.

PLEASE INCLUDE THE INVOICE NUMBER ON ALL CHECKS TO INSURE PROPER CREDIT TO YOUR ACCOUNT.

**Total** $185.00

Priority+ Legal Services, Inc.
Legal Legs, LTD.
PO Box 540
Reisterstown, MD 21136

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/24/2018 | 77777 |

| E-Mail | Priorityplus@aol.com | |
|--------|-----------|------------|
| Phone # | Fax # | Federal Tax ID Number |
| 443-277-6180 | 410-558-6565 | ▉ |

**Bill To**

Saul Ewing LLP
500 E. Pratt Street
Baltimore, MD 21202

| Ordered By: |
|-------------|
| Kimberly Crampton |

| Plaintiff | Defendant | Client/Matter # | Terms |
|-----------|-----------|-----------------|-------|
| Barger | First Data Corporation, et al. | | Net 30 |

| Description | Subject of Service | Rate | Amount |
|-------------|--------------------|------|--------|
| OUT OF STATE PROCESS SERVICE | Ashley Parrish | 185.00 | 185.00 |

Please note that our phone numbers
have changed. The phone is now
443-277-6180 and the Fax is now
410-558-6565.

**We now accept MasterCard,
Visa & Discover.**

PLEASE INCLUDE THE INVOICE NUMBER ON ALL CHECKS TO INSURE PROPER CREDIT TO YOUR ACCOUNT.

| **Total** | $185.00 |
|-----------|---------|

Priority+ Legal Services, Inc.
Legal Legs, LTD.
PO Box 540
Reisterstown, MD 21136

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/24/2018 | 77778 |

| E-Mail | Priorityplus@aol.com | |
|--------|------|------|
| Phone # | Fax # | Federal Tax ID Number |
| 443-277-6180 | 410-558-6565 | ███ |

**Bill To**

Saul Ewing LLP
500 E. Pratt Street
Baltimore, MD 21202

| Ordered By: |
|-------------|
| Kimberly Crampton |

| Plaintiff | Defendant | Client/Matter # | Terms |
|-----------|-----------|-----------------|-------|
| Barger | First Data Corporation, et al. | | Net 30 |

| Description | Subject of Service | Rate | Amount |
|-------------|--------------------|------|--------|
| 2nd Document Fee | Dr. Harry M. Baddour | 75.00 | 75.00 |

**Please note that our phone numbers have changed. The phone is now 443-277-6180 and the Fax is now 410-558-6565.**

**We now accept MasterCard, Visa & Discover.**

PLEASE INCLUDE THE INVOICE NUMBER ON ALL CHECKS TO INSURE PROPER CREDIT TO YOUR ACCOUNT.

| **Total** | $75.00 |
|-----------|--------|