# EXHIBIT C

# EXHIBIT C-1

**shawn@shearerlaw.pro**

| | |
|---|---|
| **From:** | DiLorenzo, Louis <dilorel@bsk.com> |
| **Sent:** | Friday, September 13, 2019 9:44 AM |
| **To:** | Mike_Innelli@nyed.uscourts.gov |
| **Cc:** | Eidelman, Gary B. (Gary.Eidelman@saul.com); Cooper, Gillian A. (Gillian.Cooper@saul.com); Cianfichi, Michael P. (michael.cianfichi@saul.com); 'McCreary, Lynn (Brookfield)'; 'Rosman, Adam (Non-Employee)' (adam.rosman@fiserv.com); Shawn Shearer; david@zeitlinlawfirm.com |
| **Subject:** | Letter Request to Judge Block |
| **Attachments:** | 9.13.19 Letter to Judge Block .pdf |

Mr. Innelli,

      Attached is a letter to Judge Block.  I am requesting that you please see that is sent or delivered to him.  Thank you for your assistance.


**Louis P. DiLorenzo**
Managing Member - New York City Office
Chair, Labor & Employment, Employee Benefits
& Immigration Practice Group
646.253.2315 Direct
646.253.2300 Alt
646.253.2301 Fax
646.207.1997 Cell
ldilorenzo@bsk.com





600 Third Avenue 22nd floor, New York, NY 10016-1915
This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

1

# BOND SCHOENECK & KING

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**LOUIS P. DILORENZO**
Dilorel@bsk.com
P: 646.253.2315
F: 646.253.2301

September 13, 2019

## VIA ELECTRONIC MAIL

Honorable Frederic Block, U.S.D.J.
U. S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  ***Steven B. Barger v. First Data Corporation et al.***
> **Civil Case No. 1:17-cv-4869**

Dear Judge Block:

Defendants are writing to alert the Court to a recent issue. Messrs. Shearer and Barger have leveled serious allegations of misconduct against attorneys Gary Eidelman and Adam Rosman, both of whom take their obligations as officers of the Court seriously. We wish to raise this important issue with you to rebut the allegations and to ensure these spurious allegations are not raised before the jury. Defendants are eager to try this case on Monday, September 16, 2019, and do not wish to disturb this schedule. We respectfully request that Mr. Shearer be precluded from raising any of the defamatory issues in court.

On September 11, 2019, Mr. Shearer, counsel for Plaintiff Barger, sent Mr. Eidelman the attached letter accusing Mr. Eidelman and Mr. Rosman, the former General Counsel of Defendant First Data Corporation (who is currently retained by Fiserv as a senior advisor), of engaging in criminal and/or unethical activity, specifically of improper contact with Ed Labry, the former CEO of First Data, in violation of federal criminal law, 18 U.S.C. § 1512(b) (Tampering with a witness, victim or informant), and several New York Rules of Professional Conduct: 3.3(b) (Conduct Before a Tribunal), 3.4(a) (Fairness to Opposing Party and Counsel), 4.1, (Truthfulness in Statements to Others) and 4.2 (Communications with Persons Represented by Counsel).[1]

In his letter to Mr. Eidelman, Mr. Shearer notably provides no specific details as to what actions of Mr. Eidelman or Mr. Rosman constitute intimidation or threats that give rise to the felony of witness tampering under federal law or that violate the New York Rules of Professional Conduct. As demonstrated below, Mr. Shearer's allegations of criminal conduct are baseless and are an attempt to impugn the character and reputations of Mr. Eidelman and Mr. Rosman.

---

[1] This is not the first time that Mr. Shearer has accused opposing counsel of engaging in criminal activity. *See* ECF 74, 80.

Honorable Frederic Block, U.S.D.J.
September 13, 2019
Page 2

By way of background, Mr. Labry is the former CEO of First Data Corporation. He currently resides in California and until recently was a consultant to First Data. Mr. Labry has entered into an agreement which contains a cooperation provision in which he agreed to assist First Data in defending matters brought against the Company. Mr. Labry is listed as one of Plaintiff's witnesses, but he is not a represented party in this matter.

On August 29, 2019, Mr. Eidelman, Mr. Rosman, and Lynn McCreary, the Chief Legal Officer of Fiserv had a telephone conversation with Mr. Shearer during which Mr. Shearer made statements regarding Mr. Labry to the effect that "Ed Labry is ready to testify at trial," "he is going to make it a huge pissing contest" and "Ed is excited to testify against Frank [Bisignano]."[2]

Following that call, Mr. Rosman called Mr. Labry in California to inquire if Mr. Labry was planning to travel to New York to testify on behalf of Mr. Barger in his case against First Data. After exchanging pleasantries, Mr. Rosman advised Mr. Labry that Mr. Barger's case had not settled and was scheduled for trial beginning on September 16, 2019. Mr. Rosman told Mr. Labry that he understood that he was going to be a witness in the case, that he was not telling him not to appear as a witness, that the decision was totally his, but would appreciate knowing if Mr. Labry was planning to appear. Mr. Labry responded that he had not heard about the trial and that the last time he spoke to Mr. Barger was several months ago and that he knew the case was still pending. He told Mr. Rosman that he had heard nothing about the trial. He further stated that if he comes, he will just tell the truth about whatever is asked of him, that he thinks highly of Mr. Barger, that he asked Mr. Barger to come speak at his new company, that he only really knew him from road shows, and that he was not sure what he would talk about. Mr. Rosman thanked Mr. Labry for his time and emphasized again that he was <u>not</u> steering Mr. Labry one way or another but asked that he let Mr. Rosman know if he planned to attend the trial. Mr. Labry responded that he would. The call ended.

On September 4, 2019, Mr. Barger wrote a letter directly to Ms. McCreary, accusing her of being a liar, of engaging in settlement talks in bad faith, and attempting to "ambush" him—all because Mr. Rosman was an announced participant on the August 29, 2019 telephone call referenced above, participation to which Mr. Shearer offered no objection at the time. Ms. McCreary did not respond to Mr. Barger's letter.

On September 6, 2019, counsel for the parties appeared before the Court at the scheduled pretrial conference during which the witness list that Mr. Barger had filed was discussed, among other things. Prior to the pretrial conference, I had seen the proposed witness list submitted by Mr. Barger and noticed Mr. Labry's name.

After the pretrial conference, I asked Mr. Eidelman what Mr. Labry was going to testify to on behalf of Mr. Barger since he had not been deposed. Mr. Eidelman told me that he planned

---

[2] Although the call was originally scheduled between Ms. McCreary, Mr. Eidelman, and Mr. Shearer, Mr. Shearer was notified at the beginning of the call that Mr. Rosman, the former General Counsel of First Data who has been involved with this case since the outset, would also participate on the call. Mr. Shearer did not object to Mr. Rosman being on the phone nor did he end the call.

Honorable Frederic Block, U.S.D.J.
September 13, 2019
Page 3

to call Mr. Labry, First Data's former CEO, to find out. When we arrived back at my office, Mr. Eidelman called Mr. Rosman on his cell phone and together they called Mr. Labry in California. Since we were in the same room, I could hear Mr. Eidelman's part of the conversation.

At the beginning of the call, Mr. Eidelman introduced himself as counsel for the Defendants and he told Mr. Labry that Mr. Barger had filed a witness list that included him. Mr. Eidelman stated that he was interested in learning what Mr. Labry planned to testify to. I heard Mr. Eidelman, perhaps for my benefit, repeated what Mr. Labry had told him: that he had not heard from Mr. Barger or his attorney about the trial and that he was not aware he was on a witness list for a trial in New York scheduled to begin on September 16, 2019. I heard Mr. Eidelman tell Mr. Labry that it was up to Mr. Labry to decide whether he would testify. I also heard Mr. Eidelman ask that if he decided to come to New York to testify, would he contact me [Mr. Eidelman] or Adam because "we would like to have a cup of coffee or grab lunch to discuss what you are going to say about Mr. Barger's case." They then said their goodbyes on a friendly basis. That was the extent of what I overheard in the conversation. I asked Mr. Eidelman if Mr. Labry would be testifying and he said, "I don't know, but I think he will call us if he decides to come and testify." At no time did I ever hear Mr. Eidelman make any threatening or intimidating statements to Mr. Labry.

At the end of the conversation, there were several things clear to me: (i) Mr. Labry understood it was his decision to testify in the case; (ii) to avoid any confusion, he understood it was not the defendants who might call him; (iii) contrary to representations made by Plaintiff's counsel, he had not been contacted about testifying even though the trial was five business days away; (iv) he was in California and understood that if he came to New York to testify, Mr. Eidelman and Mr. Rosman would welcome an opportunity to meet with him; and (v) he did not indicate whether he was coming to New York to testify.

It was absolutely proper for Mr. Eidelman and Mr. Rosman to contact Mr. Labry in this matter, not just because Mr. Labry is the former CEO of Defendant First Data, not just because he has a cooperation provision with Defendant First Data, but also because he is an unrepresented third-party witness in this matter and there is no prohibition on talking to him.

The September 11th letter to Mr. Eidelman followed another letter from Mr. Barger to Ms. McCreary in which he made the same allegations regarding Mr. Eidelman's and Mr. Rosman's conversations with Mr. Labry and this time he accused her, among other things, of "thugging." We otherwise would have produced Mr. Barger's letters to Ms. McCreary with this letter but they were ostensibly written under the guise of F.R.E. 408 and we are mindful of the contents of that rule. Should the Court desire, Defendants are prepared to submit for review the three letters Mr. Barger has sent directly to Ms. McCreary.

Mr. Shearer's conduct in accusing other lawyers of a crime violates NYR PC 3.4(e) which states that a lawyer shall not "present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter." The New York Bar Association Committee on Professional Ethics has opined on what constitutes an improper threat of criminal wrongdoing under the Professional Rules. *See* New York Bar Association Committee on

Honorable Frederic Block, U.S.D.J.
September 13, 2019
Page 4

Professional Ethics Opinion No. 772, 2003 WL 23099784, *6 (November 14, 2003).[3] The Committee has addressed the question of what constitutes an impermissible threat:

> In our view, there is no universal standard to determine whether a letter "threaten[s] to present criminal charges." Such a determination requires the examination of both the content and context of the letter. *In our view, a letter containing an accusation of criminal wrongdoing likely constitutes a threat, especially when coupled with a demand that the accused wrongdoer remedy the civil wrong.* Whether the accusation is general (simply stating that the Broker's conduct violates the criminal law) or specific (stating that the Broker's conduct violates particular provisions of the criminal law), such an accusation serves the undeniable purpose of coercing the accused wrongdoer. We point out, moreover, that a lawyer who sends a letter containing such a communication is exposed to professional discipline based upon the disciplinary authorities' interpretation of the lawyer's intent in sending the letter or statement.

This Court should not allow Mr. Shearer to continue to accuse Defendants' counsel of illegal acts in an effort to gain an advantage in this matter.  As a longtime practitioner in the Eastern District of New York, the behavior exhibited by Mr. Shearer is something I have never observed in my career.[4]

This case is ready for trial. To insure that our clients are not prejudiced by Mr. Shearer raising allegations of witness tampering before the jury, Defendants respectfully request that the Court prohibit Plaintiff and his counsel from making any statements or allegations at trial

---

[3] Although Ethics Opinion No. 772 analyzed Disciplinary Rule 7-105(A), that rule was the predecessor to Rule 3.4(e) and contains identical text, reading: "A lawyer shall not present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter."

[4] In his letter, Mr. Shearer also suggests that Mr. Eidelman has somehow acted improperly by demanding that Mr. Shearer's produce his order of witnesses, but not reciprocate.  First, the Court will recall that Mr. Shearer's witness list is comprised of the individual defendants and current or former employees of First Data. Until last evening when Mr. Shearer served Mr. Eidelman with subpoenas for Joseph Plumeri and Karen Whalen (witnesses that we have already agreed to produce without subpoena), he had not served a single trial subpoena even though the case is to start on Monday. Defendants' counsel advised the Court at the initial pre-trial conference on September 6, 2019 that due to business commitments, the individual defendants will not be sitting at trial the entire time but offered to work with Mr. Shearer to arrange for them to be in Court when he wished to call them in order to avoid any delay. It was for this reason that Mr. Eidelman had been pressing Mr. Shearer for his order so that arrangements could be made for the individual defendants, along with the other witnesses, to be present and ready to testify. Defendants also have advised the Court, in the presence of Mr. Shearer, of their intention to examine these witnesses after Plaintiff has concluded his examination for efficiency. Second, with respect to Defendants providing Mr. Shearer with their list of witnesses and the order of their presentation, Mr. Shearer seems to forget that his client has the burden of proof in this case. Therefore, Defendants have not yet decided what other witnesses they may need to call. Nonetheless, Mr. Eidelman already has informed Mr. Shearer that if Defendants decide to call any witnesses in their case in chief (which will be dependent upon the evidence presented), those witnesses are likely to be Jennifer Voycheske, Kathi Benhardt, Matt Cagwin, and Justin Stamey. None of these witnesses reside in New York.

134875.3 9/13/2019

Honorable Frederic Block, U.S.D.J.
September 13, 2019
Page 5

relating to his unfounded allegations that either Mr. Eidelman or Mr. Rosman engaged in any witness tampering or conducted themselves in an unethical or unlawful manner.

   Thank you for your attention to this matter.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

Louis P. DiLorenzo
Managing Member

cc (via email): Shawn Shearer, Esquire
     David Zeitlin, Esquire
     Gary B. Eidelman, Esquire
     Gillian A. Cooper, Esquire
     Michael P. Cianfichi, Esquire
     Lynn S. McCreary, Esquire
     Adam L. Rosman, Esquire

**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

September 11, 2019

## VIA ELECTRONIC MAIL AND CERTIFIED MAIL

      **Re:**    *Steven Barger v. First Data Corporation et al.,* **Civil Case No. 1:17-cv-4869**
              **Improper Contact with Witness Ed Labry**

Dear Gary:

My client, Steve Barger, contacted me yesterday and informed me that Adam Rosman and you recently called Ed Labry to discuss *Barger v. First Data* in an attempt to dissuade him from testifying on Plaintiff Barger's behalf. Mr. Labry has been on Plaintiff's witness list since we first exchanged Rule 26(a) disclosures in February 2018. Mr. Labry reported to my client that at no time prior to Fiserv/First Data merger had either you, or anyone else acting on behalf of First Data, ever contacted him regarding this matter.

We are on the verge of trial commencing in five days. Phone calls across state lines in an attempt to either persuade, or in this case, intimidate a witness is a violation of the law and your ethical duties. See 18 U.S.C. §1512(b); NY RPC 3.3(b), 3.4(a), 4.1, and 4.3.

I filed my witness list with the Court on August 30, 2019. Since then, you have repeatedly demanded that I provide you a written list of the specific witnesses Plaintiff will be calling in the order that they will be called at trial. Most recently you demanded that I produce such a list before the conference/hearing yesterday. I complied with your request and delivered my list to you yesterday, September 10, 2019, around 9:00 a.m.

You have not reciprocally provided me a list of your witnesses that will be called. Mr. DiLorenzo indicated in the hearing yesterday that there will be 3 or 4 additional witnesses called by the defense that were not listed on my list I provided yesterday. It now is clear to me   It now is clear to me *why* you have been making these demands of plaintiff while also not producing your list.

You and Lynn McCreary already attempted to ambush me on our call on August 26, 2019 with the presence of Adam Rosman on that call without letting me know that he would be present prior to that call. Adam Rosman's duties at Fiserv are unclear to me at this time. The only thing that is clear from your representations is that Rosman is no longer acting as General Counsel at Fiserv. Neither you nor Rosman has indicated to me that Rosman has any ability to settle this matter on behalf of any of the named defendants. Rosman has not made any overtures to settle this matter. Rosman is not a named party. Rosman ignored his own deposition subpoena in this case and failed to appear for his scheduled deposition for which neither he nor you sought a protective order. And now, Rosman is initiating phone call, ostensibly as a lawyer and on behalf of at least one defendant, with the expressed purpose of Fiserv and its outside counsel attempting to influence and/or intimidate the testimony of Plaintiff's witnesses.

Please let me know today exactly what Mr. Rosman duties at Fiserv are. The only thing I know about Mr. Rosman at present is that he is a lawyer. That, in itsel, should have been reason enough for Rosman to refrain from actively contacting Plaintiff's witnesses and engaging in intimidation. Rosman had from February 2018 until he was replaced as General Counsel of First Data/Fiserv in mid-2019 to  contact Mr. Labry or any other witness for a legitimate reason, if any reason existed. Rosman chose instead to ignore this case entirely, beyond Rosman's choice to allow Defendant Bisignano to provide a full day of deposition testimony last summer. It appears now, that Rosman has taken on some kind of non-descript "enforcer" position at Fiserv, complete with menacing phone calls and unannounced participation in communications that are designed to discuss settlement.

This behavior is not acceptable to me. I will remind you again that I have extensive Assistant General Counsel experience with publicly traded companies. At no time in my career, even with post-merger companies, have I experienced any lawyer, let alone a former General Counsel, "hanging around" in the background of legal proceedings with no determinate authority. Rosman's behavior is intended to threaten. Rosman had no interest in this case when he was First Data's General Counsel, and no that this case is no longer under his direct control, it appears that Rosman is engaging in extra-legal means in an effort to influence the outcome that he easily could have participated in legitimately during the period in which this case was under his charge.

You are aiding Rosman in this effort. Saul Ewing has had the opportunity to contact Mr. Labry since February 2018 if such need existed. Saul Ewing and First Data could have deposed Mr. Labry when discovery was open. No one from your firm chose to do either prior to your recent attempt to aid Rosman in his effort to intimidate by phoning Mr. Labry, a call in which you personally participated.

Please inform me todady what Mr. Rosman's position is at Fiserve and advise me as to the reasons that he is contacting plaintiff's witnesses and participating in settlement discussions, with your cooperation. Please advise me on exactly whose behalf Mr. Rosman is undertaking these actions.

Very truly yours,

Shawn Shearer

cc:     David Zeitlin
        Steve Barger

--------------------------------------------------------
**THE LAW OFFICE OF SHAWN SHEARER, P.C.**
3839 McKinney Avenue, Suite 155-254, Dallas, TX 75204

# EXHIBIT C-2

## shawn@shearerlaw.pro

| | |
|---|---|
| **From:** | Shawn Shearer <shawn@shearerlaw.pro> |
| **Sent:** | Friday, September 13, 2019 4:57 PM |
| **To:** | 'DiLorenzo, Louis'; Mike_Innelli@nyed.uscourts.gov |
| **Cc:** | 'Eidelman, Gary B.'; 'Cooper, Gillian A.'; 'Cianfichi, Michael P.'; 'McCreary, Lynn (Brookfield)'; ''Rosman, Adam (Non-Employee)''; david@zeitlinlawfirm.com |
| **Subject:** | RE: Letter Request to Judge Block |
| **Attachments:** | 20190913 Letter to Judge Block.pdf |

Mr. Innelli,

      I am not sure that this letter writing through you as intermediary initiated by Mr. DiLorenzo is the proper process. However, I must respond to Mr. DiLorenzo's unfounded accusations on the eve of trial for purposes of prejudicing the Court's opinion of the Plaintiff. Attached is a letter to Judge Block that I also request you deliver to him. Thank you for your assistance.

**Shawn E. Shearer**
The Law Office of Shawn Shearer, P.C.
3839 McKinney Ave. #155-254
Dallas, TX 75204
(972) 803-4499
shawn@shearerlaw.pro

---

**From:** DiLorenzo, Louis [mailto:dilorel@bsk.com]
**Sent:** Friday, September 13, 2019 8:44 AM
**To:** Mike_Innelli@nyed.uscourts.gov
**Cc:** Eidelman, Gary B. (Gary.Eidelman@saul.com) <Gary.Eidelman@saul.com>; Cooper, Gillian A. (Gillian.Cooper@saul.com) <Gillian.Cooper@saul.com>; Cianfichi, Michael P. (michael.cianfichi@saul.com) <michael.cianfichi@saul.com>; 'McCreary, Lynn (Brookfield)' <Lynn.McCreary@Fiserv.com>; 'Rosman, Adam (Non-Employee)' (adam.rosman@fiserv.com) <adam.rosman@fiserv.com>; Shawn Shearer <shawn@shearerlaw.pro>; david@zeitlinlawfirm.com
**Subject:** Letter Request to Judge Block

Mr. Innelli,

      Attached is a letter to Judge Block.  I am requesting that you please see that is sent or delivered to him.  Thank you for your assistance.

**Louis P. DiLorenzo**
Managing Member - New York City Office
Chair, Labor & Employment, Employee Benefits
& Immigration Practice Group
646.253.2315 Direct
646.253.2300 Alt
646.253.2301 Fax
646.207.1997 Cell
ldilorenzo@bsk.com





600 Third Avenue 22nd floor, New York, NY 10016-1915

This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.

# THE LAW OFFICE OF SHAWN SHEARER, P.C.

3839 McKINNEY AVENUE, SUITE 155-254
DALLAS, TEXAS 75204
OFFICE: (972) 803-4499
SHAWN@SHEARERLAW.PRO

September 13, 2019

**<u>Via Electronic Mail</u>**
Honorable Frederic Block, U.S.D.J.
U.S District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    *Barger v. First Data Corporation et al.* - Civil Action No. 1:17-cv-4869
> Letter dated September 13, 2019 from Louis P. DiLorenzo

Dear Honorable Judge Block:

I have reviewed Mr. DiLorenzo's letter to Your Honor dated September 13, 2019. I do not understand why this issue has been brought before you. Mr. DiLorenzo's letter is inappropriate, laden with hearsay and innuendo. This letter contains Mr. DiLorenzo's admission that he was unannounced listening in a room while a conversation was ongoing among Mr. Labry (on one end of the line and located in California)[1] and Mr. Rosman and Mr. Eidelman (all attorneys - on the other end of the line). Mr. DiLorenzo cites with specificity the alleged contents of the conversation he "overheard."  Mr. Labry told my client that only Mr. Rosman and Mr. Eidelman were on the phone. Mr. Labry had no idea that Mr. DiLorenzo, who is not employed by Mr. Eidelman's firm, Saul Ewing, was in the same room listening to Labry's call.

The Plaintiff has no offers of settlement outstanding. My client personally revoked his outstanding offer directly when he learned that Mr. Rosman had appeared on a settlement discussion call, unannounced prior to the call.[2] I have had no authority by Plaintiff to settle this case since August 29, 2019 when my client revoked his offer and my ability to settle the matter. Mr. DiLorenzo is well aware of that. The only person who can settle this case for Plaintiff at this point is the Plaintiff himself.

NY PC 3.4(c) prohibits threats by attorneys "solely" to obtain advantage in a civil matter. The Professional Ethics Opinion No. 72, 2003 WL 23099784, *6 (Nov. 14, 2003) cited by Mr. DiLorenzo indicates that an accusation of wrongdoing "***coupled with a demand that the accused remedy the civil wrong***" may be a violation.

---

[1] This is not another threat, but I would be remiss to not point out that Mr. DiLorenzo just admitted to eavesdropping on a conversation with a party located in California. California is a two party consent state with regards to eavesdropping, and Mr. Labry, by Mr. DiLorenzo's own admission, did not give consent because Mr. Labry did not know Mr. DiLorenzo was listening.

[2] Despite my requests for information, no one knows what Mr. Rosman's status and authority is. Mr. Rosman is the former general counsel of First Data. He is not the current general counsel of Fiserv after the merger. It is unclear whether Mr. Rosman is outside counsel to Fiserv, counsel to one of the individual defendants, counsel to one of the investors, or just a private citizen calling witnesses.

Since my client revoked his offer and my authority to settle this matter on August 29, 2019, there have been no offers to settle this case presented by any attorneys involved in this matter.. My letter to Mr. Eidelman was dated September 11, 2019. That letter did not change the reality that no attorneys involved in this matter are currently attempting to settle the case. We are going to trial.

My letter of September 11, 2019 attached to Mr. DiLorenzo's letter merely stated that contacting Plaintiff's witness to influence that witness to not testify is unacceptable to me and it must cease. My letter contains absolutely no mention of settlement of Mr. Barger's claims, and absolutely no mention of seeking civil remedies against Mr. Rosman or Mr. Eidelman.  This letter was sent only to Mr. Eidelman. How Mr. DiLorenzo obtained it, and why he, rather than Mr. Eidelman, is appealing to this Court are unanswered questions.[3] My obligation under the ethical rules requires me to advise any lawyer when I believe that lawyer is in violation of the ethical rules. Had I wanted to embarrass or threaten Mr. Eidelman, I would have included others on my letter. I merely advised Eidelman, himself, of his ethical obligations and demanded that he stop doing what he knows is unethical.

Mr. DiLorenzo's letter of September 13, 2019 is nothing more than the continuation of needless theatre designed to distract from the reality that the Defendants accepted my client's physicians return to work authorization and failed to reinstate Plaintiff to his position or an equivalent position, and admitted to all of those acts in Defendant's Answer in 2018.

Mr. Barger and I are ready for trial and will be before Your Honor on Monday morning.

Very truly yours,

Shawn Shearer
The Law Office of Shawn Shearer, P.C.
3839 McKinney Ave. #155-254
Dallas, TX 75204
(972) 803-4499
shawn@shearerlaw.pro
Attorney for the Plaintiff

---

[3] The fact that Mr. Labry was concerned enough to contact my client and tell him what happened raised my concern to the point that I wrote to Mr. Eidelan, and Mr. Eidelman only, to advise him of my knowledge of what occurred and to demand that the Defendants cease contacting witnesses on the eve of trial. That is not seeking to gain advantage in civil litigation. This is seeking that opposing counsel not try to gain civil advantage through contacting witnesses. Three lawyers at one time (Rosman, Eidelman, and DiLorenzo) called an unrepresented third-party witness. I asked them to stop.