UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. BARGER, an individual<br><br>Plaintiff<br><br>v.<br><br>FIRST DATA CORPORATION et al.<br><br>Defendants. | Case No. EDNY: 1:17-cv-4869-FB-LB |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR NEW TRIAL**

THE LAW OFFICE OF SHAWN SHEARER, P.C.
Shawn Shearer (admitted *pro hac vice*)
3839 McKinney Avenue #155-254
Dallas, TX 75204
T: (972) 803-4499
shawn@shearerlaw.pro

ZEITLIN & ZEITLIN, P.C.
David Zeitlin
50 Court Street, Suite 506
Brooklyn, NY 11201
T: (718) 596-6815
david@zeitlinlawfirm.com

*Attorneys for Plaintiff
Steven B. Barger*

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. WITNESS & JURY INTIMIDATION / ADA ESSENTIAL FUNCTIONS ............... 2

III. RECUSAL ............................................................................................................. 4

IV. JURY MISAPPREHENSION OF PLAINTIFF'S FMLA LEAVE STATUS ............ 4

V. FAILURE TO PROPERLY INSTRUCT AS TO THE FMLA ................................... 5

   A. Failure to Properly Instruct as to FMLA Interference ..................................... 6

      1. Failure to Instruct as to 29 U.S.C. § 2614(a)(1) – (Entitlement to be Restored Without Exception Other than Key Persons under 29 U.S.C. §2614(b)) ...................... 6

      2. Failure to Instruct as to 29 C.F.R. §825.214 – (Entitlement to Reinstatement Even if Position is Replaced or Restructured) ............................................................. 7

      3. Failure to Instruct as to 29 C.F.R. §825.216(a) – (Failure to Reinstate After Acceptance of Physician's Return to Work Authorization) ......................................... 8

      4. Failure to Instruct as to 29 C.F.R. §825.216(a)(1) – (Restoration to a Position Slated for Lay-Off) ........................................................................................................ 8

   B. Failure to Properly Instruct as to FMLA Retaliation – (Motivating Factor) ............. 9

VI. CONCLUSION .................................................................................................... 10

# TABLE OF AUTHORITIES

Cases

*Brumbalogh v. Camelot*, 427 F.3d 996 (6th Cir. 2005) ................................................................. 8

*Caballero v. City of Concord*, 956 F.2d 204 (9th Cir. 1992)......................................................... 5

*Gordon v. NY City Bd. Of Educ.*, 232 F.3d 111 (2d Cir. 2000) ..................................................... 8

*LNC Investments, Inc. v. First Fidelity Bank, N.A. New Jersey*, 173 F.3d 454 (2d Cir. 1999) ...... 2

*Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158 (2d Cir. 2017).................... 9

Statutes

29 U.S.C. §2614(a) ............................................................................................... 5, 6, 7, 8, 9
29 U.S.C. §2614(b). ............................................................................................................. 6
29 U.S.C. §2615(a) ........................................................................................................... 5, 9
29 U.S.C. §2617.................................................................................................................. 21

Regulations

29 C.F.R. §825.214 ............................................................................................. 5, 6, 7, 8, 9, 10
29 C.F.R. §825.216 ..................................................................................................... 5, 8, 10
29 C.F.R. §825.300 ........................................................................................................ 1, 4, 5

Rules

Fed. R. Civ. P. 30(b)(6)..................................................................................................... 2, 5
Fed. R. Civ. P. 59............................................................................................................... 10

## I. INTRODUCTION

The Defendant First Data's Response [ECF No. 141] to Plaintiff's Motion for New Trial [ECF No. 138] continues the nearly three year-old pattern of misdirection and the creation of confusion through misstating Plaintiff's arguments. The Plaintiff's position has been clearly stated since the Complaint, the Plaintiff's Rule 12(c) Motion briefing and Plaintiff's Rule 56 Motion briefing:

(i) First Data violated the ADA by forcing the Plaintiff against his will onto unpaid leave, removing his work responsibilities, and terminating his access to remote work capabilities;

(ii) First Data interfered with Plaintiff's FMLA reinstatement entitlement by failing to reinstate Plaintiff to his position or an equivalent position following Plaintiff's delivery of his physician's return to work authorization; and

(iii) First Data retaliated against Plaintiff by terminating him (whether in a RIF or otherwise) motivated, in part or completely, by Plaintiff's exercise of his entitlement to reinstatement under the FMLA.

These issues were not properly tried. Plaintiff's discovery was improperly limited. The Defendant diverted the entire scope of discovery onto legally irrelevant issues by their introduction of the Voycheske affidavits. After 18-months of discovery driven by a manufactured leave start date issue, during trial the Court determined that the substance of these affidavits, even assuming their truthfulness (which the Plaintiff had questioned since their first appearance), were legally irrelevant because 29 C.F.R. §825.300 makes re-designation of leave impermissible. The harm had already been done. The jury had heard the testimony from Voycheske and were not instructed to disregard her legally improper analysis of the Plaintiff's leave start date. The jury was not clearly instructed that Plaintiff was on FMLA protected leave at all times relevant to the reinstatement and termination decisions.

Throughout discovery and motion practice, the Plaintiff repeatedly plead for a ruling on the legal standards for designation of FMLA leave. A new trial is required to present the facts to

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR A NEW TRIAL**          1

a jury that is not tainted by legally incorrect testimony and receives proper instruction on the three issues set forth above. The following, individually and in the aggregate, require a new trial:

(i) Plaintiff was deprived of the Rule 30(b)(6) discovery to which he was entitled and, as a result, was prejudiced at trial by lacking corporate defendant testimony;

(ii) Defendant presented evidence and argumentation contrary to its admissions in the answer to the complaint;

(iii) The Defendant improperly intimidated witnesses and the jury;

(iv) The Defendant failed to provide evidence as to the essential functions of Plaintiff's job;

(v) The Court's instruction to the jury regarding the standards for claims of FMLA interference and retaliation misled the jury as to the correct legal standard and inadequately informed the jury of the controlling law. *LNC Investments, Inc. v. First Fidelity Bank, N.A. New Jersey*, 173 F.3d 454, 460 (2d Cir. 1999)(new trial if instructed incorrectly as to legal standards);[1] and

(vi) The mere possibility of jury misapprehension of Plaintiff's legal leave status as of the date he requested reinstatement is sufficient to warrant a new trial. *Caballero v. City of Concord*, 956 F.2d 204, 206-07 (9th Cir. 1992)(possibility of misapprehension requires a new trial).

The Plaintiff stands on his positions for a new trial as set forth in the Motion.

## II. **WITNESS & JURY INTIMIDATION / ADA ESSENTIAL FUNCTIONS**

The Defendant's Response does not deny that Defendant's agents (Eidelman, Rosman, DiLorenzo) engaged in actions designed to dissuade Plaintiff's witness, Ed Labry, from testifying. The Defendant's Response does not deny that Mr. DiLorenzo's closing statements on behalf of Defendant referencing a "Godfather" in Mr. Plumeri was designed to intimidate.

What we know is that Ed Labry was scheduled to testify. Mr. Labry's testimony was not tangential. Mr. Labry's testimony would have gone directly to describing Plaintiff's job duties. Mr. Labry would have provided key insight into the functions of Plaintiff's position outside of

---

[1] The Plaintiff's objections were properly lodged, or were tamped down without opportunity to fully state Plaintiff's position.

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR A NEW TRIAL** 2

the minor portion of his job managing the sales training team. The Defendant did not present any evidence as to the essential functions of Plaintiff's position. Instead, the Defendant focused the trial on a portion of Plaintiff's job responsibilities (without ever delineating the essential functions). Mr. Labry would have brought clarity to this issue.

The Defendant's critique that Plaintiff failed to get an affidavit from a witness that was intimidated from testifying at trial as a reason for ignoring this issue is non-sensical. The Defendant does not deny that the witness would not testify after the interference of Eidelman, DiLorenzo, and Rosman. Why would that same witness sign an affidavit (i.e. testify) stating that intimidation occurred. If the first testimony was not given due to intimidation, the demand for additional testimony as proof cannot be an expectation or legally required. The defense raised in the Response is an admission of the effectiveness of the intimidation. The witness was prepared to testify. The Defendant's counsel (three of them) talked with the witness. The witness decided not to testify. The Plaintiff complains of intimidation. The Defendant says there is no proof of intimidation because the witness did not testify. The circularity of that argument is obvious. The Response raises no other argument than a lack of proof. Even a suspicion that Plaintiff's presentation of his case was prejudiced by improper interference with a witness is sufficient to grant a new trial to avoid a miscarriage of justice.

The same is true with the intimidation of the jury. Mr. DiLorenzo, an intimidating physical and mental presence in the courtroom, stated to the jury that in his world Mr. Plumeri is a Godfather who "takes care of people" and "targeted" Plaintiff. The Defendant's Response to the Motion does not even attempt to deny the intentions of DiLorenzo's statements. The Response instead attempts to justify jury intimidation through "Godfather" innuendo on some theory that the issue was not raised in the middle of the closing. Mr. DiLorenzo's summation was artful

intimidation – he sprinkled his "Godfather" statements throughout his closing. It was not until the closing was complete that the cumulative effect became obvious. This was not a *de minimus* effect on the trial. Mr. DiLorenzo asked the jury to side with the "Godfather".

### III. <u>RECUSAL</u>

The Plaintiff's position on the recusal issue is that the scope of the relationship among Mr. DiLorenzo and his partners and Judge Block was not fully disclosed on September 13, 2019. Plaintiff became enlightened as to what is a broader relationship during discussions on September 24, 2019 while the jury was deliberating. The initial disclosures by DiLorenzo were neither complete nor accurate. The disclosures that did occur were not on the record. Under these circumstances, there is no waiver by Plaintiff of his recusal objections. When one compares the treatment of Mr. DiLorenzo to that of Mr. Shearer, impartiality can be questioned. These questions raise issues as to the violation Plaintiff's due process rights. A new trial with a new judged free from this incompletely disclosed relationship is necessitated.

### IV. <u>JURY MISAPPREHENSION OF PLAINTIFF'S FMLA LEAVE STATUS</u>

As was evident by the jury's initial requests for exhibits and the jury's questions as to the meaning of the first sentence of the first (or second) paragraph of the FMLA instruction (which paragraph was being questioned was never clarified), demonstrates that the jury did not understand that as a matter of law the Court had ruled that under 29 C.F.R. §825.300 the Plaintiff was on FMLA protected leave on the relevant dates of January 10, 2017 and January 13, 2017. However, during the trial, the Defendant presented Ms. Voycheske who testified (over Plaintiff's objection as set forth in the Motion) that as head of First Data's leave management team, she had determined as of January 5, 2017 that Plaintiff was not on protected leave and was not entitled to

reinstatement.[2] This testimony was contrary to the Court's ruling.

The jury heard this testimony. The jury was confused. The jury asked for documents, and asked for clarification. The jury asked for clarification because of vagueness of the instruction at issue. Plaintiff raised this confusion during deliberations. The jury should have been clearly instructed as to Plaintiff's legal leave status and they were not. The possibility that the jury found for Defendant because they misapprehended the law is a real possibility. A new trial, in which the issue of Plaintiff's leave status is not presented as an issue, is necessitated to overcome the clear misapprehension. *Caballero v. City of Concord*, 956 F.2d 204, 206-07 (9th Cir. 1992).

V. **FAILURE TO PROPERLY INSTRUCT AS TO THE FMLA**

The Defendant has created all the chaos and confusion by continually misstating and conflating Plaintiff's arguments as to the law of FMLA interference. The following arguments

---

[2] The Saga of Voycheske's Testimony – The issues surrounding Ms. Voycheske's illegal counting of leave dates should have been addressed long before the trial. Following the Defendant's Answer to the Complaint, the Plaintiff filed a Motion for Judgment on the Pleadings. [ECF No. 37]. The Defendant's response to that motion included an affidavit of Ms. Voycheske. [ECF No. 37-2]. Plaintiff raised issues as to the veracity of that affidavit, both in communications with defense counsel and with the court [ECF Nos. 70 & 74]. Without a ruling on the issue, discovery was conducted with a focus on the leave start date issue, when, as the Court eventually determined, this re-designation was not legally permissible. When the veracity of the first Voycheske affidavit became a real issue, the Defendant submitted a second Voycheske affidavit [ECF No. 51] to the record unattached to any other document or pleading. This second affidavit contradicted the first. Counsel for the defense was involved in naming this new affidavit as a supplement not a correction when counsel knew the true nature – the first affidavit was not accurate. Plaintiff advised the Court of these issues in its Rule 72(a) Motion regarding the failure to designate 30(b)(6) witnesses [ECF No. 74]. These issues were never addressed by the Court. The Plaintiff also raised the 29 C.F.R. §825.300 issues in his Rule 56 Motion briefing [ECF Nos. 94 -5, -12, & -17]. Had this issue been addressed prior to trial, there would have been absolutely no reason for the jury to have even heard evidence on the question of the Plaintiff's leave status. But, the jury did hear that evidence and they were clearly confused, as was all counsel involved, as to the Court's legal ruling on that status that had been presented and undecided for more than 18-months.

The entirety of the development of this case was based on a legally incorrect position and affidavits of no legal significance. Ms. Voycheske's affidavits were shams and contradicted. Discovery was conducted based on those incorrect statements. Voycheske was permitted to testify at trial over Plaintiff's objection as to Plaintiff's legal leave status. The jury was not clearly instructed. The jury, after not having their question to the Court clearly answered, was dismissed, and less than an hour later ruled for the Defendants. There is absolutely no way to know if the jury's decision was based upon their improper determination that Plaintiff was not on FMLA leave and not entitled to reinstatement. The Court conclusion as to Plaintiff's leave status under 29 C.F.R. §825.300 was made on the record, but outside of the jury's presence. The instruction failed to clearly and adequately inform the jury of the Court's legal determination.

have been continually made and never decided since the filing of Plaintiff's Rule 12 (c):

(i) The Plaintiff was entitled to reinstatement 29 U.S.C. § 2614(a)(1) and the failure to reinstate interfered with Plaintiff's FMLA rights in violation of 29 U.S.C. §2615(a)(1).

(ii) Under 29 C.F.R. § 825.214, the Plaintiff was entitled to reinstatement even if he was replaced or his position restructured to accommodate his absence.

(iii) An interpretation of 29 C.F.R. § 825.216(a), permitting termination while on leave, is inconsistent with the 29 U.S.C. § 2614(a)(1), and not subject to deference under *Chevron* and its prodigy.

(iv) Even if 29 C.F.R. § 825.216(a) is a valid regulation, that regulations places the burden on the Defendant to prove that the Plaintiff would have been terminated prior to the time he requested reinstatement – the Defendant cannot meet this burden because the Plaintiff was not terminated prior to his request for reinstatement.

The Plaintiff preserved these objections as to the proper instructions throughout the entire proceeding. Plaintiff's position was outlined in the Complaint, the briefings for the Rule 12 (c) Motion [ECF No. 37 ], the Rule 72(a) Motion [ECF Nos. 64 & 74] , and the Rule 56 Motion [ECF No. 94], the Plaintiff's proposed instructions [ECF No. 127], the Plaintiff's objections to Defendant's and the Court's proposed instructions [ECF Nos. 112 & 122], the Plaintiff's lack of objection to the Defendant's proposed FMLA retaliation instructions, and the Plaintiff objection to the proposed application of 29 C.F.R. §825.214 and 29 C.F.R. §825.216 and reassertion of all arguments set forth in his Rule 56 [Transcript 866:24-872:14, 890:1-12].

### A. Failure to Properly Instruct as to FMLA Interference

#### 1. Failure to Instruct as to 29 U.S.C. § 2614(a)(1) – (Entitlement to be Restored Without Exception Other than Key Persons under 29 U.S.C. §2614(b))

The instructions and verdict form only asked the jury "Is First Data liable under the FMLA for terminating Plaintiff's employment?" This was not the proper question. Under 29 U.S.C. §2614(a)(1), the question is whether First Data "interfered with, restrained, or denied the exercise of or the attempt to exercise" Plaintiff's right to reinstatement under 29 U.S.C.

§2614(a)(1).³ This question was not asked of the jury. The termination of Plaintiff goes to the Plaintiff's retaliation claim. The Plaintiff's failure to reinstate interference was never asked. The question for the jury under 29 U.S.C. §2614(a)(1) was whether First Data interfered with Plaintiff's entitlement at the end of his FMLA protected leave "to be restored by [First Data] to the position of employment held by [Plaintiff] when leave commenced or to be restored to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment." Lack of reinstatement, not termination, is the relevant question. The jury was not given an instruction on failure to reinstate, despite both Plaintiff and Defendant objecting to the use of the term "termination" instead of "reinstatement." The overwhelming evidence, and Defendant's admissions in the Answer, is that the Plaintiff was not restored to his position or equivalent position upon providing his physician's return to work authorization.⁴

## 2. Failure to Instruct as to 29 C.F.R. §825.214 – (Entitlement to Reinstatement Even if Position is Replaced or Restructured)

The jury instruction and verdict form failed to advise the jury that First Data was in violation of the FMLA if it failed to restore the Plaintiff "even if the [Plaintiff] was replaced or his position restructured to accommodate [Plaintiff's] absence." The evidence is that (i) First Data treats what it calls "RIF's" as "restructurings" for corporate governance and accounting purposes, and (ii) Plaintiff's duties were not eliminated, they were re-assigned to employees with

---

³ 29 U.S.C. §2614(a)(1) provides only one exception to the "entitlement" to restoration, which is 29 U.S.C. § 2614(b) that provides an employer a limited ability not to reinstate a key person if the employer first provides proper notice and the ability of that key person to return. 29 U.S.C. § 2614(b) is not implicated in this case. Therefore, the "entitlement" to be reinstated as set forth in 29 U.S.C. §2614(a)(1) applies and any interpretation of DOL regulations to the contrary are inconsistent with the plain meaning of the statute.

⁴ As set forth in the Motion, and completely unaddressed in the Response, the only exception to the requirement of 29 U.S.C. §2914(a)(1) is the key person provision in §2914(b). Also unanswered is the Plaintiff's position that the provision of the physician's return to work authorization on January 10, 2019 triggered the obligation to reinstate the Plaintiff and Plaintiff was not reinstated. Interference is not a discrimination claim, it is a claim that First Data failed to provide Plaintiff his statutory entitlements. Discrimination concepts are inapplicable. It is not a question of "strict liability" (terminology being used for its diversionary and punitive sounding effect). It is whether the statutory, substantive rights of an employee were fulfilled by an employer or not. See Motion, pg 14 n.20 & pg 22.

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR A NEW TRIAL** 7

different titles. The jury should have been instructed as to the question of whether a restructuring or replacement had occurred, and if so, instructed to find for the Plaintiff even if the Plaintiff had been included in a bona fide RIF.

### 3. Failure to Instruct as to 29 C.F.R. §825.216(a) – (Failure to Reinstate After Acceptance of Physician's Return to Work Authorization)

Assuming 29 C.F.R. §825.216 is a valid regulation, despite its clear conflict with the plain language of 29 U.S.C. §2614(a)(1), the jury was not properly instructed on the Defendant's burden of proof, and failure to properly instruct on burden of proof issues is harmful error. *LNC Investments, Inc. v. First Fidelity Bank, N.A., New Jersey*, 173 F.3d 454, 460 (2d Cir. 1999); *Gordon v. NY City Bd. Of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000). The jury should have been instructed that a Plaintiff's verdict was required unless First Data proved "[Plaintiff] would not otherwise been employed <u>at the time reinstatement is requested</u>. . . ." The evidence is overwhelming that the Plaintiff would have been employed on January 10, 2017 when he delivered his physician's authorization and requested reinstatement. There is no evidence to the contrary. If the Plaintiff would have been employed on January 10, 2017, as was the case, then 29 C.F.R. § 825.216 is not a defense justifying the failure to fulfill the employer's duty to restore under 29 U.S.C. §2614(a)(1) and 29 C.F.R. §825.214. The acceptance of Plaintiff's return to work authorization triggered First Data's statutory duty to restore the Plaintiff to his position or an equivalent position. *Brumbalogh v. Camelot*, 427 F.3d 996 (6th Cir. 2005).

### 4. Failure to Instruct as to 29 C.F.R. §825.216(a)(1) – (Restoration to a Position Slated for Lay-Off)

The Defendant's position at trial was that on January 13, 2017, Plaintiff was placed back on full payroll, but on "non-working status" (i.e. Plaintiff was paid full salary not to come to work until February 28, 2017). "Restoration to a job slated for lay-off when the employee's

original position is not [does] not meet the requirement of [restoration] to an equivalent position." 29 C.F.R. §825.216(a)(1). The jury was not instructed that a verdict for the Plaintiff was required if the Plaintiff was restored to a position slated for lay-off when his duties had been assumed by other employees.

### B. Failure to Properly Instruct as to FMLA Retaliation – (Motivating Factor)

The Defendant's Response does not deny that the instructions failed to incorporate the motivating factor standard for retaliation. The Response does not even try to contend that the instructions were consistent with the *Woods* standard. Both the Plaintiff and the Defendant submitted proposed instruction as to the *Woods* "motivating factor" standard for FMLA retaliation claims. *Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 165-166 (2d Cir. 2017). Neither party objected to the other's statement of the applicable law as to the motivating factor analysis. The Plaintiff objected to other portions of the Defendant's proposed instructions, but not the retaliation standard. [ECF No. 112 & 122]. The Court in its verbal reading of the jury charge added language, not in the written charge, that improperly stated the question as being whether the RIF was a "legitimate business reason" for the termination of the Plaintiff or a "cover-up." The burden was wrongly placed on the Plaintiff to disprove a business reason or to prove a "cover-up." *Woods* does not impose such a burden on the Plaintiff.

The question for the jury under 29 U.S.C. §§ 2614 and 2615 and *Woods* is whether Plaintiff's exercise of his entitlement to take leave or to request reinstatement was a motivating factor in his discharge in violation of 29 U.S.C. §2615(a). There is evidence on the record that the jury, if properly instructed, could have concluded that it was Plaintiff's exercise of his entitlement to return that was the motivating factor in his termination because had Plaintiff simply remained on unpaid leave collecting fully-insured long-term disability, there would have

been no savings to "book" for purposes of calculating the savings of the "RIF."

The Court only instructed the jury on "legitimate business reason" (orally, not in writing – the writing only included "cover-up"), and not on "motivating factor." The trial was conducted by both parties assuming a motivating factor instruction would be given, as is the law. Both parties submitted a motivating factor instruction. The Court instructed improperly on "legitimate business reason" and "cover-up." The error was not harmless. The instruction misstated the law. The jury's answer the FMLA verdict form regarding the legality of the cause of termination was improperly advised. A new trial is necessitated to correct this legal error in the instructions.

## VI. CONCLUSION

The FMLA instruction was legally flawed for the reasons stated above, including, but not limited to, with respect to the retaliation claim as it did not include the motivating factor standard, improperly placed the burden on Plaintiff to prove the RIF was a "cover-up," failed to instruct on the entitlement to restoration, failed to instruct as to 29 C.F.R. §825.214, failed to instruct on the proper burden of Defendants under 29 C.F.R. §825.216, and failed to instruct on the prohibition on restoration to a job slated for lay-off. These instruction failures, and the others errors described above, were not harmless. For these reasons, the Court should enter an Order pursuant to Fed. R. Civ. P. 59 granting Plaintiff a new trial.

November 12, 2019                     Respectfully Submitted,

                                      THE LAW OFFICE OF SHAWN SHEARER, P.C.
                                      _____/s/ Shawn Shearer_____
                                      SHAWN SHEARER
                                      shawn@shearerlaw.pro

                                      ZEITLIN & ZEITLIN, P.C.
                                      _____/s/ David Zeitlin_____
                                      DAVID ZEITLIN
                                      david@zeitlinlawfirm.com