UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
STEVEN B. BARGER,

               Plaintiff,

    -against-

FIRST DATA CORPORATION,

               Defendant.

-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 17-cv-04869 (FB) (LB)

Appearances:

| *For Plaintiff*: | *For Defendant*: |
|---|---|
| Shawn Shearer | Louis P. DiLorenzo |
| The Law Office of Shawn Shearer, P.C. | Bond Schoeneck & King PLLC |
| 3839 Mckinney Avenue | 330 Madison Avenue |
| Dallas, TX 75204 | New York, NY 10017 |
| | |
| David A. Zeitlin | Gary B. Eidelman |
| Zeitlin & Zeitlin, P.C. | Michael P. Cianfichi |
| 50 Court Street, Suite 506 | Gillian A. Cooper |
| Brooklyn, NY 11201 | Saul Ewing Arnstein & Lehr LLP |
| | 500 E Pratt Street |
| | Baltimore, MD 21202 |

**BLOCK, Senior District Judge:**

Plaintiff Steven Barger moves for a new trial, Fed. R. Civ. P. 59, on claims Defendant First Data Corporation violated the Americans with Disabilities Act, 42 U.S.C.§ 12101, *et seq.*, and Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* In September 2019, the Court entered judgment in favor of First Data consistent with a jury verdict rendered after a six-day trial. For the following reasons, Plaintiff's Rule 59 motion is denied.

1

I.

"A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 623 (2d Cir. 2001) (internal quotation marks omitted); *see also Graham v. City of N.Y.*, 128 F. Supp. 3d 681, 709 (E.D.N.Y. 2015) ("Erroneous or inadequate jury instructions may constitute grounds for a new trial, provided the errors are 'prejudicial in light of the charge as a whole.'").

II.

Plaintiff contends a new trial is appropriate as the Court committed—or else failed to correct—nine separate errors during the case-in-chief.   In sum and substance, the supposed-errors relate to (1) Plaintiff's pre-trial Rule 56 motion; (2) pre-trial discovery and the presentation of evidence at trial; (3) the jury charge; (4) alleged instances of "defense counsel's intimidating tactics"; and (5) the "overwhelming evidence" presented at trial, which Plaintiff argues supports a verdict contrary to the one actually rendered.

1.    Rule 56 Motion.

First, Plaintiff argues a new trial is necessary because he was not "fully apprised of the Court's legal reasoning" for denying his Rule 56 summary judgment

motion.  ECF 138 at 10.  Plaintiff misstates the record and misapprehends the purpose of a Rule 59 motion.

In February 2019, Plaintiff and Defendant filed fully-briefed cross motions for summary judgment in a single docket entry, *see* ECF 94, in accordance with the Court's Individual Rule 2.D.  The Court scheduled oral argument on both motions, and thereafter denied both (except as to one individual defendant) for the stated reason that "genuine issues of material fact remain."  ECF 98.  Plaintiff's desire for a more expansive ruling on his pre-trial Rule 56 motion does not entitle him to a new trial under Rule 59.  *See Johnson v. Jones*, 515 U.S. 304, 319 (1995) ("District judges may simply deny summary judgment motions without indicating their reasons for doing so."); *see also New York SMSA Ltd. P'ship v. Inc. Vill. of Muttontown*, 2013 WL 12383745, at *1 (E.D.N.Y. May 20, 2013) ("At any rate, [the judge] did provide a reason for denying [the] summary judgment motion—specifically, that 'genuine issues of material fact' remained.").

2.   Discovery & Evidentiary Admissions.

Plaintiff next contends that he was inappropriately denied additional deposition testimony from First Data representatives, per Rule 30(6)(b), and that he was prejudiced by Defense counsel's presentation of "testimony and arguments at trial [that were] contrary to their admissions" in the Answer to Plaintiff's Complaint. ECF 138 at 9 (citing ECF 19).

This Court already resolved—at least three times during the underlying litigation—that Plaintiff was not entitled to further 30(6)(b) depositions.[1]  *See* ECFs 62, 86.  There are no grounds for revisiting the Court's prior rulings; Plaintiff does not identify anything "seriously erroneous" about those decisions, and instead seeks to relitigate old issues.  *See Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d Cir.2003) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").[2]

Plaintiff's contention that Defense counsel "presented testimony and arguments at trial contrary to their admissions . . . which were assumed to be true" is equally unavailing.  First, if anyone "assumed" Defendant's Answer contained factual admissions, it was Plaintiff.  Furthermore, if Defendant's "admissions" contravened trial testimony, then Plaintiff should have raised the alleged-

---

[1] Plaintiff argues he was "substantially prejudiced" by the lack of deposition testimony on "human resources topics."  ECF 138 at 8.  Yet, by the time the Court ruled on the second 30(6)(b) motion, Plaintiff had already deposed six First Data human-resources professionals: Tony Marino, EVP, Chief Human Resources Officer; Karen Whalen, former-SVP, HR; Rhonda Johnson, VP, HR; Robin Ording, VP, HR, Talent Development Amy Steffen, VP, HR; and Kathi Benhardt, VP, HR, Workforce Planning and Analytics.

[2] *See also Rafter v. Bank of Am.*, 2011 WL 5579029, at *1 (S.D.N.Y. Nov. 15, 2011) (denying motion in which plaintiff sought to "to relitigate discovery disputes that plaintiff lost"); *Mallory v. Noble Corr. Inst.*, 45 F. App'x 463, 472 (6th Cir. 2002) (rejecting motion that "attempt[ed] to reargue the discovery rulings" already decided by the court); *Femino v. NFA Corp.*, 2007 WL 1893719, at *4 (D.R.I. June 29, 2007) *aff'd*, 274 F. App'x 8 (1st Cir. 2008) (denying motion where plaintiff sought to "relitigate unsuccessful discovery motions").

inconsistencies during trial instead of on a Rule 59 motion.  The fault for failing to do so lies squarely with Plaintiff's counsel, and Rule 59 is not a vehicle for correcting counsel's own strategic missteps.  "Motions for reconsideration allow the district court to correct its own mistakes, not those of the [p]arties." *Levin v. Gallery 63 Antiques Corp.*, 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ((citations and quotation marks omitted)).

3.    The Jury Charge.

Plaintiff also argues the Court failed to clearly instruct the jury on the law of FMLA interference and retaliation claims.  We are mindful that trial courts have "discretion in the style and wording of jury instructions," *Parker v. Sony Pictures Entm't, Inc.*, 260 F.3d 100, 106 (2d Cir. 2001), but will find a jury instruction "erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *LNC Investments, Inc. v. First Fid. Bank, N.A.*, 173 F.3d 454, 460 (2d Cir. 1999) (internal quotation marks omitted).

Plaintiff contends the Court's FMLA instructions "implicitly imposed" a burden *on Plaintiff* to prove Defendant's stated-reason for Barger's termination—a company-wide reduction-in-force—was a "cover-up."  ECF 138 at 13–14.  Not so. The Court's FMLA instruction read: "The plaintiff had not exhausted his 12-week entitlement to leave time before he was terminated on January 13, 2017.  That termination therefore was unlawful *unless First Data proves* by the preponderance

5

of the evidence that the plaintiff would have been terminated even if he had not been on leave."  ECF 131 (emphasis added).

When the jury asked for clarification on Plaintiff's FMLA leave status in January 2017—the Court informed the jury

> COURT:  Listen to me carefully. The plaintiff had not exhausted his 12-week entitlement to leave time before he was terminated on January 13, 2017.  Is that what you want to know?
>
> JUROR: Yes.

Plaintiff does not explain what portion of the Court's jury instruction was confusing and indeed Plaintiff's counsel agreed with the Court, during an on-the-record colloquy, that it was "a statement of fact" "plaintiff had not exhausted his 12-week entitlement to leave time before he was terminated":

> COURT:  So we have a note that we marked Court Exhibit No. 4. And it says, Page 10, 1st sentence, of the charge, 2nd paragraph under FMLA claim. Question: Is this a statement of fact or opinion?  So I don't have to call them in I can just write back it's a statement of fact. . . .
>
> MR. ZEITLIN: We agree. It should be deemed a statement of fact.

The Court's instruction the Court's jury instruction accurately conveyed the law for Plaintiff's FMLA claims; it did not give a misleading impression or inadequate understanding of the law and thus was not erroneous.

4.    Defense Counsel's "intimidating tactics".

Plaintiff next posits that a new trial is appropriate as Defense counsel (i) intimidated Ed Labry into not testifying at trial and (ii) intimidated the jury by characterizing Barger's long-time mentor as a "Godfather."[3]

For one, Plaintiff does not substantiate his claim that Defense counsel caused (or in any way influenced) Labry's decision to not testify at trial.  Nor does Plaintiff explain why he was "substantially prejudiced" by the non-appearance of First Data's former-CEO—whose tenure as an executive at the company ended before Plaintiff's hire in 2014—who Plaintiff himself did find sufficiently significant to depose.

Neither does Plaintiff credibly explain how Defense counsel's reference to a "godfather"—in the context of describing a mentor-mentee relationship—"could have been enough to influence a defense verdict."  ECF 138 at 6.  "Not every improper or poorly supported remark made in summation irreparably taints the proceedings," and to the extent "counsel's statements were improper, they were not objected to, and occurred in the context of a summation . . . at the end of a week-long trial in which voluminous evidence was introduced that sufficed to support the

---

[3] During summation, defense counsel DiLorenzo stated "[Plaintiff] called [Joe Plumeri] Batman and [Plaintiff] was Robin.  In my world, we would have called [Plumeri] the Godfather. This is somebody that's going to take care of him." Tr. 976:12-977:4.

jury's verdict." *Marcic v. Reinauer Transp. Companies*, 397 F.3d 120, 127–28 (2d Cir. 2005).  In short, Defense counsel's conduct does not require a new trial.

5.    Jury Verdict.

Lastly, Plaintiff challenges that the verdicts in favor of Defendant was "contrary to the overwhelming evidence" presented a trial.  With respect to the ADA claim, Plaintiff argues the "jury had no evidentiary basis to conclude" Plaintiff "could not perform the essential functions of his entire job."  *See* ECF 138 at 11. Yet the trial record contains extensive witness testimony about Plaintiff's job performance after his laryngectomy surgery in 2016.  Tr. 192:9-25 (Rhonda Johnson, VP Human Resources, describing "concerns" with Barger's "lack of day-to-day management, no decisions, there were frequently emails that would not be answered for quite sometime"), 217:9-12 (Johnson describing "concerns with Steve ha[d] escalated . . . . [w]e wanted to ensure his dignity is maintained, but several incidents were concerning"), 393:23-25 (Tony Marino, EVP & Chief Human Resources Officer, describing "messages from [employees], indicating that Mr. Barger was behaving erratically").

Similarly, Plaintiff argues "the evidence was overwhelming that" Defendants violated the FMLA by retaining Barger's former-position (SVP of Sales Training) while restoring Barger after his medical leave to a position slated for elimination.  In actuality, the jury heard testimony (i) that First Data eliminated the SVP of Sales

8

Training position entirely, Tr. 204:9-13 (Johnson); (ii) that as part of First Data's reorganization, the sales-training team Barger led went from 70 individuals to only 20, Tr. 329:21-330:2 (Dan Charron, EVP, Global Business Solutions); (iii) that as part of the same reorganization, the sales-training team was moved from "sales" to "human resources," Tr. 432:24-436:6 (Marino); and (iv) that the new head of sales-training—a "Director" rather than "Senior Vice President"—earned nearly $600,000 less than what Barger had been compensated as SVP, Tr. 436:16 (Marino).  Still more, the jury heard testimony that at least one other First Data executive, Dan Charron, raised concerns over Barger's salary and role with First Data as far back as 2015, well before Barger was diagnosed with cancer.  Tr. 331:6-332:19. Accordingly, the jury was justified in returning its verdicts for First Data on Plaintiff's FMLA and ADA claims. [4]

---

[4] As we do not grant Plaintiff's motion, we need not address his argument that Judge Block should recuse himself from a new trial, if ordered.  Nevertheless, we would find recusal inappropriate.  Judge Block and one of defendant's counsel incidentally sat together on a bus ride several years ago—nothing more.  Recusal is appropriate only if the judge "harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky v. United States*, 510 U.S. 540, 557 (1994) (Kennedy, J., concurring).

III.

For the reasons stated herein, Plaintiff's Ruel 59 motion is denied.

**SO ORDERED**.

 /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 16, 2020