UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand twenty-one.

PRESENT:

> SUSAN L. CARNEY,
> JOSEPH F. BIANCO,
>> *Circuit Judges*,
> ERIC KOMITEE,
>> *District Judge*.*

_____

STEVEN B. BARGER,

> *Plaintiff-Appellant*,

v.   No. 19-3538-cv

FIRST DATA CORPORATION,

> *Defendant-Appellee*,

FRANK BISIGNANO, DAN CHARRON, ANTHONY MARINO, KAREN WHALEN, LORI GRAESSER, RHONDA JOHNSON,

> *Defendants*.

_____

* Judge Eric Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

_____

| | |
|---|---|
| FOR APPELLANT: | SHAWN E. SHEARER, The Law Office of Shawn Shearer, P.C., Dallas, TX. |
| FOR APPELLEE: | GARY B. EIDELMAN (Michael Cianfichi, Baltimore, MD; Gillian A. Cooper, Eckert, Philadelphia, PA, *on the brief*), Saul Ewing Arnstein & Lehr, LLP. |

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 24, 2019, and order dated September 16, 2020, are **AFFIRMED**.

Plaintiff-Appellant Steven B. Barger appeals from the September 24, 2019 judgment in favor of Defendant-Appellee First Data Corporation ("First Data") following a jury trial, and the district court's denial on September 16, 2020 of his motion under Federal Rule of Civil Procedure 59 for a new trial. Barger claimed that First Data's termination of his employment violated the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA").[1] We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Barger's primary contention on appeal is that, once he delivered his physician's return-to-work release, First Data bore an absolute obligation to restore him to his position, and that its failure to do so violated the FMLA as a matter of law. According to Barger, the district court therefore should have awarded him judgment after trial despite the jury's verdict in First Data's favor.[2]

---

[1] Barger does not appeal the jury's resolution of his ADA claims in First Data's favor.

[2] First Data assails this argument as unpreserved, pointing out that Barger did not move for judgment as a matter of law after the jury verdict, and arguing that Barger's motion for summary judgment "does not preserve an issue for appellate review of a final judgment entered after trial." *Omega SA v. 375 Canal, LLC*, 984 F.3d 244, 251-52 (2d Cir. 2021). We interpret Barger to be raising a purely legal argument, however. *See*

Like the district court, we reject this argument, which ignores the plain language of the statute. The FMLA provides that restored employees are not entitled to "any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled *had the employee not taken the leave*." 29 U.S.C. § 2614(a)(3)(B) (emphasis added); *see also* 29 C.F.R. § 825.216(a) (providing that "[a]n employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment").[3]

This Court has already determined that the right to reinstatement under the FMLA is not absolute. *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) (recognizing that employee's "right to return to the position he held before the [FMLA] leave . . . is not absolute"); *Hockenjos v. Metro. Transp. Auth.*, No. 14-cv-1679 (PKC), 2016 WL 2903269, at *8 (S.D.N.Y. May 18, 2016) ("[S]o long as plaintiff's leave did not constitute a factor in defendant's termination decision, plaintiff may properly be terminated."), *aff'd sub nom. Hockenjos v. MTA Metro-North R.R.*, 695 F. App'x 15 (2d Cir. 2017) (summary order); *accord Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 547 (4th Cir. 2006) ("[A]n employer can avoid liability under the FMLA if it can prove that it would not have retained an employee had the employee not been on FMLA leave.").[4] Barger's contention that he had an absolute right to be restored upon delivery of his physician's release, regardless of whether his position would have been terminated had he not taken leave, is without merit.

---

Appellant's Reply Br. 26 ("Barger's argument is purely one of law on undisputed facts."). Accordingly, we review the issue in our discretion even absent a Rule 50 motion. *See Omega SA*, 984 F.3d at 252.

[3] We acknowledge a slight difference between the regulation and the statute concerning the relevant time at which the job's availability is to be assessed: the regulation uses the phrase "at the time reinstatement is requested," whereas the statute uses the phrase "on return from such [FMLA] leave." *Compare* 29 C.F.R. § 825.216(a), *with* 29 U.S.C. § 2614(a)(1). Barger develops no argument from the discrepancy, however, so we treat the issue as waived. In any event, in Barger's case, the timing differential made no difference: his position was slated for elimination by the time he submitted his note, continued to be so when he sought to return, and the jury's verdict reflects its determination that his position was not placed on the elimination list for FMLA-related reasons.

[4] Unless otherwise noted, in quoting caselaw, this Order omits all alterations, citations, footnotes, and internal quotation marks.

To the extent Barger is suggesting that the record evidence is insufficient to support the jury's verdict, we disagree. Viewing the evidence in First Data's favor, as we must on review of a Rule 59 motion denial, we conclude that a reasonable jury could determine that First Data would have eliminated Barger's position regardless of whether he was on FMLA leave. Among other things, the jury heard testimony that (1) Barger's position was eliminated as part of a company-wide reduction in force ("RIF") that focused on the top 10% of the 3,000 most highly compensated employees in the company; (2) Barger's position was included in the RIF list before he submitted his return-to-work release; and (3) First Data executives expressed concerns within the company about Barger's high salary (more than $700,000 per annum) as early as 2015, before he took leave under the FMLA in October 2016. On this record, a reasonable jury could have found that First Data demonstrated that its RIF plans were the reason for its decision to eliminate his position and that Barger's FMLA leave was not a factor.

Finally, Barger argues that the jury instructions were erroneous in several respects. He submits that the district court erred by failing to instruct the jury on the elements of a claim for interference with an employee's rights under the FMLA; on First Data's burden of proof as to its affirmative defense; as to when failure to restore an employee because of restructuring constitutes interference with FMLA rights; and as to whether his exercise of FMLA rights was a motivating factor in First Data's decision to eliminate his position. Appellant's Br. 12.

District courts are accorded substantial discretion "in the style and wording of jury instructions." *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 106 (2d Cir. 2001). We will reverse for instructional error only if the instructions, when read as a whole, "fail to present the issues to the jury in a fair and evenhanded manner." *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 165 (2d Cir. 2017). If the jury was not "misled about the correct legal standard or was otherwise inadequately informed of controlling law," we will not disturb the verdict. *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134, 146 (2d Cir. 2010).

Barger has failed to show reversible error in the district court's jury instructions. The district court instructed the jury that the termination of Barger's position before he

exhausted his 12-week leave was unlawful "unless First Data proves by the preponderance of the evidence that the plaintiff would have been terminated even if he had not been on leave." Jury Instructions at 10, *Barger v. First Data Corp.*, 17-cv-4869 (FB) (LB) (E.D.N.Y. Sept. 24, 2019), ECF No. 131. The district court also instructed the jury that, if it found the RIF was "not merely a cover-up for a decision to terminate plaintiff because he had taken FMLA leave," it must find for First Data. *Id.* at 11. This instruction adequately describes the relevant standards and First Data's burden of proof. Accordingly, we find no error.

\* \* \*

We have considered Barger's remaining arguments and find in them no basis for reversal. For the foregoing reasons, the district court's judgment and order are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit